1    Counsel Listed On Signature Block

2

3

4

5

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                **NORTHERN DISTRICT OF CALIFORNIA**

11                   **SAN FRANCISCO DIVISION**

12   | **IN RE OPTICAL DISK DRIVE** | Case No. M:10-cv-02143 VRW |
     | **ANTITRUST LITIGATION** | |
13   | | MDL No. 2143 |
14   | | **JOINT CASE MANAGEMENT** |
     | | **CONFERENCE STATEMENT** |
15   | [ALL ACTIONS] | |
     | | **Judge:      Hon. Vaughn R. Walker** |
16   | | **Date:       May 6, 2010** |
     | | **Time:       3:30 p.m.** |
17   | | **Courtroom: 6, 17th Floor** |

18

19

20

21

22

23

24

25

26

27

28

Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, and Defendants in the above-captioned litigation hereby submit this Joint Statement in advance of the May 6, 2010 Case Management Conference. Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs are referred to collectively herein as "Plaintiffs."

## 1.     JURISDICTION AND SERVICE

### a.     Subject Matter Jurisdiction

#### i.     Plaintiffs' Statement

Plaintiffs allege price-fixing and other anticompetitive conduct in the market for Optical Disk Drive Products.  All Plaintiffs bring claims under Section 1 of the Sherman Act (15 U.S.C. § 1).  The Direct Purchaser Plaintiffs seek treble damages under Section 4 of the Clayton Act (15 U.S.C. § 15); Indirect Purchaser Plaintiffs seek injunctive relief under Section 16 of the Clayton Act (15 U.S.C. § 26).  Additionally, Indirect Purchaser Plaintiffs also bring claims under various state laws, including those of Alabama, Arizona, California, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, and Wisconsin.  The Court has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1332(d) and 1367.

#### ii.     Defendants' Statement

Defendants reserve the right to challenge subject matter jurisdiction once Defendants have had a chance to review the allegations in any consolidated complaint(s).  For example, some of the original complaints (which will presumably be superseded pursuant to the MDL consolidation order) assert claims that do not implicate trade or commerce in the United States, as is required for subject matter jurisdiction.  Thus, this and other potential defects in subject matter jurisdiction may be at issue, depending on the nature of the consolidated complaint(s).

### b.     Personal Jurisdiction

#### i.     Plaintiffs' Statement

1    Plaintiffs do not believe that there are any personal jurisdiction issues for any of the

2    Defendants.

3        ii.    Defendants' Statement

4    Some defendants may contest personal jurisdiction.

5    **c.    Service**

6        i.    Plaintiffs' Statement

7    Prior to the Judicial Panel on Multidistrict Litigation's (JPML) transfer order, each of

8    the domestic Defendants was served with at least one of the complaints from one of the

9    separate cases.  Likewise, Plaintiffs CMP Consulting Services Inc. ("CMP") and Univisions-

10   Crimson Holding, Inc. ("Univisions") served their respective complaints through the Hague

11   Convention on Defendants Hitachi, Ltd,, Hitachi-LG Data Storage, Inc., Koninklijke Philips

12   Electronics, Inc., LG Electronics, Inc., Sony Corporation, Sony Optiarc Inc., and Toshiba

13   Corporation, and Toshiba Samsung Storage Technology Corporation.   Plaintiffs CMP and

14   Univisions believe they have served through the Hague Convention Samsung Electronics,

15   Co., Ltd (for which counsel has appeared).  Additionally, Plaintiff KI, Inc., is in the process of

16   serving through the Hague Convention TEAC Corporation in Japan.  Plaintiffs believe that

17   such service constitutes effective service for the now-consolidated case, and these Defendants

18   should be deemed served for purposes of the consolidated complaints that the Direct

19   Purchaser Plaintiffs and Indirect Purchaser Plaintiffs anticipate filing (see Amendment of

20   Pleadings section 5 below).  Plaintiffs request that, if any remaining foreign Defendants do

21   not agree to also accept service through their respective counsel, this Court order counsel for

22   the foreign defendants to accept such service.  In the event that counsel for the foreign

23   Defendants do not agree to such service and this Court does not enter an order to that effect,

24   Plaintiffs request at least six months to serve each of the foreign Defendants.  On January 27,

25   2010, the Court appointed Crowe Foreign Services as an international process server in the

26   case of *Univisions Crimson Holding, Inc. v. Sony Corp., et al.*, No. 09-CV-5186 VRW (N.D.

27   Cal.).

28

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1     Moreover, Plaintiffs believe that service of foreign defendants through their counsel

2  may be permissible under Fed. R. Civ. P. 4(f)(3). *See In re TFT-LCD (Flat Panel) Antitrust*

3  *Litig.*, No. M 07-1827 SI, 2010 WL 133743 at *2-*3 (N.D. Cal. April 2, 2010); *In re TFT-*

4  *LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2008 WL 4963035 at *3 (N.D. Cal.

5  Nov. 19, 2008); *In re LDK Solar Antitrust Litig.*, No. C 07-05182 WHA, 2008 WL2415186 at

6  *2-*4 (N.D. Cal. June 12, 2008).

7              ii.      Defendants' Statement

8     Although some domestic defendants have been served and some foreign defendants

9  have been served through the Hague Convention with at least one complaint, a number of

10  defendants have not been served with any complaints.  There is no basis to order counsel for

11  foreign defendants to accept service.  *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015

12  n.4 (9th Cir. 2002) ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in

13  contravention of an international agreement, including the Hague Convention referenced in

14  Rule 4(f)(1)").  There is also no basis to extend service beyond 120 days.  *Larson v.*

15  *Conewango Prods.*, 2010 U.S. Dist. LEXIS 26636 at *6 (E.D. Cal. 2010) (Fed. R. Civ. P.

16  4(m) only requires the Court to extend service beyond 120 after showing of "good cause");

17  *Univision Music LLC v. Banyan Entm't*, 2004 U.S. Dist. LEXIS 30951 at *2 (C.D. Cal. 2004)

18  ("The Court will require plaintiffs to show good cause to extend the service deadline beyond

19  120 days").

20  **2.      FACTS**

21          a.      Plaintiffs' Statement

22     These actions arise from an alleged conspiracy to fix the prices of Optical Disk Drive

23  Products, defined as Optical Disk Drives and products containing them.  Optical Disk Drives

24  are devices used to read and record information, such as data, music and videos, that are

25  stored on optical discs, including CD-ROMs, CD-recordable/rewritable discs, DVD-ROMs,

26  DVD-recordable/rewritable discs, Blu-Ray discs, Blu-Ray-recordable/rewritable discs and

27  HD-DVD discs.  Nearly every computer that is used or sold in the United States today is

28

1  equipped with an Optical Disk Drive.   Defendants and their affiliates are the leading

2  manufacturers of Optical Disk Drive Products.

3      The Direct Purchaser Plaintiffs allege that Defendants' price-fixing conspiracy began

4  as early as January of 2001, and the Indirect Purchaser Plaintiffs allege that Defendants'

5  price-fixing conspiracy began as early as January of 2005.[1]  All Plaintiffs allege the price-

6  fixing conspiracy continues to the present and that the conspiracy has been carried out

7  through agreements to fix prices and restrict output and has been facilitated in a variety of

8  ways, including the use of trade associations.

9      Plaintiffs are aware that the following Defendants have been subpoenaed in

10  connection with the United States Department of Justice's ("DOJ") investigation of price-

11  fixing in the Optical Disk Drive Product market:  Defendant Sony Optiarc America Inc. (the

12  American subsidiary of Defendant Sony Optiarc Inc.), Defendant Hitachi-LG Data Storage

13  Inc. ("HLDS") (the joint venture of Defendants Hitachi, Ltd. and LG Electronics, Inc.), and

14  Defendant Toshiba Samsung Storage Technology Corp. (the joint venture of Defendants

15  Toshiba Corp. and Samsung Electronics Co., Ltd.).  Additionally, Defendant Koninklijke

16  Philips Electronics N.V. has just recently acknowledged that Philips Lite-On Digital Solutions

17  Corp. ("PLDS") (its joint venture with Lite-On IT Corporation) is also part of that DOJ

18  investigation.

19      The Direct Purchaser class is defined consistently with the scope of the direct

20  purchaser class certified in the TFT-LCD antitrust litigation, where purchasers of certain

21  finished products containing price-fixed panels from the defendants were included.   *See In re*

22  *TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2010 WL 1417896 at *12-*13

23  (N.D. Cal. March 28, 2010). The Indirect Purchaser class is defined consistently with the

24  

25  

26  [1] Some Direct Purchaser complaints allege these commencement periods, while others assert
that the conspiracy commenced at various other times in 2005. These differences will be
27  addressed in the Direct Purchaser Consolidated Complaint and the Indirect Purchaser
Consolidated Complaint.
28

1    indirect purchaser class defined in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-

2    1827 SI, 2010 WL 1286478 (N.D. Cal. March 28, 2010).

3          Plaintiffs also believe that the allegations of any Consolidated Amended Complaints

4    will pass muster under the applicable caselaw construing Fed. R. Civ. P. 12(b)(6). *See In re*

5    *Flash Memory Antitrust Litig.,* 643 F.Supp.2d 1143 (N.D. Cal. 2009); *In re Tableware*

6    *Antitrust Litig*., 363 F.Supp.2d 1203 (N.D. Cal. 2005).

7          b.    Defendants' Statement

8          There are currently over two dozen complaints containing a wide-ranging variety of

9    allegations pending before the Court.  Plaintiffs have not yet asked the Court to approve

10   proposed lead counsel, and no consolidated complaint has been filed.  It is premature for

11   Defendants to respond to Plaintiffs' characterizations of the allegations, given that

12   consolidated complaint(s) have not yet been filed.  The original complaints – none of which

13   have been responded to or otherwise answered by any defendants – are not identical, and, in

14   fact, vary in substantive respects.  For example, as Plaintiffs themselves note in FN 1, the

15   original complaints allege different time periods, which will apparently be addressed in

16   consolidated complaint(s).  Similarly, some complaints purportedly on behalf of a putative

17   "direct purchaser" class define the relevant products as including "products **containing**

18   Optical Disk Drives," a definition that appears to sweep in indirect purchasers.  (emphasis

19   added.)  Until such substantive differences have been resolved in consolidated complaint(s), it

20   is premature to respond to the allegations.

21         In any event, based on the nature of the allegations in the complaints filed to date,

22   Defendants anticipate challenging the sufficiency of the consolidated complaint(s) based, inter

23   alia, on the Plaintiffs' failure to plead facts sufficient to establish conspiracy under *Ashcroft v.*

24   *Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

25   **3.     LEGAL ISSUES**

26         a.    Plaintiffs' Statement

27         Plaintiffs believe the primary legal issues are:

28

      i.     Whether the classes of persons and entities who purchased Optical Disk Drive Products from Defendants should be certified;

      ii.    Whether the conduct of Defendants that is allegedly unlawful under the Sherman Act (or in the case of Indirect Purchasers, under the laws of various states) caused prices of Optical Disk Drive Products in the United States to be artificially high and at anti-competitive levels; and

      iii.   Whether Plaintiffs and other members of the respective classes were injured by the alleged unlawful conduct of Defendants and, if so, the appropriate class-wide measure of damages.

    b.    <u>Defendants' Statement</u>

Absent consolidated complaint(s), it is premature, inefficient and unnecessary to speculate on legal issues that may or may not exist in this consolidated litigation.

**4.**    **MOTIONS**

    a.    <u>Plaintiffs' Statement</u>

No motions other than motions to relate cases, and *pro hac vice* motions, motions for extension of time, and the international process server motion described above have been filed.  Direct Purchaser Plaintiffs propose to the Court a structure for the organization of Direct Purchaser Plaintiffs' counsel similar to what was done in *In re Tableware Antitrust Litig.*, No. C-04-3514-VRW (N.D. Cal.).  The proposed order approving such a structure is attached as Exhibit B. It has the unanimous support of all Direct Purchaser Plaintiffs. A majority of the Indirect Purchaser Plaintiffs will be submitting to the Court a similar proposal, which has the support of 17 of the law firms who have filed actions on behalf of Indirect Purchaser Plaintiffs.  Another group of Indirect Purchaser Plaintiffs (comprising 18 of the 37 indirect purchaser plaintiffs who have filed claims) will be submitting to the Court a similar but alternative proposal, which has the support of 12 of the law firms who have filed actions on behalf of Indirect Purchaser Plaintiffs.  Once the Court appoints interim class counsel, it is then respectfully requested to set a schedule for the filing of a Direct Purchaser Consolidated

1  Complaint, the filing of an Indirect Purchaser Consolidated Complaint, and the filing of

2  responses thereto as described below.

3      With regard to any motions to dismiss, Plaintiffs propose the following:  (a) motions

4  due 45 days after Consolidated Complaints are filed; (b) oppositions due 45 days after

5  motions filed; (c) replies due 30 days after oppositions filed; (d) hearing on or about 14 days

6  after replies filed.  *See* Exhibit A, Proposed Case Management Order No. 1.

7      Scheduling of any other motions, such as motions for class certification and summary

8  judgment, should be scheduled at subsequent case management conferences.

9      b.    <u>Defendants' Statement</u>

10      With regard to any motions to dismiss, Defendants agree to the briefing schedule

11  proposed by Plaintiffs.  Defendants also agree that scheduling of any other motions, such as

12  motions for class certification and summary judgment, should be scheduled at subsequent

13  case management conferences.

14  **5.**    **AMENDMENT OF PLEADINGS**

15      a.    <u>Plaintiffs' Statement</u>

16      Plaintiffs believe that a Direct Purchaser Consolidated Complaint and an Indirect

17  Purchaser Consolidated Complaint should be filed, and propose that such complaints be filed

18  at a date set by the Court after its appointment of  organizational structures for Plaintiffs'

19  counsel.

20      b.    <u>Defendants' Statement</u>

21      Defendants believe that Plaintiffs should file consolidated complaint(s) within 30 days

22  of the appointment of lead counsel.

23  **6.**    **EVIDENCE PRESERVATION**

24      a.    <u>Plaintiffs' Statement</u>

25      Plaintiffs believe that all Parties should be ordered to take reasonable steps to

26  implement the preservation of evidence as set forth in Paragraph 16 of the Proposed Case

27  Management Order No. 1. Plaintiffs and Defendants should meet and confer regarding the

28

terms of a preservation order for this case. Plaintiffs also believe that counsel should exercise all reasonable efforts to identify and notify parties and non-parties of their duties, including employees of corporate or institutional parties. *See* "Pretrial Order No. 1" p. 5 (April 30, 2007), in *In re Graphics Processing Units Antitrust Litig.*, No. C 06 7417 WHA (N.D. Cal.) ("*Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties.*"); emphases in original.

   b.   Defendants' Statement

Defendants will comply with their preservation obligations under the Federal Rules of Civil Procedure and the Local Rules and trust that Plaintiffs will do the same.

**7.   DISCLOSURES**

   a.   Plaintiffs' Statement

Plaintiffs believe all Initial Disclosures should be made on or before June 4, 2010, and that as part of their initial disclosures, defendants should provide the documents produced to the United States Department of Justice in connection with its investigation into Optical Disk Drives and/or the Optical Disk Drive Product Market. Production of this category of documents was ordered in the "Supplemental Case Management Order No. 1" (June 21, 2007) entered in *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. M 07-cv1819 CW (N.D. Cal.) ("*SRAM*") and in the "Stipulation And Order Limiting the Scope of Discovery" (April 15, 2003) entered in *In re Dynamic Random Access (DRAM) Antitrust Litigation*, No. M-02-1486 (PJH) (N.D. Cal.) . Courts in this district have rejected the notion that *Twombly* in and of itself justifies any stay of discovery. *See In re Flash Memory Antitrust Litigation*, Case No. C 07-0086 SBA, 2008 WL 62278 at *3 (N.D. Cal., Jan. 4, 2008); *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, MDL No. 1826, 2007 WL 2127577 at *4 (N.D. Cal. July 24, 2007); Transcript of June 1, 2007 Case Management Conference in *SRAM* at p. 7.

   b.   Defendants' Statement

1   In complex antitrust cases, courts in the Northern District of California, consistent

2   with the Supreme Court's ruling in *Twombly*, 550 U.S. at 558, have refused to allow plaintiffs

3   to obtain discovery prior to either: (1) the conduct of a Rule 26(f) conference; (2) the filing of

4   an operative complaint or (3) the testing of the viability of that complaint through a motion to

5   dismiss.  *In re Flash Memory Antitrust Litigation*, Case No. C 07-0086 SBA, 2008 WL 62278

6   at *5 (N.D. Cal., Jan. 4, 2008) (Judge Armstrong's denial of plaintiffs' request for all

7   documents produced to the Department of Justice prior to filing their amended consolidated

8   complaints because "[d]iscovery in the absence of any operative pleading . . . does not fit

9   easily within the framework established by the Federal Rules"); *In re Graphics Processing*

10  *Units Antitrust Litigation*, Case No. C 06-07417 WHA, 2007 WL 2127577 at *5 (N.D. Cal.,

11  July 24, 2007) (Judge Alsup's grant of defendants' motion to stay discovery prior to the

12  resolution of their motions to dismiss as the "better course": "After full ventilation of the

13  viability *vel non* of the complaint, we will all be in a much better position to evaluate how

14  much, if any, discovery to allow.").  *See also* Manual for Complex Litigation §§ 11.12-13 (it

15  is often appropriate to defer disclosures in a complex case).  Moreover, there is no operative

16  complaint on file here, nor do plaintiffs apparently expect to file one for some time.  "[W]ith

17  no operative complaint at this time, there are no claims by which relevance of requested

18  discovery may be measured."  *In re Flash Memory*, 2008 WL 62278 at *4.

19  Accordingly, initial disclosures and any other substantive discovery should not take

20  place until resolution of any motions to dismiss the consolidated complaint(s).

21  **8.    DISCOVERY**

22  a.    <u>Plaintiffs' Statement</u>

23  Plaintiffs seek production of:  (1) the documents each Defendant produced to the DOJ

24  pursuant to any subpoena relating to the investigation of Optical Disk Drives and/or the

25  Optical Disk Drive Product market; (2) any such subpoena; and (3) any correspondence

26  regarding the scope of production pursuant to such subpoena and describing what documents

27

28

1  were produced pursuant to the subpoena.  If Defendants do not agree to such production,

2  Plaintiffs request an order from this Court requiring such production.

3         Plaintiffs anticipate making an initial discovery request for production of transactional

4  data for sales of Optical Disk Drive Products, and will thereafter propound additional

5  discovery relating to both the merits of these cases and class certification.

6         A proposal concerning a protective order is set forth in paragraph 29 of Exhibit A,

7  Proposed Case Management Order No. 1.

8         b.    Defendants' Statement

9         As indicated above (§7(b)), discovery is premature prior to the resolution of motions

10 to dismiss any consolidated complaint(s).

11 **9.    CLASS ACTIONS**

12        a.    Plaintiffs' Statement

13        The Direct and Indirect Purchaser Class Actions are brought as class actions.

14 Plaintiffs anticipate filing motions for class certification.

15        b.    Defendants' Statement

16        Defendants expect to oppose any motions for class certification.

17 **10.   RELATED CASES**

18        a.    Plaintiffs' Statement

19        By order dated April 2, 2010, the JPML transferred all related Optical Disk Drive

20 Products cases to this Court for coordination and/or consolidation of pretrial proceedings.

21 The cases pending before this Court are set forth as an Exhibit to Proposed Case Management

22 Order No. 1 attached as Exhibit A.

23        b.    Defendants' Statement

24        Defendants agree.

25 **11.   RELIEF**

26        a.    Plaintiffs' Statement

27

28

Plaintiffs seek money damages, including treble damages, for alleged violations of the antitrust laws and injunctive relief against alleged continued illegal practices.

Indirect Purchaser Plaintiffs seek injunctive relief under Section 16 of the Clayton Act (15 U.S.C. § 26) for violation of Section 1 of the Sherman Act (15 U.S.C. § 1).  Additionally, Indirect Purchaser Plaintiffs seek monetary damages pursuant to various state-law antitrust damage actions, as well as equitable relief, including restitution and disgorgement, under various state-law consumer-protection and unjust-enrichment statutes.

  b.   Defendants' Statement

Defendants deny that Plaintiffs are entitled to any of the relief sought.

## 12.   SETTLEMENT AND ADR

  a.   Plaintiffs' Statement

No settlement discussions have occurred.  Plaintiffs, however, do not object to engaging in early settlement discussions.

  b.   Defendants' Statement

Defendants believe that settlement discussions are premature at this time.

## 13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial.

## 14.   OTHER REFERENCES

  a.   Plaintiffs' Statement

Plaintiffs are willing to have a magistrate judge appointed to address potential discovery disputes.

  b.   Defendants' Statement

It is premature and inefficient to address discovery before the Court has resolved motions to dismiss any consolidated complaint(s).  If any consolidated complaint survives Defendants' motions to dismiss and discovery proceeds, the parties should meet and confer in

1    an effort to identify the most appropriate and efficient way to resolve potential discovery

2    disputes.

3    **15.      NARROWING OF ISSUES**

4            a.      <u>Plaintiffs' Statement</u>

5            Plaintiffs believe it is premature to consider the narrowing of issues at this time.

6            b.      <u>Defendants' Statement</u>

7            Absent consolidated complaint(s), there are no issues to narrow, and thus Defendants

8    agree that it is premature to consider narrowing the issues.

9    **16.      EXPEDITED SCHEDULE**

10           a.      <u>Plaintiffs' Statement</u>

11           Plaintiffs do not believe that these actions are susceptible to an expedited schedule.

12           b.      <u>Defendants' Statement</u>

13           Defendants agree.

14   **17.      SCHEDULING AND TRIAL**

15           a.      <u>Plaintiffs' Statement</u>

16           Plaintiffs propose that the Court schedule another Case Management Conference

17   shortly after the Court rules on motions to dismiss, if any.  At that time, the Parties will have

18   had further time to conduct discovery and will be in a better position to propose a

19   comprehensive case management schedule through trial.

20           b.      <u>Defendants' Statement</u>

21           If any aspect of these cases survives Defendants' motions to dismiss, the Court should

22   schedule another Case Management Conference shortly after ruling on those motions in order

23   to initiate and set a discovery schedule and a comprehensive case management schedule.

24   **18.      DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

25           The parties are in the process of filing their "Certification of Interested Entities or

26   Persons" as required by Civil Local Rule 3-16.  The following parties have filed such

27   certificates:  Plaintiffs CMP Consulting Services, Inc., Amber Nikkel, Univisions-Crimon

28

1  Holding, Inc., Diana Saed, KI, Inc., Patrick Keyes, Prisco Electric Company, Inc., JLK

2  Systems Group, Inc., Matthew Slavin, and Defendant TEAC America.

3  **19.   OTHER MATTERS**

4       a.   <u>Plaintiffs' Statement</u>

5       The DOJ has advised Plaintiffs that it will seek to intervene and obtain a limited stay

6  of discovery in this matter. Plaintiffs have advised the DOJ that they do not oppose its request

7  to intervene.

8       b.   <u>Defendants' Statement</u>

9       As explained above, any discovery before the resolution of the motions to dismiss the

10  consolidated complaints would be premature.  The Department's views can be elicited as

11  appropriate at that time.

12  **20.   CASE MANAGEMENT ORDER**

13       The Parties have attached as Exhibit A to this statement a Proposed Case Management

14  Order.  The Parties have reached agreement on all the elements of the proposed Order except

15  amendment of pleadings, disclosures, and discovery.  Their respective positions on these

16  issues are set forth in Paragraphs 5, 7 and 8 above.  The Proposed Order contains the Parties'

17  separate proposals as to those issues.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

1  Dated:  April 29, 2010   Respectfully submitted,

2            **MEMBERS OF THE PROPOSED**
          **COMMITTEE OF DIRECT PURCHASER**
3            **PLAINTIFFS**

4

5        By: */s/ Guido Saveri*
         SAVERI & SAVERI, INC.
6           Guido Saveri
         R. Alexander Saveri
7           Cadio Zirpoli
         706 Sansome Street
8           San Francisco, CA 94111
9           Tel:  415-217-6810
         Fax: 415-217-6813
10          guido@saveri.com
         rick@saveri.com
11          cadio@saveri.com

12
         *Attorneys for Prisco Electric Company d/b/a*
13          *Prisco T.V. & Appliance and Warren S. Herman*

14

15       By: */s/ Joseph W. Cotchett*
         COTCHETT, PITRE & McCARTHY
16          Joseph W. Cotchett
         Steven N. Williams
17          Aron K. Liang
         840 Malcolm Road
18          Suite 200
19          Burlingame, CA 94010
         Tel: 650-697-6000
20          Fax: 650-697-0577
         jcotchett@cpmlegal.com
21          swilliams@cpmlegal.com
         aliang@cpmlegal.com
22
         *Attorneys for Prisco Electric Company d/b/a*
23          *Prisco T.V. & Appliance*

24

25

26

27

28

        **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1

2               By:   */s/ Michael P. Lehmann*

3                      HAUSFELD LLP
Michael P. Lehmann

4                      44 Montgomery Street, Suite 3400
San Francisco, CA 94104

5                      Tel: 415-633-1909
Fax: 415-358-4980

6                      mlehmann@hausfeldllp.com

7

8                      Michael D. Hausfeld
Hausfeld LLP

9                      1700 K Street, NW Suite 650
Washington, D.C. 20006

10                    Tel: 202-540-7200
Fax: 202-540-7201

11                    mhausfeld@hausfeldllp.com

12                    Steig D. Olson
Hausfeld LLP

13                    11 Broadway, Suite 615
New York, NY 10004

14                    Tel: 212-830-9850
Fax: 212-480-8560

15                    solson@hausfeldllp.com

16

17                    *Attorneys for Matthew Slavin and JLK Systems Group, Inc.*

18

19             By:   */s/ Linda Fong*

20                    KAPLAN FOX & KILSHEIMER LLP
Laurence D. King

21                    Linda Fong
350 Sansome Street, Suite 400

22                    San Francisco, CA 94104
Tel: 415-772-4700

23                    Fax: 415-772-4707
lking@kaplanfox.com

24                    lfong@kaplanfox.com

25                    Robert Kaplan
Linda Phyllis Nussbaum

26                    Jason Allen Zweig

27                    Susan Schwaiger
Kaplan Fox & Kilsheimer LLP

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

850 Third Avenue, 14th Floor
New York, NY 10022
Tel: 212-687-1980
Fax: 212-687-7714
rkaplan@kaplanfox.com
lnussbaum@kaplanfox.com
sschwaiger@kaplanfox.com
jzweig@kaplanfox.com

Gary Laurence Specks
Kaplan Fox & Kilsheimer LLP
423 Sumac Road
Highland Park, IL 6003
Tel: 847-831-1585
Fax: 847-831-1580
gspecks@kaplanfox.com

*Attorneys for CMP Consulting Services, Inc., KI, Inc., and Warren S. Herman*

By:   */s/ Bruce L. Simon*

PEARSON SIMON WARSHAW & PENNY LLP
Bruce L. Simon
44 Montgomery Street
Suite 2450
San Francisco, CA 94104
Tel:  415-433-9000
Fax: 415-433-9008
bsimon@pswplaw.com

*Attorneys for JLK Systems Group, Inc.*

By:   */s/ Christopher T. Heffelfinger*

BERMAN DeVALERIO
Todd A. Seaver
Christopher T. Heffelfinger
Joseph J. Tobacco Jr.
Matthew W. Ruan
One California Street, Suite 900
San Francisco, CA 94111
Tel:  415-433-3200
Fax: 415-433-6382
cheffelfinger@bermandevalerio.com
jtabacco@bermandevalerio.com

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

16

1   Daniel Bushell
    Mauel Juan Dominguez
2   Mark J. Greenspon
    Berman DeValerio
3   4280 Professional Center Drive
    Suite 350
4   Palm Beach Gardens, FL 33410
5   Tel: 415-433-3200
    Fax: 415-433-6382
6   mdominguez@bermandevalerio.com
    mgreenspon@bermanesq.com
7

8   *Attorneys for Univisions-Crimson Holding, Inc.,*
    *Amber Nikkel and Patrick Keyes*
9

10  By:  */s/ Joseph R. Saveri*
11       LIEFF CABRASER HEIMANN &
         BERNSTEIN LLP
12       Joseph Richard Saveri
         Eric B. Fastiff
13       Andrew Scirica Kingsdale
         Brendan Patrick Glackin
14       275 Battery Street, 29th Floor
         San Francisco, CA 94111-3339
15       Tel: (415) 956-1000
         Fax: (415) 956-1008
16       jsaveri@lchb.com
         efastiff@lchb.com
17       akingsdale@lchb.com
         bglackin@lchb.com
18

19       *Attorneys for Alec Berezin and The Stereo Shop*
20

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
17

1    Dated:  April 29, 2010                    Respectfully submitted,

2                                              **ATTORNEYS FOR INDIRECT**
                                               **PURCHASER PLAINTIFFS**
3

4                                    By:   _/s/ Michael A. Bowse_
                                           BROWNE WOODS GEORGE, LLP
5                                          Michael A. Bowse  (189659)
                                           Eric Marc George  (166403)
6                                          Lee Weiss  (Pro Hac Vice Motion Pending)
                                           2121 Avenue of the Stars, Suite 2400
7                                          Los Angeles, CA  90067

8
                                           _Attorneys for Plaintiff  Michael's Company_
9

10                                   By:   _s/ Josef D. Cooper_
                                           COOPER & KIRKHAM, P.C.
11                                         Josef D. Cooper
                                           Tracy R. Kirkham
12                                         John D. Bogdanov
                                           357 Tehama St., Second Floor
13                                         San Francisco, CA 94103
                                           Telephone:     (415) 788-3030
14                                         Facsimile:     (415) 882-7040
                                           jdc@coopkirk.com
15                                         trk@coopkirk.com
                                           jdb@coopkirk.com
16

17                                         _Attorneys for Tina Corse_
18

19                                   By:   _/s/ Daniel C. Girard_
                                           GIRARD GIBBS, LLP
20                                         Daniel C. Girard (114826)
                                           Elizabeth C. Pritzker (146267)
21                                         601 California Street, Suite 1400
                                           San Francisco, CA  94104
22

23                                         _Attorneys for Plaintiff David Carney, Jr._
24

25

26

27

28

                                           **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1

2          By:   /s/ Thomas V. Girardi

3                GIRARDI | KEESE
                 Thomas V. Girardi (36603)
4                Stephen G. Larson (145225)
                 Shahram A. Shayesteh (209775)
5                1126 Wilshire Boulevard
                 Los Angeles, CA  90017
6

7                *Attorneys for Plaintiffs Christopher Johnson,*
                 *Dennis McDavid, Sally O'Donaghue, Murray*
8                *Miller and Andrew Crosby*

9

10         By:   /s/ Daniel Karon

11               GOLDMAN SCARLATO & KARON, PC
                 Daniel R. Karon
12               (Pro Hac Vice Motion Pending)
                 700 W. St. Clair Avenue, Suite 204
13               Cleveland, OH  44113-1998

14               *Attorneys for Plaintiff Scott Friedson, Guy*
                 *Snowdy, and Sharon Defren*
15

16         By:   /s/ Steve W. Berman

17               HAGENS BERMAN SOBOL SHAPIRO, LLP
                 Steve W. Berman (Admitted pro hac vice)
18               Jeffrey D. Friedman (173886)
                 715 Hearst Avenue, Suite 202
19               Berkeley, CA  94710

20               *Attorneys for Plaintiff  Aaron Wagner*

21

22

23

24

25

26

27

28

1

2          By:  _/s/ Christopher Lovell_

3               LOVELL STEWART HALEBIAN LLP
                Christopher Lovell
4               Craig M. Essenmacher
                Keith Essenmacher
5               61 Broadway, Suite 501
                New York, NY 10006
6               Telephone:     (212) 608-1900
                Facsimile:     (212) 719-4775
7               clovell@lshllp.com

8
                _Attorneys for Plaintiffs Ann Carney, Craig P._
9               _Kelly, Bonnie Lockwood, Thomas Fennesy and_
                _Justin Austin, III_
10

11         By:  _/s/ Donna F. Solen_

12              MASON LLP
                Donna F. Solen
13              (Pro Hac Vice Motion Pending)
                1625 Massachusetts Avenue N.W., Suite 605
14              Washington, DC  20036

15
                _Attorneys for Plaintiffs Scott Friedson, Guy_
16              _Snowdy, and Sharon Defren_

17
           By:  _/s/ Brad Yamauchi_
18
                MINAMI TAMAKI, LLP
19              Brad Yamauchi  (73245)
                Jack W. Lee  (71626)
20              360 Post Street, 8th Floor
                San Francisco, CA  94108
21
22              _Attorneys for Plaintiff Bay Area Systems, LLC_

23

24

25

26

27

28

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1

2 By: /s/ Gilmur R. Murray
    MURRAY & HOWARD, LLP

3    Gilmur Roderick Murray  (111856)
    Derek G. Howard  (118082)

4    900 Larkspur Landing Circle, Suite 103
    Oakland, CA  94939

5

6    Attorneys for Plaintiff  Bay Area Systems, LLC

7

8 By: /s/ Krishna B. Narine
    LAW OFFICE OF KRISHNA B. NARINE

9    Krishna B. Narine
    (Pro Hac Vice Motion Pending)

10    2600 Philmont Avenue, Suite 324
    Huntington Valley, PA  19006

11

12    Attorneys for Plaintiffs Scott Friedson, Guy
    Snowdy, and Sharon Defren

13

14 By: /s/ Pierce Henry O'Donnell
    O'DONNELL & ASSOCIATES

15    Pierce Henry O'Donnell  (081298)
    Robert M. Partain  (221477)

16    800 Wilshire Boulevard, Suite 500
    Los Angeles, CA  90017

17

18    Attorneys for Plaintiff Alireza Tabatabai

19

20 By: /s/ William H. Parish
    PARISH & SMALL, PLC

21    William H. Parish
    1919 Grand Canal Blvd., Suite A-5

22    Stockton, CA 95207
    Telephone: (209) 952-1992

23    Facsimile: (209) 952-0250
    whparish@parishsmall.com

24

25    Attorneys for Cullen Byrne

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:   /s/ Robert J. Prata
PRATA & DALEY, LLP
Robert J. Prata (162600)
Todd A. Daley (168742)
Cassandra J. Zappaterreno (208798)
515 South Figueroa Street, Suite 1515
Los Angeles, CA  90071

*Attorneys for Plaintiff Tom Daley*


By:   /s/ Michael F. Ram
RAM & OLSON, LLP
Michael F. Ram  (104805)
555 Montgomery Street, Suite 820
San Francisco, CA  94111

*Attorneys for Plaintiffs Scott Friedson, Guy
Snowdy, and Sharon Defren*


By:   /s/ Julio J. Ramos
LAW OFFICES OF JULIO J. RAMOS
Julio J. Ramos (189944)
35 Grove Street, Suite 107
San Francisco, CA  94102

*Attorneys for Plaintiff Don Cheung d/b/a
Computer 5000*


By:   /s/ Peter Rukin
RUKIN HYLAND DORIA & TINDALL, LLP
Peter Rukin  (178336)
100 Pine Street, Suite 725
San Francisco, CA 94111

*Attorneys for Plaintiff James P. Ito-Adler*

1

2          By:   _/s/ Thomas G. Shapiro_
3                SHAPIRO HABER & UMY, LLP
                 Thomas G. Shapiro
4                (Pro Hac Vice Motion Pending)
                 Charles T. Tompkins
5                (Pro Hac Vice Motion Pending)
                 Robert E. Ditzion
6                (Pro Hac Vice Motion Pending)
                 53 State Street
7                Boston, MA  02109

8
                 *Attorneys for Plaintiff James P. Ito-Adler*
9

10         By:   _/s/ Isaac L. Diel_
11               SHARP McQUEEN PA
                 Isaac L. Diel  (Pro Hac Vice Motion Pending)
12               6900 College Blvd., Suite 285
                 Overland Park, KS  66223
13
                 *Attorneys for Plaintiffs Scott Friedson, Guy*
14               *Snowdy, and Sharon Defren*

15

16         By:   _/s/ Mario N. Alioto_
                 TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
17               Mario N. Alioto
                 2280 Union Street
18               San Francisco, CA 94123
                 Telephone:     (415) 563-7200
19               Facsimile:     (415) 346-0679
                 malioto@tatp.com
20
                 *Attorneys for Gregory Sinigiani, Aimee Brock,*
21               *Williams Craig Stephenson, Raymond F. Barbush,*
                 *Sidney Plitnik, Cynthia Saia, Geoffrey Korwan,*
22               *Patrick Piper, Daniel Riebow, Frank Warner and*
                 *Christopher Smith*
23

24

25

26

27

28

1

2                                    By:   /s/ Casey A. Hatton

3                                          WILKES & McHUGH
                                           Casey A. Hatton  (246081)
4                                          3780 Kilroy Airport Way, Suite 220
                                           Long Beach, CA  90806
5
                                           *Attorneys for Plaintiffs Mary Jane Garland, Laura*
6                                          *Allen, V. Carlos Palmeri, M.D., and Thomas Lewis*

7

8                                    By:   /s/ Francis O. Scarpulla

9                                          ZELLE HOFMANN VOELBEL & MASON LLP
                                           Francis O. Scarpulla
10                                         Craig C. Corbitt
                                           Christopher T. Micheletti
11                                         Judith A. Zahid
                                           Patrick B. Clayton
12                                         Qianwei Fu
                                           44 Montgomery Street, Suite 3400
13                                         San Francisco, CA 94104
                                           Telephone:    (415) 693-0700
14                                         Facsimile:     (415) 693-0770
                                           fscarpulla@zelle.com
15
                                           *Attorneys for Plaintiffs Ann Carney, Craig P.*
16                                         *Kelly, Bonnie Lockwood, Thomas Fennesy and*
                                           *Justin Austin, III*
17

18    Dated:  April 29, 2010               Respectfully submitted,
19
                                           **ATTORNEYS FOR DEFENDANTS**
20

21                                   By:   /s/ Thomas Brown
22                                         Thomas Brown
                                           O'MELVENY & MYERS LLP
23                                         Two Embarcadero Center, 28th Floor
                                           San Francisco, CA 94111-3823
24                                         Telephone: (415) 984-8700
                                           Facsimile: (415) 984-8701
25                                         Email: tbrown@omm.com

26

27

28

                                           **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ian Simmons
(Admitted Pro Hac Vice)
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: isimmons@omm.com

*Attorneys for Defendant Samsung Electronics Co.,*
*Ltd.*


By:   */s/ Christopher B.Hockett*
      Christopher B. Hockett (Bar No. 121539)
      Neal A. Potischman (Bar No. 254862)
      Sandra D. West (Bar No. 250389)
      Jeremy M. Brodsky (Bar No. 257674)
      DAVIS POLK & WARDWELL LLP
      1600 El Camino Real
      Menlo Park, California 94025
      Telephone: (650) 752-2000
      Facsimile: (650) 752-2111
      christopher.hockett@davispolk.com
      neal.potischman@davispolk.com
      sandra.west@davispolk.com
      jeremy.brodsky@davispolk.com

      *Attorneys for Defendant LG Electronics, Inc.*


By:   */s/ Belinda S. Lee*
      Daniel M. Wall
      Belinda S. Lee
      Casandra Thomson
      Latham & Watkins LLP
      505 Montgomery Street, Suite 2000
      San Francisco, CA 94111-6538
      Tel: +1.415.391.0600
      Fax: +1.415.395.8095

      *Attorneys for Defendants Toshiba Corporation and*
      *Toshiba Samsung Storage Technology*
      *Corporation*

1

2   By:   */s/ James G. Kress*

3         James G. Kress
          Andrew D. Lazerow
4         HOWREY LLP
          1299 Pennsylvania Ave NW
5         Washington, DC 20004-2402
          Telephone:  202.783.0800
6         Facsimile:  202.383.6610
          Email:  kressj@howrey.com
7         Email:  lazerowa@howrey.com

8
          *Attorneys for Defendants Koninklijke Philips*
9         *Electronics N.V. and Philips Lite-On Digital*
          *Systems, U.S.A.*
10

11  By:   */s/ John F. Cove*

12        John F. Cove, Jr. (State Bar No. 212213)
          Steven C. Holtzman (State Bar No. 144177)
13        Beko O. Reblitz-Richardson
          (State Bar No. 238027)
14        BOIES, SCHILLER & FLEXNER LLP
          1999 Harrison Street, Suite 900
15        Oakland, California 94612
          Telephone:  (510) 874-1000
16        Facsimile:  (510) 874-1460
          E-mail:      jcove@bsfllp.com
17                     sholtzman@bsfllp.com
                       brichardson@bsfllp.com
18

19        *Attorneys for Defendant Sony Optiarc America,*
          *Inc.*
20

21

22  By:   */s/ David H. Bamberger*

          David H. Bamberger (admitted pro hac vice)
23        Deana L. Cairo (admitted pro hac vice)
          DLA PIPER LLP (US)
24        500 8th Street, N.W.
          Washington, D.C.  20004
25        Phone:  (202) 799-4000
          Fax:      (202) 799-5000
26        Email:  david.bamberger@dlapiper.com
                  deana.cairo@dlapiper.com
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Paolo Morante (admitted pro hac vice)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY  10020
Phone:  (212) 335-4500
Fax:      (212) 335-4501
Email:  paolo.morante@dlapiper.com

Erin Frazor (Bar No. 251324)
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA  94105
Phone:  (415) 836-2500
Fax:  (415) 836-2501
E-mail: erin.frazor@dlapiper.com

*Attorneys for Defendant TEAC America, Inc.*

## ATTESTATION OF FILING

Pursuant to N.D. Cal. General Order No. 45, section 45 X(B), I hereby attest that concurrence in the filing of this document has been properly obtained.

*/s/ Neil Swartzberg*
Neil Swartzberg

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

27