1  SIDNEY A. MAJALYA (CSBN 205047)
   LARA M. KROOP (CSBN 239512)
2  Antitrust Division
   U.S. Department of Justice
3  450 Golden Gate Avenue
   Box 36046, Room 10-0101
4  San Francisco, CA  94102
   Telephone:  (415) 436-6660
5  Email: Sidney.Majalya@usdoj.gov

6  Attorneys for the United States

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12  IN RE: OPTICAL DISK DRIVE            )   MDL Docket No. M:10-2143 VRW
    PRODUCTS ANTITRUST LITIGATION        )
13                                       )   Date: June 24, 2010
                                         )   Time: 10:00 a.m.
14                                       )   Court: Hon. Vaughn R. Walker
                                         )
15                                       )
                                         )
16  This Document Relates to All Cases.  )
                                         )
17

18          MEMORANDUM OF POINTS AND AUTHORITIES
            IN SUPPORT OF THE UNITED STATES' MOTION
19          TO INTERVENE UNDER FED. R. CIV. P. 24(b)(1)(B)

20     I.     INTRODUCTION

21          The U.S. Department of Justice, Antitrust Division ("DOJ") submits this Memorandum in

22  support of its Motion to Intervene in this civil action for the sole purpose of limiting discovery.

23  This civil litigation arises from the same set of facts that forms the basis of an ongoing criminal

24  grand jury investigation.  Thus there is a "question of law or fact in common" between this civil

25  action and the DOJ's ongoing criminal investigation.  Fed. R. Civ. P. 24(b)(1)(B).

26

27

28  MEMO OF P&A TO INTERVENE
    M:10-2143 VRW
    Page 1

1    The DOJ sought similar relief in four price-fixing investigations in the Northern District

2    of California: the dynamic random access memory ("DRAM"), static random access memory

3    ("SRAM"), liquid crystal display ("TFT-LCD"), and the cathode ray tube ("CRT") industries.  In

4    DRAM, Judge Hamilton signed an order allowing the DOJ to intervene for the purpose of

5    limiting discovery.  *See* Declaration of Sidney A. Majalya in Support of the United States'

6    Motion to Intervene (hereinafter "Majalya Decl."), ¶ 14.  Similarly, in SRAM, Judge Wilken

7    signed an order allowing the DOJ to intervene for the purpose of limiting discovery.  Majalya

8    Decl. ¶ 15.  In the TFT-LCD litigation, Judge Illston granted the United States' motion to

9    intervene for the purpose of limiting discovery.  Majalya Decl. ¶ 16.  Finally, in the CRT

10    investigation, Judge Conti signed an order allowing the DOJ to intervene for the purpose of

11    limiting discovery.  Majalya Decl. ¶ 17.

12    The circumstances here are similar to those in the DRAM, SRAM, TFT-LCD, and CRT

13    cases.  In each, there is a pending criminal grand jury investigation of the same industry as the

14    civil action, and, as with the four other cases, the civil litigation arises from the same set of facts

15    that form the basis of that grand jury investigation.  As with the four other cases, the DOJ seeks

16    to intervene in the Optical Disk Drives ("ODD") civil action for the sole purpose of seeking to

17    limit discovery.  It is appropriate in these circumstances to grant the DOJ's Motion to Intervene.

18    II.    STATEMENT OF FACTS

19    The DOJ is currently assisting a grand jury, sitting in the Northern District of California,

20    in its investigation of alleged criminal antitrust violations in the ODD industry.[1]  Majalya Decl. ¶

21    3. Beginning in October 2009, the civil plaintiffs filed a series of class-action lawsuits alleging

22    price fixing and other antitrust violations against the defendants in this action.  The plaintiffs

23

24    _____

25    [1] Federal Rule of Criminal Procedure 6(e) prohibits the DOJ from publicly disclosing
matters occurring before the grand jury, including the exact scope and nature of the investigation.
26    If the Court requires additional information to assist it in deciding this motion, the DOJ is willing
to discuss this matter in greater detail with the Court *in camera* and outside the presence of the
27    other parties in this civil matter.

28    MEMO OF P&A TO INTERVENE
M:10-2143 VRW
Page 2

1   identified the DOJ's grand jury investigation as part of the factual basis for their lawsuit.

2   Majalya Decl. ¶ 3.

3        The class actions were subsequently transferred to this Court on April 2, 2010 by order of

4   the Judicial Panel on Multidistrict Litigation.  Because the Court has not yet appointed lead

5   counsel for the indirect purchaser plaintiffs or liaison counsel for the defendants in this matter,

6   the DOJ has endeavored to contact appropriate representatives of each group to determine their

7   views on the DOJ's proposal to intervene in this matter.  Majalya Decl. ¶¶ 4-12.  Representatives

8   of direct purchasers, indirect purchasers, and defendants have all indicated that they do not

9   oppose the DOJ's Motion to Intervene.  Majalya Decl. ¶¶ 5-12.

10  III.   ARGUMENT

11       A.   Intervention Is Proper Under Rule 24

12       The question of whether a party will be allowed to intervene is within the sound

13  discretion of the trial court.  *See, e.g., Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989),

14  aff'd, 495 U.S. 82 (1990).

15            1.   A Common Question of Law and Fact

16       Rule 24(b)(1)(B) provides that a third party may intervene in an action when it "has a

17  claim or defense that shares with the main action a common question of law or fact."  Fed. R.

18  Civ. P. 24(b)(1)(B).  The requirement of a "common question" is liberally construed.  *Bureerong*

19  *v. Uvawas*, 167 F.R.D. 83, 85 (C.D. Cal. 1996).

20       When there is an ongoing criminal investigation, courts have allowed the DOJ to

21  intervene under Rule 24(b) when the civil action and the criminal investigation involve common

22  questions of law or fact.  *Id.* at 85-86.  In *Bureerong*, the government moved *ex parte* to

23  intervene in a civil suit brought by immigrants who were sold into indentured servitude for

24  garment manufacturing companies.  *Id.* at 84-85.  The court granted the motion to intervene

25  because the government had an ongoing criminal investigation into the same conduct, and the

26  civil and criminal matters shared "common questions of law and fact."  *Id.* at 86.

27

28  MEMO OF P&A TO INTERVENE
    M:10-2143 VRW
    Page 3

1    In this case, the DOJ is investigating possible criminal antitrust violations in the ODD

2    industry. The DOJ's current criminal investigation involves the same conduct alleged in the

3    plaintiffs' complaints. Majalya Decl. ¶ 3. Additionally, the civil and criminal matters have

4    common parties. These are sufficient common questions of fact to warrant intervention by the

5    DOJ in this civil matter.

6         2.    Independent Jurisdictional Ground

7    In *Bureerong*, the court found that the government has an independent jurisdictional

8    ground for intervention under 28 U.S.C. § 1345, which provides that "the district courts shall

9    have original jurisdiction of all civil actions, suits or proceedings commenced by the United

10   States." *Bureerong*, 167 F.R.D. at 86. The DOJ has jurisdiction to intervene in this civil action

11   under that same authority.

12        3.    Intervention Must Be Timely

13   Intervention must be timely. *Id.* In *Bureerong*, the government's motion was deemed "not

14   untimely" where the initial *ex parte* application to intervene occurred one week after the

15   government received notice that discovery had commenced. *Id.* at 86. In this case, the DOJ is

16   seeking to intervene before any discovery has begun.

17        B.    Intervention Is Proper During the Preliminary Stages of an Investigation

18   The government may intervene in a federal civil action when there is a pending criminal

19   investigation involving common questions of law or fact–even if this investigation is still in the

20   preliminary stage and no indictments have been returned. *See S.E.C. v. Mersky*, 1994 WL 22305,

21   at *3 (E.D. Pa. 1994), quoting *S.E.C. v. Downe*, 1993 WL 22126 at *10 (S.D.N.Y. 1993) ("[i]t is

22   well established that the United States Attorney may intervene in a federal civil action to seek a

23   stay of discovery when there is a parallel criminal proceeding, which is anticipated or already

24   underway that involves common questions of law or fact."); *S.E.C. v. Chestman*, 861 F.2d 49, 50

25   (2d Cir. 1988); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 7-8 (D. Conn.

26   2002).

27

28   MEMO OF P&A TO INTERVENE
     M:10-2143 VRW
     Page 4

1    The DOJ's investigation into possible price fixing in the ODD industry began before the

2  first civil complaints in this matter were filed.  Majalya Decl. ¶ 3.  Intervention is warranted here

3  because the civil action and the criminal investigation arise from common questions of law and

4  fact.

5  IV.    <u>CONCLUSION</u>

6    For the foregoing reasons, the DOJ respectfully requests that the Court permit it to

7  intervene and that it enter an order granting the Motion to Intervene under Fed. R. Civ. P.

8  24(b)(1)(B).  A proposed order is attached.

9

10  Dated: May 12, 2010                    Respectfully submitted,

11

12                                         <u>/s/ Sidney A. Majalya</u>
                                           Sidney A. Majalya
13                                         Lara M. Kroop
                                           Attorneys, San Francisco Office
14                                         Antitrust Division
                                           U.S. Department of Justice
15

16

17

18

19

20

21

22

23

24

25

26

27

28  MEMO OF P&A TO INTERVENE
    M:10-2143 VRW
    Page 5