1  Francis O. Scarpulla (41059)
   Craig C. Corbitt (83251)
2  Christopher T. Micheletti (136446)
   Judith A. Zahid (215418)
3  Patrick B. Clayton (240191)
   Qianwei Fu (242669)
4  ZELLE HOFMANN VOELBEL & MASON LLP
   44 Montgomery Street, Suite 3400
5  San Francisco, CA 94104
   Telephone:    (415) 693-0700
6  Facsimile:    (415) 693-0770
   *fscarpulla@zelle.com*
7
   *Attorneys for Plaintiffs Ann Carney, Craig P. Kelly,*
8  *Bonnie Lockwood, Thomas Fennesy, Justus Austin, III,*
   *Cynthia R Rall, and Richard R. Rall*
9
   [Additional Attorneys on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION** | Case No. M:10-cv-02143 VRW<br><br>MDL No. 2143 |
| **This Document Relates to:**<br><br>**ALL ACTIONS** | **CERTAIN INDIRECT-PURCHASER PLAINTIFFS' RESPONSE TO UNITED STATES' MOTION FOR A LIMITED STAY OF DISCOVERY AND JOINDER IN DIRECT-PURCHASER PLAINTIFFS' OPPOSITION**<br><br>Date:    June 24, 2010<br>Time:   10:00 a.m.<br>Place:   Courtroom 6, 17th Floor<br><br>**The Honorable Vaughn R. Walker** |

Indirect-Purchaser Plaintiffs Justus Austin III, Raymond F. Barbush, Aimee Brock, Cullen Byrne, Ann Carney, Tina Corse, Thomas Fennesy, Craig P. Kelly, David and Debra Knight, Geoffrey Korwan, Bonnie Lockwood, Patrick Piper, Sidney Plitnik, Cynthia R Rall, Richard R. Rall, Daniel Riebow, Cynthia Saia, Gregory Sinigiani, Christopher Smith, Williams Craig Stephenson, and Frank Warner ("IP Plaintiffs") hereby join and support Direct-Purchaser Plaintiffs' Opposition to United States' Motion for A Limited Stay of Discovery being filed on June 3, 2010.  IP Plaintiffs incorporate and adopt by reference the reasons for the Opposition set forth in the Direct-Purchaser Plaintiffs' brief in all respects.

IP Plaintiffs raise the following additional concerns regarding the Government's proposed stay, and respectfully submit that these issues provide additional bases for the rejection of the stay requested by the Government.

First, the Government's proposed order appears to limit discovery of ODD purchase and sales data from defendants and third parties to aggregated information.  *See* Dkt. 68-2 [Proposed] Order to Stay Discovery, ¶4b.  Second, it restricts discovery of such ODD purchase and sale information to sales or purchases made in the United States.  *See id*.  As set out below, any limitation on plaintiffs' ability to propound formal discovery requests seeking *worldwide, transactional level data* regarding sales or purchases of ODDs and ODD products by defendants, third parties and/or a defendant's subsidiaries, joint ventures, or affiliates, is unwarranted.

Transactional level sales data is routinely produced in antitrust cases and is needed to identify third parties from whom relevant information may be sought and by plaintiffs' experts to analyze impact and damages.  The Government provides no reason why access to transactional level purchase or sales data from Defendants and third parties would impede its investigation in any way.

Foreign transactional information is also of substantial importance in this case because a significant number of defendants are foreign entities which manufacture their products outside of the United States.   IP Plaintiffs' claims are based on allegations of a global conspiracy that affected the U.S. market.  IP Plaintiffs bought ODDs and ODD products in finished products in the U.S., many of which products were manufactured abroad.  IP Plaintiffs have a right to prove their case with economic analyses that start with the prices charged by defendants and finish with the prices paid by

1

the IP Plaintiffs for finished products in the U.S. The defendants' global sales data is relevant because it is where impact originates. For these reasons, foreign transactional level sales data is relevant to IP Plaintiffs' estimation of the direct overcharge, impact and damages.

Federal courts consistently order defendants to provide discovery concerning non-US market data in cases (like here) involving allegations of an international antitrust conspiracy. *See, e.g., In re Vitamins Antitrust Litig.*, 2001 WL 1049433, at *11 (D.D.C. June 20, 2010) ("Although [foreign] actions may not be admissible to establish damages . . . the information would be relevant to show the breadth of the conspiracy, the role that each defendants' executives played in implementing, expanding, enforcing and concealing the conspiracy, and how the conspiracy was maintained for the length of time alleged."); *see also In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *14 (E.D. Pa. Nov. 29, 2004) (ordering production to US plaintiffs of all documents produced to foreign antitrust enforcement authorities, regardless of whether they relate to US markets); *In re Intel Corp. Microprocessor Antitrust Litig.*, 2007 WL 137152, at *7-11 (D. Del. Jan. 12, 2007) (compelling discovery of defendant's conduct in foreign markets, despite dismissal of plaintiff's foreign claims, because foreign conduct was also relevant to plaintiff's domestic claims); *Kellam Energy, Inc. v. Duncan*, 616 F.Supp. 215, 219 (D. Del. 1985) (antitrust case stating that "regardless of how [the] geographic market is eventually defined in this action, the boundaries of that market do not set the geographic limit of discovery"); *SimthKline Beecham Corp. v. Apotex Corp.,* 2006 WL 279073, at *3 (E.D. Pa. Jan. 31, 2006) ("The fact that the United States is the relevant market in [a] case does not necessarily limit discovery to the United States'" discovery of foreign activities compelled) (citing *U.S. v. Dentsply Int'l, Inc.*, 2000 WL 654286, at *5 (D.Del. May 10, 2001)).

In *In re TFT-LCD (Flat Panel) Antitrust Litigation*, a recent international price-fixing case being litigated in this District, the Special Master also ordered that defendants produce non-U.S. transactional data. The Order states in relevant part:

> "The weight of authority, including from the United States Supreme Court, is that Defendants should produce transactional data for TFT-LCD sales outside the U.S. for the following reasons:
>
>   a. the information is relevant to both claims and damages;
>   b. Discovery should be liberally granted in anti-trust cases;
>   c. The FTAIA Domestic Injury exception applies where the conduct has a direct, substantial and reasonably foreseeable effect on domestic commerce.

*See In re TFT-LCD*, Case No. M 07-1827 SI, Order Clarifying Discovery Limits Allowed Under Court's Stay Order (N.D. Cal. May 15, 2008) (Dkt. #618).

As in *TFT-LCD*, discovery of foreign transactions in the present case should be permitted. The prices of ODDs and ODD products, the entities to whom defendants sold their products (especially the sales or purchases involving other defendants), the quantity of their sales or purchases, and they type of products they were selling and purchasing are all directly relevant as to Plaintiffs' claims and damages.  Discovery of such transactional information would not otherwise interfere with the Government's ongoing criminal investigation.

For the reasons set forth in the Direct Purchasers' supporting memorandum, and for additional reasons set out above, IP Plaintiffs respectfully request that the Government's motion be denied.

Dated:  June 3, 2010                    Respectfully submitted,

By:     */s/ Francis O. Scarpulla*

Francis O. Scarpulla
Craig C. Corbitt
Christopher T. Micheletti
Judith A. Zahid
Patrick B. Clayton
Qianwei Fu
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:    (415) 693-0700
Facsimile:     (415) 693-0770
*fscarpulla@zelle.com*

*Attorneys  for Ann Carney, Craig P. Kelly, Bonnie Lockwood, Thomas Fennesy, Justus Austin, III, Cynthia R Rall, and Richard R. Rall*

By:     */s/ Josef D. Cooper*

Josef D. Cooper
Tracy R. Kirkham
John D. Bogdanov
COOPER & KIRKHAM, P.C.
357 Tehama St., Second Floor
San Francisco, CA 94103

```
                              Telephone:   (415) 788-3030
                              Facsimile:   (415) 882-7040
                              jdc@coopkirk.com

                              Attorneys for Tina Corse

                    By:       /s/ Christopher Lovell

                              Christopher Lovell
                              Craig M. Essenmacher
                              Keith Essenmacher
                              LOVELL STEWART HALEBIAN JACOBSON LLP
                              61 Broadway, Suite 501
                              New York, NY 10006
                              Telephone:   (212) 608-1900
                              Facsimile:   (212) 719-4775
                              clovell@lshllp.com

                              Attorneys for Ann Carney, Craig P. Kelly,
                              Bonnie Lockwood, Thomas Fennesy, Justus Austin, III,
                              Cynthia R Rall, and Richard R. Rall

                    By:       /s/ William H. Parish

                              William H. Parish
                              PARISH & SMALL, PLC
                              1919 Grand Canal Blvd., Suite A-5
                              Stockton, CA 95207
                              Telephone:   (209) 952-1992
                              Facsimile:   (209) 952-0250
                              whparish@parishsmall.com

                              Attorneys for Cullen Byrne

                    By:       /s/ Mario N. Alioto
                              Mario N. Alioto
                              TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
                              2280 Union Street
                              San Francisco, CA 94123
                              Telephone:   (415) 563-7200
                              Facsimile:   (415) 346-0679
                              malioto@tatp.com

                              Attorneys for Gregory Sinigiani, Aimee Brock,
                              Williams Craig Stephenson, Raymond F. Barbush,
                              Sidney Plitnik, Cynthia Saia, Geoffrey Korwan,
                              Patrick Piper, Daniel Riebow, Frank Warner and
                              Christopher Smith
```

#3221379v3