1  LATHAM & WATKINS LLP
2     DANIEL M. WALL (Cal. Bar No. 102580)
   dan.wall@lw.com
3     BELINDA S LEE (Cal. Bar No. 199635)
   belinda.lee@lw.com
4  505 Montgomery Street, Suite 2000
San Francisco, CA. 94111-2562
5  Tel: (415) 391-0600
Fax: (415) 395-8095

6  LATHAM & WATKINS LLP
7     CASANDRA L. THOMSON (Cal. Bar No. 235778)
   casandra.thomson@lw.com
8  355 South Grand Avenue
Los Angeles, CA 90071-1560
9  Telephone: (213) 485-1234
Facsimile: (213) 891-8763

10 Attorneys for Defendants Toshiba Corporation and
Toshiba Samsung Storage Technology Corporation
11

12 [Additional Parties and Counsel Listed on Signature Page]

13 **UNITED STATES DISTRICT COURT**

14 **NORTHERN DISTRICT OF CALIFORNIA**

15 **SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION** | Case No. M:10-cv-02143-VRW<br><br>MDL No. 2143<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSITIONS TO MOTION BY UNITED STATES FOR A LIMITED STAY OF DISCOVERY**<br><br>Hearing:<br>Date: June 24, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 6, 17th Floor<br><br>**The Honorable Vaughn R. Walker** |
| **This Document Relates To:**<br><br>**ALL ACTIONS** | |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2105591.4

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1

II. PLAINTIFFS' REQUEST FOR IMMEDIATE DISCOVERY IS PREMATURE. ........................................................................................................ 3

III. THIS COURT SHOULD GRANT THE GOVERNMENT'S MOTION TO STAY DISCOVERY. ....................................................................................... 5

IV. CONCLUSION ..................................................................................................... 10

LATHAM&WATKINS LLP  LA\2105591.4
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

# TABLE OF AUTHORITIES

## CASES

*Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*,
    225 F. Supp. 2d 263 (E.D.N.Y. 2002) .................................................................................. 8

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ........................................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 4, 6

*Federal Savings and Loan Ins. Corp. v. Molinaro*,
    889 F.2d 899 (9th Cir. 1989) .............................................................................................. 6

*In re Flash Memory Antitrust Litigation*,
    Case No. C 07-0086 SBA, 2008 WL 62278 (N.D. Cal., Jan. 4, 2008) ................................ 4

*In re Graphics Processing Units Antitrust Litig.*,
    Case No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal., Jul. 24, 2007) ....................... 9

*In re Graphics Processing Units Antitrust Litigation*,
    253 F.R.D. 478 (N.D. Cal. 2008) ........................................................................................ 5

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. M:07-1827-SI, 2007 WL 2782951 (N.D. Cal. Sept. 25, 2007) .................................... 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. M:07-1827-SI, 2010 WL 1264601 (N.D. Cal. Mar. 29, 2010) ..................................... 7

*Lieff, Cabraser, Heimann & Bernstein, LLP v. U.S. Dept. of Justice*,
    3:10-cv-00013-VRW, Docket #16 ....................................................................................... 4

*Nationwide Life Ins. Co. v. Richards*,
    541 F.3d 903 (9th Cir. 2008) .............................................................................................. 8

*Riley v. Walgreen Co.*,
    233 F.R.D. 496 (S.D. Tex. 2005) ........................................................................................ 4

## STATUTES

Fed. R. Civ. Proc. 26(d) ............................................................................................................. 4

Fed. R. Civ. Proc. 26(f) .......................................................................................................... 3, 4

LATHAM&WATKINS LLP   LA\2105591.4
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

**OTHER AUTHORITIES**

Mike Scarcella, *DOJ Presses Law Firms in LCD Probe*, The National Law Journal, May 10, 2010 .................................................................................................... 7

*Using Equitable Powers to Coordinate Parallel Civil and Criminal Actions*, 98 Harv. L. Rev. 1023 (1985) ................................................................................................. 6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LA\2105591.4

iii

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.        INTRODUCTION

This case follows an all too familiar pattern.  Plaintiffs filed scores of civil lawsuits – based entirely on the announcement of the existence of a grand jury price-fixing investigation – even though, as they have now essentially admitted, Plaintiffs had no idea who may have conspired or in what respects.  Consequently, the complaints name every producer of the relevant product that a Google search revealed and allege nothing more than the structure of the industry and "industry-wide" price fixing.  They are entirely devoid of non-conclusory, factual allegations.  Plaintiffs regard their potential inaccuracy and over-inclusiveness of the complaints as unimportant, as these first complaints are always superseded by a Consolidated Amended Complaint.

With the placeholder complaints in place, Plaintiffs are following the familiar pattern by demanding immediate access to the documents that the government has collected in its investigation, couching this demand as reasonable and burden-free because there is an existing collection of documents already produced to the government.  Yet, in reality, this is a request for pre-complaint discovery.  Direct Purchaser Plaintiffs' ("Directs") Interim Lead Counsel candidly admitted to the Court at the initial Case Management Conference that Plaintiffs seek to "find out what this [the government investigation] is all about" so Plaintiffs can file the first *real* complaint, the consolidated amended complaint.  (Tr. of 5/6/10 Hrg. at 13:1-6.)  Indeed, notwithstanding that this tactic runs afoul of the long-standing rule against pre-complaint discovery, Plaintiffs do not even try to hide the fact that this is their goal.  (Directs Opp., Doc #90 at 11 ("Access to discovery, particularly materials already collected and turned over to the DOJ, will surely help Plaintiffs refine and develop their claims—and pleadings—and provide further factual support for Plaintiffs' allegations . . .").)

Defendants are submitting this Memorandum first and foremost to object to Plaintiffs' request for this pre-complaint discovery.  Plaintiffs would not be entitled to this if the Government had not moved for a stay, so they cannot obtain it via "proposals" in an opposition memoranda.  Discovery is premature before there is a real complaint, *i.e.,* the consolidated

LATHAM&WATKINS LLP   LA\2105591.4
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

1  amended complaint.  The current placeholder complaints are a mishmash of allegations that lack
2  focus, and appear to encompass every direct or indirect purchase of every electronic device that
3  contains a CD or DVD component.  Electronics from CD players to computers to TVs and
4  entertainment systems, even in automobiles, all appear to be implicated, even though the ODD
5  component might represent a trivial component in a $3,000 sound system or computer.
6  Experience shows that the allegations will change, and at least become more consistent, when a
7  consolidated amended complaint is filed.  To unleash unbridled, worldwide discovery before that
8  happens is contrary to the Federal Rules, grossly unfair and wasteful.

9       As to the Motion by the United States for a Limited Stay of Discovery ("Motion to Stay"),
10  Defendants support that Motion.  Defendants note, however, that the DOJ justifies the motion
11  based on how parallel civil discovery would prejudice *its investigation*, not on how it affects
12  *defendants' interests*.  Plaintiffs, of course, have no basis to speak for Defendants—although,
13  amazingly, the Directs purport to do so, claiming that Defendants would be prejudiced by a stay.

14       Directs and Indirect Purchaser Plaintiffs' ("Indirects")[1] discovery proposals, as outlined in
15  their Opposition Memoranda, compromise the integrity of the criminal justice system and unduly
16  prejudice Defendants' ability to defend themselves in ongoing criminal proceedings.  The core
17  reason is that the adversarial system's "rules of the game," as they pertain to the exchange of
18  evidence, are very different in criminal investigations and civil litigation.  The criminal system
19  strikes a specific balance between the enhanced investigative techniques available to the
20  government (*e.g.*, search warrants, grand jury proceedings, wiretapping) and the limitations on its
21  ability to collect evidence (*e.g.*, constitutional limitations, jurisdictional limitations on foreign
22  discovery, and the absence of traditional discovery).  Civil discovery upsets that balance.  In
23  practice, it allows the government to supplement its normal investigatory powers with much more
24  information than criminal procedure provides, without the targets of the investigation having any
25  reciprocal rights of discovery against the government.  Those Defendants who are subject to the

---

[1] The Hagens Berman indirect purchaser plaintiff group filed an individual Opposition, and while the other groups filed joinders in the Directs' Opposition.  Additionally, since the filing of the Oppositions, this Court has appointed Hagens Berman as interim lead counsel for the Indirects.  Accordingly, Defendants refer to Hagens Berman and the entities it represents as the "Indirects."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LA\2105591.4

2

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

1  ODD investigation should be given the opportunity to defend themselves under the normal rules
2  of the game, unhindered by concerns of how their responses to civil discovery could be used
3  against them in a criminal prosecution, or how their participation in that process will impact the
4  pending civil suit.  Those Defendants who are not subject to the ODD investigation, particularly
5  foreign entities, should not be subjected to a civil discovery process that would afford the
6  government access to substantially more information than it is entitled to via a grand jury.
7       The race to the courthouse that caused these cases to be filed so quickly after news of the
8  grand jury investigation justifies neither pre-complaint discovery nor interference with the grand
9  jury investigation.  The Department of Justice is correct that the normal and proper course in
10 parallel criminal-civil proceedings such as these is for civil discovery to be stayed to the extent it
11 overlaps with merits issues.  The Motion to Stay should be granted and all other discovery
12 issues—including the appropriate timing and scope of the discovery that may proceed—should be
13 addressed and resolved by the parties during the normal Rule 26(f) conference and procedure.

14 **II.   PLAINTIFFS' REQUEST FOR IMMEDIATE DISCOVERY IS PREMATURE.**

15      The issue raised by the DOJ's Motion to Stay is whether discovery should be suspended
16 for the next twelve months.  In their Opposition briefs and Proposed Orders, Plaintiffs sneak in an
17 affirmative request to open discovery immediately and order the production of all documents
18 produced in response to ODD grand jury subpoenas.  (Directs Opp., Doc #90 at 25; Indirects
19 Opp., Doc #88 at 2-3.)  That is a separate issue as to which Defendants certainly ought to be
20 heard.  Regardless of whether the Court grants the DOJ's Motion to Stay or not, this Court should
21 reject Plaintiffs' attempt to obtain what is tantamount to pre-complaint discovery.  Instead, when
22 and if discovery commences, the parties should follow the normal process contemplated by the
23 Federal Rules of Civil Procedure.
24      This case is not yet at issue.  There is not even a real complaint.  Directs will not be filing
25 their Consolidated Amended Complaint until August 5, 2010, and there is not yet a deadline for
26 Indirects to file theirs.  Instead, the parties have only a number of soon-to-be superseded
27 complaints that present a mishmash of named Defendants and contain vague allegations of
28 different types of conduct, different types of price-fixed products, and involve vastly different

LATHAM&WATKINS LLP  LA\2105591.4
ATTORNEYS AT LAW
SAN FRANCISCO
3
DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

relevant time periods.  Indeed, at this point in the litigation, Plaintiffs' claims are so undefined that the parties cannot reasonably determine what the proper scope of discovery should be.

The question of whether there ought to be discovery prior to the filing of a consolidated amended complaint comes up frequently in antitrust class actions, and the usual answer is "no." Judge Armstrong denied the plaintiffs' nearly identical push for grand jury documents in the *In re Flash Antitrust Litigation*:

> Allowing discovery before the filing of the amended consolidated complaints does not allow us to know who the parties are or what their claims may be. While many of the numerous named defendants in the various complaints overlap, they are not identical. We do not know at this time what defendants will ultimately be included in the consolidated complaints. . . . The same is true of the plaintiffs' potential claims - with no operative complaint at this time, there are no claims by which relevance of requested discovery may be measured under Rule 26(b).

*In re Flash Memory Antitrust Litigation*, Case No. C 07-0086 SBA, 2008 WL 62278, at *4 (N.D. Cal., Jan. 4, 2008).  The *Flash* court also noted that "Rule 26(b)'s phrase 'relevant to any party's claim or defense' clearly ties discovery to the parties' pleadings.  Discovery in the absence of any operative pleading . . . does not fit easily within the framework established by the Federal Rules." *Id.* at *5.[2]

Plaintiffs in these cases are increasingly making the argument that they need pre-complaint discovery to meet their pleading burdens under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  *See* Plaintiff's Notice of Motion and Motion for Summary Judgment, filed on April 29, 2010 in the related action *Lieff, Cabraser, Heimann & Bernstein, LLP v. U.S. Dept. of Justice*, 3:10-cv-00013-VRW, Doc #16 at 12-14 (arguing plaintiffs need disclosure of the ODD grand jury subpoenas in order to survive "impending *Twombly* motions" in this action and that "[t]he DOJ subpoenas will help plaintiffs in their investigation,

---

[2]     Additionally, discovery may not occur since the parties have not yet held their Rule 26(f) conference.  Federal Rule of Civil Procedure 26(d) bars a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)."  Fed. R. Civ. Proc. 26(d); *see also Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005) ("By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f).").  At the last Case Management Conference, the Court (without objections by any party) set a schedule that the parties have up to and until August 19, 2010 to hold a Rule 26(f) conference.

LATHAM&WATKINS LLP  LA\2105591.4
ATTORNEYS AT LAW
SAN FRANCISCO
4
DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

drafting of pleadings, and targeting of discovery."). Plaintiffs make that argument here, but it has no merit. (Directs Opp., Doc #90 at 11; Indirects Opp., Doc #88 at 1.) The need to plead facts indicating a conspiracy, rather than just bare legal conclusions, is not a license for private plaintiffs to fish through documents looking for a claim before they have a good faith basis to plead what the Federal Rules require. Nor is the mere pendency of a grand jury investigation a substitute for the Rule 11 foundation required to file a complaint. An investigation does not imply guilt, either in theory or in practice. Many of the recent price-fixing grand jury investigations in this District, including the investigations into the SRAM, Flash and GPU industries, were closed without any guilty pleas or indictments. *See, e.g., In re Graphics Processing Units Antitrust Litigation*, 253 F.R.D. 478, 482 (N.D. Cal. 2008) ("Ultimately, the DOJ dropped its investigation without filing any indictments"). Frankly, if Plaintiffs cannot properly plead a claim without discovery first, they had no right to file suits in the first place.

Thus, before even addressing the merits of the DOJ's Motion to Stay, this Court should reject Plaintiffs' furtive attempt to obtain pre-complaint discovery through their Oppositions to the pending Motion.

### III. THIS COURT SHOULD GRANT THE GOVERNMENT'S MOTION TO STAY DISCOVERY.

This Court also should stay discovery along the terms outlined in the Motion to Stay and Proposed Order.

As noted above, the DOJ focuses on the prejudice to the government and its investigation caused by parallel civil proceedings. Understandably, the government does not focus on the possible negative effects of commencing civil discovery on Defendants. Plaintiffs' Oppositions either state that their proposed discovery plan would not prejudice Defendants at all (Indirects Opp., Doc #88 at 7), or presumptuously claim that *the stay* would prejudice Defendants by hindering their ability to reach early settlements with Plaintiffs (Directs Opp., Doc #90 at 15).[3]

---

[3] While Directs claim that the "loss or destruction of evidence during the stay would irreversibly prejudice Plaintiffs," (Directs Opp., Doc #90 at 7), they offer no basis for believing that would happen in this case, nor can they point to any examples of lost evidence (US or foreign) in any of the other cases where stays were granted.

LA\2105591.4

5

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

Forcing Defendants into settlement early because of the "threat of discovery expense will push cost-conscious defendants to settle even anemic cases" is inimical to the requirement that the plaintiffs must have an operative complaint on file that pleads a plausible conspiracy. *See Twombly*, 550 U.S. at 559. Neither the government nor Plaintiffs acknowledge the burden to Defendants and the serious implications to the judicial system of permitting civil discovery in the face of a parallel criminal investigation—factors which weigh in favor of a stay of discovery under *Federal Savings and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989).

Allowing unfettered civil discovery to proceed while a criminal investigation is underway upsets the balance of rights and burdens of the criminal justice system. The DOJ claims some harm to itself from this, because Defendants learn some things that prosecutors are ordinarily able to keep secret. But the harm to Defendants is far greater. For example, compelling companies to immediately turn over all documents produced in the government's investigation has the perverse effect of punishing those companies that have been cooperating in any way with the government. It creates a disincentive to cooperate with the government, and rewards companies that do not. Additionally, civil discovery allows prosecutors to supplement the limited amount of information available under criminal investigative procedures with the nearly unlimited information accessible through civil discovery. *See* Note: *Using Equitable Powers to Coordinate Parallel Civil and Criminal Actions*, 98 Harv. L. Rev. 1023 (1985). Prosecutors have some unique, far-reaching information-gathering resources at their disposal, such as the ability to issue search warrants, compel grand jury testimony, offer immunity in exchange for cooperation, and so forth. But they have limitations as well. They cannot conduct depositions of company employees. They cannot propound interrogatories or requests for admissions, or otherwise compel a party to reveal its theories of the case and defenses. They cannot obtain documents outside the United States without careful adherence to Mutual Legal Assistance Treaties ("MLATs") and other laws. They must strictly adhere to the Constitution or lose the use of evidence they obtain. The defense of criminal actions is conducted within the bounds of these rules, which have been developed and refined over a long time and ought not lightly be swept aside.

/ / /

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LA\2105591.4

6

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

Without a stay of civil discovery, prosecutors may demand, by grand jury subpoena, the full civil discovery file, much of which is made up of documents and information that would otherwise be beyond the proper scope of criminal discovery.  This is the precise situation currently faced by certain foreign defendants in the *In Re TFT-LCD (Flat Panel) Antitrust Litigation*, pending in this District.  Although discovery was stayed in that case at least until the filing of defendants' motions to dismiss, thereafter foreign defendants were forced to produce documents and other information, including deposition testimony, in response to civil discovery by plaintiffs.  The DOJ sought and obtained access to documents and information generated in civil discovery, and is now seeking copies of such documents and information for use before the grand jury.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M:07-1827-SI, 2007 WL 2782951, at *2 (N.D. Cal. Sept. 25, 2007) (permitting the United States "to review (but not copy) all discovery produced by any party, including deposition transcripts and responses to interrogatories and requests for admissions."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M:07-1827-SI, 2010 WL 1264601, at *2 (N.D. Cal. Mar. 29, 2010) (refusing to permit grand jury to "subpoena foreign-based documents that would otherwise be outside the geographic scope of its subpoena power, but that are located in the United States by virtue of the civil discovery in a related MDL proceeding"); *see also* Mike Scarcella, *DOJ Presses Law Firms in LCD Probe*, The National Law Journal, May 10, 2010 (describing the Government's continuing efforts in the *Flat Panel* action to obtain copies of documents produced by foreign defendants in the civil action for use in the grand jury proceedings).  That approach has led to the expenditure of considerable resources litigating "sideshow" issues, is fundamentally unfair in a setting where defendants have no reciprocal discovery rights against the government and its witnesses, and potentially also is a violation of principles of international comity.

Civil discovery during a pending criminal investigation also prejudices the Defendants because Defendants' employees will be pressured to invoke their Fifth Amendment privilege against self-incrimination.  So long as they face even a threat of criminal prosecution, an individual is almost certainly going to invoke his or her right not to testify.  That puts the individual's employer in a difficult position defending civil cases.  It cannot force an employee to

LATHAM&WATKINS LLP   LA\2105591.4
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

1  put himself at risk by testifying to anything that might be used by the prosecutor against the
2  individual.  Indeed, most employees subject to prosecution get separate counsel who can be
3  counted on to advise the employee against saying anything that might waive Fifth Amendment
4  protections.  Yet, for a corporation, the testimony of its employees is integral to a strong civil
5  defense.  Further, if an employee invokes his Fifth Amendment right, an adverse presumption
6  could adhere against the company in the civil litigation.  *See Nationwide Life Ins. Co. v. Richards*,
7  541 F.3d 903, 911-12 (9th Cir. 2008) ("When a party asserts the privilege against self-
8  incrimination in a civil case, the district court has discretion to draw an adverse inference from
9  such assertion").  It is not fair for the civil litigation to proceed while the defendant has an arm
10 tied behind its back.  *See, e.g.*, *Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*,
11 225 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2002) (ordering stay of discovery as to corporate
12 defendant because, while corporations do not have a Fifth Amendment privilege against self-
13 incrimination, corporate defendant would be prejudiced by having to defend itself without the
14 assistance of employees who have invoked their Fifth Amendment privilege).

15       A stay of discovery pending the conclusion of the ODD investigation resolves these issues.
16 It allows those Defendants that actually are under investigation to defend themselves pursuant to
17 the Federal Rules of Criminal Procedure.  It then allows the civil litigation to proceed as a fair
18 fight.

19       The Directs ignore these issues altogether and want essentially unfettered discovery.  The
20 Indirects' proposal for limited discovery is less extreme, in that it implicitly accepts that
21 depositions of the parties should be stayed, but it still presents potential problems.  Even
22 production of the existing collection of ODD grand jury documents to Plaintiffs is not cost- or
23 prejudice-free, as suggested.  Document production in criminal and civil cases proceeds quite
24 differently.  There is no meaningful ability to object to the scope of a grand jury subpoena.  By the
25 same token, many companies agree to voluntarily produce documents to the government upon
26 request, for a variety of reasons.  Consequently, the documents produced to a grand jury will
27 typically include many items that a civil plaintiff could not obtain.  As Judge Alsup recognized in
28 *In re GPU*:

LATHAM&WATKINS LLP   LA\2105591.4
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

> It is true that the discovery sought at this time is the same discovery already gathered, assembled, and produced to the government. Therefore, the incremental cost to produce a duplicate set to plaintiffs' counsel would be minor in the overall picture. Still, there would be the issue of various objections (based, for example, on employee privacy) that might be assertable against plaintiffs that were unasserted against the government. Defendants would be entitled to interpose possibly valid objections that would take time to evaluate.

*In re Graphics Processing Units Antitrust Litig.*, Case No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal., Jul. 24, 2007). This time-consuming process of determining whether and to what extent there might be issues that prevent the wholesale production of the grand jury documents diverts valuable resources and focus away from the ODD Investigation at a critical time.

As for the Indirects' proposed depositions of customers and suppliers, whether those impinge on the grand jury investigation depends on how broadly one views "class certification discovery." As Plaintiffs acknowledge, class certification discovery routinely overlaps with merits-related issues concerning affected customers, distribution, and pricing. For example, the appropriateness of class certification depends on the nature of the underlying claim: are Plaintiffs alleging an industry-wide price-fixing conspiracy that affected every direct or indirect purchaser of any device that contains an ODD,[4] or will they seek and claim to present evidence of more targeted customer price fixing or bid rigging? These issues will invariably invade the depositions of Defendants' customers and suppliers that Indirects propose. Indeed, Indirects offer no justification for this third party discovery. Class counsel purport to represent virtually all ODD customers (in fact, customers going far beyond those who purchase ODDs alone). If the putative class members conclude that it will advance their interests, they are free to provide discovery to putative class counsel. Plaintiffs should not require customer discovery. That said, Defendants can work with a stay that carves out class certification discovery, as the DOJ and Indirects essentially propose. The details of where one draws the line can be most effectively worked out in the normal meet-and-confer process.

---

[4] Plaintiffs' definition of ODDs includes "any products that contain ODDs," a vastly overbroad collection of products that includes personal and laptop computers, sound systems, video recorders, game consoles and even automobiles, even though the ODD may be just a trivial component in a $3,000 sound system.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LA\2105591.4

9

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

1   This Court should reject Plaintiffs' arguments for proceeding with immediate discovery
2   and order the stay of discovery advocated in the Motion to Stay.

3   **IV.   CONCLUSION**

4   Accordingly, Defendants respectfully request that this Court stay discovery along the
5   terms identified in the DOJ's Motion to Stay and accompanying Proposed Order.  Any issues as to
6   the timing or scope of discovery that is permitted to proceed should be addressed and resolved in
7   the normal course.

8   DATED:  June 10, 2010                    Respectfully submitted,

9                                             LATHAM & WATKINS LLP
                                                Daniel M. Wall
10                                              Belinda S Lee
                                                Casandra L. Thomson
11

12                                            By:   /s/ Belinda S Lee
                                              Belinda S Lee
13                                            Attorneys for Defendants Toshiba Corporation and
                                              Toshiba Samsung Storage Technology Corporation
14

15                                            *(Additional Moving Parties, Counsel, and
                                              Attestation of Filing continued on following page)*

LATHAM&WATKINS‷ LA\2105591.4
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS' RESPONSE TO OPPOSITIONS TO
MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW

| | |
|---|---|
| RAMSEY & EHRLICH LLP | HOWREY LLP |
| By  /s/ Ismail Jomo Ramsey<br>Ismail Jomo Ramsey<br>Attorneys for Defendant Hitachi LG Data Storage, Inc. | By  /s/ James G. Kress<br>James G. Kress<br>Attorneys for Defendants Koninklijke Philips Electronics N.V. and Philips Lite-On Digital Systems, U.S.A. |
| DAVIS POLK & WARDWELL LLP | DLA PIPER LLP (US) |
| By  /s/ Christopher B. Hockett<br>Christopher B. Hockett<br>Attorneys for Defendants LG Electronics, Inc. | By  /s/ David H. Bamberger<br>David H. Bamberger (*pro hac vice*)<br>Attorneys for Defendant TEAC America, Inc. |
| O'MELVENY & MYERS LLP | BOIES SCHILLER & FLEXNER LLP |
| By  /s/ Ian Simmons<br>Ian Simmons (*pro hac vice*)<br>Attorneys for Defendant Samsung Electronics Co., Ltd. | By  /s/ John F. Cove, Jr.<br>John F. Cove, Jr.<br>Attorneys for Defendant Sony Corporation, Sony Optiarc, Inc. and Sony Optiarc America, Inc. |

## ATTESTATION OF FILING

Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Belinda S Lee, hereby attest that concurrence in the filing of this Reply has been obtained from Defendants Hitachi LG Data Storage, Inc., Koninklijke Philips Electronics N.V., Philips Lite-On Digital Systems, U.S.A., LG Electronics, Inc., Samsung Electronics Co., Ltd., Sony Corporation, Sony Optiarc, Inc., Sony Optiarc America, Inc., and TEAC America, Inc. that have provided conformed signatures above.

By:     /s/ Belinda S Lee
Belinda S Lee
Attorneys for Defendants Toshiba Corporation and Toshiba Samsung Storage Technology Corporation

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2105591.4

11

DEFENDANTS' RESPONSE TO OPPOSITIONS TO MOTION FOR STAY OF DISCOVERY
Case No. M:10-cv-02143-VRW