SIDNEY A. MAJALYA (CSBN 205047)
LARA M. KROOP (CSBN 239512)
MANISH KUMAR (CSBN 269493)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA  94102
Telephone:  (415) 436-6660
Facsimile: (415) 436-6687
Email: Sidney.Majalya@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates to All Cases. | MDL Docket No. M:10-2143 VRW<br><br>Date:  June 24, 2010<br>Time:  10:00 a.m.<br>Court:  Hon. Vaughn R. Walker |

**UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR A LIMITED STAY OF DISCOVERY**

## I. Introduction

In an effort to prevent interference with a closely related criminal antitrust investigation, the United States seeks a limited stay of discovery in the above-captioned matter. The limited stay would remain in effect for one year, at which time the government would report to the Court on the status of the grand jury investigation. The government expects that the proposed stay would be lifted as to document discovery after one year and that full discovery would commence sometime thereafter, as permitted by the Court. The government also seeks to stay discovery relating to grand jury proceedings and communications with the government for the duration of the grand jury investigation and any resulting criminal trials.

Contrary to Direct Purchaser Plaintiffs' contention in their Opposition that the stay the government seeks is of "unnecessary breadth" (*See* Direct Purchaser Plaintiffs' Memo of Points & Authorities in Opp'n ("Directs' Opp.") at 1, Doc. #90), the stay requested by the government is limited in scope, narrowly tailored, and within the range of the stays entered by other courts in this District. Moreover, the position taken by Direct Purchaser Plaintiffs in advocating no stay at all is at odds with the position taken by the government, Defendants, and Indirect Purchasers. To be sure, Indirect Purchasers seek a more narrow stay than that advocated by the government, but Indirect Purchasers recognize that a stay of some sort is appropriate under the circumstances.[1] *See* Plaintiff Wagner's Response to United States' Motion ("Indirect's Rsp.") at 2-3, Doc. #88.

The government's proposed stay seeks to limit the impact on civil litigants while protecting the public's interest in preserving the integrity of the grand jury. The proposed stay deals with three distinct areas of discovery: document discovery; testimonial discovery, *e.g.*, depositions and interrogatories; and discovery related to grand jury proceedings and

---

[1] Prior to the filing of the government's Reply, the Court issued an Order appointing the Hagens Berman firm as interim class counsel for the indirect purchaser plaintiffs. *See* Order Appointing Interim Class Counsel for Indirect Purchasers (June 4, 2010), Doc. #96. Before this Order, two other firms vying for the interim class counsel position filed papers responsive to the government's motion for a stay. *See* Doc. #87, #90. For purposes of its Reply, the government has focused on Direct Purchaser Plaintiff's Opposition (Doc. #90) and the Hagens Berman Response filed on behalf of Indirect Purchaser Aaron Wagner (Doc. #88).

United States' Reply
M:10-2143 VRW

- 1 -

communications with the government. *See generally* USA's Proposed Order, Doc. #68-2. In attempting to limit the impact on Plaintiffs, the proposed stay also provides for wide swaths of discovery that can commence immediately, subject to the Federal Rules of Civil Procedure ("FRCP") and any other directive of this Court. *Id.*

## II. Argument

### A. Direct Purchasers' Position Demanding That No Stay Be Issued Is Extreme

#### 1. Direct Purchasers' Are Outliers Among the Participants in This Litigation

Of the four parties to this matter, only the Direct Purchasers are advocating the position that the Court should issue no stay in this matter. That position is at odds with their fellow plaintiffs who advocate a stay on some depositions and on some communications with the government, and is clearly at odds with the government's and the Defendants' position vis-a-vis a stay.

Indirect Purchasers oppose the stay proposed by the government, but acknowledge that a stay is appropriate for the following categories of discovery:

> (a) "**No depositions** may be taken" (except depositions of Defendants' customers and suppliers). *See* Indirect's Proposed Order at ¶ 5, Doc. #88-1 (emphasis added);
>
> (b) There is no prohibition on "the service of **interrogatories, requests for admissions, requests for production of documents** and **deposition notices**." However, "to the extent that such discovery requires the production or responses to such discovery **it is hereby stayed for a period of twelve months** from the filing of the consolidated complaint." *Id.* at ¶ 7 (emphasis added); and
>
> (c) "**No questions** may be asked at any deposition **about the grand jury proceedings** or the **witness' testimony**, if any, **before the grand jury or communications with the United States**

United States' Reply
M:10-2143 VRW

- 2 -

1                 **relating to the grand jury proceedings.**" *Id.* at ¶ 5 (emphasis

2                 added).

3        Indirect Purchasers' proposed stay does not address all of the concerns raised by the

4 government, but, unlike Direct Purchasers' position, Indirect Purchasers' proposal is more

5 measured and calibrated in light of both the circumstances of this case and similar cases litigated

6 in the Northern District.

7           2. <u>Direct Purchasers' Position on a Stay Is an Outlier in the Northern District</u>

8        Direct Purchasers' position demanding that no stay be issued is at odds with every

9 antitrust case in the Northern District of California in which the Antitrust Division of the

10 Department of Justice has sought a stay of discovery since 2004. In the four cases in which the

11 Division has sought a discovery stay, the court has granted the government's request at least in

12 part: the dynamic random access memory ("DRAM"), static random access memory ("SRAM"),

13 liquid crystal display ("TFT-LCD"), and cathode ray tube ("CRT") civil cases. *See* USA's

14 Memo of P&A, Exhibits 1 - 4, Doc. #68-1.

15        As discussed in the government's opening brief, in DRAM and SRAM, orders were

16 entered that stayed interrogatory and deposition discovery (the DRAM order stayed discovery

17 until completion of the grand jury investigation). *Id.* at 3. In the two most recent cases, the stays

18 that have been entered have been more expansive. In TFT-LCD, the stay that was entered

19 covered virtually all discovery for an indefinite period of time. *Id.* In its Order, the Court also

20 scheduled a discovery status conference to be held eight months later. *Id.* In the CRT matter, a

21 stipulated stay was approved by the Court that again stayed virtually all merits discovery for an

22 initial six-month period. *Id.* at 3-4. The CRT stay has subsequently been extended, with

23 document discovery being stayed for approximately eighteen months. *Id.* The CRT stay also

24 foreclosed discovery relating to grand jury proceedings and communications with the

25 government for the "pendency of the grand jury proceedings and any resulting criminal trials."

26 *See id.*, Exhibit 4, Doc. #68-1 (*In re: CRT Antitrust Litigation*, No. CV-0705944 -SC (N.D. Cal.),

27 Stipulation and Order to Extend Limited Discovery Stay (January 5, 2010), at 2.).

28 United States' Reply
M:10-2143 VRW

- 3 -

1  Each provision of the government's proposed stay, including the time period, falls within
2  the parameters of at least one of the stays entered in the four matters discussed above. The
3  proposed stay, based on the unique facts of this case, sets a stay of document discovery, per TFT-
4  LCD and CRT, a stay of depositions and interrogatories, per DRAM, SRAM, TFT-LCD, and
5  CRT, and a stay on discovery relating to grand jury proceedings and communications with the
6  government, per DRAM, TFT-LCD and CRT.

### B. The Requested Stay Is Carefully Limited in Scope and Duration Based on the Facts and Circumstances of This Case

Courts look to the "particular circumstances and competing interests involved in the case" to determine whether to grant a stay. *Federal Savings and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). The government follows this same principle when determining whether to seek a stay and, if so, the terms of the proposed stay.

Direct Purchaser Plaintiffs claim that the "DOJ sets forth a boilerplate recitation . . . of adverse consequences," and characterize the concerns about civil discovery raised by the government as "misplaced, speculative and unfounded." *See* Direct's Opp. at 1. Plaintiffs make this statement with full knowledge that the government has submitted an under-seal declaration in support of its motion to the Court. The government has stated a factual basis for its request for a limited stay in the Under Seal Declaration of Sidney A. Majalya ("Majalya Decl."). *See* Majalya Decl. Doc. #98. The facts elucidated in the Majalya Declaration bear directly on the harms about which the government is concerned. *See* Majalya Decl. at ¶¶ 15-25. For the reasons explained in the Majalya Declaration, the government is proposing a twelve-month stay on what is essentially "merits-related" discovery.[2] *See* Majalya Decl. While this request is unique to the

---

[2] Indirect Purchasers argue that the period of the government's proposed stay is "indefinite" and the Court should deny the stay on that basis. *See* Indirect's Rsp. at 5. However, the proposed stay is no more indefinite than that ordered by Judge Illston in TFT-LCD. *See* Exhibit 3 to USA's Memo of P&A, Doc. #68-1(*In re: TFT-LCD Antitrust Litigation*, No. M-07-1827 SI (N.D. Cal.), Order Granting United States' Motion to Stay Discovery (September 25, 2007), at 2. (Order staying virtually all discovery "[u]ntil further order of the Court.")).

United States' Reply
M:10-2143 VRW

- 4 -

facts of this case, similar stays have been entered in the DRAM, SRAM, TFT-LCD, and CRT civil cases. *See* USA's Memo of P&A, Exhibits 1 - 4, Doc. #68-1.

The stay proposed by the government here is most analogous to the stay stipulated to by the parties and entered by the Court in CRT.[3] The length of the requested stay is longer than that originally requested in CRT. However, the length of the requested stay closely tracks what has actually happened in the CRT matter. The parties in CRT have stipulated to no fewer than three extensions and, in doing so, have stayed discovery (to varying degrees) for a period approaching 24 months (with document discovery being stayed for a total of eighteen months). *Id.* at Exhibit 4. In addition, language in the proposed stay relating to the prohibition on discovery relating to grand jury proceedings and communications with the government comes directly from the stipulated stay in CRT. *Id.* The parties there agreed to forgo discovery of such communications. Plaintiffs have not articulated any rationale as to why they stipulated to a stay on discovery of such communications in the CRT matter, but cannot do so here. The government, consistent with its position in CRT, believes that these categories of discovery are potentially damaging to the government's ability to prosecute cases effectively, are unnecessary for the effective prosecution of the civil litigation, and should be off limits.

The stay proposed by the government specifically includes "translations produced to the United States" as part of the definition of "communications with the United States." *See* [Proposed] Order Granting the United States' Motion for a Limited Stay of Discovery (Doc. #68-2). This explicit reference to translations follows Judge Illston's Order in the TFT-LCD civil cases, holding that translations produced to the government fall within the definition of "communications with the United States." *See In re: TFT-LCD Antitrust Litigation*, No. CV-07-1827-SI (N.D. Cal.), Order Granting in Part and Denying in Part Direct Plaintiffs' Objections to

---

[3]Many of the counsel representing plaintiffs in this civil litigation represent plaintiffs in the CRT civil litigation and are signatories to the stipulation to stay discovery there, including lead counsel for Direct Purchaser Plaintiffs, Saveri & Saveri Inc.

United States' Reply
M:10-2143 VRW

- 5 -

Special Master's Report and Recommendation Regarding Translations; Adopting Report and Recommendation (January 21, 2010) (Doc. #1493).

### C. Direct Purchaser Plaintiffs Fail To Give Any Weight to What Should Be a Critical Factor in Deciding Whether To Issue a Stay

Under the fifth *Molinaro* factor, a critical factor in deciding whether to issue a stay is the interest in protecting the criminal investigation. *See Molinaro*, 889 F.2d at 903. Plaintiffs fail to give any weight to the public's interest in effective criminal enforcement. As stated in the government's opening brief, the DOJ's and the public's interest in a stay are twofold: "(1) to ensure that the liberal discovery laws under civil cases are not improperly used for criminal discovery; and (2) to ensure that information gathered by the government and presented to the grand jury is not disclosed." *See* USA's Memo of P&A at 7. In fact, the interest of the government in protecting its criminal investigation should be afforded great weight. *See Bureerong v. Uvawas*, 167 F.R.D. 83, 86-87 (C.D. Cal. 1996). In light of that, and the well-established principle that it is in the public interest that prosecution of a criminal case is entitled to precedence over the rights of civil litigants when application of liberal discovery rules would circumvent the more limited rules of criminal discovery, a limited stay of discovery is justified. *See Osband v. Woodford*, 290 F.3d 1036, 1042-43 (9th Cir. 2002) (quoting *McSurely v. McClellan*, 426 F.2d 664, 671-72 (D.C. Cir. 1970) ("[C]ivil discovery may not be used to subvert limitations on discovery in criminal cases, either by the government or by private parties."); *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.").

Direct Purchaser Plaintiffs brush aside the government's concerns and state summarily that prosecution of the civil case will not hinder the DOJ's investigation. *See* Direct's Opp. at 18. The government's concern that liberal civil discovery rules will be used to circumvent the criminal discovery rules is not a "hypothetical parade of horribles." *Id.* Plaintiffs know full well

that the full discovery requirements under the FRCP would result in Defendants receiving documents and other information from codefendants that have a direct bearing on the criminal investigation. Assuming the Defendants in question are subjects of the criminal investigation, they would reap the benefits of civil discovery at the expense of the government's criminal investigation. Under the Federal Rules of Criminal Procedure, subjects of the investigation would not be entitled to any discovery pre-indictment. *See* Fed. R. Crim P. 16. Furthermore, depositions are not generally permitted under the criminal rules even after indictment. To the extent any Defendant is permitted to take depositions in the civil case that bear on the criminal investigation, that Defendant would be receiving a benefit not permitted to them under the criminal rules. A limited stay of discovery would, for the time being, prevent Defendants from taking civil discovery and would permit the government to push its criminal case forward.

It is purely speculative to assume, as Plaintiffs do, that Defendants are already sharing documents and other information (*See* Direct's Opp. at 18), but it is a certainty that Defendants will get each other's documents and other information through civil discovery. Defendants have interests that vary. Some will no doubt enter into joint defense agreements, but others may wish to cooperate with the government. Cooperators, in an effort to get the most benefit from their cooperation, would likely decline to share documents with their fellow Defendants, opting instead to offer the documents to the government as part of their cooperation.

### D. A Criminal Conviction Would Aid Plaintiffs

Direct Purchaser Plaintiffs argue that "tethering" the civil case to the criminal case in this matter is unfair. *See* Direct's Opp. at 12. This argument is fundamentally flawed, given the fact that the cases brought by Plaintiffs postdate and, in fact, stem directly from the grand jury investigation looking into anitcompetitive activity in the optical disk drive market. Regardless, it is undeniable that a criminal conviction, whether reached by plea agreements or trial, would benefit civil plaintiffs. Granted, the grounds upon which a defendant's conviction stand might be narrower than the allegations in a civil suit, but, as to the portions of the case that are in parallel, civil plaintiffs would not have to prove liability.

United States' Reply
M:10-2143 VRW

- 7 -

### E. Discovery Relating to Overseas Documents

Direct Purchaser Plaintiffs argue that they have the ability, through discovery, to obtain documents outside the United States and therefore outside the government's subpoena power. *See* Direct's Opp. at 14. Regardless of the reach of Plaintiffs' civil discovery powers, the government's requested stay would cover discovery outside the United States. The government believes that documents and other evidence relevant to its investigation do exist outside the United States. The government's interest in preventing premature discovery from moving forward on evidence outside the United States is as compelling as the case for documents inside the United States. In fact, given the nature of international cartel cases, evidence located outside the United States is often more important than evidence located within the United States.

### F. Civil Discovery Threatens the Integrity of the Grand Jury

Were the Court to adopt the position advocated by Direct Purchaser Plaintiffs regarding a stay, the integrity of the grand jury process would be threatened. The probability of Plaintiffs and Defendants deposing witnesses and asking questions that go to the heart of what the grand jury is investigating is quite high. *See* Majalya Declaration at ¶ 38. Witnesses could be asked a range of questions that could reveal whom the grand jury is targeting and what questions the grand jury has been asking certain witnesses. The requested stay would prevent these types of inquiries and would serve to protect the grand jury process. Plaintiffs have articulated no reason why such questioning should not be foreclosed, given that questions relating to the substance of what any particular witness actually knows or has personally done are perfectly acceptable.

////
///
///
///
///
///

United States' Reply
M:10-2143 VRW

- 8 -

### III. Conclusion

For the foregoing reasons and the reasons stated in the United States' previous filings relating to its Motion for a Limited Stay of Discovery, the United States respectfully requests that the Court order a limited stay of discovery as specified in the Proposed Order (Doc. #68-2), to be followed by staged discovery on a schedule to be determined pending a progress report by the United States to the Court.

Dated: June 10, 2010

Respectfully submitted,

/s/ Sidney A. Majalya
Sidney A. Majalya
Attorney, San Francisco Office
Antitrust Division
U.S. Department of Justice

United States' Reply
M:10-2143 VRW

- 9 -

**CERTIFICATE OF SERVICE**

I, Liliana C. Vallejo, certify:

That I am a citizen of the United States and employed by the United States Department of Justice, Antitrust Division, at 450 Golden Gate Avenue, Room 10-0101, San Francisco, California 94102; I am over the age of eighteen years; and I am not a party to the within action.

That, on June 10, 2010, I electronically filed with the Clerk of the United States District Court, Northern District of California, using its ECF system, the following documents:

**United States' Reply to Plaintiffs' Opposition to Motion for a Limited Stay of Discovery.**

Under N.D. Cal. Local Rule General Order 45, all parties appearing in this matter will receive an electronic copy of said filed documents.

I declare under penalty of perjury, under the laws of the United States of America, that the above is true and correct.

Executed on June 10, 2010 at San Francisco, California.

/s/ Liliana C. Vallejo
Liliana C. Vallejo