GIRARDI | KEESE
Thomas V. Girardi (36603)
tgirardi@girardikeese.com
Stephen G. Larson (145225)
slarson@girardikeese.com
Shahram A. Shayesteh (209775)
sshayesteh@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone (213) 977-0211
Facsimile (213) 481-1554

FILED
MAY 13 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
MAY 13 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for Indirect Purchaser Plaintiffs Christopher Johnson, Dennis McDavid, Sally O'Donaghue, Murray Miller and Andrew Crosby, on behalf of themselves and others similarly situated

[Additional Attorneys Appear on Signature Page]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | Case No. M:10-cv-02143 VRW<br>MDL No. 2143<br><br>**CLASS ACTION** |
| This Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | **THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASER CASES**<br><br>**FILED UNDER SEAL** |

**DOCUMENT SUBMITTED UNDER SEAL**

**(TO BE LODGED, NOT FILED)**

1

GIRARDI | KEESE
Thomas V. Girardi (36603)
tgirardi@girardikeese.com
Stephen G. Larson (145225)
slarson@girardikeese.com
Shahram A. Shayesteh (209775)
sshayesteh@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone (213) 977-0211
Facsimile (213) 481-1554

Attorneys for Indirect Purchaser Plaintiffs Christopher Johnson, Dennis McDavid, Sally O'Donaghue, Murray Miller and Andrew Crosby, on behalf of themselves and others similarly situated

[Additional Attorneys Appear on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | Case No. M:10-cv-02143 VRW<br>MDL No. 2143<br><br><u>CLASS ACTION</u><br><br>THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASER CASES<br><br><u>FILED UNDER SEAL</u> |
| This Relates To:<br><br>ALL INDIRECT PURCHASER CASES | |

## I. INTRODUCTION

Eighteen Indirect Purchaser Plaintiffs, represented by the undersigned 14 law firms, move for the Court to adopt an interim leadership committee for the Indirect Purchaser Cases, pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. The proposed committee, identified in this pleading as "the Larson Group" is comprised of six law firms: Girardi | Keese; Girard Gibbs LLP; Goldman Scarlato & Karon, PC; Browne Woods George LLP; Minami Tamaki LLP and Shapiro Haber Urmy LLP. Stephen G. Larson of Girardi | Keese is designated as the proposed Chair of the committee. Daniel C. Girard of Girard Gibbs LLP, is designated as the proposed Discovery Coordinator for the plaintiffs in the Indirect Purchaser Cases.

By Order dated May 7, 2010 (Dkt. No. 33), the Court directed that firms seeking appointment as interim lead counsel for the Indirect Purchaser Cases supplement their filings with an attorneys' fee proposal to assist the Court in evaluating each leadership motion. Pursuant to that Order, the undersigned firms submit the fee proposal set forth below in support of the Larson Group's leadership motion. This fee proposal considers the risks and expense of litigation against multiple defendants, many of whom are headquartered in Asia. The proposal is presented in a sliding scale format. Proposed fee percentages correspond to potential levels of a common fund recovery at one of four stages in the litigation: (1) from commencement of litigation through resolution of motions to dismiss; (2) from resolution of motions to dismiss through class certification (including Rule 23(f) appeals); (3) from class certification through the start of trial; and (4) from the start of trial through resolution of appeals. As explained below, this structure ensures adequate representation and the maximum potential recovery for the Indirect Purchaser Plaintiff Class at all key points in the litigation. *See, e.g., In re Quintus Sec. Litig.*, 148 F. Supp.2d 967, 970-72 (N.D. Cal. 2001).

## II. THE LARSON GROUP IS QUALIFIED TO SERVE AS CLASS COUNSEL FOR THE INDIRECT PURCHASER CASES

Rule 23 requires that the Court "must appoint the applicant best able to represent the interest of the class." Fed. R. Civ. P. 23(g)(2). Rule 23 also sets forth the factors the Court should consider in making its appointment. These factors include "counsel's experience in

1

THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS
COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASERS CASES
CASE NO. M:10-CV-02143 VRW

handling class actions, other complex litigation, and the types of claims asserted in the action" as well as "counsel's knowledge of the applicable law." Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii).

The current proposed leadership structure is similar to the structure set forth in the Proposed Leadership Order lodged with the Court on April 30, 2010, with two modifications. As in the prior submission, the current proposal includes Stephen G. Larson of Girardi | Keese as the proposed chair of the committee. Mr. Larson's firm filed the first Indirect Purchaser case, *Johnson v. Sony*, Case No. 10-cv-507, on February 4, 2010. Mr. Larson's cooperative efforts to manage the litigation since this initial filing are detailed in the Declaration of Stephen G. Larson filed on April 30, 2010 (Dkt. No. 17-1). His selection as Chair of the proposed committee enjoys broad support from the substantial majority of counsel in the Indirect Purchaser Cases.

In accordance with the Court's May 7, 2010 Order and to further the Court's goal of making discovery "less costly and burdensome" (*see* Dkt. No. 33, ¶ 14), the undersigned firms have selected Daniel C. Girard to serve as the Discovery Coordinator for the Indirect Purchaser Cases. Mr. Girard has practiced exclusively since 1987 in the areas of class action and complex litigation in cases involving securities, antitrust, corporate governance, partnership, civil rights and telecommunications. *See* Declaration of Daniel C. Girard filed April 30, 2010 (Dkt. No. 17-3) ("Girard Decl."), ¶ 3. Mr. Girard has prior experience managing discovery in complex litigation and efficiently managing electronic discovery. *See id.*, ¶ 4. The Larson Group will utilize Mr. Girard's expertise to develop an effective discovery plan and coordinate discovery with the Discovery Coordinator for the Direct Purchaser Cases (*see* Dkt. No. 33, ¶ 14) to avoid duplication, reduce discovery-related expenses and improve the potential recovery for the Indirect Purchaser Plaintiff Class.

The other firms that comprise the proposed Interim Leadership Committee are: Goldman Scarloto & Karon, PC (Cleveland, OH); Minami Tamaki LLP (San Francisco, CA); Brown Woods George LLP (New York City, NY and Los Angeles, CA); and Shapiro Haber & Urmy (Boston, MA). All of these firms present relevant antitrust and complex litigation

2

THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS
COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASERS CASES
CASE NO. M:10-CV-02143 VRW

experience, as well as geographic diversity. These are important considerations in indirect purchaser antitrust matters, such as this one, that assert claims on behalf of consumers under the antitrust laws of various states. Additionally, some firms, most notably Minami Tamaki LLP, have in-house capacity to read, speak and translate Asian languages, allowing for internal review of foreign language documents which may help to limit the need to incur translation expenses.

The qualifications and leadership experience of each of the firms included on the committee proposed by the Larson Group are described in materials collected and filed with the Majority Indirect Purchaser Plaintiffs' Response to Zelle Hofmann's Statement of Certain Indirect Purchaser Plaintiffs' Counsel Re: Appointment of Interim Class Counsel (Dkt. No. 17), and are incorporated by reference herein. As those materials reflect, the members of the Larson Group benefit not only from substantial experience prosecuting indirect purchaser antitrust actions such as the present action, but also from extensive experience conducting antitrust trials.

The proposed leadership structure no longer includes Hagens Berman Sobel Shapiro LLP. The Larson Group has been advised that the Hagens Berman firm intends to submit its own Rule 23(g) motion and attorneys' fee proposal. *See* Supplemental Declaration of Stephen G. Larson ("Supp. Larson Decl."), ¶ 3.

### III. THE LARSON GROUP'S ATTORNEYS' FEE AND EXPENSE PROPOSAL

In preparing the fee proposal set forth below, the undersigned counsel have not communicated with any other counsel for plaintiffs or defendants in these cases as to the substance or form of the proposal and have not had any discussions with other counsel for plaintiffs with respect to potential future work on the Indirect Purchaser Cases. *See* Supp. Larson Decl., ¶ 3.

The undersigned submit the following proposal for recovery of attorneys' fees and litigation expenses from a common fund recovery. The proposed fee percentages and expense limits, set forth in a sliding scale format below, correspond to potential levels of a common fund recovery achieved during one of four stages in the litigation: (1) from commencement of litigation through resolution of motions to dismiss; (2) from resolution of motions to dismiss

3

THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS
COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASERS CASES
CASE NO. M:10-CV-02143 VRW

through class certification (including Rule 23(f) appeals); (3) from class certification through the start of trial; and (4) from the start of trial through resolution of appeals.

The Larson Group's fee and expense proposal is appears below:

| TOTAL NET RECOVERY | STAGE I Commencement of litigation through resolution of motions to dismiss. | STAGE II From resolution of motions to dismiss through the class certification (including Rule 23(f) appeals). | STAGE III From class certification through the start of trial. | STAGE IV From the start of trial through resolution of appeals. |
|---|---|---|---|---|
| TIER I: $0 to $75,000,000 | 15% of recovery | 20% of recovery | 22.5% of recovery | 25% of recovery |
| TIER II: $75,000,001 to $150,000,000 | Plus 12.5% of any amount in this range | Plus 17.5% of any amount in this range | Plus 20% of any amount in this range | Plus 22.5% of any amount in this range |
| TIER III: $150,000,001 to $300,000,000 | Plus 10% of any amount in this range | Plus 15% of any amount in this range | Plus 17.5% of any amount in this range | Plus 20% of any amount in this range |
| TIER IV: Over $300,000,000 | Plus 7.5% of any amount in this range | Plus 12.5% of any amount in this range | Plus 15% of any amount in this range | Plus 17.5% of any amount in this range |
| Expense Cap: | $500,000 | $4,000,000 | $8,000,000 | $12,000,000 |

4

THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS
COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASERS CASES
CASE NO. M:10-CV-02143 VRW

The Larson Group proposes to cap its attorneys' fees at a multiplier of 2.5 times their lodestar. Thus, if the percentage award under the grid yields a multiplier of more than 2.5 times counsel's lodestar, then the application for attorneys' fees would be reduced by the difference.

In addition to the fee proposal set forth above, the Larson Group proposes to cap its recoverable litigation expenses at the amounts described above, based upon the stage in which the litigation is resolved. Any litigation expenses within the cap shall be paid in addition to any attorneys' fee award. Any litigation expenses in excess of the stated caps will be the responsibility of counsel and will not be charged to the class.[1] Expenses in antitrust litigation of this nature are substantial and are extremely difficult to budget, particularly at this early stage in the litigation. The Larson Group's proposal recognizes that expenses, including expert fees and translation costs, will range substantially depending upon the stage in which the litigation is resolved. The undersigned anticipate, based on past antitrust litigation experience, that expenses could well exceed the stated caps.

In making this fee proposal, the Larson Group has considered, among other things, counsel's evaluation of the claims and defenses likely to be asserted in this litigation, counsel's analysis of the optical disk drive market, the value of any potential recovery to the Indirect Purchaser Plaintiff class, potential procedural developments in the case (including the procurement of guilty pleas and/or cooperation by individual Defendants), the expense of litigation involving foreign Defendants, and the risks of prosecuting these complex antitrust cases on behalf of multi-state classes of Indirect Purchaser Plaintiffs. Specifically, to develop the attorneys' fee percentages and expense caps set forth above, the Larson Group analyzed publicly-available data regarding the worldwide market for optical drives, extrapolated from this data an estimated market for the U.S. markets in which the indirect purchasers are located,

---

[1] Unlike the bidding structure set forth in *Wenderhold v. Cylink Corporation,* 189 F.R.D. 570, 573 (N.D. Cal. 1999), this Court's May 7, 2010 Order calling for supplemental briefing "regarding attorneys' fees proposals from indirect plaintiffs' counsel," did not direct counsel's percentage-based fee proposals to include litigation expenses.

5

and estimated potential recoveries using assumptions regarding overcharge ranges consistent with amounts known to counsel who have prosecuted antitrust actions similar to this one. The attorneys' fee percentages and expense caps reflect both the relative efforts of counsel likely to be expended at various stages of the litigation.

The Larson Group believes this bid, in which the fee is based on a declining percentage-of-recovery and expenses are capped at each stage of the litigation, addresses the concerns articulated by several courts, including this Court in *In re Oracle Securities Litigation* and Judge Lewis Kaplan of the Southern District of New York in *In re Auction Houses Antitrust Litigation*. The bid endeavors to align the interests of Indirect Purchaser Plaintiffs and their counsel, encourages counsel to work efficiently to produce the maximum monetary recovery for the class, recognizes that recovery reflects attorney effort in addition to other factors, and guards against any incentive for a premature, cheap settlement.

In addition, counsel note that this proposal concerns fees and expenses to be paid from any common fund created for the benefit of the class. Counsel reserve the right to seek an award of fees and expenses to be paid by Defendants, subject to negotiation or court approval, under applicable fee-shifting statutes.

The undersigned counsel respectfully request that the terms of the fee proposal set forth below remain confidential during the pendency of the litigation (as was done by Judge Kaplan in the *In re Auction Houses Antitrust Litigation* case), to avoid the potential for the fee proposal to have an impact on the prosecution or defense of the litigation. The potential for prejudice to the Indirect Purchaser Plaintiffs by disclosure of this fee and expense proposal is especially significant, here, because neither the Direct Purchaser Plaintiffs nor the Defendants will be required to disclose similar information.

## IV. THE LARSON GROUP'S PROPOSED MECHANISMS TO REDUCE LITIGATION EXPENSES

In making this fee proposal, the Larson Group has considered the types of litigation expenses, including discovery-related costs, typically associated with complex, multi-district litigation. This case will involve discovery from a number of corporate entities, 12 of which are

6

THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS
COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASERS CASES
CASE NO. M:10-CV-02143 VRW

headquartered in foreign countries, and documentary evidence that may have been created or maintained in languages other than English and in multiple electronic formats. These factors present challenges – and the added expense – associated with retrieving, reviewing, archiving and translating foreign-language documents, and with deposing key witnesses, many of whom are likely to be overseas.

The parties have not engaged in a Rule 26(f) conference, and counsel for the Indirect Purchaser Plaintiff Cases are unaware of the potential volume of discovery, the location or accessibility of documentary evidence, or the identities of key witnesses. These uncertainties and the early stage of the litigation have factored in to the fee and expense proposal set forth above by the Larson Group.

The Larson Group will employ effective and efficient use of resources. To avoid duplication, minimize discovery expenses, and maximize the potential recovery for the Indirect Purchaser Plaintiff Class, the Larson Group proposes that the Court require that all parties sign on to a single protective order and electronic discovery protocol. The Larson Group also proposes that the Court require all parties to utilize a single document depository and a unified document identification system. The Larson Group proposes that the parties adopt translation procedures designed to produce a single translation of foreign-language documents for use by all parties to the litigation.

Additionally, the Larson Group proposes that the Court modify its May 7, 2010 Order to require the Discovery Coordinators for Plaintiffs in the Direct and Indirect Purchaser Cases to work together on a joint discovery plan that will address, among other things, a common deposition protocol, require depositions to be conducted jointly in both cases (when applicable), and require joint document requests, interrogatories and admissions with respect to issues common to both cases.

Finally, the Larson Group will utilize its Chair to monitor the time and expenses of counsel involved in the litigation. The Chair will require that all counsel who work on this case submit monthly time and expense reports, setting forth in detail any time spent or expenses incurred in the litigation. The required level of detail will enable the Chair to make sure that

7

THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS
COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASERS CASES
CASE NO. M:10-CV-02143 VRW

only assigned work is being performed, and that assignments are being staffed at the appropriate level.

DATED: May 13, 2009                Respectfully submitted,

GIRARDI | KEESE

BY: ____/s/ Stephen G. Larson_____

Thomas V. Girardi (36603)
Shahram A. Shayesteh (209775)
1126 Wilshire Boulevard
Los Angeles, CA 90017

Attorneys for Indirect Purchaser Plaintiffs: Christopher Johnson, Dennis McDavid, Sally O'Donaghue, Murray Miller and Andrew Crosby

Proposed Chair of the Interim Leadership Committee for Indirect Purchaser Plaintiffs

GIRARD GIBBS, LLP
Daniel C. Girard (114826)
Elizabeth C. Pritzker (146267)
601 California Street, Suite 1400
San Francisco, CA 94104

Attorneys for Indirect Purchaser Plaintiff: David Carney, Jr.

Proposed Discovery Coordinator for Indirect Purchaser Plaintiffs

BROWNE WOODS GEORGE, LLP
Michael A. Bowse (189659)
Eric Marc George (166403)
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067

8

THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS
COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASERS CASES
CASE NO. M:10-CV-02143 VRW

```
 1                    BROWN WOODS GEORGE, LLP
                      Lee Weiss (Pro Hac Motion Pending)
 2                    49 West 37th Street, 15th Floor
                      New York, NY 10018
 3
 4                    Attorneys for Indirect Purchaser Plaintiff: Michael's
                      Company
 5
 6                    GOLDMAN SCARLATO & KARON, PC
                      Daniel R. Karon (Pro Hac Vice Motion Pending)
 7                    700 W. St. Clair Avenue, Suite 204
                      Cleveland, OH  44113-1998
 8
 9
                      Attorneys for Indirect Purchaser Plaintiffs: Scott Friedson,
10                    Guy Snowdy, and Sharon Defren

11
                      MASON LLP
12                    Donna F. Solen  (Pro Hac Vice Motion Pending)
                      1625 Massachusetts Avenue N.W., Suite 605
13                    Washington, DC  20036

14
                      Attorneys for Indirect Purchaser Plaintiffs: Scott Friedson,
15                    Guy Snowdy, and Sharon Defren

16
                      MINAMI TAMAKI, LLP
17                    Brad Yamauchi  (73245)
                      Jack W. Lee  (71626)
18                    Derek G. Howard (118082)
19                    360 Post Street, 8th Floor
                      San Francisco, CA  94108
20
21
                      Attorneys for Indirect Purchaser Plaintiff: Bay Area
22                    Systems, LLC

23
                      LAW OFFICE OF KRISHNA B. NARINE
24                    Krishna B. Narine  (Pro Hac Vice Motion Pending)
                      2600 Philmont Avenue, Suite 324
25                    Huntington Valley, PA  19006

26
                      Attorneys for Indirect Purchaser Plaintiffs: Scott Friedson,
27                    Guy Snowdy, and Sharon Defren

28
```

9

THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS
COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASERS CASES
CASE NO. M:10-CV-02143 VRW

```
                    PRATA & DALEY, LLP
                    Robert J. Prata (162600)
                    Todd A. Daley (168742)
                    Cassandra J. Zappaterreno (208798)
                    515 South Figueroa Street, Suite 1515
                    Los Angeles, CA 90071

                    Attorneys for Indirect Purchaser Plaintiff: Tom Daley

                    RAM & OLSON, LLP
                    Michael F. Ram (104805)
                    555 Montgomery Street, Suite 820
                    San Francisco, CA 94111

                    Attorneys for Indirect Purchaser Plaintiffs: Scott Friedson,
                    Guy Snowdy, and Sharon Defren

                    LAW OFFICES OF JULIO J. RAMOS
                    Julio J. Ramos (189944)
                    35 Grove Street, Suite 107
                    San Francisco, CA 94102

                    Attorneys for Indirect Purchaser Plaintiff: Don Cheung dba
                    Computer 5000

                    RUKIN HYLAND DORIA & TINDALL, LLP
                    Peter Rukin (178336)
                    100 Pine Street, Suite 725
                    San Francisco, CA 94111

                    Attorneys for Indirect Purchaser Plaintiff: James P. Ito-
                    Adler

                    SHAPIRO HABER & UMY, LLP
                    Thomas G. Shapiro (Pro Hac Vice Motion Pending)
                    Charles T. Tompkins (Pro Hac Vice Motion Pending)
                    Robert E. Ditzion (Pro Hac Vice Motion Pending)
                    53 State Street
                    Boston, MA 02109

                    Attorneys for Indirect Purchaser Plaintiff: James P. Ito-
                    Adler
```

10

THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS
COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASERS CASES
CASE NO. M:10-CV-02143 VRW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHARP McQUEEN PA
Isaac L. Diel  (Pro Hac Vice Motion Pending)
6900 College Blvd., Suite 285
Overland Park, KS  66223

Attorneys for Indirect Purchaser Plaintiffs:  Scott Friedson, Guy Snowdy, and Sharon Defren

WILKES & McHUGH
Casey A. Hatton  (246081)
3780 Kilroy Airport Way, Suite 220
Long Beach, CA  90806

Attorneys for Indirect Purchaser Plaintiffs:  Mary Jane Garland, Laura Allen, V. Carlos Palmeri, M.D., and Thomas Lewis

11

THE LARSON GROUP'S PROPOSAL FOR APPOINTMENT OF INTERIM CLASS
COUNSEL AND ATTORNEYS' FEES FOR THE INDIRECT PURCHASERS CASES
CASE NO. M:10-CV-02143 VRW