JEFFREY L. KESSLER (Admitted *Pro Hac Vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (Admitted *Pro Hac Vice*)
Email: pvictor@dl.com
DAVID L. GREENSPAN (Admitted *Pro Hac Vice*)
Email: dgreenspan@dl.com
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

Attorneys for Defendants Panasonic Corporation and
Panasonic Corporation of North America

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In Re: Optical Disk Drive Products Antitrust Litigation**<br><br>This Document Relates to:<br><br>DIRECT PURCHASER CASES | No. 3:10 MD-02143 RS<br><br>**PANASONIC CORPORATION'S AND PANASONIC CORPORATION OF NORTH AMERICA'S JOINT NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date: December 16, 2010, 1:30 p.m.<br>Place: Courtroom 3, 17th Floor<br>Hon. Richard G. Seeborg |

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION TO DISMISS** |
| 2 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: |
| 3 | PLEASE TAKE NOTICE that on on December 16, 2010, at 1:30 p.m., or as soon |
| 4 | thereafter as the matter may be heard, defendants Panasonic Corporation ("Panasonic Corp.") |
| 5 | and Panasonic Corporation of North America ("PNA") will and hereby do move the Court, |
| 6 | pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order |
| 7 | dismissing the Direct Purchaser Plaintiffs' Consolidated Complaint as to Panasonic Corp. and |
| 8 | PNA, with prejudice, for failure to state a claim upon which relief can be granted. |
| 9 | This motion is based upon this Notice of Motion; the accompanying Memorandum of |
| 10 | Points and Authorities; the complete files and records in these consolidated actions, including |
| 11 | defendants' concurrently filed Joint Motion to Dismiss the Direct Purchaser Plaintiffs' |
| 12 | Consolidated Complaint; oral argument of counsel; and such other and further matters as the |
| 13 | Court may consider. |
| 14 | **STATEMENT OF THE ISSUES** |
| 15 | 1. Whether Direct Purchaser Plaintiffs' claims against Panasonic Corp. and PNA |
| 16 | should be dismissed for failure to state a claim. |

# **TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| NOTICE OF MOTION AND MOTION TO DISMISS | | i |
| STATEMENT OF THE ISSUES | | i |
| MEMORANDUM OF POINTS AND AUTHORITIES | | 1 |
| I. | THE DP-CC'S LEGALLY DEFICIENT ALLEGATIONS AGAINST "PANASONIC" | 1 |
| II. | THE LONE CONCLUSORY ALLEGATION OF "PANASONIC" PARTICIPATING IN UNIDENTIFIED INFORMATION EXCHANGES DOES NOT STATE A CLAIM AGAINST EITHER PANASONIC DEFENDANT | 4 |
| III. | THE REMAINDER OF DIRECT PURCHASER PLAINTIFFS' ALLEGATIONS AGAINST "PANASONIC" ALSO FAIL TO STATE A CLAIM | 5 |
| IV. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................3, 5

*Brennan v. Concord EFS, Inc.*,
   369 F. Supp. 2d 1127 (N.D. Cal. 2005) .......................................................................................2

*Hanson v. Shell Oil Co.*,
   541 F.2d 1352 (9th Cir. 1976) .....................................................................................................4

*In re Cal. Title Insurance Antitrust Litig.*,
   No. C 08-01341 JSW, 2009 WL 1458025 (N.D. Cal. May 21, 2009) .......................................2

*In re Citric Acid Litig.*,
   191 F.3d 1090 (9th Cir. 1999) .....................................................................................................4

*In re GPU Antitrust Litig.*,
   527 F. Supp. 2d 1011 (N.D. Cal. 2007) ................................................................................... 5-6

*In re TFT-LCD Antitrust Litig.*,
   586 F. Supp. 2d 1109 (N.D. Cal. 2008) ..................................................................................1, 2

*Int'l Norcent Tech. v. Koninklijke Philips Elecs. N.V.*,
   No. CV 07-00043, 2007 U.S. Dist LEXIS 89946 (C.D. Cal. Oct. 29, 2007),
   *aff'd*, No. 07-56871, 2009 U.S. App. LEXIS 8561 (9th Cir. Apr. 22, 2009) ............................6

*Jeanery, Inc. v. James Jeans, Inc.*,
   849 F.2d 1148 (9th Cir. 1988) .....................................................................................................4

*Jung v. Ass'n of Am. Med. Colls.*,
   300 F. Supp. 2d 119 (D.D.C. 2004) ............................................................................................2

*Kendall v. Visa U.S.A., Inc.*,
   518 F.3d 1042 (9th Cir. 2008) ............................................................................................1, 3, 4

*Krehl v. Baskin-Robbins Ice Cream Co.*,
   664 F.2d 1348 (9th Cir. 1982) .....................................................................................................4

*Matsushita Elec. Indus. Co. v. Cinram Int'l, Inc.*,
   299 F. Supp. 2d 370 (D. Del. 2004) ............................................................................................6

| | |
|---|---|
| *Monsanto Co. v. Spray-Rite Serv. Corp.*,<br>465 U.S. 752 (1984) | 4 |
| *Suguri v. Wells Fargo Bank*,<br>No. CV 09-1828 (PSG), 2009 WL 2486546 (C.D. Cal. Aug. 7, 2009) | 1-2 |
| *Workman v. State Farm Mutual Auto. Ins. Co.*,<br>520 F. Supp. 610 (N.D. Cal. 1981) | 4-5 |
| *Wuxi Multimedia Ltd. v. Koninklijke Philips Elecs., N.V.*,<br>No. 04 CV 1136, 2006 U.S. Dist LEXIS 9160 (S.D. Cal. Jan. 5, 2006),<br>*aff'd*, 2008 U.S. App. LEXIS 12091 (Fed. Cir. 2008) | 6 |

**OTHER AUTHORITIES**

| | |
|---|---|
| Federal Rule of Civil Procedure 8(a) | i |
| Federal Rule of Civil Procedure 12(b)(6) | i |

# MEMORANDUM OF POINTS AND AUTHORITIES

As part of Direct Purchaser Plaintiffs' efforts to allege as far-reaching a conspiracy as possible, irrespective of facts or logic, they have now added Panasonic Corporation ("Panasonic Corp.") and Panasonic Corporation of North America ("PNA") as defendants. Neither Panasonic Corp. nor PNA was a defendant in any of the thirty-six pre-consolidation optical disk drive civil complaints, nor is Panasonic Corp. or PNA a defendant in the Indirect Purchaser Plaintiffs' Amended Consolidated Complaint. The few allegations in the Direct Purchaser Plaintiffs' Consolidated Complaint ("DP-CC") that even mention the word "Panasonic" make clear that Panasonic Corp. and PNA were included as an afterthought, merely because they participated in the optical disk drive ("ODD") and finished ODD products industries. In this connection, the DP-CC does not allege that Panasonic Corp. or PNA entered into any specific agreement with any other defendant. It only vaguely alleges that an unspecified "Panasonic" defendant purportedly participated in unidentified information exchanges — with no allegation that any Panasonic company participated in any specific agreement to fix prices or rig bids for ODDs or ODD finished products. DP-CC ¶ 209. For this reason, and for all of those set forth below and in the concurrently filed Joint Motion to Dismiss the DP-CC ("Joint Motion") (incorporated by reference herein), Plaintiffs' claims against Panasonic Corp. and PNA must be dismissed.

## I. THE DP-CC'S LEGALLY DEFICIENT ALLEGATIONS AGAINST "PANASONIC"

In order to state an antitrust conspiracy claim, Direct Purchaser Plaintiffs were required to plead specific facts establishing the involvement of *each and every named defendant*. *See, e.g.*, *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (requiring allegations that answer the who, what, when and where of each purported conspirator's involvement); *In re TFT-LCD Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (A "complaint must allege that each individual defendant joined the conspiracy and played some role in it.") (quotations omitted); *Suguri v. Wells Fargo Bank*, No. CV 09-1828 (PSG), 2009 WL 2486546, at *6 (C.D. Cal. Aug. 7, 2009) ("[F]ormulaic allegations lumping all Defendants together are

insufficient to state a claim."); *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1136 (N.D. Cal. 2005) (dismissing complaint against certain defendants because it failed to plead allegations "specifically connecting [those defendants] to the alleged conspiracy"); *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) ("Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations ….").

In the DP-CC, Direct Purchaser Plaintiffs do not distinguish the two separate Panasonic defendants in any shape or form, other than their respective corporate addresses and places of incorporation. DP-CC ¶¶ 63-65 (defining Panasonic Corp. and PNA "individually and collectively as 'Panasonic,'" and then referring only to "Panasonic" throughout the remainder of the DP-CC). As such, even the few allegations against "Panasonic" – which fail to give any notice as to whether it is Panasonic Corp., PNA, or both which are being accused of the conduct described – are insufficient as a matter of law. *See In re Cal. Title Ins. Antitrust Litig.*, No. C 08-01341 JSW, 2009 WL 1458025, at *7 (N.D. Cal. May 21, 2009) (granting motion to dismiss where plaintiffs made "general allegations against the 'Defendants,' without distinguishing among them."); *In re TFT-LCD Antitrust Litig.*, 586 F. Supp. 2d at 1117 ("[G]eneral allegations as to all defendants, to 'Japanese defendants,' or to a single corporate entity such as 'Hitachi' [are] insufficient to put specific defendants on notice ….").

However, even if it were proper to plead against an undifferentiated "Panasonic" in this manner, the few allegations against "Panasonic" would still fail to state a plausible conspiracy claim. The sum total of these "Panasonic" allegations are that:

- "Pioneer and Panasonic jointly controlled" 13.3% of the "ODD market" during the Class Period, DP-CC ¶ 117;

- LG, Panasonic, Pioneer, Philips, Samsung, TEAC, and Sony were "leading manufacturers of stand-alone BD, DVD and/or CD players during the Class Period (or a portion thereof)," *id.* ¶ 123;

- In June 1999, Hitachi, Panasonic, and Toshiba "commenced a worldwide joint licensing program for patents essential for DVD-Video players, DVD-ROM drives, DVD decoders and DVD-Video and DVD-ROM discs that conform to the

specifications promulgated by the DVD Forum[], known as the 'DVD 6C Patent Pool,'" *id.* ¶ 135;

- Panasonic participated in six trade associations, and participated in meetings that purportedly "provided a forum at which [it] *could* discuss and exchange information with respect to the pricing and production of ODD Products with the purpose and effect of" colluding on prices, *id.* ¶¶ 144-46 (emphasis added), 148, 150, 152, 154, 161, 166;

- An entity that is now "Panasonic" received a cease and desist order from the Japan Fair Trade Commission ("JFTC") in 1993 concerning the sale of "products including televisions." *Id.* ¶ 182. In 2009, Panasonic received a cease and desist order from the JFTC for alleged participation in a "price-fixing cartel for CRTs." *Id.* ¶ 190. That same year, the EC sent Panasonic a Statement of Objections concerning the same alleged CRT conduct, *id.* ¶ 191;

- Panasonic's conduct "in a wide variety of product markets across the world … is illustrative of Defendants' respective corporate cultures which encourage illegal activities," *id.* ¶ 202; and

- Panasonic purportedly "participated in the information exchanges that had the effect of limiting price competition," *id.* ¶ 209. No further factual allegations are provided to support this wholly conclusory assertion.

Whether considered individually or collectively, the above-stated allegations against "Panasonic" do not allege facts that, if proven, would establish an antitrust conspiracy claim against either Panasonic Corp. or PNA. Nor are the allegations sufficient to put either defendant on notice as to what illegal conduct it is being accused of – the DP-CC "does not answer the basic questions: who [*which* Panasonic entity or employee] did what, to whom (or with whom), where, and when?" *Kendall*, 518 F.3d at 1048. Post-*Twombly* and *Iqbal*, "a plaintiff armed with nothing more than conclusions" simply cannot "unlock the doors of discovery." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). This principle applies with particular force here where the discovery that Plaintiffs seek covers not just ODDs, but also any finished product containing an ODD (*e.g.*, computers, DVD players, CD players, Blu-Ray players, certain TVs, and certain camcorders). DP-CC ¶ 3. As a result, for companies such as Panasonic Corp. and PNA – significant players in most of these industries – defending this case would be the functional equivalent of defending against half a dozen separate antitrust conspiracy cases. Direct

Purchaser Plaintiffs' complaint allegations fall far short of stating a claim sufficient to subject the two Panasonic defendants to such crippling litigation burdens and costs.

## II. THE LONE CONCLUSORY ALLEGATION OF "PANASONIC" PARTICIPATING IN UNIDENTIFIED INFORMATION EXCHANGES DOES NOT STATE A CLAIM AGAINST EITHER PANASONIC DEFENDANT

Plaintiffs make the wholly conclusory allegation that "Panasonic participated in the information exchanges that had the effect of limiting price competition." DP-CC ¶ 209. This one sentence represents the sum and substance of Plaintiffs' allegations that either Panasonic Corp. or PNA "act[ed] in furtherance of a conspiracy." DP-CC § VII(D)(2); ¶ 209. Nothing further is alleged in the DP-CC about Panasonic Corp.'s or PNA's role in any purported "information exchanges." The DP-CC does not provide any examples of such information exchanges. It does not describe with whom these information exchanges purportedly took place, or when, or where, and it does not even specify what type of information was exchanged or whether such information related to price. This complete lack of factual detail is insufficient to survive a motion to dismiss under *Kendall*. 518 F.3d at 1048.[1]

Even if the DP-CC did allege necessary details about the purported information exchanges (it does not), the DP-CC would still fail to state a claim against Panasonic Corp. and PNA because it omits facts to establish the most basic element to assert a conspiracy against the Panasonic defendants: *an agreement*. *In re Citric Acid Litig.*, 191 F.3d 1090, 1104 (9th Cir. 1999) (finding that evidence of information exchange alone does not support an inference of an anticompetitive agreement); *Jeanery, Inc. v. James Jeans, Inc.*, 849 F.2d 1148, 1155 (9th Cir. 1988) (A "'common scheme' or 'meeting of minds'" is a "prerequisite to section 1 liability.") (quoting *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984)).[2] To the contrary,

---

[1] The DP-CC contains more specific price-fixing allegations about three ODD auctions (DP-CC ¶¶ 214-16), but neither Panasonic defendant is mentioned in these allegations.

[2] *See also Krehl v. Baskin-Robbins Ice Cream Co.*, 664 F.2d 1348, 1357 (9th Cir. 1982) (evidence of information exchanges among competitors was insufficient evidence of a price-fixing agreement); *Hanson v. Shell Oil Co.*, 541 F.2d 1352, 1359 (9th Cir. 1976) (evidence of meetings between competitors is not sufficient to permit a jury to infer an illegal agreement); *Workman v. State Farm Mutual Auto. Ins. Co.*, 520 F. Supp. 610, 620 (N.D. Cal.

the DP-CC makes clear that Plaintiffs do *not* contend that either Panasonic defendant entered into any specific anticompetitive agreement. Paragraph 209 – containing the *only* conduct allegations pertaining to "Panasonic" – states:

> Among others, PLDS, HLDS, Sony Optiarc, TSST, QSI, Lite-On, and TEAC participated in auctions run by, inter alia, Dell and H-P …. In dozens of those auctions, *they* rigged *their* bids by: (a) agreeing to fix the prices at which *they* bid; (b) agreeing on how to allocate *their* respective positions in the tiers of successful bidders; and (c) exchanging competitively sensitive information on price, desired tier positions, prior bids and bidding outcomes, quality assessments by OEMs (which could affect whether an OEM would allow a supplier to bid for a top tier position on a particular auction), and the timing of the introduction of new products or the cessation of ones that had reached the end of their lifecycles. *Panasonic also participated in the information exchanges that had the effect of limiting price competition* ….

DP-CC ¶ 209 (emphases added). Thus, the Panasonic defendants are specifically *excluded* from the group of identified defendants alleged to have agreed to fix prices and rig bids for certain ODD auctions run by Dell or HP (which are, in any event, precisely the type of conclusory allegations that should not be credited against even the identified defendants under *Twombly*). The *only* allegation against "Panasonic" is an entirely conclusory allegation of unspecified "information exchanges" — which is insufficient as a matter of law.

## III. THE REMAINDER OF DIRECT PURCHASER PLAINTIFFS' ALLEGATIONS AGAINST "PANASONIC" ALSO FAIL TO STATE A CLAIM

Direct Purchaser Plaintiffs' remaining allegations mentioning "Panasonic" are all generic allegations, recycled from other antitrust cases, concerning participation in trade associations, alleged market characteristics conducive to possible collusion and antitrust investigations in unrelated industries. These allegations are clearly insufficient to state an antitrust claim for the reasons set forth in the concurrently filed Joint Motion. Regarding "Panasonic's" participation in trade associations (DP-CC ¶¶ 144, 145, 146, 148, 150, 152, 154, 161, 166), such alleged participation is "presumed legitimate" and does not support an antitrust conspiracy claim. *See* Joint Motion, Section II.D (quoting *In re GPU Antitrust Litig.*, 527 F.

---

1981) (plaintiffs' evidence of communications between defendants was not sufficient to raise triable issue of fact regarding existence of price fixing conspiracy).

Supp. 2d 1011, 1023 (N.D. Cal. 2007). Similarly, the alleged market characteristics, *e.g.*, a supposedly concentrated market with high entry barriers, are insufficient to support an antitrust conspiracy claim. *See* Joint Motion, Section II.A; II.C.[3] Finally, Panasonic Corp.'s and/or PNA's alleged "history of collusion" with respect to unrelated products, (DP-CC ¶ 182), provides no support for the ODD and ODD product conspiracy claims being alleged here. *See* Joint Motion, Section II.F.

## IV. CONCLUSION

For all of the foregoing reasons, and for each of the reasons set forth in the Joint Motion, Panasonic Corp. and PNA respectfully submit that the claims against them be dismissed with prejudice. Any amendment to Direct Purchaser Plaintiffs' claims against Panasonic Corp. and PNA, if made in good faith, would be futile. There is simply no basis for the Direct Purchaser plaintiffs to have dragged Panasonic Corp. and PNA into this case.

DATED: October 12, 2010

By: /s/ Jeffrey L. Kessler
JEFFREY L. KESSLER (admitted *pro hac vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (admitted *pro hac vice*)
Email: pvictor@dl.com
DAVID L. GREENSPAN (admitted *pro hac vice*)
Email: dgreenspan@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013
***Attorneys for Defendants Panasonic Corporation of North America and Panasonic Corporation***

*Pursuant to General Order No. 45, § X-B, the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.*

---

[3] Panasonic's participation in DVD and Blu-Ray patent pools does not support plaintiffs' conspiracy claim, and, in fact, courts have specifically rejected antitrust challenges to the DVD 3C and 6C pools. *See* Joint Motion, Section II.C; *Int'l Norcent Tech. v. Koninklijke Philips Elecs. N.V.*, No. CV 07-00043, 2007 U.S. Dist LEXIS 89946, at *24-55 (C.D. Cal. Oct. 29, 2007), *aff'd*, No. 07-56871, 2009 U.S. App. LEXIS 8561 (9th Cir. Apr. 22, 2009); *Wuxi Multimedia Ltd. v. Koninklijke Philips Elecs., N.V.*, No. 04 CV 1136, 2006 U.S. Dist LEXIS 9160, at *8-32 (S.D. Cal. Jan. 5, 2006), *aff'd*, 2008 U.S. App. LEXIS 12091 (Fed. Cir. 2008); *Matsushita Elec. Indus. Co. v. Cinram Int'l, Inc.*, 299 F. Supp. 2d 370, 376-79 (D. Del. 2004).