1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10

11   **IN RE OPTICAL DISK DRIVE**          Case No. M:10-cv-02143-RS
     **PRODUCTS ANTITRUST**
12   **LITIGATION**                         MDL No. 2143

13   _____       **STIPULATED [~~PROPOSED~~]**
                                            **PROTECTIVE ORDER**
14   This Document Relates to:

     ALL ACTIONS
15

16       1.      **PURPOSES AND LIMITATIONS.**

17          Disclosure and discovery activity in this action are likely to involve production of

18   confidential, proprietary, or private information for which special protection from public

19   disclosure and from use for any purpose other than prosecuting or defending this litigation may

20   be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the

21   following Stipulated Protective Order.  The parties acknowledge that this Order does not confer

22   blanket protections on all disclosures or responses to discovery and that the protection it affords

23   from public disclosure and use extends only to the limited information or items that are entitled

24   to confidential treatment under the applicable legal principles.  The parties further acknowledge,

25   as set forth in Paragraph 13.3, below, that this Stipulated Protective Order does not entitle them

26   to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that

27   must be followed and the standards that will be applied when a party seeks permission from the

28   court to file material under seal.

## 2.  DEFINITIONS.

2.1  <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3  <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and In-House Legal Personnel (as well as their support staff, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

2.4  <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5  <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6  <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.  The Parties are not prohibited from retaining an Expert and/or Consultant who is a former employee of a Party or of a Party's competitor, provided that, at least five business days prior to retention, Counsel intending to retain such Expert and/or Consultant shall provide written notice to Counsel for the Party which had previously employed such person, in order to allow that Party an opportunity to protect itself and the confidentiality of any information which such prospective Expert and/or Consultant may have obtained during his or her employment.  The Party receiving such notice shall have 30 days to seek judicial intervention with respect to legitimate issues concerning the protection of any confidential information which such Expert and/or Consultant

may have obtained during his or her employment.  The definition of Expert and/or Consultant includes a professional jury or trial consultant retained in connection with this litigation.

2.7     In-House Legal Personnel:  attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing this litigation for the Party.  In-House Legal Personnel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys, along with their paralegals, and other support personnel, who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, and employees.

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."  Such material is referred to as designated for "protection."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE.**

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might

reveal Protected Material. However, the protections conferred by this Stipulation and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION.**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL.**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is

4

withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., paragraph 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Notwithstanding the preceding sentence, should a Producing Party discover that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may notify all Parties, in writing, of the error and identifying (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced, provided that the Party or Non-Party has not reviewed those original documents or materials prior to such inspection.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the draft transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," provided such designation does not violate paragraph 5.1 above.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend
"CONFIDENTIAL."

5.3    Inadvertent Failures to Designate.  If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is re-designated as "Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Increasing the Designation of Information or Items Produced by Other Parties or Non-Parties.  Subject to the standards of paragraph 5.1, a Party may increase the designation (i.e., change any Disclosure or Discovery Material produced without a designation to a designation of "Confidential") of any Disclosure or Discovery Material produced by any other Party or non-Party, provided that said Disclosure or Discovery Material contains the upward Designating Party's own Confidential Information.  Any such increase in the designation of a document shall be made within 90 days of the date of its production, unless good cause is shown for a later increase in the designation.

Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Disclosure or Discovery Material whose designation is to be increased.  Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any Party may object to the increased designation of Disclosure or Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding challenging designations. The upward Designating Party shall bear the burden of establishing the basis for the increased designation.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identify the challenged material; however, if the Challenging Party is challenging mass designations or designations of similar groups or categories of information, the Challenging Party need only provide an example of such designation and the basis for challenge, as well as an adequate description of the groups or categories of information challenged (e.g., by Bates number).  With respect to challenges of similar groups or categories of documents, the Challenging Party shall describe the group or category of challenged documents with sufficient specificity, including by use of specific document examples or bates ranges, so that the Designating Party can determine which documents are subject to challenge.  The Parties must meet and confer in good faith. Each Party must explain the basis for its respective position about the propriety of the challenged confidentiality designations.

The parties shall have fourteen (14) days from the initial notification of a challenge to complete this meet and confer process.

6.3     Judicial Intervention.  If the parties are not able to resolve a dispute about confidentiality designation within the time provided in paragraph 6.2, above, the parties shall, within 10 days of the expiration of the time period provided in paragraph 6.2, prepare and present to the Court a joint letter, briefly outlining the disputed issue, and requesting a telephone conference or in-person meeting with the Court.  The parties shall thereafter present to the Court, during the telephone conference or in-person meeting, their respective positions about the propriety of the challenged confidentiality designations.  The procedure for resolving the dispute, including the need for any briefing, shall be determined by the Court during the telephone conference or in-person meeting.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Until the ruling on the dispute becomes final, all parties shall continue to afford the material in question the level of protection to which is entitled under the Designating Party's designation. In the event that the final ruling is that the challenged material is not confidential, the Designating Party shall reproduce copies of all materials with their designations removed within thirty (30) days of such ruling at the expense of the Designating Party.

If the parties do not submit a joint letter to the Court as set forth in this paragraph, the confidentiality designations being challenged shall be deemed waived.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.2    <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    any putative Class Representative plaintiff named in this action;

(c)     a Receiving Party's current or former officers, directors, and employees (including In-House Legal Personnel) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A). Notwithstanding the foregoing, and solely with respect to a Receiving Party defendant, information or items designated as "Confidential – Restricted" may not be disclosed to any Receiving Party defendant's officers, directors or employees (including In-House Legal Personnel) who have involvement in competitive decision-making[1] or in patent prosecutions[2] of products involved in this action.  However, nothing in this subparagraph shall be construed as restricting, or otherwise limiting, the use of any information or items designated as "Confidential" or "Confidential-Restricted" at any deposition or court hearing, subject to the requirements in subparagraph (h), below;

(d)     Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective Order" (Exhibit A) has been signed;

(e)     the Court and its personnel;

(f)     stenographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(g)     the author, addressees, or recipients of the document, or the original source of the information;

(h)     witnesses in the action to whom disclosure is reasonably necessary for this

---

[1]  The term "competitive decision making," as used in Paragraph 7.2(c), means decision making concerning ODDs or ODD Products business strategy (including setting prices, product development, business plans and marketing), except that it is understood that a Receiving Party defendant may disclose information or items designated as "Confidential-Restricted" to any In-House Legal Personnel who may provide legal advice regarding pricing issues (such as, by way of example, advice on Robinson-Patman compliance).

[2]  The term "patent prosecutions," as used in Paragraph 7.2(c), refers to legal work relating to applications for the grant and/or amendment of a patent, and does not refer to patent litigation.  A Receiving Party defendant may disclose information or items designated as "Confidential-Restricted" to its officers, directors or employees (including In-House Legal Personnel) even if they are involved in patent litigation for products involved in this action.

litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A), and provided that, consistent with paragraph 5.2(b), pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be marked "Confidential" and separately bound by the court reporter, and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

7.3     <u>Retention of Exhibit A</u>. Outside Counsel for the Party that obtains the signed "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall retain them for one year following the final termination of this action, including any appeals, and shall make them available to other Parties upon good cause shown.

7.4     <u>Retention of Protected Material</u>. Persons who have been shown Protected Material pursuant to Paragraph 7.2(b), (f) or (g), or Paragraph 7.3(e), (f) or (h) shall not retain copies of such Protected Material.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation or proceedings that would compel disclosure of any information or items designated in this action as "Confidential," the Receiving Party must:

(a)  notify in writing, as soon as reasonably practicable, the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  notify in writing, as soon as reasonably practicable, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of

this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

## 10.     INADVERTENTLY PRODUCED DOCUMENTS.

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall immediately return all copies of such documents, testimony, information and/or things to the inadvertently producing Party and shall not use such items for any purpose until further order of the Court. In all events, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. The return of any discovery item to the inadvertently producing Party shall not in any way preclude the Receiving Party from

moving the Court for a ruling that the document or thing was never privileged.

**11.    ATTORNEY RENDERING ADVICE.**

Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to "Confidential" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

**12.    DISPOSITIVE MOTION HEARINGS AND TRIAL.**

The terms of this Protective Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

**13.    MISCELLANEOUS.**

13.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade

13

secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 14.    FINAL DISPOSITION

Unless otherwise ordered by the Court or agreed in writing by the Designating Party, within thirty days after the final termination of this action, including any appeals, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 (DURATION), above.

**IT IS SO STIPULATED.**

DATED: November 10, 2010                By: */s/Guido Saveri*
                                            Guido Saveri (22349)
                                            R. Alexander Saveri (173102)
                                            Cadio Zirpoli (179108)
                                            SAVERI & SAVERI, INC.
                                            706 Sansome Street
                                            San Francisco, CA 94111
                                            Tel.:  (415) 217-6810
                                            Fax:  (415) 217-6813

                                            Chairman of the Direct Purchaser Plainiffs

By: */s/ Jeff D. Friedman*

    Steve W. Berman
    HAGENS BERMAN SOBOL SHAPIRO
    LLP
    1918 Eighth Ave., Suite 3300
    Seattle, WA 98101
    Tel. (206) 623-7292
    Fax. (206) 623-0594

    Jeff D. Friedman
    HAGENS BERMAN SOBOL SHAPIRO
    LLP
    715 Hearst Ave., Suite 202
    Berkeley, CA 94710
    Tel.: (510) 725-3000
    Fax: (510) 725-3001

    Interim Lead Counsel Indirect Purchaser
    Plaintiffs

DEFENDANTS

By: */s/ Thomas Brown*

    Thomas Brown (Bar No. 182916)
    O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
    San Francisco, CA 94111-3823
    Telephone: (415) 984-8700
    Facsimile: (415) 984-8701
    Email: tbrown@omm.com

    Ian Simmons (*admitted pro hac vice*)
    O'MELVENY & MYERS LLP
    1625 Eye St. NW
    Washington, D.C. 20006
    Telephone: (202) 383-5300
    Facsimile: (202) 383-5414
    Email: isimmons@omm.com

    *Attorneys for Defendants Samsung Electronics*
    *Co., Ltd. and Samsung Electronics America, Inc.*

By:    /s/ Christopher B. Hockett

Christopher B. Hockett (Bar No. 121539)
Neal A. Potischman (Bar No. 254862)
Sandra D. West (Bar No. 250389)
Jeremy M. Brodsky (Bar No. 257674)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
christopher.hockett@davispolk.com
neal.potischman@davispolk.com
sandra.west@davispolk.com
jeremy.brodsky@davispolk.com

*Attorneys for Defendants LG Electronics, Inc. and LG Electronics USA, Inc.*


By:    /s/ Belinda S Lee

Daniel M. Wall (Bar No. 102580)
Belinda S. Lee (Bar No. 199635)
Brendan A. McShane (Bar No. 227501)
Connie Sardo (Bar No. 253892)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: +1.415.391.0600
Fax: +1.415.395.8095

*Attorneys for Defendants Toshiba Corporation, Toshiba Samsung Storage Technology Corporation, Toshiba Samsung Storage Technology Korea Corporation,* and *Toshiba America Information Systems, Inc.*

By: /s/ John F. Cove

John F. Cove, Jr. (State Bar No. 212213)
Steven C. Holtzman (State Bar No. 144177)
Beko O. Reblitz-Richardson
(State Bar No. 238027)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, California 94612
Telephone:   (510) 874-1000
Facsimile:   (510) 874-1460
E-mail:       jcove@bsfllp.com
              sholtzman@bsfllp.com
              brichardson@bsfllp.com

*Attorneys for Defendants Sony Corporation, Sony
Optiarc Inc., Sony Optiarc America Inc., Sony
Electronics, Inc. and Sony Computer
Entertainment America LLC*


By: /s/ David H. Bamberger

David H. Bamberger (admitted pro hac vice)
Deana L. Cairo (admitted pro hac vice)
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C.  20004
Phone:  (202) 799-4000
Fax:     (202) 799-5000
Email:  david.bamberger@dlapiper.com
              deana.cairo@dlapiper.com

Paolo Morante (admitted pro hac vice)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY  10020
Phone:  (212) 335-4500
Fax:     (212) 335-4501
Email:  paolo.morante@dlapiper.com

Erin Frazor (Bar No. 251324)
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
Phone: (415) 836-2500
Fax: (415) 836-2501
E-mail: erin.frazor@dlapiper.com

*Attorneys for Defendants TEAC Corporation and
TEAC America, Inc.*


By:  */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler(pro hac vice admission pending)
David L. Greenspan (pro hac vice admission
pending)
James F. Lerner (pro hac vice admission pending)
George Mastoris (pro hac vice admission pending)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Phone: (212) 259-8000
Fax:     (212) 259-6333
jkessler@dl.com
dgreenspan@dl.com
jlerner@dl.com
gmastoris@dl.com

*Attorneys for Defendant Panasonic Corp. of North
America and Panasonic Corp.*


By:  */s/ Mark S. Popofsky*
Mark S. Popofsky (admitted *pro hac vice*)
ROPES & GRAY LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
E-mail: Mark.Popofsky@ropesgray.com

Jane E. Willis (admitted pro hac vice)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02119
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
E-mail:  Jane.Willis@ropesgray.com

Thad A. Davis (SBN 220503)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Telephone: (415) 315-6300
Facsimile: (415) 315-6350
E-mail:  Thad.Davis@ropesgray.com

*Attorneys for Defendants*
*Hitachi-LG Data Storage, Inc. &*
*Hitachi-LG Data Storage Korea, Inc.*


By:     */s/ Joel B. Kleinman*
JOEL B. KLEINMAN (Admitted *Pro Hac Vice*)
LISA M. KAAS (Admitted *Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
E-mail:     KleinmanJ@dicksteinshapiro.com
E-mail:     KaasL@dicksteinshapiro.com

JAMES TURKEN (Bar No. 89618)
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone: (310) 772-8300
Facsimile: (310) 772-8301

*Attorneys for Defendants BenQ Corporation and BenQ*
*America Corp.*

```
 1
 2                              By:   /s/ Craig P. Seebald
                                     Craig P. Seebald (Pro Hac Vice)
 3                                   Pamela J. Marple (Pro Hac Vice)
                                     MCDERMOTT WILL & EMERY, LLP
 4                                   600 13th Street, NW
                                     Washington, DC 20005
 5                                   Telephone: (202) 756-8000
                                     Facsimile:  (202) 756-8087
 6                                   E-mail:    cseebald@mwe.com
                                     E-mail:    pmarple@mwe.com
 7
 8                                   Matthew J. Jacobs
                                     MCDERMOTT WILL & EMERGY LLP
 9                                   275 Middlefield Road, Suite 100
                                     Menlo Park, CA  94025
10                                   Telephone: (650) 815-7400
                                     Facsimile:  (650) 815-7401
11                                   E-mail:    mjacobs@mwe.com

12                                   Attorneys for Defendant Hitachi, Ltd.

13
14                              By:   /s/ Kevin C. McCann
                                     Kevin C. McCann (Bar No. 120874)
15                                   Sean Unger (Bar No. 231694)
                                     Paul, Hastings, Janofsky & Walker LLP
16                                   55 Second Street
                                     Twenty-Fourth Floor
17                                   San Francisco, CA 94105-3441
                                     Telephone:  (415) 856-7000
18                                   Facsimile:  (415) 856-7100
                                     E-mail:   kevinmccann@paulhastings.com
19                                             seanunger@paulhastings.com

20                                   Vincent K. Yip (Bar No. 170665)
                                     Terry D. Garnet (Bar No. 151212)
21                                   Paul, Hastings, Janofsky & Walker LLP
                                     515 South Flower Street
22                                   Twenty-Fifth Floor
                                     Los Angeles, CA 90071
23                                   Telephone:  (213) 683-6000
                                     Facsimile:  (213) 627-0705
24                                   E-mail:   vincentyip@paulhastings.com
                                               terrygarnet@paulhastings.com
25
                                     Attorneys for Defendants Quanta Storage, Inc. and Quanta
26                                   Storage America, Inc.

27
28
```

By: **/s/ Robert B. Pringle**
Robert B. Pringle (Bar No. 51365)
Paul R. Griffin (Bar No. 83541)
Jonathan E. Swartz (Bar No. 203624)
WINSTON & STRAWN LLP
101 California Street
Suite 3900
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
rpringle@winston.com
pgriffin@winston.com
jswartz@winston.com

*Attorneys for NEC Corporation*


By: **/s/ Aaron Myers**
Aaron Myers (S.B. #200145)
HOWREY LLP
525 Market Street
Suite 3600
San Francisco, CA 94105
Tel: (415) 848-4900
Fax: (415) 848-4999
myersa@howrey.com

John M. Taladay
Evan J. Werbel
James G. Kress
Andrew D. Lazerow
HOWREY LLP
1299 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Tel: (202) 783-0800
Fax: (202) 383-6610
taladayj@howrey.com
werbele@howrey.com
kressj@howrey.com
lazerowa@howrey.com

*Counsel for Defendants Koninklijke Philips Electronics N.V., Lite-On IT Corporation, Philips & Lite-On Digital Solutions Corporation, and Philips & Lite-On Digital Solutions U.S.A., Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: ___12/15/10_____                    _____
                                                   The Honorable RICHARD SEEBORG
                                                   United States District Judge



## ATTESTATION OF FILING

Pursuant to N.D. Cal. General Order No. 45, section 45 X(B), I hereby attest that concurrence in the filing of this document has been properly obtained.


                                   /s/ Steven N. Williams
                                   STEVEN N. WILLIAMS

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of

_____ [print or type full address],

declare under penalty of perjury under the laws of the United States of America that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California, San Francisco Division, in the case of IN

RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION, No. M:10-cv-02143-

RS, MDL No. 2143.

I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order, and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State (or Country) where sworn and signed: _____

Printed name: _____

Signature: _____

SF\765617.5