UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:10-md-2143 RS<br><br><u>CLASS ACTION</u><br><br>**CASE MANAGEMENT ORDER** |

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the parties attended a Case Management Conference on June 29, 2012 at which the Court asked the parties to meet and confer to submit an updated Joint Case Management Statement.  After considering this updated statement and consulting with the attorneys of record for the parties and good cause appearing, IT IS HEREBY ORDERED THAT:

**(a)** **<u>Discovery Plan.</u>**  By the date set in Section (i), below, each party must serve on all other parties a Discovery Plan which includes discussion and proposals for each of the following topics:  (i) identification of initial document custodians and (ii) identification of location of relevant documents.  For the Custodian List, the list must include a list of all employees (current and former) and agents (current and former) who each party proposes to include as document custodians in the action and: (i) the person's name; (ii) the person's employer and city, state, and country of employment; (iii) the person's current title, if any, with that party; and (iv) a brief statement explaining the reason the person is proposed as a custodian.  If any party objects to the sufficiency of another party's Custodian List, the parties will meet and confer in an attempt to resolve their disagreement and, in the absence of agreement, file a joint letter to Magistrate Judge Spero addressing each of the disputed points by the deadlines set in Section (i), below.  Any party wishing to propose a protocol for the production of electronically stored information, a protocol for the use of search terms, and/or a protocol for the translation of documents may do so on or before the deadline to serve a Discovery Plan set in Section (i), below.  The parties shall meet and confer and, in the absence of agreement, file a joint submission to this Court or to Magistrate Judge Spero, as appropriate, addressing each of the disputed points by the deadlines set in Section (i), below.

**(b)** **<u>Discovery Shared with All Parties.</u>**  Except as otherwise provided by applicable stipulation, law, rule, or order:  (1) Parties who produce discovery in any of the actions must promptly make it available to all other parties who did not seek the discovery and are entitled to receive the discovery under the operative Protective Order, and (2) If a non-party produces discovery to a party in any of the actions, the receiving party must promptly make it available to

all other parties who are entitled to receive the discovery under the operative Protective Order. Any party who did not seek the discovery but wishes to obtain a copy of discovery pursuant to this provision shall reimburse the providing party for the costs of its copy. For purposes of this provision if either the Direct Purchaser Plaintiffs or Indirect Purchaser Plaintiffs seek discovery on a matter, the other Plaintiffs will be deemed to have done so as well.

   (c)   **Cross-Use of Discovery.**   All initial disclosures and discovery produced in response to a discovery request or subpoena in any of the actions, including deposition testimony, is deemed produced in and may be used, subject to the Federal Rules of Evidence, in the other actions.

   (d)   **Court's Jurisdiction.**   To the full extent allowed by law, this Court indicates its intent to exercise jurisdiction to hear any discovery disputes regarding non-party subpoenas served in connection with the actions, including motions to quash or modify and motions to compel, provided that the subpoenaed non-party does not object to this Court's jurisdiction or seek a protective order.

   (e)   **Depositions.**

      (i)   Parties noticing a deposition must make reasonable efforts to propose a date for the deposition that is convenient for the witness and, when possible, all attending parties.

      (ii)   Parties that receive notice of a deposition have one week to confirm the proposed deposition date or provide an alternative date, which absent extenuating circumstances, shall be no more than two (2) weeks after the originally noticed deposition date.

      (iii)   In the event of multiple notices for the same deposition, the noticing parties will meet and confer to determine the order of examination.

      (iv)   An objection or motion to strike made by any party at a deposition will be preserved for all other parties and need not be explicitly joined.

      (v)   The DPPs and the IPPs together may notice the deposition of up to 15-party fact witnesses of each Defendant family pursuant to Federal Rule of Civil Procedure 30(b)(1) and 5-party 30(b)(6) notices for each Defendant family. A Defendant family is defined as each separately represented group of defendants (12). These deposition numbers are exclusive of

1 experts and third party depositions.

    **(f)**    <u>**Interrogatories.**</u>  The DPPs and the IPPs will each be permitted to propound up to 50 non-duplicative interrogatories of each Defendant family.  Each Defendant family will be limited to propounding 35 non-duplicative interrogatories.

    **(g)**    <u>**Requests for Admission.**</u>  The DPPs, the IPPs and each Defendant family may serve up to a total of 25 requests for admission (to any one party), except for requests for admission made pursuant to Federal Rule of Civil Procedure 36(a)(1)(B) relating to the genuineness or admissibility of documents, which are unlimited.

    **(g)**    <u>**Electronic Service.**</u>  Pursuant to Federal Rule of Civil Procedure 5(2)(E), electronic service via e-mail on counsel shall be deemed equivalent to service by U.S. mail and is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served.  Service via other means (U.S. mail or overnight mail) will not be necessary.

    **(h)**    <u>**Expert Evidence**</u>.

        (i)    Within three (3) business days of any party serving any expert reports and/or expert declarations in this case pursuant to Fed. R. Civ. P. 26(a)(2)(B), the party or parties proffering the expert witness shall produce:  the data or other information relied upon by the witness in forming the expert's opinions; any exhibits that will be used to summarize or support the expert's opinions; the witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition; a statement of the compensation to be paid for the study and testimony in the case.  Data or other information relied upon shall include, but is not limited to, raw data, spreadsheets, computerized regression analyses and/or other underlying reports and schedules sufficient to reconstruct the expert's work, calculations, and/or analyses.  Information can be produced electronically (via email or disc) where appropriate.  Where documents have previously been produced as part of the discovery in this case, a list of such documents by Bates number is sufficient.  As to other documents considered by the expert, those documents should be produced except where widely-available publicly without undue

expense (such as on the internet, or in major university libraries).

(ii) The following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel and expert; (b) experts and other experts or consultants; and/or (c) experts and their respective staff, and (2) notes, all drafts (including draft reports and draft report exhibits), written communications or other types of preliminary work created by, or for, experts. The foregoing exclusions from discovery will not apply to any communications or documents upon which the experts rely as a basis for their opinions/reports.

**(i)  Schedule.**

| | EVENT | DATE |
|---|---|---|
| 1 | Last day for Rule 26 Initial Disclosures | July 9, 2012 |
| 2 | All parties to serve Discovery Plan pursuant to Paragraph (a) of Case Management Order No. 2 | August 13, 2012 |
| 3 | Last day to meet and confer regarding Discovery Plans | August 27, 2012 |
| 4 | Last day to complete meet and confer on the parties' outstanding discovery requests (except for transactional data) | August 27, 2012 |
| 5 | Last day to file joint letter to Magistrate Judge re disputes (except for transactional data) | September 17, 2012 |
| 6 | Last day for Defendants to produce transactional data | October 1, 2012 |

| | EVENT | DATE |
|---|---|---|
| 7 | Last day for joint letter to Magistrate Judge re dispute on transactional data | October 15, 2012 |
| 8 | Further Case Management Conference | Thursday, November 8, 2012 at 10:00 am |
| 9 | Last day for motions for class certification | January 28, 2013 |
| 10 | Last day for proposed class representatives and Plaintiffs' experts in support of class certification to be made available for deposition | March 11, 2013 |
| 11 | Last day for opposition to class certification | April 22, 2013 |
| 12 | Last day for depositions of Defendants' experts or other declarants in opposition to class certification | May 6, 2013 |
| 13 | Last day for replies in support of motion for class certification | May 20, 2013 |
| 14 | Hearing on motion for class certification | Thursday, June 6, 2013 at 1:30 pm |

(i)    The Court will not impose numerical benchmarks for document production on the understanding and condition that defendants will timely produce all discovery necessary for consideration of plaintiffs' motion for class certification.

IT IS SO ORDERED.

Dated:  7/17/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE