UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 3:10-md-2143 RS <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER REGARDING HLDS DEFENDANT CUSTODIANS AND SEARCH TERMS** <br><br> DATE ACTION FILED: Oct. 27, 2009 |
| This Document Relates to: <br><br> ALL ACTIONS | |

WHEREAS, between June and November 2011, defendants Hitachi-LG Data Storage, Inc. and Hitachi-LG Data Storage Korea, Inc. (together the "HLDS Defendants" or "HLDS") produced approximately 2 million pages of documents to Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs", and, together with the HLDS Defendants, the "Parties") from the files of Eugene Yang, Young Keun Park, Sik (Daniel) Hur, S.H. Kim, Luke Choi, James Park, Hyun Soo (Jason) Kim, and Hun Chul Son (the "DOJ Custodians"), pursuant to Magistrate Judge Spero's April 7, 2011 Order compelling all defendants to produce to Plaintiffs documents that had been produced to the U.S. Department of Justice (Dkt. 379);

WHEREAS, on September 4, 2012, the Parties submitted a Joint Letter to Magistrate Judge Spero setting forth the Parties' prior agreement regarding the inclusion of twenty of Plaintiffs' proposed custodians, including Linus Hori, Angela Jin, Jaiho Lee, and Duha Hwang, and detailing disputes regarding the possible inclusion of twelve additional proposed custodians (Dkt. 637);

WHEREAS, on September 7, 2012, Magistrate Judge Spero issued an Order Granting in Part and Denying in Part Motion to Compel the HLDS Defendants to Search the Files of Additional Custodians, in which the Court ordered the HLDS Defendants to search the records of nine custodians, including Harry Seo and Kyung Tae Chang (Dkt. 641);

WHEREAS, on September 18, 2012, the Parties entered into a Stipulation Regarding Search Term Protocol Between HLDS Defendants and Plaintiffs, which provided for application of to-be-agreed-upon search terms to documents from the HLDS Defendants' "additional custodians" (the "Search Term Protocol");

WHEREAS, on October 26, 2012, counsel for the Indirect Purchaser Plaintiffs sent a letter to counsel for the HLDS Defendants regarding, inter alia, the possible production of additional documents from the DOJ Custodians;

WHEREAS, on November 15, 2012, counsel for the Indirect Purchaser Plaintiffs sent a letter to counsel for the HLDS Defendants setting forth Plaintiffs' proposed prioritization of custodians;

WHEREAS, the parties had a significant disagreement regarding the interpretation of the Search Term Protocol, but between November 29, 2012 and December 20, 2012, the Parties met and conferred and ultimately reached agreement regarding the HLDS Defendants' running of additional search terms against the documents of the DOJ Custodians in exchange for Plaintiffs' releasing the HLDS Defendants from their obligation to produce documents from the files of certain custodians and making certain adjustments to Plaintiffs' proposed prioritization of custodians.

IT IS HEREBY STIPULATED AND AGREED THAT:

1. The HLDS Defendants shall apply the list of search terms resulting from the Search Term Protocol to the custodial documents of the DOJ Custodians, to the extent such documents have not yet been produced to Plaintiffs;

2. The HLDS Defendants are discharged from any obligation to produce documents from the files of Harry Seo, Kyung Tae Chang, Linus Hori, Angela Jin, and Jaiho Lee.

3. The HLDS Defendants are discharged from any obligation to produce documents from the files of Duha Hwang, provided that (i) the HLDS Defendants will produce responsive documents from their centralized files regarding Duha Hwang; and (ii) if the HLDS Defendants discover documents from the files of Duha Hwang that were not known to the HLDS Defendants as of December 20, 2012, the HLDS Defendants will notify Plaintiffs, and the Parties will engage in a reasonable discussion regarding whether Duha Hwang should be reinserted on the HLDS Defendants' custodian list and, if so, the timing for any production; and

4. The HLDS Defendants shall prioritize review and production for the remaining custodians in the following order:

| | Name | Employer | Employment Status | Geographic Location | Anticipated Date for Production of Documents[1] |
|---|---|---|---|---|---|
| 1 | Yang, Woo Jin (Eugene) | HLDS | Inactive | US (serving sentence, will return to Korea) | Feb. 15, 2013 |
| 2 | Park, Young Keun | HLDS | Inactive | US (serving sentence, will return to Korea) | Feb. 15, 2013 |
| 3 | Hur, Sik (Daniel) | HLDS | Inactive | U.S. (serving sentence; will return to Korea) | Feb. 15, 2013 |
| 4 | Kim, Sang Hun | HLDS | Current (will become inactive in January 2013) | Korea | Feb. 15, 2013 |
| 5 | Jeong, Bruce | HLDS | Current | Korea | Feb. 15, 2013 |
| 6 | Hiraoka, Yasuki | HLDS | Current | Japan | Feb. 15, 2013 |
| 7 | Kim, Hyun Soo (Jason/James) | HLDS | Current | Korea | Feb. 15, 2013 |
| 8 | Son, Hun Chul | HLDS | Current | Korea | Feb. 15, 2013 |
| 9 | Choi, Jin Sung (Luke) | HLDS | Current | Korea | Feb. 15, 2013 |
| 10 | Park, Jung Hoon (James) | HLDS | Former | Korea | Feb 15, 2013 |
| 11 | Gray, Nancy | HLDS | Current | U.S. | Mar. 1, 2013 |

---

[1] The order and/or prioritization and anticipated dates for substantial completion of documents for the custodians set out below are based upon the HLDS Defendants' good-faith belief, considering the Plaintiffs' requested priority of custodians and an analysis of a number of different currently-available metrics. Difficulties with processed data or other unanticipated problems yet to be discovered could significantly affect the timeframes supplied. The estimated completion dates may be altered through subsequent negotiation and stipulation between the Parties, subject to resolution by the court if agreement cannot be reached.

| | Name | Employer | Employment Status | Geographic Location | Anticipated Date for Production of Documents[1] |
|---|---|---|---|---|---|
| 12 | Lee, Jang Won (Jedy) | HLDS | Current | Taiwan | To be negotiated based, inter alia, on the volume of documents from this custodian |
| 13 | Lim, (Yim) Bong-Ho | HLDS | Former | Korea | To be negotiated based, inter alia, on the volume of documents from this custodian. |
| 14 | Oh, Joseph | HLDS | Current | Netherlands | To be negotiated based, inter alia, on the volume of documents from this custodian. |
| 15 | Jeong, Jay | HLDS | Former | Korea | To be negotiated based, inter alia, on the volume of documents from this custodian. |
| 16 | Jung, Seung Ki (Kevin) | HLDS | Current | Korea | |
| 17 | Kang, In Sung | HLDS | Current | Korea | |
| 18 | Kim, Sam (Young) | HLDS | Current | Korea | |
| 19 | Choi, In Cheol (Ian) | HLDS | Current | Japan | |
| 20 | Choi, Young Do | HLDS | Current | Korea | |
| 21 | Kim, Young Jin | HLDS | Former | Taiwan | |

| | Name | Employer | Employment Status | Geographic Location | Anticipated Date for Production of Documents[1] |
|---|---|---|---|---|---|
| 22 | Kyung, Bong Choon | HLDS | Current | Korea | |
| 23 | Lin, Maggie | HLDS | Current | Taiwan | |

IT IS SO STIPULATED.

DATED:  January 11, 2013              Respectfully submitted,

ROPES & GRAY LLP


By    /s/ Michelle Visser
Michelle L Visser
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA  94111-4006
Telephone: (415) 315-6300
Facsimile: (415) 315-6350
Michelle.Visser@ropesgray.com

Mark S. Popofsky (*pro hac vice*)
ROPES & GRAY LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Mark.Popofsky@ropesgray.com

Jane E. Willis (*pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
Jane.Willis@ropesgray.com

*Attorneys for Defendants
Hitachi-LG Data Storage, Inc. and
Hitachi-LG Data Storage Korea, Inc.*

DATED: January 11, 2013          HAGENS BERMAN SOBOL SHAPIRO LLP


By   /s/ Jeff D. Friedman
Jeff D. Friedman
Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

*Interim Lead Counsel for Indirect Purchaser Plaintiffs*

DATED: January 11, 2013          SAVERI & SAVERI. INC.


By   /s/ Guido Saveri
Guido Saveri
R. Alexander Saveri (173102)
Cadio Zirpoli (179108)
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813
guido@saveri.com
rick@saveri.com
cadio@saveri.com

*Interim Lead Counsel for Direct Purchaser Class*

**IT IS SO ORDERED.**

DATED:   1/14/13

THE HONORABLE JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2013, I caused the foregoing **STIPULATION AND [PROPOSED] ORDER REGARDING HLDS DEFENDANT CUSTODIANS AND SEARCH TERMS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

      /s/ Michelle Visser
Jane E. Willis (*pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

Mark S. Popofsky (*pro hac vice*)
ROPES & GRAY LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Michelle L Visser
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Telephone: (415) 315-6300
Facsimile: (415) 315-6350