

T 510.725.3000    F 510.725.3001

Jeff Friedman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 HEARST AVENUE, SUITE 202
BERKELEY, CA  94710
www.hbsslaw.com
**Direct (510) 725-3032**
shanas@hbsslaw.com

January 22, 2013

***Via ECF***

Hon. Richard Seeborg
U.S. District Court, N.D. Cal.
Courtroom 3 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *In re Optical Disk Drive Products Antitrust Litig.*,
        Case No. 3:10-md-2143 RS (N.D. Cal.)

Dear Judge Seeborg:

The parties jointly submit this letter in lieu of a formal Case Management Conference Statement in advance of the currently scheduled January 25, 2013 case management conference because there is only a single issue which they believe needs to be addressed at the CMC.  The single unresolved issue between the parties relates to the briefing schedule for Defendants' oppositions and Plaintiffs' replies in connection with the upcoming class certification motions. Defendants and Plaintiffs each seek a thirty-day extension to their time for filing their opposition and reply briefs, respectively, and have been unable to reach agreement on that schedule.

### Joint Statement Regarding Discovery Progress

The Court's November 8, 2012 Case Management Scheduling Order extended the then-existing discovery and class certification briefing schedule, and stated that "[d]iscovery disputes will continue to be referred to Judge Spero, who anticipates setting a regular discovery conference to monitor the parties' progress and to supervise the pace of production."  (Case Management Scheduling Order, ECF No. 713, at 1.)  Since that time, the parties have prepared and submitted two joint discovery conference statements (ECF Nos. 715, 743), and Judge Spero has held two separate discovery conferences – on November 29, 2012 and January 17, 2013. The next discovery conference is set for February 28, 2013, with another joint discovery conference statement due February 21, 2013.  As a result of these regular discovery conferences, the parties have made substantial progress limiting their disputes and pushing forward the discovery process.

010177-12  580390 V1

Hon. J. Richard Seeborg
January 22, 2013
Page 2

## The Parties' Positions Regarding Scheduling Dispute

**A.      Plaintiffs' Position**

Plaintiffs request an adjustment to the current class certification schedule. The current schedule allows Defendants almost three months (84 days) to oppose class certification, but allows Plaintiffs less than a month (28 days) to take depositions of any declarants proffered by Defendants with their opposition, and then to file Plaintiffs' respective replies. This schedule will be unduly prejudicial to Plaintiffs, given the complexity of economic issues in this case, the likelihood that Defendants will submit multiple expert reports and fact declarations in opposition to class certification (as has been the case in several other high-technology antitrust cases litigated in this District), and the sheer number of Defendants in this case. Under the present schedule, Plaintiffs are only permitted 14 days from the date on which Defendants' opposition papers are filed to analyze the defense material and prepare for and take Defendants' expert and/or other declarant depositions. The schedule set forth below is submitted without prejudice to Plaintiffs seeking additional time to file reply papers once the Defendants file their opposition papers, expert reports and declarations. Plaintiffs proposed the following schedule to Defendants:

| Event | Current Date | Number of days | Plaintiffs' Proposed Date | Proposed Number of Days |
|---|---|---|---|---|
| Case Management Conference | n/a | | Fri., March 15, 2013 | |
| L/d for filing of motion for class certification | Mon., April 29, 2013 | | No change | |
| L/d for depositions of proposed class representatives and plaintiffs' experts | Mon., June 10, 2013 | 42 days | No change | |
| L/d for filing of oppositions to class certification | Mon., July 22, 2013 | 42 days | No change | |
| L/d for depositions of defendants' experts or other declarants in opposition to class certification | Mon., Aug. 5, 2013 | 14 days | Wed., Aug. 21, 2013 | 30 days |
| L/d for replies in support of class certification | Mon., Aug. 19, 2013 | 14 days | Friday, Sept. 20, 2013 | 30 days |
| Hearing on motion for class certification | Fri., Aug. 30, 2013 at 10:00 a.m. | 11 days | Fri., Oct. 18, 2013 or at the Court's convenience | 28 days, or at the Court's convenience |

Hon. J. Richard Seeborg
January 22, 2013
Page 3

Defendants do not oppose this request for an additional 30 days, but request a reciprocal 30 days to file their oppositions. This would mean that Defendants are seeking 114 days (***nearly four months***) to oppose class certification. Granting Plaintiffs' request for an additional 30 days, while at the same time allowing Defendants an additional 30 days, does nothing to address the inequities of the current schedule – in fact, it would just extend the *status quo*. Defendants would continue to have a comparatively longer period of time to file their oppositions than Plaintiffs would with respect to their replies. Respectfully, Plaintiffs request that the Court enter the schedule proposed above.

**B.      Defendants' Position**

In November 2012, Plaintiffs already requested a 90-day extension of their deadline to file their Motions for Class Certification.  As a courtesy, Defendants did not oppose Plaintiffs' request, and the Court granted Plaintiffs until April 29, 2013.  Defendants do not oppose Plaintiffs' latest request for an additional thirty days for their replies, and seek only a reciprocal 30-day extension for the filing of their Oppositions to the Direct Purchaser Plaintiffs' and the Indirect Purchaser Plaintiffs' two separate class certification motions.  Plaintiffs refused and offered only a 14-day extension.  This is Defendants' first request for an extension.

As the Court is aware, there are a number of substantial issues to be addressed during the parties' class certification briefing.  The Court recognized these threshold issues in its ruling on the second set of Motions to Dismiss:  "There remain some troubling issues, particularly in the DP SAC, with respect to how the products have been defined.  …  A number of other uncertainties exist as to whether the definitions in the two complaints are entirely consistent with the various ways in which ODDs are actually sold, and whether the two groups of plaintiffs have correctly distinguished between what should be characterized as 'direct' and 'indirect' purchases."  (Order Denying Motions to Dismiss (Dkt. 531) at 3.)  The Court then pointed out that "[t]hose issues will require further clarification at the class certification stage, and may necessitate some modification to the class definitions from what is presently alleged in the complaints."  (*Id.*)[1]  Plaintiffs will undoubtedly submit expert opinions in an attempt to address these issues, and Defendants will need to do the same.

By the time of their April filing, Plaintiffs will have had over 12 months since the Court's motion to dismiss ruling to take discovery, work with their experts, and prepare their class certification motions.  By contrast, Defendants have no idea at this point what the Direct Purchaser Plaintiffs' and the Indirect Purchaser Plaintiffs' two class certification motions will

---

[1]    *See also* Order at 7 ("[T]he definitions in the DP SAC are not entirely clear, and there is some uncertainty as to the scope of the putative class and the products involved").

Hon. J. Richard Seeborg
January 22, 2013
Page 4

look like—the identity or number of experts on which Plaintiffs will rely, the potential need for *Daubert* motions in connection with any proffered expert opinions, the scope of the classes Plaintiffs will seek to certify, the issues or products which may be raised by those motions, and who will even be the named Plaintiffs, in the case of the Indirect Purchaser Plaintiffs.  Under the current schedule, Defendants have only 12 weeks to draft Oppositions to the Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' two independent Motions, depose an unknown number of Plaintiffs' experts, work with our own experts to prepare their own sets of opinions and reports, and complete the depositions of all named Plaintiffs.

Accordingly, while Defendants do not oppose Plaintiffs' request for an additional thirty days to prepare their individual reply briefs, Defendants ask that the Court similarly grant this first request for a 30-day extension to prepare and file their class certification opposition briefs. Defendants' proposed modification to the schedule is set forth below.

| **Event** | **Current Date** | **Proposed Date** |
|---|---|---|
| Case Management Conference | Jan. 25, 2013 | |
| Further Case Management Conference | | Mar. 29, 2013 |
| Deadline for Filing Motions for Class Certification | Apr. 29, 2013 | Apr. 29, 2013 |
| Deadline for Depositions of Proposed Class Reps, and Plaintiffs' Experts | June 10, 2013 | June 25, 2013 |
| Deadline for Filing Oppositions to Class Certification Motions | July 22, 2013 | Aug. 21, 2013 |
| Deadline for Depositions of Defendants' Experts, and any Declarants in Oppositions to Class Cert. | Aug. 5, 2013 | Sept. 20, 2013 |
| Deadline for Filing Replies in Support of Motions for Class Certification | Aug. 19, 2013 | Oct. 21, 2013 |
| Hearing on Motions for Class Certification | Aug. 30, 2013 (10:00 am) | Nov. 1, 2013 (or at the Court's convenience) |

Hon. J. Richard Seeborg
January 22, 2013
Page 5

Sincerely,

DATED:  January 22, 2013            HAGENS BERMAN SOBOL SHAPIRO LLP

By _____ /s/ Jeff D. Friedman _____
JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

*Interim Lead Counsel for Indirect
Purchaser Plaintiffs*

DATED:  January 22, 2013            SAVERI & SAVERI. INC.

By _____ /s/ Guido Saveri _____
GUIDO SAVERI

R. Alexander Saveri (173102)
Cadio Zirpoli (179108)
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
guido@saveri.com
rick@saveri.com
cadio@saveri.com

*Interim Lead Counsel for Direct Purchaser Class*

DATED:  January 22, 2013            LATHAM & WATKINS LLP

By _____ /s/ Belinda S Lee _____
BELINDA S LEE

Hon. J. Richard Seeborg
January 22, 2013
Page 6

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 395-8240
Facsimile:  (415) 395-8095
belinda.lee@lw.com

*Liaison Counsel for Defendants*