IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | CASE NO. 3:10-md-2143 RS<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT** |

The Direct Purchaser plaintiffs (the "DPPs") seek preliminary approval of a settlement they have reached with certain defendants. The remaining, non-settling, defendants have filed an opposition, contending that approval of a settlement class at this juncture would be inappropriate in light of concerns expressed in prior orders regarding various definitional issues.[1] The DPPs are correct that non-settling defendants lack standing to object to the proposed settlement absent a sufficient showing of potential prejudice to them. *Waller v. Financial Corp. of America*, 828 F.2d 579, 583-84 (9th Cir. 1987). The non-settling defendants argue their opposition to the motion may

---

[1] The DPPs fault the non-settling defendants for raising these points, contending defendants are thereby disregarding the Court's caution against "seriatim pleading attacks." The prior order, however, expressly contemplated that these issues would have to be addressed at the class certification stage. Because settlement approval includes certification of a class for settlement purposes, this is an appropriate juncture for some further consideration of the matter.

be entertained because they are not challenging the settlement *per se*, rather they are raising procedural and timing issues, and the settlement would impose certain obligations on them.

Whether or not the non-settling defendants technically have standing, most of the concerns they raise would have been apparent even in the absence of any opposition brief being filed. As such, those issues can and have been considered. As discussed at the hearing and the prior order, significant uncertainties remain in the operative complaint regarding such matters as whether defining "ODD Devices" separately from ODDs has any meaning, whether definitions in the two complaints are entirely consistent with the various ways in which ODDs are actually sold, and whether the two groups of plaintiffs have correctly distinguished between what should be characterized as "direct" and "indirect" purchases. Nevertheless, those uncertainties do not preclude certification of a settlement class because the possibility that the class is effectively too broad does not prejudice class members, and does not prejudice the non-settling defendants.[2] Additionally, the products within the scope of the settlement appear to have been described with adequate specificity to permit persons to understand whether or not they are class members, regardless of whether the definitions are entirely clear or logical.

Finally, the DPPs' proposal that they will not file a motion to recover attorney fees until some later stage in the proceedings does not contravene *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010). Although an argument might be made that potential class members have an interest in reviewing the specifics of a fee motion prior to being forced to decide whether to opt out or to object to the settlement, *Mercury Interactive* held only that the deadline for class members' objections to a fee request cannot expire prior to the filing of the actual motion. 618 F.3d at 993-94 ("The plain text of the rule requires that any class member be allowed an opportunity to object to the fee 'motion' itself . . . ."). In the ordinary case there would be no reason to permit

---

[2] Indeed, going forward the DPPs have proposed an amended complaint that appears designed to eliminate at least some of the uncertainties, thereby arguably narrowing the scope of the claims. Without opining whether those amendments sufficiently address the problems, or whether leave to amend will be warranted, the proposed amendment highlights the distinction between what is being settled and what the non-settling defendants will still be entitled to contest even in the event of final approval of this proposed partial settlement.

2

the fee motion to be filed after the deadline for objecting to the settlement, but neither *Mercury Interactive* nor Rule 23(h) expressly prohibit doing so. Here, delaying the fee motion serves the interests of justice and judicial efficiency, because it will minimize the number of fee applications to be decided. The proposal contemplates that class members *will* be permitted to object to the fee motion when it is eventually filed.

Accordingly, under the liberal standard applicable to preliminary approval,[3] the DPPs' motion will be granted. They shall submit (by efiling and with a copy in word processing format emailed to the proposed orders inbox) a proposed order of preliminary approval that sets out the specific dates for the notice, objections, and final approval process, consistent with the basic timetable they previously proposed.

IT IS SO ORDERED.

Dated: 3/21/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] A motion seeking preliminary approval of a settlement agreement in a putative class action may be granted if, "[1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval . . . ." *In re Tableware Antitrust Litig.,* 484 F.Supp.2d 1078, 1079 (N.D.Cal. 2007) (citing Manual for Complex Litigation, Second § 30.44 (1985)). Because some of the factors bearing on the propriety of a settlement cannot be assessed prior to the final approval hearing, "a full fairness analysis is unnecessary at this stage." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D.Cal. 2008).