1   Guido Saveri (22349) guido@saveri.com
    R. Alexander Saveri (173102) rick@saveri.com
2   Geoffrey C. Rushing (126910) grushing@saveri.com
    Cadio Zirpoli (179108) cadio@saveri.com
3   SAVERI & SAVERI, INC.
    706 Sansome Street
4   San Francisco, CA 94111
    Telephone:  (415) 217-6810
5   Facsimile:  (415) 217-6813

6   *Chairman of the Executive Committee*
    *for the Direct Purchaser Plaintiffs*

7

8

9

10                          **UNITED STATES DISTRICT COURT**

11                         **NORTHERN DISTRICT OF CALIFORNIA**

12                            **SAN FRANCISCO DIVISION**

13

14  **IN RE OPTICAL DISK DRIVE**          Case No. 3:10-md-02143 RS
    **ANTITRUST LITIGATION**
15                                        MDL No. 2143

16  This Document Relates to:             **[~~PROPOSED~~] ORDER GRANTING**
                                          **SETTLEMENT CLASS CERTIFICATION**
17  **ALL DIRECT PURCHASER ACTIONS**      **AND PRELIMINARY APPROVAL OF**
                                          **CLASS ACTION SETTLEMENT WITH**
18                                        **HLDS**

19                                        Date:        March 14, 2013
                                          Time:        1:30 p.m.
20                                        Judge:       Honorable Richard Seeborg
                                          Courtroom:  3, 17th Floor

21

22

23

24

25

26

27

28

1     On January 17, 2013 Plaintiffs filed a Motion for Preliminary Approval of Class Action

2    Settlement with Defendants Hitachi-LG Data Storage, Inc. and Hitachi-LG Data Storage Korea,

3    Inc. (collectively, "HLDS").  The Court, having reviewed the motion, the settlement agreement and

4    associated releases, the pleadings and other papers on file in this action, and the statements of

5    counsel and the parties, hereby finds that the motion should be GRANTED.

6     NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

7     1.    For purposes of this Order, except as otherwise set forth herein, the Court adopts

8    and incorporates the definitions contained in the settlement agreement, to the extent not

9    contradictory or mutually exclusive.

10     2.    The Court hereby gives its preliminary approval to the settlement agreement, subject

11    to a hearing on the final approval of the settlement agreement (the "Fairness Hearing").

12     3.    The Court finds that the settlement falls within the range of possible final approval

13    and that there is a sufficient basis for notifying the settlement class identified in the settlement of

14    the proposed settlement and for setting a Fairness Hearing.

15     4.    Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the

16    following settlement class for purposes of this Motion only:

17

18       All individuals and entities who, during the period from January 1, 2004 through
        December 31, 2011  (the "Class Period"), purchased Optical Disk Drives and Optical
        Disk Drive Devices in the United States  directly from the Defendants, their

19       subsidiaries, or their affiliates.  Excluded from the Class are defendants and their
        parents, subsidiaries, affiliates, and all governmental entities.

20     5.    "Optical Disk Drives" or "ODDs" are defined to mean any device which

21    reads and/or writes data from and to an optical disk, including but not limited to, CD-ROMS,

22    CD-recordable/rewritable, DVD-ROM, DVD-recordable/rewritable, Blu-Ray, Blu-Ray

23    recordable/rewritable, HD-DVD, Super Multi-Drives and other combination drives, and optical

24    disk drives designed to be attached externally to computers or other devices.  "Optical Disk

25    Drive Devices" or "ODD Devices" shall mean devices incorporating ODDs including but not

26    limited to desktop computers, mobile/laptop computers, videogame consoles, CD

27    players/recorders, DVD players/recorders, and Blu-Ray disc players/recorders.  The

28    settlement class definition as set forth above and as used in this Order is for settlement

1   purposes only.  It has no binding effect on the Court, on the indirect-purchaser plaintiffs,

2   or on the Non-Released Defendants for any other purpose, including but not limited to

3   the filing or resolution of any upcoming motion(s) for class certification pursuant to Fed.

4   R. Civ. Proc. 23.

5          6.      The Court further provisionally finds that the prerequisites to certifying a settlement

6   class under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of

7   geographically dispersed settlement class members, making joinder of all members impracticable;

8   (b) there are questions of law and fact common to the settlement class which predominate over

9   individual issues; (c) the claims or defenses of the settlement class plaintiffs are typical of the

10  claims or defenses of the settlement class; (d) the plaintiffs will fairly and adequately protect the

11  interests of the settlement class, and have retained counsel experienced in antitrust class action

12  litigation who have, and will continue to, adequately represent the settlement class; and (e) a

13  settlement class resolution is superior to individual settlements.

14         7.      The Court hereby appoints the Plaintiffs named in the Second Consolidated Direct

15  Purchaser Class Action Complaint, filed September 23, 2011, as Representative Plaintiffs of the

16  settlement class.

17         8.      The Court appoints the law firm of Saveri & Saveri, Inc. to serve as Class Counsel

18  for the settlement class.

19         9.      The Court approves the form of the Long Form Notice attached hereto as Exhibit A

20  ("Long Form Notice").  The Court also approves the form of the Short Form Notice attached hereto

21  as Exhibit B ("Short Form Notice").  The Court finds that taken together, mailing of the Long

22  Form Notice (U.S Mail or electronic mail), publication of the Short Form Notice, and internet

23  posting of the Long Form Notice are: (i) the best notice practicable; (ii) reasonably calculated to,

24  under the circumstances, apprise the settlement class members of the proposed settlements and of

25  their right to object or to exclude themselves as provided in the settlement agreements; (iii)

26  reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive

27  notice; and (iv) meet all applicable requirements of due process and any other applicable

28  requirements under federal law.

10.     All defendants shall produce by April 18, 2013 an electronic list of potential settlement class members along with their mail and e-mail addresses, to the extent reasonably feasible and subject to the availability of responsive information.

11.     Plaintiffs' claims administrator shall provide notice of the class settlements.  The claims administrator shall provide direct notice of the settlements to all members of the settlement class on or before May 9, 2013.  Such notice shall be sent either by first class U.S. mail (postage prepaid) or by electronic mail.  The claims administrator shall publish the Short Form Notice in the national edition of the *Wall Street Journal* on or before May 13, 2013.  The claims administrator shall also cause a copy of the class notices and Settlement Agreements to be posted on the internet website www.odddirectpurchaserantitrustsettlement.com on or before May 9, 2013.

12.     Each settlement class member shall have the right to be excluded from the settlement class by mailing a request for exclusion to the claims administrator no later than June 24, 2013.  Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion.  No later than July 8, 2013, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the settlement classes as provided in the settlement agreements.

13.     Any settlement class member who does not properly and timely request exclusion from the settlement class as provided above shall, upon final approval of the settlements, be bound by the terms and provisions of the settlements so approved, including but not limited to the releases, waivers, and covenants described in the agreements, whether or not such person or entity objected to the settlement agreements and whether or not such person or entity makes a claim upon the settlement funds.

14.     Each settlement class member who has not timely excluded itself from the settlements shall have the right to object to (1) the settlements, and/or (2) the plan of allocation by filing written objections with the Court no later than June 24, 2013, copies of which shall be served

1    on all counsel listed in the class notice. Failure to timely file and serve written objections will

2    preclude a class member from objecting to any or all of the settlements.

3         15.    Each settlement class member as provided above shall have the right to appear at the

4    Fairness Hearing by filing a Notice of Intention to Appear no later than June 24, 2013, copies of

5    which shall be served on all counsel listed in the class notice.

6         16.    The Court will conduct a Fairness Hearing on August 15, 2013 at 1:30 p.m. The

7    Fairness Hearing will be conducted to determine the following:

8              a.    Whether each proposed settlement is fair, reasonable, and adequate and

9                    should be granted final approval;

10             b.    Whether final judgment should be entered dismissing the claims of the

11                   settlement class against Defendants Hitachi-LG Data Storage, Inc., Hitachi-

12                   LG Data Storage Korea, Inc., LG Electronics, Inc., LG Electronics USA,

13                   Inc., and Hitachi, Ltd.;

14             c.    Approval of the plan of allocation; and

15             d.    Such other matters as the Court may deem appropriate.

16        17.    Each member of the settlement class shall retain all rights and causes of action with

17   respect to claims against all Defendants other than Defendants Hitachi-LG Data Storage, Inc.,

18   Hitachi-LG Data Storage Korea, Inc., LG Electronics, Inc., LG Electronics USA, Inc., and Hitachi,

19   Ltd. regardless of whether such member of the settlement class decides to remain in the settlement

20   class or to exclude itself from the settlement class.

21        18.    All briefs, memoranda and papers in support of final approval of the settlements

22   shall be filed no later than July 25, 2013.

23        19.    Plaintiffs' Counsel and their designees are authorized to expend funds from the

24   escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the

25   Settlement Agreement.

26        20.    All further direct purchaser class proceedings as to Defendants Hitachi-LG Data

27   Storage, Inc., Hitachi-LG Data Storage Korea, Inc., LG Electronics, Inc., LG Electronics USA,

28

Inc., and Hitachi, Ltd. are hereby stayed except for any actions required to effectuate the settlements.

      21.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

      IT IS SO ORDERED.

Dated: __3/22/13_____

                                        _____
                                        Hon. Richard Seeborg
                                        United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought An Optical Disk Drive or Optical Disk Drive Device,

## A Class Action Settlement May Affect You.

An Optical Disk Drive is any device which reads and/or writes data from and to an optical disk, including but not limited to, CD-ROMS, CD-recordable/rewritable, DVD-ROM, DVD-recordable/rewritable, Blu-Ray, Blu-Ray recordable/rewritable, HD-DVD, Super Multi-Drives and other combination drives, and optical disk drives designed to be attached externally to computers or other devices.

Optical Disk Drive Devices include desktop computers, mobile/laptop computers, video game consoles, CD players/recorders, DVD players/recorders, and Blu-Ray players/recorders that contain Optical Disk Drives

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit brought on behalf of direct purchasers of Optical Disk Drives (ODDs) and Optical Disk Drive Devices (ODD Devices) is currently pending.

- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of ODDs. Plaintiffs further claim that direct purchasers from the Defendants of computers, video game consoles, CD players/recorders, DVD players/recorders, and Blu-Ray players/recorders that contain ODDs may recover for the effect that the ODD conspiracy had on the prices of ODD Devices.  Plaintiffs allege that, as a result of the unlawful conspiracy involving ODDs, they and other direct purchasers paid more for ODDs and ODD Devices than they would have paid absent the conspiracy.  Defendants deny Plaintiffs' claims.

- A settlement has been reached with Defendants Hitachi-LG Data Storage, Inc. and Hitachi-LG Data Storage Korea, Inc. (the "Settlement"). LG Electronics, Inc., LG Electronics USA, Inc., and Hitachi, Ltd. are also being released by this Settlement. These companies are together referred to as "Released Defendants."

- Your legal rights will be affected whether you act or don't act. This Notice includes information on the Settlement and the continuing lawsuit. Please read the entire Notice carefully.

## These Rights and Options – and deadlines to exercise them – are explained in this Notice

| | |
|---|---|
| You can object or comment on the Settlement | *see* Question 10 |
| You may also exclude yourself from the Settlement | *see* Question 10 |
| You may go to a hearing and comment on the Settlement | *see* Question 14 |

- The Court in charge of this case still has to decide whether to approve the Settlement. The case against the Non-Released Defendants (identified below) continues.

**For More Information: Call 1-888-270-0759 or Visit**
**www.ODDDirectPurchaserAntitrustSettlement.com**

# WHAT THIS NOTICE CONTAINS

**Basic Information** ........................................................................................................ Page 3

     1.  Why did I get this Notice?

     2.  Who are the Defendant companies?

     3.  What is this lawsuit about?

     4.  Why is there a Settlement, but the litigation is continuing?

     5.  What are Optical Disk Drives and Optical Disk Drive Products?

     6.  What is a class action?

**The Settlement Class** .................................................................................................... Page 5

     7.  How do I know if I'm part of the Settlement Class?

     8.  What does the Settlement provide?

     9.  When can I get a payment?

     10. What are my rights in the Settlement Class?

     11. What am I giving up to stay in the Settlement Class?

**The Settlement Approval Hearing** .............................................................................. Page 7

     12. When and where will the Court decide whether to approve the Settlement?

     13. Do I have to come to the hearing?

     14. May I speak at the hearing?

**The Lawyers Representing You** .................................................................................... Page 8

     15. Do I have a lawyer in the case?

     16. How will the lawyers be paid?

**Getting More Information** ............................................................................................ Page 8

     17. How do I get more information?

**For More Information: Call 1-888-270-0759 or Visit**
**www.ODDDirectPurchaserAntitrustSettlement.com**

## BASIC INFORMATION

**1.      Why did I get this Notice?**

You or your company may have directly purchased Optical Disk Drives (ODDs) or Optical Disk Drive Devices (ODD Devices) between January 1, 2004 and December 31, 2011.  For purposes of this Settlement, a direct purchaser is a person or business who bought an ODD, or an ODD Device directly from one or more of the Defendants, co-conspirators, affiliates, or subsidiaries themselves, as opposed to an intermediary (such as a retail store).

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the Settlement.

The Notice explains the litigation, the Settlement, and your legal rights.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

**2.      Who are the Defendant companies?**

The Defendant companies include: Sony Corporation, Sony Optiarc Inc., NEC Corporation, Sony NEC Optiarc Inc., Sony Optiarc America Inc., Sony Computer Entertainment America, Inc., Sony Electronics, Inc., LG Electronics Inc., LG Electronics USA, Inc., Hitachi, Ltd., Hitachi-LG Data Storage, Inc., Hitachi-LG Data Storage Korea, Inc., Toshiba Corporation, Toshiba America Information Systems, Inc., Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., Toshiba Samsung Storage Technology Corp., Toshiba Samsung Storage Technology Corp. Korea, Lite-On IT Corp. of Taiwan, Koninklijke Philips Electronics N.V., Philips & Lite-On Digital Solutions Corp., Philips & Lite-On Digital Solutions USA, Inc., BenQ Corporation, BenQ America Corporation, TEAC Corporation, TEAC America, Inc., Quanta Storage, Inc., Quanta Storage America, Inc., Panasonic Corporation, and Panasonic Corporation of North America.

**3.      What is this lawsuit about?**

The lawsuit alleges that Defendants and co-conspirators conspired to raise and fix the prices of ODDs for six years, resulting in overcharges to direct purchasers of those ODDs and certain products containing ODDs.  The complaint describes how the Defendants and co-conspirators allegedly violated the U.S. antitrust laws by establishing a global cartel that set artificially high prices for, and restricted the supply of ODDs.  Defendants deny Plaintiffs allegations.  The Court has not decided who is right.

**4.      Why is there a Settlement but the litigation is continuing?**

Only two of the Defendants have agreed to settle the lawsuit – Hitachi-LG Data Storage, Inc. and Hitachi-LG Data Storage Korea, Inc. (collectively, "HLDS"). LG Electronics, Inc. and Hitachi, Ltd. ("Hitachi"), the parent companies of HLDS, and LG Electronics USA, Inc. (collectively, with LG Electronics, Inc., "LG") are also being released by this Settlement. HLDS, LG, and Hitachi are collectively referred to as Released Defendants. The case is continuing against the remaining Non-Released Defendants.  Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

**5.      What are Optical Disk Drives and Optical Disk Drive Products?**

For the purposes of the Settlement, "Optical Disk Drives" or "ODDs" are defined to mean any device which reads and/or writes data from and to an optical disk, including but not limited to, CD-ROMS, CD-recordable/rewritable, DVD-ROM, DVD-recordable/rewritable, Blu-Ray, Blu-Ray recordable/rewritable, HD-DVD, Super Multi-Drives and other combination drives, and optical disk drives designed to be attached externally to computers or other devices.

"Optical Disk Drive Devices" or "ODD Devices" shall mean devices incorporating ODDs including but not limited to desktop computers, mobile/laptop computers, videogame consoles, CD players/recorders, DVD players/recorders, and Blu-Ray disc players/recorders.

**6.      What is a class action?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  All these people are members of the class, except for those who exclude themselves from the class.

If the Plaintiffs obtain money or benefits as a result of a trial or future settlement, you will be notified about those settlements, if any, at that time. Important information about the case will be posted on the website, **www.ODDDirectPurchaserAntitrustSettlement.com** as it becomes available. Please check the website to be kept informed about any future developments.

## THE SETTLEMENT CLASS

**7.      How do I know if I'm part of the Settlement Class?**

The settlement class includes persons and entities who, between January 1, 2004 and December 31, 2011, directly purchased an ODD or an ODD Device in the United States from any Defendant or subsidiary or affiliate thereof, or any co-conspirator. ("Settlement Class").

**8.      What does the Settlement provide?**

The Settlement with HLDS provides for payment of $26,000,000 in cash, plus interest. The Settlement also provides for the production of witnesses.  In addition, HLDS, Hitachi, and LG's sales remain in the case for the purpose of computing damages against the remaining Non-Released Defendants. Finally, the Settlement provides that $500,000 of the $26 million Settlement Fund, subject to Court approval, may be used to pay expenses incurred in the litigation for prosecution of the action on behalf of the Settlement Class against Non-Released Defendants.

More details are in the Settlement Agreement, available at
**www.ODDDirectPurchaserAntitrustSettlement.com**

**9.      When can I get a payment?**

No money will be distributed to any Settlement Class member yet. The lawyers will pursue the lawsuit against the Non-Released Defendants to see if any future settlements or judgments can be obtained in the case and then be distributed together, to reduce expenses.

Any future distribution of the Settlement Funds will be allocated on a *pro rata* basis.  You will be notified in the future when and where to send a claim form.  DO NOT SEND ANY CLAIMS NOW.

In the future, the Settlement Funds will be allocated on a *pro rata* basis based on the dollar value of each class member's purchase(s) of either ODDs or ODD Devices in proportion to the total claims filed.  In determining the *pro rata* allocation of Settlement Funds, purchases of ODDs will be valued at 100% of their purchase price.  For purchases of ODD Devices, the *pro rata* calculation will factor in the proportionate value of the ODD contained in the product.  The resulting percentages will be multiplied by the net Settlement Fund (total settlements minus all costs, attorneys' fees, and expenses) to determine each claimant's *pro rata* share of the Settlement Fund.

**10.     What are my rights in the Settlement Class?**

**Remain in the Settlement Class**: If you wish to remain a member of the Settlement Class you do not need to take any action at this time.

**Get out of the Settlement Class**: If you wish to keep any of your rights to sue the Released Defendants about claims concerning the manufacture, supply, distribution, sale or pricing of ODDs or ODD Devices, other than claims for product liability, personal injury or breach of contract claims not related to the allegations in this case, you must exclude yourself from the Settlement Class. You will not get any money from the Settlement if you exclude yourself from the Settlement Class.

To exclude yourself from the Settlement Class, you must send a letter that includes the following:

- Your name, address and telephone number;
- A statement saying that you want to be excluded from *In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143, HLDS Settlement; and
- Your signature.

You must mail your exclusion request, postmarked no later than **June 24, 2013**, to:

ODD Claims Administrator

P.O. Box 6002

Larkspur CA 94977-6002

**Remain in the Settlement Class and Object**: If you have comments about, or disagree with, any aspect of the Settlement, you may express your views to the Court by writing to the address below. The written response needs to include your name, address, telephone number, the case name and number (*In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143), a brief explanation of your reasons for objecting, and your signature. The response must be postmarked no later than **June 24, 2013** and mailed to:

| COURT | INTERIM LEAD COUNSEL | COUNSEL FOR HLDS |
|---|---|---|
| Honorable Richard Seeborg United States District Court Northern District of California San Francisco Division 450 Golden Gate Avenue Courtroom 3, 17th floor San Francisco, CA 94102 | Guido Saveri R. Alexander Saveri SAVERI & SAVERI, INC. 706 Sansome Street San Francisco, CA 94111 | Mark S. Popofsky ROPES & GRAY LLP One Metro Center 700 12th Street NW, Suite 900 Washington, DC 20005 |

**11.     What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class, you can't sue the Released Defendants, or be part of any other lawsuit against Released Defendants about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreement.       The      Settlement      Agreement      is      available      at **www.ODDDirectPurchaserAntitrustSettlement.com.**

**THE SETTLEMENT APPROVAL HEARING**

**12.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at **1:30 p.m.** on **August 15, 2013**, at United States District Courthouse, 450 Golden Gate Avenue, Courtroom 3, 17th floor, San Francisco, California, 94102.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Class website for information.  At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**13.     Do I have to attend the hearing?**

No. Interim Lead Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**14.     May I speak at the hearing?**

If you want your own lawyer instead of Interim Lead Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance."  The Notice of Appearance should include the name and number of the lawsuit (*In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143), and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than **June 24, 2013**. You cannot speak at the Hearing if you previously asked to be excluded from the Settlement.

The Notice of Appearance must be sent to the addresses listed in Question 10.

**For More Information: Call 1-888-270-0759 or Visit**
**www.ODDDirectPurchaserAntitrustSettlement.com**
7

## THE LAWYERS REPRESENTING YOU

**15.**     **Do I have a lawyer in the case?**

Yes. The Court has appointed the law firm of Saveri & Saveri, Inc. to represent you as "Interim Lead Counsel." You do not have to pay Interim Lead Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

**16.**     **How will the lawyers be paid?**

Class Counsel are not asking for attorneys' fees at this time.  At a future time, Interim Lead Counsel will ask the Court for attorneys' fees not to exceed one-third (33.3%) of this or any future Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement Agreement.  Interim Lead Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole Class.

## GETTING MORE INFORMATION

**17.**     **How do I get more information?**

This Notice summarizes the lawsuit and the Settlement. You can get more information about the lawsuit and Settlement at **www.ODDDirectPurchaserAntitrustSettlement.com,** by calling 1-888-270-0759, or writing to ODD Claims Administrator, P.O. 6002, Larkspur CA 94977-6002. Please do not contact the Court about this case.

BY ORDER OF THE COURT

# EXHIBIT B

LEGAL NOTICE

## If You Bought An Optical Disk Drive or Optical Disk Drive Device, A Class Action Settlement May Affect You.

---

### Optical Disk Drive (ODD) Devices include computers, video game consoles, CD players/recorders, DVD players/recorders, and Blu-Ray players/recorders that contain Optical Disk Drives

A settlement has been reached with two defendants in a class action lawsuit involving ODDs and ODD Devices. ODD stands for "Optical Disk Drive." ODDs are any device which reads and/or writes data from and to an optical disk, including but not limited to, CD-ROMS, CD-recordable/rewritable, DVD-ROM, DVD-recordable/rewritable, Blu-Ray, Blu-Ray recordable/rewritable, HD-DVD, Super Multi-Drives and other combination drives, and optical disk drives designed to be attached externally to computers or other devices. "Optical Disk Drive Devices" or "ODD Devices" include desktop computers, mobile/laptop computers, videogame consoles, CD players/recorders, DVD players/recorders, and Blu-Ray disc players/recorders incorporating ODDs.

#### What is this lawsuit about?

The lawsuit alleges that Defendants and Co-Conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of ODDs. Plaintiffs further claim that direct purchasers from the Defendants of ODD Devices manufactured by a Defendant may recover for the effect that the alleged ODD conspiracy had on the prices of ODDs and ODD Devices. Plaintiffs allege that, as result of the unlawful conspiracy involving ODDs, they and other direct purchasers paid more for ODDs and ODD Devices than they would have absent the conspiracy. Defendants deny Plaintiffs' claims.

#### Who's included in the Settlement?

The Settlement includes all persons and entities who, between January 1, 2004 and December 31, 2011, directly purchased an ODD or ODD Device in the United States from any defendant or subsidiary or affiliate thereof. ("Settlement Class").

#### Who are the Released Defendants?

A Settlement has been reached with Defendants Hitachi-LG Data Storage, Inc. and Hitachi-LG Data Storage Korea, Inc. (collectively "HLDS"). LG Electronics, Inc., Hitachi, Ltd. (the parent companies of HLDS) and LG Electronics USA, Inc. are also being released by the settlement. The companies are together referred to as the "Released Defendants." A complete list of Defendants is set out in the Long Form of Notice available at www.ODDDirectPurchaserAntitrustSettlement.com.

#### What does the Settlement provide?

The Settlement provides for the payment of $26,000,000 in cash, plus interest, to the Settlement Class. The Settlement provides that $500,000 of the Settlement Fund, subject to Court approval, may be used to pay expenses incurred in the litigation for prosecution of the action on behalf of the Class against the non-released Defendants. Released Defendants have agreed to produce witnesses in the case against the remaining non-released Defendants. Money will not be distributed to Settlement Class members at this time. The lawyers will pursue the lawsuit against the other Defendants, to see if any future settlements or judgments can be obtained in the case and then be distributed together, on a *pro rata* basis based on the value of your ODD purchase, to reduce expenses.

#### What are my rights?

If you wish to remain a member of the Settlement Class you do not need to take any action at this time. If you do not want to be legally bound by the Settlement, you must exclude yourself in writing by June 24, 2013, or you will not be able to sue, or continue to sue, the Released Defendants about the legal claims that were or could have been asserted in this case.

If you wish to comment on or disagree with any aspect of the proposed Settlement, you must do so in writing no later than June 24, 2013. The Settlement Agreement, along with details on how to object to it, is available at www.ODDDirectPurchaserAntitrustSettlement.com. The U.S. District Court for the Northern District of California will hold a Fairness Hearing on August 15, 2013 at 1:30 p.m., at the United States District Courthouse, 450 Golden Gate Avenue, Courtroom 3, 17th floor, San Francisco, California, 94102. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for information.

The Court has appointed the law firm of Saveri & Saveri, Inc. as Interim Lead Class Counsel, to represent Direct Purchaser Class members. The Court will hold a hearing on August 15, 2013 at 1:30 p.m. to consider whether the Settlement is fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. You may appear at the hearing, but don't have to. We do not know how long these decisions will take. Please do not contact the Court about this case.

This is the Short Form Notice. For more details, call toll free 1-888-270-0759, visit www.ODDDirectPurchaserAntitrustSettlement.com, or write to ODD Direct Settlement, P.O. Box 6002, Larkspur CA 94977-6002.