IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | CASE NO. 3:10-md-2143 RS<br><br>**ORDER OVERRULING OBJECTION TO NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE PRODUCTION OF DOCUMENTS LOCATED OVERSEAS** |

Defendant Toshiba Samsung Storage Technology Korea Corporation ("TSSTK") seeks relief from the assigned magistrate judge's denial of its request for a protective order. The protective order TSSTK sought would have stayed its obligation to produce certain documents located overseas for at least the next four months. TSSTK contends that such a protective order is warranted to preclude the Department of Justice from obtaining documents for use in a criminal investigation that ordinarily would be beyond the scope of its criminal subpoena power.

A district court will modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). TSSTK argues that the magistrate judge's ruling was contrary to law in two respects. First, TSSTK contends the magistrate judge erroneously believed he was precluded from granting the requested relief because the judge

previously presiding in this action had denied a motion for a "blanket stay" of discovery. Nothing in the magistrate judge's ruling, however, reflects any opinion that he lacked authority or power to enter a narrow protective order now as a result of the prior ruling. The magistrate judge merely stated that "the issue" of the relationship between discovery in this action and the criminal proceeding had been decided previously, and that it would be inappropriate to revisit it now. TSSTK believes that its present request presents "particular circumstances" that distinguish it from the blanket stay previously denied. Contrary to TSSTK's assertion, the magistrate judge did not conclude "his hands were tied" or that he was "bound" by the prior ruling; rather he merely rejected TSSTK's argument that the purported differences in the circumstances and the scope of the relief sought were sufficiently meaningful to warrant a different result.

Accordingly, TSSTK's claim that the magistrate judge erred in construing the prior ruling as binding fails, because there is no indication he did so.[1] To the extent TSSTK may also contend it was error not to conclude that the "particular circumstances" it presents warrant a different result, such an argument merges into its second claim—namely that the magistrate judge committed legal error in purportedly finding there to be "no authority" for the requested relief.

Again, TSSTK reads more import into the magistrate judge's comments than is warranted. TSSTK is correct that the court has discretion to fashion appropriate protective orders upon showing of "good cause." Fed. R. Civ. P. 26(c)(1)(B). TSSTK also offers certain *policy* arguments as to why it believes a protective order is warranted here. Thus, if the policy arguments made by TSSTK were persuasive, there plainly would be "authority" to enter a protective order. The record reveals no lack of understanding on this point by the magistrate judge. Rather, the magistrate judge plainly was referring only to the fact that TSSTK was unable to point to any direct precedent that protective orders have been entered and should be entered in circumstances like these.

Indeed, as TSSTK must acknowledge, the Ninth Circuit has expressly held that where, "[b]y a chance of litigation, the documents have been moved from outside the grasp of the grand jury to within its grasp . . . [n]o authority forbids the government from closing its grip on what lies within

---

[1] The magistrate judge also based his ruling on grounds independent of the prior ruling before even making any reference to it.

2

the jurisdiction of the grand jury." *In re Grand Jury Subpoenas*, 627 F.3d 1143, 1144 (9th Cir. 2010). TSSTK argues strenuously that this places it in the position of having to make an untenable choice between facing civil discovery sanctions for failing to produce the documents or giving the government access to material it could not reach were no private civil litigation in progress.

What TSSTK has not shown, however, is that this alleged "unfairness" results from any improper conduct by either the plaintiffs in the private litigation or by the government, or that this is materially different from any other happenstance of circumstances or timing that may work to the strategic disadvantage of one side or the other. Yes, if TSSTK complies with its civil discovery obligations, the government may have an opportunity to review some documents that would otherwise be beyond its subpoena power. That consequence flows, however, not from any overreaching by the government that the Court should step in to address, but from the simple fact that TSSTK has voluntarily exposed itself to certain obligations to participate in the civil litigation processes of this country, and there happens to be a civil case underway regarding the same matters the government is investigating. The mere fact that the government will have access to materials once they arrive in the country is not fundamentally inconsistent with the policies behind the geographical limitations on this government's criminal subpoena power.

Accordingly, while the Court undoubtedly has the authority to enter a protective order where warranted, the magistrate judge's ruling was not contrary to law nor clearly erroneous in concluding that TSSTK had not demonstrated a legal or factual basis for imposing such an order here. Its objection to the ruling is therefore overruled.[2]

---

[2] Complaining of the relatively severe page limits imposed both on its motion before the magistrate judge and on this objection, TSSTK specifically requested oral argument on this matter. TSSTK's briefing, however, concisely and clearly sets out its arguments. There is no reason to believe that there are any additional authorities or facts that were omitted, or any significantly different points to be made. Although TSSTK's argument ultimately did not prevail, it was very well articulated and presented. Under these circumstances, further argument is not warranted.

IT IS SO ORDERED.

Dated: 4/26/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE