IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | CASE NO. 3:10-md-2143 RS<br><br>**ORDER RE INDIRECT PURCHASERS' MOTION FOR LEAVE TO AMEND, AND RELATED MATTERS** |

  The unopposed application of the Pioneer entities for an order shortening time on their motion for leave to intervene for a limited purpose is granted.[1] Pursuant to Civil Local Rule 7-1(b), the Indirect Purchasers' motion for leave to amend, and the Pioneer entities' motion for leave to intervene, are suitable for disposition without oral argument, and the hearing set for July 11, 2013 is vacated.

  The Pioneer entities' motion will be granted insofar as its arguments regarding the Indirect Purchasers' proposed Fourth Amended Complaint have been taken into consideration. The Indirect Purchasers' motion for leave to amend is granted, in part. The Fourth Amended Complaint as

---

[1] Generally, stipulations to shorten time pursuant to Civil Local Rule 6-2 should be sought prior to bringing motions under Rule 6-3.

proposed may be filed, but by virtue of this order it shall be deemed not to be effective to add any Pioneer entities as defendants to this action at this juncture. The associated sealing motion (Dkt. No. 880) is also granted.

The Pioneer entities are presently named as defendants in *Wagner, et al. v. Pioneer North America, Inc., et al.* Case No. 13-2124 RS, which has been related hereto. Contrary to the apparent belief of both the Indirect Purchasers and the Pioneer entities, *Wagner* has *not* been consolidated with this action to date. Accordingly, the motion to dismiss the complaint in *Wagner* should have been filed in that action, not this one. Likewise, the First Amended Complaint submitted in lieu of an opposition to the motion to dismiss should have been filed under the *Wagner* case number, not this one. Therefore, Docket No. 915 (the amended complaint against the Pioneer entities) and No. 914 (the associated sealing motion) will both be stricken, without prejudice to refiling in the *Wagner* action.

Upon refiling of the amended complaint in *Wagner*, the Pioneer entities may move to dismiss if they contend the amended complaint remains deficient. The motion to dismiss the original *Wagner* complaint, erroneously filed in this action and set for hearing on July 25, 2013 is denied as moot. The parties are directed to meet and confer to attempt to reach agreement as to if and when *Wagner* should be consolidated with this action, and how the two actions should be coordinated if not consolidated. The parties should also consider what, if any, procedures may be required in light of the fact that this action is an MDL proceeding.

IT IS SO ORDERED.

Dated: July 3, 2013

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

2