| | |
|---|---|
| 1 | Jeffrey A. LeVee (State Bar No. 125863) |
| | jlevee@JonesDay.com |
| 2 | Eric P. Enson (State Bar No. 204447) |
| | epenson@JonesDay.com |
| 3 | Kathleen P. Wallace (State Bar No. 234949) |
| | Kwallace@JonesDay.com |
| 4 | JONES DAY |
| | 555 South Flower Street |
| 5 | Fiftieth Floor |
| | Los Angeles, CA  90071.2300 |
| 6 | Telephone:  +1.213.489.3939 |
| | Facsimile:   +1.213.243.2539 |

Attorneys for Defendants
PIONEER CORPORATION, PIONEER HIGH
FIDELITY TAIWAN CO., LTD., PIONEER NORTH
AMERICA, INC. AND PIONEER ELECTRONICS
(USA) INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 3:10-md-2143-RS |
| This Document Relates to: | STIPULATION AND [PROPOSED] ORDER REGARDING CONSOLIDATION, SERVICE OF PROCESS AND DISCOVERY IN RELATED ACTION |
| 3:13-cv-02124-RS, | |
| AARON WAGNER, et al. | |
| Plaintiffs, | |
| v. | |
| PIONEER NORTH AMERICA, INC., et al., | |
| Defendants | |

LAI-3197856v1

STIPULATION AND [PROPOSED] ORDER
REGARDING RELATED ACTION
3:10-MD-2143-RS

## STIPULATION

WHEREAS, on October 10, 2010, Indirect Purchaser Plaintiffs ("IPPs") filed a consolidated complaint in this multi-district litigation against a number of defendants, in *In re Optical Disk Drive Products Antitrust Litigation*, Case No. 3:10-MD-2143-RS (the "*ODD Litigation*"). (*ODD Litigation*, ECF No. 239.)

WHEREAS, since that time, the *ODD Litigation* has proceeded into discovery and, on May 29, 2013, IPPs filed a Motion for Class Certification in the *ODD Litigation* ("Motion for Class Certification").

WHEREAS, shortly before filing their Motion for Class Certification, on May 8, 2013, IPPs filed a separate class action complaint against defendants Pioneer Corporation, Pioneer High Fidelity Taiwan Co., Ltd., Pioneer North America, Inc., and Pioneer Electronics (USA) Inc. (together the "Pioneer Defendants), in *Wagner v. Pioneer North America, Inc., et al.*, Case No. 3:13-cv-2124-RS (the "*Wagner* Action"). (*Wagner* Action, ECF No. 1.)

WHEREAS, on May 20, 2013, this Court entered an order deeming the *Wagner* Action related to the *ODD Litigation* and transferring the *Wagner* Action to this Court. (*Wagner* Action, ECF No. 7.)

WHEREAS, on May 21, 2013, this Court issued an order setting a Case Management Conference in the *Wagner* Action for October 11, 2013 (*Wagner* Action, ECF No. 8), pursuant to which the last day for the parties to hold a conference under Rule 26(f) is September 20, 2013.

WHEREAS, on May 29, 2013, IPPs filed a Motion for Leave to Amend Complaint seeking permission to file a Fourth Amended Class Action Complaint in the *ODD Litigation* to, among other things, name the Pioneer Defendants as co-conspirators in the *ODD Litigation* ("Motion to Amend"). (*ODD Litigation*, ECF No. 879.)

WHEREAS, on May 30, 2013, Pioneer North America, Inc. and Pioneer Electronics (USA) Inc., the only Pioneer Defendants served in the *Wagner* Action, filed a Motion to Dismiss IPPs' Complaint. (*ODD Litigation*, ECF No. 887.)

1         WHEREAS, on June 13, 2013, IPPs filed a Notice of Intent to Amend their Complaint against the Pioneer Defendants, rather than oppose the Motion to Dismiss (*ODD Litigation*, ECF No. 905), and thereafter filed a First Amended Class Action Complaint against the Pioneer Defendants, on June 20, 2013. (*ODD Litigation*, ECF No. 915.)

        WHEREAS, on June 12, 2013, Pioneer North America, Inc. and Pioneer Electronics (USA) Inc., filed an opposition to IPPs' Motion to Amend (*ODD Litigation*, ECF No. 904), and IPPs filed a reply in support of the Motion to Amend, on June 19, 2013. (*ODD Litigation*, ECF No. 911.)

        WHEREAS, on July 3, 2013, this Court issued an Order on IPPs' Motion to Amend finding that, although the *Wagner* Action was related to the *ODD Litigation*, all documents pertaining to the action against the Pioneer Defendants should have been filed in the *Wagner* Action, rather than the *ODD Litigation*, and directing the parties to meet and confer regarding whether the *Wagner* Action and the *ODD Litigation* should be coordinated or consolidated. (*ODD Litigation*, ECF No. 929.)

        WHEREAS, to date, Pioneer Corporation and Pioneer High Fidelity Taiwan Co., Ltd. have not been served with process in the *Wagner* Action.

        WHEREAS, as instructed by the Court, the parties have met and conferred regarding the possible consolidation of the *Wagner* Action and the *ODD Litigation* and various other issues.

        NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between the undersigned counsel for the parties as follows:

        1.      With respect to consolidation, the *Wagner* Action shall be fully consolidated with the *ODD Litigation* upon the filing of a Fifth Amended Class Action Complaint ("Fifth Amended Complaint") in the *ODD Litigation* that names the Pioneer Defendants as defendants in the *ODD Litigation*, with the following agreements between the Pioneer Defendants and IPPs: (i) the Pioneer Defendants are not a party to, or bound by, IPPs' pending Motion for Class Certification in the *ODD* Litigation; (ii) IPPs will not file a motion for class certification against the Pioneer Defendants until at least 30 days after the Court issues an Order granting or

1  denying IPPs' pending Motion for Class Certification and after the parties have met and conferred
2  regarding such a motion; (iii) consolidation of the *Wagner* Action with the *ODD Litigation* will
3  not prevent the Pioneer Defendants from seeking extensions of time to complete discovery, file
4  summary judgment, prepare for trial or complete other work in the *ODD Litigation* due to their
5  late entry into this matter, and IPPs will meet and confer in good faith with the Pioneer
6  Defendants regarding such extensions; and (iv) by agreeing to consolidation, the Pioneer
7  Defendants are not waiving any defenses, claims or arguments that they could otherwise assert in
8  the separate *Wagner* action.

9       2.   With respect to service of process, as authorized by the Pioneer
10 Defendants, undersigned counsel for the Pioneer Defendants agree to accept service of the Fifth
11 Amended Complaint for all of the Pioneer Defendants, including Pioneer Corporation and
12 Pioneer High Fidelity Taiwan Co., Ltd. The Pioneer Defendants shall have a total of 51 days
13 from service of the Fifth Amended Compliant to file a response thereto.

14       3.   With respect to discovery, the Pioneer Defendants and the IPPs shall
15 conduct a conference pursuant to Rule 26(f) ("Rule 26(f) Conference") on August 23, 2013,
16 rather than September 20, 2013. IPPs' initial set of discovery to Pioneer shall focus on the
17 production of transactional data, and later fact-based discovery of Pioneer shall be initially
18 limited to a set of five custodians.

19       IT IS SO STIPULATED.

20 Dated: August 19, 2013                    JONES DAY

22                                          By: /S/ Eric P. Enson
23                                              Eric P. Enson

24                                          Attorneys for Defendants
                                            PIONEER CORPORATION, PIONEER
25                                          HIGH FIDELITY TAIWAN CO., LTD.,
                                            PIONEER NORTH AMERICA, INC. AND
26                                          PIONEER ELECTRONICS (USA) INC.

| | | |
|---|---|---|
| 1 | Dated: August 19, 2013 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /S/ Jeff D. Friedman<br>     Jeff D. Friedman |
| 5 | | Interim Lead Counsel for<br>INDIRECT PURCHASER PLAINTIFFS |
| 6 | | |
| 7 | | *   *   * |

**IT IS SO ORDERED.**

Dated: 9/17/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, Deborah Futrowsky, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071.2300. On August 19, 2013, I served a copy of the STIPULATION AND [PROPOSED] ORDER REGARDING CONSOLIDATION, SERVICE OF PROCESS AND DISCOVERY IN RELATED ACTION by electronic transmission.

I am familiar with the United States District Court, Northern District Of California, San Francisco Division's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

Executed on August 19, 2013, at Los Angeles, California.

/s/ Deborah Futrowsky
Deborah Futrowsky