UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 3:10-md-2143 RS (JCS)<br><br>[PROPOSED] ORDER RE DEPOSITION PROTOCOL NO. 2<br><br>ACTION FILED: Oct. 27, 2009 |

Good cause appearing, it is hereby ORDERED as follows:

## I. DEPOSITION PROCEDURES

A.  This Order Re Deposition Protocol No. 2 is intended to supplement the Court's prior Orders regarding depositions, including the Case Management Order dated July 17, 2012 (dkt. 606); Order Re Deposition Scheduling dated August 31, 2012 (dkt. 631); Order Re Location of Depositions dated October 24, 2012 (dkt. 707); and Order Re Discovery Matters dated December 17, 2012 (dkt. 730).  Nothing herein shall alter or change the Court's prior Orders regarding depositions.

B.  To the extent that any Party contends that the time provided for deposition in Rule 30(d)(1), namely that an individual fact deposition is limited to 1 day of 7 hours, or the time provided for deposition as modified by this Order is insufficient to adequately complete a particular deposition, counsel for the Party and counsel for the witness shall, prior to any relief being sought from the Court pursuant to the Court's Standing Order on Discovery Disputes, meet and confer in accordance with that Order to attempt to reach agreement on the length of the deposition.

C.  Each Party shall have a reasonable opportunity to cross-examine a witness without need for a cross-notice of deposition and any cross examination is not limited to the scope of the direct examination.

D.  Any Party may seek leave of Court, pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii), to take a second deposition of any witness.

E.  For purposes of this order, the term "Direct Action Plaintiff" means an individual, corporation, or state government bringing a non-class action proceeding regarding an antitrust conspiracy in the ODD industry, which action has been either (i) transferred to this MDL by the Judicial Panel for Multidistrict Litigation, or (ii) ordered "related" under Civil Local Rule 3-12. Each Direct Action Plaintiff is to be considered one of the parties or Parties as those terms are used herein.  The term "Plaintiffs" shall mean and refer collectively to all Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, and Direct Action Plaintiffs.

F.  All deposition limitations may be modified for good cause or by agreement.

G. In the event that an opposing Party cross-notices a deposition, the total deposition time shall be divided equally between Plaintiffs and Defendants, and the deposition shall be scheduled for an additional consecutive day of 7 hours. All Plaintiffs may split the total deposition time allocated to Plaintiffs as they see fit, and all Defendants may split the total deposition time allocated to Defendants as they see fit. The parties shall meet and confer in good faith to discuss their anticipated examination time in advance of any scheduled deposition. The parties also recognize that exceptional circumstances may arise for a particular witness where additional examination time is warranted, and agree to discuss in good faith reasonable requests for the extension of the default examination time.

H. Defendants, as a group, may notice the deposition of each named Direct Purchaser Plaintiff and Indirect Purchaser Plaintiff, and each Defendant family may notice the deposition of up to 25 individual fact witnesses of other Defendant families, inclusive of cross-noticed depositions. Defendants may notice the depositions of up to 15 current and former employees of each non-governmental Direct Action Plaintiff corporate family as fact witnesses, and may notice 5 Rule 30(b)(6) witnesses from each non-governmental Direct Action Plaintiff corporate family. Defendants may notice the depositions of up to 3 current and former employees of each named governmental Direct Action Plaintiff as fact witnesses, and may notice up to 2 Rule 30(b)(6) witnesses from each named governmental Direct Action Plaintiff.

I. This limitation will not affect the rights of a Party to seek to depose as a fact witness an individual who has been previously deposed solely as a corporate representative of a Party designated under Fed. R. Civ. P. 30(b)(6), or of other Parties to object to such depositions. Nor will this procedure affect the rights of a Party to seek a corporate representative deposition under Fed. R. Civ. P 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other Parties to object to such depositions. The parties will make a good faith effort to coordinate the timing of the depositions of a corporate representative designated under Fed. R. Civ. P. 30(b)(6) and the deposition of that individual as a fact witness, where possible.

II. **LIAISON COUNSEL FOR DEPOSITION SCHEDULING**

Each of the Parties shall select one attorney to serve as its liaison counsel for purposes of

communications related to the scheduling of depositions in this case. To the extent reasonably practicable, following service of any deposition notice or subpoena in this case, each of the Parties' liaison counsel shall be copied on all written correspondence that relates to deposition scheduling or location issues. The Parties will cooperate in the scheduling of all depositions.

## III.   DEPARTING EMPLOYEES

The Court's Order re Location of Depositions (dkt. 707) requires that, "[i]f a defendant becomes aware that the employment status of any witness on plaintiffs' list will change during the course of this litigation, the defendant family must provide reasonable notice to plaintiff prior to the departure of that employee and make that witness available for deposition prior to the employee's departure, to the extent reasonably possible." As part of this notice and to the extent reasonably possible, the defendant shall either propose a date and location for the deposition of the departing witness prior to the employee's departure or agree to make that departing witness available for deposition after his or her departure. The defendant will cooperate with plaintiffs' counsel to produce any documents from the departing witness's files in a timely manner, but no later than 30 days before the departing witness's scheduled deposition date absent agreement of the Parties or good cause.

## IV.   INTERPRETERS AND INTERPRETED TESTIMONY

A.   Any Party or witness intending to use an interpreter shall give notice that an interpreter will be required within 10 days of receiving notice of the deposition. Any Party requesting an interpreter shall bear the expense of providing their own interpreter. The lead interpreter shall be selected by the Party taking the deposition. In no event shall the lead interpreter participate in the preparation of the deponent.

B.   If any Party brings a "check" interpreter to a deposition, and that "check" interpreter objects to any portion of an interpretation or translation, the objection shall be stated simply for the record. The interpreter of record need not respond. All questions, answers, and objections shall be interpreted for the witness as necessary; however, all counsel shall refrain from unnecessary colloquy and speaking objections, so as not to obstruct the depositions.

C.   The Parties shall use reasonable efforts at the deposition to resolve any objection

to any interpretation or translation.

D. To the extent a witness requests an interpreter, the Parties anticipate that the interpreter will be used either for all of the deposition or for only a small number of questions. To the extent an interpreter is used for all or nearly all of the deposition, the time limits set forth in Fed. R. Civ. P. 30(d)(1) or as modified by this Order shall be doubled. In all other situations, the Parties shall cooperate in good faith to extend the time limit set forth in Fed. R. Civ. P. 30(d)(1) to account for the use of an interpreter, guided by the principle that deposition time during which an interpreter is used should be counted at 50% or one half the actual amounts against the time limit.

E. For documents that have been translated, the translation should share the same exhibit number as the underlying document and should be followed with the letter "A" signifying it as a translated version of the document. If another party (or parties) introduces a subsequent translation of the same underlying document, the subsequent translation(s) should also share the same exhibit number as the underlying document and should be followed consecutively with the letter "B," "C," etc. Should a translated document entered into the record become altered as a result of resolved objections to the translation, the updated version should be labeled with the same numbered designation and followed with "AF" (or "BF" or "CF", etc.) signifying a final translated version.

F. Certified translations must be sworn to as being an accurate translation by a qualified translator. Objections to the accuracy of the certified translation of a document offered at deposition (the "initial translation") shall be asserted no later than thirty days after the earlier of: (i) such initial translation is offered as part of a court filing; or (ii) designated on any party's trial exhibit list or in any party's preliminary trial exhibit list of translated documents. Each party, in addition to any requirements imposed by the Court on pretrial filings, shall serve and file a preliminary exhibit list of translated documents 90 days before the exhibit lists for trial are due to be exchanged. While the parties will not be limited to the use of this list at trial, the parties shall use good faith efforts to limit this preliminary list to translated documents that they actually intend to use at trial. For each objection to accuracy, the objecting party shall provide a

certified translation (the "opposing translation") containing the objecting party's opposing translation. The parties must then meet and confer promptly to attempt to resolve the disputed translations. If the opposing translation purports to materially change the substance of a witness's prior deposition testimony, the party offering at deposition the initial translation shall have the right to take limited discovery, including additional testimony, to address whether the opposing translation changes the substance of that witness's prior testimony.

**V.   DEPOSITION EXHIBITS**

   A.   In accordance with Local Rule 30-2(b)(3), to the extent practicable, any exhibit which is an exact duplicate of an exhibit previously numbered must bear the same exhibit number, regardless of which Party is using the exhibit. Any new document, or any version of any exhibit which is not an exact duplicate, must be marked and treated as a different exhibit bearing a new exhibit number.

   B.   To the extent reasonably possible, all exhibits shall be marked sequentially. In the case of multiple depositions occurring on or about the same date, deposition liaison counsel for the Parties shall meet and confer in advance of the depositions and attempt to allocate a range of sequential exhibit numbers to each deposition.

   C.   If a Party intending to examine a deponent so chooses, not later than four (4) business days before a deposition, it may serve on deposition liaison counsel for all Parties via electronic mail, a non-binding list of documents (identified by Bates number) that the Party anticipates using or referring to during the deposition. If a Party serves a non-binding list of documents, examining counsel is not responsible for bringing to the deposition copies of pre-designated exhibits for other counsel. Counsel are not obligated to pre-designate exhibits. Any examining counsel who chooses not to pre-designate some or all of the documents to be used at a deposition shall not forfeit the right to use them, but in that case shall bring sufficient copies of such documents to the deposition. With respect to all exhibits that have been marked and used in a prior deposition, "sufficient copies" shall mean at least four (4) hardcopies. With respect any "new" exhibits (*i.e.*, an exhibit that has not been marked and used in prior deposition), "sufficient copies" shall mean at least eight (8) hardcopies. In all events, examining counsel, defending

counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to any exhibit used by examining counsel during the deposition.

## VI. PARTICIPATION BY TELECONFERENCE

To minimize travel and related costs, counsel may participate in any deposition by telephone to the extent practicable. Counsel intending to do so must notify counsel for the Party that noticed the deposition and counsel for the witness at least seven (7) business days before the date of the deposition. Counsel noticing the deposition shall make arrangements so that a conference call line and a real-time video and text feed are available during the deposition, to the extent practicable. The Parties participating by telephone shall bear the costs of the conference call and/or live video and text feed, to the extent one is used. To the extent that it is not practicable to provide a conference call line and a real time video and text feed, counsel noticing the deposition must make reasonable efforts to cause all liaison counsel to be notified that a conference call line and/or a real time video and text feed will not be provided at least five (5) business days before the date of the deposition. Examining counsel and counsel intending to participate by telephone shall cooperate in good faith to facilitate such participation, including reasonable efforts to identify any exhibit used during the deposition by bates number.

## VII. CONDUCT DURING DEPOSITIONS

A.  All depositions shall be governed by a rule that any objection to the form of a question shall be deemed to have been made on behalf of all other Parties. Counsel shall refrain from making duplicative objections to the same question, so as not to obstruct the depositions.

## VIII. STANDARD STIPULATION

The following stipulation shall apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

    1.  Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within

1  30 days of receiving the transcript from the court reporter, the
2  witness's counsel shall then forward the original transcript plus
3  corrections to the court reporter, who will promptly notify all
4  counsel of its receipt and any changes to testimony made by the
5  witness.

6  2. If the witness is not represented by counsel, the original
7  transcript will be sent to the witness by the court reporter. After
8  review, correction, and signature within 30 days from the date of
9  receipt, the witness shall return the original transcript to the court
10 reporter, who will notify all counsel of its receipt and any changes
11 to testimony made by the witness.

12 3. The court reporter will provide the original transcript to the
13 first examining attorney. If, for any reason, the original is lost,
14 misplaced, not returned, not signed, or unavailable, a certified copy
15 may be used in its place for all purposes.

16 **IX.    FIFTH-AMENDMENT ASSERTIONS**

17 A. Upon receipt of notice that a witness intends to assert his or her Fifth Amendment
18 right, the noticing Party's and any other examining Party's attorneys may submit a list of written
19 questions to the witness to speed up the deposition, delivered to each Party no fewer than five (5)
20 business days before the scheduled deposition. At the deposition, the written questions and any
21 associated documents shall be introduced as an exhibit to the deposition, and the witness shall be
22 asked summarily whether the witness would assert the Fifth Amendment to each of the written
23 questions if they were posed individually. If the answer to the summary question is "yes," the
24 deposition shall last no more than one hour. To the extent the answer to the summary question is
25 "yes," use of the questions and answers at trial shall not be precluded on the basis that the written
26 questions were not asked and answered individually. The use of the written questions and
27 associated documents shall not prevent questions from being asked other than those contained in
28 the written ones subject to the time limits described herein and under the Federal Rules of Civil

1  Procedure.

2  B.  All objections to written questions submitted to a deponent will be reserved,
3  including objections to form.

4  C.  Any person who at deposition asserts his or her right not to testify under the Fifth
5  Amendment of the United States Constitution will be bound by that assertion of the privilege and
6  shall not be permitted to revoke that assertion and testify otherwise at trial if allowing the person
7  to testify would be unduly prejudicial to another Party.  There is no undue prejudice where notice
8  of intent to revoke is provided and the person is made available for deposition 30 days prior to
9  the close of fact discovery.  A rebuttable presumption of undue prejudice shall apply, however, if
10 the person, after revoking the assertion of the privilege, is not made available for deposition at
11 least 30 days prior to the close of fact discovery.  Notice of intent to revoke the assertion of
12 privilege shall be provided to all Parties in writing.  If such notice is provided and the person is
13 not available for deposition until after the close of fact discovery, the revoking person shall make
14 himself or herself available for deposition at his or her expense in San Francisco, California.

15 **IT IS SO ORDERED.**

17 Dated:  09/23/13

Hon. J[signed: Judge Joseph C. Spero]
United [States District Court, Northern District of California]

Submitted by:

DATED:  September 19, 2013                        LATHAM & WATKINS LLP


By _____/s/ Belinda S Lee_____
          BELINDA S LEE

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 395-8240
Facsimile:   (415) 395-8095
belinda.lee@lw.com

*Counsel for Defendants TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION, TOSHIBA AMERICA INFORMATION SYSTEMS, AND TOSHIBA CORPORATION*

*Liaison Counsel for Defendants TEAC CORPORATION, TEAC AMERICA INC., KONINKLIJKE PHILIPS ELECTRONICS N.V., LITE-ON IT CORPORATION, PHILIPS & LITE-ON DIGITAL SOLUTIONS CORP., PHILIPS & LITE-ON DIGITAL SOLUTIONS USA, INC., SONY CORPORATION, SONY OPTIARC AMERICA, INC., SONY OPTIARC, INC., SAMSUNG ELECTRONICS CO., LTD., BENQ CORPORATION, BENQ AMERICA CORP., NEC CORPORATION, PANASONIC CORPORATION PANASONIC CORPORATION OF NORTH AMERICA, QUANTA STORAGE INC., QUANTA STORAGE AMERICA INC., HITACHI-LG DATA STORAGE, INC., HITACHI-LG DATA STORAGE KOREA, INC., HITACHI LTD., LG ELECTRONICS, INC., PIONEER NORTH AMERICA, INC., AND PIONEER ELECTRONICS (USA) INC.*

DATED:  September 19, 2013                        HAGENS BERMAN SOBOL SHAPIRO LLP

By _____/s/ Shana E. Scarlett_____
          SHANA E. SCARLETT

Jeff D. Friedman (173886)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
George W. Sampson (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
george@hbsslaw.com

Lee Gordon SBN (174168)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Ave., Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile:  (213) 330-7152
lee@hbsslaw.com

*Interim Lead Counsel for Indirect Purchaser Plaintiffs*

DATED:  September 19, 2013         SAVERI & SAVERI. INC.

By    /s/ Cadio Zirpoli
          CADIO ZIRPOLI

Guido Saveri (22349)
R. Alexander Saveri (173102)
Cadio Zirpoli (179108)
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
guido@saveri.com
rick@saveri.com
cadio@saveri.com

*Interim Lead Counsel for Direct Purchaser Class*

DATED:  September 19, 2013         ALSTON & BIRD LLP

By    /s/ Rodney J. Ganske
          RODNEY J. GANSKE

Michael P. Kenny
Debra D. Bernstein
Rodney J. Ganske
Andrew J. Tuck
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Tel: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
debra.bernstein@alston.com
rod.ganske@alston.com
andy.tuck@alston.com

*Counsel for Plaintiff Dell Inc. and Dell Products L.P.*

DATED: September 19, 2013

ATTORNEY GENERAL'S OFFICE, STATE OF FLORIDA

By    /s/ Lizabeth A. Brady
         LIZABETH A. BRADY

PL-01, The Capitol
Tallahassee, Florida 32399
Tel: 850-414-3921
Fax: 850-488-9134
liz.brady@myfloridalegal.com

## ATTESTATION OF CONCURRENCE IN THE FILING

Pursuant to Civil Local Rule No. 5-1(i)(3), I declare that concurrence has been obtained from each of the above signatories to file this document with the Court.

          */s/ Belinda S Lee*
          BELINDA S LEE

NY\5907096