1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | Case No. 3:10-md-02143 RS<br><br>MDL No. 2143<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH HLDS DEFENDANTS**<br><br>Date:     September 20, 2013<br>Time:     10:00 a.m.<br>Judge:    Honorable Richard Seeborg<br>Courtroom: 3, 17th Floor |
|---|---|

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On August 29, 2013, Direct Purchaser Plaintiffs ("Plaintiffs") filed a Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement with HLDS Defendants. The Court, having reviewed the memorandum, the settlement agreement, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that final approval of the Settlement should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreement (the "Agreement") and to the Stipulations of Dismissals with Prejudice attached thereto, including all members of the Class.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. Pursuant to Fed. R. Civ. P. 23(g), Saveri & Saveri, Inc. is appointed as counsel for the Class. Saveri & Saveri, Inc. has and will fairly and competently represent the interests of the Class.

4. By Order dated March 22, 2013 (Dkt. No. 798), the Court certified for settlement a class defined as follows:

> All individuals and entities who, during the period from January 1, 2004 through December 31, 2011 (the "Class Period"), purchased Optical Disk Drives and Optical Disk Drive Devices in the United States directly from the Defendants, their subsidiaries, or their affiliates. Excluded from the Class are defendants and their parents, subsidiaries, affiliates, and all governmental entities.

5. The persons/entities identified in Exhibit C to the Declaration of Markham Sherwood in Support of Final Approval of Class Action Settlement with HLDS filed on August 29, 2013, have timely and validly requested exclusion from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by this Order. Such persons/entities are not entitled to any recovery of the settlement proceeds obtained through the HLDS Settlement Agreement.

6. The settlement class definition as set forth above and as used in this Order is for settlement purposes only. It has no binding effect on the Court, on the indirect-purchaser plaintiffs, or on the Non-Released Defendants for any other purpose, including but not limited to the filing or resolution of any upcoming motion(s) for class certification pursuant to Fed. R. Civ. Proc. 23.

7. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. This Court hereby dismisses on the merits and with prejudice the Action in favor of HLDS, LG Electronics, Inc., LG Electronics USA, Inc. (collectively, "LG"), and Hitachi, Ltd. ("Hitachi") (collectively, "Released Defendants"), with each party to bear their own costs and attorneys' fees.

9. The Released Defendants are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Agreement.

10. The notice given to the Class of the settlement was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

11. The Plan of Allocation set forth in the Class notices is, in all respects, fair, adequate, and reasonable. Accordingly, the Court hereby grants final approval of the Plan of Allocation.

12. Without affecting the finality of the Judgments in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c)

hearing and determining applications by Plaintiffs' counsel for attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgments contemplated hereby have become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the Plan of Allocation of settlement proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and administering the Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

13. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Judgments shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

14. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to HLDS, LG, and Hitachi ("Judgments" or "Judgments of Dismissal") should be entered and further finds that there is no just reason for delay in the entry of Judgments, as Final Judgments, in accordance with the terms of the Settlement Agreement.

Accordingly, the Clerk is hereby directed to enter Judgments forthwith for the Released Defendants.

IT IS SO ORDERED.

Dated: 9/23/13

Hon. Richard Seeborg
United States District Judge