Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Chairman of the Executive Committee
for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION** <br><br> This Document Relates to: <br><br> **ALL DIRECT PURCHASER ACTIONS** | Case No. 3:10-md-02143 RS <br><br> MDL No. 2143 <br><br> **[~~PROPOSED~~] ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH PANASONIC** <br><br> Date: October 31, 2013 <br> Time: 1:30 p.m. <br> Judge: Honorable Richard Seeborg <br> Courtroom: 3, 17th Floor |

On September 23, 2013 Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement with Defendants Panasonic Corporation and Panasonic Corporation of North America. The Court, having reviewed the motion, the settlement agreement and associated releases, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement, to the extent not contradictory or mutually exclusive.

2. The Court hereby preliminarily approves the settlement agreement.

3. The Court finds that the settlement falls within the range of possible final approval and that there is a sufficient basis for notifying the settlement class and for setting a Fairness Hearing.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following settlement class for purposes of this Motion only:

> All individuals and entities who, during the period from January 1, 2004 until at least January 1, 2010 (the "Class Period") purchased one or more Optical Disk Drives in the United States directly from the Defendants, their subsidiaries, or their affiliates. Excluded from the Class are Defendants and their parents, subsidiaries, affiliates, and all governmental entities. As used herein the term "Optical Disc Drive" includes (a) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be inserted into, or incorporated in, an electronic device; (b) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be attached to an electronic device through an external interface such as a Universal Serial Bus connection; and (c) an internal drive sold as a component of a laptop or desktop computer by a Defendant or its subsidiary or affiliate.

5. The Court further finds that the prerequisites to certifying a settlement class under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement class which predominate over individual issues; (c) the claims or defenses of the settlement class plaintiffs are typical of the claims or

[PROPOSED] ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH PANASONIC - Case No. 3:10-md-02143 RS         1

1  defenses of the settlement class; (d) the plaintiffs will fairly and adequately protect the interests of the settlement class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the settlement class; and (e) a settlement class resolution is superior to individual settlements.

6. The Court hereby appoints the Plaintiffs named in the Third Consolidated Direct Purchaser Class Action Complaint, filed April 17, 2013, as Representative Plaintiffs of the settlement class.

7. The Court appoints the law firm of Saveri & Saveri, Inc. to serve as Class Counsel for the settlement class.

8. The Court approves the form of the Long Form Notice attached hereto as Exhibit A ("Long Form Notice").  The Court also approves the form of the Short Form Notice attached hereto as Exhibit B ("Short Form Notice").  The Court finds that taken together, mailing of the Long Form Notice (U.S Mail or electronic mail), publication of the Short Form Notice, and internet posting of the Long Form Notice are: (i) the best notice practicable; (ii) reasonably calculated to, under the circumstances, apprise the settlement class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

9. Any defendant whose list of potential settlement class members would differ from the list it previously produced in connection with the HLDS settlement shall produce within twenty-one (21) days from the entry of this Order an electronic list of potential settlement class members along with their mail and e-mail addresses.  The list shall be produced to the extent it is reasonably feasible and subject to the availability of responsive information.

10. Plaintiffs' claims administrator shall provide notice of the class settlement.  The claims administrator shall provide direct notice of the settlement to all members of the settlement class on or before a date set 42 days from the entry of this Order.  Such notice shall be sent either

[PROPOSED] ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH PANASONIC - Case No. 3:10-md-02143 RS      2

1    by first class U.S. mail (postage prepaid) or by electronic mail.  The claims administrator shall

2    publish the Short Form Notice in the national edition of the *Wall Street Journal* on or before a date

3    set 46 days from the entry of this Order.  The claims administrator shall also cause a copy of the

4    class notices and Settlement Agreement to be posted on the internet website

5    www.odddirectpurchaserantitrustsettlement.com on or before a date set 42 days from the entry of

6    this Order.

7        11.    Each settlement class member shall have the right to be excluded from the

8    settlement class by mailing a request for exclusion to the claims administrator no later than a date

9    set at least forty-five (45) days after mailing of the direct notice.  Requests for exclusion must be in

10   writing and set forth the name and address of the person or entity who wishes to be excluded, as

11   well as all trade names or business names and addresses used by such person or entity, and must be

12   signed by the class member seeking exclusion.  No later than fourteen (14) days after the date set

13   for exclusions, Class Counsel shall file with the Court a list of all persons or entities who have

14   timely requested exclusion from the settlement classes as provided in the settlement agreements.

15       12.    Any settlement class member who does not properly and timely request exclusion

16   from the settlement class as provided above shall, upon final approval of the settlements, be bound

17   by the terms and provisions of the settlements so approved, including but not limited to the

18   releases, waivers, and covenants described in the agreements, whether or not such person or entity

19   objected to the settlement agreements and whether or not such person or entity makes a claim upon

20   the settlement funds.

21       13.    Each settlement class member who has not timely excluded itself from the

22   settlements shall have the right to object to (1) the settlements, and/or (2) the plan of allocation by

23   filing written objections with the Court no later than a date set at least forty-five (45) days after

24   mailing direct notice, copies of which shall be served on all counsel listed in the class notice.

25   Failure to timely file and serve written objections will preclude a class member from objecting to

26   any or all of the settlements.

27

28

1    14. Each settlement class member as provided above shall have the right to appear at the Fairness Hearing by filing a Notice of Intention to Appear no later than a date set forty-five (45) days after mailing direct notice, copies of which shall be served on all counsel listed in the class notice.

15. The Court will conduct a Fairness Hearing on **March 27, 2014 at 1:30 p.m.** The Fairness Hearing will be conducted to determine the following:

    a. Whether each proposed settlement is fair, reasonable, and adequate and should be granted final approval;

    b. Whether final judgment should be entered dismissing the claims of the settlement class against Defendants Panasonic Corporation and Panasonic Corporation of North America.;

    c. Approval of the plan of allocation; and

    d. Such other matters as the Court may deem appropriate.

16. Each member of the settlement class shall retain all rights and causes of action with respect to claims against all Defendants other than Defendants Panasonic Corporation and Panasonic Corporation of North America regardless of whether such member of the settlement class decides to remain in the settlement class or to exclude itself from the settlement class.

17. All briefs, memoranda and papers in support of final approval of the settlements shall be filed no later than twenty-one (21) days before the Fairness Hearing.

18. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreement.

19. All further direct purchaser class proceedings as to Defendants Panasonic Corporation and Panasonic Corporation of North America are hereby stayed except for any actions required to effectuate the settlements.

20. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

[PROPOSED] ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH PANASONIC - Case No. 3:10-md-02143 RS    4

IT IS SO ORDERED.

Dated: __11/1/13_____    _____
                                   Hon. Richard Seeborg
                                   United States District Judge