| | |
|---|---|
| Guido Saveri (Cal. Bar No. 22349)<br>guido@saveri.com<br>R. Alexander Saveri (Cal. Bar No. 173102)<br>rick@saveri.com<br>Geoffrey C. Rushing (Cal. Bar No. 126910)<br>grushing@saveri.com<br>Cadio Zirpoli (Cal. Bar No. 179108)<br>cadio@saveri.com<br>Travis Manfredi (Cal. Bar No. 281779)<br>travis@saveri.com<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Telephone: (415) 217-6810<br>Facsimile: (415) 217-6813 | Eric B. Fastiff (Cal. Bar No. 182260)<br>efastiff@lchb.com<br>Brendan P. Glackin (Cal. Bar No. 199643)<br>bglackin@lchb.com<br>Marc A. Pilotin (Cal. Bar No. 266369)<br>mpilotin@lchb.com<br>LIEFF, CABRASER, HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br><br>*Counsel for Direct Purchaser Plaintiffs* |

*Chairman of the Executive Committee
for the Direct Purchaser Plaintiffs*

[additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: OPTICAL DISK DRIVE (ODD) ANTITRUST LITIGATION<br><br>This Document Relates to:<br>DIRECT AND INDIRECT PURCHASER ACTIONS | Case No. 3:10-MD-02143 RS<br><br>MDL No. 2143<br><br>**DIRECT AND INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND TIME**<br><br>Date:       TBD<br>Time:      TBD<br>Courtroom: 3, 17th Floor<br>Judge:     The Honorable Richard Seeborg |

1  Defendants' Administrative Motion to Extend Time should be denied.[1]  The Court
2  already set at seven days Defendants' date to reply—if at all—during the February 7, 2014, case
3  management conference.  The Court stated that one week was reasonable, and Defendants did not
4  argue otherwise.  Defendants now seek an open-ended extension:  they propose to meet and
5  confer *in March* about a timetable for submitting a reply in support of their "motions to strike"
6  Plaintiffs' expert reports, and then file a plan or proposal for more briefing.

7  In its order of December 20, 2013, the Court "strongly discouraged" Defendants from
8  even filing a reply, correctly observing that the "motions to strike are effectively evidentiary
9  objections" and that "ordinary briefing limits have already been extended to a generous degree."
10  Dkt. 1084.  As explained in Direct Purchaser Plaintiffs' Opposition to Defendants' "motion to
11  strike," to call the motions to strike disguised additional briefs on class certification is to do a
12  disservice to the concept of a disguise.  Indeed, Defendants openly budget their opposition to
13  class certification between the "motions to strike" and their opposition briefs, "[t]o present their
14  arguments efficiently and avoid duplication."  Dkt. 1130 at 2 (quoting "motion to strike" at n.3).
15  Accordingly, the "motions to strike" demand that the Court apply the "rigorous analysis" standard
16  of Rule 23 of the Federal Rules of Civil Procedure, paying only lip service to *Daubert* and Rule
17  702 of the Federal Rules of Evidence.  *Id.*

18  Defendants' new request for an open-ended schedule to file the "discouraged" reply
19  simply reinforces what they really want:  a fourth round of briefing on class certification, i.e. a
20  sur-reply not authorized either by the Local Rules or this Court's scheduling orders.  Defendants
21  complain in their administrative motion that Plaintiffs filed "an extraordinary amount of reply
22  material" including "70 pages of briefing on class certification."  Dkt. 1139 at 1.  But this is
23  simply what Plaintiffs were permitted to do by the Court's order, which also expanded
24  Defendants' opposition briefs.  Defendants do not need any extra time to respond to Plaintiffs'
25  reply papers, because *they are not supposed to respond to them*.  The Local Rules recognize—and
26  legislate—that the party carrying the burden and who is obligated to argue first has the balancing
27  opportunity to also argue last.  Defendants want a four-round format that permits them to argue

---

[1] This brief is filed on behalf of both Direct and Indirect Purchaser Plaintiffs.

twice (getting in the last word) in response to a motion; but that preference is not the rule, and it will not be the rule when, for instance, Defendants move for summary judgment and Plaintiffs will have one and only one opportunity to respond.[2]

Defendants try to disguise their tactics by referencing Local Rule 7-3(d)(1), claiming that they also need additional time to file an objection to evidence submitted in reply by Plaintiffs. However, they omit to mention that Local Rule 7-3(d)(1) also requires that any such objection "may not exceed 5 pages of text" and "may not include further argument on the motion." Defendants do not need any extra time, let alone an extra month, to write a simple 5-page objection that does not attempt to further argue class certification. Their reason for seeking additional time is to do something that is—once again—expressly prohibited by the Local Rules.

Respectfully submitted,

Dated: February 24, 2014

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: */s/ Brendan P. Glackin*
Brendan P. Glackin

Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Marc A. Pilotin (State Bar No. 266369)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Counsel for Direct Purchaser Plaintiffs*

---

[2] Defendants darkly note that Plaintiffs "did not produce the backup materials for their new expert reports . . . until Friday afternoon, February 21, 2014." Dkt. 1139 at 1. This is misleading. Plaintiffs served the material exactly on the timetable required by the Court. Dkt. 606 at 3-4. Defendants also complain that Plaintiffs filed 46 pages in opposition to the "motions to strike" but that is fewer than the 47 pages of those motions themselves, and included Plaintiffs' procedural objections in addition to their responses to Defendants' additional arguments in opposition to class certification. Defendants even attempt the cheap shot of claiming Plaintiffs filed "At the end of the day on February 18, 2014 . . . ", because Plaintiffs completed their e-filings at around 6:00 p.m. Dkt. 1139 at 1.

| | |
|---|---|
| 1 | SAVERI & SAVERI, INC. |
| 2 | |
| 3 | By: ___*/s/ Guido Saveri*___<br>Guido Saveri |
| 4 | Guido Saveri (State Bar No. 22349)<br>guido@saveri.com |
| 5 | R. Alexander Saveri (State Bar No. 173102)<br>rick@saveri.com |
| 6 | Geoffrey C. Rushing (State Bar No. 126910)<br>grushing@saveri.com |
| 7 | Cadio Zirpoli (State Bar No. 179108)<br>cadio@saveri.com |
| 8 | Travis L. Manfredi (State Bar No. 281779)<br>travis@saveri.com |
| 9 | SAVERI & SAVERI, INC.<br>706 Sansome Street |
| 10 | San Francisco, CA 94111<br>Telephone: (415) 217-6810 |
| 11 | Facsimile: (415) 217-6813 |
| 12 | *Chairman of the Executive Committee*<br>*for the Direct Purchaser Plaintiffs* |
| 13 | |
| 14 | |
| 15 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 16 | By ___/s/ *Jeff D. Friedman*___<br>Jeff D. Friedman |
| 17 | |
| 18 | Shana E. Scarlett (217895)<br>715 Hearst Avenue, Suite 202 |
| 19 | Berkeley, CA 94710<br>Telephone: (510) 725-3000 |
| 20 | Facsimile: (510) 725-3001<br>jefff@hbsslaw.com |
| 21 | shanas@hbsslaw.com |
| 22 | Steve W. Berman (*Pro Hac Vice*)<br>George W. Sampson (*Pro Hac Vice*) |
| 23 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300 |
| 24 | Seattle, WA 98101<br>Telephone: (206) 623-7292 |
| 25 | Facsimile: (206) 623-0594<br>steve@hbsslaw.com |
| 26 | george@hbsslaw.com |
| 27 | |
| 28 | |

1  Lee Gordon SBN (174168)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  301 North Lake Ave., Suite 203
   Pasadena, CA 91101
3  Telephone: (213) 330-7150
   Facsimile: (213) 330-7152
4  lee@hbsslaw.com

5  *Interim Lead Counsel for Indirect*
   *Purchaser Plaintiffs*

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

Dated: February 24, 2014

By: _*/s/ Brendan P. Glackin*_
      Brendan Glackin