UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>**DIRECT PURCHASER CLASS ACTIONS** | Case No. 3:10-md-02143 RS<br><br>MDL No. 2143<br><br>**[PROPOSED] ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH NEC**<br><br>Date:        April 24, 2014<br>Time:       1:30 p.m.<br>Judge:      Honorable Richard Seeborg<br>Courtroom: 3, 17th Floor |

On March 20, 2014 Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement with Defendant NEC Corporation. The Court, having reviewed the motion, the settlement agreement, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement, to the extent not contradictory or mutually exclusive.

2. The Court hereby preliminarily approves the settlement agreement.

3. The Court finds that the settlement falls within the range of possible final approval and that there is a sufficient basis for notifying the settlement class and for setting a Fairness Hearing.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following settlement class for purposes of this Motion only:

> All individuals and entities who, during the period from January 1, 2004 until at least January 1, 2010 (the "Class Period") purchased one or more Optical Disk Drives in the United States directly from the Defendants, their subsidiaries, or their affiliates. Excluded from the Class are Defendants and their parents, subsidiaries, affiliates, and all governmental entities. As used herein the term "Optical Disc Drive" includes (a) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be inserted into, or incorporated in, an electronic device; (b) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be attached to an electronic device through an external interface such as a Universal Serial Bus connection; and (c) an internal drive sold as a component of a laptop or desktop computer by a Defendant or its subsidiary or affiliate.

5. The Court further finds that the prerequisites to certifying a settlement class under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement class which predominate over individual issues; (c) the claims or defenses of the settlement class plaintiffs are typical of the claims or defenses of the settlement class; (d) the plaintiffs will fairly and adequately protect the interests of the settlement class, and have retained counsel experienced in antitrust class action litigation who

1    have, and will continue to, adequately represent the settlement class; and (e) a settlement class
2    resolution is superior to individual settlements.
3          6.      The Court hereby appoints the Plaintiffs named in the Third Consolidated Direct
4    Purchaser Class Action Complaint, filed April 17, 2013, as Representative Plaintiffs of the
5    settlement class.
6          7.      The Court appoints the law firm of Saveri & Saveri, Inc. to serve as Class Counsel
7    for the settlement class.
8          8.      The Court approves the form of the Long Form Notice attached hereto as Exhibit A
9    ("Long Form Notice").  The Court also approves the form of the Short Form Notice attached hereto
10   as Exhibit B ("Short Form Notice").  The Court finds that taken together, mailing of the Long
11   Form Notice (U.S Mail or electronic mail), publication of the Short Form Notice, and internet
12   posting of the Long Form Notice are: (i) the best notice practicable; (ii) reasonably calculated to,
13   under the circumstances, apprise the settlement class members of the proposed settlement and of
14   their right to object or to exclude themselves as provided in the settlement agreement; (iii)
15   reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive
16   notice; and (iv) meet all applicable requirements of due process and any other applicable
17   requirements under federal law.
18         9.      Plaintiffs' claims administrator shall provide notice of the class settlement.  The
19   claims administrator shall provide direct notice of the settlement to all members of the settlement
20   class on or before Thursday, May 8, 2014. Such notice shall be sent either by first class U.S. mail
21   (postage prepaid) or by electronic mail. The claims administrator shall publish the Short Form
22   Notice in the national edition of the *Wall Street Journal* on or before Monday, May 12, 2014. The
23   claims administrator shall also cause a copy of the class notices and Settlement Agreement to be
24   posted on the internet website www.odddirectpurchaserantitrustsettlement.com on or before
25   Thursday, May 8, 2014.
26         10.     Each settlement class member shall have the right to be excluded from the
27   settlement class by mailing a request for exclusion to the claims administrator no later than
28   Monday, June 23, 2014.  Requests for exclusion must be in writing and set forth the name and

1    address of the person or entity who wishes to be excluded, as well as all trade names or business

2    names and addresses used by such person or entity, and must be signed by the class member

3    seeking exclusion.  No later than Monday, July 7, 2014, Class Counsel shall file with the Court a

4    list of all persons or entities who have timely requested exclusion from the settlement classes as

5    provided in the settlement agreements.

6           11.     Any settlement class member who does not properly and timely request exclusion

7    from the settlement class as provided above shall, upon final approval of the settlements, be bound

8    by the terms and provisions of the settlements so approved, including but not limited to the

9    releases, waivers, and covenants described in the agreements, whether or not such person or entity

10   objected to the settlement agreements and whether or not such person or entity makes a claim upon

11   the settlement funds.

12          12.     Each settlement class member who has not timely excluded itself from the

13   settlements shall have the right to object to (1) the settlements, and/or (2) the plan of allocation by

14   filing written objections with the Court no later than Monday, June 23, 2014, copies of which shall

15   be served on all counsel listed in the class notice.  Failure to timely file and serve written

16   objections will preclude a class member from objecting to any or all of the settlements.

17          13.     Each settlement class member as provided above shall have the right to appear at the

18   Fairness Hearing by filing a Notice of Intention to Appear no later than Monday, June 23, 2014,

19   copies of which shall be served on all counsel listed in the class notice.

20          14.     The Court will conduct a Fairness Hearing on Thursday, August 14, 2014 at 3:00

21   p.m.  The Fairness Hearing will be conducted to determine the following:

22          a.      Whether each proposed settlement is fair, reasonable, and adequate and

23                  should be granted final approval;

24          b.      Whether final judgment should be entered dismissing the claims of the

25                  settlement class against Defendant NEC Corporation;

26          c.      Approval of the plan of allocation; and

27          d.      Such other matters as the Court may deem appropriate.

28          15.     Each member of the settlement class shall retain all rights and causes of action with

respect to claims against all Defendants other than Defendant NEC Corporation regardless of whether such member of the settlement class decides to remain in the settlement class or to exclude itself from the settlement class.

16. All briefs, memoranda and papers in support of final approval of the settlements shall be filed no later than Thursday, July 24, 2014.

17. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreement.

18. All further direct purchaser class proceedings as to Defendant NEC Corporation are hereby stayed except for any actions required to effectuate the settlements.

19. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

IT IS SO ORDERED.

Dated: 4/25/14

Hon. Richard Seeborg
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought An Optical Disk Drive,

## A Class Action Settlement May Affect You.

An Optical Disk Drive is any device which reads and/or writes data from and to an optical disk, including but not limited to, CD-ROMS, CD-recordable/rewritable, DVD-ROM, DVD-recordable/rewritable, Blu-Ray, Blu-Ray recordable/rewritable, HD-DVD, Super Multi-Drives and other combination drives, and optical disk drives designed to be attached externally to computers or other devices.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit brought on behalf of direct purchasers of Optical Disk Drives (ODDs) is currently pending.

- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of ODDs. Plaintiffs further claim that direct purchasers from the Defendants of laptop and notebook computers that contain ODDs may recover for the effect that the ODD conspiracy had on the prices of these devices. Plaintiffs allege that, as a result of the unlawful conspiracy involving ODDs, they and other direct purchasers paid more for ODDs than they would have paid absent the conspiracy. Defendants deny Plaintiffs' claims.

- A settlement has been reached with Defendant NEC Corporation (the "Settlement").

- Your legal rights will be affected whether you act or don't act. This Notice includes information on the Settlement and the continuing lawsuit. Please read the entire Notice carefully.

## These Rights and Options – and deadlines to exercise them – are explained in this Notice

| | |
|---|---|
| You can object or comment on the Settlement | *see* Question 10 |
| You may also exclude yourself from the Settlement | *see* Question 10 |
| You may go to a hearing and comment on the Settlement | *see* Question 14 |

- The Court in charge of this case still has to decide whether to approve the Settlement. The case against the Non-Settling Defendants (identified below) continues.

**For More Information: Call 1-800-000-0000 or Visit**
www.ODDDirectPurchaserAntitrustSettlement.com

# WHAT THIS NOTICE CONTAINS

**Basic Information** .................................................................................................................. Page 3

    1.   Why did I get this Notice?

    2.   Who are the Defendant companies?

    3.   What is this lawsuit about?

    4.   Why is there a Settlement, but the litigation is continuing?

    5.   What are Optical Disk Drives and Optical Disk Drive Products?

    6.   What is a class action?

**The Settlement Class** ............................................................................................................. Page 5

    7.   How do I know if I'm part of the Settlement Class?

    8.   What does the Settlement provide?

    9.   When can I get a payment?

    10. What are my rights in the Settlement Class?

    11. What am I giving up to stay in the Settlement Class?

**The Settlement Approval Hearing** ........................................................................................ Page 7

    12. When and where will the Court decide whether to approve the Settlement?

    13. Do I have to come to the hearing?

    14. May I speak at the hearing?

**The Lawyers Representing You** ............................................................................................ Page 8

    15. Do I have a lawyer in the case?

    16. How will the lawyers be paid?

**Getting More Information** .................................................................................................... Page 8

    17. How do I get more information?

**BASIC INFORMATION**

1. **Why did I get this Notice?**

You or your company may have directly purchased Optical Disk Drives (ODDs) from January 1, 2004 until at least January 1, 2010. For purposes of this Settlement, a direct purchaser is a person or business who bought an ODD directly from one or more of the Defendants, co-conspirators, affiliates, or subsidiaries themselves, as opposed to an intermediary (such as a retail store).

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the Settlement.

The Notice explains the litigation, the Settlement, and your legal rights.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

2. **Who are the Defendant companies?**

The Defendant companies include: Sony Corporation, Sony Optiarc Inc., NEC Corporation, Sony NEC Optiarc Inc., Sony Optiarc America Inc., Sony Computer Entertainment America, Inc., Sony Electronics, Inc., LG Electronics Inc., LG Electronics USA, Inc., Hitachi, Ltd., Hitachi-LG Data Storage, Inc., Hitachi-LG Data Storage Korea, Inc., Toshiba Corporation, Toshiba America Information Systems, Inc., Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., Toshiba Samsung Storage Technology Corp., Toshiba Samsung Storage Technology Corp. Korea, Lite-On IT Corp. of Taiwan, Koninklijke Philips Electronics N.V., Philips & Lite-On Digital Solutions Corp., Philips & Lite-On Digital Solutions USA, Inc., BenQ Corporation, BenQ America Corporation, TEAC Corporation, TEAC America, Inc., Quanta Storage, Inc., Quanta Storage America, Inc., Panasonic Corporation, and Panasonic Corporation of North America.

3. **What is this lawsuit about?**

The lawsuit alleges that Defendants and co-conspirators conspired to raise and fix the prices of ODDs for six years, resulting in overcharges to direct purchasers of those ODDs and certain products containing ODDs. The complaint describes how the Defendants and co-conspirators allegedly violated the U.S. antitrust laws by establishing a global cartel that set artificially high prices for, and restricted the supply of ODDs. Defendants deny Plaintiffs allegations. The Court has not decided who is right.

**4.      Why is there a Settlement but the litigation is continuing?**

Only one of the Defendants has agreed to settle the lawsuit at this time – NEC Corporation ("NEC" or "Settling Defendant"). The Court has previously approved settlements with (1) Hitachi-LG Data Storage, Inc., Hitachi-LG Data Storage Korea, Inc., LG Electronics, Inc., LG Electronics USA, and Hitachi, Ltd. and (2) Panasonic Corporation and Panasonic Corporation of North America (collectively, "Settled Defendants"). The remaining non-settling and non-settled defendants are referred to as "Non-Settling Defendants." Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

**5.      What are Optical Disk Drives and Optical Disk Drive Products?**

For the purposes of the Settlement, "Optical Disk Drives" or "ODDs" are defined to mean any device which uses laser light (or electromagnetic wavelength) to read and/or write data to or from an optical disc. ODDs consist of both internal drives built to be incorporated or inserted into electronic devices (including notebook and desktop computers, and Microsoft Xboxes) and external drives that attach to a notebook or desktop computer or other electronic device by means of an external interface, such as a Universal Serial Bus ("USB") connection. ODDs utilize the following optical disc formats: (a) compact discs ("CDs"), such as CD-ROMs or CD-recordable/rewritable discs ("CD-R/RWs"); (b) digital versatile discs ("DVDs"), such as DVD-ROMs or DVD-recordable/rewritable discs ("DVD±R/RWs"); (c) Blu-ray products, such as Blu-ray discs ("BDs") and Blu-ray-recordable/rewritable discs ("BDR"/"BD-RWs"); (d) High Definition DVDs ("HD-DVDs"); and (e) Super Multi-Drives or other combination drives that read from and/or write to various types of the foregoing media.

**6.      What is a class action?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All these people are members of the class, except for those who exclude themselves from the class.

If the Plaintiffs obtain money or benefits as a result of a trial or future settlement, you will be notified about those settlements, if any, at that time. Important information about the case will be posted on the website, **www.ODDDirectPurchaserAntitrustSettlement.com** as it becomes available. Please check the website to be kept informed about any future developments.

**THE SETTLEMENT CLASS**

**7.      How do I know if I'm part of the Settlement Class?**

The settlement class includes persons and entities who, from January 1, 2004 until at least January 1, 2010, directly purchased an ODD in the United States from any Defendant or subsidiary or affiliate thereof, or any co-conspirator ("Settlement Class"). As used herein the term "ODD" includes (a) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be inserted into, or incorporated in, an electronic device; (b) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be attached to an electronic device through an external interface such as a Universal Serial Bus connection; and (c) an internal drive sold as a component of a laptop or desktop computer by a Defendant or its subsidiary or affiliate.

**8.      What does the Settlement provide?**

The Settlement with NEC provides for payment of $6,000,000 in cash, plus interest (plus up to an additional $150,000 toward notice costs). The Settlement also provides for the production of witnesses. In addition, NEC sales remain in the case for the purpose of computing damages against the remaining Non-Settling Defendants. Finally, the Settlement provides that $750,000 of the $6,000,000 Settlement Fund, subject to Court approval, may be used to pay expenses incurred in the litigation for prosecution of the action on behalf of the Settlement Class against Non-Settling Defendants.

More details are in the Settlement Agreement, available at
**www.ODDDirectPurchaserAntitrustSettlement.com**

**9.      When can I get a payment?**

No money will be distributed to any Settlement Class member yet. The lawyers will pursue the lawsuit against the Non-Settling Defendants to see if any future settlements or judgments can be obtained in the case and then be distributed together, to reduce expenses.

Any future distribution of the Settlement Funds will be allocated on a *pro rata* basis.  You will be notified in the future when and where to send a claim form.  DO NOT SEND ANY CLAIMS NOW.

In the future, the Settlement Funds will be allocated on a *pro rata* basis based on the dollar value of each class member's purchase(s) of either ODDs in proportion to the total claims filed.  In determining the *pro rata* allocation of Settlement Funds, purchases of stand-alone ODDs will be valued at 100% of their purchase price.  For purchases of electronic devices containing an ODD (desktop computers or laptop computers), the *pro rata* calculation will factor in the proportionate value of the ODD contained in the product.  The resulting percentages will be multiplied by the net Settlement Fund (total settlements minus all costs, attorneys' fees, and expenses) to determine each claimant's *pro rata* share of the Settlement Fund.

**10.**     **What are my rights in the Settlement Class?**

**Remain in the Settlement Class**: If you wish to remain a member of the Settlement Class you do not need to take any action at this time.

**Get out of the Settlement Class**: If you wish to keep any of your rights to sue NEC about claims concerning the manufacture, supply, distribution, sale or pricing of ODDs, other than claims for product liability, personal injury or breach of contract claims not related to the allegations in this case, you must exclude yourself from the Settlement Class. You will not get any money from the Settlement if you exclude yourself from the Settlement Class.

To exclude yourself from the Settlement Class, you must send a letter that includes the following:
- Your name, address and telephone number;
- A statement saying that you want to be excluded from *In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143, NEC Settlement; and
- Your signature.

You must mail your exclusion request, postmarked no later than **June 23, 2014**, to:

ODD Claims Administrator
P.O. 0000
City, ST 00000

**Remain in the Settlement Class and Object**: If you have comments about, or disagree with, any aspect of the Settlement, you may express your views to the Court by writing to the address below. The written response needs to include your name, address, telephone number, the case name and number (*In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143), a brief explanation of your reasons for objecting, and your signature. The response must be postmarked no later than **June 23, 2014** and mailed to:

| COURT | INTERIM LEAD COUNSEL | COUNSEL FOR NEC |
|---|---|---|
| Honorable Richard Seeborg United States District Court Northern District of California San Francisco Division 450 Golden Gate Avenue Courtroom 3, 17th floor San Francisco, CA 94102 | Guido Saveri R. Alexander Saveri SAVERI & SAVERI, INC. 706 Sansome Street San Francisco, CA 94111 | Robert B. Pringle WINSTON & STRAWN LLP 101 California St., Suite 3900 San Francisco, CA 94111 |

**11.     What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class, you can't sue NEC, or be part of any other lawsuit against NEC, about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreement. The Settlement Agreement is available at **www.ODDDirectPurchaserAntitrustSettlement.com.**

### THE SETTLEMENT APPROVAL HEARING

**12.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at **3:00 p.m. on August 14, 2014**, at United States District Courthouse, 450 Golden Gate Avenue, Courtroom 3, 17th floor, San Francisco, California, 94102.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Class website for information.  At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**13.     Do I have to attend the hearing?**

No. Interim Lead Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**14.      May I speak at the hearing?**

If you want your own lawyer instead of Interim Lead Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance."  The Notice of Appearance should include the name and number of the lawsuit (*In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143), and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than **June 23, 2014**. You cannot speak at the Hearing if you previously asked to be excluded from the Settlement.

The Notice of Appearance must be sent to the addresses listed in Question 10.

## THE LAWYERS REPRESENTING YOU

**15.     Do I have a lawyer in the case?**

Yes. The Court has appointed the law firm of Saveri & Saveri, Inc. to represent you as "Interim Lead Counsel." You do not have to pay Interim Lead Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

**16.     How will the lawyers be paid?**

Class Counsel are not asking for attorneys' fees at this time.  At a future time, Interim Lead Counsel will ask the Court for attorneys' fees not to exceed one-third (33.3%) of this or any future Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement Agreement.  Interim Lead Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole Class.

## GETTING MORE INFORMATION

**17.     How do I get more information?**

This Notice summarizes the lawsuit and the Settlement. You can get more information about the lawsuit and Settlement at **www.ODDDirectPurchaserAntitrustSettlement.com**, by calling 1-800-000-0000, or writing to ODD Claims Administrator, P.O. 0000, City, ST 00000. Please do not contact the Court about this case.

Dated: _____, 2014                                                                                BY ORDER OF THE COURT

# EXHIBIT B

<u>LEGAL NOTICE</u>

# If You Bought An Optical Disk Drive, Either As A Standalone Product Or Which Was Incorporated Into A Desktop or Notebook Computer, A Class Action Settlement May Affect You.

_____

A settlement has been reached with one defendant in a class action lawsuit involving ODDs. ODD stands for "Optical Disk Drive." ODDs are defined to mean any device which uses laser light (or electromagnetic wavelength) to read and/or write data to or from an optical disc. ODDs consist of both internal drives built to be incorporated or inserted into electronic devices (including notebook and desktop computers, and Microsoft Xboxes) and external drives that attach to a notebook or desktop computer or other electronic device by means of an external interface, such as a Universal Serial Bus ("USB") connection. ODDs utilize the following optical disc formats: (a) compact discs ("CDs"), such as CD-ROMs or CD-recordable/rewritable discs ("CD-R/RWs"); (b) digital versatile discs ("DVDs"), such as DVD-ROMs or DVD-recordable/rewritable discs ("DVD±R/RWs"); (c) Blu-ray products, such as Blu-ray discs ("BDs") and Blu-ray-recordable/rewritable discs ("BDR"/"BD-RWs"); (d) High Definition DVDs ("HD-DVDs"); and (e) Super Multi-Drives or other combination drives that read from and/or write to various types of the foregoing media.

*What is this lawsuit about?*

The lawsuit alleges that Defendants and Co-Conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of ODDs. Plaintiffs allege that, as result of the unlawful conspiracy involving ODDs, they and other direct purchasers paid more for ODDs than they would have absent the conspiracy. Defendants deny Plaintiffs' claims.

*Who's included in the Settlement?*

The Settlement includes all persons and entities who, from January 1, 2004 until at least January 1, 2010, directly purchased an ODD in the United States from any defendant or subsidiary or affiliate thereof. ("Settlement Class"). The term "ODD" includes: (a) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be inserted into, or incorporated in, an electronic device; (b) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be attached to an electronic device through an external interface such as a Universal Serial Bus connection; and (c) an internal drive sold as a component of a laptop or desktop computer by a Defendant or its subsidiary or affiliate.

*Who are the Released Defendants?*

Only one of the Defendants has agreed to settle the lawsuit at this time—NEC Corporation ("Settling Defendant"). The Court has previously approved settlements with (1) Hitachi-LG Data Storage, Inc., Hitachi-LG Data Storage Korea, Inc., LG Electronics, Inc., LG Electronics USA, and Hitachi, Ltd. and (2) Panasonic Corporation and Panasonic Corporation of North America (collectively, "Settled Defendants"). The remaining non-settling and non-settled defendants are referred to as "Non-Settling Defendants." A complete list of Defendants is set out in the Long Form of Notice available at www.ODDDirectPurchaserAntitrustSettlement.com.

*What does the Settlement provide?*

The Settlement provides for the payment of $6,000,000 in cash, plus interest , to the Settlement Class (plus up to an additional $150,000 toward notice costs). The Settlement provides that $750,000 of the Settlement Fund, subject to Court approval, may be used to pay expenses incurred in the litigation for prosecution of the action on behalf of the Class against the Non-Settling Defendants. NEC has agreed to produce witnesses in the case against the remaining Non-Settling Defendants. Money will not be distributed to Settlement Class members at this time. The lawyers will pursue the lawsuit against the Non-Settling Defendants, to see if any future settlements or judgments can be obtained in the case and then be distributed together, on a *pro rata* basis based on the value of your ODD purchase, to reduce expenses.

*What are my rights?*

If you wish to remain a member of the Settlement Class you do not need to take any action at this time. If you do not want to be legally bound by the Settlement, you must exclude yourself in writing by **June 23, 2014**, or you will not be able to sue, or continue to sue, NEC about the legal claims that were or could have been asserted in this case.

If you wish to comment on or disagree with any aspect of the proposed Settlement, you must do so in writing no later than **June 23, 2014**. The Settlement Agreement, along with details on how to object to it, is available at www.ODDDirectPurchaserAntitrustSettlement.com. The U.S. District Court for the Northern District of California will hold a Fairness Hearing at **3:00 p.m. on August 14, 2014**, at the United States District Courthouse, 450 Golden Gate Avenue, Courtroom 3, 17th floor, San Francisco, California, 94102. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for information.

The Court has appointed the law firm of Saveri & Saveri, Inc. as Interim Lead Class Counsel, to represent Direct Purchaser Class members. The Court will hold a hearing at **3:00 p.m. on August 14, 2014** to consider whether the Settlement is fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. You may appear at the hearing, but don't have to. We do not know how long these decisions will take. Please do not contact the Court about this case.

This is the Short Form Notice. For more details, call toll free 1-800-000-0000, visit www.ODDDirectPurchaserAntitrustSettlement.com, or write to ODD Direct Settlement, P.O. Box XXX, XXX