1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION** | Case No. 3:10-md-02143 RS |
| | MDL No. 2143 |
| This Document Relates to: | |
| **DIRECT PURCHASER CLASS ACTIONS** | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH PANASONIC DEFENDANTS** |
| | Date:       May 15, 2014 |
| | Time:       1:30 p.m. |
| | Judge:      Honorable Richard Seeborg |
| | Courtroom:  3, 17th Floor |

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH
PANASONIC DEFENDANTS – Case No. 3:10-md-02143 RS

1    On April 24, 2014, Direct Purchaser Plaintiffs ("Plaintiffs") filed a Memorandum of Points

2   and Authorities in Support of Final Approval of Class Action Settlement with Panasonic

3   Defendants. The Court, having reviewed the memorandum, the settlement agreement, the pleadings

4   and other papers on file in this action, and the statements of counsel and the parties, hereby finds

5   that final approval of the Settlement should be GRANTED.

6    NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

7    1.    The Court has jurisdiction over the subject matter of the Action and over all parties

8   to the Settlement Agreement (the "Agreement"), including all members of the Class.

9    2.    For purposes of this Order, except as otherwise set forth herein, the Court adopts

10   and incorporates the definitions contained in the Settlement Agreement.

11    3.    Pursuant to Fed. R. Civ. P. 23(g), Saveri & Saveri, Inc. is appointed as counsel for

12   the Class. Saveri & Saveri, Inc. has and will fairly and competently represent the interests of the

13   Class.

14    4.    By Order dated November 1, 2013 (Dkt. No. 1052), the Court certified for

15   settlement a class defined as follows:

16    
17   All individuals and entities who, during the period from January 1, 2004 until
at least January 1, 2010 (the "Class Period") purchased one or more Optical Disk
18   Drives in the United States directly from the Defendants, their subsidiaries, or their
affiliates. Excluded from the Class are Defendants and their parents, subsidiaries,
19   affiliates, and all governmental entities. As used herein the term "Optical Disc
Drive" includes (a) a drive sold by a Defendant or its subsidiary or affiliate as a
20   separate unit that is to be inserted into, or incorporated in, an electronic device; (b) a
drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be
21   attached to an electronic device through an external interface such as a Universal
Serial Bus connection; and (c) an internal drive sold as a component of a laptop or
22   desktop computer by a Defendant or its subsidiary or affiliate.

23    5.    The persons/entities identified in Exhibit C to the Declaration of Ross Murray in

24   Support of Final Approval of Class Action Settlement with Panasonic filed on April 24, 2014, have

25   validly requested exclusion from the Class and, therefore, are excluded.  Such persons/entities are

26   not included in or bound by this Order. Such persons/entities are not entitled to any recovery of the

27   settlement proceeds obtained through the Panasonic Settlement Agreement.

28

1

6.      The settlement class definition as set forth above and as used in this Order is for settlement purposes only.  It has no binding effect on the Court, on the indirect-purchaser plaintiffs, or on the Non-Released Defendants for any other purpose, including but not limited to the filing or resolution of any upcoming motion(s) for class certification pursuant to Fed. R. Civ. Proc. 23.

7.      The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class which predominate over individual issues; (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and (e) a class action is superior to individual actions.

8.      The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.      This Court hereby dismisses on the merits and with prejudice the Action in favor of Panasonic, with each party to bear their own costs and attorneys' fees.

10.     Panasonic is hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Agreement.

11.     The notice given to the Class of the settlement was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts.  Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

12.     The Plan of Allocation set forth in the Class notices is, in all respects, fair, adequate, and reasonable. Accordingly, the Court hereby grants final approval of the Plan of Allocation.

13.     Without affecting the finality of the Judgments in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs' counsel for attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgments contemplated hereby have become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the Plan of Allocation of settlement proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and administering the Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

14.     In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

15.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment of Dismissal with prejudice as to Panasonic ("Judgment") should be entered and further finds that there is no just reason for delay in the entry of the Judgment, as a Final Judgment, in accordance with the terms of the Settlement Agreement.

Accordingly, the Clerk is hereby directed to enter Judgments forthwith for Panasonic.

IT IS SO ORDERED.

Dated: 5/15/14 _____

_____
Hon. Richard Seeborg
United States District Judge

3

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH
PANASONIC DEFENDANTS - Case No. 3:10-md-02143 RS