JEFFREY L. KESSLER (admitted *pro hac vice*)
jkessler@winston.com
A. PAUL VICTOR (admitted *pro hac vice*)
pvictor@winston.com
DAVID L. GREENSPAN (admitted *pro hac vice*)
dgreenspan@winston.com
GEORGE MASTORIS (admitted *pro hac vice*)
gmastoris@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for Defendant Panasonic Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | MDL Docket No. 3:10-md-02143-RS-JCS |
| This document relates to: | Case No. 3:13-cv-1877-RS |
| *State of Florida v. Hitachi-LG Data Storage, Inc. et al.* | **PANASONIC CORPORATION'S ANSWER TO THE STATE OF FLORIDA'S SECOND AMENDED COMPLAINT** |
| | Judge Richard Seeborg |

PANASONIC CORP.'s ANSWER TO STATE OF
FLORIDA'S SECOND AMENDED COMPLAINT

Case No. 10-02143 RS

Defendant PANASONIC CORPORATION ("Panasonic"), by and through its attorneys, responds as follows to the allegations set forth in the Second Amended Complaint ("Complaint") filed by the State of Florida ("Plaintiff" or "Florida"). To the extent not specifically admitted herein, all allegations of the Complaint are denied. Furthermore, the section headings included herein are included only for purposes of clarity and organization, and Panasonic does not admit, but rather specifically denies, any factual or legal allegations in the headings used in the Complaint.

## I.    NATURE OF THE ACTION

1. The allegations contained in Paragraph 1 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations in their entirety, except admits that Plaintiff purports to bring this action on behalf of itself and its governmental entities, businesses within Florida and natural persons in Florida, and that Plaintiff seeks a jury trial.

2. Panasonic denies the allegations contained in Paragraph 2 in their entirety.

3. Panasonic denies the allegations contained in Paragraph 3 in their entirety.

4. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

## II.    JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

6. The allegations contained in Paragraph 6 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

7.    The allegations contained in Paragraph 7 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

8.    The allegations contained in Paragraph 8 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic, except admits that Panasonic does business with customers with operations in this judicial district, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## III.    DEFINITIONS

9.    The allegations contained in Paragraph 9 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 9 in their entirety, except admits that Plaintiff purports to define certain terms within the Complaint as noted therein.

## IV.    PARTIES

### A.    Plaintiff

10.    The allegations contained in Paragraph 10 of the Complaint constitute conclusions of law to which no responsive pleading is required.

11.    The allegations contained in Paragraph 11 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12. The allegations contained in Paragraph 12 of the Complaint constitute conclusions of law to which no responsive pleading is required.

13. The allegations contained in Paragraph 13 of the Complaint constitute conclusions of law to which no responsive pleading is required.

**B.**     **Defendants**

14. Panasonic lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14.

15. Panasonic lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15.

16. Panasonic lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16, except admits that Plaintiff refers to the entities identified in Paragraph 16 of the Complaint collectively as "HLDS."

17. Panasonic lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17.

18. Panasonic lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18.

19. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except admits that Plaintiff refers to the entities identified in Paragraph 21 of the Complaint collectively as "BenQ."

1    22.    Panasonic lacks knowledge or information sufficient to form a belief as to the

2    truth of the allegations contained in Paragraph 22.

3    23.    Panasonic lacks knowledge or information sufficient to form a belief as to the

4    truth of the allegations contained in Paragraph 23.

5    24.    Panasonic lacks knowledge or information sufficient to form a belief as to the

6    truth of the allegations contained in Paragraph 24.

7    25.    Panasonic lacks knowledge or information sufficient to form a belief as to the

8    truth of the allegations contained in Paragraph 25.

9    26.    Panasonic lacks knowledge or information sufficient to form a belief as to the

10   truth of the allegations contained in Paragraph 26, except admits that Plaintiff refers to the

11   entities identified in Paragraph 26 of the Complaint collectively as "PLDS."

12   27.    Panasonic lacks knowledge or information sufficient to form a belief as to the

13   truth of the allegations contained in Paragraph 27.

14   28.    Panasonic lacks knowledge or information sufficient to form a belief as to the

15   truth of the allegations contained in Paragraph 28.

16   29.    Panasonic lacks knowledge or information sufficient to form a belief as to the

17   truth of the allegations contained in Paragraph 29.

18   30.    Panasonic lacks knowledge or information sufficient to form a belief as to the

19   truth of the allegations contained in Paragraph 30.

20   31.    Panasonic lacks knowledge or information sufficient to form a belief as to the

21   truth of the allegations contained in Paragraph 31.

22   32.    Panasonic lacks knowledge or information sufficient to form a belief as to the

23   truth of the allegations contained in Paragraph 32, except admits that Plaintiff refers to the

24   entities identified in Paragraph 32 of the Complaint collectively as "Sony Optiarc."

25   33.    Panasonic lacks knowledge or information sufficient to form a belief as to the

26   truth of the allegations contained in Paragraph 33.

27

28

PANASONIC CORP.'s ANSWER TO STATE OF          Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

34.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, except admits that Plaintiff refers to the entities identified in Paragraph 37 of the Complaint collectively as "TSST."

38.     Panasonic admits that Panasonic Corporation is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 38 and that it was known as Matsushita Electric Industrial Co., Ltd. prior to October 1, 2008.  Panasonic denies the remaining allegations contained in Paragraph 38, except admits that Panasonic sold and/or distributed ODDs in U.S. commerce during the purported Relevant Period.

39.     Panasonic denies the allegations contained in Paragraph 39 in their entirety, except admits that Panasonic Corporation of North America ("PNA") is a Delaware corporation with its headquarters in New Jersey.  Panasonic further admits that PNA is a wholly-owned subsidiary of Panasonic Corporation and that PNA distributed ODDs (that were manufactured by Panasonic Corporation) in U.S. commerce during the purported Relevant Period.

40.     Panasonic admits that Plaintiff refers to the entities identified in Paragraph 40 of the Complaint collectively as "Panasonic."

41.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

---

PANASONIC CORP.'s ANSWER TO STATE OF            Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

43. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, except admits that Plaintiff refers to the entities identified in Paragraph 43 of the Complaint collectively as "TEAC."

44. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, except admits that Plaintiff refers to the entities identified in Paragraph 46 of the Complaint collectively as "Quanta."

47. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, except admits that Plaintiff refers to the entities identified in Paragraph 51 of the Complaint collectively as "Pioneer."

## V. CO-CONSPIRATORS AND AGENTS

52. The allegations contained in Paragraph 52 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

53. The allegations contained in Paragraph 53 of the complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.

54. The allegations contained in Paragraph 54 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

55. The allegations contained in Paragraph 55 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## VI. BACKGROUND

### A. ODD Technology

56. Panasonic admits that the allegations contained in Paragraph 56 of the Complaint provide a generally accurate rendition of the technological attributes of ODDs.

57. Panasonic admits that the allegations contained in Paragraph 57 of the Complaint provide a generally accurate rendition of the technological attributes of ODDs.

58. Panasonic admits that the allegations contained in Paragraph 58 of the Complaint provide a generally accurate rendition of the technological attributes of ODDs.

59. Panasonic admits that the allegations contained in Paragraph 59 of the Complaint provide a generally accurate rendition of the technological attributes of ODDs, except lacks knowledge or information sufficient to form a belief as to the truth of the

1  allegations contained in the fifth sentence. Panasonic does not sell or manufacture half-height

2  ("HH") ODDs.

3       60.    Panasonic admits that the allegations contained in Paragraph 60 of the

4  Complaint provide a generally accurate rendition of the technological attributes of ODDs.

5       61.    Panasonic admits that the allegations contained in Paragraph 61 of the

6  Complaint provide a generally accurate rendition of the technological attributes of ODDs.

7                          **B.    ODD Industry**

8       62.    Panasonic lacks knowledge or information sufficient to form a belief as to the

9  truth of the allegations contained in Paragraph 62 but states that Dell and HP used electronic

10 auctions.

11      63.    Panasonic admits that the allegations contained in the first, second, third, and

12 fourth sentences of Paragraph 63 of the Complaint provide a generally accurate rendition of the

13 e-auctions and RFQs, in which Panasonic participated. Panasonic lacks knowledge or

14 information sufficient to form a belief as to the truth of the remaining allegations.

15      64.    Panasonic admits the allegations contained in the first and fourth sentences of

16 Paragraph 64 of the Complaint. Panasonic lacks knowledge or information sufficient to form a

17 belief as to the truth of the remaining allegations contained in Paragraph 64. Panasonic denies

18 that it engaged in any bid-rigging activity related to these procurement events.

19              **VII.    DEFENDANTS' ANTICOMPETITIVE CONDUCT**

20      65.    The allegations contained in Paragraph 65 of the Complaint include

21 conclusions of law to which no responsive pleading is required. To the extent that a response is

22 required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks

23 knowledge or information sufficient to form a belief as to the truth of the remaining

24 allegations.

25      66.    The allegations contained in Paragraph 66 of the Complaint include

26 conclusions of law to which no responsive pleading is required. To the extent that a response is

27

28

PANASONIC CORP.'s ANSWER TO STATE OF          Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

67.     Panasonic denies the allegations contained in Paragraph 67 of the Complaint.

68.     Panasonic denies the allegations contained in Paragraph 68 of the Complaint.

69.     Panasonic denies the allegations contained in Paragraph 69 of the Complaint.

70.     Panasonic denies the allegations contained in Paragraph 70 of the Complaint, except admits that Dell and HP occasionally held meetings attended by one or more suppliers.

71.     Panasonic denies the allegations contained in Paragraph 71 of the Complaint.

72.     Panasonic denies the allegations contained in Paragraph 72 of the Complaint.

73.     Panasonic denies the allegations contained in Paragraph 73 of the Complaint.

74.     Panasonic denies the allegations contained in Paragraph 74 of the Complaint.

75.     The allegations contained in Paragraph 75 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 75 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

A.     **Summary of Key Employees Who Committed Overt Acts to Stabilize Prices in the Representative Examples Listed in this Complaint**

76.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, except admits that Salter, Uemura, and Takada have been employed by Panasonic entities.  Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

PANASONIC CORP.'s ANSWER TO STATE OF                           Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

9

### B. Representative Examples of Overt Acts in Furtherance of the Conspiracy to Stabilize ODD Prices

77. The allegations contained in Paragraph 77 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations.

78. Panasonic denies the allegations contained in Paragraph 78 of the Complaint in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**a. Representative Acts of Hitachi, LG and HLDS in Furtherance of the Conspiracy**

79. The allegations contained in Paragraph 79 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations. Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

80. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80.

81. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81.

82. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

84. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

86.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86.

87.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87.

88.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, except admits that Gray and Salter met and exchanged certain industry information.   Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

90.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90.

91.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91.

92.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92.

93.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93.

94.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94.

95.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

**b.** **Representative Acts of the Panasonic Defendants in Furtherance of the Conspiracy**

96. The allegations contained in Paragraph 96 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations. Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

97. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, except admits that Plaintiff has accurately reproduced the quoted language in Paragraph 97 from an email that appears to have been sent by Salter. Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

98. Panasonic denies the allegations contained in Paragraph 98 of the Complaint, except admits that Plaintiff has accurately reproduced the quoted language in Paragraph 98 from an email that appears to have been sent by Salter. Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

99. Panasonic denies the allegations contained in Paragraph 99 of the Complaint, except admits that Plaintiff has accurately reproduced the quoted language in Paragraph 99 from an email that appears to have been sent by Salter. Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

100.     Panasonic denies the allegations contained in Paragraph 100 of the Complaint, except admits that Plaintiff has reproduced (with several inaccuracies) the quoted language in Paragraph 100 from internal PNA emails.   Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

101.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101, except admits that Plaintiff has accurately reproduced the quoted language in Paragraph 101 from emails that appear to have been sent by Salter and Gray.   Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

102.     Panasonic denies the allegations contained in Paragraph 102 of the Complaint, except admits that Plaintiff has accurately reproduced the quoted language in Paragraph 102 from an email that appears to have been sent by Salter.   Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

103.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, except admits that Plaintiff has accurately reproduced the quoted language in Paragraph 103 from an email that appears to have been sent by Takada.   Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

104.     Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, except admits that Plaintiff has accurately

PANASONIC CORP.'s ANSWER TO STATE OF                    Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

reproduced the quoted language in Paragraph 104 from an email that appears to have been sent by a PNA employee. Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

105.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105, except admits that Plaintiff has reproduced (with several inaccuracies) the quoted language in Paragraph 105 from an email that appears to have been sent by Salter. Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any other conduct in violation of the antitrust laws either through these communications or any other conduct.

### c.    Representative Acts of Philips, Lite-On, BenQ, PBDS and PLDS in Furtherance of the Conspiracy

106.    The allegations contained in Paragraph 106 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

107.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107.

108.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108.

109.    The allegations contained in Paragraph 109 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, and otherwise denies the allegations therein.

110.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113.

114.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114.

115.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115.

116.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116.

117.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117.

118.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118.

119.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119.

120.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint, except admits that Plaintiff has accurately reproduced the quoted language in Paragraph 120 from an email that appears to have been sent by Uemura.  Panasonic further denies that it reached any agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any conduct in violation of the antitrust laws, either through these communications or any other conduct.

121.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121.

122.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122.

123.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123.

124.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124.

125.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125.

126.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126.

127.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127.

128.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128.

129.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129.

130.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130.

131.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131.

132.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132.

133.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133.

PANASONIC CORP.'s ANSWER TO STATE OF                    Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

1

**d.      Representative Acts of Quanta in Furtherance of the Conspiracy**

2      134.    The allegations contained in Paragraph 134 of the Complaint include

3   conclusions of law to which no responsive pleading is required.  To the extent that a response is

4   required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of

5   the allegations.

6      135.    Panasonic denies the allegations contained in Paragraph 135 of the Complaint

7   in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to

8   form a belief as to the truth of the remaining allegations.

9      136.    Panasonic lacks knowledge or information sufficient to form a belief as to the

10   truth of the allegations contained in Paragraph 136.

11      137.    Panasonic lacks knowledge or information sufficient to form a belief as to the

12   truth of the allegations contained in Paragraph 137.

13      138.    Panasonic lacks knowledge or information sufficient to form a belief as to the

14   truth of the allegations contained in Paragraph 138.

15

**e.      Representative Acts of Sony, NEC, Sony NEC Optiarc,
and Sony Optiarc in Furtherance of the Conspiracy**

16

17      139.    The allegations contained in Paragraph 139 of the Complaint include

18   conclusions of law to which no responsive pleading is required.  To the extent that a response is

19   required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of

20   the allegations.

21      140.    Panasonic lacks knowledge or information sufficient to form a belief as to the

22   truth of the allegations contained in Paragraph 140.

23      141.    Panasonic lacks knowledge or information sufficient to form a belief as to the

24   truth of the allegations contained in Paragraph 141.

25      142.    Panasonic lacks knowledge or information sufficient to form a belief as to the

26   truth of the allegations contained in Paragraph 142.

27

PANASONIC CORP.'s ANSWER TO STATE OF                    Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

28

143.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143.

144.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144.

145.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145.

146.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146.

147.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147.

148.    The allegations contained in Paragraph 148 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

**f.**    **Representative Acts of the TEAC Defendants in Furtherance of the Conspiracy**

149.    The allegations contained in Paragraph 149 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

150.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150.

151.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151.

152.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152.

153.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153.

154.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154.

g.    **Representative Acts of Toshiba, Samsung and TSST in Furtherance of the Conspiracy**

155.    The allegations contained in Paragraph 155 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

156.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156.

157.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157.

158.    The allegations contained in Paragraph 158 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

159.    The allegations contained in Paragraph 159 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159.

160.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160, except admits that Plaintiff has accurately reproduced the quoted language in Paragraph 160 from an internal PNA document.

PANASONIC CORP.'s ANSWER TO STATE OF
FLORIDA'S SECOND AMENDED COMPLAINT

Case No. 10-02143 RS

19

1

### h. Representative Acts of Pioneer in Furtherance of the Conspiracy

2     161. The allegations contained in Paragraph 161 of the Complaint include

3 conclusions of law to which no responsive pleading is required. To the extent that a response is

4 required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks

5 knowledge or information sufficient to form a belief as to the truth of the remaining

6 allegations.

7     162. Panasonic lacks knowledge or information sufficient to form a belief as to the

8 truth of the allegations contained in Paragraph 162.

9     163. Panasonic lacks knowledge or information sufficient to form a belief as to the

10 truth of the allegations contained in Paragraph 163. Panasonic denies that it reached any

11 agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any conduct in

12 violation of the antitrust laws.

13     164. Panasonic lacks knowledge or information sufficient to form a belief as to the

14 truth of the allegations contained in Paragraph 164. Panasonic denies that it reached any

15 agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any conduct in

16 violation of the antitrust laws.

17     165. Panasonic lacks knowledge or information sufficient to form a belief as to the

18 truth of the allegations contained in Paragraph 165 of the Complaint, except admits that Okubo

19 has met with the individuals listed from Pioneer. Panasonic denies that it reached any

20 agreement as to price-fixing, bid-rigging, or market allocation, or engaged in any conduct in

21 violation of the antitrust laws, either through these communications or any other conduct.

22     166. Panasonic lacks knowledge or information sufficient to form a belief as to the

23 truth of the allegations contained in Paragraph 166.

24     167. Panasonic lacks knowledge or information sufficient to form a belief as to the

25 truth of the allegations contained in Paragraph 167.

26

27

PANASONIC CORP.'s ANSWER TO STATE OF           Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

28

168. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168.

169. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169.

170. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170.

171. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171, except admits that Panasonic's AVC Networks Company manufactured and sold optical pickups during the Relevant Period.

172. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172.

## C. Government Investigation

173. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Complaint, except admits that the Department of Justice has closed its investigation into the possibility of anticompetitive behavior in the ODD industry and that it has knowledge that HLDS and certain individuals affiliated with HLDS entered into plea agreements with the United States government.

174. Panasonic denies the allegations contained in Paragraph 174 of the Complaint.

## VIII. INDUSTRY DYNAMICS

175. Panasonic denies the allegations contained in Paragraph 175 of the Complaint.

## A. Barriers to Entry

176. The allegations contained in Paragraph 176 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations.

PANASONIC CORP.'s ANSWER TO STATE OF FLORIDA'S SECOND AMENDED COMPLAINT

Case No. 10-02143 RS

1

### a.     The CD Patent Pools

2       177.    Panasonic lacks knowledge or information sufficient to form a belief as to the

3    truth of the allegations contained in Paragraph 177 of the Complaint.

4       178.    Panasonic lacks knowledge or information sufficient to form a belief as to the

5    truth of the allegations contained in Paragraph 178 of the Complaint.

6

### b.     The DVD Patent Pools

7       179.    The allegations contained in Paragraph 179 of the Complaint constitute

8    characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

9    required.  To the extent that a response is required, Panasonic lacks knowledge or information

10   sufficient to form a belief as to the truth of the allegations contained in Paragraph 179.

11      180.    Panasonic lacks knowledge or information sufficient to form a belief as to the

12   truth of the allegations contained in Paragraph 180 of the Complaint, except admits that

13   Panasonic is a current licensor of the DVD6c patent pool.

14      181.    The allegations contained in Paragraph 181 of the Complaint include

15   conclusions of law to which no responsive pleading is required.  To the extent that a response is

16   required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks

17   knowledge or information sufficient to form a belief as to the truth of the remaining

18   allegations.

19      182.    The allegations contained in Paragraph 182 of the Complaint include

20   conclusions of law to which no responsive pleading is required.  To the extent that a response is

21   required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks

22   knowledge or information sufficient to form a belief as to the truth of the remaining

23   allegations.

24      183.    The allegations contained in Paragraph 183 of the Complaint include

25   conclusions of law to which no responsive pleading is required.  To the extent that a response is

26   required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks

27

28

knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### B. Increasing Industry Concentration

184. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Complaint.

185. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint.

186. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of the Complaint.

187. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint.

188. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint.

189. Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Complaint.

### C. Several Opportunities for Information Sharing Exist

#### a. Interrelated Business Relationships Facilitate Information Sharing

190. The allegations contained in Paragraph 190 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

191. The allegations contained in Paragraph 191 of the Complaint include conclusions of law to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks

PANASONIC CORP.'s ANSWER TO STATE OF                                  Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

23

knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

192.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint.

### b.    Industry Organizations Facilitate Information Sharing

193.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193, except admits that it has been a member of certain trade associations and that these trade associations have held meetings.

### i.    The DVD Forum

194.    The allegations contained in Paragraph 194 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194, except admits that Panasonic, along with more than eighty other companies, is a member of the trade association known as the DVD Forum and that Panasonic, along with eighteen other companies, has served on the Steering Committee of the DVD Forum.

195.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195.

### ii.    The International Symposium on Optical Memory

196.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196.

197.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197, except admits it has attended meetings of the International Symposium on Optical Memory.

iii.     The Blu-Ray Disc Association

198.    Panasonic admits that the Blu-Ray Disc Association is an "industry consortium," and denies the remaining allegations in Paragraph 198.

199.    Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199, except admits that Panasonic has been a member of the Blu-Ray Disc Association ("BDA") and is a founding member of BDA's board of directors.

### c.     The Patent Pools Facilitate Information Sharing

200.    The allegations contained in Paragraph 200 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 regarding the DVD3C patent pool, and otherwise denies the allegations therein.

201.    Panasonic admits, as referenced in Paragraph 201, that the DVD6C Patent License Agreement requires licensees to report, on a semi-annual basis, the quantities of DVD products on which royalties are due, the trademarks or trade names used for such products, and a computation of the royalties due on the agreement.   Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 regarding the DVD3C patent pool, and otherwise denies the allegations therein.

202.    The allegations contained in Paragraph 202 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202, except admits that the members of the DVD Patent Licensing Group (other than Toshiba) grant Toshiba the non-exclusive right to license the Patents to third parties.   Pursuant to such authorization, Toshiba may execute license agreements for the Patents with third parties and undertake licensing activities in Japan,

Europe, and Africa.  In addition, Toshiba authorizes Hitachi and Panasonic to provide licensing assistance to Toshiba for the licensing of the Patents.  Hitachi undertakes licensing activities in Asian countries (except for Japan), Australia, and the Middle East.  Panasonic undertakes licensing activities in North and South America.  Panasonic denies the remaining allegations contained in Paragraph 202 of the Complaint.

## IX.   DEFENDANTS' CONSPIRACY STABILIZED ODD PRICES

203.   Panasonic denies the allegations contained in Paragraph 203 of the Complaint.

204.   Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the Complaint.

205.   Panasonic denies the allegations contained in Paragraph 205 of the Complaint.

## X.   DEFENDANTS' CONSPIRACY CAUSED CONSUMERS TO PAY SUPRA-COMPETITIVE PRICES

206.   The allegations contained in Paragraph 206 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations.

207.   The allegations contained in Paragraph 207 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations.

## XI.   TRADE AND COMMERCE

208.   The allegations contained in Paragraph 208 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 208 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that Panasonic sold and/or distributed ODDs in U.S. commerce during the purported Relevant Period.

209.   The allegations contained in Paragraph 209 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is

PANASONIC CORP.'s ANSWER TO STATE OF                    Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

required, Panasonic denies the allegations contained in Paragraph 209 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

210.    The allegations contained in Paragraph 210 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 210 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

211.    The allegations contained in Paragraph 211 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 211 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

212.    The allegations contained in Paragraph 212 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 212 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## XII. THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS

213.    The allegations contained in Paragraph 213 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 213 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

214.    The allegations contained in Paragraph 214 of the Complaint constitute conclusions of law to which no responsive pleading is required.

215.     The allegations contained in Paragraph 215 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 215 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that ODDs may be incorporated into other products.

216.     The allegations contained in Paragraph 216 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 216 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

217.     The allegations contained in Paragraph 217 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 217 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

218.     The allegations contained in Paragraph 218 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 218 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

219.     The allegations contained in Paragraph 219 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 219 in their entirety as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1

### XIII.   FRAUDULENT CONCEALMENT/EQUITABLE ESTOPPEL

2   220.   The allegations contained in Paragraph 220 of the Complaint include

3   conclusions of law to which no responsive pleading is required.  To the extent that a response is

4   required, Panasonic denies the allegations.

5   221.   The allegations contained in Paragraph 221 of the Complaint include

6   conclusions of law to which no responsive pleading is required.  To the extent that a response is

7   required, Panasonic denies the allegations.

8   222.   The allegations contained in Paragraph 222 of the Complaint include

9   conclusions of law to which no responsive pleading is required.  To the extent that a response is

10  required, Panasonic denies the allegations.

11  223.   Panasonic lacks knowledge or information sufficient to form a belief as to the

12  truth of the allegations contained in Paragraph 223 of the Complaint.

13  224.   Panasonic lacks knowledge or information sufficient to form a belief as to the

14  truth of the allegations contained in Paragraph 224 of the Complaint.

15  225.   The allegations contained in Paragraph 225 of the Complaint include

16  conclusions of law to which no responsive pleading is required.  To the extent that a response is

17  required, Panasonic denies the allegations.

18  226.   The allegations contained in Paragraph 226 of the Complaint include

19  conclusions of law to which no responsive pleading is required.  To the extent that a response is

20  required, Panasonic denies the allegations.

21  227.   To the extent the allegations contained in Paragraph 227 of the Complaint

22  purport to quote or describe various articles or news reports, Panasonic states that such

23  documents are the best source of their full content and context.  Further, Panasonic denies the

24  allegations contained in Paragraph 227 of the Complaint, including all subparts, as they relate

25  to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of

26  the remaining allegations.

27

PANASONIC CORP.'s ANSWER TO STATE OF                     Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

28

29

228.     To the extent the allegations contained in Paragraph 228 of the Complaint purport to quote or describe various articles, statements or news reports, Panasonic states that such documents are the best source of their full content and context.  Further, Panasonic denies the allegations contained in Paragraph 228 of the Complaint, including all subparts, as they relate to Panasonic and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

229.     The allegations contained in Paragraph 229 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations.

230.     The allegations contained in Paragraph 230 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations.

231.     The allegations contained in Paragraph 231 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations.

232.     The allegations contained in Paragraph 232 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

233.     The allegations contained in Paragraph 233 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

234.     The allegations contained in Paragraph 234 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations.

1

# XIV.   ASSIGNMENT

2

235.    Panasonic lacks knowledge or information sufficient to form a belief as to the

3

truth of the allegations contained in Paragraph 235.

4

236.    Panasonic lacks knowledge or information sufficient to form a belief as to the

5

truth of the allegations contained in Paragraph 236.

6

237.    Panasonic lacks knowledge or information sufficient to form a belief as to the

7

truth of the allegations contained in Paragraph 237.

8

238.    The allegations contained in Paragraph 238 of the Complaint include

9

conclusions of law to which no responsive pleading is required.  To the extent that a response is

10

required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of

11

the remaining allegations.

12

239.    The allegations contained in Paragraph 239 of the Complaint include

13

conclusions of law to which no responsive pleading is required.  To the extent that a response is

14

required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of

15

the remaining allegations.

16

240.    The allegations contained in Paragraph 240 of the Complaint include

17

conclusions of law to which no responsive pleading is required.  To the extent that a response is

18

required, Panasonic denies the allegations in their entirety as they relate to Panasonic and lacks

19

knowledge or information sufficient to form a belief as to the truth of the remaining

20

allegations.

21

241.    The allegations contained in Paragraph 241 of the Complaint include

22

conclusions of law to which no responsive pleading is required.  To the extent that a response is

23

required, Panasonic lacks knowledge or information sufficient to form a belief as to the truth of

24

the remaining allegations.

25

26

27

PANASONIC CORP.'s ANSWER TO STATE OF                    Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

28

# XV. VIOLATIONS ALLEGED

## COUNT I

### (Request for Injunctive Relief Under Federal and State Laws)

242. Panasonic incorporates by reference all the above responses as if fully set forth herein.

243. The allegations contained in Paragraph 243 of the complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.

244. Panasonic denies the allegations contained in Paragraph 244 of the Complaint.

245. Panasonic denies the allegations contained in Paragraph 245 of the Complaint.

246. The allegations contained in Paragraph 246 of the Complaint constitute conclusions of law to which no responsive pleading is required.

## COUNT II

### (Violation of Section One of the Sherman Act)

247. Panasonic incorporates by reference all the above responses as if fully set forth herein.

248. The allegations contained in Paragraph 248 of the complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.

249. Panasonic denies the allegations contained in Paragraph 249 of the Complaint.

250. Panasonic denies the allegations contained in Paragraph 250 of the Complaint.

## COUNT III

### (Violation of the Florida Antitrust Act: Civil Penalties)

251. Panasonic incorporates by reference all the above responses as if fully set forth herein.

252.    The allegations contained in Paragraph 252 of the complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.

253.    Panasonic denies the allegations contained in Paragraph 253 of the Complaint.

254.    Panasonic denies the allegations contained in Paragraph 254 of the Complaint.

## COUNT IV

### (Violation of the Florida Deceptive and Unfair Trade Practices Act)

255.    Panasonic incorporates by reference all the above responses as if fully set forth herein.

256.    The allegations contained in Paragraph 256 of the complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.

257.    The allegations contained in Paragraph 257 of the Complaint constitute conclusions of law to which no responsive pleading is required.

258.    Panasonic denies the allegations contained in Paragraph 258 of the Complaint.

## XVI.   PRAYER FOR RELIEF

259.    Panasonic denies that Florida suffered any injury or incurred any damages by any act or omission of Panasonic as alleged in the Complaint, and further denies that Florida is entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XVII.  DEMAND FOR JURY TRIAL

260.    The allegations set forth in Paragraph 260 of the Complaint contain no factual assertions for which a response is required.

**<u>DEFENSES</u>**

FURTHER, Panasonic asserts the following defenses and affirmative defenses to the Complaint.  Panasonic does not concede that it has the burden of proof on the defenses listed below:

**<u>FIRST DEFENSE</u>**

(Failure to State a Claim for Relief)

Neither the Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against Panasonic.

**<u>SECOND DEFENSE</u>**

(Statute of Limitations)

The relief sought by Florida is barred, in whole or in part, by the applicable statute of limitations.

**<u>THIRD DEFENSE</u>**

(Actual and Proximate Injury)

The relief sought by Florida is barred, in whole or in part, because Florida was not actually and proximately injured in its business or property by reason of any action(s) or omission(s) of Panasonic.

**<u>FOURTH DEFENSE</u>**

(No Damages)

The relief sought by Florida is barred, in whole or in part, because Florida has suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that HP purportedly suffered injury or damage, which Panasonic specifically denies, Panasonic further contends that any such purported injury or damage was not by reason of any act or omission of Panasonic.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH DEFENSE

(No Antitrust Injury)

The relief sought by Florida is barred, in whole or in part, because Florida has failed to allege "antitrust injury"—*i.e.*, injury that is of the type the antitrust laws were intended to remedy.

## SIXTH DEFENSE

(Speculative Damages)

The relief sought by Florida is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

## SEVENTH DEFENSE

(Mitigation)

The relief sought by Florida is barred, in whole or in part, because Florida has failed to take appropriate and necessary steps to mitigate, if any, its alleged damages.

## EIGHTH DEFENSE

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

The relief sought by Florida is barred, in whole or in part, because Florida has failed to allege fraud or fraudulent concealment with sufficient particularity.

## NINTH DEFENSE

(Failure to Exercise Due Diligence)

Florida's claims are barred by Florida's failure to exercise due diligence to uncover any allegedly unlawful conduct.

## TENTH DEFENSE

(Failure to Plead Conspiracy with Particularity)

The relief sought by Florida is barred, in whole or in part, because Florida has failed to allege conspiracy with sufficient particularity.

PANASONIC CORP.'s ANSWER TO STATE OF                    Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

35

1

### ELEVENTH DEFENSE

2

(Lack of Standing to Sue for Injuries Alleged)

3       The relief sought by Florida is barred, in whole or in part, because Florida lacks

4   standing to sue for the injuries alleged in the Complaint under federal or state law.  Moreover,

5   to the extent that Florida purchased products containing optical disks, as opposed to optical

6   disks themselves, its alleged injuries are even more speculative, derivative, indirect, and

7   remote.  Florida's damage claims create an impermissible risk of duplicative recoveries and

8   complex damage apportionment.

9

### TWELFTH DEFENSE

10

(Due Process)

11      To the extent Florida's claims would result in Panasonic paying damages to more than

12  one claimant for the same alleged overcharges to customers, they are barred because such

13  multiple liability would violate rights guaranteed to Panasonic by the United States

14  Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the

15  Fourteenth Amendment, and by applicable state law.

16

### THIRTEENTH DEFENSE

17

(Other/Superseding Causation)

18      The relief sought by Florida is barred, in whole or in part, because Florida's damages, if

19  any, resulted from the acts or omissions of third parties over whom Panasonic had no control or

20  responsibility.  The acts of such third parties constitute intervening or superseding cases of

21  harm, if any, suffered by Florida.

22

### FOURTEENTH DEFENSE

23

(Waiver and Estoppel)

24      The relief sought by Florida is barred, in whole or in part, by the doctrines of waiver

25  and/or estoppel.

26

27

28

PANASONIC CORP.'s ANSWER TO STATE OF          Case No. 10-02143 RS
FLORIDA'S SECOND AMENDED COMPLAINT

36

**FIFTEENTH DEFENSE**

(Laches)

The relief sought by Florida is barred, in whole or in part, by the equitable doctrine of laches.

**SIXTEENTH DEFENSE**

(Unclean Hands)

The relief sought by Florida is barred, in whole or in part, by the equitable doctrine of unclean hands.

**SEVENTEENTH DEFENSE**

(Unjust Enrichment)

The relief sought by Florida is barred, in whole or in part, because Florida would be unjustly enriched if it were allowed to recover any part of the damages alleged in the Complaint.

**EIGHTEENTH DEFENSE**

(Adequate Remedy at Law)

The injunctive relief sought by Florida is barred, in whole or in part, because Florida has available an adequate remedy at law.

**NINETEENTH DEFENSE**

(Acquiescence)

The relief sought by Florida is barred, in whole or in part, by Florida's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to Panasonic.

**TWENTIETH DEFENSE**

(Set Off)

Without admitting that Florida is entitled to recover damages in this matter, Panasonic is entitled to set off from any recovery Florida may obtain against Panasonic, any amount paid

1  to Florida by any other Defendants who have settled, or do settle, Florida's claims in this

2  matter.

### TWENTY-FIRST DEFENSE

(Failure to State a Claim for Injunctive Relief)

The relief sought by Florida is barred, in whole or in part, because Florida has failed to state a claim for injunctive relief insofar as Florida seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

### TWENTY-SECOND DEFENSE

(Lack of Jurisdiction)

The relief sought by Florida is barred, in whole or in part, because any alleged conduct of Panasonic occurred outside of the jurisdiction of the Court.

### TWENTY-THIRD DEFENSE

(Foreign Trade Antitrust Improvements Act)

The relief sought by Florida is barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

### TWENTY-FOURTH DEFENSE

(No Unreasonable Restraint Of Trade)

The relief sought by Florida is barred, in whole or in part, because the alleged conduct of Panasonic did not unreasonably restrain trade in any alleged relevant market.

### TWENTY-FIFTH DEFENSE

(*Illinois Brick*)

Florida's claims are barred in whole or in part by the direct-purchaser requirement of *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

### TWENTY-SIXTH DEFENSE

(Independent, Legitimate Business and Economic Justification)

Florida's claims are barred because Panasonic had legitimate business and economic

justifications for the conduct at issue, its conduct was pro-competitive, and its practices were and are reasonably justified.

### TWENTY-SEVENTH DEFENSE

#### (*Ultra Vires* Acts)

Florida's claims are barred, in whole or in part, because to the extent that any actionable conduct occurred, all such conduct would have been committed by individuals acting *ultra vires*.

### TWENTY-EIGHTH DEFENSE

#### (Claims Subject to Arbitration)

Florida's claims against Panasonic are barred to the extent that it agreed to arbitration or chose a different forum for the resolution of its claims.

### TWENTY-NINTH DEFENSE

#### (Conduct Permitted by Law)

Florida's claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

### INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

Panasonic hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant. Panasonic presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses. Panasonic reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

1   WHEREFORE, Panasonic prays for judgment as follows:

2   1.   That Florida takes nothing under the Complaint, and the Complaint be

3       dismissed with prejudice;

4   2.   That judgment be entered in favor of Panasonic and against Florida on

5       each and every cause of action set forth in the Complaint;

6

7   3.   That Panasonic recover its costs of suit and attorneys' fees incurred herein; and

8   4.   That Panasonic be granted such other and further relief as the Court deems just

9       and proper.

10  DATED:  June 18, 2014                    By:   /s/ Jeffrey L. Kessler
11                                           JEFFREY L. KESSLER (admitted *pro hac vice*)
                                             jkessler@winston.com
12                                           A. PAUL VICTOR (admitted *pro hac vice*)
                                             pvictor@winston.com
13                                           DAVID L. GREENSPAN (admitted *pro hac vice*)
                                             dgreenspan@winston.com
14                                           GEORGE MASTORIS (admitted *pro hac vice*)
                                             gmastoris@winston.com
15                                           **WINSTON & STRAWN LLP**
16                                           200 Park Avenue
                                             New York, New York 10166
17                                           Telephone: (212) 294-6700
                                             Facsimile: (212) 294-4700
18

19                                           ***Attorneys for Defendant Panasonic Corporation***

20  *Pursuant to General Order No. 45, § X-B, the filer attests that concurrence in the filing of this*

21  *document has been obtained from each of the above signatories.*

22

23

24

25

26

27  _____
    PANASONIC CORP.'s ANSWER TO STATE OF                    Case No. 10-02143 RS
28  FLORIDA'S SECOND AMENDED COMPLAINT

                                    40