LATHAM & WATKINS LLP
Daniel M. Wall (Bar No. 102580)
Belinda S Lee (Bar No. 199635)
Brendan A. McShane (Bar No. 227501)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendants Toshiba Samsung Storage Technology Korea Corporation, Toshiba Samsung Storage Technology Corporation, Toshiba America Information Systems, Inc., and Toshiba Corporation*

[*Additional Moving Defendants and Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION** | Base Case No. 3:10-md-02143-RS<br>MDL No. 2143<br><br>Case No. 3:13-cv-05370-RS |
| This Document Relates to:<br><br>*Hewlett-Packard Company v. Toshiba Corporation, et al.* | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIFTH AND SIXTH CAUSES OF ACTION OF HEWLETT-PACKARD COMPANY'S FIRST AMENDED COMPLAINT** |

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page2 of 17

# TABLE OF CONTENTS

Page

I. INTRODUCTION .... 2

II. BACKGROUND .... 3

A. HP's Original Complaint. .... 3

B. HP's First Amended Complaint. .... 3

1. The Breach of Contract Allegations. .... 4

2. The Implied Covenant of Good Faith and Fair Dealing Allegations. .... 5

III. ARGUMENT .... 5

A. The Breach of Contract Claim Cannot Stand in the Absence of Facts Alleging the Existence and Terms of a Valid Contract as to Each Defendant. .... 6

1. Generalized Allegations About "ODD Contracts" Are Insufficient to Plead a Breach of Contract Claim as to Each Defendant. .... 7

2. The Allegations Regarding a June 2009 Product Purchase Agreement With One Defendant Are Also Insufficient. .... 7

3. HP's Allegations Fail to Provide Defendants With Fair Notice of the Underlying Contracts at Issue. .... 9

B. HP Cannot Plead an Independent Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. .... 9

1. HP Does Not and Cannot Plead the Requisite "Special Relationship." .... 9

2. The "Good Faith" Obligation Under the Texas Commercial Code Does Not Support an Independent Cause of Action. .... 11

IV. CONCLUSION .... 11

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page3 of 17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adolph Coors Co. v. Rodriguez*, 780 S.W.2d 477 (Tex. App.—Corpus Christi 1989) .......... 10

*Bahn v. Korean Airlines Co. (In re Korean Air Lines Co.)*, 642 F.3d 685 (9th Cir. 2011) .......... 6

*Bank One, N.A. v. Stewart*, 967 S.W.2d 419 (Tex. App.—Houston [14th Dist.] 1998) .......... 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 5, 9

*Central Sav. & Loan Ass'n v. Stemmons N.W. Bank, N.A.*, 848 S.W.2d 232 (Tex. App.—Dallas 1992) .......... 10

*Conley v. Gibson*, 355 U.S. 41 (1957) .......... 5

*Garcia v. Universal Mortg. Corp.*, No. 3:12-CV-2460-L, 2013 U.S. Dist. LEXIS 63445 (N.D. Tex. May 3, 2013) .......... 11

*Gutierrez v. State Farm Mut. Ins. Co.*, No. 5:11-CV-03111 EJD, 2012 U.S. Dist. LEXIS 14789 (N.D. Cal. Feb. 7, 2012) .......... 6

*Hildebrandt v. Indianapolis Life Ins. Co.*, No. 3:08-CV-1815-B, 2009 U.S. Dist. LEXIS 27407 (N.D. Tex. Mar. 30, 2009) .......... 6

*Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) .......... 5

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) .......... 5

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) .......... 8

*Ladjevardian v. TD Ameritrade, Inc.*, No. H-13-1017, 2013 U.S. Dist. LEXIS 177546 (S.D. Tex. Dec. 18, 2013) .......... 6, 10

*Lance v. Adams*, No. 1:11-CV-0 0323 OWW GSA, 2011 U.S. Dist. LEXIS 53851 (E.D. Cal. May 6, 2011) .......... 6

*Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947 (N.D. Tex. 2013) .......... 11

*McKenzie v. Wells Fargo Home Mortg., Inc.*, No. C-11-04965 JCS, 2012 U.S. Dist. LEXIS 155480 (N.D. Cal. Oct. 30, 2012) .......... 10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page4 of 17

*Melegrito v. CitiMortgage Inc.*, No. C 11-01765 LB, 2011 U.S. Dist. LEXIS 60447 (N.D. Cal. June 6, 2011) ...................... 9

*Meritage Corp. v. Clarendon Nat'l. Ins. Co.*, No. 3:03-CV-1439-G, 2004 U.S. Dist. LEXIS 29723 (N.D. Tex. Oct. 6, 2004)................... 8

*Newman v. Capital One Servs.*, No. C 05-05409 JW, 2006 U.S. Dist. LEXIS 54820 (N.D. Cal. June 12, 2006)........... 5, 8, 9

*Northern Natural Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603 (Tex. 1998)........................................................................................ 11

*Radenbaugh v. State Farm Lloyds*, No. 4:13-CV-339-A, 2013 U.S. Dist. LEXIS 116759 (N.D. Tex. Aug. 16, 2013) ............... 7

*Robinson v. Match.com, L.L.C.*, No. 3:10-CV-2651-L, 2012 U.S. Dist. LEXIS 112742 (N.D. Tex. Aug. 10, 2012)............ 10

*Schauer v. Cargill, Inc.*, No. SA-02-CA-0827 OG, 2003 U.S. Dist. LEXIS 10035 (W.D. Tex. June 12, 2003) .......... 6

*Siens v. Trian, LLC*, No. A-11-CV-075-AWA, 2014 U.S. Dist. LEXIS 65411 (W.D. Tex. May 13, 2014) ........ 10

*Wil-Roye Inv. Co. II v. Wash. Mut. Bank, F.A.*, 142 S.W.3d 393 (Tex. App.—El Paso 2004)........................................................ 11

**STATUTES**

15 U.S.C. § 1........................................................................................................ 3

Cal. Bus. & Prof. Code §§ 16720, *et seq*. ..................................................................... 3

Cal. Bus. & Prof. Code §§ 17200, *et seq*. ..................................................................... 3

Tex. Bus. & Com. Code § 1.304.................................................................................. 11

Tex. Bus. & Com. Code §§ 15.01, *et seq*. ..................................................................... 3

**OTHER AUTHORITIES**

Restatement (Second) of Conflict of Laws § 188 ............................................................ 6

**RULES**

Fed. R. Civ. P. 12(b)(6)............................................................................................ 5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page5 of 17

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2014 at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 3, 17th floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Richard Seeborg, the undersigned Defendants ("Defendants") will, and hereby do, move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing the Fifth and Sixth Causes of Action of the First Amended Complaint filed by Hewlett-Packard Company ("HP").

Defendants request dismissal based on the following grounds: (i) HP fails to adequately plead the existence of a valid contract with each Defendant, and facts alleging how each Defendant breached the terms of any particular contract with HP, sufficient to support the Fifth Cause of Action for breach of contract against all Defendants; and (ii) HP has not pled the requisite "special relationship" required under Texas law to bring its Sixth Cause of Action claim for breach of the implied covenant of good faith and fair dealing.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of this Motion, oral argument of counsel, the complete files and records in this action, and such other and further matters as the Court may permit.

**ISSUES PRESENTED**

1. Whether HP pleads sufficient facts to support a breach of contract claim with respect to each Defendant where it fails to allege the existence of a valid contract with each Defendant or facts alleging how each Defendant breached the terms of any particular agreement with HP.
2. Whether HP may allege a breach of the implied covenant of good faith and fair dealing where Texas law does not recognize such a claim absent a "special relationship" between the contracting parties and where there is no valid contract from which any such duty could be derived, in any event.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page6 of 17

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants request dismissal of the Fifth and Sixth Causes of Action, for breach of contract and breach of the implied covenant of good faith and fair dealing, in HP's First Amended Complaint ("FAC") for the following reasons:

*First*, the breach of contract claim fails because HP does not meet its burden of pleading a valid and enforceable contract with each Defendant and how Defendants breached their respective alleged contracts with HP. Instead of alleging the terms of its specific agreements with each Defendant, HP refers generally and generically to "ODD Contracts" with "Defendants," some of which "typically contained" provisions regarding compliance with laws and maintaining confidentiality, which were allegedly breached. (FAC ¶¶ 202-206.) HP's failure to plead the existence and terms of its contracts with each Defendant fails even the most basic pleading requirements under Rule 8. In a case where HP contends that multiple unidentified "purchase orders," "master purchase agreements," and "terms and conditions" are the basis for its claim, (*Id.* ¶¶ 21), HP's failure of pleading prevents Defendants from determining which (if any) purported "contracts" are even at issue—let alone to evaluate and identify potential defenses, including any mandatory arbitration clauses, applicable choice of law or forum selection provisions, or even the effective dates of any such agreements. Further, the only "contract" identified in HP's complaint—a June 2009 product purchase agreement with a single Defendant—is also insufficient to support a claim because HP does not allege any facts demonstrating how that contract was breached by conduct which purportedly took place before it was even effective. (*Id.* ¶ 207.)

*Second*, HP fails to plead the requisite "special relationship" to support a claim for breach of the implied covenant of good faith and fair dealing. Under controlling Texas law, a duty of good faith and fair dealing does *not* automatically attach to contracts, absent those limited circumstances in which the contracting parties have a "special relationship"—characterized by unequal bargaining power or a fiduciary obligation. HP does not plead any facts to establish this relationship with any Defendant, nor could it as "ordinary commercial relationships," such as the supplier-customer relationships here, are insufficient to confer a duty of good faith and fair

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page7 of 17

dealing. Similarly, even where an obligation of "good faith" attaches to commercial contracts under the Texas Business and Commercial Code, that duty gives rise only to a breach of contract claim and does not support an independent cause of action. HP's failure to plead an underlying contract with each Defendant is again dispositive.

Accordingly, because HP fails to plead either (i) the existence and terms of a valid contract with each Defendant and how each Defendant breached any particular agreement with HP, or (ii) the requisite "special relationship" needed to confer a duty of good faith and fair dealing, the FAC's Fifth and Sixth Causes of Action must be dismissed.

## II. BACKGROUND

### A. HP's Original Complaint.

HP filed its original Complaint on October 24, 2013 in the United States District Court for the Southern District of Texas. The Complaint asserted that "Defendants and their co-conspirators participated in a price-fixing conspiracy from at least as early as January 1, 2004 through at least January 1, 2010 . . . to fix, raise, stabilize and maintain prices for ODDs." (Compl. ¶ 1.) According to the Complaint, Defendants rigged bids, exchanged confidential information, and entered into agreements "to set prices for ODDs sold to OEMs based in the United States, including HP." (*Id.*) Based on these allegations, HP's original Complaint asserted three causes of action: violations of (i) Section 1 of the Sherman Act, 15 U.S.C. § 1, (ii) California Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, *et seq.*, and (iii) California's Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*. (*See* Compl. ¶¶ 199-222.)

The Judicial Panel on Multidistrict Litigation transferred HP's action to this Court for coordinated pretrial purposes with MDL No. 2143 on November 15, 2013. (Dkt. 1073.) Thereafter, certain Defendants filed individual Answers to HP's Complaint on April 17, 2014.

### B. HP's First Amended Complaint.

HP filed its First Amended Complaint ("FAC") on May 8, 2014. The FAC purports to add three causes of action—(i) violation of the Texas Free Enterprise and Antitrust Act, Tex. Bus. & Com. Code §§ 15.01, *et seq*., (ii) breach of contract, and (iii) breach of the implied covenant of good faith and fair dealing. (*See* FAC ¶¶ 236-250.) This motion relates to the new claims for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page8 of 17

breach of contract and breach of the implied covenant of good faith and fair dealing.

**1. The Breach of Contract Allegations.**

HP's allegations in support of its new breach of contract claim appear in Paragraphs 202-210 of the FAC. Under a section titled, "ODD Contracts," the FAC alleges that "HP and Defendants entered into numerous agreements involving the purchase and sale of ODDs ('ODD Contracts'). The ODD Contracts are comprised of purchase orders, related master product purchase agreements, and the terms and conditions incorporated by reference into those documents." (*Id.* ¶ 202.) The FAC then alleges that "[p]urchases of ODDs were subject to HP's Purchase Order Terms and Conditions," which "typically contained" the following two provisions: (i) "a section entitled 'Governmental Compliance,' which required that 'Seller will at all times comply with all federal, state, local and foreign laws, rules and regulations applicable to its obligations,'" and (ii) "a section entitled 'Confidential Information,' which required, among other things, that 'Seller shall not use or disclose any Confidential Information obtained from HP . . . and shall protect the confidentiality of Confidential Information.'" (*Id.* ¶¶ 203-204.)

Notably, HP never alleges or otherwise identifies which Defendants it allegedly entered into an agreement with containing this "typical" language. Likewise, HP does not allege that it purchased ODDs from each Defendant pursuant to a contract containing these two provisions. Instead, HP alleges only that, "[o]n information and belief, each of the Purchase Order Terms and Conditions documents governing HP's purchase of the products affected by Defendants' wrongful conduct contained the same language or language having substantially the same meaning and effect." (*Id.*)

Separately, the FAC pleads that "certain suppliers entered into other written agreements with HP as well. For example, HP entered into a June 1, 2009 Product Purchase Agreement with Sony Optiarc Inc. governing the purchase of ODDs." (*Id.* ¶ 205.) It then alleges that "[p]roduct purchase agreements during this period typically contained a provision that reads: 'Supplier warrants that it will comply with Applicable Law in its performance under the Agreement.'" (*Id.* ¶ 206.) However, apart from pleading that "Sony Optiarc breached its obligations under the Product Purchase Agreement," the FAC does not plead the terms of that agreement or how Sony Optiarc

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page9 of 17

failed to meet its contractual obligations under this June 1, 2009 agreement. (*Id.* ¶ 207.) Nor does the FAC identify any other Defendant which purportedly entered into a product purchase agreement with HP, the effective dates or terms of any such agreements, or facts sufficient to show how any other Defendant breached the terms of its own agreement.

**2. The Implied Covenant of Good Faith and Fair Dealing Allegations.**

The allegations in support of HP's claim for breach of the implied covenant of good faith and fair dealing are limited to a single two-sentence paragraph: "The ODD Contracts also included an implied covenant of good faith and fair dealing. Defendants violated that covenant by the wrongful conduct set forth above." (*Id.* ¶ 211.)

## III. ARGUMENT

Dismissal is appropriate where, as here, a complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). HP must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires pleading "more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Id.* at 555 (citations omitted). Moreover, while the Court must assume the truth of the complaint's allegations, it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

For a breach of contract claim, a plaintiff must allege facts to support the existence and terms of a contract with respect to each Defendant from whom it seeks relief. *See Newman v. Capital One Servs.*, No. C 05-05409 JW, 2006 U.S. Dist. LEXIS 54820, at *10-11 (N.D. Cal. June 12, 2006) ("Plaintiffs failed to identify the Defendants with which they contracted, ***the actual contract involved with each Defendant***, and the actions of each Defendant that breached the actual agreement.") (emphasis added). The purpose underlying these pleading requirements is to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *Holgate v. Baldwin*, 425 F.3d 671, 676-677 (9th Cir. 2005).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page10 of 17

### A. <u>The Breach of Contract Claim Cannot Stand in the Absence of Facts Alleging the Existence and Terms of a Valid Contract as to Each Defendant.</u>

To support a breach of contract claim under Texas law,[1] a plaintiff must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Ladjevardian v. TD Ameritrade, Inc.*, No. H-13-1017, 2013 U.S. Dist. LEXIS 177546, at *4 (S.D. Tex. Dec. 18, 2013) (citations omitted).[2] This means that HP must plead the existence of a valid contract—and the purportedly breached terms of that contract—with respect to *each* Defendant from whom HP seeks relief. *See Schauer v. Cargill, Inc.*, No. SA-02-CA-0827 OG, 2003 U.S. Dist. LEXIS 10035, at *20-21 (W.D. Tex. June 12, 2003) (finding that contract claims as to certain defendants did "not state a valid basis for relief" where plaintiffs failed to allege "the existence of a valid contract between plaintiffs and ***each defendant*** against whom plaintiffs seek relief") (emphasis added); *Lance v. Adams*, No. 1:11-CV-0 0323 OWW GSA, 2011 U.S. Dist. LEXIS 53851, at *11-12 (E.D. Cal. May 6, 2011) ("In any amended complaint, Plaintiffs are directed to clearly and plainly state whether a breach of contract claim is being asserted against all Defendants, and if so, how ***each Defendant*** breached its contract . . . . A conclusory statement will

---

[1] The FAC is silent as to the law applicable to its Fifth and Sixth Causes of Action. Transferee courts handling multi-district litigation apply the state substantive law of the court from which the action was transferred. *See Hildebrandt v. Indianapolis Life Ins. Co.*, No. 3:08-CV-1815-B, 2009 U.S. Dist. LEXIS 27407, at *12 (N.D. Tex. Mar. 30, 2009) ("This action is before the Court as a result of a forum transfer by the Multidistrict Litigation Panel. Therefore, as to matters of state law, the Court is bound to apply the state law of the transferor forum.") (citations omitted); *Bahn v. Korean Airlines Co. (In re Korean Air Lines Co.)*, 642 F.3d 685, 699-700 (9th Cir. 2011) (noting that "the MDL transferee court is generally bound by the same substantive legal standards, if not always the same interpretation of them, as would have applied in the transferor court") (citations omitted). HP's contract claims are state law claims and are no exception. (*See* FAC ¶ 12.) Moreover, HP specifically alleges that it "negotiated and entered into agreements to purchase ODDs in Texas." (*Id.* ¶ 11.) The fact that the existence of any choice of law provisions would control in any agreements between HP and a Defendant simply underscores the need for specific allegations regarding each of the contracts at issue. *See* Restatement (Second) of Conflict of Laws § 188.

[2] California law is in accord. *See Gutierrez v. State Farm Mut. Ins. Co.*, No. 5:11-CV-03111 EJD, 2012 U.S. Dist. LEXIS 14789, at *11-12 (N.D. Cal. Feb. 7, 2012) ("Under California law, a claim for breach of contract requires: '(1) existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach.'") (citation omitted).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page11 of 17

not suffice.") (emphasis added).

### 1. **Generalized Allegations About "ODD Contracts" Are Insufficient to Plead a Breach of Contract Claim as to Each Defendant.**

The FAC pleads broadly that "HP and Defendants entered into numerous agreements involving the purchase and sale of ODDs," which consist of "purchase orders [and] related master product purchase agreements." (FAC ¶ 202.) HP then purports to identify two provisions "typically contained" in its "Purchase Order Terms and Conditions." (*Id.* ¶¶ 202-204.) Critically, the FAC does not allege that (i) all Defendants sold all ODDs to HP pursuant to the terms of the purported "Purchase Order Terms and Conditions," and (ii) all such Purchase Order Terms and Conditions contained that "typical" language. Instead, the FAC is intentionally vague on these points, alleging only that, "[o]n information and belief, each of the Purchase Order Terms and Conditions documents *governing HP's purchase of the products affected by Defendants' wrongful conduct* contained the same language or language having substantially the same meaning and effect." (*Id.* ¶¶ 203-204, emphasis added.)

The absence of specific factual allegations regarding the terms of HP's agreements with *each* Defendant, and the nature of *each* Defendant's purported breach of its *own* agreement(s), is fatal to HP's breach of contract claim. *See Radenbaugh v. State Farm Lloyds*, No. 4:13-CV-339-A, 2013 U.S. Dist. LEXIS 116759, at *10 (N.D. Tex. Aug. 16, 2013) ("No plausible cause of action for breach of contract can be stated unless there is an allegation as to the exact nature of the contract, including a statement as to defendant's obligations under the contract, how defendant failed to comply with its contractual obligations, and how that damaged plaintiff.").

### 2. **The Allegations Regarding a June 2009 Product Purchase Agreement With One Defendant Are Also Insufficient.**

HP's allegations regarding its purported product purchase agreements are also deficient. HP alleges that, "[i]n addition to agreeing to the terms set forth in the Purchase Order Terms and Conditions, *certain suppliers* entered into other written agreements with HP as well." (FAC ¶ 205, emphasis added.) However, HP identifies only one such supplier, Sony Optiarc, which allegedly entered into an agreement with HP in June 2009. (*See id.* ("For example, HP entered into a June 1, 2009 Product Purchase Agreement with Sony Optiarc Inc. governing the purchase of ODDs.").)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page12 of 17

As an initial matter, HP's failure to identify any of the other purported "certain suppliers" with which HP contracted is plainly insufficient to support a breach of contract claim as to each of the other named Defendants.[3] *See Newman v. Capital One Servs.*, 2006 U.S. Dist. LEXIS 54820, at *10-11 (dismissing breach of contract claim where "Plaintiffs ***failed to identify the Defendants*** with which they contracted, the actual contract involved with each Defendant, and the actions of each Defendant that breached the actual agreement.") (emphasis added). *See also Meritage Corp. v. Clarendon Nat'l. Ins. Co.*, No. 3:03-CV-1439-G, 2004 U.S. Dist. LEXIS 29723, at *7 (N.D. Tex. Oct. 6, 2004) ("Under Texas law, 'privity of contract is an essential element for recovery under a breach of contract theory.'") (citations omitted).

Even with respect to Sony Optiarc, HP does not plead any facts to establish the terms of the June 1, 2009 Product Purchase Agreement or how those terms were breached. While the FAC pleads that "[p]roduct purchase agreements during this period typically contained" a provision about complying with "Applicable Law," it does not allege that the Sony Optiarc product purchase agreement contained that provision. (*See* FAC ¶¶ 206-207.) Further, there is not a single factual allegation regarding purported "acts of collusion" which involves Sony Optiarc (or any other Defendant) after June 1, 2009. (*See id.* ¶¶ 123-156.) Thus, even if HP had sufficiently pled facts establishing that its agreement with Sony Optiarc contained an obligation to "comply with Applicable Law in its performance" (which it has not), there are no pleaded facts to demonstrate *how* Sony Optiarc breached any such provision after that contract became effective. (*See id.* ¶ 206.) HP's conclusory allegation that "Sony Optiarc Inc. breached its obligations under the Product Purchase Agreement by engaging in the conduct described in this First Amended Complaint" is insufficient to meet its pleading burden. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046-47 (9th Cir. 2008) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions.") (quoting *Twombly*).

---

[3] This equivocal wording appears to be by design. HP used similar language in a sworn declaration it previously filed in this action. *See* Declaration of Russell A. Hudson, Dkt. 1127-2, at ¶ 10 ("HP entered into written contracts with certain ODD suppliers").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page13 of 17

**3. HP's Allegations Fail to Provide Defendants With Fair Notice of the Underlying Contracts at Issue.**

HP cannot cure its shortcomings with the "catch all" allegation that "Defendants' ODD sales were made pursuant to the ODD Contracts[,] [t]he terms of the ODD Contracts required each party to act in accordance with applicable law and to protect HP's confidential information[, and] Defendants failed to honor their obligations and as a result breached those agreements." (FAC ¶ 209.) This conclusory, undifferentiated allegation that "Defendants" breached unidentified "contracts" does not support a claim and fails to meet HP's burden to provide "fair notice" to Defendants. *See Melegrito v. CitiMortgage Inc.*, No. C 11-01765 LB, 2011 U.S. Dist. LEXIS 60447, at *19-21 (N.D. Cal. June 6, 2011) ("Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief."). The need for pleading facts regarding the existence and terms of each contract is underscored by the deficient allegations regarding the Sony Optiarc Product Purchase Agreement, which purport to base a breach of contract claim on conduct which allegedly took place before the agreement was even effective.

Each Defendant is entitled to adequate notice of the contract claims against it so that it has an opportunity to, among other things, evaluate the existence of potential defenses, including controlling choice of law provisions, any mandatory arbitration clauses, or other types of forum selection clauses. By failing to plead the terms of the actual contracts which it alleges Defendants breached, HP fails to meet its pleading burden. *See Newman*, 2006 U.S. Dist. LEXIS 54820, at *10-11 ("In order to meet basic fair notice pleading requirements, Plaintiffs must identify and distinguish the elements of the actual contracts that each Defendant failed to perform, and when the alleged breaches occurred.").

**B. HP Cannot Plead an Independent Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.**

**1. HP Does Not and Cannot Plead the Requisite "Special Relationship."**

The FAC's ancillary claim for breach of an implied covenant of good faith and fair dealing is equally deficient. (*See* FAC ¶¶ 211, 248.) "The Texas Supreme Court has rejected the notion

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page14 of 17

that contracts generally contain an implied covenant of good faith and fair dealing." *Ladjevardian v. TD Ameritrade, Inc.*, 2013 U.S. Dist. LEXIS 177546, at *6. Instead, Texas law recognizes this implied covenant only where a "special relationship"—characterized by unequal bargaining power or a shared trust—exists between the contracting parties. *See id.*; *McKenzie v. Wells Fargo Home Mortg., Inc.*, No. C-11-04965 JCS, 2012 U.S. Dist. LEXIS 155480, at *64 (N.D. Cal. Oct. 30, 2012) ("In Texas, a duty of good faith and fair dealing between ordinary contracting parties is not recognized; rather, 'for such a duty to arise, there must be a special relationship between the parties.'") (citation omitted); *Siens v. Trian, LLC*, No. A-11-CV-075-AWA, 2014 U.S. Dist. LEXIS 65411, at *12 (W.D. Tex. May 13, 2014) ("Under Texas law, a duty of good faith is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power.").

HP's single, cursory allegation in support of this claim contains no facts to establish any "element of trust," fiduciary duty, or "imbalance of bargaining power" required to establish this requisite special relationship. (*See* FAC ¶ 211.) Nor could it. Texas courts hold that "ordinary commercial contractual relationships," such as those between a supplier and its customer, are insufficient to attach a duty of good faith and fair dealing. *See Robinson v. Match.com, L.L.C.*, No. 3:10-CV-2651-L, 2012 U.S. Dist. LEXIS 112742, at *49 (N.D. Tex. Aug. 10, 2012) (stating that the duty of good faith and fair dealing "does not extend to ordinary commercial contractual relationships") (quoting *Central Sav. & Loan Ass'n v. Stemmons N.W. Bank, N.A.*, 848 S.W.2d 232, 239 (Tex. App.—Dallas 1992)); *Adolph Coors Co. v. Rodriguez*, 780 S.W.2d 477, 481 (Tex. App.—Corpus Christi 1989) ("The 'special relationship' cause of action in tort for beach of the duty of good faith and fair dealing, however, does not extend to ordinary commercial contractual relationships such as the supplier-distributor relationship."); *Wil-Roye Inv. Co. II v. Wash. Mut. Bank, F.A.*, 142 S.W.3d 393, 409-10 (Tex. App.—El Paso 2004) ("Indeed, the duty of good faith and fair dealing does not arise in ordinary commercial transactions."). HP's inability to plead this requisite special relationship is dispositive. *See Garcia v. Universal Mortg. Corp.*, No. 3:12-CV-2460-L, 2013 U.S. Dist. LEXIS 63445, at *9-10 (N.D. Tex. May 3, 2013) (dismissing claim for breach of implied covenant of good faith and fair dealing where there was no special relationship).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page15 of 17

### 2. The "Good Faith" Obligation Under the Texas Commercial Code Does Not Support an Independent Cause of Action.

To the extent HP purports to rely on the obligation of "good faith" in the performance of contracts subject to the Texas Business and Commercial Code (which HP has not pled), that duty does not provide for an independent cause of action. *See* Tex. Bus. & Com. Code § 1.304; *Northern Natural Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 606 n.2 (Tex. 1998) ("The vast majority of courts that have considered this question agree that [Section 1.304] does not state an independent cause of action.") (citing cases); *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 961-62 (N.D. Tex. 2013) ("'Texas courts have consistently held [that] [t]his section does not support an independent cause of action for failure to perform or enforce in good faith.'") (citations omitted). Rather, any breach of the "good faith" obligation arising under the Texas Business and Commercial Code gives rise solely to a breach of contract claim. *See Bank One, N.A. v. Stewart*, 967 S.W.2d 419, 441 (Tex. App.—Houston [14th Dist.] 1998) ("'A breach of this implied duty under the code gives rise only to a cause of action for breach of contract.'") (citation omitted); *Northern Natural Gas Co.*, 986 S.W. 2d at 606 ("[A] failure to perform or enforce, in good faith, a specific duty or obligation under the contract, constitutes a breach of that contract").

Ultimately, HP's failure to plead the existence and terms of valid contracts with each Defendant is fatal to both a breach of contract claim and any derivative claim for breach of a duty to perform under that contract in good faith. *See Lowe*, 972 F. Supp. 2d at 962 ("'Without an underlying contract to which the duty of good faith can attach, this claim cannot stand on its own.'") (citation omitted).

## IV. CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court grant this motion and dismiss HP's claims for breach of contract (Fifth Cause of Action) and breach of the implied covenant of good faith and fair dealing (Sixth Cause of Action).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page16 of 17

Dated: June 23, 2014

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ Belinda S Lee
Belinda S Lee

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: 415-395-8240
Fax: 415-395-8095
belinda.lee@lw.com

*Counsel for Defendants Toshiba Samsung Storage Technology Korea Corporation, Toshiba Samsung Storage Technology Corporation, Toshiba America Information Systems, Inc., and Toshiba Corporation*

WINSTON & STRAWN LLP

By: /s/ Robert B. Pringle
Robert B. Pringle

101 California Street
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
rpringle@winston.com

*Counsel for Defendant NEC Corporation*

O'MELVENY & MYERS LLP

By: /s/ Ian Simmons
Ian Simmons

1625 Eye Street NW
Washington, DC 20006
Telephone: (202) 383-5106
Facsimile: (202) 383-5414
isimmons@omm.com

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS

Case3:10-md-02143-RS Document1329 Filed06/23/14 Page17 of 17

BOIES SCHILLER & FLEXNER LLP

By: /s/ John F. Cove, Jr.
John F. Cove, Jr.

1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
jcove@bsfllp.com

*Counsel for Defendants Sony Corporation, Sony Electronics, Inc., Sony Optiarc Inc., and Sony Optiarc America Inc.*

KATTEN MUCHIN ROSENMAN LLP

By: */s/ Mary Ellen Hennessy*
Mary Ellen Hennessy

525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5331
Facsimile: (312) 577-8977
Maryellen.hennessy@kattenlaw.com

*Counsel for Defendants TEAC Corporation and TEAC America Inc.*

WINSTON & STRAWN LLP

By: /s/ Jeffrey L. Kessler
Jeffrey L. Kessler

200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com

*Counsel for Defendants Panasonic Corporation and Panasonic Corporation of North America*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13 DEFENDANTS' MOTION TO DISMISS FIFTH AND SIXTH CAUSES OF ACTION OF HP'S FIRST AMENDED COMPLAINT
MDL No. 2143; CASE NO. 3:13-cv-05370-RS