United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | CASE NO. 3:10-md-2143 RS |
| ACER INC.; ACER AMERICA CORPORATION; GATEWAY, INC.; AND GATEWAY U.S. RETAIL, INC., F/K/A EMACHINES, INC., | CASE NO. 3:13-cv-04991-RS |
| Plaintiffs, | **ORDER DENYING JOINT MOTION TO DISMISS AND GRANTING PANASONIC'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| LITE-ON IT CORPORATION, et al. | |
| Defendants. | |

## I.  INTRODUCTION

This action was brought by Acer, Inc., a Taiwan-based company, and three of its United States subsidiaries, Acer America Corporation; Gateway, Inc.; Gateway U.S. Retail, Inc., f/k/a Emachines, Inc.  The Taiwan parent, Acer, Inc., has since dismissed its claims, leaving only the U.S. subsidiaries as plaintiffs.

**United States District Court**
For the Northern District of California

1      This particular action is part of a Multi District Litigation matter centered around two

2  consolidated class action complaints brought on behalf of "direct" and "indirect" purchasers of

3  optical disk drives—the above-captioned *In re Optical Disk Drive Antitrust Litigation*, Case No.

4  3:10-md-2143 RS.  While plaintiffs here have elected to proceed separately, rather than as part of

5  the putative classes, their complaint alleges substantially the same facts regarding the purported

6  existence of an industry-wide conspiracy to fix the prices of Optical Disk Drives.

7      All defendants join in a motion to dismiss brought on various grounds.  Defendants Pioneer

8  Corporation, Pioneer North America, Inc., Pioneer Electronics (USA) Inc., Pioneer High Fidelity

9  Taiwan Co., Ltd., and Pioneer Digital Design & Manufacturing Company (collectively "Pioneer")

10  also move separately to dismiss based on their further contention that the complaint lacks sufficient

11  facts showing that Pioneer participated in any conspiracy.  Pursuant to Civil Local Rule 7-1(b), the

12  motions have been submitted without oral argument. The joint motion will be denied, and Pioneer's

13  motion will be granted, with leave to amend.

14

15

16

17                       II. LEGAL STANDARD

18      Dismissal under Rule 12(b)(6) is proper if the complaint lacks a "cognizable legal theory" or

19  "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

20  F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is

21  plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court need not

22  accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

23  unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

24      Under Rule 12(b)(1), dismissal is appropriate if the complaint "fails to allege facts sufficient

25  to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust*

26

27                     2

28

*Litigation*, 546 F.3d 981, 984-85 (9th Cir. 2008). "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction." *Id*. at 984.  One prong of the joint motion to dismiss contends that some of the alleged claims are barred by operation of the Foreign Trade Antitrust Improvement Act of 1982 ("FTAIA"). There has been some uncertainty as to whether such arguments should be seen as jurisdictional, such that Rule 12(b)(1) applies, or as going to the questions of whether the plaintiff has stated a claim, such that Rule 12(b)(6) applies. *See In re DRAM*, 546 F.3d at 985 n.3.  Relying on note 3 of *In re Dram*, however, defendants suggest that, in this instance, the analysis and the result is the same under either framework, a proposition plaintiffs do not challenge.[1]

III. DISCUSSION

A. FTAIA

The FTAIA amended the Sherman Act to establish a general rule that federal antitrust law "shall not apply to conduct involving trade or commerce (other than import trade or import commerce) with foreign nations—unless" the domestic effect exception applies.  *In re DRAM*, 546 F.3d at 985.  That exception involves a two prong test as to whether the alleged antitrust conduct "(1) has a 'direct, substantial, and reasonably foreseeable effect' on domestic commerce, and (2) 'such effect gives rise to a [Sherman Act] claim.' *Id*. (quoting *F. Hoffmann–La Roche Ltd. v. Empagran S.A*., 542 U.S. 155, 159 (2004)).

---

[1]  In a decision issued today, the Ninth Circuit has clarified that the FTAIA "is not a subject-matter jurisdiction limitation on the power of the federal courts but a component of the merits of a Sherman Act claim involving nonimport trade or commerce with foreign nations."  *United States v. Hsiung*, No. 12-10492, slip op. at 26 (9th Cir. July 10, 2014).

United States District Court

For the Northern District of California

Defendants' moving papers place primary emphasis on demonstrating that the claims brought by Acer, Inc. fail in light of the FTAIA, because it is a foreign entity that *only* made ODD purchases overseas. While Acer, Inc.'s subsequent dismissal of its claims is not necessarily a concession that defendants' arguments were all unassailable, and would not be strictly binding on the remaining plaintiffs in any event, it plainly reflects a recognition that mere allegations of a global conspiracy and ODDs eventually entering the domestic market are not sufficient to support claims based on overseas transactions.

The remaining plaintiffs, however, are in a substantially different position from that of Acer, Inc. Each plaintiff alleges that it made ODD purchases pursuant to negotiations that took place in California, with purchase orders issued in California, and where they took possession of the ODDs in California. Acer America is alleged only to have made purchases from defendants "indirectly"; Gateway and eMachines allegedly purchased from defendants both "directly and indirectly."

Defendants do not dispute that the remaining plaintiffs have thereby alleged at least some purchases of ODDs that do not implicate FTAIA, presumably because such transactions took place domestically, or constitute "import trade" excluded from the scope of the statute, or fall within the domestic effect exception. Defendants nevertheless urge dismissal of the direct purchaser claims of Gateway and eMachines "[t]o the extent" they are "based on the non-import direct purchase of ODDs outside the United States." Defendants similarly seek dismissal of the indirect purchaser claims of all three plaintiffs, "to the extent" they are based on ODD transactions where the underlying "direct" purchase was made outside the United States.

In so characterizing the relief requested by the motion, defendants are effectively seeking two rulings: (1) that at least some of the damages plaintiffs are seeking arise from ODD transactions that do not qualify as "import trade," and (2) that those transactions do not fall within the domestic effect exception. Defendants' assumption that plaintiffs are seeking to recover for

4

United States District Court

For the Northern District of California

transactions not constituting "import trade" appears to be based on their argument that the products at issue must be imported into the United States *by the defendants*, not by third parties or the plaintiffs. *See In re TFT-LCD (Flat Panel) Antitrust Litig.,* 2010 WL 2610641, at *5 (N.D. Cal. June 28, 2010) ("[T]he dispositive inquiry is whether the conduct of the defendants, not plaintiffs, involves 'import trade or commerce'" (quoting *Turicentro, S.A. v. Am. Airlines Inc*., 303 F.3d 293, 303 (3d Cir. 2002)). While that may very well be true, there is no basis to conclude at this stage that plaintiffs are seeking recovery for transactions that will not qualify as import trade. As noted, plaintiffs have expressly alleged that they "took possession" of the ODDs in California. That allegation is consistent with a state of facts in which defendants were the importers, or at least sufficiently involved in the importation, for the exclusion to apply. *See id.* at *4 ("A number of courts have held that the FTAIA's 'import commerce' exclusion applies only where the defendants are *directly involved* in the importation of goods or services into the United States." (emphasis added)). While plaintiffs will ultimately be required to prove that all of the non-domestic transactions for which they seek damages constitute import trade (or fall within the domestic effect exception), defendants have not shown how the complaint fails to state a claim, merely because they believe plaintiffs may be hoping to recover for some transactions that do not, in defendants' view, meet the requirements for import trade.

Defendants may also be correct that in an appropriate case, the availability of the import trade exclusion can be decided at the pleading stage. Thus, for example, the *TFT-LCD* decision cited above found that Motorola could not avail itself of the exclusion where it had expressly alleged that it and its affiliates, not the defendants, had imported the allegedly price-fixed products into this country. *See id.* at *3. Where plaintiffs have made no allegations demonstrating they are seeking to apply the exclusion in a manner not legally supportable, however, there is nothing to dismiss at the pleading stage. Thus, while it is inarguable that plaintiffs may not recover for claims

**United States District Court**
For the Northern District of California

based on "non-import" overseas ODD purchases (absent applicability of the domestic effect exception), there is no basis to conclude at this juncture that the complaint impermissibly seeks to do so.

Even assuming, however, that plaintiffs may be hoping to recover for some "non-import" foreign purchases, there similarly are no grounds to conclude at this stage that they will be unable to prove applicability of the domestic effect exception, or to require the pleading of additional facts to support that exception. Again, defendants are effectively going beyond the pleadings to hypothesize kinds of transactions that might not fall within the exception. When defendants' motion was primarily directed at Acer, Inc., they could reasonably argue that overseas sales to an overseas entity would not fall within the exception under any plausible scenario, and that dismissal at the pleading stage was therefore appropriate. Given the remaining plaintiffs' status as domestic entities doing business in this country, however, that argument is substantially less compelling. As there also is no dispute that the complaint states a claim, it would be unwarranted to attempt to evaluate the potential applicability of the exception to circumstances that have not even been alleged. *See also In re Static Random Access Memory (SRAM) Antitrust Litigation,* 2010 WL 5477313 (N.D.Cal. December 31, 2010) (declining to decide some aspects of availability of domestic effect exception on motion to dismiss, and reserving the issue for evidentiary hearing). Accordingly, to the extent the motion to dismiss is based on the FTAIA, it is denied.[2]

---

[2] Almost in passing, defendants point out that Acer America's *federal* claims are barred by the "bright line" rule of *Illinois Brick* that indirect purchasers cannot recover. Plaintiffs do not contest that point, and it shall therefore be deemed that the complaint does not seek recovery under federal law for indirect purchases by any of the remaining plaintiffs. Plaintiffs' further argument that their state law claims would survive even if the FTAIA bars any part of their federal claims is not compelling. *See SRAM*, 2010 WL 5477313, at *4 (rejecting the argument that "the FTAIA does not apply to ... state law claims" as "unpersuasive"). In light of the conclusion above, however, that point need not be decided here.

**United States District Court**
For the Northern District of California

B.  <u>Antitrust Injury</u>

Defendants' contention that plaintiffs have failed adequately to allege antitrust injury echoes arguments previously made in connection with the class actions.   Defendants continue to attempt to cabin the scope of the alleged conspiracy as one in which the wrongdoing was directed exclusively, or nearly so, at HP and Dell.  It may very well be that plaintiffs in all of these actions will ultimately be unable to persuade a trier of fact that a broader conspiracy, with resulting broad injuries, took place.  For purposes of pleading, however, the complaint in this action, like those in the class actions, sufficiently alleges antitrust injury.

C.  <u>Statute of Limitations</u>

While defendants suggest that the statute of limitations may have begun to run as early as March of 2009, when the last purported misconduct is alleged to have taken place, there is no basis to depart from the prior determination that equitable tolling may apply.  Defendants tacitly recognize as much, and focus instead on arguing that the statute began to run no later than October 23, 2009, when, as alleged in the complaint, Sony Corporation filed a Form 6-K with the Securities & Exchange Commission" in which it disclosed that Sony Optiarc America Inc. had "received a subpoena from the U.S. Department of Justice (DOJ) Antitrust Division seeking information about its optical disk drive business" and that "the DOJ and agencies outside the United States are investigating competition in optical disk drives."

While the SEC filing is alleged on the face of the complaint, defendants have not shown as a matter of law that it was sufficient to put plaintiffs on notice of their claims.  Plaintiffs' allegation that they did not have actual or constructive notice of the claims until at least three days later, when the Department of Justice first made a public announcement about its investigation into the ODD industry, is sufficient to preclude dismissal at the pleading stage on statute of limitations grounds, as

the complaint was filed within four years of that time.   The joint motion to dismiss is therefore denied.

D.  Pioneer's motion

While Pioneer joined in the motion discussed above, it also filed a separate motion to dismiss contending the complaint contains virtually no factual allegations to show it ever joined or participated in the alleged conspiracy.   It is true, as plaintiffs respond, that they need not "plead each defendant's involvement in the alleged conspiracy in elaborate detail."  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008).  Nevertheless, they must at least, "include allegations specific to each defendant alleging that defendant's role in the alleged conspiracy," *id.*, and must "make allegations that plausibly suggest that each Defendant participated in the conspiracy." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1019 (N.D. Cal. 2010).  The sparse and conclusory allegations regarding Pioneer in the complaint do not presently meet that standard.

Plaintiffs contend, however, that ongoing discovery subsequent to the filing of the complaint has revealed additional, unpleaded, facts regarding Pioneer's involvement in the alleged conspiracy.  Without opining whether those further facts necessarily will be adequate, plaintiffs will be given leave to amend.


IV.  CONCLUSION

Defendants' joint motion to dismiss is denied.  Pioneer's motion to dismiss is granted. Plaintiffs may file an amended complaint to allege additional facts regarding Pioneer within 20 days of the date of this order.  The parties should meet and confer regarding a due date for the remaining defendants' answers, and either agree that they may wait until the amended complaint is filed to

United States District Court

For the Northern District of California

answer, or agree that answers to the existing complaint will be deemed applicable to the complaint after it is amended with respect to the allegations against Pioneer.

IT IS SO ORDERED.

Dated: 7/10/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

9