| | |
|---|---|
| 1 | Jeffrey A. LeVee (State Bar No. 125863)<br>jlevee@JonesDay.com |
| 2 | Eric P. Enson (State Bar No. 204447)<br>epenson@JonesDay.com |
| 3 | Kathleen P. Wallace (State Bar No. 234949)<br>kwallace@JonesDay.com |
| 4 | Rachel H. Zernik (State Bar No. 281222)<br>rzernik@jonesday.com |
| 5 | JONES DAY<br>555 South Flower Street, Fiftieth Floor |
| 6 | Los Angeles, California 90071<br>Telephone:   (213) 489-3939 |
| 7 | Facsimile:   (213) 243-2539 |
| 8 | Attorneys for Defendants<br>PIONEER CORPORATION, PIONEER NORTH |
| 9 | AMERICA, INC., PIONEER ELECTRONICS (USA)<br>INC., PIONEER HIGH FIDELITY TAIWAN CO., |
| 10 | LTD., AND PIONEER DIGITAL DESIGN &<br>MANUFACTURING COMPANY |
| 11 | |
| 12 | [Additional Moving Defendants and Counsel<br>Listed on Signature Page] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| IN RE: OPTICAL DISK DRIVE<br>PRODUCTS ANTITRUST LITIGATION | MDL Docket No. 3:10-md-02143-RS | |
| | Individual Case No. 3:13-cv-05371-RS | |
| This Document relates to:<br><br>HEWLETT-PACKARD CO.,<br><br>         Plaintiff,<br><br>    v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>         Defendants. | **PIONEER, LG, AND HLDS'S NOTICE OF MOTION AND MOTION TO DISMISS HP'S SECOND AMENDED COMPLAINT**<br><br>Date:     September 25, 2014<br>Time:    1:30 p.m.<br>Judge:   The Hon. Richard Seeborg<br>Location: Courtroom 3, 17th Floor | |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on **September 25, 2014 at 1:30 p.m.**, or as soon thereafter as the matter may be heard, in Courtroom 3, 17th floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Richard Seeborg, Defendants Pioneer Corporation, Pioneer North America, Inc., Pioneer Electronics (USA) Inc., Pioneer High Fidelity Taiwan Co., Ltd., and Pioneer Digital Design & Manufacturing Co (collectively, "Pioneer"); LG Electronics, Inc. and LG Electronics USA, Inc. (collectively "LG"); and Hitachi-LG Data Storage, Inc. and Hitachi-LG Data Storage Korea, Inc. (collectively, "HLDS") will and hereby do move the Court, pursuant to aRule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the Fifth and Sixth Causes of Action in Hewlett-Packard Company's ("HP's") Second Amended Complaint ("SAC").

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the record and filings in this case, oral argument of counsel, and such other and further matters as the Court may consider.

## STATEMENT OF ISSUES PRESENTED

Pioneer, LG, and HLDS (collectively, "Defendants") jointly and independently move to dismiss HP's SAC and present the following issues:

- Whether HP pleads facts sufficient to state a claim for breach of contract with respect to each Defendant where it fails to allege the existence of a valid contract with each Defendant or facts regarding how each Defendant breached the terms of any particular contract with HP.
- Whether HP may allege a breach of the implied covenant of good faith and fair dealing where Texas law does not recognize such a claim absent a "special relationship" between the contracting parties and where in any event there is no valid contract from which any duty could be derived.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

HP's Second Amended Complaint purports to add causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. (SAC at 58-59, ¶¶ 243-51.) However, as to its breach of contract claim, HP fails to allege the existence and terms of a valid contract as to each Defendant and how each Defendant breached its respective alleged contracts. As to its breach of the implied covenant of good faith and fair dealing claim, HP further fails to plead the requisite "special relationship" required under Texas law to support such a claim. As such, the SAC's contract claims should be dismissed.

This Motion incorporates arguments made in the Motion to Dismiss HP's First Amended Complaint ("Companion HP Complaint") filed by Defendants in the companion HP case in this MDL. (Case No. 13-cv-05370, ECF No. 32.) The Companion HP Complaint is substantively identical to the SAC with respect to HP's purported claims for breach of contract and breach of the implied covenant of good faith and fair dealing, except as noted herein. (*Compare* Companion HP Compl. ¶¶ 202-11, 242-50 *with* SAC at 49-51, 58-59 ¶¶ 212-21, 243-51.)[1] Therefore, the Motion to Dismiss the Companion HP Complaint and the instant Motion involve the same legal arguments, and the SAC's contract claims fail for the same reasons as the contract claims in the Companion HP Complaint.

### SUMMARY OF HP'S SECOND AMENDED COMPLAINT

HP filed its SAC on June 23, 2014. The SAC purports to add three new claims: (i) violation of the Texas Free Enterprise and Antitrust Act, Tex. Bus & Com. Code §§ 15.01, *et seq*.; (ii) breach of contract; and (iii) breach of the implied covenant of good faith and fair dealing. (SAC at 57-59, ¶¶ 237-47.) This motion relates solely to HP's new claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

In support of its contract claims, HP generally alleges that "HP and the Defendants

---

[1] On July 22, 2014, the Court granted the parties' stipulation setting a briefing schedule that places the instant Motion on the same calendar as the Motion to Dismiss the Companion HP Complaint. (Order Regarding Briefing Schedule for Defs' Motion to Dismiss HP's Second Amended Complaint, ECF No. 1356.)

entered into numerous agreements involving the purchase and sale of ODDs ("ODD Contracts")," and that those contracts were "comprised of purchase orders, related master product purchase agreements, and the terms and conditions incorporated by reference into those documents." (*Id*. at 49, ¶ 212.) HP alleges that the ODD Contracts were subject to "HP's Purchase Order Terms and Conditions," which "typically contained" the following two provisions: (i) "a section entitled 'Governmental Compliance,' which required that 'Seller will at all times comply with all federal, state, local and foreign laws, rules and regulations applicable to its obligations under the Order and, if applicable, its manufacture of Goods;'" and (ii) "a section entitled 'Confidential Information,' which required, among other things, that 'Seller shall not use or disclose any Confidential Information obtained from HP . . . and shall protect the confidentiality of Confidential Information.'" (*Id*. at 49-50, ¶¶ 213-14.) HP further alleges that "[p]roduct purchase agreements . . . typically contained a provision that reads: 'Supplier warrants that it will comply with Applicable Law in its performance under the Agreement.'" (*Id*. at 50, ¶ 216.)

HP does not allege that it purchased ODDs from any Defendants pursuant to any specific contract containing those provisions, or identify any specific agreement that Defendants entered into containing these "typical" provisions.[2] Rather, HP alleges only that "[o]n information and belief, each of the [Purchase Order Terms and Conditions documents and product purchase agreements] governing HP's purchase of the products affected by the defendants' wrongful conduct contained the same language or language having substantially the same meaning and effect." (*Id*. at 49-50, ¶¶ 213-14, 216.)

HP's sole allegation in support of its breach of the implied covenant of good faith and fair dealing is that: "The ODD Contracts also include an implied covenant of good faith and fair dealing. Defendants violated that covenant by the wrongful conduct set forth above." (SAC at 51, ¶ 221.)

---

[2] The SAC contains allegations regarding only one specific contract, an October 6, 2008 Product Purchase Agreement between HP and HLDS, Inc. ("HLDS PPA"). (SAC at 50, ¶ 215.) HLDS does not in this motion dispute that HP's breach of contract claim is sufficiently pled as to that contract.

**LEGAL STANDARD**

Dismissal is appropriate where, as here, a complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). For a breach of contract claim, a plaintiff must allege facts to support the existence and terms of a contract with respect to each Defendant from whom it seeks relief. *See Newman v. Capital One Servs., Inc.*, No. C 05-05409 JW, 2006 U.S. Dist. LEXIS 54820, at *10-11 (N.D. Cal. June 12, 2006) ("Plaintiffs failed to identify the Defendants with which they contracted, ***the actual contract involved with each Defendant***, and the actions of each Defendant that breached the actual agreement.") (emphasis added). The purpose underlying these pleading requirements is to provide "'the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Holgate v. Baldwin*, 425 F.3d 671, 676-77 (9th Cir. 2005).

**ARGUMENT**

**I.  HP's Breach of Contract Claim Fails Because HP Does Not Plead Facts Alleging the Existence and Terms of a Valid Contract as to Each Defendant.**

To support a breach of contract claim under Texas law, a plaintiff must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Ladjevardian v. TD Ameritrade, Inc.*, No. H-13-1017, 2013 U.S. Dist. LEXIS 177546, at *4 (S.D. Tex. Dec. 18, 2013) (internal citations and quotation marks omitted).[3] Accordingly, HP must plead the existence of a valid contract, and the nature of the alleged breach, as to each Defendant against whom it asserts a claim. *See Schauer v. Cargill, Inc.*, No. SA-02-CA-0827 OG (NN),

---

[3] Transferee courts handling multi-district litigation apply the state substantive law of the court from which the action was transferred. *See Hildebrandt v. Indianapolis Life Ins. Co.*, No. 3:08-CV-1815-B, 2009 U.S. Dist. LEXIS 27407, at *12 (N.D. Tex. Mar. 30, 2009) ("This action is before the Court as a result of a forum transfer by the Multidistrict Litigation Panel. Therefore, as to matters of state law, the Court is bound to apply the state law of the transferor forum.") HP's contract claims are state law claims. The SAC is silent as to the applicable law, but alleges that the ODD Contracts were "negotiated and entered into" in Texas. (SAC ¶ 11.) The fact that the existence of any choice of law provisions would control in any agreements between HP and a Defendant simply underscores the need for specific allegations regarding each of the contracts at issue. *See* Restatement (Second) of Conflict of Laws § 188 (1971).

2003 U.S. Dist. LEXIS 10035, at *20-21 (W.D. Tex. June 12, 2003) (contract claims as to certain defendants did "not state a valid basis for relief" where plaintiffs failed to allege "the existence of a valid contract between plaintiffs and *each defendant* against whom plaintiffs s[ought] relief") (emphasis added).

The SAC contains only broad and vague allegations regarding Defendants and HP entering into "numerous agreements involving the purchase and sale of ODDs," and the "typical" language in those agreements. (SAC at 49-50, ¶¶ 212-14.) HP fails to allege (i) specific contracts entered into by each Defendant, and (ii) that those contracts contained the "typical" language alleged. Because HP fails to make specific factual allegations regarding the terms of HP's agreements with each Defendant, and the nature of each Defendant's purported breach of its respective agreements, HP's breach of contract claim fails. *See Radenbaugh v. State Farm Lloyds*, No. 4:13-CV-339-A, 2013 U.S. Dist. LEXIS 116759, at *10 (N.D. Tex. Aug. 16, 2013) ("No plausible cause of action for breach of contract can be stated unless there is an allegation as to the exact nature of the contract, including a statement as to defendant's obligations under the contract, how defendant failed to comply with its contractual obligations, and how that damaged plaintiff.").

## II. HP Cannot Plead an Independent Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

The SAC's purported claim for breach of the implied covenant of good faith and fair dealing is also deficient. (SAC at 51, 58-59, ¶¶ 221, 243-47.) "The Texas Supreme Court has rejected the notion that contracts generally contain an implied covenant of good faith and fair dealing." *Ladjevardian*, 2013 U.S. Dist. LEXIS 177546, at *6. Instead, Texas law recognizes this implied covenant only where a "special relationship"—characterized by unequal bargaining power or a shared trust—exists between the contracting parties.[4] *See id.* at *7; *McKenzie v. Wells*

---

[4] The HLDS PPA is governed by New York law. Under New York law, claims for breach of the covenant of good faith and fair dealing are considered simply to be duplicative of a breach of contract claim where, as here, "they are based on the same allegations or where the same conduct is the predicate for both claims." *Spread Enters., Inc. v. First Data Merch. Servs. Corp.*, No. 11-cv-4743 (ADS) (ETB) 2012 WL 3679319, at *3 (E.D.N.Y. Aug. 22, 2012). Because HLDS does not dispute for purposes of this motion that HP's breach of contract claim is sufficiently pled as to the HLDS PPA, HLDS does not seek in this motion to dismiss the implied

*Fargo Home Mortg., Inc.*, No. C-11-04965 JCS, 2012 U.S. Dist. LEXIS 155480, at *64 (N.D. Cal. Oct. 30, 2012) ("In Texas, a duty of good faith and fair dealing between ordinary contracting parties is not recognized; rather, 'for such a duty to arise, there must be a special relationship between the parties.'") (citations omitted).

The SAC's single, conclusory allegation that the "ODD Contracts also include an implied covenant of good faith and fair dealing" that was breached by Defendants does not suffice to establish this requisite special relationship. (SAC ¶ 221.) Further, amendment would be futile because Texas courts hold that "ordinary commercial contractual relationships," such as those between a supplier and its customer, are insufficient to attach a duty of good faith and fair dealing. *See Robinson v. Match.com, L.L.C.*, No. 3:10-CV-2651-L, 2012 U.S. Dist. LEXIS 112742, at *49 (N.D. Tex. Aug. 10, 2012) (stating that the duty of good faith and fair dealing "'does not extend to ordinary commercial contractual relationships'") (quoting *Cent. Sav. & Loan Ass'n v. Stemmons NW. Bank, N.A.*, 848 S.W.2d 232, 239 (Tex. App.—Dallas 1992)); *Adolph Coors Co. v. Rodriguez*, 780 S.W.2d 477, 481 (Tex. App.—Corpus Christi 1989) ("The 'special relationship' cause of action in tort for beach of the duty of good faith and fair dealing, however, does not extend to ordinary commercial contractual relationships such as the supplier-distributor relationship."). HP's claims as to the unspecified contracts should therefore be dismissed without leave to amend.[5]

---

(continued…)

covenant of good faith and fair dealing claim to the extent it is based on that specific contract.

[5] To the extent HP purports to rely on the obligation of "good faith" in the performance of contracts subject to the Texas Business and Commercial Code (which HP has not pled), that duty does not provide for an independent cause of action. *See* Tex. Bus. & Com. Code § 1.304; *N. Natural Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 606 n.2 (Tex. 1998) ("The vast majority of courts that have considered this question agree that [Section 1.304] does not state an independent cause of action.") (citing cases); *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 962 (N.D. Tex. 2013) ("'Texas courts have consistently held [that] [t]his section does not support an independent cause of action for failure to perform or enforce in good faith.'") (citations omitted). Rather, any breach of the "good faith" obligation arising under the Texas Business and Commercial Code gives rise solely to a breach of contract claim. *See Bank One Tex., N.A. v. Stewart*, 967 S.W.2d 419, 441 (Tex. App.—Houston [14th Dist.] 1998) ("'A breach of this implied duty under the code gives rise only to a cause of action for breach of contract.'") (citation omitted).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and dismiss HP's Fifth and Sixth Causes of Action, for breach of contract and breach of the implied covenant of good faith and fair dealing.

Dated: August 7, 2014

Respectfully submitted,

**JONES DAY**

By: */s/ Eric P. Enson*
    Eric P. Enson

Attorney for Defendants
PIONEER CORPORATION, PIONEER NORTH AMERICA, INC., PIONEER ELECTRONICS (USA) INC., PIONEER HIGH FIDELITY TAIWAN CO., LTD., AND PIONEER DIGITAL DESIGN & MANUFACTURING COMPANY

**EIMER STAHL LLP**

By: */s/ Nathan P. Eimer*
    Nathan P. Eimer

Attorney for Defendants
LG ELECTRONICS, INC. AND LG ELECTRONICS USA, INC.

**ROPES & GRAY LLP**

By: */s/ Mark S. Popofsky*
    Mark S. Popofsky

Attorney for Defendants
HITACHI-LG DATA STORAGE, INC. AND HITACHI-LG DATA STORAGE KOREA, INC.

# CERTIFICATE OF SERVICE

I, Rachel Zernik, hereby certify that on August 7, 2014, I caused the foregoing PIONEER, LG, AND HLDS'S NOTICE OF MOTION AND MOTION TO DISMISS HP'S SECOND AMENDED COMPLAINT to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 7, 2014, at Los Angeles, California.

/s/ *Rachel Zernik*
Rachel Zernik