BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET • SUITE 900 • OAKLAND, CA 94612 • PH. 510.874.1000 • FAX 510.874.1460

September 10, 2014


Hon. Joseph C. Spero
U.S. District Court, N.D. Cal.
Courtroom G - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re Optical Disk Drive Products Antitrust Litig.*, All Actions
                Case Nos. 3:10-md-2143 RS; 3:13-cv-02124-RS (N.D. Cal.)


Your Honor:

      I write on behalf of the undersigned defendants to oppose the entry of the "Stipulated [Proposed] Protective Order Regarding Materials Subpoenaed from the Government," Dkt. No 1413-1, submitted by counsel for the putative Class Plaintiffs. The process by which Class Plaintiffs submitted the proposed order to the Court was improper because the Class Plaintiffs failed to even raise the issue with undersigned defendants prior to its filing. And as a matter of substance, the proposed order is unfair and unnecessary.

      So far as the deposition testimony to date reveals, the only recordings made in the course of the DOJ investigation and at issue in the Class Plaintiffs' subpoena involved only bilateral communications between employees of specific defendants and <u>did not</u> involve employees of any other defendants, including the undersigned defendants.[1] Accordingly, following the DOJ's objection to the subpoena, the undersigned defendants did not involve themselves in the discussions with DOJ about whether DOJ would produce the recordings or not.

      However, Class Plaintiffs' letter to the Court wrongly suggests that no defendant other than TSSTK has any interest in this matter. Class Plaintiffs' proposed protective order does not merely address whether evidence would be produced, but instead limits how defendants may obtain and use that evidence. As set out in TSST-K's submission, Dkt. No. 1418 at 8-9, the proposed order, if entered, would limit the ability of defendants to use the recordings in an exculpatory manner in the civil cases, including requiring them to disclose to DOJ how the

---

[1] The undersigned defendants are not aware of whether the DOJ has other responsive material.

evidence would be used in order to try to obtain DOJ's consent, and requiring specific jury instructions. (Dkt. No. 1413-1 at ¶¶ 7.1-7.2.) Class Plaintiffs did not inform any of the undersigned defendants about these potential restrictions on the use of this material before filing their "stipulated" proposed order with the Court.

Class Plaintiffs also wrongly suggest that the defendants have waived their rights by not participating in the meet and confer regarding the subpoena. As noted, the defendants had no notice that a protective order that would limit their use of potentially exculpatory evidence at trial was under consideration. To hold that all the parties in any of the MDL cases waived their rights with regard to the proposed protective order because they did not participate in a discovery meet and confer about the subpoena would as a practical matter require every party in every one of these cases to participate in every discovery meet and confer on every subject because an order limiting their rights with regard to the presentation of evidence at trial may be unilaterally proposed by one of the parties. This would be wasteful and inefficient.

To the extent that material from DOJ is produced, the trial judge can determine at the appropriate time how the material may be used at trial and which jury instructions are relevant, based on their full context including whatever input from DOJ the Court finds it appropriate to consider. It is not only unnecessary but prejudicial to decide any of that now. Accordingly, the undersigned defendants respectfully request the Court deny the Class Plaintiffs' request to enter the proposed order.

Very truly yours,

| BOIES, SCHILLER & FLEXNER LLP | WINSTON & STRAWN LLP |
|---|---|
| By: /s/ John F. Cove, Jr. | By: /s/ George E. Mastoris |
| John F. Cove, Jr. (SBN 212213) | George E. Mastoris |
| 1999 Harrison Street, Suite 900 | 200 Park Avenue |
| Oakland, CA 94612 | New York, NY 10166 |
| Telephone: (510) 874-1000 | Tel: (212) 294-4616 |
| Facsimile: (510) 874-1460 | Fax: (212) 294-4700 |
| *Attorneys for* Defendants Sony Optiarc America Inc., Sony Optiarc Inc., Sony Corp., and Sony Electronics Inc. | *Attorneys for* Defendants Panasonic Corporation and Panasonic Corporation of North America |

DRINKER BIDDLE & REATH LLP

By:   */s/ M. Curt Lambert*
    M. Curt Lambert
    222 Delaware Ave., Ste. 1410
    Wilmington, DE 19801-1621
    Tel:  (302) 467-4200
    Fax:  (302) 467-4201 fax

    *Attorneys for* Defendants Quanta Storage, Inc. and Quanta Storage America, Inc.

JONES DAY

By:   */s/ Eric P. Enson*
    Eric P. Enson
    555 South Flower Street
    Fiftieth Floor
    Los Angeles, CA 90071.2300
    Tel:  (213) 489-3939
    Fax:  (213) 243-2539

    *Attorneys for* Defendants Pioneer Electronics (USA) Inc., Pioneer North America, Inc., Pioneer Corporation and Pioneer High Fidelity Taiwan Co., Ltd.

WINSTON & STRAWN LLP

By:   */s/ Robert Pringle*
    Robert Pringle
    101 California Street, Suite 3900
    San Francisco, CA 94111-5894
    Tel: (415) 591-1000
    Fax:  (415) 591-1400

    *Attorneys for* Defendant NEC Corporation

DLA PIPER LLP (US)

By:   */s/ David H. Bamberger*
    David H. Bamberger
    500 8th Street, N.W.
    Washington, D.C. 20004
    Tel:  (202) 799-4000
    Fax:  (202) 799-5000

    *Attorneys for* Defendants TEAC Corporation and TEAC America, Inc.

DICKSTEIN SHAPIRO LLP

By:   */s/ Joel B. Kleinman*
    Joel B. Kleinman
    1825 Eye Street NW
    Washington, DC 20006-5403
    Tel:  (202) 420-2200
    Fax:  (202) 420-2201

    *Attorneys for* Defendants BenQ Corporation and BenQ America Corp.

O'MELVENY & MYERS LLP

By:     /s/ Ian Simmons
    1625 Eye Street NW
    Washington, DC 20006
    Telephone: (202) 383-5106
    Facsimile: (202) 383-5414
    isimmons@omm.com

    *Attorneys for* Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.