# O'SHEA PARTNERS LLP
521 FIFTH AVENUE
25th FLOOR
NEW YORK, NEW YORK 10175

SEAN F. O'SHEA
MICHAEL E. PETRELLA
—
DANIEL M. HIBSHOOSH
—
AMANDA L. DEVEREUX
MARC D. FEINGOLD
THOMAS B. GARDNER
JOHN M. HENDELE IV
ANDREW B. NICK
JULIE O'SHEA

(212) 682-4426
Fax (212) 682-4437
www.osheapartners.com

September 16, 2014

**VIA ECF and Federal Express**

Hon. Joseph C. Spero
United States Magistrate Judge
United States District Court
District of Northern California
450 Golden Gate Avenue
San Francisco, CA 94102

> Re: *In re Optical Disk Drive Antitrust Litig.*, Case No. 3:10-md-2143-RS (JCS) Letter in support of (1) Motion to Quash Plaintiffs' Subpoena to Jacklin Chou Lem; and (2) Opposition to Stipulated [Proposed] Protective Order

Dear Magistrate Judge Spero:

This firm represents non-party individual employee John Doe 1 ("Mr. Doe") of Defendant Toshiba Samsung Storage Technology Korea Corporation ("TSSTK"). We write in reply to the September 10, 2014 letter of Plaintiffs' counsel Cadio Zirpoli and Jeff Friedman ("Pl.'s Letter").[1] Plaintiffs fail to respond to the overwhelming weight of authority cited in our letter-motion dated September 10, 2014 (the "Doe Letter") requiring that the Subpoena be quashed. *See* Doe Letter at 4-6. Instead, Plaintiffs raise a series of infirm and unfounded arguments seeking to distract attention from the effect the Subpoena would have on John Doe 1. For the reasons set forth below, Plaintiffs' arguments should be rejected and the Court should grant the relief sought in our September 10, 2014 letter-motion.

## I. Mr. Doe Has Standing To Challenge The Subpoena

Plaintiffs contend that Mr. Doe does not have standing to challenge the Subpoena, because he does not have "an ***underlying legal claim***" with respect to his privacy, or the confidentiality of law enforcement investigation files containing tapes of his conversations. Pl.'s

---

[1] We do not respond to every distortion, misstatement and omission in Plaintiffs' letter.

Letter at 8 (emphasis in original). This argument is without merit. As explained in our letter-motion, Mr. Doe need only show that he "has a personal right or privilege with respect to" the subject matter of the Subpoena, and that standard is easily satisfied. *See* Doe Letter at 2-6. None of the authorities Plaintiffs cite requires a formal "claim," and in fact the principal case on which Plaintiffs rely in their letter explicitly considered the objections of a party's former employee, asserted in his individual capacity, in determining whether to quash a subpoena to DOJ seeking tape recorded conversations. *See In re High Fructose Corn Syrup Antitrust Litig.*, 216 F.3d 621, 622 (7th Cir. 2000).[2] Many other cases also hold that interests considerably less strong than Mr. Doe's in this matter are sufficient to confer standing to challenge a third party subpoena. *See, e.g.,* Doe Letter at 2 (citing cases).

Plaintiffs attempt to distract attention from the Subpoena's effect *on Mr. Doe* by noting that PLDS and HLDS did not move to quash alongside him. Pl.'s Letter at 3. Of course, PLDS is the amnesty applicant, which is the beneficiary of the Plaintiffs' proposed protective order, and is also affirmatively obligated to cooperate with the Plaintiffs. And HLDS (unlike TSSTK) publicly pled guilty to criminal conduct. Thus, neither entity has any privacy interest in common with Mr. Doe. What HLDS and PLDS did or did not do is therefore irrelevant to this application.

## II. Mr. Doe Will Be Irreparably Harmed If The Subpoena Is Not Quashed

Plaintiffs next raise a series of arguments to support the notion that the Subpoena will not harm Mr. Doe. Those arguments have no foundation.

*First*, Plaintiffs unilaterally declare that Mr. Doe is not an innocent person. *See* Pl.'s Letter at 2, 4-6, 10. That assertion stands the law on its head; as Plaintiffs' counsel well knows, "every man is presumed to be innocent until his guilt is proved beyond a reasonable doubt." *Coffin v. U.S.*, 156 U.S. 432, 459 (1895). Mr. Doe was never convicted, or even indicted, on criminal charges, and it is axiomatic that he is entitled to a presumption of innocence. As set forth in our September 10, 2014 letter-motion, numerous statutes and authorities protect the confidentiality rights of similarly situated persons exonerated in grand jury investigations. *See, e.g.,* Letter from S. O'Shea dated Sept. 10, 2014 ("Doe Letter") at 4-6. Plaintiffs do not even attempt to address these authorities on their merits, other than to assert in conclusory fashion that the Court should ignore them because the "criminal outcome [for Mr. Doe] is not relevant[.]" Pl.'s Letter at 2. As previously noted, the United States Supreme Court and many other courts have taken the opposite view. *See* Doe Letter at 4-6. Further, even if Plaintiffs were correct and Mr. Doe were guilty of antitrust violations, he still would be entitled to protection under controlling Supreme Court authority. *See Douglas Oil of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 n.8 (1979) ("Although petitioners in the present case were indicted and pleaded *nolo contendere*, under our decisions they nonetheless are legally entitled to protection, as there may have been accusations made for which no indictment was returned.").

---

[2] Although the ultimate holding in *Fructose* is inapposite (*see infra*), its standing analysis is precisely on point.

*Second*, Plaintiffs sophomorically argue that "if the recordings are exculpatory and support ... claims of innocence, there can be no prejudice or injury caused by the disclosure." Pl.'s Letter at 4. This argument is dramatically inconsistent with the numerous authorities that protect the rights of persons exonerated in the grand jury, and with the U.S. Constitution. *See* Doe Letter at 4-6. Every person's home, office, automobile, telephones and computers are not subject to unrestricted search—or even to civil discovery—on the basis that if he has nothing to hide, disclosure would be harmless. *See, e.g., Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 391-92 (1920) (excluding evidence obtained in violation of Fourth Amendment and barring use for any purpose). No doubt Messrs. Friedman and Zirpoli would object strongly to having their conversations recorded by the government and disclosed publicly, regardless of whether they were engaging in criminal wrongdoing, on the theory that if they are innocent, no harm to them would ensue. Mr. Doe is entitled to no less consideration—particularly if (as may well be the case) the recordings at issue were made unlawfully. *See* Doe Letter at 3-4.

*Third*, Plaintiffs contend that Mr. Doe has no legitimate interest in preventing the disclosure of the government's secret recordings of its attempts to entrap him, because his "conduct has already shaped his reputation and the existence of this conduct is known." Pl.'s Letter at 4. First, Plaintiffs do not offer anything to suggest that this is true with respect to Mr. Doe's reputation in his church or the broader community. And even with respect to the ODD industry, Plaintiffs' argument fails because it is based on false premises: (i) Contrary to Plaintiffs' claim, TSSTK's "largest customers in this litigation" do *not* have "access to [Mr. Doe's] own e-mails reflecting his conspiratorial acts." Pl.'s Letter at 4. Mr. Doe did not engage in any conspiratorial acts. The purportedly incriminating e-mails do not exist, and certainly none are cited in the Plaintiffs' letter. (ii) TSSTK's customer, Dell, has no reason to conclude that Mr. Doe is guilty of antitrust violations merely because he asserted his Fifth Amendment rights at a deposition (an assertion that he has since announced an intent to revoke). Pl.'s Letter at 4. To the contrary, Dell is a sophisticated corporation that presumably understands Mr. Doe asserted his Fifth Amendment privilege because Plaintiffs insisted, over objection, that they depose him during the pendency of a criminal investigation. (iii) Notwithstanding Plaintiffs' unsupported claim to the contrary, there are no "recordings ... concerning [Mr. Doe's illegal] activities." Pl.'s Letter at 4. If there had been, Mr. Doe would have been indicted. Plaintiffs' *ipse dixit* assertions about what the recordings concern can be safely disregarded, given that they have never even heard them.

*Fourth*, Plaintiffs ask this Court to disregard the principle of grand jury secrecy because the recordings sought by the Subpoena are not "grand jury material" (i.e., the records of grand jury proceedings).[3] *See* Pl.'s Letter at 1. Plaintiffs offer nothing to support their assertion except purported statements they claim were made by DOJ. *Id.* However, DOJ has taken precisely the

---

[3] Plaintiffs fail to respond to Mr. Doe's arguments regarding the numerous privileges and statutes protecting the rights of innocent persons ensnared in grand jury investigations, including the law enforcement privilege, the Privacy Act of 1974, and the Freedom of Information Act. *See* Doe Letter at 3, 5-6. Plaintiffs also fail to address the fact that DOJ has completely abdicated its duty to protect innocent persons exonerated in the grand jury investigation, and decided instead to focus exclusively on the protection of its amnesty applicant and cooperating witnesses. *See* Doe Letter at 3-4.

3

opposite position in writing, and acknowledged that at least some of the recordings at issue *are* grand jury material. *See* Docket Entry 1418-4, at 6. And even if Plaintiffs' assertion were correct (which it is not), it would make no difference to this Court's analysis. *Every* grand jury proceeding is based on an underlying investigation, the files of which can taint the reputations of innocent persons just as readily as the testimony and documents included in the grand jury's official record. To treat those two categories of materials differently would be to allow an end-run around a fundamental protection for the innocent. *See* Doe Letter at 4-6.

*Fifth*, Plaintiffs bizarrely attempt to argue that Mr. Doe has no confidentiality interests to protect because counsel has already posted information regarding the criminal investigation on its website, which when viewed together with the September 10 letter-motion, may disclose his identity. Pl.'s Letter at 6. Plaintiffs ignore that the website *does not name Mr. Doe or TSSTK*, that it makes no mention of any discussion with DOJ regarding any recording of Mr. Doe, and that counsel's letter-motion likewise refers to Mr. Doe by an alias. Pl.'s Letter at 6. Even *Plaintiffs'* letter submission was filed under seal. In effect, Plaintiffs' counsel seek to manufacture an argument that Mr. Doe is not concerned about confidentiality, by using their intimate knowledge of this case to connect counsel's sealed letter-brief to the content on its website. No disinterested party could draw a similar inference. The key fact for purposes of this motion is the same one that received the most attention on the website, namely, that once DOJ was informed of the flaws in its analysis and Mr. Doe's side of the story, the criminal investigation was closed and *no indictment was returned*. That is a compelling reason that secret recordings of Mr. Doe's private conversations should not be produced to the Plaintiffs for them to distort and abuse for their own purposes.

### III. The Subpoena Is Not Necessary To Redress "Asymmetrical Access"

Plaintiffs next argue that DOJ has provided us with "access to at least part of the recordings" at issue and that allowing "asymmetrical access" would "distort[] justice." *See* Pl.'s Letter at 7. This argument attempts to manufacture an asymmetry where none exists by conflating counsel for Mr. Doe, a *non-party*, with counsel for TSSTK. This firm does not represent TSSTK, and any information that DOJ could have disclosed to us regarding the recordings would accordingly be irrelevant. In any event, as noted in our September 10, 2014 letter-motion, we have no knowledge of the scope or contents of DOJ's secret recordings, because it repeatedly refused to disclose them. Doe Letter at 2. Any statement to the contrary by Plaintiffs' counsel is unfounded speculation.

DOJ's failure to disclose the scope or contents of the tapes sought by the Subpoena to TSSTK in the course of the grand jury investigation renders inapposite the principal authorities on which Plaintiffs rely to support their Subpoena. Both *In re Packaged Ice Antitrust Litig.*, No. 2:08-md-01952 PDB-RSW (Doc. #363) (E.D. Mich.) (May 10, 2011) (unreported) and *In re High Fructose Corn Syrup Antitrust Litig.*, 216 F.3d 621, 622 (7th Cir. 2000), which Plaintiffs describe as "nearly identical" to this case, involved situations where a large number of the subpoenaed recordings had previously been shared with the defendants, or had been played publicly in a criminal trial. Pl.'s Letter at 3. Here neither condition is satisfied, and this Court should accordingly decline to order production in light of the numerous authorities safeguarding

4

the confidentiality rights of persons exonerated in grand jury investigations. *See* Doe Letter at 4-6.

IV.     *Plaintiffs* Are Responsible For Any Failure Of Cooperation

Finally, although not directly relevant to the question presented, Plaintiffs' counsel completely misrepresent the facts when they assert in the first paragraph of their submission that *we* "declined to cooperate or communicate with [them] in advance of [our] filing." Pl.'s Letter at 1. They engage in this misrepresentation to disguise their refusal to extend the most basic professional courtesy to counsel for John Doe 1.

Plaintiffs' counsel never contacted us about the Subpoena, though they have known for well over a year that we represent Mr. Doe. *See, e.g.*, Ex. 1: Redacted e-mail from S. O'Shea to C. Lebsock, with cc to Cadio Zirpoli, dated June 25, 2013 (evidencing that Mr. Zirpoli, who signed both the Subpoena and Plaintiffs' September 10, 2014 letter to the Court, has long been aware of our representation of Mr. Doe); Pl.'s Letter at 10-11 (making no mention of any attempt to communicate with counsel to Mr. Doe). Nor did they even bother to serve this firm with a copy of the Subpoena. At the close of business on September 3, 2014, while my colleagues and I were traveling, *DOJ* (not Plaintiffs' counsel) informed us that Plaintiffs had purported to negotiate terms of compliance with the Subpoena—again absent any communication with us, much less an invitation to participate. *See* Ex. 2: E-mail from Belinda Barnett to S. O'Shea and D. Hibshoosh, dated Sept. 3, 2014. On the eve of filing our September 10, 2014 letter-motion, we sought consent from Plaintiffs' counsel to file an administrative motion authorizing my appearance *pro hac vice* (an application that has since been granted by the District Court). Yet Plaintiffs' counsel refused even that routine cooperation, seeking to condition it on our providing a variety of privileged information regarding our future intentions in this litigation. *See* Ex. 3: E-mail exchanges between counsel, dated Sept. 9, 2014. The record could not be clearer that Plaintiffs have starkly refused even the most minimal professional courtesy, and have sought to marginalize us at every step. Their counsel's *ex post facto* professions of willingness to "cooperate [and] communicate" are disingenuous in the extreme.

For the foregoing reasons, we respectfully request that the Court grant the relief requested in our letter-motion dated September 10, 2014.

Very truly yours,

/s/ *Sean F. O'Shea*
Sean F. O'Shea
(Admitted *pro hac vice*)

cc: All Counsel of Record (via ECF)

# Exhibit 1

**From:** Sean O'Shea
**Sent:** Tuesday, June 25, 2013 2:04 PM
**To:** 'Christopher Lebsock'
**Cc:** Shana Scarlett; cadio@saveri.com; Swathi Bojedla
**Subject:** RE: ODDs--

Chris, We left it that you were going to revert to me on dates in September.  I am afraid we will not be able to accommodate a deposition outside of Korea.  S

_____
Sean F. O'Shea
O'Shea Partners LLP
521 Fifth Avenue
25th Floor
New York, New York 10175
212-682-4426
212-682-4437 (fax)
www.osheapartners.com

*CONFIDENTIALITY NOTICE: This transmission, and any attached documents and files, may contain information which is protected by the attorney-client privilege and/or the attorney work-product doctrine and/or may otherwise be considered privileged and/or confidential. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited and may be contrary to law. If you have received this transmission in error, you are hereby directed to delete this message and to destroy all copies, including all electronic files and printouts, and to notify me by reply e-mail at soshea@osheapartners.com or by telephone at (212) 682-4426.*

**From:** Christopher Lebsock [mailto:clebsock@hausfeldllp.com]
**Sent:** Tuesday, June 25, 2013 2:02 PM
**To:** Christopher Lebsock; Sean O'Shea
**Cc:** Shana Scarlett; cadio@saveri.com; Swathi Bojedla
**Subject:** RE: ODDs--

Hi Sean,

I'm following up on scheduling ▮▮▮▮▮ deposition. Have you had a chance to confirm dates with him in September?

Can we arrange for the deposition in California/New York or some other intermediate geographic location? I understand that ▮▮▮ will be taking the 5th.

Thanks much,

Chris

---

**From:** Christopher Lebsock
**Sent:** Monday, June 03, 2013 9:00 AM
**To:** 'Sean F. O'Shea (soshea@osheapartners.com)'
**Cc:** 'Shana Scarlett'; 'cadio@saveri.com'; Swathi Bojedla
**Subject:** ODDs--

Hi Sean,

I understand from Belinda Lee that you are ▮▮▮▮▮ attorney with regards to the ODD's litigation. I'm writing on behalf of the Direct and Indirect Purchaser Plaintiffs in the civil matter. We'd like to coordinate taking ▮▮▮▮▮ deposition with ▮▮▮▮ deposition in Korea in August or September and want to begin that discussion with you.

Is there a good time for you this week that we could speak on the phone?

Regards,

Chris

# Exhibit 2

# Daniel Hibshoosh

| | |
|---|---|
| **From:** | Barnett, Belinda <Belinda.Barnett@usdoj.gov> |
| **Sent:** | Wednesday, September 03, 2014 5:13 PM |
| **To:** | Daniel Hibshoosh; Sean O'Shea |
| **Cc:** | Ries, Christopher; Deiss, Ila (USACAN) |
| **Subject:** | RE: In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS |
| **Attachments:** | cover letter.pdf; Proposed Protective Order.pdf |

Dear Messrs. O'Shea and Hibshoosh,

As my colleague Chris Ries notified counsel for TSSTK, Belinda Lee, the Antitrust Division has reached a proposed protective order with plaintiffs for production of the tapes and verbatim transcripts subpoenaed from the Antitrust Division which were made during the Division's optical disk drive investigation. I have notified the plaintiffs that an attorney for an unnamed TSSTK employee, as well as Ms. Lee, may wish to file objections with the court. If a motion is timely filed with the court objecting to disclosure, the Division will not produce the subpoenaed tapes and transcripts until the motion is resolved. Please see the attached proposed protective order and cover letter that the plaintiffs filed with the court regarding the timing of filing of a motion to quash.

# Exhibit 3

# Daniel Hibshoosh

**From:** Jeff Friedman <jefff@hbsslaw.com>
**Sent:** Tuesday, September 09, 2014 6:26 PM
**To:** Daniel Hibshoosh; 'cadio@saveri.com'; Shana Scarlett; 'Rod.Ganske@alston.com'; 'Andy.Tuck@alston.com'
**Cc:** Sean O'Shea
**Subject:** RE: In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS

Are you intending to file a substantive motion in connection with TSST-K's motion to quash? If so, when? If not, are you seeking to appear at any potential hearing on the motion?

**From:** Daniel Hibshoosh [mailto:DHibshoosh@osheapartners.com]
**Sent:** Tuesday, September 09, 2014 3:21 PM
**To:** Jeff Friedman; 'cadio@saveri.com'; Shana Scarlett; 'Rod.Ganske@alston.com'; 'Andy.Tuck@alston.com'
**Cc:** Sean O'Shea
**Subject:** RE: In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS

We are asking for consent to an administrative motion to avoid burdening the court. Please let me know if you will consent. Thanks

Dan


**From:** Jeff Friedman [mailto:jefff@hbsslaw.com]
**Sent:** Tuesday, September 09, 2014 6:16 PM
**To:** Daniel Hibshoosh; 'cadio@saveri.com'; Shana Scarlett; 'Rod.Ganske@alston.com'; 'Andy.Tuck@alston.com'
**Cc:** Sean O'Shea
**Subject:** RE: In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS

For what purpose?

**From:** Daniel Hibshoosh [mailto:DHibshoosh@osheapartners.com]
**Sent:** Tuesday, September 09, 2014 3:09 PM
**To:** 'cadio@saveri.com'; Jeff Friedman; Shana Scarlett; 'Rod.Ganske@alston.com'; 'Andy.Tuck@alston.com'
**Cc:** Sean O'Shea
**Subject:** In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS

Counsel:

We represent "John Doe 1," the lone TSSTK employee named in the subpoena, dated July 11, 2014, served on Jacklin Lem of the Department of Justice. We are planning to file a Motion for Administrative Relief re: Waiver of the Local Co-Counsel Requirement for *Pro Hac Vice* Admission in the captioned matter (the "Motion") later today. The Motion seeks the admission of Sean O'Shea *pro hac vice* in this matter, as well as an exemption from Local Rule 11-3(a)(3)'s requirement that local counsel be appointed.

Pursuant to Local Rule 7-11(a), please let us know if you will stipulate to the relief requested in the Motion, as set forth in the attached.

Regards

Daniel M. Hibshoosh
O'Shea Partners LLP
521 Fifth Avenue, 25th Floor
New York, New York  10175
212.682.4426 T
212.682.4437 F
www.osheapartners.com

# Daniel Hibshoosh

**From:** Jeff Friedman <jefff@hbsslaw.com>
**Sent:** Tuesday, September 09, 2014 6:45 PM
**To:** Daniel Hibshoosh; 'cadio@saveri.com'; Shana Scarlett; 'Rod.Ganske@alston.com'; 'Andy.Tuck@alston.com'
**Cc:** Sean O'Shea
**Subject:** RE: In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS

Thanks Dan. Unfortunately you are unable or unwilling to provide any context for your request. In the past we have been amenable to stipulating based on communications with counsel and the context (such as the firm being in the case representing a defendant party). Counsel have had no problem informing us why/how this person was going to practice in the matter. The have also provided us their application in advance for us to review. If you are willing provide such information in advance we would be happy to consider your request and act consistent with our past practice and considerations.

**From:** Daniel Hibshoosh [mailto:DHibshoosh@osheapartners.com]
**Sent:** Tuesday, September 09, 2014 3:29 PM
**To:** Jeff Friedman; 'cadio@saveri.com'; Shana Scarlett; 'Rod.Ganske@alston.com'; 'Andy.Tuck@alston.com'
**Cc:** Sean O'Shea
**Subject:** RE: In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS

Jeff: Our future intentions don't have anything to do with the question presented, which is purely administrative, and which is intended solely to save the Court unnecessary burden. They are also subject to the attorney-client and work product privileges. Please let me know if you will consent to the administrative application. Thank you,

Dan

**From:** Jeff Friedman [mailto:jefff@hbsslaw.com]
**Sent:** Tuesday, September 09, 2014 6:22 PM
**To:** Daniel Hibshoosh; 'cadio@saveri.com'; Shana Scarlett; 'Rod.Ganske@alston.com'; 'Andy.Tuck@alston.com'
**Cc:** Sean O'Shea
**Subject:** RE: In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS

I'm asking on what do you intend to appearing on in the action? You have provided no information but just asked to stipulate out of the blue to this.

**From:** Daniel Hibshoosh [mailto:DHibshoosh@osheapartners.com]
**Sent:** Tuesday, September 09, 2014 3:21 PM
**To:** Jeff Friedman; 'cadio@saveri.com'; Shana Scarlett; 'Rod.Ganske@alston.com'; 'Andy.Tuck@alston.com'
**Cc:** Sean O'Shea
**Subject:** RE: In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS

We are asking for consent to an administrative motion to avoid burdening the court. Please let me know if you will consent. Thanks

Dan

**From:** Jeff Friedman [mailto:jefff@hbsslaw.com]
**Sent:** Tuesday, September 09, 2014 6:16 PM
**To:** Daniel Hibshoosh; 'cadio@saveri.com'; Shana Scarlett; 'Rod.Ganske@alston.com'; 'Andy.Tuck@alston.com'
**Cc:** Sean O'Shea
**Subject:** RE: In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS

For what purpose?

**From:** Daniel Hibshoosh [mailto:DHibshoosh@osheapartners.com]
**Sent:** Tuesday, September 09, 2014 3:09 PM
**To:** 'cadio@saveri.com'; Jeff Friedman; Shana Scarlett; 'Rod.Ganske@alston.com'; 'Andy.Tuck@alston.com'
**Cc:** Sean O'Shea
**Subject:** In re Optical Disk Drive Antitrust Litig., Case No. 3:10-md-2143RS

Counsel:

We represent "John Doe 1," the lone TSSTK employee named in the subpoena, dated July 11, 2014, served on Jacklin Lem of the Department of Justice. We are planning to file a Motion for Administrative Relief re: Waiver of the Local Co-Counsel Requirement for *Pro Hac Vice* Admission in the captioned matter (the "Motion") later today. The Motion seeks the admission of Sean O'Shea *pro hac vice* in this matter, as well as an exemption from Local Rule 11-3(a)(3)'s requirement that local counsel be appointed.

Pursuant to Local Rule 7-11(a), please let us know if you will stipulate to the relief requested in the Motion, as set forth in the attached.

Regards

---

Daniel M. Hibshoosh
O'Shea Partners LLP
521 Fifth Avenue, 25th Floor
New York, New York 10175
212.682.1126 T
212.682.1137 F
www.osheapartners.com

2