

*United States Attorney*
*Northern District of California*

---

9th *Floor, Federal Building*         *(415)436-7124*
*450 Golden Gate Ave., Box 36055*   *FAX: (415) 436-7169*
*San Francisco, CA 94102-3495*

October 15, 2014

**Via ECF Filing**

Hon. Joseph C. Spero
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

    Re:    *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-02143-RS (JCS)
            Motion to Compel Compliance with TSSTK's Subpoena to DOJ

Dear Magistrate Judge Spero:

    The United States Department of Justice, Antitrust Division ("DOJ") objects to Toshiba Samsung Storage Technology Korea Corporation's ("TSSTK") Motion to Compel compliance with its September 8, 2014 Subpoena that it served on the DOJ. This motion is premature and improper. The underlying Subpoena seeks, among many other things, the very documents TSSTK is trying to suppress production of in its pending Motion to Quash, set to be heard by this Court on October 17, 2014. Further, TSSTK has not yet met and conferred with the DOJ regarding the Subpoena as required by this Court and Fed. R. Civ. P. 37(a)(1). The DOJ, a nonparty to this litigation, repeatedly expressed its willingness to meet and confer with TSSTK on October 15, prior to the hearing on its pending Motion to Quash. (McShane Decl., Exh. C., Dkt. 1446.) Instead of agreeing to meet with the DOJ on October 15, or engaging in any type of discourse designed to reduce the burdens placed upon the DOJ or on this Court, TSSTK simply and repeatedly stated that such a date was unacceptable and filed the instant Motion to Compel on October 13, a holiday, requesting the Motion be heard in conjunction with the pending Motion to Quash. *Id.*; (Dkt. 684.)

    Moreover, an October 17 hearing date on the Motion to Compel is improper given that it would only provide the DOJ with two days to respond to TSSTK's motion. Local rules provide that "[a]ny opposition must be filed and served not more than 14 days after the motion was filed." (Civil Local Rule 7-3.) TSSTK claims that a hearing on such a short schedule is

1

proper given the intertwined issues relating to TSSTK's pending Motion to Quash and this Motion to Compel. (Dkt. 1446.) However, TSSTK goes on to admit that only Request 1 of the six broad and sweeping document requests in the subpoena calls for the documents at issue in its pending Motion to Quash. All other documents sought are of much broader scope, and raise privilege, burden, and other issues that should first be addressed in a meet and confer. Therefore, should TSSTK still seek production pursuant to its Subpoena to the DOJ after the ruling on the Motion to Quash, TSSTK should be directed to meet and confer with the DOJ, and the DOJ should be given sufficient time to respond to the Motion to Compel, preferably through the joint letter process.

Respectfully submitted,

MELINDA HAAG
United States Attorney

_____
ILA C. DEISS
Assistant United States Attorney

Attorneys for the
United States Department of Justice,
Antitrust Division