IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | CASE NO. 3:10-md-2143 RS<br><br>**ORDER OVERRULING OBJECTIONS TO NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE PRODUCTION OF RECORDED CONVERSATIONS** |

Defendant Toshiba Samsung Storage Technology Korea Corporation ("TSSTK") and non-party "John Doe" seek relief from the assigned magistrate judge's denial of their motions to quash a subpoena. The subpoena, served on the Department of Justice, sought production of certain recordings of conversations made in the course of an investigation into potential antitrust violations in the optical disc drive ("ODD") industry.

A district court will modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). The threshold issue raised by TSSTK and John Doe is whether the magistrate judge correctly found that Rule 6(e) of the Federal Rules of Criminal Procedure does not apply to the disclosure of the material in dispute. Because the

magistrate judge's determination on that point was correct, and the ruling not otherwise clearly erroneous or contrary to law, the objections will be overruled.

Citing the portion of the hearing transcript containing the magistrate judge's opening remarks, John Doe complains that the court declared the recordings not to be grand jury material subject to Rule 6(e) "without explanation." TSSTK similarly charges that the magistrate judge ruled "[w]ithout considering the context of these recordings." In fact, the transcript reflects that the magistrate judge explained the basis of his conclusions at some length and that he considered the context in which the recordings had been made. *See*, *e.g.*, Trans. 17:17-19:2.

TSSTK and John Doe are correct that "grand jury materials" are subject to release only in narrow circumstances. "This restrictive standard gives voice to the important policy considerations which underlie the historic rule of grand jury secrecy." *In re Grand Jury Investigation of Cuisinarts, Inc.*, 665 F.2d 24, 32 (2d Cir. 1981). The Supreme Court has conclusively held that Rule 6(e) prohibits granting access to grand jury materials unless "particularized need" is shown by the requesting party. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 & n.12 (1979); *Dennis v. United States*, 384 U.S. 855 (1966). The question, however, is what constitutes "grand jury materials" in the first instance.

> [T]he Rule prohibits disclosure of "matters occurring before the grand jury(.)" This serves to protect the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like. It does not require, however, that a veil of secrecy be drawn over all matters occurring in the world that happen to be investigated by a grand jury.

*Sec. & Exch. Com'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1382 (D.C. Cir. 1980).

Here, the record does not support a conclusion that the recordings in dispute constitute "matters occurring before the grand jury" within the meaning of the rule. Indeed, while it might be reasonable to assume that some or all of the recordings were presented to the grand jury, nothing in the subpoena seeks to discover what the grand jury actually did or did not have before it. Production of all material responsive to the subpoena likewise would not establish that any or all of those materials were ever presented to the grand jury, much less shed light on its inner workings.

Even if it could be taken as a given that all of the subpoenaed material was presented to the grand jury, "[t]here is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers." *Senate of the Com. of Puerto Rico on Behalf of Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987). Knowing (or believing) that the grand jury may have had the opportunity to review these recordings is not tantamount to knowing about "some secret aspect of the grand jury's investigation." *Id.*

As the Ninth Circuit has explained:

> Rule 6(e) "is intended only to protect against disclosure of what is said or takes place in the grand jury room . . . it is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury." *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir.1960). Thus, if a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process, Rule 6(e) does not prohibit its release. *Id.*

*United States v. Dynavac, Inc.*, 6 F.3d 1407, 1411-12 (9th Cir. 1993).

In light of these principles and the factual record, TSSTK and John Doe have not met their burden to show error in the magistrate judge's ruling. They insist that the material in dispute must be deemed "grand jury material" given that the Department of Justice initially invoked Rule 6(e) as one of its objections to the subpoena. As John Doe puts it, the DOJ—"the only party in a position to know"—purportedly declared the materials to be grand jury materials "unequivocally." It may be true that the DOJ is the only party that knows if and how much of the material was ever presented to the grand jury. The DOJ's legal conclusion, however, asserted in an objection letter, is not dispositive. Furthermore, the DOJ was hardly "unequivocal." After asserting a raft of *other* objections, the DOJ merely further objected "to the extent" the subpoena "demands information that would violate the grand jury secrecy rule of Rule 6(e)." Its subsequent agreement to release material, subject to a protective order, does not therefore represent an unjustifiable "about face."

Finally, it may be the case that "matters occurring before the grand jury" can sometimes include "information obtained by a government official who, in pursuing an investigation that is not truly independent of the grand jury's inquiry, has become an agent of the grand jury." *United States*

*v. Flemmi*, 233 F. Supp. 2d 113, 115 (D. Mass. 2000). Nothing in the record, here, however, establishes that the materials in dispute were gathered under circumstances such that they must be deemed grand jury materials rather than products of the DOJ's investigation. TSSTK merely relies on statements by DOJ that it was "assisting" the grand jury's investigation. John Doe offers only conclusory statements such as, "[the recordings] have no existence independent of the grand jury investigation." This does not suffice. There is no indication, for example, that the information was gathered at the direction of the grand jury, or through its subpoena power. *See In re Grand Jury Matter,* 682 F.2d 61, 64 (3d Cir. 1982) ("The information developed by the FBI, although perhaps developed with an eye toward ultimate use in a grand jury proceeding, exists apart from and was developed independently of grand jury processes.") Accordingly, the magistrate judge correctly found Rule 6(e) inapplicable.[1]

John Doe and TSSTK argue that release of the material may also implicate other rules and policies. Neither has shown, however, that any of those matters would wholly bar disclosure, as opposed only to require that any production be made under an appropriate protective order. To the extent either John Doe or TSSTK may intend their present objections to reach the aspect of the magistrate judge's ruling regarding a protective order, the issue is not ripe, as a final ruling on the scope of any protective order has not yet issued.

TSSTK's request for a stay of any production pending possible interlocutory review is denied. Plaintiff's motion to seal portions of their response (Dkt. No. 1487) is granted.

IT IS SO ORDERED.

Dated: December 19, 2014

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] As a result, the parties' dispute as to whether plaintiffs made a sufficient showing of a "particularized need" for the material to justify its production under Rule 6(e)(3)(E) is moot.