UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | Case No. 3:10-md-02143 RS<br><br>MDL No. 2143<br><br>**[~~PROPOSED~~] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS**<br><br>Date: ~~May 14, 2015~~<br>Time: 1:30 p.m.<br>Judge: Honorable Richard Seeborg<br>Courtroom: 3, 17th Floor |

     The Court, having reviewed Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards (March 16, 2015) ("Motion"), the pleadings and other papers on file in this action, [the responses of class members], and the statements of counsel and the parties, hereby finds that:

    1.    The Motion requests an award of attorneys' fees in the amount of $11,370,000 or 30% of the $37,900,000 Settlement Fund.[1] Further, Direct Purchaser Plaintiffs ("DPPs") and their counsel ("Class Counsel") request reimbursement of out-of-pocket litigation costs and expenses in the amount of $1,687,905.17. In addition, DPPs request that the Court approve the $1,593,268.18 in expenses paid with settlement funds. Lastly, DPPs request incentive awards for the Class Representatives as follows: $5,000 for each of the three class plaintiffs named only in the Second Consolidated Amended Complaint,[2] and $10,000 for each of the six class plaintiffs named in the Third Consolidated Amended Complaint,[3] for a total of $75,000.

    2.    The Court finds that DPPs' requested fee award of $11,370,000—30% of the Settlement Fund—is fair and reasonable under the percentage-of-the-recovery method based upon the following factors: (1) the results obtained by Class Counsel in this case; (2) the risks and complex issues involved in this case, which were significant and required a high level of skill and high-quality work to overcome; (3) that the attorneys' fees requested were entirely contingent upon success—Class Counsel risked time and effort and advanced costs with no ultimate guarantee of compensation; (4) that the range of awards made in similar cases justifies an award of 30% here; and (5) that the class members have been notified of the requested fees and had an opportunity inform the Court of any concerns they have with the request. These factors justify an upward adjustment of the Ninth Circuit's 25% benchmark. As such, the Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case.

---

[1] The "Settlement Fund" consists of the total proceeds of the following settlements: $26,000,000 (HLDS), $5,750,000 (Panasonic), and $6,150,000 (NEC).

[2] Univision-Crimson Holding, Inc.; Warren S. Herman; and The Stereo Shop.

[3] JLK Systems Group, Inc. and Jeff Kozik; Meijer, Inc. and Meijer Distribution, Inc.; Paul Nordine; Seneca Data Distributors, Inc.; Gregory Starrett; and Ashely Tremblay.

1    3.   The Court has confirmed the reasonableness of DPPs' fee request by conducting a lodestar cross-check. The Court finds that Class Counsel's reasonable lodestar was $24,811,762.75 based on historic hourly rates for the period from the appointment of lead counsel until December 31, 2014. Class Counsel's requested fee award represents less than 50% of their reasonable lodestar. This further supports the reasonableness of Class Counsel's fee request here.

4.   The Court finds that Class Counsel incurred a total of $3,281,173.35 in litigation costs and expenses in prosecuting this litigation as of December 31, 2014. The Court finds that these costs and expenses were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and nationwide scope of the case.

5.   Pursuant to *Radcliffe v. Experion Information Solutions*, 715 F.3d 1157 (9th Cir. 2013), the Court has carefully considered the requested incentive awards. The Court deems the application for incentive awards reasonable and justified given: (1) the risks—reputational, financial, and otherwise—faced by class representatives in bringing this lawsuit; and (2) the work performed and the active participation in the litigation and settlement processes by the class representatives on behalf of members of the class.

6.   In sum, upon consideration of the Motion and accompanying Declarations, and based upon all matters of record including the pleadings and papers filed in this action, the Court hereby finds that the fee requested is reasonable and proper; the costs and expenses incurred by Class Counsel were necessary, reasonable, and proper; and that incentive awards are appropriate given the time and effort expended by the Class Representatives in the prosecution of this case.

Accordingly, it is hereby ORDERED and DECREED that:

7.   Class Counsel are awarded attorneys' fees of $11,370,000 (30% of the $37,900,000 Settlement Fund), together with a proportional share of interest earned on the Settlement Fund for the same time period and at the same rate as that earned on the Settlement Fund until dispersed to Class Counsel.

8.   Class Counsel are awarded reimbursement of their litigation costs and expenses in the amount of $1,687,905.17.

9. The $1,593,268.18 in costs and expenses paid directly from the Court-ordered settlement funds are approved.

10. The SCAC Class Representatives—Univision-Crimson Holding, Inc.; Warren S. Herman; and The Stereo Shop—shall each receive an incentive award in the amount of $5,000.

11. The TCAC Class Representatives—JLK Systems Group, Inc. and Jeff Kozik; Meijer, Inc. and Meijer Distribution, Inc.; Paul Nordine; Seneca Data Distributors, Inc.; Gregory Starrett; and Ashely Tremblay—shall each receive an incentive award in the amount of $10,000.

12. The attorneys' fees awarded, reimbursement of litigation costs and expenses, and incentive awards shall be paid from the Settlement Fund and the interest earned thereon.

13. The fees and expenses shall be allocated among Class Counsel by the Chairman of the Executive Committee in a manner that, in the Chairman's good-faith judgment, reflects each firm's contribution to the institution, prosecution, and resolution of the litigation.

14. This order shall be entered of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding that there is no just reason for delay.

**IT IS SO ORDERED.**

Dated: July 23, 2015

_____
HON. RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE