IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | CASE NO. 3:10-md-2143 RS<br><br>**ORDER REQUESTING FURTHER BRIEFING** |

In connection with the Indirect Purchaser Plaintiffs' renewed motion for class certification, the parties appropriately relied on the separate briefing they previously submitted regarding the so-called "choice of law issues." Those issues were not reached in the prior order denying class certification and will not be addressed in conjunction with the renewed motion unless the Court first concludes that plaintiffs have met their burden to show that certification of a class is otherwise appropriate. Should it become necessary to reach those questions, however, certain points will warrant additional briefing. Accordingly, plaintiffs are requested to submit a supplemental brief within 15 days of the date of this order, not to exceed 15 pages, addressing the matters enumerated below. Within 10 days thereafter, defendants may file a response, also not to exceed 15 pages. As the moving parties, plaintiffs will then be given the final word, and may submit a brief reply within 5 days, not to exceed 5 pages.

(1) At least for purposes of the present motion, are plaintiffs seeking to proceed only under California anti-trust law with respect to certifying either a nationwide or a 24 jurisdiction class—i.e., are they foregoing their claims under consumer protection laws?  If the attempt to apply California law either nationwide or to the 23 non-California jurisdictions (22 states and the District of Columbia) is rejected, do plaintiffs seek to include local consumer protection laws in any or all of their proposed 24 separate classes?

(2) Does the exclusion of Panasonic-branded products from proposed class definition eliminate any need to evaluate the potential interests of New Jersey differently from those of other states?

(3) What is the effect, if any, of plaintiffs' prior concessions regarding limitations periods in New Hampshire and Utah?  See Dkt. No. 531 p.14, n. 14.

(4) Under which of the proposals must plaintiffs be able to present viable class representatives for each of the 24 jurisdictions?  At this point in time, which are the jurisdictions for which plaintiffs have not proposed representatives, or for which defendants have not had the opportunity to evaluate the qualifications of the proposed representatives? If certification were otherwise warranted, and viable representatives for each of the 24 jurisdictions were required, would it be appropriate for an order to issue granting certification conditionally, with a set time period in which to settle the issue of appropriate representatives?

(5) The prior briefing discussed the potential impact of differences in law among the states at more than one point in the analysis, and touched on several issues, including *Illinois Brick* "repeal" and consumer protection laws.  Focusing now on the issues that would arise if the Court were to consider applying California antitrust law to a 24 jurisdiction class, what differences, if any, between California law and the law in any or all of the other 23 jurisdictions would be material to the choice of law analysis?

Relying on *Clayworth v. Pfizer*, 49 Cal. 4th 758 (Cal. 2010), defendants previously argued that California law does not permit a "pass-on defense." Defendants acknowledged, however, that as explained in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 6709621, at 2 (N.D. Cal. 2012), California law does not exclude consideration of pass-on defense issues to the extent necessary to prevent duplicative recovery. Accordingly, further analysis may be warranted regarding whether in circumstances like these, the general rejection of a pass-on defense articulated in *Clayworth* would result in a substantively different outcome from that which would result in any jurisdiction expressly embracing a pass-on defense. *See Clayworth*, 49 Cal. 4th at 787 ("In instances where multiple levels of purchasers have sued . . . . if damages must be allocated among the various levels of injured purchasers, the bar on consideration of pass-on evidence must necessarily be lifted . . . .").

Additionally, defendants previously cited a Colorado case for the proposition that some other states *do* allow a "pass-on" defense. Colorado, however, is not one of the states proposed for inclusion in the 24-jurisdiction class.[1] While defendants assert elsewhere in their briefing that statutes in some jurisdiction allow assertion of a pass on defense to avoid duplicative recovery, it is not clear how those rules would differ from the California Supreme Court's statements in *Clayworth* quoted above.

For their part, plaintiffs previously argued that the availability or non-availability of a pass-on defense is irrelevant to their claims, because the proposed class is defined as persons who purchased products for their own use and not for resale. Plaintiffs are correct that defendants therefore will not be able to defend by arguing that members of any certified class of indirect purchasers suffered no injury because they passed on any overcharge. The potentially relevant question, however, is whether the availability or non-availability of a pass-through defense at the

---

[1] Additionally, the case defendants cite appears merely to follow and adopt the *Illinois Brick* rule, rather than allowing a pass on defense. *See Stifflear v. Bristol-Myers Squibb Co.*, 931 P.2d 471, 475-476 (Colo. App. 1996) ("In view of the similarity in text between the federal and Colorado antitrust statutes, we decline to depart from the basic analytical framework developed by federal courts with respect to the standing requirements for claims alleging state antitrust violations . . . . We thus hold that indirect purchasers, such as the plaintiff, do not have standing under the 1957 Act to bring claims for money damages or injunctive relief based on alleged overcharges by manufacturers or wholesalers in violation of Colorado's antitrust statute.")

direct-purchaser level, and any mechanisms for avoiding duplicative recovery, might have different effects among the various "*Illinois Brick* repealer" jurisdictions on indirect purchasers' rights to recover.

(6) While the supplemental briefs should not reargue points addressed in the prior briefing but not expressly mentioned above, in the event there have been any particularly critical development in the facts or the law since the time of the prior briefing, the parties may concisely highlight those matters even if outside the scope of items (1)-(5).

IT IS SO ORDERED.

Dated: November 10, 2015

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE