UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>**DIRECT PURCHASER CLASS ACTIONS** | Case No. 3:10-md-02143 RS<br><br>MDL No. 2143<br><br>**REVISED [PROPOSED] ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH BENQ, PIONEER, PLDS, QSI, SONY, TEAC, AND TSST**<br><br>Date:        December 10, 2015<br>Time:       1:30 p.m.<br>Judge:      Honorable Richard Seeborg<br>Courtroom: 3, 17th Floor |

On November 3, 2015 Direct Purchaser Plaintiffs ("DPPs") filed a Motion for Preliminary Approval of Class Action Settlements with the following groups of defendants: (1) BenQ Corp. and BenQ America Corp. (collectively, "BenQ"); (2) Pioneer Corp.; Pioneer North America, Inc; Pioneer Electronics (USA) Inc.; and Pioneer High Fidelity Taiwan Co., Ltd. (collectively, "Pioneer"); (3) Koninklijke Philips Electronics N.V.; Lite-On It Corp.; Philips & Lite-On Digital Solutions Corp.; and Philips & Lite-On Digital Solutions USA, Inc. (collectively, "PLDS"); (4) Quanta Storage Inc. and Quanta Storage America, Inc. (collectively, "QSI"); (5) Sony Corp.; Sony Optiarc, Inc.; Sony Optiarc America, Inc.; Sony NEC Optiarc Inc.; and Sony Electronics, Inc. (collectively, "Sony"); (6) TEAC Corp. and TEAC America, Inc. (collectively, "TEAC"); and (7) Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Toshiba Corp.; Toshiba America Information Systems, Inc.; Toshiba Samsung Storage Technology Corp.; and Toshiba Samsung Storage Technology Korea Corp. (collectively, "TSST"). These seven groups are referred to collectively as "Settling Defendants." The Court, having reviewed the motion, the settlement agreements, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreements, to the extent not contradictory or mutually exclusive.

2. The Court hereby preliminarily approves the settlement agreements.

3. The Court finds that the settlements fall within the range of possible final approval and that there is a sufficient basis for notifying the settlement class and for setting a Fairness Hearing.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following settlement class for purposes of this Motion only:

> All individuals and entities who, during the period from January 1, 2004 until at least January 1, 2010 (the "Class Period") purchased one or more Optical Disk Drives in the United States directly from the Defendants, their subsidiaries, or their

affiliates. Excluded from the Class are Defendants and their parents, subsidiaries, affiliates, and all governmental entities. As used herein the term "Optical Disc Drive" includes (a) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be inserted into, or incorporated in, an electronic device; (b) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be attached to an electronic device through an external interface such as a Universal Serial Bus connection; and (c) an internal drive sold as a component of a laptop or desktop computer by a Defendant or its subsidiary or affiliate.

5. The Court further finds that the prerequisites to certifying a settlement class under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement class which predominate over individual issues; (c) the claims or defenses of the settlement class plaintiffs are typical of the claims or defenses of the settlement class; (d) the plaintiffs will fairly and adequately protect the interests of the settlement class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the settlement class; and (e) a settlement class resolution is superior to individual settlements.

6. The Court hereby appoints the Plaintiffs named in the Third Consolidated Direct Purchaser Class Action Complaint, filed April 17, 2013, as Representative Plaintiffs of the settlement class.

7. The Court appoints the law firm of Saveri & Saveri, Inc. to serve as Class Counsel for the settlement class.

8. The Court approves the form of the Long Form Notice attached hereto as Exhibit A ("Long-Form Notice"). The Court also approves the form of the Short Form Notice attached hereto as Exhibit B ("Short-Form Notice"). The Court finds that taken together, mailing of the Long-Form Notice (U.S Mail or electronic mail), publication of the Short-Form Notice, and internet posting of the Long-Form Notice are: (i) the best notice practicable; (ii) reasonably calculated to, under the circumstances, apprise the settlement class members of the proposed settlements and of their right to object or to exclude themselves as provided in the settlement agreements; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons

entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

9. Plaintiffs' claims administrator shall provide notice of the class settlements. The claims administrator shall provide direct notice of the settlements to all members of the settlement class on or before January 7, 2016. Such notice shall be sent either by first class U.S. mail (postage prepaid) or by electronic mail. The claims administrator shall publish the Short Form Notice in the national edition of the *Wall Street Journal* on or before January 7, 2016. The claims administrator shall also cause a copy of the Long-Form Notice and Settlement Agreements to be posted on the internet website www.odddirectpurchaserantitrustsettlement.com on or before January 7, 2016.

10. Each settlement class member shall have the right to be excluded from the settlement class by mailing a request for exclusion to the claims administrator no later than February 22, 2016. Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion. No later than March 7, 2016, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the settlement class as provided in the settlement agreements.

11. Any settlement class member who does not properly and timely request exclusion from the settlement class as provided above shall, upon final approval of the settlements, be bound by the terms and provisions of the settlements so approved, including but not limited to the releases, waivers, and covenants described in the agreements, whether or not such person or entity objected to the settlement agreements and whether or not such person or entity makes a claim upon the settlement funds.

12. Each settlement class member who has not timely excluded itself from the settlements shall have the right to object to (1) the settlements, and/or (2) the plan of allocation by filing written objections with the Court no later than February 22, 2016, copies of which shall be

3
REVISED [PROPOSED] ORDER GRANTING SETTLEMENT CLASS CERT. AND PRELIM. APPROVAL OF CLASS ACTION SETTLEMENTS WITH BENQ, PIONEER, PLDS, QSI, SONY, TEAC, AND TSST - Case No. 3:10-md-02143 RS

served on all counsel listed in the class notice.  Failure to timely file and serve written objections will preclude a class member from objecting to any or all of the settlements.

13. Each settlement class member as provided above shall have the right to appear at the Fairness Hearing by filing a Notice of Intention to Appear no later than February 22, 2016, copies of which shall be served on all counsel listed in the class notice.

14. The Court will conduct a Fairness Hearing on April 14, 2016 at 1:30 p.m.  The Fairness Hearing will be conducted to determine the following:

    a. Whether each proposed settlement is fair, reasonable, and adequate and should be granted final approval;

    b. Whether final judgment should be entered dismissing the claims of the settlement class against Settling Defendants;

    c. Approval of the plan of allocation; and

    d. Such other matters as the Court may deem appropriate.

15. Each member of the settlement class shall retain all rights and causes of action with respect to claims against any remaining Defendants (should there be any) other than Settling Defendants regardless of whether such member of the settlement class decides to remain in the settlement class or to exclude itself from the settlement class.

16. All briefs, memoranda and papers in support of final approval of the settlements shall be filed no later March 24, 2016.

17. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the settlement agreements.

18. All further direct purchaser class proceedings as to Settling Defendants are hereby stayed except for any actions required to effectuate the settlements.

19. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

20. On or before February 18, 2016, DPPs shall file their motion for attorney's fees, expenses, and incentive awards ("Fee Motion"). DPPs shall post the file-stamped version of the Fee Motion on the class website within one day of its filing.

21. Class members shall have until March 10, 2016 to file any written objections to the Fee Motion.

22. A hearing on the Fee Motion shall be held on April 14, 2016 at 1:30 p.m.

23. Each class member shall have until March 7, 2016 to submit a claim, either by mailing a completed claim form to Plaintiffs' claims administrator or by filling out an online claim form on the class website. Claims submitted in connection with the HLDS, Panasonic, and NEC settlements will automatically be included in this second round of claim submission.

24. Class Counsel shall have until March 24, 2016 to file a response to any objections to the Fee Motion as well as a report on claims submitted.

IT IS SO ORDERED.

Dated: 12/15/15

Hon. Richard Seeborg
United States District Judge

# Exhibit A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
# If You Bought An Optical Disk Drive,
# Class Action Settlements May Affect You.

An Optical Disk Drive is any device which reads and/or writes data from and to an optical disk, including but not limited to, CD-ROMS, CD-recordable/rewritable, DVD-ROM, DVD-recordable/rewritable, Blu-Ray, Blu-Ray recordable/rewritable, HD-DVD, Super Multi-Drives and other combination drives, and optical disk drives designed to be attached externally to computers or other devices.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit brought on behalf of direct purchasers of Optical Disk Drives (ODDs) is currently pending.

- You previously received a similar notice regarding settlements with HLDS, NEC, and Panasonic. This notice is regarding settlements with the remaining defendants.

  *IF YOU HAVE ALREADY SUBMITTED A CLAIM DURING THE FIRST ROUND OF CLAIMS IN THIS CASE (WHICH ENDED ON JUNE 22, 2015) AND YOUR CLAIM INFORMATION HAS NOT CHANGED, THEN YOU DO NOT NEED TO DO ANYTHING; YOUR CLAIM FOR THIS SECOND ROUND WILL BE AUTOMATICALLY ENTERED.*

- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of ODDs. Plaintiffs further claim that direct purchasers from the Defendants of laptop and notebook computers that contain ODDs may recover for the effect that the ODD conspiracy had on the prices of these devices. Plaintiffs allege that, as a result of the unlawful conspiracy involving ODDs, they and other direct purchasers paid more for ODDs than they would have paid absent the conspiracy. Defendants deny Plaintiffs' claims.

- Settlements have been reached with the following groups of defendants: (1) Koninklijke Philips Electronics N.V.; Lite-On It Corp.; Philips & Lite-On Digital Solutions Corp.; and Philips & Lite-On Digital Solutions USA, Inc. (collectively, "PLDS"); (2) Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Toshiba Corp.; Toshiba America Information Systems, Inc. (TAIS); Toshiba Samsung Storage Technology Corp.; and Toshiba Samsung Storage Technology Korea Corp. (collectively, "TSST"); (3) Sony Corp.; Sony Optiarc, Inc.; Sony Optiarc America, Inc.; Sony NEC Optiarc Inc.; and Sony Electronics, Inc. (collectively, "Sony"); (4) BenQ Corp. and BenQ America Corp. (collectively, "BenQ"); (5) TEAC Corp. and TEAC America, Inc. (collectively, "TEAC"); (6) Quanta Storage Inc. and Quanta Storage America, Inc. (collectively, "QSI"); and (7) Pioneer Corp.; Pioneer North America, Inc; Pioneer Electronics (USA) Inc.; and Pioneer High Fidelity Taiwan Co., Ltd. (collectively, "Pioneer"). These seven groups are referred to collectively as "Settling Defendants."

- Your legal rights will be affected whether you act or don't act. This Notice includes information on the settlements, the claim process, attorney's fees, and the lawsuit. Please read the entire Notice carefully.

**These Rights and Options – and deadlines to exercise them – are explained in this Notice**

You can file a claim form                                                                 *see* Question 8

- You can object or comment on the settlements     *see* Question 9
- You may also exclude yourself from the settlements     *see* Question 9
- You may go to a hearing and comment on the settlements     *see* Question 13
- The Court in charge of this case still has to decide whether to approve the settlements.

## WHAT THIS NOTICE CONTAINS

**Basic Information** .................................................................................................... Page 3
    1. Why did I get this Notice?
    2. Who are the Defendant companies?
    3. What is this lawsuit about?
    4. What are Optical Disk Drives and Optical Disk Drive Products?
    5. What is a class action?

**The Settlement Classes** ............................................................................................ Page 5
    6. How do I know if I'm part of the Settlement Classes?
    7. What do the settlements provide?
    8. When can I get a payment?
    9. What are my rights in the Settlement Classes?
    10. What am I giving up to stay in the Settlement Classes?

**The Settlement Approval Hearing** ......................................................................... Page 7
    11. When and where will the Court decide whether to approve the settlements?
    12. Do I have to come to the hearing?
    13. May I speak at the hearing?

**The Lawyers Representing You** ............................................................................. Page 8
    14. Do I have a lawyer in the case?
    15. How will the lawyers be paid?

**Getting More Information** ..................................................................................... Page 8
    16. How do I get more information?

# BASIC INFORMATION

## 1. Why did I get this Notice?

You or your company may have directly purchased Optical Disk Drives (ODDs) from January 1, 2004 until at least January 1, 2010.  For purposes of these settlements, a direct purchaser is a person or business who bought an ODD directly from one or more of the Defendants, co-conspirators, affiliates, or subsidiaries themselves, as opposed to an intermediary (such as a retail store).

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the settlements.
The Notice explains the litigation, the settlements, and your legal rights.
The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

## 2. Who are the Defendant companies?

The Defendant companies include: Sony Corporation; Sony Optiarc Inc.; NEC Corporation; Sony NEC Optiarc Inc.; Sony Optiarc America Inc.; Sony Computer Entertainment America, Inc.; Sony Electronics, Inc.; LG Electronics Inc.; LG Electronics USA, Inc.; Hitachi, Ltd.; Hitachi-LG Data Storage, Inc.; Hitachi-LG Data Storage Korea, Inc.; Toshiba Corporation; Toshiba America Information Systems, Inc.; Samsung Electronics Co. Ltd.; Samsung Electronics America, Inc.; Toshiba Samsung Storage Technology Corp.; Toshiba Samsung Storage Technology Korea Corp.; Lite-On IT Corp. of Taiwan; Koninklijke Philips Electronics N.V.; Philips & Lite-On Digital Solutions Corp.; Philips & Lite-On Digital Solutions USA, Inc.; BenQ Corporation; BenQ America Corporation; TEAC Corporation; TEAC America, Inc.; Quanta Storage, Inc.; Quanta Storage America, Inc.; Panasonic Corporation; Panasonic Corporation of North America; Pioneer Corp.; Pioneer North America, Inc.; Pioneer Electronics (USA) Inc.; and Pioneer High Fidelity Taiwan Co., Ltd.

## 3. What is this lawsuit about?

The lawsuit alleges that Defendants and co-conspirators conspired to raise and fix the prices of ODDs for six years, resulting in overcharges to direct purchasers of those ODDs and certain products containing ODDs.  The complaint describes how the Defendants and co-conspirators allegedly violated the U.S. antitrust laws by establishing a global cartel that set artificially high prices for, and restricted the supply of ODDs.  Defendants deny Plaintiffs allegations.  The Court has not decided who is right.

4.      **What are Optical Disk Drives and Optical Disk Drive Products?**

For the purposes of the Settlement, "Optical Disk Drives" or "ODDs" are defined to mean any device which uses laser light (or electromagnetic wavelength) to read and/or write data to or from an optical disc. ODDs consist of both internal drives built to be incorporated or inserted into electronic devices (including notebook and desktop computers, and Microsoft Xboxes) and external drives that attach to a notebook or desktop computer or other electronic device by means of an external interface, such as a Universal Serial Bus ("USB") connection. ODDs utilize the following optical disc formats: (a) compact discs ("CDs"), such as CD-ROMs or CD-recordable/rewritable discs ("CD-R/RWs"); (b) digital versatile discs ("DVDs"), such as DVD-ROMs or DVD-recordable/rewritable discs ("DVD±R/RWs"); (c) Blu-ray products, such as Blu-ray discs ("BDs") and Blu-ray-recordable/rewritable discs ("BDR"/"BD-RWs"); (d) High Definition DVDs ("HD-DVDs"); and (e) Super Multi-Drives or other combination drives that read from and/or write to various types of the foregoing media.

5.      **What is a class action?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  All these people are members of the class, except for those who exclude themselves from the class.

Important information about the case will be posted on the website, www.ODDDirectPurchaserAntitrustSettlement.com as it becomes available. Please check the website to be kept informed about any future developments.

## THE SETTLEMENT CLASSES

6.      **How do I know if I'm part of the Settlement Classes?**

The settlement classes include persons and entities who, from January 1, 2004 until at least January 1, 2010, directly purchased an ODD in the United States from any Defendant or subsidiary or affiliate thereof, or any co-conspirator ("Settlement Class"). As used herein the term "ODD" includes (a) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be inserted into, or incorporated in, an electronic device; (b) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be attached to an electronic device through an external interface such as a Universal Serial Bus connection; and (c) an internal drive sold as a component of a laptop or desktop computer by a Defendant or its subsidiary or affiliate.

**7.	What do the settlements provide?**

The settlements provide for payments in the following amounts:

| DEFENDANT GROUP | SETTLEMENT AMOUNT |
|---|---|
| PLDS | $15,000,000 |
| TSST | $9,200,000 |
| Sony | $6,000,000 |
| BenQ | $875,000 |
| TEAC | $1,325,000 |
| QSI | $400,000 |
| Pioneer | $4,200,000 |
| **Total:** | **$37,000,000** |

The settlements also provide for the production of witnesses. In addition, Settling Defendants' sales remain in the case for the purpose of computing damages against any potential remaining defendant. Finally, some of the settlements provide that a portion of the settlement fund, subject to Court approval, may be used to pay expenses incurred in the litigation for prosecution of the action on behalf of the Settlement Class against any remaining defendants. Plaintiffs have settled with all remaining defendants, references herein to "remaining defendants" will only be applicable if the Court does not grant final approval to one or more of the settlements.

More details are in the Settlement Agreements, available at
www.ODDDirectPurchaserAntitrustSettlement.com

**8.	When can I get a payment?**

There is a proof of claim form ("Claim Form") available on the class website at www.ODDDirectPurchaserAntitrustSettlement.com that has been approved by the Court. All Claim Forms must be postmarked or submitted online no later than **March 7, 2016**. Claims may be submitted online at www.ODDDirectPurchaserAntitrustSettlement.com. Additional Claim Forms may be obtained at www.ODDDirectPurchaserAntitrustSettlement.com, by calling 1-888-270-0759, or writing to ODD Direct Settlement, P.O. Box 808054, Petaluma, CA 94975-8054. Please do not contact the Court about claim administration. **If you have already submitted a claim during the first round of claims in this case (which ended on June 22, 2015) and your claim information has not changed, then you do not need to do anything, your claim for this second round will automatically be entered.** To confirm that your prior claim has been successfully filed and/or make any changes to your prior claim, please contact the Claims Administrator at 1-888-270-0759 or info@odddirectpurchaserantitrustsettlement.com by March 7, 2016.

The Settlement Funds will be allocated on a *pro rata* basis based on the dollar value of each class member's purchase(s) of ODDs in proportion to the total claims filed.  In determining the *pro rata*

allocation of Settlement Funds, purchases of stand-alone ODDs will be valued at 100% of their purchase price.  For purchases of electronic devices containing an ODD (desktop computers or laptop computers), the *pro rata* calculation will factor in the proportionate value of the ODD contained in the product.  The resulting percentages will be multiplied by the net Settlement Fund (total settlements minus all costs, attorneys' fees, and expenses) to determine each claimant's *pro rata* share of the Settlement Fund.

**9.    What are my rights in the Settlement Classes?**

**Remain in the Settlement Classes**: If you wish to remain a member of the Settlement Classes you do not need to take any action at this time.

**Get out of the Settlement Classes**: If you wish to keep any of your rights to sue any of the Settling Defendants about claims concerning the manufacture, supply, distribution, sale or pricing of ODDs, other than claims for product liability, personal injury or breach of contract claims not related to the allegations in this case, you must exclude yourself from those particular Settlement Classes. You will not get any money from the settlements that you request exclusion from.

To exclude yourself from the Settlement Classes, you must send a letter that includes the following:
- Your name, address and telephone number;
- A statement saying that you want to be excluded from *In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143, PLDS Settlement, TSST Settlement, Sony Settlement, BenQ Settlement, TEAC Settlement, QSI Settlement, and/or Pioneer Settlement.
- Your signature.

You must mail your exclusion request, postmarked no later than February 22, 2016, to:

> ODD Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 6002
> Larkspur, CA 94977-6002

**Remain in the Settlement Classes and Object**: If you have comments about, or disagree with, any aspect of the settlements, you may express your views to the Court by writing to the address below. The written response needs to include your name, address, telephone number, the case name and number (*In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143), a brief explanation of your reasons for objecting, and your signature. The response must be postmarked no later than February 22, 2016 and mailed to:

| COURT | INTERIM LEAD COUNSEL | COUNSEL FOR PLDS |
|---|---|---|
| Honorable Richard Seeborg<br>United States District Court<br>Northern District of California<br>San Francisco Division<br>450 Golden Gate Avenue<br>Courtroom 3, 17th floor<br>San Francisco, CA 94102 | Guido Saveri<br>R. Alexander Saveri<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111 | Evan Werbel<br>BAKER BOTTS LLP<br>1299 Pennsylvania Ave. NW<br>Washington, DC 20004 |
| **COUNSEL FOR TSST** | **COUNSEL FOR SONY** | **COUNSEL FOR BENQ** |
| Daniel Murray Wall<br>Belinda S. Lee<br>Brendan A. Mcshane<br>LATHAM & WATKINS LLP<br>505 Montgomery St., Ste. 2000<br>San Francisco, CA 94111 | John F. Cove, Jr.<br>BOIES SCHILLER & FLEXNER LLP<br>1999 Harrison Street, Suite 900<br>Oakland, CA  94612 | Joel B. Kleinman<br>Lisa M. Kaas<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street NW<br>Washington, DC 20006-540 |
| **COUNSEL FOR TEAC** | **COUNSEL FOR QSI** | **COUNSEL FOR PIONEER** |
| Mary Ellen Hennessy<br>KATTEN MUCHIN ROSENMAN LLP<br>525 W. Monroe Street<br>Chicago, IL 60661-3693 | Keith A. Walter, Jr.<br>DRINKER BIDDLE & REATH LLP<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801 | Eric P. Enson<br>JONES DAY<br>555 South Flower Street,<br>Fiftieth Floor<br>Los Angeles, CA 90071 |
| **COUNSEL FOR SAMSUNG** | | |
| Ian Simmons<br>James M. Pearl<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC 20006 | | |

10.     What am I giving up to stay in the Settlement Classes?

Unless you exclude yourself from the Settlement Classes, you can't sue Settling Defendants, or be part of any other lawsuit against Settling Defendants, about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreements. The Settlement Agreements are available at www.ODDDirectPurchaserAntitrustSettlement.com.

THE SETTLEMENT APPROVAL HEARING

11.     When and where will the Court decide whether to approve the settlements?

The Court will hold a Fairness Hearing at 1:30 p.m. on April 14, 2016, at United States District Courthouse, 450 Golden Gate Avenue, Courtroom 3, 17th floor, San Francisco, California,

94102.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Class website for information.  At this hearing, the Court will consider whether the settlements are fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlements. We do not know how long these decisions will take.

**12.     Do I have to attend the hearing?**

No. Interim Lead Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**13.      May I speak at the hearing?**

If you want your own lawyer instead of Interim Lead Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance."  The Notice of Appearance should include the name and number of the lawsuit (*In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143), and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than February 22, 2016. You cannot speak at the Hearing if you previously asked to be excluded from the Settlement.

The Notice of Appearance must be sent to the addresses listed in Question 9.

**THE LAWYERS REPRESENTING YOU**

**14.     Do I have a lawyer in the case?**

Yes. The Court has appointed the law firm of Saveri & Saveri, Inc. to represent you as "Interim Lead Counsel." You do not have to pay Interim Lead Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

**15.     How will the lawyers be paid?**

Class Counsel's Motion for Attorneys' Fees, Costs, and Incentive Awards will be on file with the Court and will be available at www.ODDDirectPurchaserAntitrustSettlement.com on February 18, 2016. Class Counsel will ask the Court for attorneys' fees not exceeding one-third (33.3%) of the Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement Agreements. Class Counsel will also ask for incentive awards for the named plaintiffs. The Court has set a hearing on Class Counsel's Motion for Attorneys' Fees, Costs, and Incentive Awards for April 14, 2016 at 1:30 p.m. in Courtroom 3. Any comments or objections to Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards must be **filed**

with the Court (Honorable Richard Seeborg, United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom 3, 17th floor, San Francisco, CA 94102) on or before March 10, 2016.

## GETTING MORE INFORMATION

**16.    How do I get more information?**

This Notice summarizes the lawsuit and the settlements. You can get more information about the lawsuit and settlements at [www.ODDDirectPurchaserAntitrustSettlement.com](www.ODDDirectPurchaserAntitrustSettlement.com)**,** by calling 1-888-270-0759, or writing to ODD Claims Administrator, c/o Gilardi & Co. LLC., P.O. Box 6002, Larkspur, CA 94977-6002. Please do not contact the Court about this case.

Dated: January 7, 2016                                                                                BY ORDER OF THE COURT

# Exhibit B

<u>LEGAL NOTICE</u>

**If You Bought an Optical Disk Drive, Either as a Standalone Product or That Was Incorporated into a Desktop or Notebook Computer, a Class Action Settlement May Affect You.**

_____

Settlements have been reached with several defendants in a class action lawsuit involving ODDs. ODD stands for "Optical Disk Drive." ODDs are defined to mean any device which uses laser light (or electromagnetic wavelength) to read and/or write data to or from an optical disc. ODDs consist of both internal drives built to be incorporated or inserted into electronic devices (including notebook and desktop computers, and Microsoft Xboxes) and external drives that attach to a notebook or desktop computer or other electronic device by means of an external interface, such as a Universal Serial Bus ("USB") connection. ODDs utilize the following optical disc formats: (a) compact discs ("CDs"), such as CD-ROMs or CD-recordable/rewritable discs ("CD-R/RWs"); (b) digital versatile discs ("DVDs"), such as DVD-ROMs or DVD-recordable/rewritable discs ("DVD±R/RWs"); (c) Blu-ray products, such as Blu-ray discs ("BDs") and Blu-ray-recordable/rewritable discs ("BDR"/"BD-RWs"); (d) High Definition DVDs ("HD-DVDs"); and (e) Super Multi-Drives or other combination drives that read from and/or write to various types of the foregoing media.

*What is this lawsuit about?*

The lawsuit alleges that Defendants and Co-Conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of ODDs. Plaintiffs allege that, as result of the unlawful conspiracy involving ODDs, they and other direct purchasers paid more for ODDs than they would have absent the conspiracy. Defendants deny Plaintiffs' claims.

*Who's included in the Settlements?*

The Settlements include all persons and entities who, from January 1, 2004 until at least January 1, 2010, directly purchased an ODD in the United States from any defendant or subsidiary or affiliate thereof. ("Settlement Class"). The term "ODD" includes: (a) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be inserted into, or incorporated in, an electronic device; (b) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be attached to an electronic device through an external interface such as a Universal Serial Bus connection; and (c) an internal drive sold as a component of a laptop or desktop computer by a Defendant or its subsidiary or affiliate.

*Who are the Released Defendants?*

Seven defendant groups have agreed to settle the lawsuit at this time—(1) Koninklijke Philips Electronics N.V.; Lite-On It Corp.; Philips & Lite-On Digital Solutions Corp.; and Philips & Lite-On Digital Solutions USA, Inc. (collectively, "PLDS"); (2) Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Toshiba Corp.; Toshiba America Information Systems, Inc.; Toshiba Samsung Storage Technology Corp.; and Toshiba Samsung Storage Technology Korea Corporation (collectively, "TSST"); (3) Sony Corp.; Sony Optiarc, Inc.; Sony Optiarc America, Inc.; Sony NEC Optiarc Inc.; and Sony Electronics, Inc. (collectively, "Sony"); (4) BenQ Corp. and BenQ America Corp. (collectively, "BenQ"); (5) TEAC Corp. and TEAC America, Inc. (collectively, "TEAC"); (6) Quanta Storage Inc. and Quanta Storage America, Inc. (collectively, "QSI"); and (7) Pioneer Corp.; Pioneer North America, Inc.; Pioneer Electronics (USA) Inc.; and Pioneer High Fidelity Taiwan Co., Ltd. (collectively, "Pioneer"). These seven groups are referred to collectively as "Settling Defendants." The Court has previously approved settlements with (1) Hitachi-LG Data Storage, Inc., Hitachi-LG Data Storage Korea, Inc., LG Electronics, Inc., LG Electronics USA, and Hitachi, Ltd.; (2) Panasonic Corporation and Panasonic Corporation of North America; and (3) NEC Corporation. A complete list of Defendants is set out in the Long Form Notice available at www.ODDDirectPurchaserAntitrustSettlement.com.

*What do the Settlements provide?*

The settlements provide for payments as follows:

| DEFENDANT GROUP | SETTLEMENT AMOUNT |
|---|---:|
| PLDS | $15,000,000 |
| TSST | $9,200,000 |
| Sony | $6,000,000 |
| BenQ | $875,000 |
| TEAC | $1,325,000 |
| QSI | $400,000 |
| Pioneer | $4,200,000 |
| **Total:** | **$37,000,000** |

Some of the settlements provide that a portion of the Settlement Fund, subject to Court approval, may be used to pay expenses incurred in the litigation for prosecution of the action on behalf of the Class. Settling Defendants have agreed to produce witnesses in the case. On or before February 18, 2016, Plaintiffs will file their motion for attorneys' fees, expenses, and incentive awards. If you wish to object to the motion for attorneys' fees, expenses, and incentive awards, you must file your objection with the Court no later than March 10, 2016. A claim form and

details about how to submit a claim are available on the class website at www.ODDDirectPurchaserAntitrustSettlement.com. Class members have until March 7, 2016 to submit claims or modify a previously submitted claim. However, if you have already submitted a claim previously in connection with the first three settlements, you do not need to submit a new claim to receive a payment from these new settlements.

*What are my rights?*

If you wish to remain a member of the settlement classes you do not need to take any action at this time. If you do not want to be legally bound by the settlements, you must exclude yourself in writing by February 22, 2016, or you will not be able to sue, or continue to sue, Settling Defendants about the legal claims that were or could have been asserted in this case.

If you wish to comment on or disagree with any aspect of the proposed settlements, you must do so in writing no later than February 22, 2016. The settlement agreements are available at www.ODDDirectPurchaserAntitrustSettlement.com. The U.S. District Court for the Northern District of California will hold a Fairness Hearing and fee hearing on April 14, 2016 at 1:30 p.m. at the United States District Courthouse, 450 Golden Gate Avenue, Courtroom 3, 17th floor, San Francisco, California, 94102. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for information.

The Court has appointed the law firm of Saveri & Saveri, Inc. as Interim Lead Class Counsel, to represent Direct Purchaser Class members. At the Fairness Hearing, the Court will consider whether the settlements are fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. You may appear at the hearing, but don't have to. We do not know how long these decisions will take. Please do not contact the Court about this case.

This is the Short Form Notice. For more details, call toll free 1-800-000-0000, visit www.ODDDirectPurchaserAntitrustSettlement.com, or write to ODD Direct Settlement, P.O. Box XXX, XXX