UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE OPTICAL DISK DRIVE
ANTITRUST LITIGATION

This document relates to:

ALL ACTIONS

Case No. 10-md-02143-RS   (JCS)

**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 1787

Defendant Toshiba Samsung Storage Technology Korea Corporation ("TSSTK") moves to file under seal certain documents submitted in connection with a pending discovery dispute. *See* Mot. (dkt. 1787). Where portions of a document are sufficiently sensitive to justify sealing, redactions must be narrowly tailored to limit sealing to only those portions that meet the standard—here, the "good cause" standard applicable to documents filed in connection with non-dispositive motions. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179−80 (9th Cir. 2006); *see also In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 3:12-cv-06003-CRB, ECF Dkt. No. 411 (N.D. Cal. July 28, 2015) (requiring specificity in redactions); Civ. L.R. 79-5(b) ("The request must be narrowly tailored to seek sealing only of sealable material . . . ."). Even in the context of the "good cause" standard, a thorough and particularized review is appropriate. *See Kamakana*, 447 F.3d at 1186−87.

While certain portions of TSSTK's proposed redactions may be reasonable, the redactions are not sufficiently tailored or adequately explained to meet the standard for filing under seal. Significant portions of the proposed redactions span multiple pages of deposition testimony, consist of very general descriptions of conduct that took place approximately ten years ago, and are not supported by any specific explanation for why they should be sealed—i.e., what harm would result from disclosure—in the declaration accompanying TSSTK's Motion. *See, e.g.*, Lee

1  Decl. Ex. B (Eskey Kim Dep.) 83:3−84:24. The Motion is therefore DENIED without prejudice
2  as to Exhibits A and B.

3  If TSSTK wishes to renew its Motion with respect to narrower redactions, supported by
4  more specific explanations of the need for sealing, it may do so no later than February 23, 2016.
5  Otherwise, it may either file unredacted versions of Exhibit A and B in the public record by that
6  date or rest its discovery motion on the redacted versions that currently appear in the public record
7  (in which case the Court will not consider the redacted material). *See* Civ. L.R. 79-5(f)(2).

8  Portions of Exhibit C were designated as confidential by another party, Hitachi-LG Data
9  Storage ("HLDS"). HLDS has not filed a declaration in support of sealing those portions pursuant
10 to Civil Local Rule 79-5(e). The Motion is therefore DENIED as to Exhibit C. TSSTK may file
11 Exhibit C in the public record no earlier than February 22, 2016 and no later February 29, 2016.
12 *See* Civ. L.R. 79-5(e)(2).

13 **IT IS SO ORDERED.**

14 Dated: February 17, 2016

15 _____
16 JOSEPH C. SPERO
   Chief Magistrate Judge