UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 10-md-02143-RS   (JCS)<br><br>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 1785 |

On February 10, 2016, the Direct Action Plaintiffs ("DAPs") moved to file under seal certain excerpts of deposition testimony submitted in connection with a pending discovery dispute. *See* Mot. (dkt. 1785). The only stated reason for sealing was that the testimony concerned material that Defendant TSSTK designated as confidential pursuant to the protective order in this case. *See id.*; Tuck Decl. (dkt. 1785-1). On February 12, 2016, pursuant to Civil Local Rule 79-5(e)(1), TSSTK filed a declaration in support of the DAPs' Motion identifying large portions of the deposition transcripts as subject to sealing. *See generally* McShane Decl. (dkt. 1798) at 2.

TSSTK asserts that most of its proposed redactions "contain confidential and commercially sensitive information, including: (i) strategies for procurement events, (ii) TSSTK's internal volume and supply considerations, (iii) TSSTK's market share by year, (iv) internal TSSTK operations, and (v) customer procurement and distribution information," with virtually no attempt to link specific reasons for sealing to specific portions of testimony. *See id.* at 2. Moreover, based on a review of the proposed redactions, it is not obvious that most of the testimony that TSSTK seeks to seal actually relates to such considerations (except, perhaps, the broad category of "internal TSSTK operations"), nor is it clear what harm, if any, would result from disclosure. Most of the testimony concerns conduct that took place years ago. One witness testified that TSSTK no longer engages in some of the conduct described, which tends to cast doubt on the

claim that disclosure would cause competitive harm.

TSSTK's position appears to be that *any* not-previously-public information regarding TSSTK's operations must be sealed.  The standard for sealing—even the "good cause" standard for material associated with non-dispositive motions—is significantly narrower.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1186−87 (9th Cir. 2006).  For the reasons stated in the Court's previous Order (dkt. 1799) denying TSSTK's sealing motion, the DAPs' present Motion is also DENIED without prejudice.[1]  TSSTK may submit a supplemental declaration no later than February 23, 2016 proposing narrowly tailored redactions with more specific explanations of the need for sealing—i.e., what harm would result if the testimony were disclosed.  If TSSTK does so, the Court will deem the present Motion renewed and will issue an order in due course addressing TSSTK's revised proposals.

If TSSTK does not file a supplemental declaration, the DAPs may file their exhibits in the public record no earlier than February 29, 2016 and no later than March 4, 2016, except that they must redact information designated by the Department of Justice as "Gov't Protected Mat. / Outside Counsel Only."  If TSSTK files a supplemental declaration, the DAPs shall not file the exhibits in the public record until the Court rules on that declaration.

**IT IS SO ORDERED.**

Dated: February 18, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] Except as to material designated by the Department of Justice as protected material.

2