UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>**DIRECT PURCHASER CLASS ACTIONS** | Case No. 3:10-md-02143 RS<br><br>MDL No. 2143<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH BENQ, PIONEER, PLDS, QSI, SONY, TEAC, AND TOSHIBA/SAMSUNG**<br><br>Date:        April 14, 2016<br>Time:       3:00 p.m.<br>Judge:      Honorable Richard Seeborg<br>Courtroom: 3, 17th Floor |

On March 24, 2016, Direct Purchaser Plaintiffs ("Plaintiffs") filed a Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlements with (1) BenQ Corp. and BenQ America Corp.; (2) Pioneer Corp.; Pioneer North America, Inc; Pioneer Electronics (USA) Inc.; and Pioneer High Fidelity Taiwan Co., Ltd.; (3) Koninklijke Philips Electronics N.V.; Lite-On It Corp.; Philips & Lite-On Digital Solutions Corp.; and Philips & Lite-On Digital Solutions USA, Inc.; (4) Quanta Storage Inc. and Quanta Storage America, Inc.; (5) Sony Corp.; Sony Optiarc, Inc.; Sony Optiarc America, Inc.; Sony NEC Optiarc Inc.; and Sony Electronics, Inc.; (6) TEAC Corp. and TEAC America, Inc.; and (7) Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Toshiba Corp.; Toshiba America Information Systems, Inc.; Toshiba Samsung Storage Technology Corp.; and Toshiba Samsung Storage Technology Korea Corp. (collectively, "Settling Defendants"). The Court, having reviewed the memorandum, the settlement agreements with Settling Defendants ("Settlement Agreements" or the "Settlements"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that final approval of the Settlements should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreements, including all members of the Class.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreements.

3. Pursuant to Fed. R. Civ. P. 23(g), Saveri & Saveri, Inc. is appointed as counsel for the Class. Saveri & Saveri, Inc. has and will fairly and competently represent the interests of the Class.

4. By Order dated December 15, 2015 (Dkt. No. 1758), the Court certified for settlement a class defined as follows:

> All individuals and entities who, during the period from January 1, 2004 until at least January 1, 2010 (the "Class Period") purchased one or more Optical Disk Drives in the United States directly from the Defendants, their subsidiaries, or their affiliates. Excluded from the Class are Defendants and their parents, subsidiaries, affiliates, and all governmental entities. As used herein the term "Optical Disc

1

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH BENQ, PIONEER, PLDS, QSI, SONY, TEAC, AND TOSHIBA/SAMSUNG - Case No. 3:10-md-02143 RS

Drive" includes (a) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be inserted into, or incorporated in, an electronic device; (b) a drive sold by a Defendant or its subsidiary or affiliate as a separate unit that is to be attached to an electronic device through an external interface such as a Universal Serial Bus connection; and (c) an internal drive sold as a component of a laptop or desktop computer by a Defendant or its subsidiary or affiliate.

5. The persons/entities identified in Exhibit C to the Declaration of Rachel Christman re Dissemination of BenQ, Pioneer, PLDS, QSI, Sony, TEAC, and TSST Notice to Class Members and Claims Process, filed on March 24, 2016, have validly requested exclusion from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by this Order. Such persons/entities are not entitled to any recovery of the settlement proceeds obtained through the Settlement Agreements.

6. The settlement class definition as set forth above and as used in this Order is for settlement purposes only. It has no binding effect on the Court or on the indirect-purchaser plaintiffs for any other purpose, including but not limited to the filing or resolution of any motion(s) for class certification pursuant to Fed. R. Civ. Proc. 23.

7. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class which predominate over individual issues; (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and (e) a class action is superior to individual actions.

8. The Court hereby finally approves and confirms the settlements set forth in the Settlement Agreements and finds that said settlements are, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. This Court hereby dismisses on the merits and with prejudice the Action in favor of Settling Defendants, with all parties to bear their own costs and attorneys' fees.

10. Settling Defendants are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Settlement Agreements.

11. The notice given to the Class of the settlements was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlements set forth in the Settlement Agreements, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

12. The Plan of Allocation set forth in the Class notice is, in all respects, fair, adequate, and reasonable. Accordingly, the Court hereby grants final approval of the Plan of Allocation.

13. Without affecting the finality of the Judgments in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of these settlements and any distribution to Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs' counsel for attorneys' fees, costs, expenses, interest, and incentive awards; (d) the Action until the Final Judgments contemplated hereby have become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the Plan of Allocation of settlement proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreements.

14. In the event that the settlements do not become effective in accordance with the terms of the Settlement Agreements, then the Judgments shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

15. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to Settling Defendants ("Judgments") should be entered and further finds that there is no just reason for delay in the entry of the Judgments, as Final Judgments, in accordance with the terms of the Settlement Agreements.

Accordingly, the Clerk is hereby directed to enter Judgment forthwith for Settling Defendants.

IT IS SO ORDERED.

Dated: __4/14/16_____          _____
                                    Hon. Richard Seeborg
                                    United States District Judge