UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | Case No. 3:10-md-02143 RS<br><br>MDL No. 2143 |
|---|---|
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | [~~PROPOSED~~] **ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' SECOND MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS**<br><br>Date:       April 14, 2016<br>Time:      1:30 p.m.<br>Judge:     Honorable Richard Seeborg<br>Courtroom: 3, 17th Floor |

The Court, having reviewed Direct Purchaser Plaintiffs' Second Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards (February 18, 2016) ("Motion"), the pleadings and other papers on file in this action, [the responses of class members], and the statements of counsel and the parties, hereby finds that:

1. The Motion requests an award of attorneys' fees in the amount of $11,110,000 or 30% of the $37,000,000 Second Settlement Fund.[1] Further, Direct Purchaser Plaintiffs ("DPPs") and their counsel ("Class Counsel") request reimbursement of litigation expenses in the amount of $320,951.30. Lastly, DPPs request incentive awards for the Class Representatives of $5,000 for each of the six class plaintiffs named in the Third Consolidated Amended Complaint,[2] for a total of $30,000.

2. The Court finds that DPPs' requested fee award of $11,110,000—30% of the Second Settlement Fund—is fair and reasonable under the percentage-of-the-recovery method based upon the following factors: (1) the results obtained by Class Counsel in this case; (2) the risks and complex issues involved in this case, which were significant and required a high level of skill and high-quality work to overcome; (3) that the attorneys' fees requested were entirely contingent upon success—Class Counsel risked time and effort and advanced costs with no ultimate guarantee of compensation; (4) that the range of awards made in similar cases justifies an award of 30% here; and (5) that the class members have been notified of the requested fees and had an opportunity inform the Court of any concerns they have with the request. These factors justify

---

[1] The "Second Settlement Fund" consists of the total proceeds of the following settlements: (1) BenQ Corp. and BenQ America Corp. (collectively, "BenQ")—$875,000; (2) Pioneer Corp.; Pioneer North America, Inc; Pioneer Electronics (USA) Inc.; and Pioneer High Fidelity Taiwan Co., Ltd. (collectively, "Pioneer")—$4.2 million; (3) Koninklijke Philips Electronics N.V.; Lite-On It Corp.; Philips & Lite-On Digital Solutions Corp.; and Philips & Lite-On Digital Solutions USA, Inc. (collectively, "PLDS")—$15 million; (4) Quanta Storage Inc. and Quanta Storage America, Inc. (collectively, "QSI")—$400,000; (5) Sony Corp.; Sony Optiarc, Inc.; Sony Optiarc America, Inc.; Sony NEC Optiarc Inc.; and Sony Electronics, Inc. (collectively, "Sony")—$6 million; (6) TEAC Corp. and TEAC America, Inc. (collectively, "TEAC")—$1,325,000; and (7) Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Toshiba Corp.; Toshiba America Information Systems, Inc. (TAIS); Toshiba Samsung Storage Technology Corp.; and Toshiba Samsung Storage Technology Korea Corp. (collectively, "Toshiba/Samsung")—$9.2 million.

[2] JLK Systems Group, Inc. and Jeff Kozik; Meijer, Inc. and Meijer Distribution, Inc.; Paul Nordine; Seneca Data Distributors, Inc.; Gregory Starrett; and Ashley Tremblay.

1 an upward adjustment of the Ninth Circuit's 25% benchmark. As such, the Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case.

3. The Court has confirmed the reasonableness of DPPs' fee request by conducting a lodestar cross-check. The Court finds that Class Counsel's reasonable lodestar for the period of January 1, 2015 through December 31, 2015, based on historic hourly rates, was $2,209,289.50, and their total lodestar for the case was $27,021,052.25 (the total of the previously approved lodestar of $24,811,762.75 plus the newly approved lodestar of $2,209,289.50). Class Counsel's requested fee award of $11,100,000 plus the $11,370,000 previously awarded results in a total fee award of $22,470,000, which amounts to 83.2% of their total reasonable lodestar. This further supports the reasonableness of Class Counsel's fee request here.

4. The Court finds that Class Counsel incurred a total of $320,951.30 in litigation expenses in prosecuting this litigation from January 1, 2015 through December 31, 2015. The Court finds that these costs and expenses were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the nature and scope of the case.

5. Pursuant to *Radcliffe v. Experion Information Solutions*, 715 F.3d 1157 (9th Cir. 2013), the Court has carefully considered the requested incentive awards. The Court deems the application for incentive awards reasonable and justified given: (1) the risks—reputational, financial, and otherwise—faced by class representatives in bringing this lawsuit; and (2) the work performed and the active participation in the litigation and settlement processes by the class representatives on behalf of members of the class.

6. In sum, upon consideration of the Motion and accompanying Declarations, and based upon all matters of record including the pleadings and papers filed in this action, the Court hereby finds that the fee requested is reasonable and proper; the expenses incurred by Class Counsel were necessary, reasonable, and proper; and that incentive awards are appropriate given the time and effort expended by the Class Representatives in the prosecution of this case.

Accordingly, it is hereby ORDERED and DECREED that:

7. Class Counsel are awarded further attorneys' fees of $11,110,000 (30% of the $37,000,000 Second Settlement Fund), together with a proportional share of interest earned on the Second Settlement Fund for the same time period and at the same rate as that earned on the Second Settlement Fund until dispersed to Class Counsel.

8. Class Counsel are awarded reimbursement of their litigation expenses in the amount of $320,951.30.

9. The TCAC Class Representatives—JLK Systems Group, Inc. and Jeff Kozik; Meijer, Inc. and Meijer Distribution, Inc.; Paul Nordine; Seneca Data Distributors, Inc.; Gregory Starrett; and Ashley Tremblay—shall each receive an additional incentive award in the amount of $5,000.

10. The attorneys' fees awarded, reimbursement of litigation costs and expenses, and incentive awards shall be paid from the Settlement Fund and the interest earned thereon.

11. The fees and expenses shall be allocated among Class Counsel by the Chairman of the Executive Committee in a manner that, in the Chairman's good-faith judgment, reflects each firm's contribution to the institution, prosecution, and resolution of the litigation.

12. This order shall be entered as of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding that there is no just reason for delay.

**IT IS SO ORDERED.**

Dated:  4/14/16

HON. RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE