UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| IN RE OPTICAL DISK DRIVE | ) | Case No. 3:10-MD-2143-RS |
| PRODUCTS ANTITRUST LITIGATION | ) | |
| | ) | MDL 2143 |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL INDIRECT PURCHASER ACTIONS | ) | |

DECLARATION OF ALAN VASQUEZ

### I.   Introduction

1.      I am a Vice President of Legal Notification Services at Gilardi & Co. LLC ("Gilardi"), a KCC Class Action Services ("KCC") company.  In my role, I oversee Gilardi's in-house advertising division specializing in the design and implementation of legal notice plans to reach unknown class members in class action litigation.

2.      Gilardi was established in 1984 and is one of the largest full service class action notice and claims administrators in the United States.  The in-house advertising division has specialized in designing, developing and implementing legal notification plans for more than 25 years. As such, we are familiar with, and guided by, Constitutional due process provisions, rules of states and local jurisdictions, and the relevant case law relating to legal notification.  Media plans designed and implemented by our group have included both domestic and international newspapers and magazines, Internet-based banners, notices and websites, wire service, radio, television, point of purchase displays and direct mail. As V.P. of Legal Notification Services, I oversee all of the advertising group's activities as they relate to these notice services.

3.      I have been involved in the development and implementation of media plans for class action notification for more than ten years. Prior to my engagement with Gilardi, I spent five years with another nationally recognized claims administrator serving in a similar capacity.

4.      For several years, courts have accepted my expert testimony regarding our firm's quantitative and qualitative evaluation of judicially approved notice plans. I have also testified in person and was acknowledged as an expert in Larson v. Sprint Nextel Corp., No. 07-cv-5325 (D. N.J.). Media campaigns for which I have been directly responsible include, but are not limited to, Pappas v. Naked Juice, No 11-cv-08276-JAK (C.D. Cal.), Mattel, Inc., Toy Lead Paint Prods. Liab. Litig., No. 07-ML-01897 (S.D. Cal.), Pecover, et al. v. Electronic Arts Inc., No. 08-cv-02820 (N.D. Cal.), New Motor Vehicles Canadian Export Antitrust Litig., No. MDL 03-1532 (D. Me.), and SRAM Antitrust Litig., No. 07-MD-01819 (N.D. Cal.). A more comprehensive list of notable matters for which I have been personally responsible for the notice planning and implementation services is attached as Exhibit 1.  I have also spoken as faculty on various CLE panels related to class action notice and related trends.

5.      I submit this declaration at the request of Class Counsel in order to describe the proposed notice plan and notice services in the above-captioned litigation.

6.      I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could and would testify competently thereto.

## II.    Litigation Background

7.      Plaintiffs allege that the Panasonic, NEC, Sony, and Hitach-LG Data Storage ("HLDS") entities participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Optical Disk Drives ("ODDs") at artificially high levels in violation of Section 1 of the

Sherman Act and various state laws. Defendants deny Plaintiffs' allegations and have asserted defenses to the claims.

## III.    Objective

8.    The objective of the proposed notice plan is to provide the best notice practicable to the defined class, consistent with the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure and all applicable state laws and court rules. The methods and tools used in developing this notice plan have been employed in many other court-approved notice plans.

## IV.    Class Definition

9.    The Class is made up of indirect purchasers of consumer products that included Optical Disk Drives.  Specifically, "the Class" references the "Proposed Class" in the Revised Motion for Class Certification and refers to:

> "All persons and entities who, as residents of Arizona, California, District of Columbia, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Tennessee, Utah, Vermont, West Virginia and Wisconsin and during the period April 2003 to December 2008, purchased new for their own use and not for resale: (i) a computer with an internal ODD; (ii) a stand-alone ODD designed for internal use in computers; or (iii) an ODD designed to be attached externally to a computer. ODD refers to a DVD-RW, DVD-ROM, or COMBO drive manufactured by one or more Defendants or their co-conspirators. Excluded from the class are any purchases of Panasonic-branded computers."

## V.     Class Size

10.     It is common practice when media planning to define a Target Audience ("TA") inclusive of the class definition.  Analysis and measurement applied to the TA can then be applied to the class members.  Gilardi defined the audience as "U.S. adults who own a Personal Computer and live in the states included in the Class definition."  Data from the most recent Experian Simmons National Consumer Study[2] available estimates the size of this class to be approximately 107 million U.S. adults in the effective states.  Although the class period is defined for purchases made between 2003 and 2008, individuals who purchased personal computers at that time are still likely to own a computer as well as a smartphone capable of internet access or other electronic devices.  In addition, because the media landscape has changed in the last 7 years, it is sensible to use current consumer survey data to define the audience because the notice plan is being designed to reach those individuals at this point in time, not in the past when different channels for notice may have been more appropriate.

## VI.    The Notice Plan

11.     Gilardi will provide direct notice for all Class members for whom email contact information is available. Based on information provided by counsel, Gilardi is informed that email is available for approximately 25 million potential class members.  Prior to the implementation of the Notice program, Gilardi will work with the parties to determine the exact number of records available for direct notice. If the number significantly exceeds 25 million, the notice plan will be adjusted accordingly. We understand plaintiffs have received or will receive

---

[2] The Simmons National Consumer Study brings consumer targets to life with vivid and complete profiles, including lifestyles, attitudes, brand preferences and media use. The high quality, nationally representative study is the result of a comprehensive, continuously fielded survey of approximately 25,000 U.S. adults, including both English and Spanish speakers.  The study, released quarterly, simplifies and enhances consumer and media research reporting on over 60,000 data elements, including: All major media usage, including traditional and emerging digital platforms, over 1,000 distinct media properties, more than 500 product categories and over 8,000 brands, over 600 consumer attitudes and opinions, and in-depth demographic and lifestyle characteristics.

email addresses for potential class members from Dell, HP, Office Depot, Office Max, Fry's and Newegg. The exact volume of email addresses is not known at this time.

12.     Gilardi will cause direct notice to be sent via email to those potential Class members whose contact information has been provided by these third-party retailers.  For any email notice sent that does not reach the intended email address, Gilardi will review class data to determine if there is a corresponding USPS address.  For any USPS addresses found, cost permitting, a postcard notice will be sent.  A sample of the summary postcard notice is attached as Exhibit 2

13.     To supplement the direct notice program, Gilardi has developed a publication notice program consisting of efficient media vehicles that will ensure a large percentage of potential class members receive notice of their rights in the litigation. Specifically, the publication notice program relies on the following elements:

   a.  1x print publication insertion in the national edition of *USA Today*;

   b.  1x print publication insertion in the national edition of *People* magazine;

   c.  Text Link search advertising on Google.com and other search engines as appropriate;

   d.  Banner advertising that utilizes behavioral audience targeting, contextual targeting, mobile inventory, and prospecting to reach likely class members;

   e.  Banner advertising and text link advertising on Facebook.com;

   f.  Promoted tweet advertising through Twitter.com;

   g.  Case write-up and inclusion in the Top Class Action website and monthly newsletter;

   h.  1x national, party-neutral press release;

    i.   A case specific website; and

    j.   Toll-free telephone support services.

14.    Gilardi believes the plan summarized above satisfies due process standards given the parameters of the settlement(s) and information learned from our team's research, and the fact that that this is an antitrust matter with not every defendant settling at the current time.  The proposed notice plan provides the best practicable method to reach the potential class members and is consistent with other class action notice plans that have been approved by various federal courts for similarly situated matters.  A spreadsheet outlining the media vehicles is attached as Exhibit 3.

**A.  Direct Notice**

15.    Whenever practicable, direct notice is the preferred form of notice to class members.  The foundation of the Notice plan will be to disseminate the full Notice via email to each deliverable address provided.  Gilardi estimates that approximately 20% of the Class will receive direct notice by email.  The full Notice is attached as Exhibit 4 for reference.

16.    Email records provided by counsel will be scrubbed and forwarded to a vendor for deliverability and spam trap analysis.  After emails have been determined to be deliverable, Gilardi will execute an email blast to each address included on the list.

**B.  Supplemental Notice Program**

17.    To supplement the direct notice efforts, Gilardi has designed a media program to provide notice to class members who may not otherwise receive direct notice.  The supplemental media will include the elements summarized in Paragraph 13 above and are described in further detail below.

18.     **Print Publication**. The notice plan contemplates inserting the Publication or Summary Notice in the print editions of *USA Today* and *People* magazine. *USA Today* reaches over 41 million American consumers nationally. With a readership of 46.6 million adults, *People* has the largest audience of any American magazine. The Summary Notice is attached as Exhibit 5.

19.     **Search Advertising:** Search advertising will provide a secondary channel for class members who have seen the class notice in other media to be directed to the case website.

20.     The majority of class action websites are created just prior to the commencement of notice, making it difficult to garner high organic rankings on the search engines. Search engines build indexes of web pages using web crawlers and search data. When the publisher of a web page arranges with a search engine firm to have ads served up on that page, the search engine applies their indexing technology to associate the content of that page with keywords selected for the campaign. In this campaign, the keywords and keyword phrases would be selected based on relevance to the case.

21.     In order to ensure a link to the case website for this matter is available within the top five sponsored links of any search related to the case, Gilardi will develop a list of keywords and keyword phrases related to the settlement and place bids likely to generate impressions from the search results. Text link ads will appear when a user searches for relevant terms.

22.     **Banner Advertising:** The plan will further provide notice through banner advertising that utilizes targeting based on behavior, web context, and the methodologies proprietary to our vendor. Impressions will be served using Audience/Behavioral Targeting, Contextual Targeting, and Prospecting. To ensure a specific number of unique individuals are

reached, Gilardi will frequency cap the impressions to a limit of 3 times per Internet Protocol ("IP") address.

i. **Behavioral Targeting**.  When a consumer visits a web site, the pages they view, the amount of time they spend on each page, the links they click, and the searches they perform, allow sites to collect that data and create a user 'profile' linked to that user's browser.  As a result, site publishers can use this data to create defined audience segments based upon visitors that have similar profiles. When visitors return to a specific site or a network of sites using the same web browser, those profiles can be used to allow advertisers to position their online ads in front of those visitors who exhibit a greater level of interest for the products and services being offered.  In this case, there are no products, but the intent will be to direct class members to the case website where they can review their due process rights and file a claim.

ii. **Contextual Advertising**.  Contextual advertising systems scan the text of a website for keywords and return advertisements to the webpage based on those keywords.  Sites with content relevant to the case would be served with banner ads directing potential class members to the case website.

iii. **Prospecting**.  Prospecting involves analyzing a wide array of data signals from users for interest correlations, in order to drive awareness of the case website.  Unlike "retargeted advertising" that tests multiple iterations of an ad for a product a user has already seen (or some variation on that

product), prospecting applies the data learned to new ones and finds new

potential customers, or in this case, class members;

23.     Samples of the banner ads and text link ads can be found in Exhibit 6.

24.     **Facebook Banner and Link Advertising**.  Gilardi will also develop banner and text link ads to be targeted toward appropriate pages and individuals on Facebook.

25.     **Twitter Promoted Tweets**.  Gilardi staff will research Twitter handles and hashtags related to technology and more specifically, the PC industry.  Promoted Tweets, ordinary Tweets purchased by advertisers who want to reach a wider group of users or to spark engagement and drive traffic to a website,   will be delivered in the Twitter feeds of influentials in industries related to the case complaint.  In addition, keywords will be used to serve promoted tweet impressions to accounts with tweets containing the selected keywords.  Gilardi's experience has been that this is not only a cost effective approach to reach likely class members, but also very effective at driving appropriate traffic to the case website.

26.     **Press Release**. Gilardi will work with the parties to create a party-neutral press release with information about the litigation and the proposed settlements. A press release is one of the most cost-effective means of transmitting notice.  For this matter Gilardi will disseminate the release nationally using either Businesswire or PR Newswire.  Once released, the content will remain available for 30 days to over 200,000 news outlets for distribution.

27.     **Website**. Gilardi will establish a case-dedicated website which will be a source of reliable and accurate information for class members and the general public. The paid media campaign and press release will direct individuals to the settlement website.  Once at the settlement website, class members would have the opportunity to file a claim online through the

website or download a copy of the claim form, which they could then fill in and mail back to Gilardi. A sample of the simple and easy-to-complete claim form is attached hereto as Exhibit 7.

28.     **Telephone Services**. Gilardi will establish and maintain a toll-free telephone number where class members and the general public can call in, listen to an interactive voice recording with information about the settlements and request a notice packet.

## VII.     Notice Content

29.     Gilardi believes that both the full Notice and Summary Notice are drafted in the "plain language" format preferred by federal courts and provide the information required by Rule 23. Both formats ensure compliance with the guidelines outlined on the Federal Judicial Center's Class Action Notice page at www.fjc.com. Gilardi believes that the full Notice and the Summary Notice are understandable for members of the settlement classes and comply with due process.

## VIII.    Summary

30.     The objective of the proposed notice plan described above is to provide the best notice practicable, consistent with the requirements set forth in Rule 23 and other applicable State statutes, to reach a large percentage of the potential class while meeting or exceeding the requirements of due process and all applicable state laws and court rules.

31.     The recommended plan is centered on direct notice to a minimum of 20% of the settlement class members. Direct notice will be supplemented by leveraging publication in high circulation print media, search advertising on major search engines, programmatic banner advertising, banner and text advertising on Facebook, promoted tweets on Twitter, placement on a nationally recognized class action blog website, a national press release, a case specific website, and toll-free telephone support services.

32.     Many courts have held that notice plans estimated to reach a minimum of 70% of the settlement class are adequate and sufficient and thus comply with Fed. R. Civ. P. 23.  The Notice Plan being contemplated here will exceed this standard of reach using reach calculation methodology consistent with other national class action notice programs.  When implemented, the notice plan is designed to reach in excess of 70% of the settlement class members in the affected States cost effectively while providing them with multiple opportunities to review their due process rights.  The approach provides multiple channels for class members to be directed to the settlement website, while also allowing the ability to scale up or reduce the budget for online media vehicles if additional cases or Defendants settle in the future.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 28th day of June, 2016 at San Rafael, California.

_____
ALAN VASQUEZ

# EXHIBIT – 1



**EXHIBIT - 1**

**Notice Plans Designed and Implemented by Alan Vasquez**

**Automotive**

Automobile Antitrust Cases I and II , No. JCCP 4298 and 4303 (San Francisco Sup. Ct., CA)

New Motor Vehicles Canadian Export Antitrust Litigation , No. MDL 03-1532 (Dist. Court of Maine) & New Motor Vehicles Canadian Export

Antitrust Litigation, No. 2:03-MD-1532-DBH (Dist. Court of Maine)

In Re: Automotive Parts Antitrust Litigation, Master File No. 12-md-02311 (E.D. MI, Southern Division)

**Entertainment**

Herbert et al. v. Endemol USA, Inc. et al. , Case No. 2:07-cv-03537-JHN-VBKx (C.D. Cal.)

Couch v. Telescope Inc., et al, Case No. 2:07-cv-03916-JHN-VBKx (C.D. Cal.)

McDonald v. RealNetworks, Inc. , No. 816666 (Orange County Sup. Ct., CA)

Pecover et al. v. Electronic Arts Inc. , No. 08-cv-02820 CW (N.D. Cal.)

In re NCAA Student-Athlete Name & Likeness Licensing Litigation, Case No. 4:09-cv-1967 CW (NC) (N.D. Cal.)

Jane Doe v. Twitter, Inc., Case No. GCG-10-503630 (Sup. Ct., County Of San Francisco)

Collin Higgins Productions Ltd. V. Universal Studios LLC, Case No. BC499180 (Sup. Ct., County of Los Angeles, Central Civil West)

**Environment**

Koepf et al. v. Hanjin Shipping, Co. et al., No. CGC-07-469379 (San Francisco County Sup. Ct., CA)

Loretz et al. v. Regal Stone Limited et al., No. 07-5800-SC (N.D. Cal.)

Tarantino et al. v. Regal Stone et al., No. CGC-07-469379 (San Francisco County Sup. Ct., CA)

**Government**

McKesson Governmental Entities Average Wholesale Price Litigation, No. 1:08-cv-10843-PBS (D. Mass.)

**Technology**

SRAM Antitrust Litigation, No. 4:07-MD-01819-CW (N.D. Cal)

**Telecommunications**

White v. Cellco Partnership , No. RG04-137699 (Alameda County Sup. Ct., CA)

In re Universal Service Fund Telephone Billing Practices Litig., MDL No. 1468 (D. Kan.)

Estuardo Ardon v. City of Los Angeles, Case No. BC363959 (Sup. Ct., County of Los Angeles)

**Consumer Products**

Natalie Pappas v. Naked Juice Co. of Glendora, Inc. Case No. LA CV 11-08276-JAK (C.D. Cal)

Barbara Marciano v. Schell & Kampeter, Inc. et al No. 12-cv-02708-SJF-AKT (E.D. NY)

Mattel, Inc., Toy Lead Paint Products Liability Litigation, No. 2:07-ML-01897-DSF-AJW (S.D. Cal.)

Gallucci v. Boiron, Inc. et al., No. 11-cv-2039-JAH (NLSx)

Nigh v. Humphreys Pharmacal, Incorporated et al., Case No. 3:12-cv-02714-MMA-DHB

In re: Bayer Corp. Combination Aspirin Products Marketing and Sales Practices Litigation, No. 09-MD-2023

In Re: Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation, Civil Litigation No. 4:08-md-01907-ERW

Eliason v. Gentek Building Products, Inc., and Associated Materials, Inc. , No. 1:10-cv-02093 (N.D. Ohio)

Hart v. Louisiana-Pacific Corporation , No. 2:08-cv-00047 (E.D.N.C.)

Christopher Lewert v. Boiron Inc., Case No. 2:11-cv-1080-SVW (SHx) (U.S. District Court, Central District of CA)

**Debt Collection Practices**

Adams, et al., v. AllianceOne Receivables Management, Inc. (Case No. 08-CV-0248)

Pepper v. Midland Credit Management, Inc. and Encore Capital Group, Inc., No. 37-2011-00088752 (San Diego Sup. Ct. Ca)

# EXHIBIT – 2

United States District Court
Northern District Of California
Case No. 3:10-MD-2143-RS (MDL 2143)

If you purchased a new computer or stand-alone DVD-RW, DVD-ROM, or COMBO optical disk drive ("ODD") while a resident of Arizona, California, District of Columbia, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Tennessee, Utah, Vermont, West Virginia, or Wisconsin between April 2003 and December 2008 for your own use and not for resale, you may be eligible for benefits from settlements reached in antitrust litigation currently pending in federal court.

Optical Disk Drive Products Antitrust
Litigation Settlement Administrator
P.O. Box 43423
Providence, RI 02940-3423

Presorted
First-Class Mail
US Postage
**PAID**
Permit #219
Petaluma, CA


2D


Postal Service: Please Do Not Mark Barcode

OPDD1-<<Claim8>>-<<CkDig>>

PIN Code: «PIN»

<<FName>> <<LName>>
<<Addr1>> <<Addr2>>
<<City>>, <<State>> <<Zip>>

# OPDD1

These out-of-state retail first purchasers (or their plaintiffs) have reached proposed settlements with four defendant families: Panasonic Corporation and Panasonic Corporation of North America (collectively "Panasonic"); NEC Corporation ("NEC"); Sony Corporation; Sony Optiarc Inc. (formerly known as Sony NEC Optiarc Inc.); and Sony Optiarc America Inc. (formerly known as Sony NEC Optiarc America Inc.) (collectively "Sony"); and Hitachi-LG Data Storage, Inc. and Hitachi-LG Data Storage Korea, Inc. (collectively "HLDS") in antitrust lawsuits involving the price of computer and stand-alone optical disk drives manufactured and sold by certain companies. Purchases of Panasonic-branded computers are not included in this litigation or any of the settlements. Purchases of ODDs directly from an ODD manufacturer are also not included in this litigation or any of the settlements.

**Am I a Class Member?** The Class includes all individuals and businesses that, between April 2003 and December 2008, purchased new a computer or stand-alone ODD anywhere in the enumerated states for their own use and not for resale. Purchases made directly from an ODD manufacturer are not included. A list of manufacturers may be found at www.OpticalDiskDriveAntitrust.com or by calling 1 (877) 368-9020.

**What Can I Get?** The four settlements provide for $124.5 million in recovery for the class. If final approval is granted to one or all of the settlements, class members who have filed valid and timely claims will receive a check. The amount of any settlement payment will be based on a class member's qualifying purchases and the total number of valid claims made by class members.

**How Do I Get a Payment?** File a claim online or by mail by July 1, 2017. **The simple online claim form only takes 3-5 minutes for most individuals.** Claims may be submitted online at www.OpticalDiskDriveAntitrust.com or by mail to: In re ODD Products Indirect Purchaser Litigation, P.O. Box 43424, Providence, RI 02940-3424.

**What are My Other Options?** You can choose to exclude yourself from the settlements and/or the litigation and keep your right to sue the defendants on your own. If you exclude yourself, you can't receive any benefits from the settlements. Your written Exclusion Form must be postmarked by 10/19/2016. You can also ask the Court to deny approval by filing an objection. Objections must be in writing and postmarked on or before 10/19/2016. Please note that you cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. You cannot both object and request exclusion. If you are excluded, the Settlement will no longer affect you. Please see the full notice at www.OpticalDiskDriveAntitrust.com or call 1 (877) 368-9020 for complete instructions on how to request exclusion from or object to the settlements, and/or notify the Court of your intent to appear at the Final Approval Hearing.

**Who Represents Me?** The Court appointed Hagens Berman Sobol Shapiro LLP to represent the Settlement Class. You may hire your own attorney, if you wish, at your own expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold a hearing on 12/8/2016, at X:XX X.m. at 450 Golden Gate Ave, San Francisco, CA, Courtroom 3 - 17th Floor to consider whether to approve or deny the settlement and a request for attorneys' fees up to 25 percent of the settlement funds. You or your own lawyer may ask to appear and speak at the hearing at your own expense. The hearing may be moved to a different date or time without additional notice, so please check the website below for additional information.

**How Do I Get More Information?** This notice is a summary only. You can get additional information at www.OpticalDiskDriveAntitrust.com or by calling 1 (877) 368-9020.

# EXHIBIT – 3



**IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION**

**INDIRECT PURCHASER SETTLEMENT - SUGGESTED NOTICE PLAN**

| DIRECT NOTICE | Estimated Imps / Circ |
|---|---|
| **Sumary Notice Email** | |
| Summary Notice Email Blast for up to 30 million records (pricing includes staff setup, deliverability analysis) | 30,000,000 |
| **Print Publication** | |
| **Newspapers** | |
| 1x Insertion - USA Today National Edition Run-of Press (ROP) (1/6 page or approximately 5.37" x 7") | 1,200,000 |
| **Magazines** | |
| 1x Insertion - People Magazine (1/3 page or approximately 3" x 10") | 3,510,533 |
| **PAID ONLINE ADVERTISING** | |
| **Search Advertising** | |
| Text link Search Ads on Google, Yahoo/Bing | |
| Mgmt fee | |
| **Banner Advertising** | |
| Display - US National Audience Targeting: Xaxis Audience Targeting reaching purchased computers likely to have DVD drives | 14,285,714 |
| Display - US National Contextual Targeting: Xaxis Keyword Targeting (Specific Keywords related to PCs and PCs w/DVD Player/Recorders as well as external DVD drives) | 16,666,667 |
| Display - Mobile Targeting: Xaxis Mobile Targeting reaching PC and Laptop Owners | 9,090,909 |
| Display - US National Prospecting: Computer ads to run across the Xaxis Platform | 150,000,000 |
| Total Impressions: | 190,043,290 |
| Frequency Cap - Unique IP Addr: | 3 |
| Total Impressions - Unique IP Addr: | 63,347,763 |
| **Facebook Banner Advertising** | 2,000,000 |
| **Google Display Network - Display Advertising** | 2,000,000 |
| **Twitter Promoted Tweet Advertising** | 2,500,000 |
| **Staff Hours: Creating Artwork, Setup for Social Ads, Production, Formatting, and Vendor Correspondence** | |
| **SOCIAL MEDIA OUTREACH** | |
| **Facebook** | |
| Develop and maintain case-specific Facebook Page with links to the case website.  Staff will respond to inquiries and post case status updates to the page. | |
| **Top Class Actions Blog** | |
| Newsletter distribution and write-up on Top Class Actions Blog Website | |
| **Twitter** | |
| Determine accounts related to technology influencers, consumer advocacy and class actions.  Ask influencers to share URL with followers. | |
| **NEWSWIRE** | |
| 1x Press Release through PR Newswire to USA-1 (US Nationwide PR Distribution List) | |

# EXHIBIT – 4

<u>LEGAL NOTICE</u>

### *In re Optical Disk Drive Products Antitrust Litigation*
United States District Court, Northern District Of California
Case No. 3:10-MD-2143-RS (MDL 2143)

*If you purchased a new computer with an internal ODD,  a stand-alone ODD designed for internal use in a computer, or an ODD designed to be attached externally to a computer while a resident of Arizona, California, District of Columbia, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Tennessee, Utah, Vermont, West Virginia, or Wisconsin during the period of April 2003 to December 2008 for your own use and not for resale, you may be eligible for benefits from settlements reached in antitrust litigation currently pending in federal court. ODD refers to a DVD-RW, DVD-ROM, or COMBO drive manufactured by one or more Defendants or their alleged conspirators. **For class members to ensure cash payment, you must file a claim online or by mail by [filing deadline].***

This notice is a summary only. For the precise terms and conditions of the settlement, visit
www.OpticalDiskDriveAntitrust.com.
Para una notificación en Español, llamar 1-877-368-9020o visitar www.OpticalDiskDriveAntitrust.com.

## WHY DID I RECEIVE THIS NOTICE?

Records indicate that you may be eligible for a payment from four separate settlements reached with: (i) Panasonic Corporation and Panasonic Corporation of North America (collectively "Panasonic"): (ii) NEC Corporation ("NEC"); (iii) Sony Corporation; Sony Optiarc Inc. (formerly known as Sony NEC Optiarc Inc.); and Sony Optiarc America Inc. (formerly known as Sony NEC Optiarc America Inc.) (collectively "Sony"); and (iv) Hitachi-LG Data Storage, Inc. and Hitachi-LG Data Storage Korea, Inc. (collectively "HLDS") in antitrust class action lawsuits pending before Judge Richard Seeborg in federal court.

In addition, the U.S. District Court for the Northern District of California, San Francisco Division, has certified a class against the remaining defendants in this lawsuit. In a class action, one or more individuals called Indirect Purchaser Plaintiffs file suit on behalf of others with similar claims, called "the Class" or "Class Members." In this matter, purchasers of a new computer with an internal ODD, a stand-alone ODD designed for internal use in a computer, or an ODD designed to be attached externally to a computer  allege that certain companies engaged in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of ODDs at artificially high levels in violation of federal and state antitrust laws. Defendants—the parties who were sued—deny these allegations and have asserted defenses to these claims.

The Court has ordered that notice of the class certification be published and provided to potential Class Members, and to inform Class Members of settlements with the Panasonic, NEC, Sony and HLDS defendants. The settlements would resolve the Indirect Purchaser Plaintiffs' claims against these defendants. The litigation will continue against the remaining defendants.

This Notice is to inform you of the certification of the Class, the settlements and your rights in the litigation. This Notice is not an expression by the Court of any opinion as to the merits of any of the claims or defenses asserted by either side in this lawsuit.

Read on for more information on your options, including how to claim your cash payment.

## WHO IS INCLUDED IN THE SETTLEMENTS?

Individuals and businesses who, as residents of Arizona, California, District of Columbia, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Tennessee, Utah, Vermont, West Virginia, or Wisconsin that, during the period of April 2003 to December 2008, purchased a new computer with an internal ODD, a stand-alone ODD designed for internal use in a computer, or an ODD designed to be attached externally to a computer for their own use and not for resale. ODD refers to a DVD-RW, DVD-ROM, or COMBO drive manufactured by one or more Defendants or their asserted conspirators. Purchases

1

made directly from an ODD manufacturer and the purchases of Panasonic-branded computers are not included. A list of manufacturers may be found at www.OpticalDiskDriveAntitrust.com or by calling 1-877-368-9020.

## WHAT DO THE SETTLEMENTS PROVIDE?

The four settlements provide for $124.5 million in recovery for the class. Specifically:

- The Panasonic Settlement provides for a $16.5 million to a settlement fund.
- The NEC Settlement provides for a $6.5 million settlement fund.
- The Sony Settlement provides for a $28.5 million settlement fund.
- The HLDS Settlement provides for a $73 million settlement fund.

If final approval is granted to one, some or all of the settlements, Class Members who have filed valid and timely claims will receive a check. Plaintiffs have also received mailing addresses of readily accessible Class Members and will send checks to Class Members where possible. The amount of any settlement payment will be based on a Class Member's qualifying purchases and the total number of Class Members.

## WHO ARE RELEASED

The four settlements release Panasonic, NEC, Sony, HLDS, Hitachi, Ltd., LG Electronics, Inc., and LG Electronics USA, Inc. from claims made in this litigation.

### YOUR RIGHTS AND OPTIONS

- **Get a Payment**

File a claim online or by mail by July 1, 2017. **The simple online claim form only takes 3-5 minutes for most individuals.** Claims may be submitted online at www.OpticalDiskDriveAntitrust.com or by mail to *In re ODD Products Indirect Purchaser Litigation*, PO Box 43424, Providence, RI 02940-3424.

- **Exclude Yourself**

You can choose to exclude yourself from the Panasonic, NEC, Sony and HLDS Settlements and/or this litigation and keep your right to sue the defendants on your own. If you exclude yourself, you cannot receive any benefits from the current settlements, future settlements or an award after trial. Your written Exclusion Form must set forth your name and a statement that you request exclusion from the class and do not wish to participate in the settlements. You must exclude yourself from each settlement individually (note that you can request exclusion from all settlements, or one settlement in particular) or express your intent to be excluded from the litigation entirely. All requests for exclusion must be postmarked by October 19, 2016 and sent to *In re ODD Products Indirect Purchaser Litigation*, PO Box 43424, Providence, RI 02940-3424.

Visit www.OpticalDiskDriveAntitrust.com for detailed information on how to exclude yourself from the settlement.

- **File an Objection**

You can ask the Court to deny approval by filing an objection. Please note that you cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Objections must be in writing and postmarked on or before October 19, 2016. All written objections and supporting papers must (a) clearly identify the case name and number (*In Re Optical Disk Drive Products Antitrust Litigation*, Indirect Purchaser Action, Case No. 3:10-MD-2143), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Ave, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before October 19, 2016. Visit www.OpticalDiskDriveAntitrust.com for detailed information on how to object to the settlement.

The Panasonic and HLDS settlements require that to the extent permitted by law, any award or payment of attorneys' fees made to counsel for an objector to the Agreement shall only be made by Court order upon a showing of the benefit conferred to the Class. In determining any such award of attorneys' fees to an objector's counsel, the Court will consider the incremental value to the Class caused by any such objection. Any award of attorneys' fees by the Court will be

conditioned on the objector and his or her attorney stating under penalty of perjury that no payment shall be made to the objector based on the objector's participation in the matter – other than ordered by the Court.

You may also appear at the Final Approval Hearing, described below, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

- **Go to a Hearing**

The Court will hold a Final Approval Hearing on December 8, 2016, at X:XX X.m. at the United States District Court, 450 Golden Gate Ave, San Francisco, CA, Courtroom 3 – 17th Floor, to consider whether to approve or deny the Panasonic, NEC, Sony and HLDS settlements and a request for attorneys' fees up to 25 percent of the Settlement Funds plus costs and expenses. You may appear at the Final Approval Hearing either in person or through your own attorney.

The Hearing may be moved to a different date or time without additional notice, so please check www.OpticalDiskDriveAntitrust.com for any updates and additional information.

## WHO REPRESENTS ME?

The Court appointed Hagens Berman Sobol Shapiro LLP to represent the Settlement Class. You may hire your own attorney, if you wish, at your own expense.

## HOW CAN I GET MORE INFORMATION?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.OpticalDiskDriveAntitrust.com, by contacting class counsel at Hagens Berman Sobol Shapiro (odd@hbsslaw.com), by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

For questions about the settlement or the claims process, you may contact the Settlement Administrator at 877-368-9020, via email at info@opticaldiskdriveantitrust.com, or visit www.OpticalDiskDriveAntitrust.com.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT – 5

**In Re Optical Disk Drive Products Antitrust Litigation**

United States District Court, Northern District of California

Case No. 3:10-MD-2143-RS (MDL 2143)

*If you purchased a new computer with an internal ODD, a stand-alone ODD designed for internal use in a computer, or an ODD designed to be attached externally to a computer while a resident of Arizona, California, District of Columbia, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Tennessee, Utah, Vermont, West Virginia, or Wisconsin during the period of April 2003 to December 2008 for your own use and not for resale, you may be eligible for benefits from settlements reached in antitrust litigation currently pending in federal court. ODD refers to a DVD-RW, DVD-ROM, or COMBO drive manufactured by one or more Defendants or their alleged conspirators. For class members to ensure cash payment, you must file a claim online or by mail by [filing deadline].*

This notice is a summary only. For the precise terms and conditions of the settlement, visit www.OpticalDiskDriveAntitrust.com.

Para una notificación en Español, llamar 1-877-368-9020 o visitar www.OpticalDiskDriveAntitrust.com.

### WHAT IS THIS ABOUT?

The Court has certified a class of indirect purchasers of ODDs. Separately, plaintiffs have reached proposed settlements with four defendant families: Panasonic Corporation and Panasonic Corporation of North America (collectively "Panasonic"); NEC Corporation ("NEC"); Sony Corporation; Sony Optiarc Inc. (formerly known as Sony NEC Optiarc Inc.); Sony Optiarc America Inc. (formerly known as Sony NEC Optiarc America Inc.) (collectively "Sony"); and Hitachi-LG Data Storage, Inc. and Hitachi-LG Data Storage Korea, Inc. (collectively "HLDS") in antitrust class action lawsuits involving the price of a computer with a ODD and a stand-alone ODDs manufactured and sold by certain companies ("Litigation").

### WHO IS INCLUDED IN THE SETTLEMENTS?

Individuals and businesses that, during April 2003 to December 2008, purchased a new computer with an internal ODD, stand-alone ODD designed for internal use in a computer, or an ODD designed to be attached externally to a computer anywhere in the enumerated states for their own use and not for resale. Purchases made directly from an ODD manufacturer and the purchases of Panasonic-branded computers are not included. A list of manufacturers may be found at www.OpticalDiskDriveAntitrust.com or by calling 1-877-368-9020.

### WHAT DO THE SETTLEMENTS PROVIDE?

The four settlements provide for $124.5 million in recovery for the class. Specifically:

- The Panasonic Settlement provides for a $16.5 million to a settlement fund.
- The NEC Settlement provides for a $6.5 million to a settlement fund.
- The Sony Settlement provides for a $28.5 million to a settlement fund.
- The HLDS Settlement provides for a $73 million settlement fund.

If final approval is granted to one or all of the settlements, class members who have filed valid and timely claims will receive a check. The amount of any settlement payment will be based on a class member's qualifying purchases and the total number of valid claims made by class members.

### WHO ARE RELEASED

The four settlements release Panasonic, NEC, Sony, HLDS, Hitachi, Ltd., LG Electronics, Inc., and LG Electronics USA, Inc. from claims made in this Litigation.

### YOUR RIGHTS AND OPTIONS

· **Get a Payment**

File a claim online or by mail by July 1, 2017. **The simple online claim form only takes 3-5 minutes for most individuals.** Claims may be submitted online at www.OpticalDiskDriveAntitrust.com or by mail to *In re ODD Products Indirect Purchaser Litigation*, PO Box 43424, Providence, RI 02940-3424.

· **Exclude Yourself**

You can choose to exclude yourself from the Panasonic, NEC, Sony and HLDS settlements and/or the Litigation and keep your right to sue the defendants on your own. If you exclude yourself, you can't receive any benefits from the settlements. Your written Exclusion Form must be postmarked by October 19, 2016. Please see the full notice at www.OpticalDiskDriveAntitrust.com or call 1-877-368-9020 for complete instructions on how to exclude yourself from the settlements.

· **File an Objection**

You can ask the Court to deny approval by filing an objection.

Objections must be in writing and postmarked on or before October 19, 2017. Please see the full notice at www.OpticalDiskDriveAntitrust.com or call 1-877-368-9020 for complete instructions on how to object from the settlements, and/ or notify the Court of your intent to appear at the Final Approval Hearing.

Please note that you cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

· **Go to a Hearing**

The Court will hold a Final Approval Hearing on December 8, 2016, at X:XX X.m. at 450 Golden Gate Ave, San Francisco, CA, Courtroom 3 - 17th Floor to consider whether to approve or deny the Panasonic, NEC, Sony and HLDS settlements and a request for attorneys' fees up to 25 percent of the settlement funds. You or your own lawyer may ask to appear and speak at the Hearing at your own expense. The Hearing may be moved to a different date or time without additional notice, so please check the website below for additional information.

### WHO REPRESENTS ME?

The Court appointed Hagens Berman Sobol Shapiro LLP to represent the Settlement Class. You may hire your own attorney, if you wish, at your own expense.

### HOW CAN I GET MORE INFORMATION?

This notice is a summary only. You may access the settlement agreement and other relevant documents on the docket at the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays, or online through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

For more information, please contact the Settlement Administrator at 1-877-368-9020 , via email at info@opticaldiskdriveantitrust.com, or visit www.OpticalDiskDriveAntitrust.com. You may also contact Class Counsel at Hagens Berman Sobol Shapiro at odd@hbsslaw.com.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT – 6

# Optical Disk Drives
# Sample Banners

Version 1



RFP Sample Banners 300x250.psd

Version 2



<No intersecting link>

Version 3



RFP Sample Banners 300x250.psd

# OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION

SAMPLE TWITTER PROMOTED TWEETS

AND

SAMPLE FACEBOOK/INSTAGRAM ADS

**INSTAGRAM**



**FACEBOOK RIGHT COLUMN**



**FACEBOOK MOBILE**



**FACEBOOK DESKTOP**



**TWITTER PROMOTED TWEET CARD**



# EXHIBIT – 7

United States District Court,
Northern District Of California

Case No. 3:10-MD-2143-RS (MDL 2143)

**Must Be Postmarked
No Later Than
July 1, 2017**

**OPDD1**




# Claim Form

<<Barcode>>   <<ClaimID>>
<<FirstName>> <<LastName>>
<<Addr1>> <<Addr2>>
<<City>>, <<State>> <<Zip>>

## GENERAL INSTRUCTIONS

To receive a settlement payment, **you must accurately complete this Claim Form and submit it by July 1, 2017**. Claim Forms may be submitted online at www.OpticalDiskDriveAntitrust.com or mailed to the Claims Administrator at In re ODD Products Indirect Purchaser Litigation, P.O. Box 43424, Providence, RI 02940-3424.  Go to www.OpticalDiskDriveAntitrust.com to learn more about the settlement, your rights and how claims will be calculated and paid. For questions about completing or submitting your claim, call the Claims Administrator at 1 (877) 368-9020.

This Claim Form should be submitted only by individuals or businesses that indirectly purchased (through a retailer or distributor) computers or stand-alone Optical Disk Drives ("ODDs"), for their own use and not for resale, in one or more of the following states: Arizona, California, District of Columbia, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Tennessee, Utah, Vermont, West Virginia, or Wisconsin, from April 2003 through December 2008. As long as you did not buy directly from an ODD manufacturer, your purchase of an ODD or a product containing an ODD is an indirect purchase. Purchases of Panasonic-branded computers are not included in this litigation or any of the settlements. Purchases of ODDs directly from an ODD manufacturer are also not included in this litigation or any of the settlements.

You do not need to submit proof of your purchase(s) with your Claim Form. However, keep any documentation relating to your purchases in case the Claims Administrator requests any proof. Large claims may be required to supply proof of purchases.

## PART 1: CLAIMANT INFORMATION

*Please type or neatly print all information*

Please fill in the appropriate circle to indicate whether you are an Individual ○ or a Business ○  (Note: Governmental entities are not included).

First Name

M.I.

Last Name

Business Name:

Person to contact if there are questions regarding this claim:

Address 1

Address 2

City

State

Zip Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

Email Address (optional)

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ DOC ○ LC ○ REV | ○ RED ○ A ○ B |
|---|---|---|---|---|---|---|

1

| | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**For Businesses Only:**

Businesses must provide the following:

Taxpayer Identification Number

| | | | | — | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Select the Employee Size of Business (circle one):     ◯ 1-10     ◯ 11-50     ◯ 50 plus

## PART 2: PURCHASE INFORMATION

For questions about completing or submitting your claim, call the Claims Administrator at 1 (877) 368-9020.

Provide the total number of products containing an ODD purchased between April 2003 through December 2008. For example, if you bought 3 computers, write "3" in the corresponding space.

| Product Type | Number Purchased |
|---|---|
| Computers – Laptops or Desktops | purchased |
| Stand-alone ODDs | purchased |

## PART 3: SIGN AND DATE CLAIM FORM

By signing below, I (we) affirm that the information provided in this Claim Form is true and correct.

_____     _____
Signature                                                      Dated

_____     _____
Print Name                                                   Title (*if you are filling out this form for a business*)

## REMINDER LIST

Please make sure that you:

1.   Sign and date the Claim Form;

2.   Keep a copy of the completed Claim Form for your records;

3.   Retain your proof of purchase documentation until your claim is closed. You will be notified if you are required to provide this documentation.

4.   Submit your Claim Form **no later than July 1, 2017**, online at www.OpticalDiskDriveAntitrust.com or by mail to In re ODD Products Indirect Purchaser Litigation, P.O. Box 43424, Providence, RI 02940-3424.  If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

**Claim Forms must be electronically submitted no later than July 1, 2017 or postmarked no later than July 1, 2017.**

**Questions? Visit www.OpticalDiskDriveAntitrust.com or call, toll-free, 1 (877) 368-9020**

