UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | Case No. 10-md-02143-RS <br> Case No. 15-cv-03248-RS <br> Case No. 15-cv-06325-RS <br> **ORDER DENYING MOTIONS TO DISMISS** |

Defendants collectively move to dismiss the complaints filed by, (1) Alfred H. Siegel, as Trustee for the Circuit City Stores, Inc. Liquidating Trust, Case No. 15-cv-03248-RS (the "Circuit City" action), and; (2) Peter Kravitz, as Trustee for the RSH Liquidating Trust, Case No. 15-cv-06325-RS (the "Radio Shack" action). Two defendants (Lite-On Sales & Distribution Inc. ("LSDI") and, Philips Electronics North America Corporation ("PENAC")) join in the group motion but also have filed separate motions arguing the respective complaints fail to state sufficient facts tying them to the alleged conspiracy. Pursuant to Civil Local Rule 7-1(b), the motions have been submitted without oral argument. The collective motion and the separate motions brought by LSDI and PENAC will all be denied.

*1. The collective motion*

The collective motion argues that large swaths of the claims defendants believed plaintiffs to have been asserting are barred by the statute of limitations, and/or were not pleaded adequately.

In response, plaintiffs have made clear that their claims are limited so as not to implicate the statute of limitations or pleading concerns raised by defendants—with one exception. Plaintiffs acknowledge that the definition of the products at issue in their complaints expressly refers to, quotes, and incorporates the definition provided in the Revised Order Granting Settlement Class Certification and Preliminary Approval of Class Action Settlements with BenQ, Pioneer, PLDS, QSI, Sony, TEAC, and TSST [Docket No. 1758], in the lead MDL action. Even assuming other allegations in the complaints might otherwise create some uncertainty,[1] plaintiffs will be held to that concession, which effectively moots defendants' arguments regarding the limitations period and the adequacy of the factual allegations to show that the alleged conspiracy reached the products in issue.

The one exception, and the one issue remaining in dispute, is whether plaintiffs' claims permissibly extend to camcorders, DVD players, and game consoles. Even assuming the language of the product definition they incorporate may not unambiguously exclude such products, the record is unmistakeable that they were no longer part of the action or intended to be encompassed within that definition. Having specifically incorporated that definition by reference, plaintiffs are bound by the meaning it has in the lead action. Accordingly, camcorders, DVD players, and game consoles are *not* within the scope of plaintiffs' complaints here. In the event plaintiffs wish to pursue claims arising from such products, they must seek leave to amend. In light of these conclusions, defendants' arguments for dismissal fall away, and the motion must be denied.

*2. The LSDI and PENAC motions*

The factual allegations tying LSDI and PENAC to the alleged conspiracy rely exclusively

---

[1] Defendants complain the pleadings refer to "ODD products" as well as ODDs. The complaints are sufficiently clear that the alleged conspiracy related to an attempt to stabilize the price of ODDs—and that while that may have had consequences on the costs of "ODD products," the conspiracy was not aimed at fixing those prices directly. Defendants also point out the Circuit City complaint retains a damages figure originally alleged to be inclusive of products plaintiffs now disavow are at issue. That apparent error does not support dismissal, in light of plaintiffs' clear renunciation of any claims for those products.

United States District Court
Northern District of California

on their role in their respective corporate families, and as such, press hard against the line of what is minimally sufficient.  It would nevertheless be inappropriate to conclude at the pleading stage the allegations regarding conduct undertaken on behalf of the corporate families is so factually devoid as to permit dismissal of LSDI and PENAC.  The Court is mindful that there has been extensive discovery in this matter, to which these plaintiffs have had access.  As such, the factual basis for including any particular defendant should be crystalizing.  Plaintiffs will be expected to exercise the utmost good faith in evaluating whether the claims against any particular defendant should be maintained as these cases go forward.  The motions to dismiss, however, are denied.

**IT IS SO ORDERED**.

Dated:  November 4, 2016

_____
RICHARD SEEBORG
United States District Judge