UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION

Case No. 10-md-02143-RS   (JCS)

**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Re: Dkt. Nos. 2036, 2053

Plaintiffs Dell Inc. and Dell Products L.P. (collectively, "Dell") bring two administrative motions to file under seal. The first pertains to portions of a joint discovery letter brief, portions of a declaration by Dell's counsel Rodney Ganske, and the entirety of two exhibits thereto, which consist of a commercial agreement and an amendment to that agreement. *See* dkt. 2036. The second pertains to portions of an updated joint discovery letter brief, superseding the earlier letter brief. *See* dkt. 2053. The only stated basis for sealing is that Defendants designated the material at issue as confidential.

Defendants Toshiba Corporation, Toshiba Samsung Storage Technology Corporationm and Toshiba America Information Systems, Inc. timely filed two declarations by their counsel Brendan McShane pursuant to Civil Local Rule 79-5(e) in support of sealing. McShane's first declaration states that the agreement and amendment include various confidential provisions, the disclosure of which "could cause substantial harm to [the parties thereto] by publicizing the commercially sensitive terms and conditions of this private agreement." 1st McShane Decl. (dkt. 2051) ¶ 6. McShane's second declaration incorporates the arguments of his first, noting that the redacted portions of the updated letter brief are substantially similar to the redacted versions of the first letter brief. 2d McShane Decl. (dkt. 2061). McShane's declarations do not address the proposed redactions to Ganske's declaration.

  Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. (collectively, "Samsung"), which are not involved in the discovery dispute at issue in the joint letter briefs, also timely filed a declaration by their counsel James Pearl in support of sealing. Pearl states that the agreement and amendment "disclose SEC's confidential business information," including "confidential business agreements and other proprietary business information." 1st Pearl Decl. (dkt. 2052) ¶ 7. Pearl also states that the redacted portions of the original joint letter brief and of Ganske's declaration "disclose SEC's confidential information described above." *Id.* ¶¶ 8−9. According to Pearl, public disclosure of those materials "poses a substantial harm to Samsung because disclosure would reveal SEC's internal confidential information as identified above, including SEC's confidential business agreements, which were the result of private and confidential negotiations between the parties." *Id.* ¶ 10. Samsung filed a second declaration by Pearl in support of sealing the redacted portions of the updated letter brief for the same reasons. 2d Pearl Decl. (dkt. 2060).

  The Court has reviewed the exhibits at issue—the agreement and the amendment thereto, exhibits I (dkt. 2036-8, under seal) and J (dkt. 2036-9, under seal) to the declaration of Rodney J. Ganske—and agrees that there is good cause for sealing those documents to protect confidential and sensitive terms of the agreement. Parsing which portions of the agreement warrant redaction would be overly burdensome in the context of the present discovery dispute and is therefore not a viable alternative to sealing. Dell's motion to seal those exhibits is therefore GRANTED.

  McShane's and Pearl's declarations do not, however, adequately explain why the defense and indemnity provisions discussed in the joint discovery letter briefs themselves are sufficiently sensitive to warrant sealing, nor do they identify any harm that would result from disclosing the redacted portions of the letter briefs. The mere fact of disclosure of confidential communications, *see* 1st Pearl Decl. ¶ 10, is not a sufficient harm to support sealing. No risk of unfair advantage to competitors or other significant harm is apparent from the face of the letter briefs. The same is true of the redacted portions of Ganske's declaration (dkt. 2036-7, under seal), which merely acknowledge the existence of the agreement and amendment. The Court therefore finds no good cause for sealing those documents, and DENIES Dell's motions to seal portions of the letter briefs

1  and Ganske's declaration.

2      Dell shall file unredacted versions of the original and updated joint discovery letter briefs
3  and Ganske's declaration in the public record no later than December 27, 2016.

4  **IT IS SO ORDERED.**

5  Dated: December 20, 2016

6
7                          JOSEPH C. SPERO
                        Chief Magistrate Judge

United States District Court
Northern District of California