UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | No. 3:10-md-2143 RS<br><br>[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH PLDS AND PIONEER DEFENDANTS AND DISSEMINATION OF CLASS NOTICE<br><br>DATE ACTION FILED: Oct. 27, 2009 |

010177-12 835115 V2

1    WHEREAS, Indirect Purchaser Plaintiffs (IPPs), on behalf of themselves and of the proposed
2    stipulated settlement class (Settlement Class), and defendants the Koninklijke Philips N.V., Lite-On
3    IT Corporation, Philips & Lite-On Digital Solutions Corporation, and Philips & Lite-On Digital
4    Solutions U.S.A., Inc. (collectively, PLDS), and defendants Pioneer Corporation, Pioneer North
5    America, Inc, Pioneer Electronics (USA) Inc., and Pioneer High Fidelity Taiwan Co., Ltd.
6    (collectively Pioneer) have agreed, subject to Court approval following notice to the Settlement Class
7    and a hearing, to settle the above-captioned matter (Lawsuit) upon the terms set forth in the IPP-
8    PLDS Settlement Agreement and IPP-Pioneer Settlement Agreement (Settlement Agreements);

    WHEREAS, this Court has reviewed and considered the Settlement Agreements entered into
among the parties, together with all exhibits thereto, the record in this case, and the briefs and
arguments of counsel;

    WHEREAS, IPPs have applied for an order granting preliminary approval of the Settlement
Agreements;

    WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action
meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

    WHEREAS, all defined terms contained herein shall have the same meanings as set forth in
the Settlement Agreements;

    NOW, THEREFORE, IT IS HEREBY ORDERED:

    1.    The Court does hereby preliminarily approve the Settlement Agreements and the
settlement set forth therein, subject to further consideration of a Fairness Hearing.

    2.    A Fairness Hearing shall be held before this Court at the United States District Court, located at San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether to approve certification of the class for settlement purposes; whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Classes and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of distribution should be approved; and to determine the amount of fees and expenses that should be awarded to Class Counsel. The Court may adjourn the Fairness Hearing without further notice to the

members of the Settlement Classes. The Fairness Hearing shall be held 35 days from the IPPs motion for final approval of the settlement unless otherwise ordered by the Court.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class as follows:

> All persons and entities who, as residents of Arizona, California, District of Columbia, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Tennessee, Utah, Vermont, West Virginia, and Wisconsin and during the period April 2003 to December 2008, purchased new for their own use and not for resale: (i) a computer with an internal ODD; (ii) a stand-alone ODD designed for internal use in computers; or (iii) an ODD designed to be attached externally to a computer. ODD refers to a DVD-RW, DVD-ROM, or COMBO drive manufactured by one or more Defendants or their coconspirators. Excluded from the class are any purchases of Panasonic branded computers.

4. The Court designates Mike Bishop, Cindy Booze, Wanda Duryea, Matthew Ence, Benjamin Faber, Barney Gooman, Jr., Matthew Hosking, James Ito-Adler, Chris Johnson, Susie Lim, John McKee, Gail Murphy, Benjamin Murray, Angela Pritchard, Ben Porter, Mike Reilly, Sandra Steffen, Thomas Stenger, Kristina Tecce, Brian Tindall, Anbessa Tufa, and Kimberly Wood as the class representatives for the Settlement Class.

5. The Court designates the following as Class Counsel for the Settlement Class: Hagens Berman Sobol Shapiro LLP.

6. The Court preliminarily finds that, for purposes of effectuating this settlement only, the Settlement Class meets the Rule 23 requirements for a settlement class.

7. The Court approves as to form and content the proposed forms of notice, including the full notice, summary notice and banner notice, attached as Exhibits 2-4, respectively, to the Declaration of Alan Vasquez. The Court further finds that the proposed plan of notice and the proposed contents of these notices, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. The Court appoints Gilardi & Co. LLC and Sipree, Inc. (Settlement Administrators) to supervise and administer the notice procedure as well as the processing of claims.

[PROP.] ORDER GRANTING IPPS' MOT. FOR PRELIM.
APPROVAL OF CLASS ACTION SETTLEMENTS - Case No.:
3:10-md-2143 RS
010177-12 835115 V1

-2-

        a. No later than 30 days from the signing of this order for preliminary approval, the Settlement Administrators shall cause the full versions of the Settlement Agreements, the Preliminary Approval Order, and the claim form, in both an electronic fillable form and in a format that may be downloaded and/or printed, to be published on a public website, located at www.OpticalDiskDriveAntitrust.com;

        b. No later than 30 days from the signing of this order for preliminary approval, the Settlement Administrators shall cause summary notice to be published in the designated newspapers, substantially in the form annexed as Exhibit 2 to the Declaration of Alan Vasquez;

        c. No later than 30 days from the signing of this order for preliminary approval, the Settlement Administrators shall provide e-mail notice, substantially in the form annexed as Exhibit 3 to the Declaration of Alan Vasquez, to all Settlement Class members whose e-mail addresses can be identified with reasonable effort;

        d. No later than 30 days from the signing of this order for preliminary approval, the Settlement Administrators shall cause the banner notice to be published, substantially in the form annexed as Exhibit 4 to the Declaration of Alan Vasquez;

9. All members of the Settlement Class shall be bound by all determinations and judgments in the Lawsuit concerning the settlement, whether favorable or unfavorable to the Settlement Class.

10. All members of the Settlement Class shall file claims no later than August 1, 2017 in order to be eligible for compensation from this settlement.

11. Class Counsel shall file their motion for attorneys' fees, costs and service awards for the class representatives, and all supporting documentation and papers, within 76 days of the signing of this order for preliminary approval.

12. Any person who desires to request exclusion from the Settlement Class shall do so within 90 days of the signing of this order for preliminary approval. All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreements, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgments relating to the PLDS and Pioneer defendants entered in the litigation.

13. Any member of the Settlement Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

14. Any member of the Settlement Class may appear and show cause, if he or she has any reason, why the proposed settlements should or should not be approved as fair, reasonable and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; or why attorneys' fees and expenses should or should not be awarded to Class Counsel. All written objections and supporting papers must (a) clearly identify the case name and number (*In Re Optical Disk Drive Products Antitrust Litigation*, Indirect Purchaser Action, Case Number 3:10-md-2143-RS), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA, and (c) be filed or postmarked on or before 90 days from the signing of this order for preliminary approval.

15. All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served 14 days after the deadline for exclusions and objections.

16. All reasonable expenses incurred in identifying and notifying members of the Settlement Classes, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreements.

17. Neither the Settlement Agreements, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by plaintiffs or defendants, respectively, of the truth or falsity of any of the allegations in the Lawsuit, or of any liability, fault or wrongdoing of any kind.

18. All members of the Settlement Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the settlement.

19. As ordered above, these are the deadlines for the (1) notice campaign; (2) motion for attorneys' fees; (3) objections and requests for exclusion from the class; (4) motion for final approval; (5) fairness hearing; (6) close of claims period:

| Event | Deadline |
|---|---|
| Notice campaign to begin, including website, email, publication and Internet notice | 30 days from preliminary approval order |
| Last day for motion for attorneys' fees, costs, expenses, and service awards | 76 days from preliminary approval order |
| Last day for objections and requests for exclusion from the class | 90 days from preliminary approval order |
| Last day for motion in support of final approval of settlement | 14 days after objection deadline |
| Fairness Hearing | 35 days from motion for final approval, unless otherwise ordered by the Court. |
| Close of Claims Period | August 1, 2017 |

IT IS SO ORDERED.

DATED: April 17, 2017

HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT JUDGE

Submitted by:

Dated: March 13, 2017

HAGENS BERMAN SOBOL SHAPIRO LLP

By  s/ Jeff D. Friedman
        JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

[PROP.] ORDER GRANTING IPPS' MOT. FOR PRELIM.
APPROVAL OF CLASS ACTION SETTLEMENTS - Case No.:
3:10-md-2143 RS
010177-12 835115 V1

-5-

1
2  Steve W. Berman (*Pro Hac Vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
   1918 Eighth Avenue, Suite 3300
3  Seattle, WA 98101
   Telephone: (206) 623-7292
4  Facsimile: (206) 623-0594
   steve@hbsslaw.com
5
   *Interim Lead Counsel for*
6  *Indirect Purchaser Plaintiffs*

[PROP.] ORDER GRANTING IPPS' MOT. FOR PRELIM.
APPROVAL OF CLASS ACTION SETTLEMENTS - Case No.:
3:10-md-2143 RS             -6-
010177-12  835115 V1