UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | No. 3:10-md-2143 RS<br><br>[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH TEAC DEFENDANTS AND DISSEMINATION OF CLASS NOTICE<br><br>DATE ACTION FILED: Oct. 27, 2009 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

010177-12 948855 V1

1    WHEREAS, Indirect Purchaser Plaintiffs (IPPs), on behalf of themselves and of the proposed

2    stipulated settlement class (Settlement Class), and Defendants Teac America, Inc. and Teac

3    Corporation (collectively "Teac") have agreed, subject to Court approval following notice to the

4    Settlement Class and a hearing, to settle the above-captioned matter (Lawsuit) upon the terms set

5    forth in the IPP-Teac Settlement Agreement (Settlement Agreement);

6    WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into

7    among the parties, together with all exhibits thereto, the record in this case, and the briefs and

8    arguments of counsel;

9    WHEREAS, IPPs have applied for an order granting preliminary approval of the Settlement

10   Agreement;

11   WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action

12   meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

13   WHEREAS, all defined terms contained herein shall have the same meanings as set forth in

14   the Settlement Agreement;

15   NOW, THEREFORE, IT IS HEREBY ORDERED:

16   1.   The Court does hereby preliminarily approve the Settlement Agreement and the

17   settlement set forth therein, subject to further consideration of a Fairness Hearing.

18   2.   A Fairness Hearing shall be held before this Court at the United States District Court,

19   located at San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San

20   Francisco, CA 94102, to determine whether to approve certification of the class for settlement

21   purposes; whether the proposed settlement of the Lawsuit on the terms and conditions provided for

22   in the Settlement Agreement is fair, reasonable and adequate to the Settlement Classes and should be

23   approved by the Court; whether a final judgment should be entered herein; whether the proposed

24   plan of distribution should be approved; and to determine the amount of fees and expenses that

25   should be awarded to Class Counsel. The Court may adjourn the Fairness Hearing without further

26   notice to the members of the Settlement Classes. The Fairness Hearing shall be held 35 days from the

27   IPPs motion for final approval of the settlement unless otherwise ordered by the Court.

28

[PROP.] ORDER GRANTING IPPS' MOT. FOR PRELIM.
APPROVAL OF TEAC SETTLEMENT - Case No.: 3:10-md-2143
RS
010177-12  948855 V1

-1-

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class as follows:

> All persons and entities who, as residents of Arizona, California, District of Columbia, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Tennessee, Utah, Vermont, West Virginia, and Wisconsin and during the period April 2003 to December 2008, purchased new for their own use and not for resale: (i) a computer with an internal ODD; (ii) a stand-alone ODD designed for internal use in computers; or (iii) an ODD designed to be attached externally to a computer. ODD refers to a DVD-RW, DVD-ROM, or COMBO drive manufactured by one or more Defendants or their coconspirators. Excluded from the class are any purchases of Panasonic branded computers.

4. The Court designates Mike Bishop, Cindy Booze, Wanda Duryea, Matthew Ence, Benjamin Faber, Barney Gooman, Jr., Matthew Hosking, James Ito-Adler, Chris Johnson, Susie Lim, John McKee, Gail Murphy, Benjamin Murray, Angela Pritchard, Ben Porter, Mike Reilly, Sandra Steffen, Thomas Stenger, Kristina Tecce, Brian Tindall, Anbessa Tufa, and Kimberly Wood as the class representatives for the Settlement Class.

5. The Court designates the following as Class Counsel for the Settlement Class: Hagens Berman Sobol Shapiro LLP.

6. The Court preliminarily finds that, for purposes of effectuating this settlement only, the Settlement Class meets the Rule 23 requirements for a settlement class.

7. The Court approves as to form and content the proposed forms of notice, including the full notice, summary notice and banner notice, attached as Exhibits 2-4, respectively, to the Revised Supplemental Declaration of Alan Vasquez Regarding Implementation of Class Notice Plan (Declaration of Alan Vasquez). The Court further finds that the proposed plan of notice and the proposed contents of these notices, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. The Court appoints Gilardi & Co. LLC and Sipree, Inc. (Settlement Administrators) to supervise and administer the notice procedure as well as the processing of claims.

[PROP.] ORDER GRANTING IPPS' MOT. FOR PRELIM.
APPROVAL OF TEAC SETTLEMENT - Case No.: 3:10-md-2143 RS
010177-12 948855 V1

-2-

1         a.     No later than 30 days from the signing of this order for preliminary approval, the Settlement Administrators shall cause the full versions of the Settlement Agreement and the Preliminary Approval Order, to be published on a public website, located at www.OpticalDiskDriveAntitrust.com;

        b.     No later than 30 days from the signing of this order for preliminary approval, the Settlement Administrators shall cause summary notice to be published in the designated newspapers, substantially in the form annexed as Exhibit 3 to the Declaration of Alan Vasquez;

        c.     No later than 30 days from the signing of this order for preliminary approval, the Settlement Administrators shall provide e-mail notice, substantially in the form annexed as Exhibit 2 to the Declaration of Alan Vasquez, to all Settlement Class members whose e-mail addresses can be identified with reasonable effort;

        d.     No later than 30 days from the signing of this order for preliminary approval, the Settlement Administrators shall cause the banner notice to be published;

9.     All members of the Settlement Class shall be bound by all determinations and judgments in the Lawsuit concerning the settlement, whether favorable or unfavorable to the Settlement Class.

10.     All members of the Settlement Class shall file claims no later than August 1, 2017 in order to be eligible for compensation from this settlement.

11.     Class Counsel shall file their motion for attorneys' fees, costs and service awards for the class representatives, and all supporting documentation and papers, within 76 days of the signing of this order for preliminary approval.

12.     Any person who desires to request exclusion from the Settlement Class shall do so within 90 days of the signing of this order for preliminary approval. All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgments relating to the Teac defendants entered in the litigation.

13. Any member of the Settlement Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

14. Any member of the Settlement Class may appear and show cause, if he or she has any reason, why the proposed settlements should or should not be approved as fair, reasonable and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; or why attorneys' fees and expenses should or should not be awarded to Class Counsel. All written objections and supporting papers must (a) clearly identify the case name and number (*In Re Optical Disk Drive Products Antitrust Litigation*, Indirect Purchaser Action, Case Number 3:10-md-2143-RS), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA, and (c) be filed or postmarked on or before 90 days from the signing of this order for preliminary approval.

15. All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served 14 days after the deadline for exclusions and objections.

16. All reasonable expenses incurred in identifying and notifying members of the Settlement Classes, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

17. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by plaintiffs or defendants, respectively, of the truth or falsity of any of the allegations in the Lawsuit, or of any liability, fault or wrongdoing of any kind.

18. All members of the Settlement Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the settlement.

19. As ordered above, these are the deadlines for the (1) notice campaign; (2) motion for attorneys' fees; (3) objections and requests for exclusion from the class; (4) motion for final approval; (5) fairness hearing; (6) close of claims period:

| Event | Deadline |
|---|---|
| Notice campaign to begin, including website, email, publication and Internet notice | 30 days from preliminary approval order |
| Last day for motion for attorneys' fees, costs, expenses, and service awards | 76 days from preliminary approval order |
| Last day for objections and requests for exclusion from the class | 90 days from preliminary approval order |
| Last day for motion in support of final approval of settlement | 14 days after objection deadline |
| Fairness Hearing | 35 days from motion for final approval, unless otherwise ordered by the Court. |
| Close of Claims Period | August 1, 2017 |

IT IS SO ORDERED.

DATED: April 17, 2017

HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT JUDGE

Submitted by:

Dated: April 3, 2017

HAGENS BERMAN SOBOL SHAPIRO LLP

By   s/ Jeff D. Friedman
       JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Interim Lead Counsel for
Indirect Purchaser Plaintiffs*