UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION

This Document Relates to:
*Siegel v. Sony Corporation, et al.*
Case No. 3:15-cv-03248-RS

*Kravitz v. Sony Corporation, et al.*
Case No. 3:15-cv-06325-RS

Case No. 10-md-02143-RS

Individual Case Nos. 3:15-cv-03248-RS; 3:15-cv-06325-RS

**ORDER GRANTING SUMMARY JUDGMENT AGAINST TRUSTEES OF CIRCUIT CITY AND RADIOSHACK[1]**

Re: Dkt. No. 2346

## INTRODUCTION

Circuit City and RadioShack were national retailers of consumer electronics until they declared bankruptcy in 2008 and 2015, respectively. *See* Circuit City Second Am. Compl. [Dkt. No. 2158], at ¶¶ 4, 10; RadioShack Second Am. Compl. [Dkt. No. 2159], at ¶¶ 4, 10. Their respective bankruptcy trustees[2] each allege an industry-wide anticompetitive conspiracy to fix, raise, stabilize, and maintain the prices of optical disc drives ("ODDs") from 2004 to 2010 and bring suit for compensatory damages under the Sherman Act. After the close of fact and expert discovery, Defendants[3] moved for summary judgment, challenging the sufficiency of the evidence of causation of harm to Circuit City and RadioShack, as well as to their claims involving products

---

[1] This is one of several orders issued contemporaneously addressing the dispositive motions in the *In re Optical Disk Drive Antitrust Litigation*, No. 10-md-02143. *See also* Summary of Rulings.
[2] While the trustees bring the action, for purposes of this Order, the parties will be referred to as Circuit City and RadioShack.
[3] The moving defendants still remaining are Toshiba Corp.; Toshiba America Information Systems, Inc.; Toshiba Samsung Storage Technology Corp.; Toshiba Samsung Storage Technology Korea Corp.; Samsung Electronics Co., Ltd.; and Samsung Electronics America, Inc.

incorporating ODDs and "Other Products," such as recording devices and gaming consoles. Because Circuit City and RadioShack have not demonstrated a genuine issue of material fact as to the existence of a conspiracy resulting in harm to them, Defendants' motion for summary judgment is granted.

**LEGAL STANDARD**

Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. In contrast, on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. The court is only concerned with disputes over material facts. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322.

# DISCUSSION

## I. Sufficiency of the Evidence of Harm to Circuit City and RadioShack Caused by the Conspiracy

### A. Claims Under the Sherman Act

Section 1 of the Sherman Antitrust Act prohibits "every contract, combination . . . or conspiracy, in restraint of trade or commerce among the several States . . . ." 15 U.S.C. § 1. Under the rule of reason, the court tests the legality of a restraint by asking whether it "is such as merely regulates and perhaps thereby promotes competition or whether it is such as may suppress or even destroy competition." *Gorlick Distrib. Ctrs., LLC v. Car Sound Exhaust Syst., Inc.*, 723 F.3d 1019, 1024 (9th Cir. 2014). In order to establish a claim under Section 1, plaintiffs must demonstrate "(1) the parties to the agreement intend to harm or restrain competition, (2) the agreement actually injures competition and (3) the restraint is unreasonable as determined by balancing the restraint and any justifications or procompetitive effects of the restraint." *Id.* (internal quotation marks and citation omitted). "

When concerted price-fixing is alleged under the Sherman Act, plaintiffs bear the burden of presenting sufficient evidence to prove that an agreement to fix prices existed. *See, e.g.*, *In re Citric Acid Litig.*, 191 F.3d 1090, 1093 (9th Cir. 1999); *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 622 F. Supp. 2d 890, 896 (N.D. Cal. 2009). To survive summary judgment, plaintiffs must establish that there is a genuine issue of material fact as to whether defendants entered into an illegal conspiracy that caused plaintiff to suffer a cognizable injury. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Plaintiffs can establish a genuine issue of material fact by producing either direct evidence of a defendant's price-fixing conduct or circumstantial evidence from which a reasonable fact finder could conclude the same. *In re Citric Acid Litig.*, 191 F.3d at 1093; *see also Sun Microsystems*, 622 F. Supp. 2d at 896 (citing *Movie 1 & 2 v. United Artists Commc'ns*, 909 F.2d 1245, 1251–52 (9th Cir. 1990); *United States v. Gen. Motors Corp.*, 384 U.S. 127, 142–43, (1966)).

Direct evidence of a conspiracy "must be evidence that is explicit and requires no inferences to establish the proposition or conclusion being asserted." *Cty. of Tuolumne v. Sonora*

*Cmty. Hosp.*, 236 F.3d 1148, 1155 (9th Cir. 2001). In the absence of direct evidence, plaintiffs "must present evidence from which an inference of conspiracy is more probable than an inference of independent action." *Wilcox v. First Interstate Bank of Oregon, N.A.*, 815 F.2d 522, 525 (9th Cir. 1987). The Ninth Circuit "has outlined a two-part test to be applied whenever a plaintiff rests its case entirely on circumstantial evidence." *In re Citric Acid Litig.*, 191 F.3d at 1094. "First, the defendant can 'rebut an allegation of conspiracy by showing a plausible and justifiable reason for its conduct that is consistent with proper business practice.' The burden then shifts back to the plaintiff to provide specific evidence tending to show that defendant was not engaging in permissible competitive behavior." *Id.* (internal citations omitted); *see also In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1059, 1972 (9th Cir. 2007).

### B. Evidence of Causation of Harm

Defendants move for summary judgment on the grounds that Circuit City and RadioShack cannot show that the alleged conspiracy caused them any cognizable injury. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). Defendants argue that no evidence exists allowing a reasonable jury to conclude that ODD prices charged to Circuit City and RadioShack were related to those charged to other OEMs. Circuit City and RadioShack do not dispute their inability to present evidence that they were specifically targeted by the conspiracy, and in fact, their liability expert, Dr. John Hayes, admitted at deposition that he did not identify a single communication among Defendants discussing either Circuit City or RadioShack. *See* Gelott Decl. [Dkt. No. 2346-8] Ex. 7, at 35:11–36:7; Opp. [Dkt. No. 2462] at 20–21. Nonetheless, they contend that evidence of targeting is not required by the antitrust laws, and instead, largely rely on expert testimony to establish causation of their injuries.

They present the testimony of two damages experts, Dr. James McClave and Dr. Alan Frankel. Dr. McClave's analysis opines on the amount, if any, by which prices of ODDs were elevated by the conspiracy, using defendants' transactional data in a multiple regression analysis to compare prices during the relevant time period to competitive prices during a time unaffected by the conspiracy as a benchmark. McClave Decl. [Dkt. No. 2466] at ¶¶ 1, 4–5. His analysis ultimately calculated an estimated overcharge of 13.5%, and he concluded that "it is reasonable

4

and appropriate to apply this 13.5% overcharge number to all drives at issue in this case." *Id.* ¶ 7. Relying on Dr. McClave's 13.5% overcharge percentage, Dr. Frankel calculates the amount of overcharges on ODD products attributable to the conspiracy, and provides overcharge subtotals for each product category. Frankel Decl. [Dkt. No. 2467] at ¶ 1.

Circuit City and RadioShack correctly conclude that Dr. McClave and Dr. Frankel's testimony is admissible. This does not equate, however, to evidence of causation of harm. Circuit City and RadioShack jumble evidence of damages with evidence of causation, but their burden remains to proffer evidence as to both of those elements separately. *See, e.g.*, *Catlin v. Wa. Energy Co.*, 791 F.2d 1343, 1347–48 (9th Cir. 1986) (noting that even though plaintiff showed proof of antitrust injury, "[n]o causal connection to [defendant's] conduct was demonstrated"); *Oregon Laborers-Emp'rs Health & Welfare Trust Fund v. Philip Morris Inc.*, 185 F.3d 957, 963 (9th Cir. 1999) ("A direct relationship between the injury and the alleged wrongdoing, although not the sole requirement of RICO and antitrust proximate causation, has been one of its central elements.") (internal quotation marks and citation omitted); *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 808 (9th Cir. 1988) (noting plaintiffs' failure to "make a showing sufficient to establish the amount, causation, or fact of damages"). Dr. McClave and Dr. Frankel, both as damages experts, do not opine on causation of harm, or present a theory of causation. Instead, Dr. McClave appears to assume that a conspiracy existed, and then calculates overcharge on products during the affected period. Neither he nor Dr. Frankel explain any theory as to how the conspiracy would have affected customers other than those specifically targeted, let alone present any evidence that this actually occurred. Given Circuit City and RadioShack's failure to proffer any evidence as to causation, they fail to raise a genuine issue of material fact, and Defendants' motion for summary judgment against them must be granted.

**II. Claims Based on Purchases of Products Incorporating ODDs, or "Other Products"**

Defendants also argue that they are entitled to summary judgment with respect to claims based on purchases of other products incorporating ODDs, including computers, as well as "Other Products," such as recording devices or gaming consoles, manufactured by Defendants. While the

issue need not be reached in light of the conclusion above, it is worth noting that Circuit City and RadioShack appear to misunderstand their burden of proof at summary judgment. Defendants have, in their opening brief, successfully shown an "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. at 325. Circuit City and RadioShack respond insisting Defendants fail to "cit[e] a shred of testimony from any economic experts of their own," and that Defendants' argument must fail because of Circuit City and RadioShack's "unchallenged expert evidence." Opp. [Dkt. No. 2462] at 22–23. It is not, however, Defendants' obligation to offer a rebuttal expert at summary judgment, but only to demonstrate the lack of a genuine issue of material fact. Nor can Circuit City and RadioShack fill their evidentiary void with what they call "expert evidence." While expert testimony is useful to interpreting record evidence, it cannot stand in its place. *See Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, . . . it cannot support a jury's verdict. Expert testimony is useful as a guide to interpreting market facts, but it is not a substitute for them.") (citation omitted).

Here, Circuit City and RadioShack do not advance sufficient evidence to proceed with their claims based on purchases incorporating ODDs or "Other Products." While their experts, Dr. Hayes and Dr. Frankel, show plausible theories as to how vertically integrated defendants could benefit from a conspiracy to charge supra-competitive rates with respect to products incorporating ODDs, these plaintiffs offer no underlying evidence showing that this actually occurred in reality. Indeed, Dr. Hayes admitted as much at deposition. *See* Gelott Decl. [Dkt. No. 2346-8] Ex. 7, at 81:2–84:5. With respect to "Other Products," Defendants similarly point to various evidence tending to show that the optical disc technology in these "Other Products" is not interchangeable with the ODDs at issue in this litigation. While Dr. Fontecchio provides a contradictory opinion, again it is not a substitute for concrete evidence showing that his opinion is in fact based in reality. Moreover, at deposition, he conceded that more often than not, the majority of ODDs he reviewed did not contain interchangeable optical disc technology. *See* Gelott Decl. [Dkt. No. 2346-4] Ex. 3, at 37:24–38:9. In fact, he found only a single drive that was arguably interchangeable. *Id.* at 97:11–98:16. Given the vast amount of damages that Circuit City and RadioShack attribute to

6

"Other Products,"—nearly $75 million—this lone example is insufficient to raise a genuine issue of material fact. Without the necessary evidence underpinning their theories, Circuit City and RadioShack cannot show a genuine issue of material fact as to products incorporating ODDs or "Other Products," and thus cannot survive summary judgment.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment against the trustees of Circuit City and Radio Shack is granted.

**IT IS SO ORDERED.**

Dated: 12/18/17

RICHARD SEEBORG
United States District Judge