UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL INDIRECT PURCHASER ACTIONS | Case No. 10-md-02143-RS<br><br>**ORDER DENYING DECERTIFICATION OF THE INDIRECT PURCHASER PLAINTIFF CLASS**[1]<br><br>Re: Dkt. No. 2379 |

**INTRODUCTION**

In addition to their Motion for Summary Judgment, Defendants[2] also move for decertification of the indirect purchaser plaintiff ("IPP") class. Their motion focuses on IPPs' theory of pass-through, repeating their arguments from the last round of motions on class certification and indeed overlapping with their arguments in support of summary judgment. Defendants' arguments are well taken in the context of summary judgment, as IPPs do not carry their burden to show a genuine issue of material fact as to pass-through due to insufficiency of the evidence underpinning their theory. The theory itself, however, as well as the methodology underlying it, is still plausible. While reaching this issue is unnecessary in light of the grant of summary judgment, Defendants' motion is nonetheless denied.

---

[1] This is one of several orders issued contemporaneously addressing the dispositive motions in the *In re Optical Disk Drive Antitrust Litigation*, No. 10-md-02143. *See also* Summary of Rulings.
[2] The moving defendants are Samsung Electronics Co., Ltd.; BenQ Corporation; BenQ America Corp.; Toshiba Corporation; Toshiba Samsung Storage Technology Corporation; and Toshiba Samsung Storage Technology Corporation Korea.

**LEGAL STANDARD**

"District court[s] retain[] the flexibility to address problems with a certified class as they arise, including the ability to decertify." *United Steel Workers v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010). "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). The standard for decertification is the same as it is for class certification: whether the requirements of Federal Rule of Civil Procedure 23 are met. *See Marlo v. United Parcel Serv., Inc.*, 629 F.3d 942, 947 (9th Cir. 2011). Nonetheless, "[t]o prevail on its decertification motion, defendant[s] face[] a heavy burden because 'doubts regarding the propriety of class certification should be resolved in favor of certification.'" *Gonzalez v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140, 1154 (S.D. Cal. 2007).

Federal Rule of Civil Procedure 23 governs class actions. "Before certifying a class, the trial court must conduct a rigorous analysis to determine whether the party seeking certification has met the prerequisites of Rule 23." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012) (internal quotation marks omitted). The burden is on the party seeking certification to show, by a preponderance of the evidence, that the prerequisites have been met. *See Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *Conn. Ret. Plans & Trust Funds v. Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011).

Certification under Rule 23 is a two-step process. The party seeking certification must first satisfy the four threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy. Specifically, Rule 23(a) requires a showing that:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The party seeking certification must then establish that one of the three grounds for certification applies. *See* Fed. R. Civ. P. 23(b). Plaintiffs invoke Rule 23(b)(3).

Rule 23(b)(3) provides that a class action may be maintained where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(2)(3). The matters pertinent to these findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

*Id.*

In considering a motion for class certification, the substantive allegations of the complaint are accepted as true, but "the court need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through a class action." *Hanni v. Am. Airlines, Inc.*, No. 08–cv–00732–CW, 2010 WL 289297, at *8 (N.D. Cal. Jan. 15, 2010); *see also Jordan v. Paul Fin., LLC*, 285 F.R.D. 435, 447 (N.D. Cal.2012) ("[Courts] need not blindly rely on conclusory allegations which parrot Rule 23 requirements."). Accordingly, "the court may consider supplemental evidentiary submissions of the parties." *Hanni*, 2010 WL 289297, at *8; *see also Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975).

"A court's class-certification analysis . . . may entail some overlap with the merits of the plaintiff's underlying claim." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 465–66 (2013) (internal quotation marks omitted). However, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* at 466. "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*

**DISCUSSION**

Defendants move for decertification on the grounds that IPPs have failed to offer class-wide evidence in support of their reduced quality theory of pass-through, arguing that their theory is built on an unsupported assumption, refuted and undermined by the record evidence. They

dispute that Dr. Flamm's economic analysis can compensate for IPPs' evidentiary shortcomings. Those arguments, however, go to whether they are entitled to summary judgment on the merits of these issues, which, indeed, they are, *see* Order Granting Summary Judgment Against IPPs. They are not dispositive on the question of whether class certification is appropriate. While Defendants do not specify which of Rule 23's requirements they believe IPPs have not met, it appears that their argument disputes that common questions of law or fact predominate because of the variance in pricing practices and profit margins among manufacturers and retailers. This argument misunderstands the predominance inquiry, which looks to whether there are "questions of law or fact *common to class members*," Fed. R. Civ. P. 23(b)(2)(3) (emphasis added), not to whether all industry members followed similar pricing practices.

Indeed, as noted in the last round of class certification briefing, "[t]he crucial point is that whether the IPPs['] theory is right or wrong, it is something that can be decided on a class-wide basis." Order Granting Renewed Mot. for Class Cert. at 19. While the merits of the theory have proven to be unsupported by the record evidence, that theory was nonetheless appropriate for disposition on a class-wide basis, which Defendants have shown through their successful Motion for Summary Judgment. For these reasons, Defendants' Motion for Decertification of the Indirect Purchaser Plaintiff Class is denied.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Decertification of the Indirect Purchaser Class is denied.

**IT IS SO ORDERED.**

Dated: 12/18/17

_____
RICHARD SEEBORG
United States District Judge