David M. Stern (State Bar No. 67697)
Michael L. Tuchin (State Bar No. 150375)
Robert J. Pfister (State Bar No. 241370)
Jonathan M. Weiss (State Bar No. 281217)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone:   310-407-4000
Facsimile:   310-407-9090
Email:       dstern@ktbslaw.com
             mtuchin@ktbslaw.com
             rpfister@ktbslaw.com
             jweiss@ktbslaw.com

Steven T. Gubner (State Bar No. 156593)
Jason B. Komorsky (State Bar No. 155677)
Michael W. Davis (State Bar No. 274126)
BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: 818-827-9000
Facsimile: 818-827-9099
Email:       sgubner@brutzkusgubner.com
             jkomorsky@brutzkusgubner.com
             mdavis@brutzkusgubner.com

*Attorneys for Plaintiffs Alfred H. Siegel, as Trustee for the Circuit City Stores, Inc. Liquidating Trust and Peter Kravitz, as Trustee for the RSH Liquidating Trust*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | Master File No.: 3:10-md-2143 RS |
| | Case Numbers: 3:15-cv-03248-RS<br>3:15-cv-06325-RS |
| This document relates to:<br><br>*Siegel v. Sony Corporation, et al.*<br>No. 3:15-cv-03248-RS<br><br>*Kravitz v. Sony Corporation, et al.*<br>No. 3:15-cv-06325-RS | **DECLARATION OF ADAM K. FONTECCHIO IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT AGAINST CIRCUIT CITY TRUST AND RADIOSHACK TRUST**<br><br>Date:      September 26, 2017<br>Time:      9:00 a.m.<br>Location:  Courtroom 3, 17th Floor<br>Judge:     Honorable Richard Seeborg |

**PUBLIC VERSION OF DOCUMENT PREVIOUSLY FILED UNDER SEAL PURSUANT TO COURT ORDERS [DKT. NOS. 2721 & 2773]**

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

I, Adam K. Fontecchio, declare as follows:

1. I have been retained by counsel representing the Circuit City and RadioShack trustees to provide expert technological analysis of optical disc drives, including the various types of such drives, their operation and functionality, and the similarity of drives across manufacturers and end-use applications. As briefly set out below and more fully discussed in my two expert reports, there is no categorical difference between optical disc drives that were ultimately placed into computers and optical disc drives that were ultimately placed into players and consoles, and I have found multiple examples of essentially identical drives – manufactured by the same entities, such as TSST – being installed in both computers and players and consoles. The arguments of defendants and their expert (Dr. Masud Mansuripur) to the contrary boil down to mere wordplay: the same device is an "ODD" if it is found in a computer but is merely a "box with optical functionality" if it is found in a player or console. There is no technical or even logical basis for this categorical distinction, as defendants' expert admitted at deposition.

2. Nothing in this declaration is intended to alter or vary the analysis and conclusions that were presented in expert discovery, during which I prepared detailed expert reports (opening and rebuttal) and sat for two depositions (opening and rebuttal). I stand by my prior testimony in its entirety. Given the technical nature of the formal reports and the length of my deposition testimony, I submit this declaration merely to summarize the testimony that I will give at trial.

3. By way of background, I have a Ph.D. in physics from Brown University, and am a tenured full professor of electrical engineering at Drexel University. I have researched, written about, lectured and taught at the graduate and undergraduate levels on, and designed courses concerning the function and use of various electro-optic technologies for decades. At my university laboratory, I have built and maintain an extensive collection of optical disc drives, and one of the courses I designed and co-teach to graduate engineering students involves disassembling these types of drives to study their operation and functionality.

4. Based on my extensive experience and training in this field, I can state without qualification that the various types of optical disc drives at issue in this case – regardless of their

1  ultimate intended end use – are made using standard components, use industry-standard
2  operations, are designed to be used in multiple devices and device types, and are built to have
3  backwards-compatible functionality such that optical media can be played on multiple types of
4  players. In my opening report, I observed that there are certain differences between and among
5  various optical disc drives manufactured by different conspirators over the six-year conspiracy
6  period, such as: (i) whether the drive can merely read discs versus whether it can also write to
7  blank discs, or even rewrite over existing information; (ii) whether the drive is capable only of
8  reading/writing/rewriting discs in the CD format, or whether it can also read/write/rewrite DVDs
9  or even Blu-Rays; and (iii) whether the drive is, *e.g.*, a standalone half-height unit with its own
10 case and a cord that can be plugged into the back of a computer, or a slim drive built into a large
11 desktop computer, or an ultra-slim drive squeezed into a laptop. These and similar variations are
12 unremarkable, and are true of drives that were sold as standalone units and also of drives that were
13 placed in computers.

14  5. In response to my opening expert report, the defendants' technical expert (Dr.
15 Mansuripur) seized on a completely different definitional criterion: whether a particular drive was
16 marketed and sold to be incorporated into computers (in which case defendants call it an "ODD")
17 versus whether the drive was marketed and sold to be incorporated into players and consoles (in
18 which case defendants contend it is merely a box with optical functionality). At his deposition,
19 Dr. Mansuripur conceded that this supposed distinction is one that he is using solely for purposes
20 of this litigation, and is not a distinction he draws in his teaching, writing, or other non-litigation
21 analysis. Indeed, he admitted that rather than bring to bear any technical knowledge, training, or
22 expertise, he simply looked up various drive serial numbers on the internet to see if a particular
23 drive was marketed for use with computers (in which case it was an ODD) versus whether it was
24 marketed for players and consoles (in which case it was not an ODD).

25  6. I disagree with Dr. Mansuripur. To demonstrate the fallacy of his definitional
26 criterion, I prepared a rebuttal report demonstrating that the preassembled drives found in players
27 and consoles are in all material respects the same as the preassembled drives found in computers.
28

For example, I analyzed a Samsung DVD-VR375 player manufactured in 2008. The photo below (with the cover removed) shows the pre-assembled ODD mounted to the chassis (on the left):



7. The ODD installed in this player is a standard DVD±R/RW drive model TS-P632 manufactured by defendant TSST, as by the label in the upper-right corner:



1    8. This is just one example of an optical disc drive manufactured by one defendant
2 (here, TSST) and incorporated into a finished player made by another defendant (here, Samsung).
3 By defendants' telling, the sole reason that the drive pictured above is not an "ODD" is that it was
4 ultimately incorporated into a DVD player rather than a computer.  I have collected nearly fifty
5 additional examples that make the same point, as fully set out in my rebuttal expert report.

6    I declare under penalty of perjury under the laws of the United States of America that the
7 foregoing is true and correct and was executed this 10th day of August 2017.

*/s/ Adam K. Fontecchio*

Adam K. Fontecchio

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000