David M. Stern (State Bar No. 67697)
Michael L. Tuchin (State Bar No. 150375)
Robert J. Pfister (State Bar No. 241370)
Jonathan M. Weiss (State Bar No. 281217)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone:    310-407-4000
Facsimile:    310-407-9090
Email:        dstern@ktbslaw.com
              mtuchin@ktbslaw.com
              rpfister@ktbslaw.com
              jweiss@ktbslaw.com

Steven T. Gubner (State Bar No. 156593)
Jason B. Komorsky (State Bar No. 155677)
Michael W. Davis (State Bar No. 274126)
BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: 818-827-9000
Facsimile: 818-827-9099
Email:     sgubner@brutzkusgubner.com
           jkomorsky@brutzkusgubner.com
           mdavis@brutzkusgubner.com

*Attorneys for Plaintiffs Alfred H. Siegel, as Trustee for the Circuit City Stores, Inc. Liquidating Trust and Peter Kravitz, as Trustee for the RSH Liquidating Trust*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | Master File No.:  3:10-md-2143 RS |
| | Case Numbers:  3:15-cv-03248-RS<br>3:15-cv-06325-RS |
| This document relates to:<br><br>*Siegel v. Sony Corporation, et al.*<br>No. 3:15-cv-03248-RS<br><br>*Kravitz v. Sony Corporation, et al.*<br>No. 3:15-cv-06325-RS | **DECLARATION OF ALAN S. FRANKEL, IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT AGAINST CIRCUIT CITY TRUST AND RADIOSHACK TRUST**<br><br>Date:      September 26, 2017<br>Time:      9:00 a.m.<br>Location:  Courtroom 3, 17th Floor<br>Judge:     Honorable Richard Seeborg |

**PUBLIC VERSION OF DOCUMENT PREVIOUSLY FILED UNDER SEAL PURSUANT TO COURT ORDERS [DKT. NOS. 2721 & 2773]**

I, Alan S. Frankel, declare as follows:

1. I was retained by counsel representing the Circuit City and RadioShack trustees to calculate the amount of overcharges on optical disk drive products attributable to the optical disk drive price-fixing conspiracy, and I provided overcharge subtotals for each product category. In making these calculations, I relied on the optical disk drive overcharge percentage opinion rendered by Dr. James T. McClave, another expert retained by counsel representing the Circuit City and RadioShack trustees, and I applied Dr. McClave's 13.5% overcharge percentage across the spectrum of drives for which Dr. McClave has opined that the overcharge percentage is properly applied – *i.e.*, for optical disk drives used in all optical disk drive products for which Circuit City and RadioShack claim damages. I have calculated aggregate damages at issue for all categories of drives in the case as between $71.1 million and $81.7 million, after taking into account the decision by the Circuit City and RadioShack trustees to drop their claims relating to the plaintiffs' purchases of audio players and combo TVs.

2. Nothing in this declaration is intended to alter or depart from the analysis and conclusions that I presented in my detailed expert reports (opening and rebuttal) and two depositions (opening and rebuttal). I stand by my prior testimony. I submit this declaration to summarize certain aspects of the testimony that I will give at trial.

3. I have a Ph.D. in economics from the University of Chicago, and have researched, written about, and consulted in this field for several decades. I am a Senior Editor of the Antitrust Law Journal, the leading law review devoted to economic and legal issues arising in antitrust, competition and consumer protection disputes, and have served on the Editorial Board of the Journal since 1996. I am a member of the U.S. Advisory Board of the Loyola University Chicago Institute for Consumer Antitrust Studies, and an Adjunct Professor at the Loyola University Chicago School of Law, where I teach a course in Law & Economics.

4. The process of computing damages in a price-fixing case such as this is, broadly speaking, two-fold. One task typically involves an analysis of prices charged by the defendants and their co-conspirators, and the construction of an appropriate multiple regression model (or

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

other methodology) from which an overcharge percentage can be determined. Here, that task was completed by Dr. McClave, whose work is described in his reports and deposition testimony. Another task involves an analysis of the volume of plaintiffs' purchases that were subject to overcharges, and the application of the overcharge percentage to such purchases. That was my task in this case – along with an intermediate step, an analysis of the passing on of overcharges by optical disk drive product manufacturers. In undertaking my work, I relied on inputs from Dr. McClave: (1) his determination that optical disk drive prices were elevated by 13.5% due to the conspiracy; (2) his opinion that this 13.5% figure applies to all categories of drives at issue in this case; and (3) his tabulation of average prices of drives of various types, by month, during the conspiracy.

5. I determined the quantity of optical disk drive products purchased by Circuit City and RadioShack and applied Dr. McClave's 13.5% overcharge figure, multiplied by the average price of the drives, to that quantity of purchases. For standalone drives and computer drives purchased by Circuit City and RadioShack, aggregate damages range from $22.2 million to $26.4 million. (As is not uncommon in these matters, damages are expressed as a range because they can vary depending on alternative adjustments.) For these and other optical disk drive products, I provided subtotals for each product category (e.g., desktop computers, notebook computers, standalone drives, DVD players, etc.). I initially included damages for audio player drives (ranging from $9.3 million to $11.0 million) and combo TV drives ($0.48 million to $0.52 million), but I understand that the Circuit City and RadioShack trustees have dropped their claims with respect to these two product categories; as a result, my computations for these products are moot. For Blu-Ray player drives purchased by Circuit City and RadioShack, aggregate damages range from $7.8 million to $8.0 million; for DVD player drives, from $30.5 million to $35.7 million; and for game console drives, from zero (if pass-on must be taken into account)[1] to $11.5

---

[1] I understand that District Judge Tigar has determined that pass-on should not be taken into account in computing damages; rather, damages should equal the full amount of the

*(FOOTNOTE CONTINUED)*

million. Together, the aggregate damages for players and consoles are between $48.9 million and $55.2 million, and aggregate damages for all categories of products – standalone drives, computer drives, and player/console drives – are between $71.1 million and $81.7 million.

6. At my initial deposition in this case, I was shown photographs that are included in the declaration in support of defendants' motion. These photographs suggest that a subset of devices (such as the clock radio) may not include a preassembled optical disc drive that was the subject of a separate intra- or inter-defendant transaction. That being the case, and given that I am not (and have not professed to be) an expert in engineering, I was careful to describe the calculations set out in my rebuttal report as contingent on the ultimate establishment of a fact for a particular category of products: that the category is typified by the incorporation of preassembled optical disk drives that were the subject of intra- or inter-defendant transactions. I explained this conditionality at length in my rebuttal deposition testimony, where I noted that damages calculation are quite often based on the establishment at trial of particular facts or legal conditions.

7. I understand that the Circuit City and RadioShack trustees have elected to drop claims for damages for purchases of audio players (which were the subject of pictures shown to me at my deposition) and combo TVs. Accordingly, my revised calculation of the aggregate damages at issue for standalone, computer, and player drives would be $71.1 million to $81.7 million.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed this 10th day of August 2017.

_____
Alan S. Frankel

---

overcharges. Based upon that legal principle, the remainder of this declaration presents damages based on the full amount of overcharges on drives for consoles.