Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | No.  3:10-md-2143 RS (JCS) <br><br> NOTICE OF MOTION AND JOINT MOTION FOR INDICATIVE RULING SUPPORTING FEDERAL RULE OF CIVIL PROCEDURE 62.1(a)(3) REGARDING THE COURT'S WILLINGNESS TO ENTERTAIN A MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT <br><br> Date:   June 28, 2018 <br> Time:   1:30 p.m. <br> Dept:   Courtroom 3, 17th Floor <br> Judge: Hon. Richard Seeborg <br><br> DATE ACTION FILED: Oct. 27, 2009 |
| This Document Relates to: <br><br> ALL INDIRECT PURCHASER ACTIONS | |

010177-12 1033854 V1

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 28, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Judge Richard Seeborg of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Indirect Purchaser Plaintiffs will and hereby do move the Court for an indicative ruling supporting Federal Rule of Civil Procedure 62.1(a)(3) regarding the Court's willingness to entertain motions for approval of class action settlement.

This motion is based on this notice of motion and motion, the following memorandum of points and authorities, the pleadings and the papers on file in this action, and such other matters as the Court may consider.

## I.     INTRODUCTION

Indirect purchaser plaintiffs (IPPs) file this motion jointly with Samsung Electronics Co., Ltd., Toshiba Corporation, and Toshiba Samsung Storage Technology Corporation to effectuate the Court's review of a proposed full and final settlement reached between these parties. Because the judgment and IPPs' subsequent appeal in this action divested this Court of jurisdiction to consider the parties' proposed settlement, and because the district court should consider whether to approve a classwide settlement in the first instance, the parties respectfully request that the Court issue an indicative ruling regarding its willingness to consider the parties' motions for settlement approval. This will allow for a limited remand of the action from the Ninth Circuit so that the Court may then consider the proposed settlement in accordance with Federal Rule of Civil Procedure 23.

## II.     PROCEDURAL HISTORY

On December 18, 2017, this Court granted defendants' motion for summary judgment against the indirect purchaser plaintiffs.[1] The moving defendants were Samsung Electronics Co., Ltd., Toshiba Corporation, Toshiba Samsung Storage Technology Corporation, and Toshiba Samsung Storage Technology Korea Corporation (collectively Settling Defendants); and BenQ Corporation, and BenQ America Corp. (collectively, BenQ). On January 5, 2018, IPPs filed a notice of appeal.[2] On March 27, 2018, the IPPs reached an agreement in principle to settle the claims against the Settling Defendants.[3] Since then, the parties have finalized a Settlement Agreement.[4] Class Counsel are prepared to file a motion for preliminary approval of the settlement agreement within 14 days of a limited remand from the Ninth Circuit Court of Appeals.

Because the proposed settlement requires court approval pursuant to Federal Rule of Civil Procedure 23, and because such approval is properly considered in the first instance by a district

---

[1] Order Granting Summary Judgment Against the Indirect Purchaser Plaintiffs, Dec. 18, 2017, ECF No. 2711.

[2] Indirect Purchaser Class's Notice of Appeal, Jan. 5, 2018, ECF No. 2719.

[3] Declaration of Shana E. Scarlett in Support of Motion for Indicative Ruling Supporting Federal Rule of Civil Procedure 62.1(a)(3) Regarding the Court's Willingness to Entertain Motions for Approval of Class Action Settlement ("Scarlett Decl."), ¶ 2, concurrently filed herewith.

[4] Scarlett Decl., Ex. 1.

court, the parties make a motion for an indicative ruling from the district court to allow the Ninth Circuit to return jurisdiction to this Court.

### III.   ARGUMENT

**A.   The Court is authorized to issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1.**

Most of the time, "a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[5] The limited remand procedure invoked here is an exception. In the Ninth Circuit, this procedure originated with *Crateo, Inc. v. Intermark, Inc*.[6] Limited remands became so "widely accepted" across the federal system that the procedure "has now been codified into the Federal Rules."[7] The trial and appellate rules now contain intertwined provisions guiding the limited remand process (Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1).

One court explained: "The procedure that must be followed under Rule 62.1 first involves asking the District Court to indicate what it would do with the question, or at least consider whether there is a serious issue raised."[8] The pertinent rule instructs:

> (a)   Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.[9]

The trial judge's "suggestion for remand" pursuant to subsection (3) is called, by custom and practice, an "indicative ruling."[10]

---

[5] *Griggs v. Provident Consumer Disc. Co*., 459 U.S. 56, 58 (1982).

[6] *Crateo, Inc. v. Intermark, Inc*., 536 F.2d 862, 869 (9th Cir. 1976).

[7] *Dominguez v. Gulf Coast Marine & Assocs., Inc*., 607 F.3d 1066, 1074 n.5 (5th Cir. 2010).

[8] *Defenders of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011).

[9] Fed. R. Civ. P. 62.1(a).

1   If the trial judge is "inclined to grant the request for an indicative ruling," the next step "is to
2   tell the parties and the Circuit Court of [this] intent."[11] It is then "up to the Circuit Court to decide
3   whether it will send the case back to the District Court and empower the lower court to rule."[12] If a
4   limited remand is granted, the Ninth Circuit "retains jurisdiction unless it expressly dismisses the
5   appeal."[13]

6   To be clear, an indicative ruling "does not tie" this Court "to a particular ruling" on plaintiffs'
7   motion for preliminary approval of the settlement.[14] Rather, an indicative ruling simply conveys the
8   Court's willingness to address the plaintiffs' motion on the merits should the Ninth Circuit
9   temporarily restore jurisdiction via limited remand.[15]

10   If the Court issues an indicating ruling, IPPs will "promptly notify" the Ninth Circuit clerk.[16]
11   Concurrent with that notification, IPPs will ask the Ninth Circuit to order a limited remand.[17]
12   Jurisdiction will remain in the Ninth Circuit Court of Appeals for the remaining defendants – BenQ
13   and Quanta Storage Inc.

**B.   The Court should indicate its willingness to consider a motion for settlement approval.**

The Court should issue an order indicating its willingness to consider the parties' motions for approval of the class action settlement reached in this action.

It is beyond dispute that there is an "'overriding public interest'" in the settlement of disputes:

> The Ninth Circuit is firmly committed to the rule that the law favors
> and encourages compromise settlements. There is an overriding public
> interest in settling and quieting litigation. It is well recognized that

---

[10] *Id.*, Advisory Committee Notes (2009 Adoption).

[11] *Defenders of Wildlife*, 776 F. Supp. 2d at 1182.

[12] *Id.*

[13] Fed. R. App. P. 12.1(b).

[14] *In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.*, 810 F. Supp. 2d 1060, 1066 (C.D. Cal. 2011) (asking Ninth Circuit to grant limited remand in light of intervening appellate precedent), *rev'd, in part, on other grounds sub nom, Lombardi v. DirecTV, Inc.*, 546 F. App'x 715 (9th Cir. 2013).

[15] *Id.*

[16] Fed. R. Civ. P. 62.1(b).

[17] Fed. R. App. P. 12.1(b).

> settlement agreements are judicially favored as a matter of sound public policy. Settlement agreements conserve judicial time and limit expensive litigation.[18]

Indeed, this is particularly true where, like here, "complex class action litigation is concerned."[19]

While the settlement of most private-party disputes does not require judicial approval, and can potentially be effectuated notwithstanding an underlying judgment or dismissal, class action settlements such as this one require judicial approval pursuant to Federal Rule of Civil Procedure 23.[20] This approval requires several steps.

The parties must first seek preliminary approval of the proposed settlement and the certification of a settlement class.[21] Assuming both are granted, class members will receive notice and an opportunity to object or opt out.[22] The district court will then consider final approval and conduct a fairness hearing.[23] Assuming the Court finds the settlement "fair, reasonable, and adequate,"[24] and no class members appeal from the rulings issued on the limited remand, the settlement would become final. As provided in their Settlement Agreement, the parties would thereafter file a motion or stipulation with the Ninth Circuit to dismiss the pending appeal as against the Settling Defendants as moot.[25] This procedure for approval, however, cannot occur without the remand of this action from the Ninth Circuit, which requires an order from this Court indicating its willingness to consider the proposed settlement.[26]

The parties are not yet asking the Court to approve the proposed settlement – only to indicate that the proposed Settlement Agreement at the very least raises substantial issues to be adjudicated.

---

[18] *Camacho v. City of San Luis*, 359 F. App'x 794, 796 (9th Cir. 2009) (quoting *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)).

[19] *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

[20] *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 623 (9th Cir. 1982).

[21] Fed. R. Civ. P. 23(c)(1), (e)(3).

[22] Fed. R. Civ. P. 23(b)(3), (c)(2)(B), (e)(1), (e)(5).

[23] Fed. R. Civ. P. 23(e)(2).

[24] *Id.*

[25] *See* Fed. R. App. P. 42(b).

[26] *See Maine v. Taylor*, 477 U.S. 131, 144-45 (1986) ("[F]actfinding, '"is the basic responsibility of district courts, rather than appellate courts."'").

However, there is no reason to believe that the proposed settlement suffers from any deficiencies that would warrant denial of preliminary approval.

As set forth in more detail in the Settlement Agreement, the proposed settlement calls for a $25 million cash payment by Samsung Electronics Co., Ltd., Toshiba Corporation, and Toshiba Samsung Storage Technology Corporation to the class, with no reversion. Scarlett Decl., Ex. 1, ¶ 17. It was negotiated by counsel highly experienced in litigating complex antitrust class actions such as these. The settlement was reached through arm's-length negotiations over a period of months with the assistance of a nationally-renowned mediator. And the investigation and procedural posture of the action were such that counsel was fully informed of the strengths and weaknesses of the litigation. Scarlett Decl., ¶¶ 2-3. Under such circumstances, the settlement is entitled to a "presumption of fairness," and there is no reason to doubt that the settlement should be considered by the court and the class.[27]

### IV.  CONCLUSION

For all these reasons, the parties respectfully request that the Court issue an order indicating that the parties have raised a substantial issue warranting limited remand from the Ninth Circuit in order to consider the parties' proposed settlement.

DATED: May 24, 2018               HAGENS BERMAN SOBOL SHAPIRO LLP

                                  By   s/ Shana E. Scarlett
                                       SHANA E. SCARLETT

                                  Jeff D. Friedman (173886)
                                  715 Hearst Avenue, Suite 202
                                  Berkeley, CA 94710
                                  Telephone: (510) 725-3000
                                  Facsimile:  (510) 725-3001
                                  jefff@hbsslaw.com
                                  shanas@hbsslaw.com

---

[27] *Arnold v. Ariz. Dep't of Pub. Safety*, No. CV-01-1463-PHX-LOA, 2006 U.S. Dist. LEXIS 53315, at *32-*33 (D. Ariz. July 31, 2006).

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*

MOT. FOR INDICATIVE RULING – Case No.: 3:10-md-2143 RS

-6-

010177-12 1033854 V1