# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: ALL INDIRECT-PURCHASER ACTIONS** | **Case No. 3:10-MD-2143-RS MDL No. 2143** |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 23rd day of May, 2018, by and between Samsung Electronics Co., Ltd. ("Samsung"), Toshiba Corporation ("Toshiba"), and Toshiba Samsung Storage Technology Corporation ("TSST") (collectively "Settling Defendants"), on the one hand, and the indirect-purchaser plaintiff class representatives ("Plaintiffs"), both individually and on behalf of a settlement class of indirect purchasers of Optical Disk Drives ("ODDs" as defined in Paragraph 1 below), on the other.

WHEREAS, Plaintiffs are prosecuting the above *In Re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143 (N.D. Cal.) (the "Action"), on their own behalf and on behalf of the Class against, among others, Settling Defendants;

WHEREAS, Plaintiffs allege that Settling Defendants participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of ODDs at artificially high levels in violation of Section 1 of the Sherman Act and various state antitrust and consumer protection statutes;

WHEREAS, Settling Defendants forcefully deny Plaintiffs' allegations and have asserted good defenses to Plaintiffs' claims;

1

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law underlying the Action and have concluded that resolving claims against Settling Defendants according to the terms set forth below is in the best interest of Plaintiffs and the Class;

WHEREAS, Settling Defendants, despite their belief that they are not liable for the claims asserted and that they have good defenses thereto, and without admitting any liability or wrongdoing, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Settling Defendants, based on the allegations of the Action, as more particularly set out below;

WHEREAS, Settling Defendants shall pay into the Settlement Fund in consideration of the covenants, agreements, and releases set forth herein, and Plaintiffs and Settling Defendants agree that the Settlement Fund does not exceed the actual damages claimed by the Plaintiffs;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs, the Class, or Releasees, subject to the approval of the Court, on the following terms and conditions:

A.  <u>Definitions</u>.

1.  For purposes of this Agreement, "the Settlement Class" shall be the Class certified by the Order Granting Indirect Purchasers' Renewed Motion for Class Certification (ECF No. 1783), defined as: "All persons and entities who, as residents of Arizona, California, District of

Columbia, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Tennessee, Utah, Vermont, West Virginia, and Wisconsin and during the period April 2003 to December 2008, purchased new for their own use and not for resale: (i) a computer with an internal ODD; (ii) a stand-alone ODD designed for internal use in computers; or (iii) an ODD designed to be attached externally to a computer. ODD refers to a DVD-RW, DVD-ROM, or COMBO drive manufactured by one or more Defendants or their alleged coconspirators. Excluded from the class are any purchases of Panasonic branded computers." The parties to this Agreement hereby stipulate for purposes of this settlement only, that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied.

2.      "Releasees" shall refer to Samsung Electronics Co., Ltd., Toshiba Corporation, Toshiba Samsung Storage Technology Corporation and to all of their respective past and present, direct and indirect, parents, subsidiaries, joint ventures, unincorporated entities, divisions, groups and affiliates; all predecessors, successors and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, stockholders, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. For the avoidance of doubt, "Releasees" shall expressly include Samsung Electronics America, Inc., Samsung Semiconductor Inc., Toshiba Samsung Storage Technology Korea Corporation, Toshiba America Information Systems, Inc., and Toshiba America Consumer Products, Inc.

3.      "Class Member" means each member of the Class with the exception of any member of the Class who makes a timely election to be excluded from the Class and notice of such election is provided to counsel for Settling Defendants in conformance with Paragraph 19

of this Agreement.

4.    "Releasors" shall refer to the indirect-purchaser plaintiff Class representatives and the Class Members, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing.

5.    "The Settlement Fund" shall be US $25,000,000 specified in Paragraph 17 plus accrued interest on said deposits set forth in Paragraph 18.

6.    "Lead Counsel" shall refer to the law firm of:

> Hagens Berman Sobol Shapiro LLP
> 715 Hearst Avenue, Suite 202
> Berkeley, CA 94710

B.    <u>Approval of this Agreement and Dismissal of Claims Against Settling Defendants.</u>

7.    Plaintiffs and Settling Defendants shall use their best efforts to effectuate this Agreement, including cooperating in seeking the District Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the prompt, complete, and final dismissal with prejudice of the Action as to Releasees only.  Within five business days from the effective date of this Agreement as provided in Paragraph 1, Plaintiffs shall file with the U.S. Court of Appeals for the Ninth Circuit a Motion for Limited Remand, the text of which Plaintiffs' Lead Counsel and counsel for Settling Defendants shall agree upon.

8.    After providing Settling Defendants with at least two business days' notice and the opportunity to comment, Plaintiffs shall submit to the District Court a motion for

authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all potential Class Members (the "Motion"). If notice to the Class is given jointly with any other settling defendant, the costs of notice and claims administration payable from the Settlement Amount as provided for in paragraph 20(a) shall be prorated between or among Settling Defendants and such other settling defendant(s) based on the amount of their respective contributions. The Motion shall include (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order and final judgment. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and Settling Defendants before submission of the Motion. Individual notice of the settlement shall be as provided in the Motion and as approved by the Court, with all expenses paid from the Settlement Fund, subject to Paragraph 20(a). To the extent that any changes are required to the form of the Proposed Order and Final Judgment, the parties will negotiate and agree upon the form of Order and Final Judgment prior to the filing of the motion for final approval. The Motion shall recite and ask the Court to find that the mailing of the notice of settlement to all members of the Class who can be identified upon reasonable effort constitutes valid, due and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

9.      Plaintiffs shall seek, and Settling Defendants will not object unreasonably to, the entry of an order and final judgment, the text of which Plaintiffs and Settling Defendants shall agree upon. The terms of that order and final judgment will include, at a minimum, the substance of the following provisions:

(a)      as to the Action, approving finally this Agreement and its terms as being a fair, reasonable and adequate settlement as to the Class Members

within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(b)      as to Releasees, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(c)      reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement, to the United States District Court for the Northern District of California; and

(d)      determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Releasees shall be final.

10.   This Agreement shall become final when (i) the Court has entered a final order certifying the Class described in Paragraph 1 and approving this Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Action with prejudice as to Releasees against all Class Members and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Releasees described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to Releasees have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times. On the date that Plaintiffs and Settling Defendants have executed this Agreement, Plaintiffs and Settling Defendants shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 20(a),

25, or 26 of this Agreement.

11.    The Parties agree that, consistent with the Motion for Limited Remand referenced above in Paragraph 7, Plaintiffs shall not prosecute their appeal to the U.S. Court of Appeals for the Ninth Circuit from the granting of the motion(s) for summary judgment as to the Settling Defendants during the pendency of Plaintiffs' efforts to seek the entry of an order and final judgment from the District Court (as contemplated by Paragraph 9).  Upon the date this Agreement becomes final in accordance with paragraph 10, Plaintiffs shall request that the U.S. Court of Appeals for the Ninth Circuit dismiss their pending appeal from the granting of the motion(s) for summary judgment as against the Settling Defendants. If the Agreement is not approved or does not otherwise become final, both Parties (Plaintiffs and Settling Defendants) retain all rights, and forfeit no rights in this Agreement, to prosecute or defend against Plaintiffs' pending appeal against the Settling Defendants.

12.    Upon the date this Agreement becomes final in accordance with paragraph 10, Plaintiffs shall withdraw their objections (ECF Nos. 2759, 2834 in the District Court proceedings) as to the Settling Defendants' Bills of Costs (ECF Nos. 2749, 2750, 2775 in the District Court proceedings), and Settling Defendants agree not to seek costs against Plaintiffs.

13.    Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by any Settling Defendants or Releasees, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither this Agreement, nor

7

any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, as defined below in Paragraph 14, or as otherwise required by law.

C.   Release, Discharge, and Covenant Not to Sue.

14.   In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in Paragraph 10 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 17 of this Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, claims, causes of action, injuries, damages, and the consequences thereof in any way based on, arising out of, or relating to any conduct, act, or omission that is alleged in Plaintiffs' Sixth Amended Class Action Complaint ("Complaint") or that could have been alleged in the Complaint or in any other class action complaint filed in the Action, up to the date of the execution of this Agreement (the "Released Claims"). The Released Claims do not include (i) claims for product defect or

8

personal injury, (ii) claims for breach of contract in the ordinary course of business that do not relate to conduct alleged in the Complaint or to competition in the sale of ODDs, or (iii) claims against parties other than Releasees for sales by those parties, or their alleged co-conspirators, of products which contain Releasees' ODDs. For purposes of clarity, the Released Claims include any claims under foreign or federal antitrust or competition laws or state antitrust or competition laws (including direct purchaser claims) that relate to or arise out of the sale of any of the ODDs or any of the products containing ODDs that are the subject of the Complaint.

15.    In addition to the provisions of Paragraph 14 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims which are the subject matter of the provisions of Paragraph 14 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter described in Paragraph 14 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

16.    The Releasors hereby covenant and agree that they shall not, hereafter, sue or otherwise seek to establish liability against any of the Releasees based, in whole or in part, upon any of the Released Claims or the conduct at issue in the Released Claims.

D.    <u>Settlement Amount</u>.

17.    (a) Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Settling Defendants shall cause the Settlement Amount of $25,000,000 (the "Settlement Amount") to be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 18 of this Agreement (the "Escrow Account") within thirty (30) days after execution of this Agreement.

(b) The Settlement Amount shall be paid via wire transfer to the following account:

Bank:                        The Huntington National Bank

Bank Address:                7 Easton Oval Columbus, Ohio 43219

Account Name:                National Settlements Wire Account

Account No.:                 01893320239

Wire Routing Transit No.:    044000024

SWIFT Code:                  HUNTUS33

(c) The total amount of USD$25,000,000 shall be distributed to the Settlement Class pursuant to a Court-approved claims process and shall be the source of any and all payments to all Settlement Class Members and reimbursement of litigation costs and attorneys' fees. There will be no reversion, unless the Agreement does not receive final approval, in which case all funds not previously spent on administrative costs pursuant to Paragraph 20 shall be returned pursuant to Paragraph 18(h).

18.    <u>Escrow Account</u>.

(a)     The Escrow Account will be established at Huntington National Bank, with such Bank serving as escrow agent ("Escrow Agent"), subject to escrow instructions mutually acceptable to Plaintiffs' Lead Counsel and Settling Defendants, such escrow to be administered under the Court's continuing supervision and control.

(b)     The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively, by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

(c)     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)     Plaintiffs and Settling Defendants agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. §l.468B-l. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 18, including the relation-back election (as defined in Treas. Reg. §l.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and

11

properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e)     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator shall be the Escrow Agent. The Escrow Agent or its designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(I)). Such returns (as well as the election described in Paragraph 18(d)) shall be consistent with Paragraph 18(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 18(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Settling Defendants or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 18(d) through 18(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 18(f) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)     Neither Settling Defendants nor any other Releasee nor their respective

12

counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither Settling Defendants nor any other Releasee is responsible nor shall they have any liability for any Taxes or Tax Expenses. Plaintiffs and Settling Defendants agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 18(d) through 18(g).

(h)     If this Agreement does not receive final Court approval, including final approval of "the Class" as defined in Paragraph 1, or if the Action is not certified as a class action for settlement purposes, then all amounts paid by Settling Defendants into the Settlement Fund (other than costs expended in accordance with Paragraph 20(a)) shall within thirty (30) calendar days be returned to Settling Defendants from the Escrow Account by the Escrow Agent along with any interest accrued thereon.

19.     Exclusions.

Within ten (10) business days after the end of the period to request exclusion from the Class, Lead Counsel will cause copies of all requests for exclusion from the Class to be provided to counsel for Settling Defendants. With respect to any potential Class member who requests

exclusion from the Class, Settling Defendants reserve all of their legal rights and defenses, including, but not limited to, any defenses relating to whether the excluded Class member is an indirect purchaser of any allegedly price fixed product and/or has standing to bring any claim.

      20.    <u>Payment of Expenses</u>.

        (a)    Settling Defendants agree to permit use of a maximum of US $700,000 of the Settlement Fund towards notice to the Class and the costs of administration of the Settlement Fund. The US $700,000 in notice and administration expenses are not recoverable if this settlement does not become final but only to the extent such funds are actually expended for notice and administration costs. Other than as set forth in this Paragraph 20(a), Settling Defendants shall not be liable for the costs of providing notice to the Class and the costs of administration of the Settlement Fund.

        (b)    If Lead Counsel enters into any other settlements on behalf of the Class before notice of this Agreement is given to the Class, Lead Counsel shall use its reasonable best efforts to provide a single notice to prospective Class members of all of the settlements.

E.    <u>The Settlement Fund</u>.

    21.    Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Releasees of all Released Claims, and shall have no other recovery against Settling Defendants or any other Releasee.

    22.    After this Agreement becomes final within the meaning of Paragraph 10, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment,

distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in Paragraph 20(a) of this Agreement.

23.    Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. Settling Defendants and the Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class' respective attorneys, experts, consultants, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

24.    <u>Class Counsel's Attorneys' Fees And Reimbursement of Expenses</u>.

(a)    Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them based solely from the Settlement Fund (the "Fee and Expense Award").

(b)    The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund to an account designated by Lead Counsel within 30 days of the Settling Defendants completing payment of the Settlement Amount so long as the Court has already approved the Fee and Expense Award. In the event that the Agreement does not become final within the meaning of Paragraph 10, or the order making the Fee and Expense Award is reversed or modified, then Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraphs 17-18 above. Lead Counsel shall allocate the attorneys' fees

among Class Counsel in a manner which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorney' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

(d)     Neither Settling Defendants nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(e)     Neither Settling Defendants nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F.     <u>Rescission if this Agreement is Not Approved or Final Judgment is Not Entered</u>.

25.   If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify a settlement class in accordance with the specific class definition set forth in Paragraph 1, or if such approval is substantively modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 9 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final

16

judgment is not affirmed in its entirety, then Settling Defendants and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 35. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

26.    In the event that this Agreement does not become final, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Settling Defendants less only disbursements made in accordance with Paragraph 20(a) of this Agreement. Settling Defendants and the Plaintiffs expressly reserve all of their rights and defenses, including their rights to prosecute or defend against Plaintiffs' pending appeal with the U.S. Court of Appeals for the Ninth Circuit, if this Agreement does not become final.

27.    This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement.

28.    The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 7-13 hereof, appropriate notice (1) of the settlement; and (2) of a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class Members.

H.    Miscellaneous.

29.    This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the Complaint or, if amended, any subsequent Complaint, against any defendant or alleged co-conspirator other than the Releasees. All rights against such other

defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Class. Settling Defendants' sales to the Class shall not be removed from the Action.

30.     The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Settling Defendants. This Agreement shall be governed by and interpreted according to the substantive laws of the state of California without regard to its choice of law or conflict of laws principles.

31.     This Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and Settling Defendants pertaining to the settlement of the Action against Settling Defendants, and supersedes all prior and contemporaneous undertakings of Plaintiffs and Settling Defendants in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and Settling Defendants, and approved by the Court.

32.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs, Settling Defendants and Releasees. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, Lead Counsel, or Class Counsel shall be binding upon all Class Members and Releasors. Each and every Releasee (other than the Settling Defendants that are parties hereto) is a third-party beneficiary of this Agreement and is authorized to enforce the Agreement's terms applicable to that Releasee.

33.     This Agreement may be executed in counterparts by Plaintiffs and Settling Defendants, and a facsimile signature shall be deemed an original signature for purposes of

executing this Agreement.

34.    Neither Plaintiffs nor Settling Defendants shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

35.    Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

36.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: May 23 2018

By: _____
JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

*Lead Counsel for Indirect Purchaser Plaintiffs*

Dated: May 23 2018

By: _____
BELINDA S LEE

Daniel M. Wall (Bar No. 102580)
Brendan A. McShane (Bar No. 227501)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

19

Facsimile: +1.415.395.8095
Dan.Wall@lw.com
Belinda.Lee@lw.com
Brendan.McShane@lw.com

*Counsel for Defendants Toshiba Corporation,
Toshiba Samsung Storage Technology
Corporation, and Toshiba Samsung Storage
Technology Korea Corporation*

Dated: May 23, 2018

By: _____
     IAN SIMMONS

David J. Ribner (*pro hac vice*)

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
isimmons@omm.com
dribner@omm.com

James Bo Pearl (S.B. #198481)
Stephen McIntyre (S.B. #274481)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
jpearl@omm.com
smcintyre@omm.com

*Attorneys for Defendant Samsung Electronics
Co., Ltd.*