Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (Pro Hac Vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for*
*Indirect Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | No. 3:10-md-02143-RS |
| | INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., TOSHIBA CORPORATION AND TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION AND DISSEMINATION OF CLASS NOTICE |
| ------------------------------------------------------- This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | Date:    Sept. 27, 2018 Time:    1:30 p.m. Dept:    Courtroom 3, 17th Floor Judge:  Hon. Richard Seeborg DATE ACTION FILED: Oct. 27, 2009 |

010177-12 1052903 V1

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 27, 2018, or as soon thereafter as the matter may be heard by the Honorable Richard Seeborg of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Indirect Purchaser Plaintiffs will and hereby do move the Court pursuant to Federal Rules of Civil Procedure 23 for an order:

1) preliminarily approving proposed class action settlements with Defendants Samsung Electronics Co., Ltd., Toshiba Corporation, and Toshiba Samsung Storage Technology Corporation (collectively, the "Samsung and Toshiba Defendants");

2) certifying the settlement classes;

3) appointing Hagens Berman Sobol Shapiro LLP as Class Counsel; and

4) approving the manner and form of notice and proposed plan of allocation to class members.

This Motion is based on this Notice of Motion and Motion for Preliminary Approval of Class Action Settlement with the Samsung and Toshiba Defendants and Dissemination of Class Notice, the following memorandum of points and authorities, the accompanying settlement agreement, the pleadings and the papers on file in this action and such other matters as the Court may consider.

1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................................1

II.     PROCEDURAL HISTORY ................................................................................................2

III.    SUMMARY OF SETTLEMENT TERMS ........................................................................3

      A.      The settlement class. ...............................................................................................3

      B.      The settlement consideration. ..................................................................................3

      C.      Release of claims. ....................................................................................................3

      D.      Notice and implementation of the settlement. .........................................................4

      E.      Plan of distribution. .................................................................................................4

IV.     ARGUMENT .....................................................................................................................5

      A.      The Court's role in approving a class action settlement. ..........................................5

            1.      The settlement is the result of arm's-length negotiations. ............................5

            2.      The settlement has no obvious deficiencies when considered in relation to the IPPs' case. ...............................................................................6

            3.      The settlement does not provide preferential treatment for segments of the class or the class representatives. .................................................7

            4.      The settlement falls within the range of possible approval. ..........................8

      B.      The proposed settlement class satisfies Rule 23 ......................................................8

      C.      The Court should reaffirm the appointment of class counsel. ..................................9

      D.      The proposed class notice and plan for dissemination meets the strictures of Rule 23. .................................................................................................9

      E.      Proposed schedule for dissemination of notice and final approval. .........................10

V.      CONCLUSION ...................................................................................................................11

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

### FEDERAL CASES

4

*Fraley v. Facebook, Inc.*,
   2012 U.S. Dist. LEXIS 116526 (N.D. Cal. Aug. 17, 2012) .......................................5, 8

*In re Tableware Antitrust Litig.*,
   484 F. Supp. 2d 1078 (N.D. Cal. 2007) ...................................................................5, 8

*Zepeda v. Paypal, Inc.*,
   2015 U.S. Dist. LEXIS 150577 (N.D. Cal. Nov. 5, 2015) ....................................5, 7, 8

5

6

7

8

9

### FEDERAL RULES

10

Federal Rule of Civil Procedure 23 ........................................................................... *passim*

Federal Rule of Civil Procedure 26 ......................................................................................7

Federal Rule of Civil Procedure 62.1(a)(3) .........................................................................1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Indirect Purchaser Plaintiffs (IPPs) seek preliminary approval under Federal Rule of Civil Procedure 23 for their proposed settlement with Samsung Electronics Co., Ltd. ("SEC"), Toshiba Corporation ("Toshiba Corp."), Toshiba Samsung Storage Technology Corporation ("TSST") (collectively, the "Samsung and Toshiba Defendants").

The settlement with the Samsung and Toshiba Defendants is for $25 million – approximately 12 percent of the damages attributable to these defendants. This brings the total settlements in the IPP case to $205 million, representing 19 percent of the total damages attributable to all defendants ($1.074 billion).

The settlement is an exceptional result for the class. IPPs reached the proposed settlement with these two defendant families despite this Court granting summary judgment against the IPPs in December 2017.[1] The proposed settlement requires certification by this Court of a settlement class, a class identical to that certified by the Court after the IPP's revised motion for class certification – purchasers of computers and stand-alone ODDs in 24 jurisdictions. The proposed structure of this settlement class, including its procedural administration, is identical to the seven settlement classes that this Court previously approved for the IPPs settlements with the Panasonic, NEC, Sony, HLDS, PLDS, Pioneer and Teac defendant families.[2] This Court has already reviewed this settlement at the request of IPPs and issued an indicative ruling of its willingness to entertain a motion for approval of the settlement, to allow the Ninth Circuit Court of Appeals to partially remand the case.[3]

---

[1] *See* Order Granting Summary Judgment Against the Indirect Purchaser Plaintiffs ("MSJ Order"), Dec. 28, 2017, ECF No. 2711.

[2] Order Granting Final Approval of Indirect Purchaser Plaintiffs' Settlements with Panasonic, NEC, Sony and HLDS Defendant Families, Granting Motion for Attorneys' Fees, Expenses and Service Awards, and Overruling Objections (Order Granting Panasonic, NEC Sony and HLDS Settlements), Dec. 19, 2016, ECF No. 2133; Order Granting Final Approval of Indirect Purchaser Plaintiffs' Settlements with PLDS, Pioneer, and Teac Defendant Families, Granting Motion for Attorney Fees, Expenses and Service Awards, and Denying Objections (Order Granting PLDS, Pioneer, and Teac Settlements), Nov. 7, 2017, ECF No. 2691.

[3] Order Granting Motion for Indicative Ruling Supporting Federal Rule of Civil Procedure 62.1(a)(3) Regarding the Court's Willingness to Entertain Motions for Approval of Class Action Settlement, May 29, 2018, ECF No. 2847.

MOT. FOR PRELIM. APPROVAL OF                    - 1 -
SAMSUNG & TOSHIBA SETTLEMENT
Case No.: 3:10-MD-02143-RS
010177-12 1052903 V1

1    IPPs propose a comprehensive notice program designed by an experienced notice

2    administrator – Hilsoft Notifications. Hilsoft Notifications was selected only after IPPs sent a request

3    for quotation to multiple vendors, and selected Hilsoft based on their proposed campaign after

4    considering cost, efficiencies, and proposed reach of notice. Direct notice will be sent to the

5    approximately 12.8 million class members for whom IPPs have email addresses.[4] Supplementing this

6    direct notice campaign, IPPs propose a robust online publication campaign that will ensure over 70

7    percent of class members receive notice. The proposed class notice provides class members with

8    notice both of the certification of the class and the proposed settlement.

9    Although class members will be able to make claims on the settlement, IPPs propose to

10   combine the $25 million from the Toshiba/Samsung settlement with the $180 million already

11   recovered on behalf of the class and distribute at the same time. Although the prior seven settlements

12   received final approval from this Court, there are five separate appeals pending in the Ninth Circuit

13   Court of Appeals by various objectors. All briefing is complete except for one remaining optional

14   reply brief to be filed on September 4, 2018, by serial objector Conner Erwin. No date for oral

15   argument on these appeals has yet been set.

16   Two defendant families remain – BenQ and Quanta. IPPs have appealed this Court's order

17   granting summary judgment and have requested that the Ninth Circuit Court of Appeals reverse this

18   Court's order and remand the proceedings for trial.

19   Accordingly, IPPs respectfully request an order: (1) preliminarily approving the proposed

20   class action settlement with the Samsung and Toshiba Defendants; (2) certifying the settlement class;

21   (3) appointing Hagens Berman Sobol Shapiro LLP as Class Counsel; and (4) approving the manner

22   and form of notice and proposed plan of allocation to class members.

## II.    PROCEDURAL HISTORY

23   IPPs do not recount for this Court the long history of the ODD litigation. On December 18,

24   2017, this Court granted defendants' motion for summary judgment against the indirect purchaser

---

[4] *See* Declaration of Cameron R. Azari, Esq., on Proposed Settlement Class Notice Program, ¶ 10, filed concurrently herewith.

plaintiffs. While that decision was on appeal, on March 27, 2018, the IPPs reached an agreement in principle to settle the claims against the Samsung and Toshiba Defendants; the agreement itself was executed on May 23, 2018.[5] All class representatives have approved the terms of this settlement.[6] The Ninth Circuit issued a limited remand so that this Court could evaluate the proposed settlement.[7]

## III.   SUMMARY OF SETTLEMENT TERMS

**A.    The settlement class.**

The proposed settlement class mirrors the class certified by this Court. That class is as follows:

> All persons and entities who, as residents of Arizona, California, District of Columbia, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Tennessee, Utah, Vermont, West Virginia and Wisconsin and during the period April 2003 to December 2008, purchased new for their own use and not for resale: (i) a computer with an internal ODD; (ii) a stand-alone ODD designed for internal use in computers; or (iii) an ODD designed to be attached externally to a computer. ODD refers to a DVD-RW, DVD-ROM, or COMBO drive manufactured by one or more Defendants or their coconspirators. Excluded from the class are any purchases of Panasonic-branded computers.

**B.    The settlement consideration.**

The settlement with the Samsung and Toshiba Defendants totals $25 million for the indirect purchaser class.[8] This fund is non-reversionary to the defendants, and IPPs will distribute as much of the funds to the IPP class as is economically feasible.

**C.    Release of claims.**

If the settlement becomes final, the plaintiffs and class members will release all federal and state law claims against the Samsung and Toshiba Defendants relating to the conduct alleged in plaintiffs' complaint, including "claims under foreign or federal antitrust or competition laws . . . that

---

[5] Declaration of Shana E. Scarlett in Support of Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendants Samsung and Toshiba and Dissemination of Class Notice (Scarlett Decl.), ¶ 2; Ex. 1, concurrently filed herewith.

[6] Scarlett Decl., ¶ 4.

[7] *Id.*, ¶ 5.

[8] Scarlett Decl., Ex. 1, ¶ 17.

relate to or arise out of the sale of any of the ODDs or any of the products containing ODDs" that are the subject of the complaint.[9] The releases do not preclude plaintiffs from pursuing their claims against the remaining defendants. The settlement releases only those claims of class members who are eligible to recover under the terms of the settlement.[10]

**D.      Notice and implementation of the settlement.**

IPPs submit proposed notices and a plan for the dissemination of notice. IPPs have obtained approximately 12.8 million email addresses for potential class members. The direct notice campaign will be supplemented with an online campaign and publication notice. In addition to the email notice, Hilsoft Notifications will mail a long-form claim notice to anybody who requests one via the toll-free phone number and email. The long-form notice will also be available for download and printing on the website, www.dollarsfordiskdrives.com.[11] A version of the long-form notice will also be used as the basis for "Frequently Asked Questions" on the webpage.

Hilsoft Notifications plans to supplement the direct notice campaign with digital advertisements, including banner advertisements in English and Spanish. Hisoft Notifications estimates that these web ads will generate approximately 300 million adult impressions.[12] Hilsoft Notifications will also release an informational press release to 15,000 media outlets. The notice administrator, Hilsoft Notifications, estimates that over 70 percent of class members will receive notice – which is sufficient to establish constitutional notice under Rule 23.[13]

**E.      Plan of distribution.**

IPPs propose to distribute the funds *pro rata* to class members based on: (1) the number of ODDs purchased by the class member; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. Plaintiffs propose the following additional administrative guidelines:

---

[9] *Id.*, Ex. 1, ¶ 14.

[10] *Id.*, Ex. 1, ¶¶ 4,14-16.

[11] Azari Decl., ¶ 20.

[12] *Id.*, ¶ 25.

[13] *Id.*, ¶ 17.

- All persons and entities who previously made claims in this litigation (on the prior seven settlements), will automatically be eligible to recover from this $25 million settlement, unless they exclude themselves.

- For ease of administration, the claims period for the prior seven settlements (which closed on October 30, 2017) will be re-opened, so that if a new claim is submitted by a class member they will recover from all eight settlements ($205 million).

- The new close of the claims period for all eight settlements will be June 28, 2019.

- All late claims will be honored; this includes a total of 3,312 late claims (3,055 individuals, 210 businesses, and 47 claims submitted through third party filers), submitted after the claims period for the prior settlements closed on October 30, 2017. IPPs will apply the same auditing and fraud review to these late claims as will be applied to timely claims.

To the extent that money is not able to be reasonably distributed to class members, IPPs propose that the money escheat to the federal or state governments.

## IV.   ARGUMENT

### A.   The Court's role in approving a class action settlement.

Federal Rule of Civil Procedure 23(e) requires judicial approval of any compromise or settlement of class action claims. Preliminary approval of a settlement and notice to the proposed class is appropriate if the proposed settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval.[14]

#### 1.   The settlement is the result of arm's-length negotiations.

This settlement is the product of extended, informed, arm's-length negotiations between counsel for the parties. The parties reached agreement after eight years of litigation, discovery and investigation and multiple conferrals of counsel and the parties concerning settlement constructs and amounts. In addition to these non-collusive negotiations between sophisticated counsel, the

---

[14] *See Zepeda v. Paypal, Inc.*, No. C 10-2500 SBA, 2015 U.S. Dist. LEXIS 150577, at *14 (N.D. Cal. Nov. 5, 2015); *Fraley v. Facebook, Inc.*, No. C 11-1726 RS, 2012 U.S. Dist. LEXIS 116526, at *4 n.1 (N.D. Cal. Aug. 17, 2012) (same); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (same).

negotiations between IPPs and Samsung and Toshiba were assisted by Eric Green, a nationally renowned, neutral mediator.[15]

The settlement bears none of the signs of collusion warned against by the Ninth Circuit, including: (a) when class counsel receive a disproportionate distribution of the settlement; (b) when the parties negotiate a "clear sailing" arrangement that provides for the payment of attorneys' fees separate and apart from class funds; or (c) when the parties arrange for fees not awarded to plaintiffs' counsel to revert to the defendants rather than the class. The proposed settlement is a common fund, all-in settlement with no possibility of reversion. The funds will be used to cover costs and fees and compensate the class based on a *pro rata* formula. There is no "clear sailing" provision, no payment of fees separate and apart from the class funds, and no "kicker" provision which would allow unawarded fees to revert to the defendants.[16]

The proposed class notice informs class members that Class Counsel will make a request for attorneys' fees up to 20 percent of the settlement fund.[17] In short, this settlement is entitled to a presumption of fairness and should be granted preliminary approval just as this Court previously granted preliminary approval to seven identically structured settlements against other defendants in this MDL.

### 2. The settlement has no obvious deficiencies when considered in relation to the IPPs' case.

The proposed settlement easily satisfies the requirements for preliminary approval. This Court is aware of the risk of no recovery faced by the class – this Court has already once denied a motion for class certification and has granted defendants' motion for summary judgment. The settlement represents an outstanding recovery for the class – ensuring an additional $25 million in recovery for the class, while preserving IPPs' claims against the remaining BenQ and Quanta defendants.

---

[15] Scarlett Decl., ¶ 3.

[16] *Id.*, ¶ 6.

[17] *Id.*, ¶ 8.

According to IPPs' Rule 26 expert report, indirect purchaser class suffered damages in the amount of $1.074 billion for the period of April 2003 through December 2008. Looking at the damages attributable to these defendants by their market share, SEC, Toshiba Corp., TSST and Toshiba Samsung Storage Technology Korea Corporation ("TSSTK") collectively had approximately 19 percent market share during the class period. This reflects approximately $204,022,000 in damages, if one were to consider only the market share of these defendants and single damages only. The settlement equates to a 12 percent recovery for these defendant families, again, considering only their market share. Compared against the prior settlements reached in the IPP action, these settlements are well within the appropriate range:

| | Contribution to Settlement Fund | Percent Share of ODD Market | Damages Attributed to Defendant Family | Percent Recovery for IPPs |
|---|---|---|---|---|
| HLDS | $73,000,000 | 26% | $283,483,200 | 26% |
| NEC/Sony (Joint Venture) | $35,000,000 | 10% | $107,380,000 | 33% |
| Panasonic | $16,500,000 | 12% | $128,856,000 | 13% |
| Pioneer | $10,500,000 | 6% | $64,428,000 | 16% |
| PLDS | $40,000,000 | 18% | $193,284,000 | 21% |
| TEAC | $5,000,000 | 2.5% | $26,800,000 | 19% |
| SEC/Toshiba Corp./TSST/TSSTK Samsung | $25,000,000 | 19% | $204,022,000 | 12% |
| **TOTAL** | **$205,000,000** | **94%** | **$1,008,253,200** | **20%** |

In total, all settlements to date represent a recovery of 20 percent of the damages attributable to the settled defendants' market share, and 19 percent of the total damages ($1.074 billion) suffered by indirect purchasers.

**3.      The settlement does not provide preferential treatment for segments of the class or the class representatives.**

The third factor to be considered by this Court in determining whether the settlement should be preliminarily approved is whether the settlement grants preferential treatment to class

representatives or segments of the class.[18] No such preferential treatment exists here. IPPs propose to compensate members of the classes according to a plan of distribution which provides for a *pro rata* share of the settlement fund based on: (1) the number of ODDs purchased by the class member; and (2) the number of valid claims filed.[19] There will be no reversion of unclaimed funds to any defendant.

### 4. The settlement falls within the range of possible approval.

To grant preliminary approval, this Court must decide that the settlement falls within the range of possible approval.[20] The amount of the recovery for the class certainly falls within a reasonable range given that the class faces the possibility of no recovery should the Ninth Circuit uphold the Court's ruling granting summary judgment. Recovery of an estimated 12 percent of damages attributable to the Samsung and Toshiba defendant families represents an outstanding recovery considering this risk.

## B. The proposed settlement class satisfies Rule 23.

Certification is appropriate where the proposed class and the proposed class representatives meet the four prerequisites of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation. In addition, certification of a class action for damages requires a showing that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

This Court has already found in the context of this litigation that the proposed class satisfies all of the elements of Federal Rule of Civil Procedure 23(a) and 23(b)(3).[21] More recently, this Court

---

[18] *Zepeda*, 2015 U.S. Dist. LEXIS 150577, at *14.

[19] Scarlett Decl., ¶ 7.

[20] *See Zepeda*, 2015 U.S. Dist. LEXIS 150577, at *14; *Fraley*, 2012 U.S. Dist. LEXIS 116526, at *4 n.1; *Tableware*, 484 F. Supp. 2d at 1079.

[21] Order Granting Indirect Purchasers' Renewed Motion for Class Certification, Feb. 8, 2016, ECF No. 1783.

made the same findings when declining to decertify the IPP class.[22] This Court has already found that seven previous settlement classes with defendants in this action, identical in structure to the proposed class here, satisfied all the elements of Rule 23.[23] No change in circumstance should require this Court to deviate from its prior findings certifying a class of indirect purchasers.

**C.    The Court should reaffirm the appointment of class counsel.**

Hagens Berman Sobol Shapiro LLP (Hagens Berman) has acted as lead counsel for the indirect purchaser class for the past eight years, since its initial appointment as interim lead counsel in 2010.[24] Hagens Berman requests that this appointment be reaffirmed. Under Rule 23, the appointment of class counsel, to "fairly and adequately represent the interests of the class" is required.[25] Hagens Berman has worked tirelessly on behalf of the class of indirect purchasers and will continue its quest in resolving this case and administering the settlement. Hagens Berman requests that it be allowed to continue representing the class.

**D.    The proposed class notice and plan for dissemination meets the strictures of Rule 23.**

Rule 23(e)(1) requires that a court approving a class action settlement must "direct notice in a reasonable manner to all class members who would be bound by the proposal." In addition, for Rule 23(b)(3) class, the court is required to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."[26] Hilsoft Notifications, an experienced notice and claims administrator, supports the proposed plan of notice. Hilsoft Notifications submits a declaration in support of the proposed notice plan attesting to its adequacy and constitutionality.[27]

---

[22] Order Denying Decertification of the Indirect Purchaser Plaintiff Class, Dec. 18, 2017, ECF No. 2709.

[23] Order Granting Panasonic, NEC Sony and HLDS Settlements; Order Granting PLDS, Pioneer, and Teac Settlements.

[24] Order, June 4, 2010, ECF No. 96.

[25] Fed. R. Civ. P. 23(g)(1)(A), (B).

[26] Fed. R. Civ. P. 23(c)(2)(B).

[27] Azari Decl., ¶ 37.

The proposed forms of notice provide all information required by Rule 23(c)(2)(B) to the settlement class, in language that is plain and easy to understand. IPPs have followed, as closely as possible, the language for settlements recommended by this District's Procedural Guidance for Class Action Settlements.[28] With this motion, IPPs provide proposed forms for publication notice, email notice, and frequently asked questions to be included on the website (www.dollarsfordiskdrives.com).[29]

The proposed plan of notice includes several components. Direct notice will be provided to the approximately 12.8 million class members for whom IPPs have collected direct contact information.[30] Direct notice will be supplemented with a publication notice program consisting of online publication (through search advertising, banner advertising, Facebook advertising, Twitter-promoted tweets) and a press release.[31] In addition, IPPs have established a website, www.dollarsfordiskdrives.com, to place important case documents and contact information for both class counsel and the notice and claims administrator. Hilsoft Notifications estimates that this notice campaign will reach more than 70 percent of class members.[32] These notice provisions meet the requirements of Rule 23 and will allow the class a full and fair opportunity to review and respond to the proposed settlement.

**E.     Proposed schedule for dissemination of notice and final approval.**

IPPs propose the following schedule for the dissemination of class notice and final approval

| Event | Proposed Deadline |
|---|---|
| Notice campaign to begin, including website, email, publication and Internet notice | 30 days from preliminary approval order |
| Last day for motion for attorneys' fees, costs, expenses, and service awards | 76 days from preliminary approval order |
| Last day for objections and requests for exclusion from the class | 90 days from preliminary approval order |

---

[28] *See* http://www.cand.uscourts.gov/ClassActionSettlementGuidance (last visited July 31, 2018).

[29] Azari Decl., ¶ 19.

[30] *Id.*, ¶ 10.

[31] *Id.*, ¶¶ 18-27.

[32] *Id.*, ¶ 17-27.

| Event | Proposed Deadline |
|---|---|
| | |
| Last day for motion in support of final approval of settlement | 14 days after objection deadline |
| Fairness Hearing | 35 days from motion for final approval, unless otherwise ordered by the Court. |
| Close of Claims Period | June 28, 2019 |

## V.    CONCLUSION

With this settlement, the IPPs have guaranteed recovery of $25 million for the indirect purchaser class and brought the total recovery for the indirect purchaser class to $205 million. The structure of the settlement with the Samsung and Toshiba Defendants, and the procedure for its administration, follows the prior settlement classes that this Court preliminarily approved. Respectfully, IPPs request that this Court enter an order: 1) preliminarily approving proposed class action settlement with the Samsung and Toshiba defendant families; 2) certifying the settlement class; 3) appointing Hagens Berman Sobol Shapiro LLP as Class Counsel; and 4) approving the manner and form of notice and proposed plan of allocation to class members.

DATED: August 23, 2018.                     HAGENS BERMAN SOBOL SHAPIRO LLP


By ___s/ Shana E. Scarlet_____
     SHANA E. SCARLETT

Jeff D. Friedman (173886)
715 Hearst Avenue, Suite 202
Berkeley, California  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*