United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | Case No. 3:10-md-02143 RS<br><br>MDL No. 2143 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS** |

The Court, having considered Direct Purchaser Plaintiffs' Motion for Order Authorizing Distribution of Settlement Funds ("Motion"), the Declaration of Rachel Christman re Claims Processing and Distribution of the Net Settlement Funds ("Christman Declaration"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that:

1. The Court previously granted final approval of all of the settlement agreements, found that due and adequate notice of the settlements was provided to the Class, and granted final approval of the Plan of Allocation set forth in the Class Notices. ECF No. 1006 ¶¶ 7, 10, 11; ECF No. 1266 ¶¶ 8, 11, 12; ECF No. 1389 ¶¶ 8, 11, 12; ECF No. 1842 ¶¶ 8, 11, 12.

2. The claims review process, as set forth in the Christman Declaration, was fair, adequate and reasonable, providing a full and fair opportunity for potential class members to

submit a valid claim.

3. The Settlement Administrator incurred a total of $235,764.80 in costs and expenses in processing and auditing claims, and related expenses from March 18, 2015 through January 31, 2019, and these costs and expenses were reasonably incurred in the ordinary course of administering the settlements and were necessary given the nature and scope of the case.

4. The Settlement Administrator's estimate that its remaining work from February 1, 2019 to the completion of final distribution will cost $117,863.63 is reasonable.

5. Class member Lansing Pipe & Flange, through its President Alan E. Lansing, has submitted a letter to the Court complaining that Lansing previously received notice that its claim had been "approved" in a "Total Approved Amount" of $122,925.00, but that it has since been advised by the Settlement Administrator that it will be receiving a settlement payment of only $261.43.  While it is understandable that confusion may have arisen from the wording of the prior notice that "your claim has been approved" in the amount $122,925.00, other language in the notice, as well as the explanations in the original settlement notices to the class, made clear that the settlement fund would be divided among all the claimants based on the total amount of approved claims, with each claimant getting a pro-rated portion of its own claim. Additionally, the notices explained that a claimant's "Total Approved Amount" was intended to represent the sums it had spent to purchase ODDs—with stand-alone ODDs valued at the actual purchase prices, and ODD's incorporated in other devices valued at certain fixed amounts ($32 per desktop or laptop computer, $73 per Blu-ray recorder/player or PlayStation 3, $20  per DVD recorder/player or PlayStation 2, $15 per CD recorder/player). Thus, the "Total Approved Amount" approximates what a claimant actually spent on ODDs, but it does *not* represent an estimate of the *damages* the claimant suffered from the alleged conspiracy to stabilize prices. Had direct purchasers proceeded to trial and succeeded in proving the conspiracy, that would not have entitled them to recover the entire amount they spent on ODDs, only the difference between what they actually paid and the lower amount they would have paid absent any illegal anticompetitive behavior. Thus, the $122,925.00 figure never represented Lansing's damages, and would not have been recoverable at

United States District Court
Northern District of California

trial, even if Lansing prevailed. Rather, recovery would have been limited to whatever smaller amount Lansing could prove it paid *in excess* of what ODDs would have cost without any conspiracy to stabilize prices.  Additionally in the context of a settlement, the amount plaintiffs receive is a compromise that may be substantially less than their maximum *possible* recovery at trial, but which avoids the expenses and risk of trial.  Accordingly, while Lansing may reasonably be disappointed in the settlement payment it will be receiving, there was never a basis for it to recover an amount anywhere close to $122,925.00, and there is no indication that its forthcoming payment has otherwise been calculated incorrectly.

Accordingly, it is hereby ORDERED and DECREED that:

6.	Plaintiffs' Motion is GRANTED.

7.	The Settlement Administrator's recommendations regarding the ineligibility (Exhibit B to the Christman Declaration and Attachment 1 hereto) and eligibility (Exhibit D to the Christman Declaration and Attachment 2 hereto) of the claims are hereby adopted and approved.

8.	The Court authorizes distribution of the Net Settlement Funds (less funds for payment of claim administration costs and funds reserved for additional claim administration costs, potential tax liability and other issues) as set forth in Exhibit D to the Christman Declaration which is Attachment 2 hereto.

9.	The Settlement Administrator shall be reimbursed for costs and expenses incurred in the amount of $235,764.80. Sufficient funds shall be reserved in the Net Settlement Funds for the payment of additional claims administration costs in the amount of $117,863.63, and for potential tax liability and other issues in the amount of $250,000.00.

10.	The Clerk will provide a copy of this Order to Lansing.

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated:  September 16, 2019

_____
RICHARD SEEBORG
United States District Judge