Timothy R. Hanigan (SBN 125791)
Lang, Hanigan & Carvalho, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372

Robert W. Clore (*Pro Hac Vice*)
Christopher Bandas (*Pro Hac Vice*)
802 N. Carancahua, Suite 1400
Corpus Christi, TX 78401
Tel: (361) 698–5200
Fax: (361) 698-5200
*Attorneys for Conner Erwin*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 10-MD-02143-RS<br>MDL No. 2143 |
| This document relates to: ALL INDIRECT PURCHASER ACTIONS | **ERWIN'S REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT, RETURN CLASS FUNDS, AND DISGORGE FEES**<br><br>Date: November 5, 2020<br>Time: 1:30pm<br>Dept.: Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

## I. Hagens Berman have no legal right to $52.8 million in vacated attorneys' fees and expenses.

It is undisputed that Hagens Berman are in possession of $52.8 million in attorneys' fees and expenses that the Ninth Circuit vacated on May 15, 2020. Hagens Berman do not dispute that *if* they are wrongfully in possession of those funds, they violated California Rules of Professional Conduct and breached their fiduciary duty to the class, as a Special Deputy Trial Counsel for the State Bar of California testified they did.

It is instead Hagens Berman's position that they are entitled to hold the funds because "reversed" and "modified" do not mean the same thing as "vacated" under 28 U.S.C. § 2106. Since these terms are distinct, so goes Hagens Berman's argument, the Ninth Circuit's vacatur of fees did not require them to return fees under the express terms of the agreements.

The problem with that argument is that even if it is right (it isn't), Hagens Berman are still unlawfully holding class funds. There is no legal basis whatsoever for their holding the fees because all orders awarding them have been vacated. Under both California and federal law, a vacated fee is a legal nullity. *U.S. Bancorp Mort. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22 (1994) (vacatur "eliminates a judgment") (quoting *United States v. Munsingwear*, 340 US 36, 40-41 (1950) (vacatur "eliminates a judgment" and prevents judgment from "spawning any legal consequences")); *see also United States v. Garde*, 848 F.2d 1307, 1311 (D.C. Cir. 1988) (equating vacatur with having a court's

1

decision "wiped from the book...."); Jill E. Fisch, *The Vanishing Precedent: Eduardo Meets Vacatur*, 70 Notre Dame L. Rev. 325, 330 (1994) ("As to the effect of vacatur, the black letter rule is that a vacated decision has no legal force or effect") (quotation omitted).

Hagen Berman inability to cite authority that would allow them to keep vacated attorneys' fees and expenses is fatal. The settlement obviously does not provide for retention of vacated attorneys' fees. Neither does the law.

Hagens Berman violated Rule 1.15(d)(7) by failing to return class funds to the Settlement Fund promptly after vacatur, and Rule 1.7(b) by failing to provide conflict-free representation. Dkt. 2941-2 ¶ 82. Hagens Berman does not dispute that if they committed these violations, they breached their fiduciary duty to the class. And indeed as Erwin's motion explained, "[v]iolation of the rules [of professional conduct] can be used … to establish a breach of fiduciary duty." *Herrera v. Stender*, 212 Cal.App.4th 614, 632 (2012); *see also Estakhrian*, 2019 WL 3035119, at *12. Considering the magnitude of the $52.8 million breach of fiduciary duty here coupled with Hagens Berman's deliberate and unapologetic retention of the funds, the appropriate punishment is fee forfeiture.

**II. A vacated fee is reversed or modified, but even if it's not, Hagens Berman are still not entitled to keep a vacated fee.**

Hagens Berman offer no grounds upon which they could possibly have a right to maintain possession of the vacated fees. They instead seize upon the fact that 28

U.S.C. § 2106 distinguishes, but does not define, the terms reverse, modify, and vacate. Again, even if Hagens Berman's distinction is correct (it isn't), they still aren't entitled to hold $52.8 million in fees and expenses because there is no fee and expense award. *Sajous v. Decker*, No. 18-CV-2447 (AJN), 2018 WL 2357266, at *6 (S.D.N.Y. May 23, 2018) ("by definition, vacating a decision divests that decision of legal force"). "When a decision is vacated, it is 'officially gone' and 'void,' and thus 'ha[s] no legal effect whatsoever." *Johnson v. Comm'r of Soc. Sec. Admin.*, No. CV-19-01273-PHX-JAT, 2019 WL 6888252, at *6 (D. Ariz. Dec. 18, 2019) (quoting *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002)). They have no legal entitlement to the funds, which belong to the class. Worse, they have no response to this argument.

Hagens Berman do not even offer a solid, alternative definition for "vacate" for the Court to consider. They also fail to connect why they are entitled to hold money subject to a recalculation in the clients' favor. Certainly, there is nothing in the record that supports Hagens Berman's position that the parties left off the word "vacated" in the Settlement Agreement so that Hagens Berman could hold vacated funds while the Court determines if they are entitled to some, all, or none of it.[1]

---

[1] As Hagens Berman points out, Erwin's counsel inaccurately attributed a quote to *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) on page 9 of the motion. It was the Fifth Circuit that stated "settlement-fund proceeds, having been generated by the value of class members' claims, belong solely to the class members." *Klier v. Elf Atochem N. Amer., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011). Erwin cited *Klier i*n support of the quote but also mistakenly referenced the *Arizona*

The cases cited by Hagens Berman where courts vacated and remanded are all distinguishable in that none of them authorized attorneys to continue holding attorneys' fees that had been awarded under a quick-pay provision. For example, there is no indication in *Henseley v. Eckerhart,* 461 U.S. 424 (1983), that counsel was already in possession of attorneys' fees that were in dispute, or that they would be entitled to hold them during the pendency of remand. *Id.* [2] Hagens Berman's distinctions of the legal definitions of vacate, reverse, and modify get them nowhere.

### III. Hagens Berman's violations are not cured by the Court awarding the same fee.

Hagens Berman seem to suggest that the problem goes away if the Court simply enters the same fee and expense awards. Obviously the Court cannot do so since Hagens Berman have foregone more than $5 million in expenses that they promised not to seek under their 2010 bid. But the firm has already violated Rules 1.15(a), 1.15(d)(7), and 1.7 by failing to place contingent funds in a trust account,

---

*Citrus* case as well. Of course, it is axiomatic that settlement funds belong to the class members, and that truth extends to all circuits. *See Hester v. Vision Airlines, Inc.*, No. 2:09-CV-00117-RLH, 2017 WL 4227928, at *2 (D. Nev. Sept. 22, 2017) (quoting *Klier* with approval).

[2] None of the footnoted cases, *i.e., Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016); *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1389 (9th Cir. 1990) *Padgett v. Loventhal*, 706 F.3d 1205, 1208; *Allen v. Bedolla*, 787 F.3d 1218, 1225 (9th Cir. 2015); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 949-50 (9th Cir. 2011); *Powers v. Eichen*, 229 F.3d 1249, 1256-58 (9th Cir. 2000); *In re Washington Pub. Power Supply Sys. Secs. Litig.*, 19 F.3d 1291, 1299-1301, 1306 (9th Cir. 1994) suggest that attorneys are entitled to retain vacated fees awarded under a quick-pay provision during the pendency of a remand.

failing to deliver class funds promptly, and failing to provide conflict-free representation.

Professional misconduct is not excused by a lack of harm. *Bernstein v. State Bar,* 50 Cal.3d 221, 232 (1990). The fact that the Court could award the same amount or a lesser amount with the remainder paid back to the Settlement Fund is only relevant for purposes of mitigation in considering punishment. *Simmons v. State Bar of California*, 70 Cal. 2d 361, 366, 450 P.2d 291, 294 (1969); *Athearn v. State Bar*, 20 Cal. 3d 232, 237, 571 P.2d 628 (1977); *In the Matter of Elliott,* 3 Cal. State Bar Ct. Rptr. 541, 544 (Review Dept. 1996) (restitution not a defense to misappropriation; rather it would be a mitigating circumstance to support reduction in discipline).

**IV. McIntyre's expert testimony is admissible.**

Hagens Berman do not challenge the qualifications of Edward McIntyre, the California ethics expert who opines that Hagens Berman violated three California Rules of Professional Conduct and breached their fiduciary duty to the class. They instead argue his opinions are impermissible legal conclusions interpreting the settlement agreement.

That is not true. McIntyre explained that the only bases for Hagens Berman holding the funds are the three now non-existent Fee and Expense Awards. Dkt. 2941-2 ¶90. "Once the Ninth Circuit judgments nullified the only authority for receiving the fee and expense awards, [Hagens Berman] had the ethical obligation under rule 1.15(d)(7) to distribute those funds to the person entitled to receive them,

namely the identified Settlement Funds." Dkt. 2941-2 ¶92. Thus, regardless of the technical distinctions between reverse, modify, and vacate, it is McIntyre's opinion that Hagens Berman violated the rules and breached their fiduciary duty to the class.

Otherwise, Hagens Berman do not dispute that expert testimony is admissible to show a violation of the rules of ethics or to prove a breach of fiduciary duty. *Steel v. Stoddard*, No. 11-CV-2073-H-RBB, 2013 WL 12064547, at *2 (S.D. Cal. May 3, 2013) (citing *Stanley*, 35 Cal. App. 4th at 1086; *Welch*, 203 Cal. App. 3d 884 at 892-93)).

### V.  Hagens Berman acknowledges they never put the funds into a client trust account as required by Rule 1.15(a).

Hagens Berman do not dispute that they never placed the $52.8 million in fees and expenses into a client trust account. As McIntyre's expert testimony confirms, that is a clear violation of Rule 1.15(a) because the funds were subject to being paid back under the express terms of the settlement agreements and thus were not fixed. Dkt. 2941-2 ¶¶94-103. Having to return the funds five business days after reversal or modification of the Fee and Expense Award was "a contingency that required [Hagens Berman] to have those funds almost immediately available because those funds were held, at least contingently, for the benefit of the class." *Id.* ¶106.

Because no authority exists that Hagens Berman is entitled to years of possession of contingent fees that may be mixed with class property, it urges the Court to find that a lack of objection by Erwin to the quick-pay provision somehow constitutes a waiver of the responsibility Hagens Berman unequivocally has as a

fiduciary–i.e, to hold funds that may be payable to clients in a client trust account. Erwin does not challenge the quick-pay provision, but merely states what should be an obvious point – that the funds should have been placed in a trust account for the benefit of the client. It was not known or knowable by Erwin at an earlier date that Hagens Berman failed or would fail to act consistent with its ethical obligation to not keep to itself money payable to the class simply by the inclusion of a quick-pay provision.

### VI.  Erwin has standing.

Remarkably, Hagens Berman suggest that class members, i.e., the clients, lack standing to challenge their attorneys' misappropriation of client funds. As a class member, Erwin has standing pertaining to class property. Specifically, in *Devlin v. Scardelletti*, the Supreme Court held that "non-named class members … who have objected in a timely manner … have the power to bring an appeal without first intervening." 536 U.S. 1, 7 (2002). The issue is not one of Article III nor prudential standing. *Id.* As a member of the class, the objector "has an interest in the settlement that creates a 'case or controversy' sufficient to satisfy the constitutional requirements of injury, causation, and redressability." *Id.* (citations omitted). Here, Erwin and the rest of the absent class members are obviously impacted by the amount of money Hagens Berman takes from the common fund, and that right was recognized and vindicated by the Ninth Circuit. Erwin's motion is directly related to the successful objection and appeal and should not be denied on the faulty premise that he does not

have an interest in the proceedings.

### VII. *Lumber Liquadators* is not applicable here and cannot reasonably be relied upon to support Hagens Berman's continued possession of $52.8 million.

Hagens Berman's reference to *Lumber Liquidators* in the Eastern District of Virginia does not save them. In *Lumber Liquidators*, the district court awarded class counsel the same $10.08 million fee previously reversed by the Fourth Circuit, but ordered class counsel (including Hagens Berman), under a quick-pay provision, to return $173,624 in interest that would have been collected had the fees been in the escrow settlement account. *In re Lumber Liquidators*, 1:16-md-2743, Dkt. 217 at 24-25 (E.D. Va. Sept. 4, 2020); *see also* Dkt. 219 at 2. The case is presently on appeal again in the Fourth Circuit. Appeal No. 20-2036.

The court found there was no breach of fiduciary in part because the issue was raised only *after* the first hearing on a renewed motion for attorneys' fees. *Lumber Liquidators,* Dkt. 217 at 25 n. 14.[3] By contrast, the issue here was raised ahead of the renewed motion.

The district court in *Lumber Liquidators* also found, based on language that is not in any of the quick-pay provisions here, that there was an arguable interpretation

---

[3] Of course, the class have no way of knowing whether the funds have been returned unless class counsel volunteer the information. Class counsel waited until the hearing on the renewed fee motion to disclose that they had kept the money. *Lumber Liquidators*, 1:16-md-02743, Dkt. 206 at 35 (Jul. 29, 2020). The district court's standard in *Lumber Liquidators* would require class members to move for an accounting or enforcement immediately after reversal or vacatur, which clearly should not be their burden.

that would allow class counsel to keep the money. The provision there required payback based on a reversal or modification "as the result of any appeal *or further proceedings on remand.*" *In re Lumber Liquidators*, 1:16-md-2743, Dkt. 217 at 25 n. 13, 14 (emphasis added); *see* Dkt. 133-1 at 32. Since the proceedings were still on remand, the court found that it was at least plausible that the attorneys could keep the money under the quick-pay provision, even while noting the provision had to be construed against class counsel and ordering them to return interest to the class under the same terms.[4]

To be certain, none of the language relied upon by the court in *Lumber Liquidators* is present here, which explains why Hagens Berman waited until the end of their opposition to mention it in passing. Nothing in the settlements here allows for even the argument that Hagens Berman is entitled to hold the money through proceedings on remand.

**Conclusion**

Erwin renews his requests that the Court order an accounting of the Fee and

---

[4] The court also found that the settlement could be interpreted to require a "final court order" on fees before repayment. *Lumber Liquidators*, 1:16-md-2743, Dkt. 217 at 25 n. 13. The quick-pay in this case does not provide, as did the one in *Lumber Liquidators*, that funds must be returned if reversed or modified "pursuant to a final court order[.]" *Id.* The only mention of finality in the provision here is "[i]n the event that the Agreement does not become final…, or…." *Id.* There is no colorable argument that the court's orders approving the settlement are anything less than final. Regardless, the discussion of the finality of the Agreement is stated in the disjunctive, meaning that even if the Agreement did not become final, fees would still have to be returned if reversed or modified. *E.g.,* Dkt. 1898-4 ¶¶23(a).

9

Expense Awards, enforce the settlement agreements, and order Hagens Berman to return the awards, plus interest, to the Settlement Fund immediately. Alternatively, Erwin requests that those amounts deposited into the registry of the Court. Finally, because Hagens Berman are willfully withholding funds that belong to the class in violation of the California Rules of Professional Conduct, Erwin further seeks for the Court to find that the firm has breached its fiduciary duty and order fee forfeiture.

Dated: October 16, 2020

Respectfully submitted,

*/s/ Robert W. Clore*
Robert W. Clore
Christopher Bandas
BANDAS LAW FIRM, P.C.
802 N. Carancahua, Suite 1400
Corpus Christi, TX 78401
Tel: (361) 698–5200
Fax: (361) 698-5222
Admitted *Pro Hac Vice*

Timothy R. Hanigan (125791)
Lang, Hanigan & Carvalho, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

*Counsel for Conner Erwin*

**Certificate of Service**

The undersigned certifies that today he filed the foregoing on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: October 16, 2020

/s/ *Robert W. Clore*
Robert W. Clore
