Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

*Lead Counsel for Indirect
Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | No.  3:10-md-2143 RS (JCS) |
| | INDIRECT PURCHASER PLAINTIFFS' BRIEF ON FURTHER CLASS NOTICE |
| This Document Relates to: | |
| ALL INDIRECT PURCHASER ACTIONS | |

The Court recently instructed Indirect Purchaser Plaintiffs (IPPs) to "file a brief addressing what notice to the class is required, if any, when a 'renewed' motion for attorney fees is brought after a prior award has been vacated and the matter has been remanded for further proceedings."[1] In short, although there appears to be scant precedent addressing these or similar circumstances, further notice is fully within this Court's discretion under Rule 23. As the Court requested, therefore, IPPs will "propose a timetable for such notice, any objections, and any reply."[2]

Rule 23 does not distinguish between class notice before any appeal and notice that may be necessary or prudent if the Court of Appeals remands for further proceedings. Nonetheless, as part of its broad grant of judicial authority, Rule 23 expressly permits further notice on any subject. In "conducting the action," this Court "may issue orders" that "require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members" of "any step in the action."[3] The further notice the Court suggests is consistent with Rule 23 notice prerequisites specific to attorney fee motions made in the first instance, before any appeal or remand.[4]

Some case law discusses notice principles not involving a renewed fee motion on remand.[5] To IPPs' knowledge, the Ninth Circuit has not addressed any notice requirement where, as here, an attorney fee award is "remand[ed] for a more complete explanation" and "[m]ore detailed findings" on the reasons for the award.[6] The authoritative Newberg treatise does not address this point.

Providing notice in these circumstances would be conservative, given that the class has

---

[1] Order Requesting Briefing Re Potential Notice Issue at 2, Jan. 20, 2021, ECF No. 2956.

[2] *Id.*

[3] Fed. R. Civ. P. 23(d)(1)(B)(i) (capitalization omitted).

[4] Fed. R. Civ. P. 23(h).

[5] *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, 895 F.3d 597, 615 (9th Cir. 2018) ("In sum, approving a settlement before class counsel has filed a fee motion does not violate Rule 23(h). What matters is that class members have a chance to object to the fee motion when it is filed."). As the Ninth Circuit has stated elsewhere, notice of fee motions serves important objectives: "Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee." *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

[6] *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 926, 937 (9th Cir. 2020).

already received notice of the request for attorneys' fees three times, including that the amount requested would be <u>greater</u> than what is requested now. Originally, Class Counsel requested $47.78 million in attorneys' fees plus $5 million in expenses but now only requests $47.78 million in attorneys' fees.

But to remove this issue and in light of the Court's discretion under Rule 23, IPPs propose to provide further class notice and to conduct further proceedings on the following timetable or as the Court otherwise instructs:

| Event | Due Date |
| --- | --- |
| Supplemental Notice to Class on Attorney Fee Proceedings | March 1, 2021 |
| Last Date for Notice Completion | March 31, 2021 |
| Objections or Other Responses | April 30, 2021 |
| IPPs' Reply to Objections or Other Responses | May 14, 2021 |

Attached as **<u>Exhibit A</u>** is a proposed form of notice for the class, notifying them as to their right to object to the request for attorneys' fees. Class Counsel proposes that the same notice administrator, Epiq, be used as was used for prior rounds of notice. The notice administrator will disseminate this notice to the Class by the same mechanisms as previously used (via direct notice to the class members for whom email contact information is available with supplemented indirect notice through an internet advertising campaign).

Class Counsel does not believe a further hearing is necessary, but remain available to answer any questions the Court may have, and are available to participate in a hearing should that be of assistance to the Court.

DATED: January 29, 2021                     HAGENS BERMAN SOBOL SHAPIRO LLP


By _____s/ Shana E. Scarlett_____
                SHANA E. SCARLETT

715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com


*Lead Counsel for Indirect Purchaser Class*