UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 10-md-02143-RS<br>MDL No. 2143 |
| This document relates to: ALL INDIRECT PURCHASER ACTIONS | **ORDER RE MOTION FOR CLARIFICATION OR AMENDMENT** |

Class member Conner Erwin has filed an "Administrative Motion for Clarification and/or Amendment of Feb. 1, 2021 Order on Class Notice and Scheduling." Erwin expresses concern that the February 1st order does not expressly address his pending "Motion to Enforce Settlement, Return Class Funds, and Disgorge Fees." (Dkt. 2941) ("the disgorgement motion"). Erwin seeks assurance that the disgorgement motion will be addressed "before, or in conjunction with, the renewed attorneys' fee motion."

The disgorgement motion was taken under submission without oral argument pursuant to Civil Local Rule 7-1(b). See Dkt. No. 295. Nothing in the February 1st order affected that status. The disgorgement motion and Conner's motion for leave to submit supplemental authority (Dkt. 2953) both remain under submission and will be decided in due course. In the event a hearing is

set on the renewed attorney fee motion and the disgorgement motion has not previously been decided, argument on the disgorgement motion will be entertained at such hearing.

Erwin's present "administrative" motion also suggests the notice being provided to the class pursuant to the February 1st order is flawed because it does not state the prior fee awards were "vacated" by the Ninth Circuit. The notice, however, expressly advises that the Ninth Circuit remanded the fee issue and instructed that the original bid was to be used as the starting point for determining a fee award. While the terms "vacated" and "reversed" may have implications to the disputed issues in the disgorgement motion, the notice adequately conveys the essence of the procedural history for purposes of giving class members notice of their rights to object to the renewed motion.

Erwin further faults the notice for failing to reference the disgorgement motion. There is no requirement that class members be given notice of objections or relief pursued by other class members. The notice is fair, neutral, and adequate.[1]

**IT IS SO ORDERED**.

Dated: February 9, 2021

RICHARD SEEBORG
Chief United States District Judge

---

[1] Furthermore, it appears Erwin may only be arguing the notice would be problematic if the disgorgement motion is not decided prior to, or in conjunction with, the renewed fee motion, as his proposed order provides for no relief with respect to the notice itself.