Timothy R. Hanigan (SBN 125791)
Lang, Hanigan & Carvalho, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372

Robert W. Clore (*Pro Hac Vice*)
Christopher Bandas (*Pro Hac Vice*)
802 N. Carancahua, Suite 1400
Corpus Christi, TX 78401
Tel: (361) 698–5200
Fax: (361) 698-5200
*Attorneys for Conner Erwin*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>——————————————<br><br>This document relates to: ALL INDIRECT PURCHASER ACTIONS | Case No. 10-MD-02143-RS<br>MDL No. 2143<br><br>**ERWIN'S NOTICE OF MOTION, MOTION FOR ATTORNEY'S FEES AND INCENTIVE AWARD, AND MEMORANDUM IN SUPPORT**<br><br>Date:  August 26, 2021<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 3, 17th Floor<br>Judge:  Hon. Richard Seeborg |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Table of Contents

Notice of Motion and Motion ............................................................................................... iv

Statement of Court Action Sought ........................................................................................ iv

Memorandum and Points of Authorities ................................................................................ 1

Preliminary Statement ............................................................................................................. 1

Statement of Issues ................................................................................................................. 2

Statement of Facts ................................................................................................................... 2

A.    Erwin challenged Hagens Berman's departure from its bid on attorneys' fees for each round of settlements. ......................................................................................................................... 2

B.    Erwin's arguments prevail in the Ninth Circuit ............................................................ 4

C.    On remand, Erwin's objections and appeals increased class recovery by $21.8 million. ............... 6

Argument ................................................................................................................................. 8

I.    Erwin is entitled to fees for providing a $21.8 million benefit to the class. .................... 8

II. Fees should be awarded under the percentage method because the benefit is clearly quantifiable. 11

III. Erwin's 7% request is reasonable. ...................................................................................... 12

IV.    Erwin's counsels' $508,650 lodestar confirms a reasonable fee on cross-check. ...................... 14

V. Erwin requests a $1,500 incentive award. .......................................................................... 18

VI. The fees and incentive award should be funded from class counsels' fees. .......................... 19

Conclusion ............................................................................................................................ 20

1

2

## Table of Authorities

**Cases**

*Arnett v. Bank of Am., N.A.*, No. 3:11-cv-1372-SI, 2014 WL 5419125 (D. Or. Oct. 22, 2014) .......... 11, 14

*Dewey v. Volkswagen of Am.*, 909 F. Supp. 2d 373 (D.N.J. 2012) ................................................... 12

*Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ........................................................................... 9

*Eubank v. Pella Corp.*, No. 06-CV-4481, 2019 WL 1227832 (N.D. Ill. Mar. 15, 2019) ....................... 12, 14

*Hendricks v. StarKist Co.*, No. 13-cv-00729-HSG, 2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) ............ 19

*In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) ................................................................................................................................................. 11

*In re Apple Inc. Sec. Litig.*, No. 5:06-CV-05208-JF HRL, 2011 WL 1877988 (N.D. Cal. May 17, 2011).... 18

*In re Cendant Corp. Prides Litig.*, 243 F.3d 722 (3d Cir. 2001) ............................................................. 9

*In re Easysaver Rewards Litig.*, No. 09-CV-02094-BAS-WVG, 2021 WL 230013 (S.D. Cal. Jan. 22, 2021) ................................................................................................................................... 11, 12, 14, 18

*In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR (DMR), 2020 WL 7261313 (N.D. Cal. Dec. 10, 2020) ................................................................................................................................ 11, 16

*In re NCAA Ath. Grant-in-Aid Cap Antitrust Litig.*, 768 Fed. Appx. 651 (9th Cir. 2019) ....................... 15

*In re Optical Disk Drive Prod. Antitrust Litig.*, 804 F. App'x 443 (9th Cir. 2020) ............................... 1, 5

*In re Southwest Airlines Voucher Litig.*, 898 F.3d 740 (7th Cir. 2018) .................................................. 8

*In re Syngenta*, 2:14-md-02591, Dkt. 4308 (D. Kan. Jan. 6, 2020) ....................................................... 16

*In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741 (7th Cir. 2011) ............................................. 13, 18

*Kaufman v. American Express Travel Related Servs., Co.*, 2016 WL 806546 (N.D. Ill. Mar. 2, 2016) ........ 12, 14

*Lan v. Ludrof*, No. 1:06-cv-114, 2008 WL 763763 (W.D. Pa. Mar. 21, 2008) .................................... 12

*Marshall v. Northrop Grumman Corp.*, No. 2:16-cv-06794-AB-JCX, 2020 WL 5668963 (C.D. Cal. Sept. 18, 2020) ................................................................................................................................................. 12

*McLeod v. Bank of Am., N.A.*, 2019 WL 1170487 (N.D. Cal. Mar. 13, 2019) ..................................... 15

*Neslin v. Wells,* 104 U.S. 428 (1882)................................................................................................. 19

*Parker v. Time Warner Entm't Co., L.P.* 631 F. Supp. 2d 242 (E.D.N.Y. 2009)...................................... 19

*Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 281 F. Supp. 3d 833 (N.D. Cal. 2017) .. 16

*Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012) ........................................................1, 8, 11

*Rodriguez v. W. Publishing Corp.*, 602 Fed. Appx. 385 (9th Cir. 2015) ........................... 13

*Rodriguez v. West Pub'g Co.*, 563 F.3d 948 (9th Cir. 2009) ............................................. 8, 9

*Stetson v. West Publishing Corp.*, No. 2:08-CV-00810-RGK-E, 2016 WL 5867434 (C.D. Ca. Aug. 11, 2016) ......................................................................................................................8, 9, 12

*Vizcaino v. Microsoft Corp.,* 290 F.3d 1043 (9th Cir. 2002) ......................................9, 13, 15

*Wininger v. SI Management L.P.*, 301 F.3d 1123 (9th Cir. 2001) ...................................... 9

**Rules**

N.D. Cal. Civil Local Rule 54-5.....................................................................................iv, 1

*Wininger v. SI Management L.P.*, 301 F.3d 1123 (9th Cir. 2001) ...................................... 9

**Other Authorities**

United States Courts for the Ninth Circuit, 2019 Annual Report,............................... 13

**Notice of Motion and Motion**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on August 26, 2021 at 1:30 pm, or as soon thereafter as this matter may be heard, before the Honorable Richard Seeborg, United States District Judge of the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 3, 17th Floor, objecting class member Conner Erwin through his counsel moves the Court pursuant to N.D. Cal. Civil Local Rule 54-5 for an order (1) awarding Objector Conner Erwin attorneys' fees of $1,524,180 to be paid out of Hagens Berman's fee award, or alternatively, out of the common fund, and (2) awarding Objector Conner Erwin an incentive award of $1,500 also funded from class counsels' fee award, or alternatively, out of the common fund. Erwin does not seek reimbursement of expenses.

This motion is based on this Notice of Motion and Motion for Attorneys' Fees, and the following memorandum of points and authorities, and such other materials as the Court may consider.

PLEASE TAKE FURTHER NOTICE that, in accordance with Local Rule 54-5(a) and (b)(1), counsel for Erwin met and conferred with class counsel via telephone for the purpose of attempting to resolve disputes with respect to this motion.

PLEASE TAKE FURTHER NOTICE that, in accordance with Local Rule 7-2, a proposed Order is attached (Exhibit 1).

PLEASE TAKE FURTHER NOTICE that the undersigned consents to disposition of this motion on the papers in accordance with Local Rule 7-1(b).

**Statement of Court Action Sought**

The relief requested by Objector Conner Erwin from this Court is an award of attorneys' fees in the amount of $1,524,180 and an incentive award of $1,500, with these amounts taken from class counsels' fee award or alternatively out of the common fund.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Ninth Circuit recognizes that objectors who provide a material benefit to the class through their objections are entitled to attorneys' fees. *See Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012). Over three rounds of settlements, Conner Erwin objected to Hagens Berman's requested attorneys' fees and urged that they be reconciled with the bid the firm used to gain its position as class counsel. He ultimately succeeded in having the bid disclosed to the class. He also prevailed in three appeals before the Ninth Circuit, which vacated the $52,853,042 million fee and expense award and held that "when class counsel secures appointment as interim lead counsel by proposing a fee structure in a competitive bidding process, that bid becomes the starting point for determining a reasonable fee." *In re Optical Disk Drive Prod. Antitrust Litig.*, 959 F.3d 922, 934 (9th Cir. 2020) (*ODD I*); *see also In re Optical Disk Drive Prod. Antitrust Litig.*, 804 F. App'x 443 (9th Cir. 2020) (*ODD II*). The Court of Appeals instructed that on remand, "[t]he district court may adjust fees upward or downward depending on circumstances not contemplated at the time of the bid, but the court must provide an adequate explanation for any variance…." *ODD I*, 959 F.3d at 935.

On remand, Erwin refuted Hagens Berman's arguments that various circumstances were uncontemplated at the time of the bid. The court adopted these arguments in limiting Hagens Berman to "a relatively small premium over the bid amount." Dkt. 3027 at 13. The Court then awarded Hagens Berman $31,026,000 in fees. The result of Erwin's objections and appeals is thus an increase of the fund to be distributed to the class by $21,827,042. Accordingly, pursuant to Local Rule 54-5, Erwin files this memorandum in support of his accompanying motion for attorneys' fees.

Based on the easily quantifiable $21.8 million benefit to the class members, achieved after the Ninth Circuit vacated the fee and expense awards, Erwin would be entitled to $5.4 million under the Ninth Circuit's 25% benchmark. Instead, he seeks $1.5 million as 7% of the $21.8 million benefit

provided to the class. He also seeks a $1,500 incentive award. The attorneys' fees and incentive award should be paid from class counsel's share of the settlement fund, so that (1) the class is not double-charged or otherwise penalized by class counsel's excessive fee request; and (2) it is made clear that future class counsel must exercise their full duty of candor when requesting fees.

**Statement of Issues**

According to the Ninth Circuit, an objecting class member is entitled to attorneys' fees and an incentive award for material benefits provided to the class that resulted from an objection. Erwin's objections and appeals resulted in an increase of $21.8 million to the amount allocated to the class. Consequently, Erwin moves the Court to enter an order awarding attorneys' fees for approximately 7% of the $21.8 million benefit conveyed, or $1,524,180, and an incentive award of $1,500, with the funds to come from class counsels' fee award or alternatively from the common fund.

**Statement of Facts**

**A. Erwin challenged Hagens Berman's departure from its bid on attorneys' fees for each round of settlements.**

On October 19, 2016, Conner Erwin filed the first of three objections to attorneys' fees sought by Hagens Berman for successive rounds of settlements. Dkt. 1970. Erwin was the only one to bring attention to a bid on attorneys' fees that Hagens Berman used to secure its place as interim lead counsel before Judge Walker. Dkt. 1970 at 1-2 11-12. Hagens Berman initially moved for fees without mentioning that the sealed bid had proposed a different structure for fees and expenses. Dkt. 1963; *see also* Dkt. 3027 at 4. As the Ninth Circuit observed, Hagens Berman's motion "was submitted over six years after [Hagens Berman]'s was appointed interim class counsel, and nearly 2,000 district court docket entries later, but it included just one reference to counsel's bid: 'Had this case been successfully certified originally according to typical proceedings projected at the outset of the case, [Hagens Berman] lodestar and total attorneys' fees for resolution at that stage would have

been less.'" *ODD I*, 959 F.3d at 930-31. As to the twenty-page declaration filed with the motion, "the closest it came to mention the fee bid was the acknowledgement that 'Judge Walker appointed Hagens Berman as sole lead counsel on behalf of the indirect purchaser class in a contested leadership fight." *Id.* at 931.

Erwin called for the Court to unseal the bid. Dkt. 1970 at 11-12; *ODD I*, 959 F.3d at 927 (noting that for the first round, "objector Conner Erwin asked the district court to unseal class counsel's fee bid so the class could learn what fee arrangement the firm proposed when it sought appointment"). Even without access to the bid, Erwin correctly anticipated it was far below the fee sought since fee percentages are lower in megafund settlements given the economies of scale. Dkt. 1970 at 5-8. The Court overruled Erwin's objection and awarded the full $31,250,000 fee request plus $3,704,323.97 in expenses. Dkt. 2133 at 10, 16, 18.

On July 14, 2017, Erwin filed another objection (Dkt. 2367), this time to Hagens Berman's requested fees from the second round of settlements. Dkt. 2326.[1] Erwin called again for the bid to be unsealed and for the court to apply the fee structure promised by Hagens Berman at the outset. *Id.* at 1, 9, 12-15, 17; *ODD I*, 959 F.3d at 928 ("[s]everal objections were filed, including one by Erwin, who complained that the class still did not have access to class counsel's original bid"). Erwin also filed supplemental briefing when Hagens Berman admitted that the bid would have produced a fee much lower than what the firm requested. Dkt. 2469. The court denied the objection, awarded the full $11,655,000 million fee request plus $1,154,207.83 in expenses, and kept the bid under seal. Dkt. 2691 at 9, 16, 21-22.

Erwin filed his third objection on December 17, 2018, again calling for the Court to unseal

---

[1] Whereas Erwin's objections were confined to attorneys' fees, other objectors focused on settlement approval. As the Ninth Circuit stated, Christopher "Andrews objected to the second-round settlement agreements, but did not assert specific objections to Hagens Berman's motion for fees and expenses arising from those settlements. [Objector] Cochran did not object to the second-round fee award." *ODD I*, 959 F.3d at 928.

and follow the fee structure in the bid. Dkt. 2877 at 1-7, 9-10, 12. Erwin also filed additional briefing in support. Dkt. 2882 at 1-9. The Court awarded the requested $5 million fee, unsealed one page of the bid, and denied the firm's request for expenses (just for round 3) since the bid promised to forego expenses. Dkt. 2889 at 19-20, 25-26.

**B.  Erwin's arguments prevail in the Ninth Circuit.**

Erwin filed notices of appeal from each of the three orders awarding attorneys' fees. Dkts. 2191, 2701, 2891. The first two appeals were consolidated after a motion filed by Erwin. ODD, 17-15065 at Dkt. 49; 17-17439 at Dkt. 10. Erwin's counsel prepared separate opening and reply briefs for each of the two appeals and presented oral argument on the consolidated appeals before the Ninth Circuit in Portland on October 21, 2019. *In re Optical Disk*, Nos. 17-15065, 17-17439 (9th Cir.). Erwin's counsel also moved to supplement the appellate record once this Court unsealed one page of the bid, which the Ninth Circuit granted on October 4, 2019. Appeal No 17-15065 at Dkt. 75; 17-17439 at Dkt. 53. The Ninth Circuit did not consolidate the third appeal, and Erwin's counsel also briefed that case and presented oral argument before the Ninth Circuit by videoconference on April 14, 2020.

Over the three appeals, Erwin and Hagens Berman submitted hundreds of pages of briefing and thousands of pages of excerpts of record on appeal, including 838 pages of supplemental excerpts of record filed by Hagens Berman in the three appeals. *See In re Optical Disk*, Nos. 17-15065, 17-17439, & 19-15538 (9th Cir.).

Erwin dedicated most of his briefing to the substantial variance from the bid and the need

for it to be unsealed in its entirety.[2] Without access to the bid, but instead "[b]ased on class counsel's approximation of the percentage that would have been called for had the grid been applied, Erwin argue[d] that the first fee award was double what it should have been, and approximately $21 million too high." *ODD I*, 959 F.3d at 933.

Erwin also addressed megafund principles and the diminishing lodestara, which intertwined with his argument about Hagens Berman's sliding-scale bid. *See e.g.,* Appellant's Opening Brief, Appeal No. 19-15538 at 27-29 (arguing that "Hagens Berman's sliding scale bid" and the diminishing lodestar was consistent with megafund principals); Appellant's Opening Brief, Appeal No. 17-17439 at 19-20, 23-24 (same). During oral both arguments in the Ninth Circuit, Erwin's counsel focused primarily on the substantial discrepancy between the bid and fee and called for it to be disclosed in its entirety.[3]

On May 15, 2020, the Ninth Circuit vacated the court's orders awarding attorneys' fees from each of the three rounds of settlements. *ODD I.*, 959 F.3d 922; *ODD II*, 804 F. App'x 443. Following Erwin's argument, the Ninth Circuit held that "when class counsel secures appointment as interim lead counsel by proposing a fee structure in a competitive bidding process, that bid becomes the starting point for determining a reasonable fee." *ODD I*, 959 F.3d at 934. The Court agreed with Erwin that "[t]he bid to become interim class counsel clearly contemplated that Hagens Berman would move to certify the plaintiff class and it is not unusual for interim class counsel to have to take more than one run at class certification." *Id.* at 935.

---

[2] Appeal No. 17-15065, Dkt. 19 (opening brief 31 pages, with the majority dedicated to the bid); Dkt. 39 (reply brief 15 pages, with the majority dedicated to the bid); Appeal No. 17-17439, Dkt. 15 (opening brief of 28 pages, with discussion of the bid making up the majority of the brief), Dkt. 31 (reply brief of 14 pages, focusing entirely on the bid); Appeal No. 19-15538 Dkt. 14 (opening brief of 33 pages, with the vast majority dedicated to the bid); Dkt. 40 (reply 15 pages entirely dedicated to bid).

[3] https://www.ca9.uscourts.gov/media/audio/?20191021/17-15065/
https://www.ca9.uscourts.gov/media/audio/?20200407/19-15538/

**C. On remand, Erwin's objections and appeals increased class recovery by $21.8 million.**

Hagens Berman filed its renewed motion for attorneys' fees on September 28, 2020, requesting $47.78 million in fees and no expenses. Dkt. 2942. The firm argued that various uncontemplated circumstances supported a significant deviation upward from the bid. *Id.* at 4-18. Pursuant to stipulation and this Court's order (2946), Erwin filed an opposition to the fee motion on October 15, 2020. Dkt. 2948. As Erwin argued, Hagens Berman's "bid is a grid with contingencies—none of Hagens Berman's justifications fall outside these contingencies or were unforeseeable." *Id.* at 10. "The extent of the work required, evolution of district court caselaw, potential adverse holdings and overcoming certification all would have been contemplated at the time. None of the circumstances listed by Hagens Berman were unforeseeable, and none justify paying the firm nearly twice as much as they bid." *Id.* To the extent Hagens Berman claimed there were unforeseeable discovery disputes, Erwin responded that "[u]nexpected discovery disputes arise in all areas of litigation." *Id.* at 17. Further, if it took more work than expected, that was "the risk Hagens Berman assumed when bidding 12.6% against highly qualified competing firms. It is not fair to the class to allow Hagens Berman to take twice as much." *Id.* at 21.

Erwin also addressed Hagens Berman's argument that given the state of the law, it could not have anticipated an unfavorable ruling on class certification and the extent of additional work required. *Id.* at 12-15. Erwin observed that "[b]y its nature, case law in the district courts is always evolving, and Hagens Berman's contingency bid, which includes adjudication of certification and appeals, factored in the possibility that some arguments, including those on certification, would not be successful." *Id.* at 12. Erwin further argued that Hagens Berman "clearly contemplated the possibility that this Court would be unpersuaded in the initial attempt at certification in their contingency grid by providing a different fee before and after adjudication of class certification." *Id.* at 15. Erwin also argued that many of the factors Hagens Berman relied on to support a variance

from the bid were simply rehashed unsuccessful argument before the Ninth Circuit. *Id.* at 8-9. Erwin also refuted the notion that the results and fees in the DPP litigation supported the requested variance. *Id.* at 18-19. As Erwin argued, "it is irrelevant that DPP's Counsel received a higher percentage fee. They did not secure their position with a 12.6% fee bid. Hagens Berman did." *Id.*

On February 1, 2021, the Court issued an order requiring class notice on the renewed fee motion and directed that any objection be filed by April 30, 2021. Dkt. 2962 at 1. To avoid any potential waiver argument by Hagens Berman, Erwin also filed a timely objection as directed in the class notice. Dkt. 2998. Other class members, including Shiyang Huang, who had not objected previously and was not a party to the appeals, objected as well. Dkt. 2996.

After a June 25, 2021 hearing in which Erwin's counsel again emphasized that Hagens Berman failed to identify uncontemplated circumstances justifying going two times above the bid, this Court issued its order granting in part Hagens Berman's motion for renewed attorneys' fees and awarding $31,026,000 in fees. Dkt. 3027 at 2. The Court applied a 20% premium above the bid in recognition of what it perceived as additional uncontemplated work, with positive results. *Id.* at 12. The Court expressed that "Huang's and Erwin's objections to Hagens Berman recovering fees in excess of the bid have been taken into account insofar as the award provides only a small premium over the bid amount." *Id.* at 13. The Court's findings in this respect track Erwin's earlier October 2020 opposition, which were reiterated by Erwin and to a lesser extent by Huang in the April 2021 objections.

The Court observed that its limited rise above the bid would "not be based on a percentage of the fund that is nearly double that called for by the bid." Dkt. 3027 at 12; *compare with* Dkt. 2948 at 2, 4, 10, 17, 20-21 (Erwin repeatedly urging the Court not to allow a fee that is twice or double the bid). Consistent with Erwin's advocacy in the opposition, the Court found that "most of the categories of things [Hagens Berman] points to as 'not contemplated' are, at least at a very general

level, the very kind of things that arise in litigation all the time—planning for such events, and taking the risk if the budgeting proves wrong, is the very point of fee proposals." Dkt. 3027 at 11; *compare* Dkt. 2948 at 10, 17, 21. Further, just as Erwin urged, the Court recognized that the possibility of "[unfavorable rulings—regardless of how strong Hagens Berman thought its position were—is hardly unforeseeable, and therefore should not have been uncontemplated. It follows that the potential need to do additional work in response to unfavorable rulings cannot have been uncontemplated either." Dkt. 3027 at 11; *compare* Dkt. 2948 at 10, 12-15. Similarly, as Erwin's opposition urged, the Court acknowledged that "several of the things Hagens Berman now invokes as uncontemplated merely expand slightly on points the Ninth Circuit already stated would not support a large deviation from the bid amount." Dkt. 3027 at 11; *compare* Dkt. 2948 at 8-9. As argued by Erwin, the court also found unconvincing Hagens Berman's comparison to the DPP litigation, noting that "[c]ounsel for the DPPs, however, did not obtain the right to represent the class through a bid." Dkt. 3027 at 11-12 n.7; *compare* Dkt. 2948 at 18-19. The court found that DPPs' recovery and fee "is not an 'uncontemplated circumstance'" relevant to the analytical framework prescribed by *ODD I* and *ODD II* to be applied here." Dkt. 3027 at 12 n.7; *compare* Dkt. 2948 at 18-19.

## Argument

### I.   Erwin is entitled to fees for providing a $21.8 million benefit to the class.

Objectors who provide a material benefit to the class through their objections and appeals are entitled to fees as a matter of law. *See, e.g., Rodriguez v. Disner*, 688 F.3d 645, 658-59 (9th Cir. 2012) ("*Rodriguez II*"); *Rodriguez v. West Pub'g Co.*, 563 F.3d 948, 963 (9th Cir. 2009) ("Rodriguez I") (finding it "clearly erroneous" to deny fees to objectors whose arguments increased the class's fund by $325,000); *In re Southwest Airlines Voucher Litig.*, 898 F.3d 740 (7th Cir. 2018) (reversing denial of fees to objector who conferred benefit on the class); *Stetson v. West Publishing Corp.*, No. 2:08-CV-00810-RGK-E, 2016 WL 5867434, at *6 (C.D. Ca. Aug. 11, 2016) ("[c]ounsel for objectors whose actions

confer a benefit upon the class are entitled to reasonable fees and expenses"). Though often received as unwanted guests, "objectors play a particularly valuable role in providing the court with information to aid the process of determining the reasonableness of attorney's fee requests by class counsel." *Stetson*, 2016 WL 5867434, at *6 (emphasis added) (citing *Wininger v. SI Management L.P.*, 301 F.3d 1115, 1123 (9th Cir. 2001)); *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014) (when objections produce a more favorable class recovery, "the objectors will receive a cash award that can be substantial").

When, as here, "these objections result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable principles as class counsel." *Rodriguez*, 688 F.3d at 658 (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051–52 (9th Cir. 2002)). The objecting class member must show a substantial enhancement to the class benefit. *Vizcaino*, 290 F.3d at 1052 And when objectors successfully prosecute an appeal, one would be "remiss" to "not acknowledge this benefit" when it leads to an altered result upon remand. *In re Cendant Corp. Prides Litig.*, 243 F.3d 722, 744 (3d Cir. 2001); *accord Rodriguez II*, 688 F.3d at 659-60. Indeed, when an objector prevails on appeal and the result on remand is an increase to the settlement fund for distribution to the class members, the Ninth Circuit has found it to be clear error to deny objector's fees.

In *Rodriguez*, the district court denied objector fees, despite a resulting increase to the common fund on remand, because it relied on "its own analysis of the case law laid out by the Ninth Circuit in *Rodriguez I*." *Rodriguez II*, 688 F.3d at 659. The Ninth Circuit rejected this reasoning. "Although we do not doubt that the district court made its own interpretation of our decision in *Rodriguez I* and applied that interpretation to the facts before it, the district court failed to consider that our ruling in *Rodriguez I* was a response to the … Objectors' arguments on appeal." *Rodriguez II*, 688 F.3d at 659.

For the same reason, Erwin should not be denied fees here. It is beyond dispute that Erwin's

dogged pursuit of the bid, and his demand that Hagens Berman's fees be reconciled with it, directly increased the settlement fund for the class members by $21.8 million. But for Erwin's objections and appeals, Hagens Berman would have retained $52.8 million fee and expense awards and their bid would still be under seal.  As in *Rodriguez*, Erwin's appeals were necessary antecedents to the eventual class benefit. Hagens Berman expressly requested that the Ninth Circuit affirm the fee and expense awards and disregard Erwin's appellate arguments. *See e.g.,* Hagens Berman's Appellee's Brief, Appeal No. 17-17439 *passim*. If not for Erwin's objections and successful appeals of the denial of the objection, the class would have $21.8 million less.

Erwin's contributions go beyond his objections and appeals that resulted in the vacatur and remand and are even more compelling than in *Rodriguez*. The arguments set forth in his October 2020 opposition, which were renewed and expanded upon in his April 2021 objection, were the basis for this Court's decision to limit Hagens Berman to no more than a 20% premium. These contributions by Erwin should not be diminished because another objector reiterated some of the same arguments six months later.

Hagens Berman may assert that its decision to forego expenses on remand increased the class members' settlement proceeds by $5 million of the $21.8 million. But it was only Hagens Berman's decision because Erwin continued to shine light on the firm's deviation from the bid before this Court and in the Ninth Circuit. As this Court noted, the Ninth Circuit's opinion implied that Hagens Berman failed to meet "its full duty of candor[,]" particularly when it "inexcusably failed to call attention to the fact that it was requesting costs notwithstanding language in its bid suggesting that such costs would be absorbed in the fee recovery." Dkt. 3027 at 10 n.5. Once this Court identified this deviation from the bid in round three,[4] Erwin insisted that all expenses be returned to

---

[4] The Ninth Circuit "agree[d] with this part of the court's interpretation of the bid." *ODD I*, 959 F.3d at 937.

the class and continued to urge that the bid in its entirety be unsealed. Dkt. 2877 at 1-2, 4-7; Appellant's Brief, Appeal No. 19-15538, at 2-7, 22, 29-33; Reply Brief, Appeal No. 19-15538, at 1, 9-11, 14-15. Thus, but for Erwin's objections and appeals, Hagens Berman would have never been in a position to forego a fourth attempt to recover expenses which they promised not to seek reimbursement for in the first place. If there was any real decision to be made at all, one cannot overlook that this benefit "was a response to [Erwin's] arguments on appeal." *Rodriguez II*, 688 F.3d at 659.

Because of Erwin's efforts, the class recovered an additional $21.8 million. He is therefore entitled to attorneys' fees.

## II. Fees should be awarded under the percentage method because the benefit is clearly quantifiable.

For purposes of awarding attorneys' fees, when the objector provides "a quantifiable benefit to the class" by making successful arguments that reduce class counsel's attorneys' fees and thus preserve more of the common fund, the percentage "approach makes sense." *In re Easysaver Rewards Litig.*, No. 09-CV-02094-BAS-WVG, 2021 WL 230013, at *3-4 (S.D. Cal. Jan. 22, 2021) (awarding $805,000 as 25% of a $3.23 million increase to the common fund for cy pres beneficiaries); *Arnett v. Bank of Am., N.A.*, No. 3:11-cv-1372-SI, 2014 WL 5419125, at *3 (D. Or. Oct. 22, 2014) (awarding objector's counsel 25% of increase to settlement fund). This method appropriately "ties Objector's fee award to the benefit he obtained for the class and aligns their interests." *Easysaver*, 2021 WL 230013, at *3 (citing *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *5 (N.D. Cal. Aug. 17, 2018)).

Conversely, in "cases involving successful objections to a settlement" in which "the benefit to the class is not easily quantifiable[,]" "[t]he lodestar method is understandably used[.]" *Easysaver*, 2021 WL 230013, at *3 (citing *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR (DMR), 2020 WL 7261313, at *1 (N.D. Cal. Dec. 10, 2020) (awarding $250,000 in fees where

objector's complaints led to a shift in the distribution of the settlement funds from one segment of the class to another); *Marshall v. Northrop Grumman Corp.*, No. 2:16-cv-06794-AB-JCX, 2020 WL 5668963, at *4 (C.D. Cal. Sept. 18, 2020) (awarding $48,900 in fees where objectors convinced the court to deny initial approval of the settlement, which led to an amended settlement agreement that included a narrower release of claims)).

The benefit here is easily quantified. There is an additional $21.8 million in the common fund that would not be there but for Erwin's objections and appeals. The percentage method should therefore be applied in recognition of the alignment of interests.

### III. Erwin's 7% request is reasonable.

The five-year effort of Erwin's counsel netted the class an additional $21.8 million, nearly the amount of the third round of settlements. For that result, Erwin's request for 7% of the benefit is clearly reasonable It is less than a third of the 25% benchmark and well below what might have been requested. *Easysaver*, 2021 WL 230013, at *3 (awarding objector fees of 25% of benefit); *Stetson,* 2016 WL 5867434, at *6 (awarding objectors 20% of the benefit—i.e., the amount by which the court reduced class counsels' excessive fee request); *Arnett*, 2014 WL 5419125, at *3 (25% fee to objector's counsel); *accord Eubank v. Pella Corp.*, No. 06-CV-4481, 2019 WL 1227832, at *8 (N.D. Ill. Mar. 15, 2019) ("It is well recognized that objectors who add value to litigation through their successful objections are entitled to recover a substantial share of overall attorney's fees. Seventh Circuit caselaw has previously placed such recoveries around 20% of the total attorney's fees."); *Kaufman v. American Express Travel Related Servs., Co.*, 2016 WL 806546, at *13-*14 (N.D. Ill. Mar. 2, 2016) (awarding objector fees of 34% of the benefit); *Lan v. Ludrof*, No. 1:06-cv-114, 2008 WL 763763, at *28 (W.D. Pa. Mar. 21, 2008) (awarding objector fee of 25% of the benefit); *see also Dewey v. Volkswagen of Am.*, 909 F. Supp. 2d 373, 396 (D.N.J. 2012) ("10% of the benefit conferred [is] well within the range of acceptable . . . recovery[.]"); *see also In re Trans Union Corp. Privacy Litig.*, 629 F.3d

741, 743 (7th Cir. 2011) (concluding 3.8% of the benefit conferred "was too small" and holding that objector's counsel was entitled to $4.125 million, or 5.9% of the benefit conferred).

Erwin's proposed 7% fee satisfies the *Vizcaino* reasonableness factors.[5] The $21.8 million million benefit is an excellent result—increasing the class members' share of the common fund by more than 10%.[6] Erwin faced a substantial risk of non-payment. *Rodriguez v. W. Publishing Corp.*, 602 Fed. Appx. 385 (9th Cir. 2015) (reversing district court's unexplained conclusion that class action objection is a "matter which [has] little risk"). There was no guarantee that the Ninth Circuit would find Hagens Berman's bid as significant as it ultimately did in vacating the three fee and expense awards. Of course, the risk is high for any appeal; the overall reversal rate in the Ninth Circuit as of 2019 was less than 10%.[7] Clore Dec. ¶18. There was also a risk that the Ninth Circuit would be distracted from the merits by the personal attacks lodged by Hagens Berman on counsel, Mr. Erwin, and his wife. *See* Hagens Berman's Appellees' Brief, No. 17-15065, at 2, 15-16 (July 20, 2017). Even with success, there was the possibility that any pecuniary benefit for the class would be modest, as opposed to beneficial precedent that is gained for future class members involved in settlements. It was also uncertain that this Court would award an amount below Hagens Berman's renewed request on remand or otherwise adopt Erwin's arguments.

Erwin's counsel demonstrated skill and efficiency. Clore Dec. ¶ 16. With a less than 10% chance of success, Erwin's counsel prevailed in the Ninth Circuit. This against a law firm that "is among the most experienced and skilled practitioners in the complex litigation field," "driven by a

---

[5] The factors include: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *Vizcaino*, 290 F.3d at 1048–50.

[6] The addition of $21,827,042 to be allocated to the class is 10.6% of the aggregate $205,000,000 settlements.

[7] United States Courts for the Ninth Circuit, 2019 Annual Report, https://www.ca9.uscourts.gov/judicial_council/publications/AR2019/AnnualReport2019.pdf at 57 (Ninth Circuit overall reversal rate of 9.3% for fiscal year 2019).

team of legal powerhouses" that has "been consistently rated by the National Law Journal in the top ten of plaintiffs' firms in the country." Dkt. 2326-1 ¶25; Dkt. 2326-2 at 3. Erwin's counsel worked far more efficiently than their counterparts, billing 687.6 hours in objecting to Hagens Berman's fee motions and prosecuting Erwin's appeals. Clore Dec. ¶ 16. Although Hagens Berman declined to provide a breakdown of their lodestar on these matters, from Erwin's counsels calculation of the records produced in support of the renewed fee motion, it appears without even including work on the first fee motion and supporting declarations, Hagens Berman dedicated at least 1,133.8 hours compared to Erwin's counsels' 687 hours *Id.*

With respect to the contingent nature of the fee, there was no assurance that Erwin would succeed in his argument for a substantial fee reduction, thus entitling him to fee. Meanwhile, the financial burden has been considerable with Erwin incurring hundreds of thousands of dollars in uncompensated attorney labor, not to mention thousands in printing and travel expenses (for which Erwin is not seeking compensation), over five years of litigation. Finally, courts have generally awarded much greater percentages in similar cases. *Easysaver*, 2021 WL 230013, at *3; *Arnett*, 2014 WL 5419125, at *3; *Eubank*, 2019 WL 1227832, at *8; *Kaufman*, 2016 WL 806546, at *13-*14; *Lan*, 2008 WL 763763, at *28. Accordingly, Erwin's 7% fee request satisfies the *Vizcaino* factors and is reasonable

**IV. Erwin's counsels' $508,650 lodestar confirms a reasonable fee on cross-check.**

A lodestar cross-check is appropriate to confirm the reasonableness of the percentage-based fee award. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 945 (9th Cir. 2011). Still, "the primary basis of the fee award remains the percentage method." *Vizcaino*, 290 F.3d at 1050. Here, "[e]ither calculation shows that this is not a case where an objector ran up a tab the with minimal value added." *Southwest*, 898 F.3d at 746. A lodestar cross-check confirms the reasonableness of Erwin's attorneys' fee request.

Erwin's counsel accrued an aggregate $508,650 lodestar based on 687.6 hours from August 2016 through June 2021. Clore Dec. ¶¶ 11, 15. That produces a 2.9 lodestar multiplier for the requested $1,524,180 fee (*id.*), well within the range of reasonable multipliers. *Vizcaino*, 290 F.3d at 1052-54 (finding range of multipliers from 1.0 to 4.0); *Pella,* 2019 WL 1227832, at *9 (awarding objectors' counsel "a multiplier of six"); *see e.g. Easysaver*, 2021 WL 230013, at *3-4 (awarding $805,000 in objector's attorney's fees as 25% of $3.2 million benefit provided with a 1.62 multiplier, "within the range of multipliers applied in common fund cases[,]" which confirmed its reasonableness); *Nat'l Milk Producers*, 2017 WL 4581926, at *2 (1.6 multiplier for objector reasonable); *see also In re NCAA Ath. Grant-in-Aid Cap Antitrust Litig.*, 768 Fed. Appx. 651 (9th Cir. 2019) (affirming fee award with a 3.6 multiplier under the lodestar crosscheck).

The relevant factors— "the quality of representation, the result obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment" —support Erwin's requested fee and crosscheck-multiplier. *McLeod v. Bank of Am., N.A.*, 2019 WL 1170487, at *4 (N.D. Cal. Mar. 13, 2019) (3.5 crosscheck-multiplier reasonable). Again, the result, $21.8 million more for the class, is exceptional. The weight to be afforded a bid used to secure class counsel was a matter of first impression before the Ninth Circuit, as was the issue of the class members' entitlement to see it. *ODD I,* 959 F.3d at 930 (noting the Court had never "consider[ed] how or whether such a bid should factor into the analysis when requests for fees and expenses are considered"). Erwin's counsel was required to review and understand complex antitrust law, and filings analyzing it, to provide a reasoned response to what would have been contemplated by the bidding firms. Clore Dec. ¶8. Again, Erwin's counsel dedicated nearly 700 hours of labor with a high risk of non-payment considering fewer than one in ten appellants succeed in the Ninth Circuit. Clore Dec. ¶18. Given the degree of success, the degree of risk, the novelty and complexity of the issue, and the efficiency of Erwin's counsels' lodestar, the $1.5 million request is reasonable.

The lodestar is divided as follows: Robert Clore, 21-year attorney, who is a Partner and Senior Appellate Counsel, 642.3 hours at $750 per hour for a $481,725 lodestar; Christopher Bandas, a 27-year attorney and sole shareholder of Bandas Law Firm, P.C., 21.8 hours at $750 per hour, for a $16,350 lodestar; Timothy Hanigan, 33-year attorney and Partner at Lang, Hanigan & Carvalho, LLP, 23.5 hours at $450 per hour, for a lodestar of $10,575. Clore Dec. ¶¶ 3-17.

These hourly rates are reasonable relative to the Court's finding of prevailing market rates and are well below Hagens Berman's rates. Clore Dec. ¶¶ 12, 15; Dkt. 2691 at 11-12 (noting "the range of $200 to $1,080 charged by partners in California[,]" that "Steve Berman bills at an hourly rate of $975[,]" "[o]ther partners at Hagens Berman have hourly rates ranging from $550 to $950" and "[a]ssociates at Hagens Berman have hourly rates of $300 to $825"). "[T]he relevant community for purposes of determining reasonable hourly rates is the forum in which the district court sits." *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 281 F. Supp. 3d 833, 852 (N.D. Cal. 2017) (quotation and brackets omitted). These rates are well below rates found reasonable for objector's counsel in this District who provided more modest and less quantifiable benefits. *See e.g., Lithium*, 2020 WL 7261313, at *2 (finding reasonable an hourly rate of $899 for an objector's attorney 20 years out of law school and $747 for attorneys 11-19 years out of law school); *see also In re Syngenta*, 2:14-md-02591, Dkt. 4308 at 2 (D. Kan. Jan. 6, 2020) (approving $600 hourly rate for Robert Clore before he became partner, and $700 per hour for Mr. Bandas, as requested in Dkt. 4278-3 ¶¶ 5-6). And they are well below the rates of the Adjusted Laffey Matrix for attorneys out of law school for more than twenty years. *See* http://www.laffeymatrix.com/see.html ($914/hour for attorneys out of law school for more than twenty years); *Lithium*, 2020 WL 7261313, at *2 (finding hourly rates of $899 and $747 for attorneys, including attorneys from outside Washington D.C., to be reasonable based upon the Laffey Matrix, which were "comparable to, if not less than, the San Francisco Bay area market rates").

Erwin's counsel exercised efficiency in their labor. Clore Dec. ¶¶ 8, 16. Over nearly five years of litigation, they spent 687.6 hours conducting legal research and drafting three objections and accompanying declarations, conducting legal research and preparing six appellate briefs in three appeals in the Ninth Circuit, engaging in appellate motion practice (among other things, Hagens Berman opposed supplementing the appellate record with the unsealed bid), preparing for, traveling to, and participating in one oral argument in Portland, Oregon, preparing for and participating in another oral argument via Zoom, conducting legal research and preparing an opposition to a renewed motion for attorneys' fees, preparing an objection to the renewed motion, and preparing for and arguing at the hearing before this Court on the renewed motion for attorneys' fees. Clore Dec. ¶¶ 8, 13. Erwin's lodestar excludes all time spent preparing this motion and all labor associated with Erwin's motion to enforce, return class funds, and disgorge fees. Clore Dec. ¶¶ 8, 11.

The nature of the objections and appeals required, under Ninth Circuit law, that Erwin's counsel be familiar with the entire timeline of the case, including the bids submitted to Judge Walker at the outset of litigation, and to review and understand filings, orders, and transcripts in complex, global antitrust class action litigation with over 3,000 docket entries, many years before Erwin first objected in 2016. Clore Dec. ¶ 8. Erwin's three appeals involved hundreds of pages of briefing and thousands of pages of excerpts of record on appeal, including 838 pages of supplemental excerpts of record filed by Hagens Berman in the three appeals. *See Optical Disk*, Appeal Nos. 17-15065, 17-17439, & 19-15538 (9th Cir.); Clore Dec. ¶ 8.

Only Mr. Hanigan, Mr. Bandas, Mr. Clore performed work in this case, thereby avoiding duplicative efforts. Clore Dec. ¶16. The relatively small number of hours, 687.6 hours over nearly five years, reflects this efficiency. *Id.*.

Hagens Berman did not file its detailed lodestar with any of the firm's initial three fee motions. It did so for the first time in its renewed motion. Dkt. 2942-2. Again, without including

time from the first fee motion,[8] it appears Hagens Berman spent at least 1,133.8 hours on these matters. Clore Dec. ¶16; Dkt. 2942-2 at 376-78, 381, 385, 420, 434, 440-47, 463, 469-72, 478, 481-82, 484-95. Erwin's counsels' 687.6 hours are far more efficient than Hagens Berman's 1,133.8.[9]  Taken together, the lodestar cross-check confirms the reasonableness of Erwin's request.

**V. Erwin requests a $1,500 incentive award.**

Erwin further requests a modest $1,500 incentive award for his willingness to oppose the excessive fee requests over multiple rounds of settlements. That amount is appropriate considering his role in conferring a benefit upon the class. *Easysaver*, 2021 WL 230013, at *3-4 ($2,500 for objector's participation in the case); *In re Apple Inc. Sec. Litig.*, No. 5:06-CV-05208-JF HRL, 2011 WL 1877988, at *5 (N.D. Cal. May 17, 2011) (awarding $1,000); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 817 (N.D. Ohio 2010), *on reconsideration in part* (July 21, 2010). By objecting, Erwin exposed himself to the risk of harassment by class counsel. *See Apple,* 2011 WL 1877988, at *5*; Trans Union*, 629 F.3d at 743 ("class lawyers may try to fend off interlopers who oppose a proposed settlement" and that such tactics should not be permitted considering objectors can "prevent cozy deals that favor class lawyers and defendants at the expense of class members").

Like class representatives, class members whose objections contribute meaningfully to class recovery should be rewarded. As a result of Erwin coming forward, the net settlement fund was enhanced by $21.8 million. Erwin's request for $1,500 is much less than the $4,500 incentive awards from the first round of settlements that the Court approved as reasonable. Dkt. 2133 at 17-18. And it is just 1% of the $138,00 aggregate incentive awards over two rounds. Dkt. 2133 at 17-18

---

[8] Hagens Berman ostensibly did not document most of its time in preparing the first fee motion filed on October 5, 2016, with only 6.5 hours recorded for the 22-page motion and none for the supporting declarations. Dkt. 2942-2 at 376-78; Clore Dec. ¶16.

[9] Hagens Berman's submission does not identify total time spent on the fee motions and defending against Erwin's appeals. To the extent Hagens Berman might claim Erwin's counsel miscalculated, the firm refused to provide Erwin its specific lodestar on these matters. Clore Dec. ¶16.

($103,500 aggregate award); Dkt. 2691 ($34,500 aggregate award). Like the class representatives, Erwin's meaningful contributions should be compensated.

**VI. The fees and incentive award should be funded from class counsels' fees.**

As a matter of equity, Erwin requests that the attorneys' fees and incentive award be taken from Hagens Berman's award rather than the class members' settlement fund. *See generally Neslin v. Wells,* 104 U.S. 428, 437 (1882) ("equity requires that the loss, which in consequence thereof must fall on one of the two, shall be borne by him by whose fault it was occasioned."). Hagens Berman scarcely mentioned the bid in its first fee motion, *ODD I,* 959 F.3d at 930-31, and only disclosed the much lower percentage it would have produced *after* Erwin came forward. Even then, the firm fought vigorously to keep it under seal and to collect twice what it bid.

Further, as this Court and the Ninth Circuit noted, after having to acknowledge the significantly lower percentage in the bid, Hagens Berman "inexcusably failed to call attention" to its promise not to seek reimbursement of expenses. Dkt. 3027 at 10 n. 5 (noting Hagens Berman failed to fulfill "its full duty of candor"). Since Hagens Berman's failings necessitated Erwin's objections and appeals, it follows that the firm, and not the class, should be responsible for the compensation.

Courts in this District and elsewhere regularly award objector fees from class counsels' award rather than the common fund. *See e.g Hendricks v. StarKist Co.,* No. 13-cv-00729-HSG, 2016 WL 5462423, at *16 (N.D. Cal. Sept. 29, 2016); *Pecover v. Electronic Arts Inc.,* No. 4:08-cv-2820, Dkt. 467 (N.D. Cal. Jun. 19, 2013) (awarding objector's attorneys' fees out of Hagens Berman's attorneys' fees); *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P.,* 212 F.R.D. 400, 417 (E.D. Wis. 2002); *Lonardo,* 706 F. Supp. 2d at 817; *Parker v. Time Warner Entm't Co., L.P.* 631 F. Supp. 2d 242, 277 (E.D.N.Y. 2009). This Court should do the same. Alternatively, Erwin requests that fees and an incentive award be awarded from the common fund.

### Conclusion

Conner Erwin requests that this Court award him $1,500 as an incentive award and $1,524,180 in attorneys' fees for his role in conferring a $21,827,042 benefit to the class. Erwin requests that this award be funded from class counsels' fees or alternatively from the common fund.

Dated: July 16, 2021                    Respectfully submitted,

                                        _/s/ Robert W. Clore_
                                        Robert W. Clore
                                        Christopher Bandas
                                        BANDAS LAW FIRM, P.C.
                                        802 N. Carancahua, Suite 1400
                                        Corpus Christi, TX 78401
                                        Tel: (361) 698–5200
                                        Fax: (361) 698-5222
                                        Admitted *Pro Hac Vice*

                                        Timothy R. Hanigan (125791)
                                        Lang, Hanigan & Carvalho, LLP
                                        21550 Oxnard Street, Suite 760
                                        Woodland Hills, California 91367
                                        (818) 883-5644
                                        trhanigan@gmail.com

                                        *Counsel for Conner Erwin*

**Certificate of Service**

The undersigned certifies that today he filed the foregoing on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: July 16, 2021

/s/ *Robert W. Clore*
Robert W. Clore

21