Timothy R. Hanigan (SBN 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372

Robert W. Clore (*Pro Hac Vice*)
Christopher Bandas (*Pro Hac Vice*)
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, TX 78401
Tel: (361) 698–5200
Fax: (361) 698-5200
*Attorneys for Conner Erwin*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This document relates to: ALL INDIRECT PURCHASER ACTIONS | Case No. 10-MD-02143-RS<br>MDL No. 2143<br><br>**DECLARATION OF ROBERT CLORE IN SUPPORT OF OBJECTOR CONNER ERWIN'S MOTION FOR ATTORNEY'S FEES AND INCENTIVE AWARD**<br><br>Date:   August 26, 2021<br>Time:   1:30 p.m.<br>Dept.:   Courtroom 3, 17th Floor<br>Judge:  Hon. Richard Seeborg |

I, Robert W. Clore, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am a Partner and Senior Appellate Counsel for the Bandas Law Firm, P.C., which maintains its principal place of business in Corpus Christi, Texas. I am an attorney licensed to practice law in Texas since 1999. I became a non-equity Partner at the Bandas Law Firm on June 1, 2021.

3. Timothy Hanigan, Christopher Bandas and I represent objecting class member Conner Erwin. Mr. Hanigan is admitted in the Northern District of California and Mr. Bandas and I were admitted *pro hac vice* by the Court on July 19, 2019. Mr. Hanigan, Mr. Bandas, and I were responsible for the work performed on behalf of Mr. Erwin.

### Counsel's Skill, Efficiency, and Lodestar

4. For purposes of counsel's skill and experience, I am an experienced attorney in civil appeals and class actions, having graduated *magna cum laude* from St. Mary's University School of Law. I served as Articles Editor with the St. Mary's Law Journal, held membership in Phi Delta Phi, and clerked two years at the Thirteenth Court of Appeals for the State of Texas before entering private practice. I served as appellate counsel for several highly respected defense firms in Texas before becoming Senior Appellate Counsel for the Bandas Law Firm, P.C., a well-respected personal injury plaintiff's firm, in early 2016. I am a member of the Appellate Section of the State Bar of Texas and the Corpus Christi Bar Association and am admitted to practice and in good standing with the United States Courts of Appeals before the Second, Third, Fourth Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits as well as the United States Supreme Court.

5. Since joining Bandas Law Firm in 2016, I have authored numerous appellate briefs, analyzed many class-action settlements, and appeared in federal district courts and appellate courts

in cases around the nation to fight unfair settlements and excessive fee requests. I have had repeated successes for the benefit of class members. In addition to my success before the Ninth Circuit here, I have assisted in securing many victories on behalf of clients in both personal injury and class action matters. S*ee e.g., In re Optical Disk Drive Prod. Antitrust Litig.*, 959 F.3d 922 (9th Cir. 2020) and *In re Optical Disk Drive Prod. Antitrust Litig.*, 804 Fed.Appx. 443 (9th Cir. 2020) (prevailing in appeal with vacatur of $52.8 million fee and expense award); *In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, 952 F.3d 471, 489 (4th Cir. 2020) (winning an appeal that reversed a fee award after court failed to apply CAFA); *In re Syngenta*, 2:14-MD-02591, Dkt. 4318 at 8-9; 4278 at 3, 6-7 (D. Kan. Jan. 6, 2020) (securing a $3 million monetary benefit for a settlement class of corn farmers and supplying nonmonetary benefits to the claims process); *McKnight v. Uber Tech. Inc.*, No. 4:14-cv-05615, Dkt. 189 at 5-6, 11 (N.D. Cal. Aug. 13, 2019) (representing the sole objector to advocate for application of CAFA, which prompted the district court to deny fees and require a renewed motion adhering to CAFA's requirements); *Chambers v. Whirlpool Corp.,* 980 F.3d 645 (9th Cir. 2020) (prevailing on challenge to the district court's refusal to apply CAFA to fees); *Salinas v. World Houseware Producing* Co., 34 N.Y.3d 925, 926 (Sept. 12, 2019) (New York Court of Appeals reversing in favor of client in products liability action); *Broussard v. Omni Hotels Corp. et al.*, 2019 WL 4309574 (Tex. App.—Corpus Christi Sept. 12, 2019, no pet.) (court of appeals reversing in favor of client in personal injury action); *see also* Dorothy Atkins, Settling On Zoom: The Rise of Pro Se MDL Objectors, LAW360 (Dec. 22, 2020)[1] ("Robert Clore of Bandas Law Firm PC" is "a seasoned plaintiffs attorney who has successfully represented clients objecting to a number of big-ticket MDL settlements before trial courts and on appeal").[2]

---

[1] Accessible at https://www.law360.com/articles/1337218 (last visited Feb. 26, 2021).

[2] *See also City of San Antonio v. Peralta*, 476 S.W.3d 653, 661 (Tex. App.—San Antonio 2015, no pet.) (affirmance in favor of client); *Schaffer v. Nationwide Mut. Ins. Co.*, No. 13-11-00503-CV, 2013 WL 2146833, at *1 (Tex. App. May 16, 2013) (reversal in favor of client); *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 142–43 (Tex. 2012) (reversal in favor of client in the Texas Supreme Court); *Guerrero v.*

6. Christopher Bandas is the sole shareholder of the Bandas Law Firm, PC, based in Corpus Christi, Texas, and is an experienced litigator. He attended Trinity University, graduating in 1990 with a B.A., and the University of Houston Law Center, where he graduated in 1993 with a J.D. While at University of Houston Law Center, he was an associate editor of the Houston Law Review. Before my arrival at the Bandas Law Firm, Mr. Bandas' clients also had a number of successes in fighting unfair settlements and reducing excessive fee awards in class action settlements. *See, e.g., In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 12-4671-CV, 2016 WL 3563719, at *12 (2d Cir. June 30, 2016) (Mr. Bandas' client was part of an effort in which the court "vacate[d] the district court's certification of the class, reverse[d] approval of the settlement, and remand[ed] for further proceedings not inconsistent with this opinion"); *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ("The judgment [approving the settlement] is reversed and the case remanded for further proceedings"); *Litwin v. iRenew Bio Energy Sols.*, LLC, 172 Cal. Rptr. 3d 328, 333 (Cal. App. 2d Dist. 2014), *as modified* (May 29, 2014) (in a case in which Mr. Bandas and Mr. Hanigan represented the objector in the lower court, the "the order granting final approval of the settlement must be reversed"); *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 181-82 (3d Cir. 2013) ("We vacate the District Court's orders approving settlement and the fund allocation plan[;] "[w]e vacate the Court's order awarding attorneys' fees and costs because this award was based on the now-vacated settlement"); *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) ("we reverse the district court's order approving the settlement and dismissing the case, vacate the judgment and award of attorneys' fees, and remand for further proceedings").

---

*Bexar Cty. Civil Serv. Comm'n*, No. 04-12-00523-CV, 2012 WL 6728260, at *1 (Tex. App. Dec. 28, 2012) (reversal in favor of client in a case I argued before the Texas Fourth Court of Appeals); *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 822 (Tex. 2010) (client's petition for writ of mandamus granted in the Texas Supreme Court); *Butters v Noyola*, No. 13-07-00713-CV, 2008 WL 3984168, at *1 (Tex. App.—Corpus Christi-Edinburg, Aug. 29, 2008, no pet.) (reversal in favor of client); *Military Highway Water Supply Corp. v. Morin*, 156 S.W.3d 569, 570 (Tex. 2005) (reversal in favor of client).

3

DECLARATION OF ROBERT CLORE

7. Timothy Hanigan is a named partner at Lang, Hanigan & Carvahlo and has been practicing business litigation for 34 years. He graduated from Stanford University in 1983 with distinction and received his Juris Doctorate from the University of Michigan, cum laude, in 1986 and was licensed to practice law in the State of California the same year. Aside from participating in the objection that conveyed a $21,774,000 benefit to the class in this case, Mr. Hanigan has also assisted in benefitting settlement classes elsewhere. *See e.g., Litwin*, 172 Cal. Rptr. 3d at 333 (representing objector in the district court in a case that resulted in reversal); *Jeffrey A. Thomas v. Dun & Bradstreet Cred. Corp.*, 2:15-cv-03194-BRO, Dkt. 80, at 37-38, 42 (C.D. Cal. Mar. 22, 2017) ("agree[ing] with several of the objections made by" Mr. Bandas' and Mr. Hanigan's client, and reduced fees from 30% to 27% for the benefit of the class).

8. Erwin's counsel litigated the objections and appeals efficiently with 687.6 hours of attorney time making up the lodestar. That lodestar was accumulated over five years and covers three objections to three Hagens Berman's fee motions, three appeals, two oral arguments in the Ninth Circuit, an opposition and objection to a renewed motion for attorneys' fees, and a hearing on the same. It excludes any time spent on this fee motion as well as all time spent in connection with Erwin's motion to enforce, return class funds, and disgorge fees. I view Erwin's counsels' total lodestar as a reasonable expenditure of time for researching and drafting three objections and accompanying declarations, researching and preparing six appellate briefs in three appeals in the Ninth Circuit, engaging in appellate motion practice (among other things, Hagens Berman opposed supplementing the appellate record with the unsealed bid), preparing for, traveling to, and attending one oral argument in Portland, Oregon, preparing for another oral argument via Zoom, preparing an opposition to a renewed motion for attorneys' fees, preparing an objection to the renewed motion, and preparing for and arguing at the hearing before this Court on the renewed motion for attorneys' fees. The nature of the objections and appeals required, under Ninth Circuit law, that we be familiar

with the entire timeline of the case, including the bids submitted to Judge Walker at the outset of litigation, and to review and understand filings, orders, and transcripts in complex, global antitrust class action litigation with over 3,000 docket entries, many years before Erwin first objected in 2016. Erwin's three appeals involved hundreds of pages of briefing and thousands of pages of excerpts of record on appeal, including 838 pages of supplemental excerpts of record filed by Hagens Berman in the three appeals. *See In re Optical Disk*, Nos. 17-15065, 17-17439, & 19-15538 (9th Cir.).

9. The risk of nonpayment was high. While Mr. Clore has an outstanding record in fighting excessive fee awards and settlements, there was no guarantee that the Ninth Circuit would find the bid submitted by Hagens Berman at the outset as significant as it ultimately did in vacating the three fee and expense awards. There was also a risk that the Ninth Circuit would be distracted from the merits by the personal attacks lodged by Hagens Berman on counsel, Mr. Erwin, and his wife. *See* Hagens Berman's Appellees' Brief, No. 17-15065, at 2, 15-16 (July 20, 2017). Even with success, there was the possibility that any pecuniary benefit for the class would be modest, as opposed to beneficial precedent that is gained for future class members involved in settlements.

10. Erwin's counsel are requesting $1,524,180 in attorneys' fees as 7% of the $21,774,000 benefit[3] bestowed by Erwin's objections and appeals. I believe this fee is reasonable considering the substantial benefit conveyed to the class, and it is far below the 25% benchmark. *In re Easysaver Rewards Litig.*, No. 09-CV-02094-BAS-WVG, 2021 WL 230013, at *3–4 (S.D. Cal. Jan. 22, 2021) (awarding objector's counsel $805,000 as 25% benchmark fee); *Arnett v. Bank of Am., N.A.*, No. 3:11-cv-1372-SI, 2014 WL 5419125, at *3 (D. Or. Oct. 22, 2014) (awarding objector's counsel 25% of benefit). It is also reasonable in terms of the risk we incur, since we often do not recover fees for

---

[3] The request may be lower than 7% depending on the interest returned to the class.

appeals, and appellants succeed in the Ninth Circuit, on average, less than one time in ten.[4]

11. Collectively, Mr. Erwin's attorneys have logged 687.6 hours in time from August 2016 through June 25, 2021 in furtherance of the objections and appeals for a total lodestar of $508,650 producing a 2.9 lodestar multiplier for the requested $1,524,180 fee, which is reasonable in the Ninth Circuit when used as a crosscheck of a percentage-based fee. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 & n.6 (9th Cir. 2002) (finding 1.0-4.0 to be generally the "range of multipliers applied in common fund cases"). That time excludes all work associated with Mr. Erwin's motion for attorneys' fees and incentive award. It also excludes all time associated with Mr. Erwin's Motion to Enforce, Return Class Funds, and Disgorge Fees.

12. I billed 642.3 hours in this case. Mr. Bandas billed 21.8. I conservatively reconstructed our time through contemporaneous email records and filings in this Court and in the Ninth Circuit. This has resulted in understating our time significantly because it does not include time in phone calls and other work that was not recorded in emails or filings. Further, although there were many days when I worked on the case from early in the morning until late at night, I limited my billing to no more than 8 hours for a given day. None of Mr. Bandas' billing approaches 8 hours on any given day. As practitioners more than 20 years out of law school, we seek a $750/hour billing rate for our time. This rate is well below the rates of the Adjusted Laffey Matrix for attorneys out of law school for more than twenty years. *See* http://www.laffeymatrix.com/see.html ($914/hour for attorneys out of law school for more than twenty years); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13MD02420YGRDMR, 2020 WL 7261313, at *2 (N.D. Cal. Dec. 10, 2020) (noting that Adjusted Laffey Matrix rates are comparable to, if not less than, the San Francisco Bay Area market rates"). This rate is also reasonable relative to the Court's finding of prevailing market rates and on the low

---

[4] United States Courts for the Ninth Circuit, 2019 Annual Report, https://www.ca9.uscourts.gov/judicial_council/publications/AR2019/AnnualReport2019.pdf at 57 (Ninth Circuit overall reversal rate of 9.3% for fiscal year 2019).

end of rates for Hagens Berman's experienced partners. Dkt. 2889 at 15 (noting "the range of $200 to $1,080 charged by partners in California[,]" that "Steve Berman bills at an hourly rate of $975[,]" "[o]ther partners at Hagens Berman have hourly rates ranging from $550 to $950" and "[a]ssociates at Hagens Berman have hourly rates of $300 to $825"). It is also well below hourly rates found reasonable for objector's counsel in this District who provided more modest and less quantifiable benefits. *Lithium*, 2020 WL 7261313, at *2 (finding reasonable an hourly rate of $899 for an objector's attorney 20 years out of law school and $747 for attorneys 11-19 years out of law school). The District of Kansas approved an hourly rate of $600/hour for me *before I became partner*, in connection with a much smaller monetary benefit conveyed to a settlement class a little less than two years ago. *In re Syngenta*, 2:14-md-02591, Dkt. 4308 at 2 (D. Kan. Jan. 6, 2020) (approving as reasonable hourly rates of $600 for me before I became partner, as requested in Dkt. 4278-3 ¶¶ 5-6). It also approved an hourly rate of $700 for Mr. Bandas. *Id.*

13. In general, Mr. Bandas' labor was spent communicating with Mr. Erwin, conducting legal research, reviewing the docket, drafting and preparing Erwin's objection to Hagens Berman's first motion for attorneys' fees in 2016, and assisting Mr. Clore in preparation for the first oral argument in Portland, Oregon. My labor was spent reviewing Erwin's first objection, reviewing the extensive docket, conducting legal research and drafting Erwin's subsequent two objections to Hagens Berman's two additional fee motions, conducting legal research and drafting six appellate briefs over three appeals, engaging in appellate motion practice, preparing for, traveling to, and participating in the first oral argument in Portland, Oregon, preparing for and participating in the second oral argument via Zoom, reviewing Hagens Berman's renewed motion for attorneys' fees, conducing legal research and drafting an opposition and fourth objection, and preparing for and participating in the Zoom hearing on the same.

14. Mr. Hanigan billed 23.5 hours at $450 per hour, keeping his time through recordkeeping

software. These hours were primarily spent reviewing, editing, and filing Erwin's objections and supporting papers, as well as communicating with Mr. Clore regarding the same. As a practitioner more than 20 years out of law school, Mr. Hanigan's hourly rate is far below Adjusted Laffey Matrix rates, rates for partners in the relevant market, and below any Hagens Berman's partner's rate. Dkt. 2889 at 15 (Hagens Berman's partners' rates ranging from $550 to $950).

15. The chart below also reflects the level of experience, billable rates, and the hours for Mr. Bandas, Mr. Hanigan, and me in this case.

| Attorney | Years Exp. | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Christopher A. Bandas, Sole Shareholder, Bandas Law Firm | 27 | $750 | 21.8 | $16,350 |
| Robert W. Clore, Partner/Senior Appellate Counsel, Bandas Law Firm | 21 | $750 | 642.3 | $481,725 |
| Timothy Hanigan, Partner, Lang, Hanigan, & Carvahlo | 35 | $450 | 23.5 | $10,575 |
| **TOTAL** | | | 687.6 | $508,650 |

16. In my opinion, our expenditure of time on this case was both reasonable and necessary in furtherance of Erwin's objections which led to the $21,774,000 benefit bestowed on the class. Further, since only Mr. Hanigan, Mr. Bandas, and I performed work in this case, we were able to avoid any duplicative efforts, and the relatively small number of hours reflect this efficiency. I reviewed Exhibit A attached to Steve Berman's declaration at Dkt. 2942-2. Although the exhibit does not necessarily break down lodestar by these categories, according to my calculations, Hagens Berman spent at least 1,133.8 hours on motions for attorney's fees and expenses, Erwin's three appeals, and oral arguments in the Ninth Circuit. Dkt. 2942-2 at 376-78, 381, 385, 420, 434, 440-47, 463, 469-72, 478, 481-82, 484-95. That amount appears to be considerably understated, however,

because Hagens Berman appears not to have documented most of its time in preparing the first fee motion filed on October 5, 2016, with only 6.5 hours recorded for the 22-page motion and none for the supporting declarations. Dkt. 2942-2 at 376-78. Thus, Erwin's counsel were far more efficient. To the extent Hagens Berman suggests that these calculations are inaccurate, I requested that Ms. Scarlett provide Hagens Berman's lodestar for the time spent on prosecuting their fee motions in this Court and on appeal. She declined to provide the requested information. Regardless, I am confident that our labor in challenging Hagens Berman's fees in this Court and on appeal was more efficient than Hagens Berman's efforts in defending their requests before this Court and the awards before the Ninth Circuit.

17. Erwin is relying on the percentage-of-the-benefit approach to justify his attorneys' fees, so he is not including detailed time entries in his submission, which may require substantial time-consuming redaction to avoid breaching attorney-client privilege and work-product protections. If the Court so requests, Erwin's counsel will provide this data *in camera*, if they are at issue. This procedure was endorsed by the Third Circuit in *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-07 (3d Cir. 2005) and is consistent with N.D. Cal. Civil L.R 54-5(b)(2), which permits the Court to "require production of an abstract or of the contemporary time records for inspection, including in camera inspection, as the Judge deems appropriate." However, Erwin's counsel believe the fee should be awarded on the basis of a percentage of the class benefit achieved.

18. Erwin faced a substantial risk of non-payment. *Rodriguez v. W. Publishing Corp.*, 602 Fed. Appx. 385 (9th Cir. 2015) (reversing district court's unexplained conclusion that class action objection is a "matter which [has] little risk"). There was no guarantee that the Ninth Circuit would find Hagens Berman's bid as significant as it ultimately did in vacating the three fee and expense awards. Of course, the risk is high for any appeal; the overall reversal rate in the Ninth Circuit as of

2019 was less than 10%.[5] There was also a risk that the Ninth Circuit would be distracted from the merits by the personal attacks lodged by Hagens Berman on counsel, Mr. Erwin, and his wife. *See* Hagens Berman's Appellees' Brief, No. 17-15065, at 2, 15-16 (July 20, 2017). Even with success, there was the possibility that any pecuniary benefit for the class would be modest, as opposed to beneficial precedent that is gained for future class members involved in settlements. It was also uncertain that this Court would award an amount below Hagens Berman's renewed request on remand or otherwise adopt Erwin's arguments.

19. Erwin does not seek separate reimbursement for any expenses that he might be entitled to for proceedings in this Court or the Ninth Circuit, including for expenses, printing, and legal research costs.

20. Pursuant to Local Rule 54-5, I emailed Shana Scarlett and Kevin Green of Hagens Berman on July 7, 2021, to advise of Erwin's intent to move for $1,524,180 in attorneys' fees as 7% of the $21,774,000 benefit, along with a $1,500 incentive award for Erwin. Ms. Scarlett responded by email and requested that we provide her with, among other things, our detailed billing information along with Mr. Erwin's "hours." I informed Ms. Scarlett that Erwin is not an attorney and does not keep hours and explained the basis for our request of the incentive award for Erwin. I also informed Ms. Scarlett via email that Rule 54-5 requires only a summary of lodestar information, which I in turn provided to her via email on July 8, 2021. On July 9, 2021, Mr. Hanigan and I reached out to Ms. Scarlett via phone for the purpose of resolving any disputed issues and inquired as to her position on the motion. She responded that she could not provide her position on the motion without our detailed billing information. We inquired as to whether that meant she did not oppose everything besides our lodestar, and she did not answer. In the end, we were unable to resolve any

---

[5] United States Courts for the Ninth Circuit, 2019 Annual Report, https://www.ca9.uscourts.gov/judicial_council/publications/AR2019/AnnualReport2019.pdf at 57 (Ninth Circuit overall reversal rate of 9.3% for fiscal year 2019).

disputed issues, and were not even informed of whether class counsel oppose the motion.

Dated this the 16th of July 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *Robert W. Clore*
Robert W. Clore