**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION <br><br> This document relates to: ALL INDIRECT PURCHASER ACTIONS | Case No. 10-MD-02143-RS <br> MDL No. 2143 <br><br> **[PROPOSED] ORDER GRANTING ERWIN'S MOTION FOR ATTTORNEY'S FEES AND INCENTIVE AWARD** |

This matter comes before the Court on objecting class member Conner Erwin's Motion for Attorneys' Fees and Incentive Award. After review of all submissions in support of and in opposition to the motion, the motion is hereby GRANTED.

The Court finds that Erwin's participation in the proceedings through his objections and appeals to the Ninth Circuit conferred a material benefit through an increase to the common fund by $21.8 million. The Court also finds that Erwin assisted in providing an adversarial presentation into the proceedings and created a direct benefit for the class members who will now receive increased payments from the settlements' common fund. As such, the Erwin is entitled to attorneys' fees and costs. *See e.g., Rodriguez v. Disner*, 688 F.3d 645, 658-59 (9th Cir. 2012).

Erwin does not seek expenses, but requests fees in the amount of $1,524,180. Under the percentage of recovery method of calculating fees, the requested $1,524,180 is approximately 7% of the $21.8 million increase to the common fund. 7% is less than a third of the presumptive 25% benchmark and amounts to a "modest" request. *In re Southwest Airlines Voucher Litig.*, 898 F.3d 740, 746 (7th Cir. 2018) (characterizing 10% request of the market value of the benefit as "modest").

The Court has considered the *Vizcaino* factors and finds that in light of those factors, the 7% fee award is reasonable. Erwin's counsel has demonstrated great skill and efficiency and assisted in increasing the common fund by nearly the total amount of the round 3 settlements. Erwin's counsel have expended five years on this complex case and incurred a great risk of non-payment. The Court has considered the lodestar merely as a crosscheck and finds that Erwin's counsel incurred a reasonable lodestar of $508,650 after substantial deductions in time which they voluntarily made. Awards in similar cases further support the award. *See e.g., Southwest; Dewey v. Volkswagen*, 909 F. Supp. 2d 373, 396 (D.N.J. 2012). The award of $1,524,180 represents a 2.9 multiplier on the lodestar amount of objector's counsel, which is within the approved range of reasonableness in this Circuit. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 & n.6 (9th Cir. 2002) (finding 1.0-4.0 to be generally the "range of

multipliers applied in common fund cases"). It is especially reasonable given the substantially greater risk objectors face of non-payment after a district court rejects an objection, given that the majority of time is spent on appellate matters with a low chance of success. The Court further finds that Erwin is entitled to an incentive award, and that $1,500 is a reasonable award.

The Court is persuaded that the awards should be paid out of class counsel's fee fund. The Court finds this to be supported by precedent and an equitable way of ensuring that the class is not charged twice when the same result could have been more efficiently achieved. *See Hendricks v. Starkist Co.*, 2016 U.S. Dist. LEXIS 134872, 2016 WL 5462423, at *16 (N.D. Cal. Sept. 29, 2016*), aff'd sub. nom Hendricks v. Ference*, 754 Fed. Appx. 510, 513 n.1 (9th Cir. 2018); *Hendricks v. Starkist Co.*, 2016 U.S. Dist. LEXIS 134872, 2016 WL 5462423, at *16 (N.D. Cal. Sept. 29, 2016); *see also In re Sony PS3 "Other OS" Litigation*, No. 10-cv-01811-YGR, 2018 WL 2763337, at *3 (N.D .Cal. Jun. 8, 2018) (ordering objectors' fees paid from class counsel's fee award).

Accordingly, for the reasons provided above, Erwin's motion is GRANTED. The Court awards Erwin an incentive award of $1,500 and attorneys' fees in the amount of $1,524,180, payable from the fee award to class counsel.

IT IS SO ORDERED.

DATED:_____

                                                                                                                  _____
                                                                                                                  HONORABLE JUDGE RICHARD
                                                                                                                  SEEBORG, UNITED STATES
                                                                                                                  DISTRICT JUDGE