| | |
|---|---|
| 1 | Steve W. Berman (*pro hac vice*) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | 1301 Second Avenue, Suite 2000 |
| | Seattle, WA 98101 |
| 3 | Telephone: (206) 623-7292 |
| | Facsimile: (206) 623-0594 |
| 4 | steve@hbsslaw.com |
| 5 | Shana E. Scarlett (217895) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 6 | 715 Hearst Avenue, Suite 202 |
| | Berkeley, CA 94710 |
| 7 | Telephone: (510) 725-3000 |
| | Facsimile: (510) 725-3001 |
| 8 | shanas@hbsslaw.com |
| 9 | *Lead Counsel for Indirect Purchaser Class* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | No. 3:10-md-2143 RS (JCS) |
| | DECLARATION OF SHANA E. SCARLETT REGARDING ORDER RE REPAYMENT AND INTEREST |
| | DATE ACTION FILED: Oct. 27, 2009 |
| This Document Relates to: | |
| ALL INDIRECT PURCHASER ACTIONS | |

010177-12 1577556v1

I, Shana E. Scarlett, declare:

1. I am a partner with the law firm of Hagens Berman Sobol Shapiro LLP, counsel of record for the indirect purchaser plaintiffs in the above-titled action. I have personal knowledge of the matters stated herein and, if called upon, I would competently testify thereto.

2. This Declaration is submitted pursuant to this Court's July 12, 2021 Order re Repayment and Interest (ECF No. 3040). In that order, this Court requested a declaration setting out the specific interest calculations utilized. This declaration addresses those issues.

3. The attorneys' fees were drawn from eight separate escrow accounts held at The Huntington National Bank ("Huntington Bank"). The terms of the quick pay provision, and the repayment of interest are addressed in each of the eight separate settlement agreements, outlined below. Each of the provisions is near identical, in requiring that upon reversal or modification of a fee award, the portion of the fee and expense award that was modified shall be returned "plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited." The relevant paragraph of each of the eight settlement agreements are copied below for ease of reference:

**Samsung/Toshiba/TSST Agreement (ECF No. 2852-3) ¶ 24(b):**

> In the event that the Agreement does not become final within the meaning of Paragraph 10, or the order making the Fee and Expense Award is reversed or modified, then Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraphs 17-18 above.

**Panasonic Agreement (Ex. B to Friedman Decl., ECF No. 1898-3) ¶ 23(a):**

> In the event that the Agreement does not become final within the meaning of Paragraph 11, or the order making the Fee and Expense Award is reversed or modified, then Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraphs 17(c) above.

**NEC Agreement (ECF No. 1894-4) ¶ 23(b):**

> In the event that the Agreement does not become final within the meaning of Paragraph 11, or the order making the Fee and Expense Award is reversed or modified, then Lead Counsel shall within five (5) business days from receiving notice from NEC or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraph 17(b) above.

**Sony Agreement (Ex. C to Friedman Decl., ECF No. 1898-3) ¶ 22(b):**

> In the event that the Agreement does not become final within the meaning of Paragraph 10, or the order making the Fee and Expense Award is reversed or modified, then Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraph 16(c) above.

**HLDS Agreement (Ex. D to Friedman Decl., ECF No. 1898-3) ¶ 26(a):**

> In the event that the Agreement does not become final within the meaning of Paragraph 12, or the order making the Fee and Expense Award is reversed or modified, then Lead Counsel shall within five (5) business days from receiving notice from Settling Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraph 20(c) above.

**PLDS Agreement (ECF No. 2246-3) ¶ 23(b):**

> In the event that the Agreement does not become final within the meaning of Paragraph 11, or the order making the Fee and Expense Award is reversed or modified, then Lead Counsel shall within five (5) business days from receiving notice from Settling Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraph 17(c) above.

**Pioneer Agreement (ECF No. 2246-4) ¶ 22(b):**

> In the event that the Agreement does not become final within the meaning of Paragraph 10, or the order making the Fee and Expense Award is reversed or modified, then Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the

>Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraph 16(c) above.

**TEAC Agreement (ECF No. 2260-3) ¶ 22(b):**

>In the event that the Agreement does not become final within the meaning of Paragraph 10, or the order making the Fee and Expense Award is reversed or modified, then Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraph 16(c) above.

4. Robyn Griffin, a senior vice president of Huntington Bank, submits a declaration calculating the average interest rate on the settlement funds in this litigation. Huntington Bank calculated two alternative interest rates:

   a. The date of the first deposit into the settlement fund was November 9, 2015. Huntington Bank has estimated the average interest rate that has been earned since the date of first deposit until July 15, 2021 is 0.29%.[1]

   b. Hagens Berman first withdrew attorneys' fees from the funds on December 22, 2016. Huntington Bank has estimated the average interest rate of the settlement fund from December 22, 2016 to July 15, 2021 is 0.32%.[2]

5. Huntington Bank confirms that these interest rates are typical for funds of this type, complies with the settlement agreements, and is similar to those received by class action settlement funds of comparable size following comparable investment criteria during this time period.[3]

6. Taking the higher of these two average rates, the 0.32%, Hagens Berman has calculated the fees, expenses and interest to be repaid as follows.

---

[1] *See* Declaration of Huntington National Bank regarding Estimated Average Interest Rate Applied to Qualified Settlement Funds ("Huntington Decl."), ¶ 3(a)-(b), filed concurrently herewith.

[2] *Id.*, ¶ 3(c).

[3] *Id.*, ¶ 3(d).

7. In the first fee order dated December 19, 2016, Hagens Berman was awarded $31,125,000 in fees and $3,704,323.97 in expenses.[4] According to the terms of the July 2, 2021 order, only $18,822,000 would have been awarded in fees and no expenses. Accordingly:

    a. For the first fee order, $12,303,000.00 in fees and $3,704,323.97 in expenses has been refunded.

    b. The fees and expenses were held for 1,671 days.

    c. Using the 0.32% interest rate, this results in $236,199.53 of interest.

    d. This means a total of $16,243,523.50 has been refunded to the settlement funds ($12,303,000.00 in fees, $3,704,323.97 in expenses, and $236,199.53 in interest).

8. In the second fee order dated November 07, 2017, Hagens Berman was awarded $11,655,000.00 in fees and $1,368,718.95 in expenses.[5] According to the terms of the July 2, 2021 order, only $8,004,000.00 would have been awarded in fees and no expenses.

    a. For the second fee order, $3,651,000.00 in fees and $1,368,718.95 in expenses has been refunded.

    b. The fees were held for 1,328 days.

    c. Using the 0.32% interest rate, this results in $58,776.94 of interest.

    d. This means, a total of $5,078,495.89 has been refunded to the settlement funds ($3,651,000.00 in fees, $1,368,718.95 in expenses, and $58,776.94 in interest).

9. In the third fee order dated February 21, 2019, Hagens Berman was awarded $5,000,000 in fees and no expenses.[6] According to the terms of the July 2, 2021 order, $4,200,000 would have been awarded in fees and no expenses.

---

[4] Order Granting Final Approval of Indirect Purchaser Plaintiffs' Settlements with Panasonic, NEC, Sony and HLDS Defendant Families, Granting Motion for Attorney Fees, Expenses and service Awards, and overruling Objections, ECF No. 2133 (Dec. 19, 2016).

[5] Order Granting Final Approval of Indirect Purchaser Plaintiffs' Settlements with PLDS, Pioneer, and Teac Defendant Families, Granting Motion for Attorney Fees, Expenses and Service Awards, and Denying Objections, ECF No. 2691 (Nov. 7, 2017).

[6] Order Granting Final Approval of Indirect Purchaser Plaintiffs' Settlement with Defendants Samsung Electronics Co., Ltd., Toshiba Corporation, and Toshiba Samsung Storage Technology

      a.      For the third fee order, $800,000 in fees and no expenses has been refunded.

      b.      The funds were held by Hagens Berman for 691 days.

      c.      Using the 0.32% interest rate, this results in $4,860.13 of interest.

      d.      This means a total of $804,860.53 has been refunded to the settlement funds ($800,000.00 in fees and $4,860.13 in interest).

10. In summary, this confirms that $16,754,000 in fees, $5,073,042.92 in expenses and $299,836.60 in interest has been refunded to the settlement accounts, for a total amount of $22,126,879.52.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 22nd day of July 2021 at Surrey, British Columbia, Canada.

                                                    *s/ Shana E. Scarlett*
                                                    SHANA E. SCARLETT

---

Corporation, Granting Motion for Attorney Fees and Expenses, and Denying Objections, ECF No. 2889 (Feb. 21, 2019).

SCARLETT DECL. RE ORDER RE REPAYMENT & INTEREST – Case No.: 3:10-md-2143 RS

-5-

010177-12 1577556v1