UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 10-md-02143-RS<br>MDL No. 2143 |
| This document relates to: ALL INDIRECT PURCHASER ACTIONS | **ORDER GRANTING MOTION FOR ATTORNEY FEES AND MOTION FOR DISTRIBUTION** |

Two motions in this matter have been submitted for decision pursuant to Civil Local Rule 7-1(b). Both will be granted on the terms set out below.

1. Attorney fees

Objector Conner Erwin seeks an attorney fee award of $1,524,180, representing 7% of the $21,827,042 increase in the fund to be distributed to the class that resulted from the reconsideration of the prior fee and cost awards. That reconsideration flowed from a decision by the Ninth Circuit as a result of arguments Erwin successfully advanced on appeal.[1]

---

[1] Other objectors, appearing *pro se*, advanced arguments overlapping with those presented by Erwin. That, however, does not warrant a reduction in a fee award to Erwin, whose arguments

There is no dispute that Erwin is entitled to recover fees under the circumstances. See *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012) ("Nonnamed members of a certified class have the authority to object to the fairness of a settlement . . . as well as appeal . . . . If these objections result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable principles as class counsel."). The only issues are the appropriate amount to be awarded and whether it should be drawn from the share previously awarded to Hagens Berman, counsel to the Indirect Purchaser class, or instead deducted from the remaining balance of the common fund.

As to the amount, Hagens Berman's opposition focuses on arguing that Erwin has not adequately documented the hours counsel incurred—and that because contemporaneous time records apparently were not generated in all instances, the problem is incurable. Were Erwin seeking fees on a lodestar basis, the showing indeed would be insufficient.[2] As noted, however, he requests a percentage-based fee award. Because Erwin's efforts resulted in a readily quantifiable benefit to the class—$21,827,042—the percentage method is appropriate. *See In re Easysaver Rewards Litig.*, 2021 WL 230013, at *3 (S.D. Cal. Jan. 22, 2021) (This approach makes sense. It ties Objector's fee award to the benefit he obtained for the class and aligns their interests."). While contesting the sufficiency of Erwin's lodestar documentation, Hagens Berman does not dispute that a percentage-based recovery is available and appropriate.

The specific percentage Erwin requests, seven, is somewhat arbitrary. It is, however, well under the 25% "benchmark" applied to plaintiffs' fee requests in common fund cases, and substantially smaller than the percentage of the entire fund Hagens Berman was awarded here.

---

appear to have driven the result.

[2] By comparison, had Hagen Bermans been seeking a lodestar-based recovery when it brought its original fee motions in this matter, its showing would similarly have been found deficient. The more robust showing Hagen Bermans made as to its lodestar in its renewed motion for fees after remand was useful and presents a better model, but it does not represent the floor of the detail and documentation that must be provided where the lodestar is to serve only as a cross-check, and not the primary basis of recovery.

United States District Court
Northern District of California

Under all of the circumstances, seven percent is a reasonable figure to use.

There remains, of course "the usual concern" that "using the percentage method may lead to a windfall for Objector's counsel." *Easysaver*, 2021 WL 230013, at *3. Accordingly, it is appropriate to look to the lodestar as a "cross-check" on the award. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011) ("[W]e have also encouraged courts to guard against an unreasonable result by cross-checking their calculations against a second method.).

A lodestar cross-check does not require "mathematical precision" or "bean-counting," and the court "may rely on summaries submitted by the attorneys and need not review actual billing records." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 307 (3d Cir. 2005); *accord In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 768 F. App'x 651, 654 (9th Cir. 2019). Here, Erwin presents a lodestar of $508,650, representing 687.6 total hours incurred by his three attorneys from August 2016 through June 25, 2021. The claim expressly excludes hours associated with this motion for attorney fees and an incentive award as well as all time incurred in bringing the Motion to Enforce, Return Class Funds, and Disgorge Fees.[3]

Hagens Berman "does not take issue" with the hourly rates claimed by Erwin's counsel and, indeed, those rates fall on the lower end of the range that has been found reasonable in similar circumstances. Hagens Berman also presents little, if any, argument that the hours claimed are actually excessive. Rather, Hagens Berman insists the hours were not reliably recorded when incurred and were not sufficiently documented in the motion.[4] As noted above, if Erwin were requesting a lodestar-based award, the result would be different. For purposes of applying a cross-check, however, Erwin has made a satisfactory showing that his attorneys reasonably incurred

---

[3] Careful consideration has been given to whether Erwin's fee recovery should be reduced based on the fact that several of the arguments he most forcefully advanced in his original objections to each fee award and on appeal were rejected. Erwin has adequately shown the fee request is reasonable notwithstanding the fact that some of his positions proved untenable and that not all of the arguments necessarily were inextricably intertwined.

[4] Although Erwin provided additional detail on reply, Hagens Berman did not have the opportunity to respond. The conclusions of this order therefore do not rest on the reply.

approximately one-half million dollars in fees.

That lodestar means the percentage-based fee request is roughly equivalent to what a lodestar-based fee would be with a multiplier of just under 3. Hagens Berman insists objectors typically only receive fee awards representing multipliers around 1.6. While each case must be measured on its own facts, Hagens Berman has failed to show there is any principle or rule, particularly in the cross-check context, that limits objectors to an effective multiplier substantially lower than the range acceptable for plaintiffs' fee awards. Accordingly, Erwin's request for a 7 percent fee is reasonable and satisfies a lodestar cross-check.

The final question is whether Erwin's fee award should be taken out of the balance of the settlement fund or paid from the fees previously awarded to Hagens Berman. The firm strenuously objects that there is no basis for "fee shifting" and/or that taking Erwin's fees from its award effectively imposes a "sanction," despite the court's prior rejection of Erwin's arguments that it had breached ethical obligations.[5] The issue, however, is neither one of "fee-shifting" nor of sanctions. Rather, because a fee award to objectors is grounded in "equitable principles," *Disner*, *supra*, 688 F.3d at 658, it is more reasonable under all the circumstances here to fund the award from the amount already designated as attorney fees, rather than further reducing the settlement fund.

The ultimate conclusion of the appellate and post-remand proceedings was that Hagens Berman had claimed and been awarded too much in fees (and had improperly claimed and been allowed expenses), given the bid under which it secured the right to represent the class in this action. To require the class to bear the cost of correcting that error as a separate expense from the attorney fees it already must pay would be less equitable than simply taking Erwin's relatively modest fees from the substantial amount previously awarded. *See Hendricks v. Starkist Co*, 2016 WL 5462423, at *16 (N.D. Cal. Sept. 29, 2016)(giving objector a portion of plaintiff's fee award

---

[5] Although the order on Hagens Berman's post-remand fee motion concluded Erwin had not shown any ethical violation warranting reduction to, or elimination of, the fee award, it did observe the firm had fallen "short of meeting its full duty of candor" to the court.

1  "is an appropriate and justified result"), *aff'd sub nom. Hendricks v. Ference*, 754 F. App'x 510,

2  513 n.1 (9th Cir. 2018)("[W]e affirm the district court's award of attorney fees to [objector's]

3  counsel and its corresponding reduction in fees to Plaintiff's counsel."); In re *Lithium Ion*

4  *Batteries Antitrust Litig.*, 2020 WL 7261313, at *2 (N.D. Cal. Dec. 10, 2020) ("The Court is

5  further persuaded that the award [to objector] should be paid out of class counsel's fee award.")

6      Hagens Berman does not object to Erwin's request for an individual incentive award of

7  $1500 and that appears otherwise justified. Accordingly, Erwin is awarded attorney fees and an

8  incentive award in the amount requested, both to be paid from Hagen Berman's previously

9  awarded fees.[6]

### 2. Distribution

    Class Action Capital ("CAC"") asserts it is the "agent, assignee, and third-party claims filer" for 592 class members in this action. It moves for an order authorizing distribution of the net settlement fund at this juncture, without waiting for the outcome of any further appeals. Apparently in response to an objection as to CAC's standing or authority, class member BJC HealthCare has joined in the motion.

    At the time CAC filed its motion, the amount of attorney fees to be awarded to Hagens Berman and to Erwin, if any, was an open question. Those issues have now been decided, and the residual balance of the settlement fund is known. The risk in conducting a distribution at this time is there is at least a theoretical possibility Erwin's pending appeal could ultimately result in a return to the settlement fund of additional funds awarded as fees. Were that to occur, the total administrative costs necessary to make two distributions would exceed the expense in making a single distribution, after the final conclusion of all appeals.

    Class members, however, have waited long enough. Weighing whatever potential there may be

---

[6] Counsel are expected to cooperate in ensuring the funds are transferred within a reasonable time, not to exceed thirty days.

that a second distribution may later be required, and the inefficiency of that, against the prejudice to class members of further delay,[7] distribution at this time is clearly warranted.  Accordingly, the claims administrator is directed to make a distribution of the settlement fund pursuant to the previously approved procedures and requirements at the earliest practicable time, without waiting for resolution of any pending or further appeals.  The claims administrator may follow all ordinary and customary procedures as specified in the settlement agreements, prior orders, or otherwise, with respect to maintaining any appropriate reserves.

**IT IS SO ORDERED**.

Dated: September 9, 2021

_____
RICHARD SEEBORG
Chief United States District Judge

---

[7] Although the fund is earning interest that would be paid to class members, among other things it is reasonable to assume that as time passes more and more of those whose claims were timely filed and approved will become unreachable, such that their claims cannot be paid.