SHIYANG HUANG
2800 SW ENGLER CT.,
TOPEKA, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: OPTICAL DISK DRIVE ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Indirect Purchaser Actions | Case No. 10-md-2143-RS (JCS)<br><br>MDL No. 2143<br><br>REPLY TO RESPONSE IN SUPPORT OF MOTION FOR OBJECTOR AWARD [ECF No. 3063] |

i

While Hagens Berman responded in frustration of the fact that its $52.8 million attorney's fee was reduced by this Court (by over $21 million) after Huang and Erwin's vigorous advocacy, Hagens Berman cannot dispute that Huang created material benefits for the Class as recognized by this Court (ECF No. 3027 at 13), and a merely nominal award of $500 is rather reasonable. Ultimately, it is Hagens Berman who "wasted both judicial and party resources"[1] (ECF No. 3065 at 1) by "fell short of meeting its full duty of candor when it made the motion without any express mention of the bid[,]" ECF No. 3027 at 10 n.5, not the other way around.

For reasons stated below, Huang's motion should be granted.

First, Hagens Berman painfully conceded the reality that the facts here "do not categorically preclude an objector award[.]" IPPs' Response, ECF No. 3065 at 1. Indeed, Hagens Berman did not oppose Erwin's $1,500 incentive award at all. It is passing strange for Hagens Berman to suddenly oppose Huang's *much lower* request for a nominal award. *See* ECF No. 3052. But the doctrine of judicial estoppel does not freely allow Hagens Berman have such sudden change of heart. "The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding[.]" *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (quoting 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000)).

Next, Hagens Berman's core argument—Huang should not be awarded anything because his argument did not create benefit for the Class, or is "duplicative" to Erwin's—has been

---

[1] "[E]thical rules are necessary to the maintenance of a culture of civility and mutual trust within the legal profession … all attorneys must remain aware of the principle that zealous advocacy does not displace their obligations as officers of the court … it is critical that lawyers … be able to rely on one another's representations." *Azar v. Garza,* 138 S. Ct. 1790, 1793 (2018).

1

1  repeatedly rejected by this Court. *See* ECF No. 3027 at 13 ("*Huang's and* Erwin's objections to
2  Hagens Berman recovering fees in excess of the bid have been taken into account insofar as the
3  award provides only a relatively small premium over the bid amount.") (emphasis added) *Id.* at
4  15 (Huang's "motions for leave to submit additional materials are granted"—even though now
5  Hagens Berman claim them to be "groundless"). *Also see* ECF No. 3062 at 1 n.1 (observing that
6  Erwin's objection overlapped Huang's, but "[t]hat, however, does not warrant a reduction in a
7  fee award[.]") Hagens Berman at least should have recognized the "law of the case" doctrine,
8  which barred Hagens Berman's belated argument here. "Under that doctrine a court is generally
9  precluded from reconsidering an issue that has already been decided by the same court, or a
10 higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993) (quoting
11 *Milgard Tempering, Inc. v. Selas Corp. of America,* 902 F.2d 703, 715 (9th Cir. 1990)). The
12 Court should not disturb the law of the case solely because Hagens Berman remains frustrated
13 that Huang's so-called "groundless" advocacy reduced their fee award by $17 million, or that
14 they must write a $22 million check back to Class members because Hagens Berman
15 "inexcusably failed to call attention to the fact that it was requesting costs notwithstanding
16 language in its bid[.]" Order of this Court, ECF No. 3027 at 10 n.5. The truth is that Hagens
17 Berman—like any litigant—"are not entitled to ignore controlling, adverse precedent." *Jackson*
18 *v. City of Peoria*, 825 F.3d 328, 331 (7th Cir. 2016). The principles of *stare decisis* and law-of-
19 the-case is as true in the Seventh Circuit as in this Court.

20     Lastly, Hagens Berman disputes whether the law even supports Huang's pending motion
21 for award. That argument is without merit. The fact that Erwin's motion for objector award of
22 $1,500 demonstrated that it is no longer a "question[]" as Hagens Berman say, and the law-of-
23 the-case doctrine again already rejected Hagens Berman's already-waived argument. ECF No.
24

3062 at 5 (granting Erwin's motion for $1,500 objector award "justified").[2] *Thomas, supra,* 983 F.2d at 154 (law of the case doctrine). Nor does Rules Advisory Committee even remotely agree with Hagens Berman's argument at all—"Good-faith objections can assist the court in evaluating a proposal under Rule 23(e)(2). It is legitimate for an objector to seek payment for providing such assistance under Rule 23(h)." Motion, ECF No. 3063 at 2 & n.1 (quoting Fed. R. Civ. Proc. 23(e)(5)(B) advisory committee note to 2018 amendment).

Hagens Berman also say that "none [of the precedents Huang cited] in any event support an objector award." ECF No. 3065 at 1. That bald argument against the doctrine of equity is rejected by this Court, ECF No. 3062 at 5, the *Hendricks* court, 2016 WL 5462423, at *16 (N.D. Cal. Sep. 29, 2016), by the Ninth Circuit itself, Huang Motion at 4 (quoting *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012)), and repeatedly rejected by the U.S. Supreme Court, which is perhaps still "outside of the Ninth Circuit" under Hagens Berman's odd requirement. *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 96 (2013) ("a litigant * * * who recovers a common fund for the benefit of persons other than himself" is entitled to a reasonable award.) (quoting *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980)). Huang does not know what else Hagens Berman is looking for, when no precedent even remotely support Hagens Berman at all.

Hagens Berman's real reason for opposition is that Huang explicitly asked that the $500 award should not reduce funds destined for innocent fellow class members, but should come from Hagens Berman for causing the entire collateral fee dispute. Whatever Hagens Berman's

---

[2] The question in *Kukorinis* was whether Huang should be awarded $1, when it was intervening law in the Eleventh Circuit that prohibited named plaintiffs' incentive awards.
Again, the factual basis in *Kukorinis* simply does not apply in this case at all, and Huang objected and created a benefit for the Class *here*. ECF No. 3027 at 13. Likewise, Huang did create a benefit for the *Kukorinis* Class by securing abandonment of named plaintiff's attempt to ask the *Kukorinis* court to reserve jurisdiction for seeking such award later. Huang helped reduce *Kukorinis'* fee award by $1.5 million after all, and all that $1.5 million will go to class members.

3

reasons are, the doctrine of equity recognizes that "if not for [Hagens Berman's problematic fee requests, Huang] would not have need to become involved." *Hendricks v. Starkist Co.,* 2016 WL 5462423, at *16 (N.D. Cal. Sep. 29, 2016), *aff'd sub nom. Hendricks v. Ference,* 754 Fed Appx. 510, 513 n.1 (9th Cir. 2018). That is why this Court found that "giving objector a portion of plaintiff's fee award "is an appropriate and justified result[.]" Order of this Court, ECF No. 3062 at 4-5 (quoting *Hendricks, supra*). *Also see ibid.* ("The Court is further persuaded that the award [to objector] should be paid out of class counsel's fee award.") (quoting *In re Lithium Ion Batteries Antitrust Litig.,* 2020 WL 7261313, at *2 (N.D. Cal. Dec. 10, 2020).

All in all, Huang created benefit for the Class, by setting forth argument that this Court did "take[] into account insofar as the award provides only a relatively small premium over the bid amount." Order of this Court, ECF No. 3027 at 13.[3] But after all, Hagens Berman resorted to the same pattern. "If the law is against you, argue the facts; if the facts are against you, argue the law; and if they both are against you, pound the table and attack your opponent." *United States v. Griffin*, 84 F.3d 912, 927 (7th Cir. 1996). Huang has no reason, no interest, and no time to join Hagens Berman's proposed duel of rhetorics. He expects the quality of his briefings to meet or exceed his now-pending petition for a writ of Certiorari before the U.S. Supreme Court.[4] In light of this Court's settled conclusion that "Hagens Berman's initial fee application fell short of

---

[3] Hagens Berman appears to accuse Huang for raising "kitchen sink" arguments in support of a merely *nominal* $500 award. That accusation is nonsense and patently false: Huang only seek a *nominal* award for helping the Class recover $17 million, or the difference with IPP's vacated $52 million award, excluding the $5.7 million expenses reduced solely by Erwin. Huang did not even seek award for unsuccessful argument that are "not [] unreasonable", as this Court acknowledged, ECF No. 3027 at 10, and Hagens Berman is quite incorrect in their claim.

[4] *See* Petition for a Writ of Certiorari, *Huang v. Spector,* No. 21-336, 2021 WL 4066481 (U.S. Aug. 27, 2021) (petition filed).

4

meeting its full duty of candor[,]" ECF No. 3027 at 10 n.5, Hagens Berman's self-inflicted frustration has no relevance to Huang's pending motion for a nominal $500 objector award.

## CONCLUSION

The Court should grant Huang's motion for a $500 objector award, to be paid "from the substantial amount previously awarded" to Hagens Berman. ECF No. 3062 at 4.

Date:   October 5, 2021                                  Respectfully Submitted,

/s/ SHIYANG HUANG
SHIYANG HUANG
2800 SW ENGLER CT.
TOPEKA, KS
*(314) 669-1858*
*Defectivesettlement@gmail.com*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021, I filed the foregoing notice via this Court's CM/ECF system, from which participants in the case will be served.

/s/ Shiyang Huang