UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 10-md-02143-RS<br>MDL No. 2143 |
| This document relates to: ALL INDIRECT PURCHASER ACTIONS | **ORDER DIRECTING PAYMENT TO OBJECTOR HUANG** |

Objector Shiyang Huang seeks an "incentive" award of $500, to be paid from the fees awarded to class counsel Hagens Berman, for the role he contends his post-remand objections played in increasing the fund to be distributed to the class by nearly $22 million. While no party has pointed to clear authority for making "incentive" awards to objectors who appear without counsel, it would be inequitable to treat such objectors categorically differently from those who are represented by counsel, and who are sometimes given such awards, as objector Conner Erwin was in this case.

Indeed, Hagens Berman acknowledges the circumstances here "do not categorically preclude an objector award." Hagens Berman argues, however, that Huang's efforts were not the *cause* of the increase in the class fund and that he did not meaningfully benefit the class in any

way. Hagens Berman points out that Huang played no role in the Ninth Circuit's decision to vacate the original fee awards and to remand. Hagens Berman contends Huang's arguments after remand were either duplicative of those advanced by Erwin, rejected by the court, or in some instances both. Counsel also faults Huang for making "groundless motions and other requests."

To be sure, not every argument presented by Huang was accepted, and some were completely without merit. The same, however, could be said of the arguments presented by Erwin, who Hagens Berman conceded was entitled to an incentive award as well as attorney fees.[1] Although Huang's successful contentions certainly paralleled those presented by Erwin, Huang did not merely ride on Erwin's coattails, or parrot his arguments. Rather, Huang conducted his own research and analysis, which he presented articulately and, for the most part, respectfully.

Although Huang is entitled to no credit for the remand, in the post-remand proceedings his work and Erwin's work both contributed to the ultimate result. While the final conclusions likely would have been nearly identical had Huang not participated, they also would have been basically the same had Erwin dropped out, and *only* Huang had been making the arguments. Thus, while both objectors presented largely the same successful arguments, the result is that they are both entitled to an incentive award—not that one cannot recover for lack of causation.

Under the specific and unusual circumstances in this prolonged litigation, an award of $500 to Huang, to be paid from the attorney fees previously awarded to Hagens Berman is warranted. Hagens Berman shall make payment within 30 days of the date of this order.

---

[1] Hagens Berman challenged only the amount of fees Erwin requested, and the adequacy of his evidentiary showing to support that or any other amount.

**IT IS SO ORDERED**.

Dated: October 18, 2021

_____
RICHARD SEEBORG
Chief United States District Judge