Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | No. 3:10-md-2143 RS (JCS) |
|---|---|
| | MDL No. 2143 |
| *This Document Relates to:* | **PROPOSED PLAN OF DISTRIBUTION AND SCHEDULE** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | DATE ACTION FILED: Oct. 27, 2009 |

010177-12/1817637 V1

1    Indirect purchaser plaintiffs submit this proposed plan of distribution and schedule pursuant
2    to this Court's prior orders. Accompanying this proposed plan is the declaration of Chris Whipps, the
3    CEO of Sipree, Inc., d/b/a DigitalPay, which serves as one of the Court-appointed Administrators of
4    the Settlements (Whipps Decl.).

5    This Court has previously approved a *pro rata* distribution of funds based on the number of
6    validly claims internal or standalone optical disk drives to class members. Upon the completion of an
7    audit for overstated and high value claims, the total number of timely and valid claims received at
8    www.dollarsfordiskdrives.com, via email to info@dollarsfordiskdrives.com, and via U.S. Mail is
9    approximately 465,012. Whipps Decl., ¶ 2.

10   The following chart is a summary of the funds available. The original settlements totaled
11   $205 million on behalf of the indirect purchaser class, plus accumulated interests means
12   $207,071,998.09 is available. Approximately $430,265.69 in taxes has been paid during the
13   pendency of this case. Class counsel has been paid $31,026,000 in attorneys' fees pursuant to this
14   Court's order (ECF No. 3027), and service awards of $6,000 for each of the class representatives will
15   be paid (also previously approved by the Court) (ECF Nos. 2133 and 2691). Administration costs
16   (both expected and incurred) will total $4,856,401.30. After these costs and expenses, the subtotal of
17   funds available to be distributed is $170,609,331.10. A two percent reserve is planned from the first
18   distribution to pay taxes and to address any unforeseen contingencies. Any unused portion of this
19   will be rolled into a second-round distribution. The final amount available to be distributed is
20   $167,197,144.48. A table summarizing these amounts is as follows:

| Total funds available (settlements plus interest) | $ | $207,071,998.09 |
|---|---|---|
| Taxes Paid from the Funds | $ | (430,265.69) |
| Attorneys' Fees | $ | (31,026,000.00) |
| Service Awards ($6,000 x 25 class reps) | $ | (150,000.00) |
| Administration Costs (including those expected to be incurred) | $ | (4,856,401.30) |
| **Current balance** | $ | 170,609,331.10 |
| 2% reserve | $ | (3,412,186.62) |
| **Net settlement fund** | $ | 167,197,144.48 |

PROPOSED PLAN OF DISTRIBUTION AND SCHEDULE          - 1 -
Case No.: 3:10-md-2143 RS (JCS)
010177-12/1817637 V1

Based on the amount available to be distributed to the class, Digital Pay has negotiated the following six options to be used by class members (Whipps Decl., ¶ 5):

<u>Option 1: Virtual Mastercard with Online & Point of Sale (POS) Use</u>: This virtual Mastercard is available up to a $1,000 limit. It does not require a bank account to use and is instantly activated with the confirmation of a name and mobile number. No other registration is needed.

<u>Option 2: Physical Mastercard (pCard): Online & Point of Sale Use</u>: This physical Mastercard is available up to a $1,000 limit. This option also does not require a bank account for online / point-of-sale usage. The card only requires activation – no other registration is needed.

<u>Option 3: Physical Mastercard with Online & Point of Sale & ATM Use</u>: This physical Mastercard has a $9,999.99 maximum use. This card activates instantly with no bank account or registration needed for online or point-of-sale usage. An ATM feature is also available but requires card registration and claimant must have active bank account to withdraw funds.

<u>Option 4: Amazon</u>: Amazon has agreed to allow its platform to be used for distribution up to a $2,000 maximum amount. This option allows for instant use and/or transfer to an Amazon balance.

<u>Option 5: Target</u>: Target has also agreed to allow recovery through both online and its retail stores. Class members will be able to designate up to $1,000 for instant use online or at the point of sale (through a printout or the Target app).

<u>Option 6: Starbucks</u>: Class members may transfer their funds for use at Starbucks, up to $500. This money may be used instantly online or at the point of sale with the Starbucks app.

The following chart summarizes the options available to class members are various tiers of payment amounts:

| Level of Payment | Payment Amount | Payment Options | Maximum Amounts |
|---|---|---|---|
| Tier 1 | $3.92-$499.99 | Target<br>Digital Debit Card (vMC)<br>Amazon<br>Starbucks | $1,000<br>$1,000<br>$2,000<br>$500 |
| Tier 2 | $500-$999.99 | Target<br>Digital Debit Card (vMC)<br>Amazon<br>pCard – Online/POS | $1,000<br>$1,000<br>$2,000<br>$1,000 |
| Tier 3 | $1000-$1999.99 | Amazon<br>pCard – Online/POS/ATM | $2,000<br>$10,000 |

| Level of Payment | Payment Amount | Payment Options | Maximum Amounts |
|---|---|---|---|
| Tier 4 | $2,000-$9999.99 | pCard – Online/POS/ATM | $10,000 |

DigitalPay proposes to execute the distribution in two phases: "Initial Payment Offering" and "Second Round Offering." During Initial Payment Offering, class members will be sent emails notifying them of the funds that are waiting for them. Claimants follow simple, easy steps to receive their payment – a process of four clicks, with no applications required. DigitalPay estimates that more than 80% of claimants are expected to receive funds in this phase of the program. Whipps Decl., ¶ 7.

Payment notices sent in the Initial Payment Offering each have a pre-designated expiration date. After that date has passed, DigitalPay will gather a file of claimants who accepted payment during the Initial Payment Offering. A final assessment of funds remaining for distribution will be completed, followed by the Second Round Offering. In this second phase, DigitalPay will send a final pro-rata payment to claimants who accepted funds in the Initial Payment Offering. This payment will align with the same endpoint the claimant chose to receive funds in the Initial Payment Offering. This process:

- Maximizes payout with 100% delivery to claimants who are proven to be responsive and have validated email addresses;

- Provides continuity by sending the additional pro-rata payment to an endpoint the claimant prefers;

- Provides finality of payment and delegates escheatment to the retailer or bank issuing the debit card;

- Is the closing event designed to take the settlement fund to as close to a $0 balance as possible (not including outstanding paper checks or final "bounced" digital pro-rata payments).

Whipps Decl., ¶ 8.

In tandem with this digital distribution, Epiq Class Action Claims and Solutions (Epiq) will mail payments to class members that requested a payment by check or for whom the award value is too large to allow for digital payment. This is estimated to be 8,753 checks as of the time of this

- 4 -

filing. Epiq will also assist DigitalPay with the customer service component of the digital distribution.  Whipps Decl., ¶ 9.

After this second round of distribution, it is estimated that insufficient funds will exist to make a third round of distribution economically feasible. Consistent with prior notices sent to the class and approved by this Court, the remaining funds will escheat to the Attorneys General for the Class jurisdictions for use in prosecuting consumer antitrust claims. No funds will be returned to the defendants. If it appears that a third round of distribution would make economic sense due to the funds remaining, Class Counsel will notify the Court.

Although one appeal remains pending, this Court has ordered distribution to proceed. Given this, Digital Pay and counsel for the indirect purchaser class propose the following schedule:

| Event | Date for Completion |
|---|---|
| **Warm Up** <br> DigitalPay emails claimants an initial notice (a "warm up") that communicates payment is soon coming and provides a date range of when payee will see payment.  This email sets expectations and reinforces credibility of the payment to be received. | March 25 to April 23, 2022 |
| **Phase I: Payment Notification and Receipt** <br> DigitalPay issues payments ("payment notification") to claimants via email.  From this communication, claimants will be able to select where they would like to receive funds.  This action transfers funds from the settlement fund to the possession of the payee. <br> **Paper Checks Issued** <br> Claims administrator Epiq to mail paper checks week of April 25, with 60-day expiration. | April 25 to May 6, 2022 |
| **Payment Expiration** <br> All digital payments issued in Phase I will expire (each digital payment will expire 35 days from the rolling notification; the vast majority of payments taken will occur in a ~72-hour window from notification). While a payment is active—but has not yet been taken—payees will receive four emails | June 10, 2022 |

| Event | Date for Completion |
|---|---|
| to remind them they have funds waiting. | |
| **Process Payment Exceptions** <br><br> Reissue digital payments as necessary and allow a further one week for expiration. | June 20-26, 2022 |
| **Report Results of Phase I** <br><br> DigitalPay and Epiq to identify and report funds that have not yet been taken by payees. Final accounting report and reconciliation will be created, along with proposed Second Round Distribution amounts. A report on first round distribution will be filed with the Court with a proposed plan for Second Round Distribution. | July 22, 2022 |
| **Phase II: Second Round Distribution** <br><br> Claims administrator DigitalPay securely delivers a final pro rata payment to all payees who took a payment in the Initial Payment Offering (Phase I). This card is the named property of the payee and delivers live funds.  No bank account is required to activate and use any of the cards delivered.  This final phase delivers funds to all entitled claimants with the intent of taking the settlement balance as closed to $0 as possible (except for outstanding physical checks issued by Epiq). <br><br> Claims administrator Epiq to reissue checks with 30-day expiration to those who did not cash 60 days from first issuance. | August 8-19, 2022 |
| **Final Reporting** <br><br> Claims administrator DigitalPay to provide final report regarding the disbursement of the settlement funds. <br><br> Claims administrator Epiq to identify and report checks that have not been cashed 30 days from re-issuance. <br><br> Any remaining funds will be distributed to the Attorneys General for the Class jurisdictions for use in prosecuting consumer antitrust claims. | October 7, 2022 |

Indirect purchasers submit a proposed order with the above schedule for distribution for the Court's approval.

DATED:  March 7, 2022              HAGENS BERMAN SOBOL SHAPIRO LLP

By   */s/ Shana E. Scarlett*
      SHANA E. SCARLETT

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*