UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This document relates to: ALL INDIRECT PURCHASER ACTIONS | Case No. 10-md-02143-RS<br>MDL No. 2143<br><br>**ORDER RE PLAN OF DISTRIBUTION** |

The IPPs seek approval of their plan to distribute the net settlement proceeds in two phases, using several methods for transferring funds electronically, supplemented by paper checks in some instances.[1] In general, the proposal appears appropriate and reasonably calculated to maximize the amount actually distributed to class members in an efficient manner.

Because an appeal of the attorney fee award remains pending, there is a theoretical possibility the total funds available for distribution will increase. The Ninth Circuit recently set

---

[1] On September 9, 2021, the settlement funds were ordered to be distributed "at the earliest practicable time." Dkt. 3062 at 6. Much of the delay since then appears to have resulted from a claims audit conducted by the administrator. It is unclear why that audit was not commenced no later than when the Ninth Circuit affirmed the settlement approvals in May of 2020.

argument in the appeal for April 19, 2022, raising the potential that there will be a final decision within the relatively near future. Accordingly, while the initial distribution should not be further delayed by the appeal, the IPPs should be prepared to submit a revised schedule for the second distribution when more information is available regarding the likely timing and outcome of the appeal.

Objector Shiyang Huang seeks to preclude deduction of $4,856,401.30 projected total "administration costs," from the settlement funds. Huang has conflated administration costs—which are typically sums charged by the third-party settlement administrator in connection with providing notice, processing claims, and making distributions—with attorney "expenses." There is no dispute that Hagens Berman may not recover "expenses" in this action, for reasons discussed at length in prior rulings, and it is making no claim for such expenses now.

That said, the previously approved settlement agreements in this matter, as affirmed by the Ninth Circuit, called for only $3,350,000 in administration costs. In response to Huang's objections, Hagens Berman acknowledges it "should have explicitly requested Court approval for the additional $1.5 million[2] in administration costs from the settlement fund." Indeed, it should have.

Hagens Berman now suggests the cost increase "is not surprising given the long passage of time on this case," but that it is offset by more that $2 million in interest that has accrued on the settlement funds during the same time, which will now be part of the distribution. No, the interest already belongs to the class as compensation for the delay in payment, it does not mitigate increased costs.

Hagens Berman represents that $4,540,731.81 was incurred for providing notice to the class and administering the claims process. It projects another $315,669.49 will be required to cover the costs of distributing the settlement fund to class members, consisting of $200,000 to DigitalPay for digital distribution and customer support and $115,669.49 to Epiq for sending out

---

[2] The exact number claimed is $1,506,401.30.

paper checks and its customer support.

It is not atypical for final administration costs to differ from initial estimates to some degree, and reasonable overages can be charged to the class, with court approval. Here, Hagens Berman is reporting that the actual costs are anticipated to exceed the amount previously approved by a whopping 31%, and it has not established reasonableness.

Accordingly, Hagens Berman shall promptly submit appropriate declarations establishing how the $4,540,731.81 incurred for providing notice to the class and administering the claims process was spent. In the event any portion of that amount is for services provided by Hagens Berman employees, those sums shall be deducted. Any responses to Hagens Berman's supplemental submission shall be filed within three court days thereafter. The court will then issue a ruling as to what amount, if any, in excess of the $3,350,000 previously approved administration costs will be allowed.

Hagens Berman may anticipate the order will be filed within one week after the responses to its supplemental submission are due. To the extent this timing may require adjustments to the schedule for making the first distribution, Hagens Berman should submit a revised proposal with its supplemental submission. Except to the extent this order may address Huang's concerns, his "administrative motion for clarification" (Dkt. 3077) is denied.

**IT IS SO ORDERED**.

Dated: March 14, 2022

_____
RICHARD SEEBORG
Chief United States District Judge