Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | No.  3:10-md-2143 RS (JCS)<br><br>**INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO OBJECTOR HUANG'S MOTION FOR OBJECTOR AWARD RE DISTRIBUTION PLAN**<br><br>DATE ACTION FILED: Oct. 27, 2009<br><br>Dept:    Courtroom 3, 17th Floor<br>Judge:   Hon. Richard Seeborg, Chief Judge |

010177-12/1857138 V1

## I. INTRODUCTION

Mr. Huang, a non-attorney, requests a $100,000 award for no additional benefit to the class (ECF No. 3084). This is in addition to the $500 already awarded by the Court.[1] The indirect purchaser class opposes the request.

## II. ARGUMENT

### A. Mr. Huang Has Not Provided a Benefit to the Class

Mr. Huang seeks $100,000 in addition to the $500 already awarded by this Court.[2] Mr. Huang makes this request based on a mathematical error made in class counsel's original distribution plan, claiming he has saved the class millions of dollars. But as Class Counsel made clear, the inadvertent error in math did not deprive the class of any monies. In the proposed distribution plan, Class Counsel provided for two separate reports to the Court to ensure that any excess funds would be returned to the class. These reports were always intended to address any deviations from the estimates made at this stage of the case, and the error would have been uncovered. In no event would the class have paid the overestimate.[3]

Mr. Huang, at best, could have spent eight hours in his filings with the Court (and it was class counsel, in responding to the court's order which identified the error, not Mr. Huang). He is asking for $100,000, which would mean an award of approximately **$12,500 per hour**. In contrast, the Court awarded the class representatives in this case $6,000 each – for overseeing a decade of litigation, responding to countless discovery requests, undergoing lengthy depositions, and personally approving each settlement with the Defendants. Given the hours of work dedicated by each of these class representatives over ten years, Mr. Huang's request for $100,000 **in addition to** the $500 already received is excessive and lacks any basis.

---

[1] Order Directing Payment to Objector Huang (ECF No. 3067).

[2] *See* Order Directing Payment to Objector Huang, ECF No. 3067 (Oct. 18, 2021).

[3] *See* Indirect Purchaser Class's Supplemental Submission Regarding Plan of Distribution, ECF No. 3082 (Mar. 25, 2022) at 2.

**B.     The Request Should Be Denied Given Mr. Huang's Personal Attacks on Counsel**

Mr. Huang is a serial objector, who files motions *pro se*, and is unbound by any of the professional obligations which govern counsel in this litigation. For example, the Guidelines for Professional Conduct in this District require all communications by lawyers to be "civil, courteous, and accurate."[4] Objectors are not required to follow these professional guidelines.

To give the Court some backdrop of Mr. Huang's actions in this case, over the space of a year, Mr. Huang sent the undersigned over fifty emails to her individual email address. At Ms. Scarlett's request, emails from Mr. Huang were blocked to both Ms. Scarlett and Mr. Berman in October 2021.

The tone of Mr. Huang's emails towards Class Counsel have ranged from insulting to seeking the undersigned to "smile." For example, in April 2021, Mr. Huang has expressed his respect and admiration for Mr. Berman of Hagens Berman, while at the same time excoriating the undersigned that her Stanford law degree was a "dusted … refuge":

> But you appear to have disappointed Hagens Berman's good name because a self-advertised Stanford Law School alumna over-calculated attorney's fee (even under bid) by almost $4 million dollars. Granted that you got your lawyer's pen there but you weren't going for a nerdy PhD like Elon Musk, it shocks the conscience that your team of supposedly top-flight counsel would make such a simple arithmetic error against your clients, a mistake that Volunteers for Income Tax Assistance would not even make while reading tax brackets. And that is even in addition to mistakes already rejected by two well-respected Ninth Circuit panels 6-0, without even one concurrence or dissent.
>
> Now you've made a giant mistake, and someone of Mr. Berman's height knows inevitably one will have to own them and fix the errors with that same courage to change Jack-in-a-Box… even if means biting a tongue in the short term. The ball is in your court on whether you'll reach his height ever, or will that dusted Stanford law diploma be an only refuge.

---

[4] Guidelines for Professional Conduct, Northern District of California, *available at* https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/ (last visited Mar. 28, 2022).

Scarlett Decl., Ex. A.[5]

And yet, months later, on October 5, 2021, Mr. Huang sent the undersigned a picture of "messenger monsters" used to file his objection in another case *In re Pork Antitrust Litig.*, and told the undersigned "I genuinely hope that these stamps invoke just a fraction of a second of your smile. :)":

> **Shana Scarlett**
>
> From: john doe <defectivesettlement@gmail.com>
> Sent: Tuesday, October 5, 2021 10:22 PM
> To: Shana Scarlett
> Cc: Steve Berman
> Subject: Re: Pork authorization of email service & ODD
>
> Sorry for forgetting to mention this, but I hope this helps reduce the tension between us at the moment:
>
> The stamps were limited-edition messenger monsters. The stamps were colored in reality, but the colors obviously got scanned away.
> I genuinely hope that these stamps invoke just a fraction of a second of your smile :)
>
> Best.

Scarlett Decl., Ex. B.

Mr. Huang has noted the geographic location where the undersigned has signed her declarations under penalty of perjury, when she has travelled out of the Bay Area. *Id.*, Ex. C ("I don't think your sworn declaration in Canada is enough for the Class to be assured of not getting another now-bankrupt Girardi Geese [sic]"); *id.* ("I will keep pressing for the $1,350. But whether you put the money back as you swore in Canada?"). The undersigned is unaware of any other instance where an objector has followed the geographic location of the attorney in his or her filings.

Mr. Huang has kept a constant onslaught of threats of filings with the Court: "If I don't hear either email or court filings indicating satisfactory deposit of the funds by end of Friday, I will

---

[5] "Scarlett Decl." refers to the Declaration of Shana E. Scarlett in Support of Indirect Purchaser Plaintiffs' Opposition to Objector Huang's Motion for Objector Award re Distribution Plan, filed concurrently herewith.

litigate." *Id.*, Ex. D; *see also* Ex. E ("If you ignore this note or reject the proposal for stipulated resolutions, I will take that as an unsuccessful meet-and-confer request, and will open myself to all options including Reconsideration, Appeal, Mandamus, Rehearing, Cert Petition, and all available venues to defend my property rights as a class member.").

Mr. Huang escalates his threats when the undersigned does not respond to his emails:

> I sent my request for info nearly right after Hagens Berman's motion. No response is received. Please produce evidence of why 10 days wasn't enough, but you had enough time to write a motion. If I do not receive my answer before 5pm PST on Monday 7/12, count me in as another opposition.

*Id.*, Ex. F.

The subject matters of his emails have included shockingly inappropriate misspellings: "Optical Disk - $21M difference **die TODAY**." *Id.*, Ex. D (emphasis added).

Over the course of this litigation, 32 attorneys at Hagens Berman have worked on this litigation.[6] Of those 32 attorneys, 20 were men (62 percent). And yet, Mr. Huang has chosen one of the 12 women on this case to persistently email.

This Court is no doubt aware of the difficulties faced by women in litigation. According to the U.S. Census, in 2018, only 1 in 3 lawyers were women (despite graduating in equal numbers). Among younger attorneys (ages 25-34), the pool of women is on par with that of men. As attorneys become more senior (ages 35 and older), women leave the law in increasing numbers.[7] While the full impact of the pandemic on the number of female lawyers is yet unknown, it is beyond dispute that the pandemic had an unequal impact on women lawyers.[8]

---

[6] *See* Declaration of Jeff D. Friedman in Support of Indirect Purchaser Plaintiffs' Third Motion for Attorneys' Fees and Expenses, ECF No. 2874-1 (Dec. 3, 2018) at 4-5.

[7] *See* US Census, More Than 1 in 3 Lawyers are Women, *available at* https://www.census.gov/library/stories/2018/05/women-lawyers.html (last visited Mar. 28, 2022).

[8] ABA Journal, Female lawyers face unique challenges during the COVID-19 pandemic, *available at* https://www.abajournal.com/magazine/article/female-lawyers-face-pandemic-challenges (last visited Mar. 28, 2022; Law 360, Law Firms Must Note Pandemic's Outsize Impact on Women, *available at* https://www.law360.com/articles/1295575/law-firms-must-note-pandemic-s-outsize-impact-on-women (last visited Mar. 28, 2022); Thomson Reuters Institute, Pandemic nation: Understanding its impact on lawyers from underrepresented communities, *available at* https://www.thomsonreuters.com/en-us/posts/legal/white-paper-pandemic-nation-2021/ (last visited Mar. 28, 2022).

The reasons behind the law's unfriendliness to women are myriad and complicated. But certainly one reason is the near-constant onslaught of criticisms and attacks faced disproportionately by women – often beyond the oversight of the Court. One judge in this district has referred to depositions as the Wild West of bad conduct towards women. But if that is true, then the behavior of objectors towards female counsel should be likened to the Stone Ages.

**C.   Mr. Huang's Filings Have Added to the Burden and Expense of this Litigation**

Beyond the personal attacks and over 50 emails sent to plaintiffs' counsel, Mr. Huang has caused 27 separate docket entries in this litigation, many of them lacking any legal basis.[9] As recently remarked by Judge Gonzalez Rogers in the *In re Lithium Ion Batteries Antitrust Litigation*, after an onslaught of filings also involving Mr. Huang: "The flurry of supplemental filings from objectors challenging each other's conduct in various litigations adds irrelevant burden to the docket when the district is in a known judicial emergency."[10]

### III.   CONCLUSION

Rather than adding to the benefit of the class, Mr. Huang has harassed plaintiffs' counsel, provided no benefit to the class and needlessly increased the cost and burden of this litigation. Respectfully, the indirect purchaser class requests that his demand of $100,000 be denied.

Dated this 28th day of March, 2022
Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By   */s/ Shana E. Scarlett*
     SHANA E. SCARLETT
Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

---

[9] *See, e.g.*, Reminder for Hagens Berman to Respond "Promptly" to Dkt. 3080, ECF No. 3081 (Mar. 24, 2022).

[10] *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-md-02420 YGR, ECF No. 2745, at 1 ("The flurry of supplemental filings from objectors challenging each other's conduct in various litigations adds irrelevant burden to the docket when the district is in a known judicial emergency.").

| | |
|---|---|
| 1 | |
| 2 | Steve W. Berman (*pro hac vice*) |
|   | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | 1301 Second Avenue, Suite 2000 |
|   | Seattle, WA 98101 |
| 4 | Telephone: (206) 623-7292 |
|   | Facsimile:  (206) 623-0594 |
| 5 | steve@hbsslaw.com |
| 6 | *Lead Counsel for Indirect Purchaser Class* |