1  Steve W. Berman (*pro hac vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  1301 Second Avenue, Suite 2000
   Seattle, WA 98101
3  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
4  steve@hbsslaw.com

5  Shana E. Scarlett (217895)
   HAGENS BERMAN SOBOL SHAPIRO LLP
6  715 Hearst Avenue, Suite 202
   Berkeley, CA 94710
7  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
8  shanas@hbsslaw.com

9  *Lead Counsel for Indirect Purchaser Class*

10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | No. 3:10-md-2143 RS (JCS) |
|---|---|
|  | **DECLARATION OF SHANA E. SCARLETT IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO OBJECTOR HUANG'S MOTION FOR OBJECTOR AWARED RE DISTRIBUTION PLAN** |
|  | DATE ACTION FILED: Oct. 27, 2009 |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS |  |

I, Shana E. Scarlett, declare:

1. I am a partner with the law firm of Hagens Berman Sobol Shapiro LLP, counsel of record for the indirect purchaser plaintiffs in the above-titled action. I make this declaration in support of Indirect Purchaser Plaintiffs' Opposition to Objector Huang's Motion for Objector Award re Distribution Plan. I have personal knowledge of the matters stated herein and, if called upon, I would competently testify thereto.

2. Attached hereto are true and correct copies of the following Exhibits:

Exhibit A: Email communication from defectivesettlement@gmail.com to Shana Scarlett and Steve Berman, dated April 29, 2021;

Exhibit B: Email communication from defectivesettlement@gmail.com to Shana Scarlett and Steve Berman, dated October 5, 2021;

Exhibit C: Email communication from defectivesettlement@gmail.com to Shana Scarlett, Steve Berman and others, dated July 27, 2021;

Exhibit D: Email communication from defectivesettlement@gmail.com to Shana Scarlett, Steve Berman and others, dated July 22, 2021;

Exhibit E: Email communication from defectivesettlement@gmail.com to Shana Scarlett, Steve Berman and others, dated July 13, 2021; and

Exhibit F: Email communication from defectivesettlement@gmail.com to Shana Scarlett, dated July 11, 2021.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of March, 2022, at Berkeley, California.

                                                                                                                        /s/ Shana E. Scarlett
                                                                                                                        SHANA E. SCARLETT

# EXHIBIT A

# Shana Scarlett

| | |
|---|---|
| **From:** | defectivesettlement <defectivesettlement@gmail.com> |
| **Sent:** | Thursday, April 29, 2021 1:00 AM |
| **To:** | Shana Scarlett; Steve Berman |
| **Subject:** | Fwd: Optical Disk Drive objection |

Hi Shana,

Now you have seen the objections in Optical Disk Drive MDL, here is a simple point:

Mr. Berman is someone supposedly with a lot of integrity. He founded your now-employer, Hagens Berman, because his previous firm refused to represent E. Coli victims of Jack-in-a-Box (because it wanted to save paying insurance co. clients instead, if you even know/recall?). To found a firm from scratch and reach the reputation nowadays requires tenacity, a lot of hard work, and real guts to do what one believes to be right.

But you appear to have disappointed Hagens Berman's good name because a self-advertised Stanford Law School alumna over-calculated attorney's fee (even under bid) by almost $4 million dollars. Granted that you got your lawyer's pen there but you weren't going for a nerdy PhD like Elon Musk, it shocks the conscience that your team of supposedly top-flight counsel would make such a simple arithmetic error against your clients, a mistake that Volunteers for Income Tax Assistance would not even make while reading tax brackets. And that is even in addition to mistakes already rejected by two well-respected Ninth Circuit panels 6-0, without even one concurrence or dissent.

Now you've made a giant mistake, and someone of Mr. Berman's height knows inevitably one will have to own them and fix the errors with that same courage to change Jack-in-a-Box... even if means biting a tongue in the short term. The ball is in your court on whether you'll reach his height ever, or will that dusted Stanford law diploma be an only refuge.

Hope you will fix it right.

# EXHIBIT B

## Shana Scarlett

| | |
|---|---|
| **From:** | john doe <defectivesettlement@gmail.com> |
| **Sent:** | Tuesday, October 5, 2021 10:22 PM |
| **To:** | Shana Scarlett |
| **Cc:** | Steve Berman |
| **Subject:** | Re: Pork authorization of email service & ODD |

Sorry for forgetting to mention this, but I hope this helps reduce the tension between us at the moment:

The stamps were limited-edition messenger monsters. The stamps were colored in reality, but the colors obviously got scanned away.
I genuinely hope that these stamps invoke just a fraction of a second of your smile :)

Best.



On Wed, Oct 6, 2021 at 12:13 AM john doe <defectivesettlement@gmail.com> wrote:
 Hi Shana,

I write to authorize Hagens Berman's response in the *Pork Antitrust* case to be served via email. If you rather unnecessarily spend postage for the same thing, though, you're totally welcomed to...

Separately, I understand and respect Hagens Berman's decision to oppose my request for objector award in the *Optical Disk Drive* case. I disagree with your position but can respect that in general. But I object to the disrespectful, spicy language used in a character-attack style against me. I have no tolerance for that and I doubt Mr. Berman feels fine about that being a regular practice.

Thanks,
Shiyang Huang

# EXHIBIT C

# Shana Scarlett

| | |
|---|---|
| **From:** | defectivesettlement <defectivesettlement@gmail.com> |
| **Sent:** | Tuesday, July 27, 2021 9:00 PM |
| **To:** | Shana Scarlett; Steve Berman |
| **Cc:** | rclore@bandaslawfirm.com; caaloa@gmail.com; ethan@ejacobslaw.com; tbishop@balch.com; canderson@balch.com |
| **Subject:** | Re: Optical Disk - Demand for Evidence of Bank Balances |

I will keep pressing for the $1,350. But whether you put the money back as you swore in Canada? I actually don't need to press for evidence of banking deposits anymore.
If you didn't put the money back, now it'll be likely some contempt of the court comes distribution time or if the Court grants Class Action Capital's motion. Otherwise expect all to come after you for the missing dollars from the fund.

Class members already have a bankrupt and defunct Girardi Geese, who was a bidder in this litigation too.
Please keep clean accounting books if you still can.

On Sun, Jul 25, 2021 at 8:07 AM defectivesettlement <defectivesettlement@gmail.com> wrote:
> Shana,
>
> I write to demand third party evidence (receipts, bank ledgers, or account statement, etc.) that the IPP Class fund currently has at least $170 million, after paying $31.026 million in fees by order of the court and paying about $150,000 less for named plaintiffs incentive awards.
>
> I don't think your sworn declaration in Canada is enough for the Class to be assured of not getting another now-bankrupt Girardi Geese, and that you refuse to put up "strong evidence" like bank records as proof is more signs of concern.
>
> Likewise I also demand evidence that Hagens Berman only held Third-Round Settlement funds for 691 days to end a question of whether Hagens Berman still owes such a small $1350 amount versus if it held for 850 days, after you declared to have put in $22 million back into the fund already. I assume you would have either emails from the bank, settlement admin, or some transaction record to prove it so easily without wasting my time further to seek disclosure of all this.
>
> I know Hagens Berman has been uninterested to resolve our differences outside of court filings, but maybe the court's order for this $22 million reduction is a sign that you should think twice.
>
> Sincerely,
> Shiyang Huang

# EXHIBIT D

# Shana Scarlett

| | |
|---|---|
| **From:** | defectivesettlement <defectivesettlement@gmail.com> |
| **Sent:** | Thursday, July 22, 2021 9:27 PM |
| **To:** | Shana Scarlett; Steve Berman |
| **Cc:** | rclore@bandaslawfirm.com; caaloa@gmail.com |
| **Subject:** | Re: Optical Disk - $21M difference die TODAY |

Why did the Bank not submit a declaration of the dollar amount in the bank account today?

I would prefer to believe that Hagens Berman has put the money back into the escrow account for the Class fund. But what if I shouldn't?

Please advise, or else I will amend my objection to that aspect and seek clarification.

On Thu, Jul 22, 2021 at 5:42 AM defectivesettlement <defectivesettlement@gmail.com> wrote:
> Shana,
>
> Judge Seeborg's modified order in Optical Disk case is due today and I expect nothing less from Hagens Berman than paying the entire $21 million difference plus applicable interest.
>
> Please confirm by email TODAY after the fund has been deposited in the form that would satisfy Judge Seeborg's order. If a motion for extension or the like is filed today, please fulfill your duty of candor to indicate I will oppose.
>
> Please also indicate when you will submit the declaration detailing your math, because I will scrutinize it like a real client.
>
> If I don't hear either email or court filings indicating satisfactory deposit of the funds by end of Friday, I will litigate.

# EXHIBIT E

# Shana Scarlett

| | |
|---|---|
| **From:** | defectivesettlement <defectivesettlement@gmail.com> |
| **Sent:** | Tuesday, July 13, 2021 11:59 PM |
| **To:** | Shana Scarlett; Steve Berman |
| **Cc:** | caaloa@gmail.com; rclore@bandaslawfirm.com |
| **Subject:** | Optical Disk: meet & confer for stipulation |

Hi Shana,

I see that Hagens Berman was open and willing to discuss a forthcoming attorney's fee and incentive award motion to Objector Erwin, so I thought you might entertain this discussion.

In sum, I believe the court erred in determining "starting point" as what Hagens Berman proposed - a full $3.65 million above marginal-bid interpretation, and Hagens Berman's $25.855 million number is not even a "flat rate" bid that you purported to defend -- I think it'll be a can of worms to find out how Hagens Berman really did math for the fee grid calculations all around.

But with that said, if Hagens Berman agrees to reduce its attorney's fee by a flat $3.25 million (HB may keep interest) and return it to the Class fund in its entirety, I'm open to stipulating a release on that bid "starting point" issue. If Hagens Berman agrees, <u>I do not seek any monetary relief to me individually.</u>

However, if Hagens Berman is unwilling to reduce its fe*e,* I'm happy to take it up for a *de novo* examination of Hagens Berman's fee proposal contract. I only file objections in cases where I'm open to seek review until the U.S. Supreme Court. As much as my recent positions on repayment and interest closely tracked Chief Judge Seeborg's order, my last cert petition (No. 19-1366) presented a question nearly identical to P. 15 n.4 of *SCOTUS's TransUnion LLC v. Ramirez* decision.

If you ignore this note or reject the proposal for stipulated resolutions, I will take that as an unsuccessful meet-and-confer request, and will open myself to all options including Reconsideration, Appeal, Mandamus, Rehearing, Cert Petition, and all available venues to defend my property rights as a class member.

Best,
Shiyang Huang

# EXHIBIT F

# Shana Scarlett

| | |
|---|---|
| **From:** | defectivesettlement <defectivesettlement@gmail.com> |
| **Sent:** | Sunday, July 11, 2021 2:00 PM |
| **To:** | Shana Scarlett |
| **Subject:** | Re: In re ODD - nonopposition to July 22 compliance date |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

I sent my request for info nearly right after Hagens Berman's motion. No response is received.
Please produce evidence of why 10 days wasn't enough, but you had enough time to write a motion.
If I do not receive my answer before 5pm PST on Monday 7/12, count me in as another opposition.

On Sat, Jul 10, 2021 at 10:32 PM defectivesettlement <defectivesettlement@gmail.com> wrote:
> Hi Shana,
>
> I <u>intend but not have decided to, not oppose</u> delaying the return of excess funds by 7/22 instead of 7/12 as ordered. But I do have one question before I decide:
>
> Can you please indicate what the excess fund amount is at this moment, and whether that is consistent with my general formula stated in my filed opposition in part to Erwin's motion?
>
> Thanks,
> Shiyang Huang