SHIYANG HUANG
2800 SW ENGLER CT.,
TOPEKA, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: OPTICAL DISK DRIVE ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Indirect Purchaser Actions | Case No. 10-md-2143-RS (JCS)<br><br>MDL No. 2143<br><br>REPLY IN SUPPORT OF OBJECTING CLASS MEMBER SHIYANG HUANG'S MOTION FOR OBJECTOR AWARD RE DISTRIBUTION PLAN<br><br>**Hearing Date**: TBD<br>**Hearing Time**: TBD<br>**Dept**: Courtroom 3, 17th Floor<br>**Judge**: Hon. Richard Seeborg, Chief Judge |

**REPLY BRIEF IN SUPPORT OF MOTION FOR OBJECTOR AWARD**

Hagens Berman spent just one page on the merits, but chiefly attacked Huang's character, plus accusing Huang as an unethical extortionist. *See* Opp. 2-7 (calling Huang, *e.g.,* a "serial objector"); Dkt. 3083 at 7 n.4 (consensus use of "serial objectors" to name extortionists). To fuel their hyperbole, Hagens Berman even invoked women's rights, despite Huang *supported* a female junior lawyer to argue as opposing counsel this Monday morning, before her *pro hac vice* application was granted (in *Hesse v. Godiva Chocolatiers,* No. 19-cv-972 (S.D.N.Y), where Huang's objection was closely mirrored by a bipartisan coalition of 6 State Attorneys General).

Huang's basis for objector award came from **(1)** exposing Hagens Berman's *improper* attempt to charge extra costs with neither motion nor notice; **(2)** peeling the onion that Hagens Berman failed to explain their "whooping 31%" extra costs request from class members' fund, but only could explain 7.1% of the extra after this Court's order demanding details in Dkt. 3080, and **(3)** presenting the argument that Hagens Berman still has not clarified whether they quietly charged innocent class members costs from post-remand February 2021 re-notice (of their fault).

But according to Hagens Berman, Huang—who mirrored quality of State Attorneys General (*supra*.), and whose *amicus* brief was circulated in an *en banc* Ninth Circuit (Order granting Huang's motion to file *amicus* brief*, Joffe v. Google Inc.,* No. 20-15616 (9th Cir. Jan. 19, 2022)), **deserves nothing** after he singly brought scrutiny to Hagens Berman's improper $1.5 million grab from Class fund, before the firm admitted to "should have" first asked for court approval for. Hagens Berman's opposition should thus be rejected for a lack of causation.

As Huang stated in his motion, Huang needs not to be awarded a full $100,000 award. But critically, the most compelling reasons to award Huang a substantial objector award is **(a)** to deter Hagens Berman from such improper "non-motions" in the future as a supposedly Class

fiduciary, and **(b)** Hagens Berman's own $25,000 settlement deal with a "zero impact" objector sets a benchmark for Huang's work that *did* safeguard Class's $1.25 million money. Mot. 8-9.

The rest of Hagens Berman's opposition was full of *ad hominem*. *United States v. Griffin*, 84 F.3d 912, 927 (7th Cir. 1996) ("If the law is against you, argue the facts; if the facts are against you, argue the law; and if they both are against you, pound the table and attack your opponent.") Quoting their words, their ink "challenging [Huang's] conduct in various litigations adds irrelevant burden to the docket when the district is in a known judicial emergency." Opp. 5 n.10. Huang rather spends time *protecting the Class*, which he did to save class members $1.26 million (besides Huang's selfless, continuing scrutiny of the remainder cost bills; Dkt. 3083).

## CONCLUSION

For the foregoing reasons, this Court should award Objector Huang—who added *at least* $1.25 million to class members by objecting to Hagens Berman's Plan of Distribution—for an amount of $100,000 (*or* another amount this Court finds reasonable). Any of such award to Huang shall be solely paid by Class Counsel, Hagens Berman.

Date:   March 28, 2022                                   Respectfully Submitted,

/s/ SHIYANG HUANG
SHIYANG HUANG
2800 SW ENGLER CT
TOPEKA, KS 66614
*(314) 669-1858*
*Defectivesettlement@gmail.com*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, I filed the foregoing notice via this Court's CM/ECF system, from which participants in the case will be served.

/s/ Shiyang Huang

2