UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 10-md-02143-RS<br>MDL No. 2143 |
|---|---|
| This document relates to: ALL INDIRECT PURCHASER ACTIONS | **ORDER APPROVING PLAN OF DISTRIBUTION AND DENYING MOTION FOR OBJECTOR AWARD** |

Hagens Berman was directed to submit appropriate declarations establishing how the $4,540,731.81 incurred for providing notice to the class and administering the claims process was spent. In response, Hagens Berman asserts it made a mathematical error "caused in large part by the complexity of the number of escrow accounts, vendors, bills and timeline involved." Hagens Berman provides a corrected figure of $3,587,807.25, which exceeds the amounts allocated in the settlement agreement by only $237,807.25 (a 7.1% increase). It is not unusual for third-party costs to exceed estimates in class actions. Under the circumstances here, the overage is not unreasonable, and the IPPs have now submitted sufficient evidence as to how the costs were

incurred.[1] The IPPs' motion for approval of the plan of distribution will be granted and their proposed order entered.

The motion of objector Shiyang Huang for an "objector award" of up to $100,000 is denied. Huang's contention that his most recent efforts resulted in a savings to class of $1.25 million or more is not supported by the facts. Huang's objections were one factor leading to Hagens Berman being required to provide further information regarding the costs of administration—which did lead to its discovery of the mathematical error at this point in time. There is no basis to assume, however, that the error would not have been corrected in the process of making payments to vendors. To the contrary, it is not plausible that $1.25 million or more would be paid out in excess of the amounts actually billed by the vendors. Accordingly, while Huang obtained additional information for the class, he did not cause any increase in the net settlement funds available for distribution, and no monetary award is warranted.

**IT IS SO ORDERED**.

Dated: March 29, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] The assumption was that none of charges were for services performed by Hagens Berman employees. The prior order asked Hagens Berman to confirm that fact because it appeared an objector misunderstood. Hagens Berman has provided the appropriate confirmation that the "administration costs" at issue are solely sums paid to independent third parties for necessary services.

CASE NO. 10-md-02143-RS
2