**FILED**

JUN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION, | No. 21-16291 |
| ------------------------------ | D.C. No. 3:10-md-02143-RS |
| INDIRECT PURCHASER CLASS, | MEMORANDUM[*] |
| Plaintiff-Appellee, | |
| v. | |
| CONNER ERWIN, | |
| Objector-Appellant, | |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 19, 2022
Seattle, Washington

Before: GOULD, BEA, and CHRISTEN, Circuit Judges.
Dissent by Judge CHRISTEN.

This case concerns attorneys' fees awarded to Hagens Berman Sobol Shapiro, LLP (HB), class counsel for a class of Indirect Purchaser Plaintiffs (IPP) in a lengthy multidistrict antitrust suit. We previously vacated the district court's decisions awarding a total of $52,780,000 in attorneys' fees and expenses to HB and remanded for the recalculation of the award. *See In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 926 (9th Cir. 2020) (*ODD I*) (vacating and remanding first- and second-round attorneys' fees and litigation expense awards); *In re Optical Disk Drive Prods. Antitrust Litig.*, 804 F. App'x 443, 444 (9th Cir. 2020) (*ODD II*) (unpublished) (vacating third-round attorneys' fees award and remanding "for further findings consistent with the standard set forth in the concurrently filed opinion" in *ODD I*). On remand, the district court awarded HB $31,026,000 in attorneys' fees. Erwin now appeals the district court's order granting these attorneys' fees and denying his motion to "Enforce Settlement, Return Class Funds, and Disgorge Fees."[1]

---

[1] Because the parties are familiar with the factual and procedural history of the case, we recount it only where necessary.

Erwin challenges the newly entered award on three grounds.  First, he alleges that violations of the settlement agreements and breaches of ethical and fiduciary duties by HB require forfeiture of the fee award.  Second, Erwin argues that the district court miscalculated HB's initial fee bid, rendering the court's calculation of the overall fee award unreasonable.  Finally, Erwin contends that the district court abused its discretion by relying upon impermissible grounds to justify its upward departure from HB's bid amount.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  For the reasons set forth below, we **AFFIRM in part, VACATE in part, and REMAND** for further proceedings consistent with this memorandum.

### I.

In common fund class action cases like the one at bar, we "review for abuse of discretion the district court's award of attorney's fees and costs to class counsel as well as its method of calculating the fees.  The factual findings underlying these decisions are reviewed for clear error." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc) (citation omitted).  "Any element of legal analysis which figures in the district court's decision is reviewed de novo." *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (quoting *Fischer v. SJB–P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir.2000)).

"Although a district court has broad discretion to determine attorneys' fees, it abuses that discretion if it makes an error of law," *id.* at 993 (citing *Koon v. United States*, 518 U.S. 81, 100 (1996)), or if it fails to "'provide a concise but clear explanation of its reasons for the fee award' . . . . [including] not only the grounds on which it relied, but also how it weighed the various competing considerations," *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 739 (9th Cir. 2016) (per curium) (first quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); then citing *Powers v. Eichen*, 229 F.3d 1249, 1257–58 (9th Cir. 2000)).

"We review de novo a district court's conclusion that an attorney's conduct violated court rules. A district court's exercise of its supervisory powers is reviewed under an abuse-of-discretion standard." *United States v. Carona*, 660 F.3d 360, 364 (9th Cir. 2011) (citation omitted).

## II.

Erwin first challenges HB's treatment of the funds it received as a result of the district court's original fee awards. He makes two arguments: (1) that the settlement agreements required HB to return immediately the fees to the settlement fund after this court vacated the awards in *ODD I* and *ODD II*; and (2) that California's ethical rules required HB to place immediately the fees into a client trust account following vacatur. We reject these arguments and affirm the district

4

court's denial of Erwin's motion to "Enforce Settlement, Return Class Funds, and Disgorge Fees."

The applicable local rule provides that attorneys' practicing before the district court must "[b]e familiar and comply with the standards of professional conduct required of members of the State Bar of California." N.D. Cal. Local Rule 11-4(a)(1). Each of the settlement agreements at issue include provisions requiring HB to return promptly funds approved as part of attorneys' fees awards "[i]n the event . . . the order making the Fee and Expense Award is reversed or modified." Because we did not reverse or modify—but rather vacated—the fee award orders,[2] the district court did not err in determining that HB was under no clear obligation per the terms of the settlement agreements to refund immediately the fees.

Erwin further argues that the district court erred by declining to order disgorgement for purported breaches of ethical and fiduciary obligations. We disagree. We have held that, "[i]n determining what fees are reasonable, a district court may consider a lawyer's misconduct, which affects the value of the lawyer's services." *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012) (citing *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1358 (9th Cir. 1998)). We have further made clear that district courts have "broad equitable power to deny

---

[2] *See ODD I*, 956 F.3d at 926; *ODD II*, 804 F. App'x at 443.

attorneys' fees (or to require an attorney to disgorge fees already received) when an attorney represents clients with conflicting interests," *id.*, and have also relied upon the "exercise of supervisory powers [a]s an appropriate means of policing ethical misconduct by" attorneys, *United States v. Lopez*, 4 F.3d 1455, 1463 (9th Cir. 1993) (citing *United States v. McClintock*, 748 F.2d 1278, 1285–86 (9th Cir. 1984)).

In order for disgorgement of attorneys' fees to be warranted, the client must have suffered harm resulting from the alleged misconduct. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *Bertelsen v. Harris*, 537 F.3d 1047, 1057 (9th Cir. 2008) (holding "[a] court is not required to order disgorgement, even where a breach of fiduciary duty is proven" and refusing to order disgorgement because "Appellants here claim *no* damages caused by Appellees' purported breach of fiduciary duty, apart from the attorneys' fees they want back").

Here, the class suffered no prejudice from the alleged conduct. *See Bertelsen*, 537 F.3d at 1057. Contrary to Erwin's claim that the class suffered harm by not collecting interest on the entirety of the $52,780,000 distributed to HB, the class was entitled to interest only on the portion of the funds that

ultimately belongs to the class. *See* 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *Perkins v. Standard Oil Co. of Cal.*, 487 F.2d 672 (9th Cir. 1973) (holding § 1961 requires that where attorneys' fees awarded by a district court are reduced on appeal, the parties are each entitled to interest on their portion of the total award dating back to the original judgment). The district court correctly ordered HB to repay the difference between its original award and its post-vacatur award, plus interest, and HB has already complied with that order. Therefore, even assuming HB was required to return immediately the fee to the settlement fund or to hold it in a client trust account, the IPP class suffered no prejudice from HB's refusal to do so. The district court did not err when it determined that the harmless error doctrine forecloses Erwin's disgorgement arguments.

### III.

Erwin next challenges the district court's award of attorneys' fees on remand as unreasonable. Erwin contends that the district court began from the wrong "starting point" in its fee calculation because it declined to read HB's fee bid as employing marginal rates rather than flat rates. We agree with Erwin that HB's original fee proposal called for marginal rates to calculate the fee.

In *ODD I*, this court held "that when class counsel secures appointment as interim lead counsel by proposing a fee structure in a competitive bidding process, that bid becomes the starting point for determining a reasonable fee." *ODD I*, 956 F.3d at 934.  In ascertaining this "starting point," the district court adopted a calculation that uses the grid incorporated into HB's bid to calculate the fees for each group of settling defendants, based on the total amount of each settlement.  This was consistent with our opinion in *ODD I*.  The district court determined that under its bid, HB was entitled "to recover 14% of the settlements from certain defendants, 13% from other defendants' larger settlements, 12% from the largest settlement, and no fee from one settlement that did not meet the minimum threshold for recovering fees."  Ultimately, the district court calculated that HB would be entitled to $25,855,000 under its fee grid proposal, and the court began its analysis with this figure in mind.

But because the first increment in HB's proposal calls for no fee for the "*First* $5,000,000," we read HB's proposed fee structure to incorporate marginal rates rather than fixed rates.  In other words, instead of looking solely to the total amount of each settlement, plugging that number into the grid, and calculating the fee as a flat percentage, the district court should have treated each settlement as entitling HB to 0% for the *first* $5,000,000, 14% for the *next* $20,000,000, 13% for

the *next* $25,000,000, and so on. Using these marginal rates, HB would be entitled to $22,205,000, which is $3,650,000 less than the figure arrived at by the district court. This $22,205,000 figure is the proper "starting point" from which the district court should have begun its analysis, and the court was required to "provide an adequate explanation for any variance," *ODD I*, 956 F.3d at 934–35 (citing *Stanger*, 812 F.3d at 739). Because HB's bid to become class counsel incorporated marginal rates rather than fixed rates in its fee structure, we vacate the district court's order awarding HB $31,026,000 in attorneys' fees and remand to the district court to recalculate the award using the proper starting point of $22,205,000.

## IV.

Erwin's final challenge to the district court's fee award concerns the factors considered by the district court in its decision to vary upward from HB's fee proposal. Erwin contends that, contrary to our cautionary language in *ODD I*, the district court impermissibly justified its upward departure based on circumstances contemplated at the time of the bid. On this point, Erwin misses the mark.

The district court took care to confine the scope of its analysis to factors we indicated could properly be considered in *ODD I*. In particular, the court pointed to the considerable risk of the litigation. In *ODD I*, we made clear that the

9

subsequent summary judgment in favor of the non-settling defendants[3] "amply supported [the district court's] determination that this litigation was very risky" and was a factor that could be considered. *ODD I*, 959 F.3d at 935. It is also readily apparent that HB obtained excellent results in light of the ultimate resolution of the litigation. By the time the IPP class was deemed ineligible to recover any damages, HB had already secured $205,000,000 via settlement agreements. In light of the subsequent summary judgment ruling affirmed on appeal, the district court was free to give greater weight to litigation risk, and this factor provided strong support justifying a 20% upward departure from HB's bid amount.[4]

---

[3] *See In re Optical Disk Drive Prods. Antitrust Litig.*, 785 F. App'x 406, 407 (9th Cir. 2019) (unpublished) (affirming district court's grant of summary judgment in favor of two defendants that did not settle because IPP class failed "to create a genuine dispute of material fact as to whether the overcharge was passed on to the class members (the 'pass-through' issue)").

[4] Accordingly, on remand the district court would not abuse its discretion in awarding HB $26,646,000, which represents a 20% upward departure from HB's bid of $22,205,000.

**V.**

The district court's order is **AFFIRMED in part**, **VACATED in part, and REMANDED**. The parties shall bear their own costs.[5]

---

[5] *See* Fed. R. App. P. 39. On remand, commensurate with its determination of proper attorneys' fees pursuant to this memorandum, the district court shall determine what fees, if any, Erwin is entitled to receiving for benefitting the class under the equitable principles set forth in *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012).

*In re: Optical Disk Drive Products Antitrust Litigation*, 21-16291
CHRISTEN, Circuit Judge, dissenting.

I join the panel's memorandum disposition except as to Part III. There, the majority concludes that HB's bid to become class counsel was premised upon marginal rates rather than fixed rates, vacates the fee order entered on remand, and remands to the district court again, this time with direction to recalculate the fee using $22,205,000 as its starting point. I would affirm the district court's fee award as is.

There is no dispute that the district court's fee calculation began with the grid incorporated into HB's bid to serve as class counsel. I also agree that the grid can be interpreted as using marginal rates, and if it is, the first five million dollars of each settlement would not be factored into HB's fee. But I part ways with my colleagues because there is no doubt the district court knew all of this. In my view, the more salient point is that our prior opinion expressly stated that the base fee calculated from the grid was subject to adjustment. *See In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 934 (9th Cir. 2020) (explaining that the "bid becomes *the starting point* for determining a reasonable fee" (emphasis added)). As the district court explained:

> While the difference that would result from interpreting the bid as requiring marginal rates is not *de minimus*, the bid itself would only remain a starting point. The amount awarded by this order is *reasonable under all the*

> *circumstances regardless of the precise calculation of that starting point*.

The court's order explained the basis for its upward adjustment and its conclusion that an award of $31,026,000 was appropriate overall. In particular, the court decided the cumulative effect of the headwinds HB encountered took the case beyond what reasonably could have been contemplated at the time it bid on the case. The litigation spanned more than a decade, the district court was well-positioned to assess that the drawn-out nature of the litigation was not attributable to any lack of diligence or inefficiency on HB's part, and the district court reasonably concluded that uncontemplated work and the exceptional results obtained warranted a premium above the bid. The court correctly observed that summary judgment was entered in favor of the defendants on liability—a ruling we affirmed on appeal. That left the objectors in the awkward position of contending on remand that HB was overpaid in spite of the $205 million in settlements it recovered for claims that were ultimately decided in defendants' favor.

For good reason, "[d]istrict courts enjoy broad discretion to determine reasonable fee awards." *Id.* at 937; *see also In re FPI/Agretech Secs. Litig.*, 105 F.3d 469, 472 (9th Cir. 1997) (same). Because there is no question the district court was in the best position to decide upon a reasonable fee award in this case,

2

and because the court followed our direction on remand and provided cogent reasons for the premium it awarded, I would affirm the district court's order in its entirety.