UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 10-md-02143-RS<br>MDL No. 2143 |
| This document relates to: ALL INDIRECT PURCHASER ACTIONS | **ORDER RE ATTORNEY FEES PROCEEDINGS** |

The Ninth Circuit's mandate has issued following the most recent appeal. It is in the interest of the class that the remaining attorney fee issues be resolved prior to the Second Round Distribution, presently scheduled for September 19−30, 2022. Plaintiffs' proposed distribution plan is currently due by September 2, 2022. While these dates perhaps could be extended if absolutely necessary, it is far preferable to the class to avoid further delay.

The Ninth Circuit's memorandum decision states, "on remand the district court would not abuse its discretion in awarding HB $26,646,000, which represents a 20% upward departure from HB's bid of $22,205,000." In light of the clarity of the Ninth Circuit's direction, the interest in maintaining the timing of the second distribution, the long history of this case, and what remains at stake at this juncture, the court intends to set HB's fee award at $26,646,000. Any objections to

an order to that effect being entered on August 8, 2022, on the court's own motion and without briefing or hearing, shall be filed no later than August 5, 2022.

The Ninth Circuit memorandum decision also states, "[o]n remand, commensurate with its determination of proper attorneys' fees pursuant to this memorandum, the district court shall determine what fees, *if any*, Erwin is entitled to receiving for benefitting the class under the equitable principles set forth in *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012)." (emphasis added). Erwin has stated an intent to move for such a fee award. Erwin shall file his motion for fees no later than August 10, 2022. Any opposition shall be filed by August 16, 2022. The matter will then be submitted without reply or oral argument, unless otherwise ordered.

Erwin is advised that while an application for a modest award will be given due consideration, several equitable factors weigh against any sizeable award. First, while the amount of the fund available for distribution to the class will have increased by $4,380,000 (assuming no change in the presently intended ruling), the increase in payout per claimant will be relatively small. Second, while the increase in the fund is not *de minimus*, this issue was not the major focus of Erwin's appeal, and all of his other arguments were rejected. Third, while it was unquestionably Erwin who advanced this argument before the court of appeal, his original opposition to plaintiffs' renewed fee motion in this court did not mention it. Only after the point was noted by another objector, and Erwin filed a second opposition brief, did he even raise the issue.

Following the prior appeal, Erwin was awarded 7% of the amount by which the fund distributable to the class increased. In that instance, the fact that not all of Erwin's appellate arguments had been successful was given only limited weight. *See* Dkt. No. 3062 n. 3. The circumstances are quite different at this juncture, in numerous respects, and there is no indication an award of 7% would be equitable and justified.

**IT IS SO ORDERED**.

Dated: August 4, 2022

_____
RICHARD SEEBORG
Chief United States District Judge