Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | No.  3:10-md-2143 RS (JCS)<br><br>INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ORDER RE ATTORNEY FEES PROCEEDINGS<br><br>DATE ACTION FILED: Oct. 27, 2009 |

Indirect Purchaser Plaintiffs (IPPs) appreciate that this litigation must end and a distribution to the class is currently set for next month. But, given all Class Counsel have invested over more than ten years to recover $205 million in settlements, the Court is respectfully asked not to rush a conclusion on an appropriate fee award. The potential monetary difference is millions of dollars and the overarching question remains, as before, a reasonable award taking into account all the circumstances. For the following reasons, IPPs ask the Court, exercising its discretion, to award a fee of $29,976,750.

***First***, the Ninth Circuit did not set the fee. In his appellate briefs, objector Conner Erwin urged the panel to "enter judgment that Hagens Berman be limited to the $22.2 million bid."[1] This was within the Ninth Circuit's authority, which would have ended the case.[2] Instead, the panel remanded "for further proceedings consistent with" its decision and, in particular, "to recalculate the award using the proper starting point of $22,205,000."[3] Indeed, the memorandum disposition used similar language to describe the Ninth Circuit's remand two years ago in its published opinion, when there was no question this Court had discretion.[4] And, in remanding rather than setting the fee as Erwin sought, the Ninth Circuit reiterated that "'a district court has broad discretion to determine attorneys' fees.'"[5]

The mandate does not eliminate that discretion. To the contrary, the "rule of mandate allows a lower court to decide anything not foreclosed by the mandate."[6] Therefore, this Court is "free to rule not only on the issue directed in the remand, but other issues as well so long as [the] mandate did not direct to the contrary."[7] The Ninth Circuit's observation about how discretion might be

---

[1] Appellant's Opening Brief, 2021 WL 6102030, at 53 (9th Cir. Dec. 15, 2021); *see also* Appellant's Reply Brief, 2022 WL 728905, at 36 (9th Cir. Mar. 7, 2022) (same).

[2] *See* 21 U.S.C. § 2106.

[3] *In re Optical Disk Drive Products Antitrust Litig.*, --- F. App'x ---, 2022 WL 1955672, at *1, *3 (9th Cir. June 6, 2022).

[4] *Id.* at *1 (observing that in *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 926 (9th Cir. 2020), the Ninth Circuit "remanded for the recalculation of the award").

[5] *Id.*

[6] *Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993).

[7] *Sierra Club v. Penfold*, 857 F.2d 1307, 1312 (9th Cir. 1988).

exercised is one possible outcome, but the panel left the fee determination to this Court.[8]  It is not reasonable to infer that the Ninth Circuit would place its mandate, commanding the outcome, in a footnote.[9]

**Second**, a fee award of the amount suggested would not be reasonable compensation to Class Counsel under all the circumstances of the case.  This Court previously awarded Hagens Berman a 20% premium above the bid, assuming a flat-rate starting point.[10]  The Ninth Circuit, however, determined that that was the wrong starting point and would affirm 20% on a marginal-rate starting point.[11]  In its recent order, the Court indicated it is inclined to go with this approach.[12]  But this would not provide fair compensation.

As this Court previously found: "This was long and hard-fought litigation involving a series of circumstances that, taken together, were never contemplated."[13]  The Court further explained: "Hagens Berman has shown that the *cumulative* effect of the factors it faced took this litigation beyond what actually was, or reasonably could have been, contemplated at the time of the bid—and beyond the risk Hagens Berman can be charged with having assumed in making the bid."[14]  Moreover, in light of the "subsequent summary judgment ruling affirmed on appeal," the Ninth Circuit agreed that "litigation risk" provided strong support justifying a 20% upward departure from HB's bid amount.[15]

---

[8] 2022 WL 1955672, at *4 ("on remand the district court would not abuse its discretion in awarding HB $26,646,000, which represents a 20% upward departure from HB's bid of $22,205,000").

[9] *See Kamal v. Eden Creamery, LLC*, 2019 WL 2617041, at *8 n.5 (S.D. Cal. June 26, 2019) ("Much like the Court does not expect to find elephants in mouseholes, the Court does not expect to find dispositive arguments in footnotes.") (cleaned up and citation omitted).

[10] Order Granting in Part Renewed Mot. for Attorney Fees & Denying Mot. to Enforce Settlement, Return Class Funds, and Disgorge Fees, ECF No. 3027 (July 02, 2021), at 12.

[11] 2022 WL 1955672, at *3.

[12] Order re Attorney Fees Proceedings, ECF No. 3097 (Aug. 4, 2022).

[13] ECF No. 3027 at 12.

[14] *Id.*

[15] ECF No. 35-1 at 10.

Reflecting this qualitative assessment, the Court also found that the fact that Class Counsel's lodestar of $30,031,834.70 was "very close to the amount being awarded" served as a cross-check that the "premium fairly represents compensation for the uncontemplated hours of work Hagens Berman incurred."[16]  Likewise, an award effectively below the lodestar, as proposed in yesterday's order, indicates that the premium is too low.

The Court's prior award of $31,026,000[17] was on par with the lodestar of $30,031,834.70.[18]  But the proposed award of $26,646,000 would result in a negative multiplier of .89.[19]  Moreover, Class Counsel's lodestar increased by $1,913,325.80 (excluding time spent litigating fees) between moving for the final set of fees in February 2019 and Class Counsel renewing their fee motion in September 2020.[20]  Taking this additional lodestar into account would result in a further negative multiplier of .83.[21]

Such large negative multipliers would not be fair to Class Counsel in light of the massive litigation risks undertaken.  As this Court found, upheld by the Ninth Circuit, those risks include the unanticipated work Class Counsel performed given the "cumulative effect" of factors that could not have been "reasonably [] contemplated at the time of the bid" and exceptional results obtained given the outcome on the merits.[22]  Instead, a premium of 35% more fairly represents compensation for the unknowable litigation risk counsel undertook.  And this fee amount of $29,976,750 is less than—and so not simply working backwards to reach—the Court's previous award of $31,026,000.[23]  Rather, it properly takes "into account all of the circumstances of the case," as the Ninth Circuit requires.[24]

---

[16] ECF No. 3027 at 12 n.8.

[17] *Id.* at 14.

[18] IPP's Notice of Renewed Mot. and Renewed Mot. for Attorneys' Fees, ECF No. 2942 (Sept. 28, 2020), at 21 n.98.

[19] $26,646,000 / $30,031,834.70 = .89.

[20] ECF No. 2942 at n.98.

[21] $26,646,000 / ($30,031,834.70 + $1,913,325.80) = .83.

[22] ECF No. 3027 at 12-13.

[23] *Id.* at 14.  $22,205,000 x 1.35 = $29,976,750.

[24] *ODD*, 959 F.3d at 930 (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002)); *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) (trial courts awarding fees "may take into account their overall sense of a suit").

1   ***Third***, as an additional consideration on the facts of this case, the Ninth Circuit ruled previously that the bid absorbed costs and expenses exceeding $5 million.[25]  In large-scale antitrust actions, these are ordinarily recoverable.[26]  IPPs do not dispute the Ninth Circuit's interpretation of the bid, but the lack of recoverable expenses underscores the need for a fair premium above the bid to provide, overall, a reasonable award.  And this is so for the same reason discussed above: given the "series of circumstances" taking the litigation beyond what Class Counsel could have anticipated, costs and expenses were also higher than Class Counsel could have ever reasonably contemplated.[27]

For these reasons, Class Counsel respectfully requests fees in the amount of $29,976,750.  To ensure adequate time for the logistics of repayment, Class Counsel requests 21 days from the date of the Court's new fee order to repay the difference to settlement escrow accounts.[28]

DATED: August 5, 2022              HAGENS BERMAN SOBOL SHAPIRO LLP


By       /s/ Shana E. Scarlett
         SHANA E. SCARLETT
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*

---

[25] *Id.* at 936-37.

[26] *See, e.g., In re Natl. Collegiate Athletic Assn. Athletic Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, at *11 (N.D. Cal. Dec. 6, 2017), *aff'd*, 768 Fed. Appx. 651 (9th Cir. 2019) (expense award of $3.18 million); *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 4126533, at *10 (N.D. Cal. Aug. 3, 2016) ($7.67 million including $5.76 million for expert witnesses).

[27] *See* ECF No. 3027 at 12.

[28] To anticipate another issue, any fee award to objectors is payable from the difference returned, not from Class Counsel's reduced award.  The "equitable principles set forth in *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012)," identified by the Ninth Circuit as controlling, elaborate the prerequisites for common fund fee awards.  2022 WL 1955672, at *4 n.5.