UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 10-md-02143-RS<br>MDL No. 2143 |
| This document relates to: ALL INDIRECT PURCHASER ACTIONS | **ORDER AWARDING FEES** |

By prior order, the court stated an intent to award Hagens Berman $26,646,000 in attorney fees, and set a deadline for any objections to such an order being entered on the court's own motion, without ordinary briefing or hearing. While Hagens Berman's response urges the court "not to rush a conclusion on an appropriate fee award," it does not suggest full briefing or a hearing is required, and it acknowledges the timing urgency. Careful consideration has been given to Hagens Berman's arguments regarding the amount to be awarded, and no reason appears to entertain further briefing, or otherwise to delay a decision.

The Ninth Circuit has ruled that the "starting point" for determining a fee award in this case is to be the bid amount of $22,205,000, calculated using "marginal rates." The Ninth Circuit has also stated it would not be an abuse of discretion to award, $26,646,000, which represents a

20% upward departure from that starting point. Hagens Berman now requests, however, that a 35% premium be applied to the bid amount, for an award of $29,976,750.

Hagens Berman is correct that Ninth Circuit declined to set any particular amount as the "correct" award, and that this court is still to exercise its discretion in determining what is a "reasonable award taking into account all the circumstances." The Ninth Circuit has left open the possibility that awarding a premium greater than 20%, if adequately explained, would not constitute an abuse of discretion. By the same token, however, a strong inference may be drawn from the Ninth Circuit's opinions that it would not be an abuse of discretion to hold Hagen Bermans to its bid, and award no premium.

Although the prior fee order concluded 20% added to the higher starting point would result in a reasonable award, even assuming the starting point had been incorrectly calculated, *see* Dkt. No. 3027, n. 4, it does not follow that an award in excess of 20% over the starting point established by the Ninth Circuit is now warranted. Hagens Berman points to its "lodestar" and complains that while the prior award was "on par" with that number, a $26,646,000 award would not be. For comparison, the prior award exceeded the lodestar by approximately $1 million, while the new award will be under the lodestar by a little more than $3.3 million.[1] Although differences in the millions of dollars cannot be considered trivial, for purposes of applying a lodestar "cross-check," the new award is also "on par" with the lodestar.[2]

Hagens Berman did good work, and more work than it anticipated. It achieved results through settlements that undeniably were excellent, given the ultimate determination that the IPPs had no viable claim. It freely chose to undertake that work, however, pursuant to a bid that called for fees at far lower percentage rates than are often otherwise available in class actions. An award providing a premium of 20% over the bid rate simply cannot be characterized as unfair to Hagens

---

[1] Hagens Berman also asserts its lodestar went up between the time it made its final fee application in 2019 and the renewed fee motion made in 2020.

[2] It is also relevant that the lodestar has not been subjected to the level of scrutiny it would receive were it the primary basis of the fee award.

CASE NO. 10-md-02143-RS

2

Berman. Accordingly, the amount of the award will be $26,646,000, with interest on the resulting repayment amount to be calculated in a manner consistent with that used for the prior fee repayment.

Hagens Berman requests it be given 21 days to "ensure adequate time for the logistics of repayment." Although Hagens Berman may have held out hope that it would persuade the court to enter a larger award, it has known since at least the date of the Ninth Circuit's decision there was a good chance it would be required to repay a sum in this range. Without setting a specific repayment deadline date, Hagens Berman shall ensure that the funds are available to the settlement administrator for distribution as part of the second-round distribution taking place September 19−30, 2022.

**IT IS SO ORDERED**.

Dated: August 8, 2022

_____
RICHARD SEEBORG
Chief United States District Judge