1  Timothy R. Hanigan (SBN 125791)
2  LANG, HANIGAN & CARVALHO, LLP
   21550 Oxnard Street, Suite 760
3  Woodland Hills, CA 91367
   Tel: (818) 883-5644
4  Fax: (818) 704-9372

5  Robert W. Clore (*Pro Hac Vice*)
6  Christopher Bandas (*Pro Hac Vice*)
   BANDAS LAW FIRM, P.C.
7  802 N. Carancahua, Suite 1400
   Corpus Christi, TX 78401
8  Tel: (361) 698–5200
   Fax: (361) 698-5222
9  *Attorneys for Conner Erwin*

10              UNITED STATES DISTRICT COURT
11         FOR THE NORTHERN DISTRICT OF CALIFORNIA
                  SAN FRANCISCO DIVISION
12

13 | IN RE OPTICAL DISK DRIVE | Case No. 10-MD-02143-RS |
   | PRODUCTS ANTITRUST LITIGATION | MDL No. 2143 |

14

15 This document relates to: ALL INDIRECT
   PURCHASER ACTIONS

16                                    **DECLARATION OF ROBERT CLORE**
17                                    **IN SUPPORT OF OBJECTOR CONNER**
                                      **ERWIN'S MOTION FOR ATTORNEYS'**
18                                    **FEES AND INCENTIVE AWARD**

19

20

21

22

23

24

25

26

27

28

I, Robert W. Clore, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am a Partner for the Bandas Law Firm, P.C., which maintains its principal place of business in Corpus Christi, Texas. I am an attorney licensed to practice law in Texas since 1999. I became a non-equity Partner at the Bandas Law Firm on June 1, 2021.

3. Timothy Hanigan, Christopher Bandas, Jason Pepe and I represent objecting class member Conner Erwin. Mr. Hanigan is admitted in the Northern District of California and Mr. Bandas and I are admitted to the Ninth Circuit and were admitted *pro hac vice* by this Court on July 19, 2019. Mr. Pepe is admitted in the Ninth Circuit and assisted in the handling of Mr. Erwin's most recent appeal.

### Counsel's Skill, Efficiency, and Lodestar

4. I am an experienced attorney in civil appeals and class actions, having graduated *magna cum laude* from St. Mary's University School of Law. I served as Articles Editor with the St. Mary's Law Journal, held membership in Phi Delta Phi, and clerked two years at the Thirteenth Court of Appeals for the State of Texas before entering private practice. I served as appellate counsel for several highly respected defense firms in Texas before becoming Senior Appellate Counsel for the Bandas Law Firm, P.C., a well-respected personal injury plaintiff's firm, in early 2016. I am a member of the Appellate Section of the State Bar of Texas and the Corpus Christi Bar Association and am admitted to practice and in good standing with the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits as well as the United States Supreme Court.

5. Since joining Bandas Law Firm in 2016, I have authored numerous appellate briefs, analyzed many class-action settlements, and appeared in federal district courts and appellate courts

in cases around the Nation to fight unfair settlements and excessive fee requests. I have had repeated successes for the benefit of class members. In addition to my successes before the Ninth Circuit here, I have assisted in securing many victories on behalf of clients in both personal injury and class action matters. S*ee e.g., In re Optical Disk Drive Prods. Antitrust Litig.*, No. 21-16291, 2022 U.S. App. LEXIS 15571, at *7 (9th Cir. 2022) (vacating for the Court to recalculate fees using $22.2 million, not $25.8 million, as the starting point); *In re Optical Disk Drive Prod. Antitrust Litig.*, 959 F.3d 922 (9th Cir. 2020) and *In re Optical Disk Drive Prod. Antitrust Litig.*, 804 Fed.Appx. 443 (9th Cir. 2020) (prevailing in appeal with vacatur of $52.8 million fee and expense award); *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, 952 F.3d 471, 489 (4th Cir. 2020) (winning an appeal that reversed a fee award after court failed to apply CAFA); *In re Syngenta*, 2:14-MD-02591, Dkt. 4318 at 8-9; 4278 at 3, 6-7 (D. Kan. Jan. 6, 2020) (securing a $3 million monetary benefit for a settlement class of corn farmers and supplying nonmonetary benefits to the claims process); *Chambers v. Whirlpool Corp.,* 980 F.3d 645 (9th Cir. 2020) (prevailing on challenge to the district court's refusal to apply CAFA to fees); *Salinas v. World Houseware Producing Co.*, 34 N.Y.3d 925, 926 (Sept. 12, 2019) (New York Court of Appeals reversing in favor of client in products liability action); *Broussard v. Omni Hotels Corp. et al.*, 2019 WL 4309574 (Tex. App.—Corpus Christi Sept. 12, 2019, no pet.) (court of appeals reversing in favor of client in personal injury action); *see also* Dorothy Atkins, Settling On Zoom: The Rise of Pro Se MDL Objectors, LAW360 (Dec. 22, 2020)[1] ("Robert Clore of Bandas Law Firm PC" is "a seasoned plaintiffs attorney who has successfully represented clients objecting to a number of big-ticket MDL settlements before trial courts and on appeal").[2]

_____

[1] Accessible at https://www.law360.com/articles/1337218 (last visited Feb. 26, 2021).

[2] *See also City of San Antonio v. Peralta*, 476 S.W.3d 653, 661 (Tex. App.—San Antonio 2015, no pet.) (affirmance in favor of client); *Schaffer v. Nationwide Mut. Ins. Co.*, No. 13-11-00503-CV, 2013 WL 2146833, at *1 (Tex. App. May 16, 2013) (reversal in favor of client); *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 142–43 (Tex. 2012) (reversal in favor of client in the Texas Supreme Court); *Guerrero v.*

6.   Jason Pepe recently joined the Bandas Law Firm and has 23 years of experience in civil litigation. He is a member in good standing of the State Bars of Kansas, Missouri, and Texas. He has been admitted to practice in scores of state and federal courts across the Nation. He has successfully handled multiple appeals in both state and federal appellate courts. He graduated third in his class at the University of Kansas and wrote for and served as an Articles Editor for the Kansas Law Review. He began his career, and ultimately became partner at an AMLAW 100 law firm. Before becoming a lawyer, he was commissioned and served as an officer in the United States Army.

7.   Erwin's counsel litigated the objections and appeals efficiently with 413.1 hours of attorney time making up $301,545 lodestar. That lodestar was accumulated between July 2021 and August 2022 and covers Mr. Erwin's appeal of the Court's July 2, 2021 Order awarding Hagens Berman $31,026,000 in fees. It excludes any time spent on this fee motion as well as all time spent in connection with Erwin's petition for rehearing in the Ninth Circuit. I view Erwin's counsels' total lodestar as a reasonable expenditure of time for researching and drafting a comeback motion in the Ninth Circuit to secure the same panel, conducting legal research and preparing a 53-page opening brief and a 36-page reply brief in the Ninth Circuit, preparing for, traveling to, and attending one oral argument in Seattle, Washington, analyzing the Ninth Circuit's opinion, and analyzing the Secondary Distribution schedule and filing a notice to ensure reduced fees inure to the benefit of the class.

8.   The nature of the Erwin's appeal required, under Ninth Circuit law, that we be familiar with the entire timeline of the case, including the bids submitted to Judge Walker at the outset of

---

*Bexar Cty. Civil Serv. Comm'n*, No. 04-12-00523-CV, 2012 WL 6728260, at *1 (Tex. App. Dec. 28, 2012) (reversal in favor of client in a case I argued before the Texas Fourth Court of Appeals); *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 822 (Tex. 2010) (client's petition for writ of mandamus granted in the Texas Supreme Court); *Butters v Noyola*, No. 13-07-00713-CV, 2008 WL 3984168, at *1 (Tex. App.—Corpus Christi-Edinburg, Aug. 29, 2008, no pet.) (reversal in favor of client); *Military Highway Water Supply Corp. v. Morin*, 156 S.W.3d 569, 570 (Tex. 2005) (reversal in favor of client).

---

litigation, and to review and understand filings, orders, and transcripts in complex, global antitrust class action litigation with over 3,000 docket entries, many years before Erwin first objected in 2016. Erwin's appeal involved more than 130 pages of briefing and in excess of 1,000 pages of excerpts and supplemental excerpts of record on appeal. *See In re Optical Disk*, Nos. 21-16291 (9th Cir.).

9. The risk of nonpayment was high. While Mr. Clore has an outstanding record in fighting excessive fee awards and settlements, there was no guarantee that the Ninth Circuit would agree that Hagens Berman submitted, and Judge Walker accepted, the bid at $22.2 million based on marginal rates and then vacate the award for reconsideration with that amount establishing the starting point for reasonable fees. Even with success, there was the possibility that any pecuniary benefit for the class would be modest, as opposed to beneficial precedent that is gained for future class members involved in settlements.

10. Erwin's counsel are requesting $867,000 in attorneys' fees as 20% of the $4,380,000 benefit[3] bestowed by Erwin's objections and appeals. This fee is reasonable considering the substantial benefit conveyed to the class, and that it is below the 25% benchmark. *In re Easysaver Rewards Litig.*, No. 09-CV-02094-BAS-WVG, 2021 WL 230013, at *3–4 (S.D. Cal. Jan. 22, 2021) (awarding objector's counsel $805,000 as 25% benchmark fee); *Arnett v. Bank of Am., N.A.*, No. 3:11-cv-1372-SI, 2014 WL 5419125, at *3 (D. Or. Oct. 22, 2014) (awarding objectors' counsel 25% of benefit). It is also reasonable in terms of the risk we incur, since we often do not recover fees for appeals, and appellants succeed in the Ninth Circuit, on average, less than one time in ten.[4]

11. Collectively, Mr. Erwin's attorneys have logged 421.3 hours of attorney time making up $301,545 lodestar between July 2021 and August 2022 in furtherance of the appeal. This results in a 2.87 lodestar multiplier for the requested $867,000 fee, which is reasonable in the Ninth Circuit

---

[3] The request may be lower than 20% depending on the interest returned to the class.

[4] United States Courts for the Ninth Circuit, 2020 Annual Report, https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications/AnnualReport2020.pdf at 57 (Ninth Circuit overall reversal rate of 9.9% for fiscal year 2020).

when used as a crosscheck of a percentage-based fee. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 & n.6 (9th Cir. 2002) (finding 1.0-4.0 to be generally the "range of multipliers applied in common fund cases"). That time excludes all work associated with Mr. Erwin's motion for attorneys' fees and incentive award. It also excludes all time associated with Mr. Erwin's petition for rehearing in the Ninth Circuit.

12. I billed 330.3 hours in this case. Mr. Pepe billed 82.8. We kept contemporaneous record of our time manually, which was then placed into an Excel Spreadsheet, which is attached hereto as Exhibit A. As a practitioner more than 20 years out of law school, I seek a $750/hour billing rate for my time. This is the same rate which this Court previously found reasonable and is well below the rates of the Adjusted Laffey Matrix for attorneys out of law school for more than twenty years. *See* http://www.laffeymatrix.com/see.html ($914/hour for attorneys out of law school for more than twenty years); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13MD02420YGRDMR, 2020 WL 7261313, at *2 (N.D. Cal. Dec. 10, 2020) (noting that Adjusted Laffey Matrix rates are comparable to, if not less than, the San Francisco Bay Area market rates"). Mr. Pepe seeks a $650/hour billing rate for his time, which is even further below the Laffey Matrix rate considering he is more than twenty years removed from law school. These rates are also reasonable relative to the Court's finding of prevailing market rates and on the low end of rates for Hagens Berman's experienced partners. Dkt. 2889 at 15 (noting "the range of $200 to $1,080 charged by partners in California[,]" that "Steve Berman bills at an hourly rate of $975[,]" "[o]ther partners at Hagens Berman have hourly rates ranging from $550 to $950" and "[a]ssociates at Hagens Berman have hourly rates of $300 to $825"). They are also well below hourly rates found reasonable for objector's counsel in this District who provided more modest and less quantifiable benefits. *Lithium*, 2020 WL 7261313, at *2 (finding reasonable an hourly rate of $899 for an objector's attorney 20 years out of law school and $747 for attorneys 11-19 years out of law school).

13. In general, Mr. Pepe's time was spent reviewing the extensive record in this case, conducting legal research and making thorough edits to Erwin's reply brief in the Ninth Circuit, traveling to and from Seattle, Washington from St. Louis to assist with oral argument, assisting me in preparation for oral argument in Seattle, Washington, including multiple moot court sessions, and appearing with Mr. Clore for oral argument. I devoted my time to reviewing the extensive docket, conducting legal research in connection with the appeal, identifying the relevant records for inclusion in the excerpts of record, outlining and drafting Erwin's 53-page opening brief and 36-page reply brief, analyzing class counsels' 52-page answering brief, researching and preparing the motion to return the appeal to the prior panel, preparing for, traveling to and from, and participating in oral argument in Seattle, Washington.

14. The chart below also reflects the level of experience, billable rates, and the hours for Mr. Pepe and me in this case.

| Attorney | Years Exp. | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Robert W. Clore, Partner, Bandas Law Firm | 22 | $750 | 330.3 | $247,725 |
| Jason Pepe, Senior Appellate Counsel, Bandas Law Firm | 23 | $650 | 82.8 | $53,820 |
| **TOTAL** | | | 413.1 | $301,545 |

15. Our commitment of time on this case was both reasonable and necessary in furtherance of Erwin's objections which led to the additional $4.38 million benefit bestowed on the class. Further, since the vast majority of work on this fee motion took place in the Ninth Circuit, and Mr. Pepe and I alone were responsible for that work,[5] we were able to avoid any duplicative efforts, and the relatively small number of hours reflect this efficiency. I reviewed Exhibit A attached to Steve Berman's declaration at Dkt. 2942-2. Although the exhibit does not necessarily break down lodestar by these categories, according to my calculations, Hagens Berman spent at least 1,133.8 hours on

---

[5] Local counsel Timothy Hanigan oversaw all work in the district court but does not submit any lodestar in connection with this motion.

DECLARATION OF ROBERT CLORE

motions for attorney's fees and expenses, Erwin's three appeals, and oral arguments in the Ninth Circuit. Dkt. 2942-2 at 376-78, 381, 385, 420, 434, 440-47, 463, 469-72, 478, 481-82, 484-95. That amount appears to be considerably understated, however, because Hagens Berman appears not to have documented most of its time in preparing the first fee motion filed on October 5, 2016, with only 6.5 hours recorded for the 22-page motion and none for the supporting declarations. Dkt. 2942-2 at 376-78.

16.     Erwin's counsel worked far more efficiently than did Hagens Berman. Erwin's counsel billed 687.6 hours in objecting to Hagens Berman's fee motions and prosecuting Erwin's first appeals. Hagens Berman billed at least 1,133.8 hours for the same work. In his most recent appeal and on remand, Erwin's counsel billed an additional 413.1 hours. Hagens Berman has not disclosed their billing for the most recent appeal. However, even Erwin's aggregate 1,100.7 hours fall below Hagens Berman's 1,133.8 hours that do not include the most recent appeal. I am confident that our challenge to Hagens Berman's fees in this Court and on appeal was decidedly more efficient than Hagens Berman's efforts in defending their requests before this Court and the awards before the Ninth Circuit.

17. Erwin faced a substantial risk of non-payment. *Rodriguez v. W. Publishing Corp.*, 602 Fed. Appx. 385 (9th Cir. 2015) (reversing district court's unexplained conclusion that class action objection is a "matter which [has] little risk"). There was no guarantee that the Ninth Circuit would agree that Hagens Berman submitted, and Judge Walker accepted, the bid at $22.2 million based on marginal rates and then vacate the award for reconsideration with that amount establishing the starting point for reasonable fees. Of course, the risk is high for any appeal; the overall reversal rate in the Ninth Circuit is 10%.[6] There was also a risk that the Ninth Circuit would be distracted from

---

[6] United States Courts for the Ninth Circuit, 2020 Annual Report, https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications/AnnualReport2020.pdf at 57 (Ninth Circuit overall reversal rate of 9.9% for fiscal year 2020).

the merits by the personal attacks lodged by Hagens Berman on counsel, Mr. Erwin, and his wife. *See* Hagens Berman's Appellees' Brief, No. 17-15065, at 2, 15-16 (July 20, 2017). Even with success, there was the possibility that any pecuniary benefit for the class would be modest, as opposed to beneficial precedent that is gained for future class members involved in settlements. It was also uncertain that this Court would award an amount below Hagens Berman's renewed request on remand or otherwise adopt Erwin's arguments.

18. Erwin does not seek separate reimbursement for any expenses that he might be entitled to for proceedings in this Court or the Ninth Circuit, including for expenses, printing, and legal research costs.

19. Pursuant to Local Rule 54-5, I emailed and spoke with Kevin Green of Hagens Berman by phone between August 8–10, 2022 for the purpose of resolving any disputes with the motion. I advised him of Erwin's intent to move for $867,000 in attorneys' fees as 20% of the $4.38 million benefit, plus a $5,500 incentive award. We were unable to resolve any disputed issues, and Mr. Green advised that they intend to oppose the motion.

Dated this the 10th of August 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Robert W. Clore
Robert W. Clore

DECLARATION OF ROBERT CLORE

# Exhibit A

**Lodestar of Erwin's counsel (July 2021 – August 2022)***

| Date | Case Name | Timekeeper | Time | Work Description | Hourly Rate | Lodestar |
|---|---|---|---|---|---|---|
| 8/15/2021 | ODD | RC | 3.5 | Legal research -Comeback case 9th Circ. General order; draft Motion to assign appeal to prior panel. | $ 750.00 | $ 2,625.00 |
| 8/16/2021 | ODD | RC | 5.7 | Draft motion to assign appeal to prior panel. | $ 750.00 | $ 4,275.00 |
| 8/17/2021 | ODD | RC | 0.3 | Reviewed class counsel's response to motion to assign appeal. | $ 750.00 | $ 225.00 |
| 8/23/2021 | ODD | RC | 0.8 | Filed Motion for Extension. | $ 750.00 | $ 600.00 |
| 8/23/2021 | ODD | RC | 0.2 | Filed transcript order form. | $ 750.00 | $ 150.00 |
| 8/24/2021 | ODD | RC | 0.3 | Filed designation form. | $ 750.00 | $ 225.00 |
| 8/24/2021 | ODD | RC | 0.4 | Finalized 9th circuit mediation letter. | $ 750.00 | $ 300.00 |
| 9/14/2021 | ODD | RC | 0.6 | Med. asses conference & prep. | $ 750.00 | $ 450.00 |
| 9/18/2021 | ODD | RC | 7.2 | Legal research/draft opening brief. | $ 750.00 | $ 5,400.00 |
| 9/19/2021 | ODD | RC | 5.3 | Legal research/draft opening brief. | $ 750.00 | $ 3,975.00 |
| 9/21/2021 | ODD | RC | 2.8 | Legal research/draft opening brief. | $ 750.00 | $ 2,100.00 |
| 10/6/2021 | ODD | RC | 0.4 | Analyzed filing of co-objector. | $ 750.00 | $ 300.00 |
| 10/30/2021 | ODD | RC | 3.7 | Legal research for opening brief. | $ 750.00 | $ 2,775.00 |
| 11/1/2021 | ODD | RC | 6.8 | Analyzed documents to include in excerpts of record; analyzed records in preparation for opening brief. | $ 750.00 | $ 5,100.00 |
| 11/2/2021 | ODD | RC | 5.6 | Legal research/draft opening brief. | $ 750.00 | $ 4,200.00 |
| 11/5/2021 | ODD | RC | 1.5 | Legal research/draft opening brief. | $ 750.00 | $ 1,125.00 |
| 11/5/2021 | ODD | RC | 2.7 | Legal research/draft opening brief. | $ 750.00 | $ 2,025.00 |
| 11/9/2021 | ODD | RC | 3.8 | Legal research/draft opening brief. | $ 750.00 | $ 2,850.00 |
| 11/11/2021 | ODD | RC | 6.8 | Legal research/draft opening brief. | $ 750.00 | $ 5,100.00 |
| 11/15/2021 | ODD | RC | 6.7 | Drafted/edited opening brief. | $ 750.00 | $ 5,025.00 |
| 11/17/2021 | ODD | RC | 6.9 | Drafted opening brief. | $ 750.00 | $ 5,175.00 |
| 11/22/2021 | ODD | RC | 5.6 | Drafted/edited opening brief. | $ 750.00 | $ 4,200.00 |
| 11/23/2021 | ODD | RC | 3.8 | Edited opening brief. | $ 750.00 | $ 2,850.00 |
| 12/1/2021 | ODD | RC | 1.8 | Drafted/edited opening brief. | $ 750.00 | $ 1,350.00 |
| 12/2/2021 | ODD | RC | 2.5 | Legal research/edited opening brief. | $ 750.00 | $ 1,875.00 |
| 12/2/2021 | ODD | RC | 4.9 | Drafted/edited opening brief. | $ 750.00 | $ 3,675.00 |
| 12/3/2021 | ODD | RC | 2.2 | Edited opening brief. | $ 750.00 | $ 1,650.00 |
| 12/3/2021 | ODD | RC | 5.1 | Drafted/edited opening brief. | $ 750.00 | $ 3,825.00 |
| 12/6/2021 | ODD | RC | 4.9 | Drafted/edited opening brief. | $ 750.00 | $ 3,675.00 |
| 12/6/2021 | ODD | RC | 3.6 | Drafted/edited opening brief. | $ 750.00 | $ 2,700.00 |
| 12/7/2021 | ODD | RC | 3.2 | Drafted/edited opening brief. | $ 750.00 | $ 2,400.00 |
| 12/7/2021 | ODD | RC | 2.6 | Edited opening brief. | $ 750.00 | $ 1,950.00 |
| 12/7/2021 | ODD | RC | 3.1 | Drafted/edited opening brief. | $ 750.00 | $ 2,325.00 |
| 12/8/2021 | ODD | RC | 3.5 | Drafted/edited opening brief. | $ 750.00 | $ 2,625.00 |
| 12/8/2021 | ODD | RC | 2.6 | Edited opening brief. | $ 750.00 | $ 1,950.00 |
| 12/8/2021 | ODD | RC | 6.2 | Edited opening brief. | $ 750.00 | $ 4,650.00 |
| 12/9/2021 | ODD | RC | 2.4 | Added record citations to opening brief. | $ 750.00 | $ 1,800.00 |
| 12/9/2021 | ODD | RC | 3.2 | Edited opening brief. | $ 750.00 | $ 2,400.00 |
| 12/13/2021 | ODD | RC | 6.8 | Edited opening brief. | $ 750.00 | $ 5,100.00 |
| 12/14/2021 | ODD | RC | 7.3 | Edited opening brief. | $ 750.00 | $ 5,475.00 |
| 12/15/2021 | ODD | RC | 3.1 | Edited and finalized opening brief | $ 750.00 | $ 2,325.00 |
| 2/17/2022 | ODD | RC | 2.5 | Reviewed opening brief and answering brief in prepare for drafting reply. | $ 750.00 | $ 1,875.00 |

*Excludes time for Erwin's motion to enforce/return class funds and supporting papers, motions for objector attorneys' fees, and Erwin's petition for rehearing in the Ninth Circuit.

**Lodestar of Erwin's counsel (July 2021 – August 2022)**

| Date | Case Name | Timekeeper | Time | Work Description | Hourly Rate | Lodestar |
|---|---|---|---|---|---|---|
| 2/19/2022 | ODD | JP | 2.5 | Reviewed opening brief and anaswering brief in preparation for reply. | $ 650.00 | $ 1,625.00 |
| 2/20/2022 | ODD | RC | 3.5 | Analyzed Hagens Berman's brief and made extensive notes. | $ 750.00 | $ 2,625.00 |
| 2/20/2022 | ODD | RC | 3.8 | Outlined argements for reply brief. | $ 750.00 | $ 2,850.00 |
| 2/21/2022 | ODD | RC | 3.1 | Edited outline for reply brief. | $ 750.00 | $ 2,325.00 |
| 2/21/2022 | ODD | RC | 2.8 | Legal research for reply brief. | $ 750.00 | $ 2,100.00 |
| 2/21/2022 | ODD | RC | 2.5 | Drafted reply brief. | $ 750.00 | $ 1,875.00 |
| 2/22/2022 | ODD | RC | 3.8 | Legal research for reply brief. | $ 750.00 | $ 2,850.00 |
| 2/22/2022 | ODD | RC | 5.5 | Drafted reply brief. | $ 750.00 | $ 4,125.00 |
| 2/23/2022 | ODD | RC | 3.4 | Drafted/edited reply brief. | $ 750.00 | $ 2,550.00 |
| 2/23/2022 | ODD | RC | 1.5 | Legal research for reply brief. | $ 750.00 | $ 1,125.00 |
| 2/25/2022 | ODD | RC | 5.4 | Drafted/edited reply brief. | $ 750.00 | $ 4,050.00 |
| 2/27/2022 | ODD | RC | 6.3 | Drafted/edited reply brief. | $ 750.00 | $ 4,725.00 |
| 3/1/2022 | ODD | RC | 7.8 | Drafted/edited reply brief. | $ 750.00 | $ 5,850.00 |
| 3/2/2022 | ODD | RC | 8.6 | Drafted/edited reply brief. | $ 750.00 | $ 6,450.00 |
| 3/2/2022 | ODD | JP | 3.0 | Legal research/edited reply brief. | $ 650.00 | $ 1,950.00 |
| 3/3/2022 | ODD | RC | 9.5 | Drafted/edited reply brief. | $ 750.00 | $ 7,125.00 |
| 3/3/2022 | ODD | JP | 9.5 | Legal research/edited reply brief. | $ 650.00 | $ 6,175.00 |
| 3/3/2022 | ODD | JP | 5.0 | Legal research/edited reply brief. | $ 650.00 | $ 3,250.00 |
| 3/4/2022 | ODD | RC | 6.5 | Drafted reply brief. | $ 750.00 | $ 4,875.00 |
| 3/4/2022 | ODD | RC | 3.6 | Edited reply brief. | $ 750.00 | $ 2,700.00 |
| 3/4/2022 | ODD | JP | 8.8 | Legal research/edited reply brief. | $ 650.00 | $ 5,720.00 |
| 3/4/2022 | ODD | JP | 0.4 | Drafted email to R. Clore re reply brief. | $ 650.00 | $ 260.00 |
| 3/4/2022 | ODD | JP | 0.3 | Conference with R. Clore re reply brief. | $ 650.00 | $ 195.00 |
| 3/5/2022 | ODD | RC | 5.5 | Edited reply brief. | $ 750.00 | $ 4,125.00 |
| 3/5/2022 | ODD | RC | 3.6 | Drafted/edited reply brief. | $ 750.00 | $ 2,700.00 |
| 3/5/2022 | ODD | JP | 7.0 | Edited/cite checked reply brief. | $ 650.00 | $ 4,550.00 |
| 3/6/2022 | ODD | RC | 8.9 | Edited reply brief. | $ 750.00 | $ 6,675.00 |
| 3/7/2022 | ODD | RC | 8.2 | Edited reply brief. | $ 750.00 | $ 6,150.00 |
| 3/7/2022 | ODD | JP | 2.0 | Edited reply brief. | $ 650.00 | $ 1,300.00 |
| 3/8/2022 | ODD | RC | 1.8 | Finalized and filed Reply brief. | $ 750.00 | $ 1,350.00 |
| 3/8/2022 | ODD | JP | 5.5 | Edited reply brief. | $ 650.00 | $ 3,575.00 |
| 3/9/2022 | ODD | RC | 0.6 | Analyzed proposed distribution plan. | $ 750.00 | $ 450.00 |
| 3/9/2022 | ODD | RC | 2.3 | Drafted, edited and filed Erwin's response to proposed distribution plan. | $ 750.00 | $ 1,725.00 |
| 3/22/2022 | ODD | RC | 0.3 | Conference with Jason Pepe re-oral argument. | $ 750.00 | $ 225.00 |
| 3/22/2022 | ODD | RC | 0.6 | Filed acknowledgement of hearing for oral argument and completed and submitted vaccination forms. | $ 750.00 | $ 450.00 |
| 3/28/2022 | ODD | RC | 0.4 | Call with COA regarding mandatory mediation assessment. | $ 750.00 | $ 300.00 |
| 4/7/2022 | ODD | RC | 2.3 | Oral argument preparation. | $ 750.00 | $ 1,725.00 |
| 4/10/2022 | ODD | RC | 0.5 | Drafted Motion to Supplement Record on Appeal. | $ 750.00 | $ 375.00 |
| 4/11/2022 | ODD | RC | 2.5 | Drafted/edited Motion to Supplement record on appeal. | $ 750.00 | $ 1,875.00 |
| 4/11/2022 | ODD | RC | 3.1 | Oral  argument preparation. | $ 750.00 | $ 2,325.00 |
| 4/13/2022 | ODD | RC | 5.5 | Mock court/preparation for agurment. | $ 750.00 | $ 4,125.00 |
| 4/14/2022 | ODD | RC | 8.4 | Travel to Seattle for Argument. | $ 750.00 | $ 6,300.00 |
| 4/14/2022 | ODD | JP | 1.5 | Legal research in preparation for oral argument. | $ 650.00 | $ 975.00 |

**Lodestar of Erwin's counsel (July 2021 – August 2022)**

| Date | Case Name | Timekeeper | Time | Work Description | Hourly Rate | Lodestar |
|---|---|---|---|---|---|---|
| 4/16/2022 | ODD | RC | 8.8 | Oral argument preparation. | $ 750.00 | $ 6,600.00 |
| 4/17/2022 | ODD | RC | 7.4 | Oral argument preparation. | $ 750.00 | $ 5,550.00 |
| 4/17/2022 | ODD | JP | 11.5 | Travel to Seattle for oral argument; oral argument preparation. | $ 650.00 | $ 7,475.00 |
| 4/18/2022 | ODD | RC | 8.5 | Edited outline; Moot arguments with Jason Pepe | $ 750.00 | $ 6,375.00 |
| 4/18/2022 | ODD | JP | 8.0 | Oral argument preparation; moot court. | $ 650.00 | $ 5,200.00 |
| 4/19/2022 | ODD | RC | 4.3 | Additional  moot court and argument preparation. | $ 750.00 | $ 3,225.00 |
| 4/19/2022 | ODD | RC | 3.0 | Travel to & from courthouse; argument before 9th Circuit. | $ 750.00 | $ 2,250.00 |
| 4/19/2022 | ODD | RC | 0.5 | Post-Argument Conference with Jason Pepe & Chris Bandas. | $ 750.00 | $ 375.00 |
| 4/19/2022 | ODD | JP | 4.0 | Additional moot court and oral argument preparation. | $ 650.00 | $ 2,600.00 |
| 4/19/2022 | ODD | JP | 0.5 | Uber ride hotel to courthouse for purposes of appearing for oral argument. | $ 650.00 | $ 325.00 |
| 4/19/2022 | ODD | JP | 2.0 | Appear for oral argument before 11th Cir. Panel. | $ 650.00 | $ 1,300.00 |
| 4/19/2022 | ODD | JP | 0.5 | Uber ride from courthouse to hotel following oral argument. | $ 650.00 | $ 325.00 |
| 4/19/2022 | ODD | JP | 0.5 | Post-argument conference with R. Clore and C. Bandas. | $ 650.00 | $ 325.00 |
| 4/20/2022 | ODD | RC | 7.8 | Travel to Corpus Christi. | $ 750.00 | $ 5,850.00 |
| 4/20/2022 | ODD | JP | 10.0 | Return travel location of oral argument Seattle, WA to office, St. Louis, MO. | $ 650.00 | $ 6,500.00 |
| 4/21/2022 | ODD | RC | 0.3 | Correspondence with client Conner Erwin re argument. | $ 750.00 | $ 225.00 |
| 6/6/2022 | ODD | RC | 0.8 | Analyzed Ninth Circuit opinion. | $ 750.00 | $ 600.00 |
| 6/6/2022 | ODD | JP | 0.3 | Review Ninth Circuit opinion. | $ 650.00 | $ 195.00 |
| 6/7/2022 | ODD | RC | 0.3 | Discussed Ninth Circuit opinion with client. | $ 750.00 | $ 225.00 |
| 7/29/2022 | ODD | RC | 3.6 | Analyzed distribution schedule, emailed oc, and filed notice. | $ 750.00 | $ 2,700.00 |
| | | | 413.1 | | | $ 301,545.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | RC | 330.3 | RC = Robert Clore | | $ 247,725.00 |
| | | JP | 82.8 | JP = Jason Pepe | | $ 53,820.00 |