Timothy R. Hanigan (SBN 125791)
Lang, Hanigan & Carvalho, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372

Robert W. Clore (*Pro Hac Vice*)
Christopher Bandas (*Pro Hac Vice*)
802 N. Carancahua, Suite 1400
Corpus Christi, TX 78401
Tel: (361) 698–5200
Fax: (361) 698-5200
*Attorneys for Conner Erwin*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This document relates to: ALL INDIRECT PURCHASER ACTIONS | Case No. 10-MD-02143-RS<br>MDL No. 2143<br><br><br><br>**Declaration of Conner Erwin in Support of Motion for Attorney's Fees and Incentive Award** |

I, Ira Conner Erwin, declare and state as follows:

1. My name is Ira Conner Erwin. I am over the age of eighteen (18) years and am competent to make this declaration. The facts stated herein are within my personal knowledge.

2. I live in Austin, Texas. I am a member of the settlement class and filed a claim forth as set forth in my declarations on file with this Court. As set forth therein, I was a resident of the State of California from 2000 to 2009. When I lived in California, between the dates of April 1, 2003 and December 31, 2008, I purchased two computers with optical disk drives. One was an iMac G4 and the other was a MacBook Pro. I did not purchase any of these products directly from any of the companies identified as a manufacturer of an optical disk drive products.

3. In October 2016, I reached out to my counsel in connection with the first round of settlements in this case and decided I would object. Over nearly six years, I have conferred with my counsel and reviewed numerous documents in the case, including each of my four objections and the various appellate documents. I estimate I have spent approximately 50 hours in relation to these tasks.

4. Although I believe strongly in my objections and am proud of the role I played in benefitting the class, it has not come without personal and financial costs. For example, class counsel made disparaging personal attacks about me and my wife in filings with the Ninth Circuit. *See* Hagens Berman's Appellees' Brief, No. 17-15065, at 2, 15-16 (July 20, 2017). My objections also negatively impacted my employment opportunities and cost me tens of thousands of dollars in potential income. Last year, I was up for a lucrative enterprise sales role with a global information and technology company. I had been through five interviews and met with Senior Vice President of sales for a final interview. During the interview, I was questioned about this case and left with the impression that if I were hired, the case could negatively impact the company's business relationships. I was not hired and that was my last interview with the company. Had I been hired, I

stood to make tens of thousands of dollars more than my present annual income.

Dated this the 10th day of August, 2022.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

_____
Ira Conner Erwin