Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | No. 3:10-md-2143 RS (JCS)<br><br>INDIRECT PURCHASER PLAINTIFFS' CONDITIONAL NON-OPPOSITION TO ERWIN'S MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD<br><br>DATE ACTION FILED: Oct. 27, 2009 |

To achieve finality in this lengthy litigation, Indirect Purchaser Plaintiffs and objector Conner Erwin have agreed on proposed terms for resolution of his Motion for Attorneys' Fees and Incentive Award.  ECF No. 3101.  By this Conditional Non-Opposition, IPPs in coordination with Mr. Erwin jointly request that his motion be granted on specific terms proposed below.[1]

The parties believe, for the purpose of reaching a final resolution of disputed issues, that the following terms are fair, adequate, and reasonable and otherwise satisfy the requirements of Fed. R. Civ. P. 23:

1. Mr. Erwin's counsel shall be paid an attorneys' fee of $625,000 (14.27% of the $4.38 million difference being returned to the settlement fund).
2. For the reasons stated in the motion, Mr. Erwin shall receive an incentive award of $5,500.
3. The attorneys' fee and the incentive award shall be paid from the difference returned, on the common fund rationale referenced in the Ninth Circuit's memorandum disposition.[2]
4. With the intent to conclude this litigation, the parties will not appeal or otherwise challenge the Order.

The parties' agreement is conditioned on the Court's granting of Mr. Erwin's motion on these terms.  If the Court denies the motion on the terms proposed, the parties agree to return to a litigation posture.  Class Counsel accordingly request, with Mr. Erwin's assent, that the due date for their Response to his fee motion be vacated pending a ruling.

The terms do not reflect what either side would necessarily accept if the matter is further litigated, but "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'"[3]  In further litigation, depending on the Court's ruling, Mr. Erwin

---

[1] Counsel for Mr. Erwin, Robert W. Clore, has reviewed this Conditional Non-Opposition and authorized Class Counsel to state his agreement with the terms and conditions described.

[2] *In re Optical Disk Drive Prods, Antitrust Litig.*, --- F.4th ---, 2022 WL 1955672, at *4 n.5 (9th Cir. June 6, 2022) (citing *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012)).

[3] *Officers for J. v. Civ. Serv. Commn. of City and Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982).

might be inclined to appeal, among other things, an award as too low, and Class Counsel might be inclined to appeal either the amount or any fee shifting.

The parties are mindful that additional litigation on attorney fees, especially in a case more than ten years old, draws on judicial resources the Court could devote to other cases. The proposed terms, without foregoing appellate rights should they be rejected, ensure finality to this already extensive litigation.[4]

DATED: August 15, 2022

HAGENS BERMAN SOBOL SHAPIRO LLP

By   /s/ Shana E. Scarlett
       SHANA E. SCARLETT

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*

---

[4] *See Ching v. Siemens Indus., Inc.*, 2014 U.S. Dist. LEXIS 89002, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014) ("Generally, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results").