Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | No. 3:10-md-2143 RS (JCS) |
| | INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OPPOSITION TO ERWIN'S ATTORNEY'S FEE MOTION *IN PART*, AND OPPOSITION TO ERWIN-IPP SETTLEMENT FOR ATTORNEY'S FEES |
| | DATE ACTION FILED: Oct. 27, 2009 |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | |

010177-12 1990298v1

Indirect Purchaser Plaintiffs respectfully submit this brief response to absent class member Shiyang Huang's Opposition to Erwin's Attorney's Fee Motion *in Part*, and Opposition to Erwin-IPP Settlement for Attorney's Fees (filed Aug. 15, 2022, ECF No. 3103).

Huang is mistaken that class notice must be given. Under Fed. R. Civ. P. 23, class members have a right to notice under many, but not all, circumstances. Objecting class member Conner Erwin seeks an incentive award for conferring a benefit on the class and a fee award to his counsel. His motion is not a substantive resolution of underlying merits issues, which concluded years ago. Reflecting this difference, Rule 23(e)(5)(B) mandates only that a "payment or other consideration" to an objecting class member must be "approved by the court after a hearing." Likewise, under Rule 23(h)(1), class notice of fee motions is required only for fee "motions by class counsel." Huang does not contest that as an absent class member who has objected, he received notice of Erwin's fee motion and related filings.

This Court has discretion to notify the class, but Huang cites no relevant authority for his argument, contradicted by the language of Rule 23, that class notice is mandatory before granting Erwin's motion on the terms the parties have proposed. Because Class Counsel's fees are not implicated, Erwin's motion presents no issue of, as earlier in the litigation, whether class notice "at least would be prudent under the circumstances." ECF No. 2956 at 2 (order addressing whether Class Counsel's renewed fee motion on remand called for class notice).

Indeed, class notice would be cumbersome and impractical under the circumstances now. It would delay distribution to class members who have long awaited it and, except for Huang, have not persisted with objections. Given the finality the proposed terms would achieve, asking the class to pay less than 15 cents on the dollar for the additional amount returned to the settlement fund is fair, reasonable and adequate and warrants the Court's approval under Rule 23.

DATED: August 17, 2022

HAGENS BERMAN SOBOL SHAPIRO LLP

By  /s/ Shana E. Scarlett
    SHANA E. SCARLETT

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*