Timothy R. Hanigan (SBN 125791)
Lang, Hanigan & Carvalho, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372

Robert W. Clore (*Pro Hac Vice*)
Christopher Bandas (*Pro Hac Vice*)
802 N. Carancahua, Suite 1400
Corpus Christi, TX 78401
Tel: (361) 698–5200
Fax: (361) 698-5222
*Attorneys for Conner Erwin*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION<br><br>This document relates to: ALL INDIRECT PURCHASER ACTIONS | Case No. 10-MD-02143-RS<br>MDL No. 2143<br><br>**ERWIN'S RESPONSE TO HUANG'S "OPPOSITION TO ERWIN-IPP SETTLEMENT FOR ATTORNEY S FEE"** |

Conner Erwin responds briefly to the portion of Mr. Huang's August 15, 2022, filing styled "Opposition to Erwin-IPP Settlement for Attorney's Fee." Dkt. 3103. Erwin recognizes the Court did not authorize replies in support of his motion for an incentive award and attorneys' fees, and therefore limits his discussion to Huang's opposition to the resolution reached by IPPs and Erwin.[1]

Huang misapprehends waiver, estoppel, and law of the case. As noted in IPP's Conditional Non-Opposition, under the terms of the proposal, neither party waives a position if the Court disapproves the terms. *See* Dkt. 3102 at 1 ("the terms do not reflect what either side would necessarily accept if the matter is further litigated[,]" and "[i]f the Court denies the motion on the terms proposed, the parties agree to return to a litigation posture"). "The very essence of a settlement is compromise,"[2] and a resolution routinely involves *conditional* promises to forego rights without penalty of waiver, including the underlying settlements with defendants in this very case.

Unsurprisingly, Huang's cases do not purport to apply waiver in this context.[3] Doing so would chill resolution of disputed issues. Huang also forgets that Erwin requested fees from the common fund in the alternative. *See* Dkt. 3101 at iv, 3, 15.

The terms are not a "sell-out" of the Class, even with proposed 14.27% objector attorneys' fees (far below the benchmark) and $5,500 incentive award drawn from the $4.38 million benefit that Erwin bestowed through his lone appeal.[4] Instead, the terms are a recognition of risk by both parties, including the likelihood of another protracted appeal. From Erwin's perspective, for example, in seeking to avoid fees taken from their own fees, IPPs might successfully distinguish the

---

[1] As noted in IPPs' conditional non-opposition, Erwin agreed to IPPs' request that the due date for their response be taken off the calendar pending this Court's ruling on the proposed terms. Dkt. 3101 at

[2] *Officers for J. v. Civ. Serv. Commn. Of City and Cnty. Of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982).

[3] *See e.g., Davis v. Wakelee*, 156 U.S. 680, 689 (1895).

[4] *Compare with Arnett v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 149679, 2014 WL 5419125, at *3 (D. Or. Oct. 22, 2014) (awarding objector 25% of the benefit from the common fund).

1

nature of the fee miscalculation here from the prior appeals, with Judge Christen's dissent providing potential support.

Huang's reference to *Eubank v. Pella Corp.*[5] is misplaced. The Seventh Circuit in *Pella* rejected a settlement involving "a meager recovery for the class but generous compensation for the lawyers[.]"[6] Fees in *Pella* ($11 million) far exceeded total class recovery (somewhere between $1 million and $8.5 million).[7] By dramatic contrast, the proposed objector attorneys' fees under the resolution are 14.27% of the $4.38 million increase and follow a relatively modest 7% award of a $21.8 million increase. Most significantly, Huang ignores that after the objectors secured reversal in *Pella* followed by an improved class settlement, the court awarded the objectors $996,250 *from the class members' common fund*.[8] Clearly, the court did not regard this as a class sell-out.

For the reasons stated, especially given the finality that would end this litigation, Erwin respectfully requests, without waiving any aspect of his motion for attorneys' fees and incentive award, that the Court enter an order awarding fees and an incentive award under the terms referenced in IPPs' Conditional Non-Opposition.

---

[5] 753 F.3d 718 (7th Cir. 2014).
[6] *Id*. at 720.
[7] *Id*. at 726–27.
[8] *See Eubank v. Pella Corp*., No. 06-cv-4481, 2019 U.S. Dist. LEXIS 43074, at *35 (N.D. Ill. 2019).

| | |
|---|---|
| Dated:  August 17, 2022 | Respectfully submitted,<br><br>*/s/ Robert W. Clore*<br>Robert W. Clore<br>Christopher Bandas<br>BANDAS LAW FIRM, P.C.<br>802 N. Carancahua, Suite 1400<br>Corpus Christi, TX 78401<br>Tel: (361) 698–5200<br>Fax: (361) 698-5222<br>Admitted *Pro Hac Vice*<br><br>Timothy R. Hanigan (125791)<br>Lang, Hanigan & Carvalho, LLP<br>21550 Oxnard Street, Suite 760<br>Woodland Hills, California 91367<br>(818) 883-5644<br>trhanigan@gmail.com<br><br>*Counsel for Conner Erwin* |

3

**Certificate of Service**

The undersigned certifies that today he filed the foregoing on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED:  August 17, 2022

>                          */s/ Robert W. Clore*
>                          Robert W. Clore