UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 10-md-02143-RS<br>MDL No. 2143 |
| This document relates to: ALL INDIRECT PURCHASER ACTIONS | **ORDER AWARDING OBJECTOR FEES** |

In the most recent appeal in this action, objector Conner Erwin obtained a ruling that the fee award to plaintiffs' counsel Hagens Berman should be calculated based on a lower starting point. After remand, counsel was awarded an amount that results in an additional $4,380,000 being available for distribution to the class. Erwin then moved for an attorney fee award of 20% of that amount. Erwin proposed that this award, like the fees he received following his prior appeal, be paid by Hagens Berman directly, but alternatively he requested that it be taken from the common fund.

Hagens Berman and Erwin subsequently reached an agreement that neither of them would object to, or appeal, a fee award to Erwin of $625,000, representing 14.27% of the increase to the common fund. The parties also agreed that Erwin should receive an incentive award of $5,500 and

that both it and the attorney fee award should come from monies Hagens Berman is returning to the common fund.

Although a prior order expressed skepticism that an award in such a range would be warranted, the showing in Erwin's motion, while likely insufficient to support a 20% award, provides an adequate basis for the $625,000 in fees now requested, as well as the $5500 individual incentive award. As a percentage of the recovery, the award is modest and well within typical percentages awarded to objectors. A lodestar "cross-check" shows the award does not result in an unreasonable windfall, despite the likelihood that a relatively small part of hours incurred in the appeal were expended on the issue as to which Erwin prevailed.

Shiyang Huang, the pro se objector who first raised the issue regarding the starting point for calculating Hagens Berman's fee award, but who did not participate in the most recent appeal, has filed an objection to fees being awarded on the terms agreed to between Hagens Berman and Erwin. While Huang takes no position on the appropriate *amount* of the fee award, he insists it must be paid by Hagens Berman rather than coming from the common fund.

Huang's contention that waiver or judicial estoppel precludes Erwin from now agreeing that fees be paid from the common fund is incorrect. Erwin expressly requested that the fees come from the common fund in the alternative. Moreover, even if Erwin had somehow waived, or become estopped from, advocating for that result, it would in no way affect the court's power— and obligation—to make its own determination as to how the fees should be paid. Indeed, the ordinary rule is that objector fee awards are to be paid from the common fund. The court's exercise of its equitable discretion to require Hagens Berman to pay Erwin's prior award under all the particular circumstances of the prior appeal did not foreordain how the fee award should be paid this time. Well before Hagens Berman and Erwin reached agreement on the point, the court was tentatively inclined to apply the usual rule to this fee award, given the particular circumstances of this appeal.

For the same reasons, Huang's invocation of "law of the case" is unavailing. The prior exercise of equitable discretion was made in light of all the specific circumstances then existing.

It does not limit the court from exercising its equitable discretion to reach a different result under all of the current circumstances.

Finally, Huang has not shown that additional notice to the class is required to make a fee award to an objector from the common fund. Even assuming that might be appropriate in some instances, given the dollar amount per class member at stake here, and given the prejudice to class members that would result from yet further delay in this decade-old case, a requirement to provide such notice would be counterproductive, contrary to the interests of the class as a whole, and unjust.

Accordingly, Erwin is awarded attorney fees in the amount of $625,000 and an incentive award in the amount of $5500, both to be deducted from the monies Hagens Berman is returning to the common fund.

**IT IS SO ORDERED**.

Dated: August 22, 2022

_____
RICHARD SEEBORG
Chief United States District Judge