1  Steve W. Berman (*pro hac vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  1301 Second Avenue, Suite 2000
   Seattle, WA 98101
3  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
4  steve@hbsslaw.com

5  Shana E. Scarlett (217895)
   HAGENS BERMAN SOBOL SHAPIRO LLP
6  715 Hearst Avenue, Suite 202
   Berkeley, CA 94710
7  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
8  shanas@hbsslaw.com

9  *Lead Counsel for Indirect Purchaser Class*

10

11                        UNITED STATES DISTRICT COURT

12                       NORTHERN DISTRICT OF CALIFORNIA

13                            SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | No.  3:10-md-2143 RS (JCS) |
| | INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO EMERGENCY MOTON FOR TEMPORARY RESTRAINING ORDER (ECF NO. 3108) |
| | DATE ACTION FILED: Oct. 27, 2009 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

10177-12 2029875v1

1    Given the Court's framing of the request, Indirect Purchaser Plaintiffs treat the motion for
2    "temporary restraining order" (ECF No. 3108) as a class member objection warranting a response.
3    The Court is free to order a modified distribution plan, should it choose. Class Counsel
4    recommended, and believe that the proposed plan is the most appropriate given the equities, cost, and
5    efficiency, but will oversee whatever distribution plan the Court decides is appropriate.
6    But Objector Pat Zheng Zhen is incorrect that the existing orders compel a distribution which
7    mirrors the same per-device *pro rata* as the initial distribution. Procedurally, when the Court
8    approved the revised plan on April 7, 2022, the details of the second distribution were not
9    determined. Instead, Class Counsel were ordered to file "a proposed plan for Second Round
10   Distribution" by September 2, 2022.[1]  Complying with that directive, one of the claims
11   administrators recently explained that "[t]he Phase II second round distribution amount was
12   determined to be a flat $133.93 for the 249,574 class members who accepted their payment in the
13   Phase I distribution."[2] This is consistent with the Court's order approving the plan of distribution.
14   The Revised POD Order calls for "a final *pro rata* payment to all payees who took a payment in the
15   Initial Payment Offering," with an emphasis, as is common with supplemental distributions, on a
16   streamlined approach getting the remaining funds to class members who submitted claims.[3]  As the
17   Court stated in the Revised POD Order: "This final phase delivers funds to all entitled claimants with
18   the intent of taking the settlement balance as close to $0 as possible (except for outstanding physical
19   checks issued by Epiq)."[4]
20   The timing of events also does not suggest any intent to require, for the second distribution,
21   complex or per-device calculations.  If that were so, Class Counsel would not have proposed only 17

---

[1] Order Approving Indirect Purchaser Plaintiffs' Revised Plan of Distrib. and Schedule, ECF No. 3089 at 2 (filed Apr. 7, 2022) ("Revised POD Order").

[2] Decl. of Chris Whipps (DigitalPay) Re First Round Distrib. and Proposed Plan for Second Round Distrib., ECF No. 3107 at ¶7 (filed Sept. 2, 2022).

[3] Revised POD Order at 2.

[4] *Id.*

days between the due date for the "proposed plan for Second Round Distribution" (September 2) and when this distribution would take place (starting September 19).[5]

But there are many reasons supporting a second round of distribution which is a flat *pro rata* amount for class members, rather than the more complicated per-device *pro rata* which occurred in the initial round. The Court has "considerable discretion" to determine the terms of class action settlements under Fed. R. Civ. P. 23, and can certainly order either of the two approaches.[6]

The flat *pro rata* approach has the benefit of costing the class (as a whole) less. As a rough estimate, the claims administrators have advised that revising the second distribution as Zhen proposes would delay it by 8 to 10 weeks to perform all calculations, and trigger approximately $58,000-$65,000 in additional administrative costs to the class.

Modifying the second-round distribution to a per-device *pro rata* distribution would mean a substantial number of claimants would be entitled to less than $1. One reason Class Counsel proposed the flat *pro rata* distribution was to allow all 249,574 class members who accepted their payment to participate in this second round. If a per-device *pro rata* calculation is used, it might make sense to put a floor on the amount of a payment to be made to class members (e.g., a minimum $5 payment). At some point, administrative costs associated with the return of a small dollar amount might not serve the best interests of the class. But stopping payment of the lower dollar value sums would then stop payment to the very class members that the indirect purchasers sought to represent – individuals and households who purchased computers containing price-fixed ODDs – favoring the corporate entities which purchased large volumes of ODDs. While this is certainly an acceptable distribution plan, it was not the one suggested by Class Counsel.

Other Courts have followed this pathway of a differentiated first round, followed by a simplified *pro rata* class member calculation in the second round. For example, in *Edwards v. National Milk Producers Federation*, Case No. 11-cv-04766-JSW, the first round of distribution had

---

[5] *Id.* at 1-2.

[6] *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Products Liab. Litig.*, 895 F.3d 597, 606 (9th Cir. 2018).

payments made on a <u>per individual</u> and <u>per entity</u> basis of differing amounts.[7] In the second round of distribution Class Counsel recommended, and Judge White ordered the same *pro rata* flat payment suggested here, a "*pro rata* basis only to payees who acted on the payment they were issued in Phase I."[8]

Regardless of the distribution ordered by the Court, the interests of the class support an efficient, cost-effective means to ensure as much of the settlement funds are returned to the class as possible. Class Counsel are prepared to proceed as the Court directs.

DATED: September 13, 2022   HAGENS BERMAN SOBOL SHAPIRO LLP

By   */s/ Shana E. Scarlett*
       SHANA E. SCARLETT

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for Indirect Purchaser Class*

---

[7] *Edwards v. Nat'l Milk Producers Fed'n*, Case No. 11-cv-04766-JSW, Decl. of Chris Whipps re Distribution, ECF No. 539 (filed July 19, 2021), ¶ 6 ("Payment amounts to be distributed to claimants are based on the Court-ordered ratio of 1 to 28 for consumer to organization payments. Accordingly, DigitalPay anticipates a payment amount of $7.51 for individuals and $210.28 for organizations.").

[8] *Edwards v. Nat'l Milk Producers Fed'n*, Case No. 11-cv-04766-JSW, Corrected Unopposed Am. Distrib. Schedule and Order, ECF No. 544 (filed Nov. 10, 2021).