# SPECTRUM
## Settlement Recovery

September 13, 2022

**BY COURIER**
Honorable Richard Seeborg
United States District Judge
United States District Court
for the Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

> *In re: Optical Disk Drive Products Antitrust Litigation*,
> Indirect Purchaser Actions
> No. 3:10-md-2143 RS (JCS) (N.D. Cal.)

Dear Judge Seeborg:

Attached please find an email sent by me today on behalf of Spectrum Settlement Recovery today to Shana E. Scarlett at Hagens Berman regarding the planned second distribution in the above captioned matter.

Spectrum respectfully requests that the Court order IPPs make a pro rata distribution consistent with the strictures of Rule 23 as well as this court's prior Revised Plan of Distribution and Schedule.

Respectfully,


Howard L. Yellen

Copy to: All Counsel

Via Email
Shana E. Scarlett
Haggen Berman

9/13/2022

Ms. Scarlett:

I am writing on behalf of Cairn Servicing LLC d/b/a Spectrum Settlement Recovery, LLC ("Spectrum") regarding the anticipated second distribution in *In re: Optical Disk Drive Products Antitrust Litigation, Indirect Purchasers Action* ("ODD").

Spectrum and its predecessor entity have been in the business of filing claims in class actions settlements on behalf of large companies since 2003, and represents a significant portion of the ODD class, having filed claims for 152 class members comprising more than 4 million ODD units.

Spectrum's understanding is that the Claims Administrator ("CA") is planning to distribute the remaining settlement funds via a flat payment of $133.93 to all class members, rather than apportion those funds on a pro-rata basis. Spectrum further understands that there is a pending application for a temporary restraining order to prevent a distribution along these lines (TRO Application, Dkt. No. 3108).

Financial Recovery Services ("FRS") has shared with Spectrum both a filing with Judge Seeborg and an email they sent to you yesterday, September 12, 2022. Spectrum is in complete agreement with FRS's position on this matter as it relates to the proposed distribution and supports the imposition of a TRO if needed. A flat rate distribution would be unfair, inconsistent with Rule 23's requirement to be "fair, reasonable and adequate" and in conflict with the Court's Revised Plan of Distribution and Schedule.

While settlements should always strive to treat all class members equitably, we recognize that at times when a common fund has been so depleted as to make an otherwise required *pro rata* distribution impracticable, requiring a fixed payment or even *cy pres* distribution. This is not such a situation.

The Net Settlement Fund in ODD exceeded $157 million. It appears that funds available for a second distribution comprise approximately 20% of the first-round payment of $3.81 per ODD unit; that means that the funds available for redistribution total more than $30 million in total, which is slightly less than $.76 per unit.

A flat distribution of $133.93 per class member would receive unreasonably disproportionate benefit. For example, the 390,999 class members who filed claims for 10 or fewer ODD units and were received awards of $3.92 - $39.20 in the primary, properly *pro-rata* distribution (Status Update Regarding Claims Distribution, Dkt. No 3072 at page 2). If, as suggested, a flat secondary payment of $133.93 is made, these, and many other low-volume class members, would receive a dramatic and unwarranted windfall at the direct expense of class members who

purchased large quantities of ODDs. It would be bizarre for a class member who received less than $5 in the primary distribution to receive more than 26 times that as a "clean up" payment.

Of direct concern to Spectrum is the fact that a flat payment would deprive our clients of nearly $3 million as compared with a proper, *pro-rata* distribution.

Importantly, a *pro-rata* distribution would likely not be substantially burdensome or costly. The CA maintains a database of approved claims and we have no doubt is capable of a simple recalculation to provide each class member with an appropriate award. Spectrum recognizes that making a second payment of under, for example, a dollar to many class members would be uneconomic, but two alternatives that are substantially more equitable than a flat distribution immediately come to mind.

1. A much smaller minimum payment on the order of $5 – or such other amount deemed practical and appropriate - could be fixed. It is not at all uncommon for relatively small payments to class members in class action settlements. The balance of the available funds would be distributed proportionally to class members entitled to more than that amount. Since the settlement provides for various forms of electronic payment, much of those funds could be distributed economically.

2. As has been done in many other cases, a "floor distribution" of some similar amount could be established, and the totality funds distributed to class members with claims reaching that value on a fully *pro-rata* basis. For example, the 390,999 class members who purchased 10 or fewer ODD units could be excluded from the secondary distribution, which would otherwise result in them receiving payments of less than $8.

   By way of example, the recent In re Dynamic Random Access Memory (DRAM) Antitrust Litigation (Case No. 02-md-01486) a a minimum payment of $10 minimum payment was established, with the balance being distributed on a fully pro-rata basis. This is a common and conventional approach.

   This approach would dramatically reduce the total number of payments required while imposing a minimal burden on the low-volume class members and simultaneously being vastly more equitable to class members who represent the lion's share of approved claim value.

I respectfully request that the process of making a second distribution on a flat payment basis be immediately paused, which would moot the need for a TRO, and would provide an opportunity to collaboratively craft a second distribution schedule that is fair to all class members.

Thank you for your attention to this matter.


Howard Yellen

Spectrum Settlement Recovery