1   SHIYANG HUANG
    2800 SW ENGLER CT.,
2   TOPEKA, KS 66614
    (314) 669-1858
3   defectivesettlement@gmail.com

4

5
                        UNITED STATES DISTRICT COURT
6                      NORTHERN DISTRICT OF CALIFORNIA
                          SAN FRANCISCO DIVISION
7

8

9   IN RE: OPTICAL DISK DRIVE ANTITRUST     Case No. 10-md-2143-RS (JCS)
    LITIGATION
10                                           Chief Judge Richard Seeborg

11  This Document Relates to:                **STATEMENT TO PROPOSED ORDER
    All Indirect Purchaser Actions           FOR SECOND DISTRIBUTION FILED BY
12                                           INDIRECT PURCHASER PLAINTIFFS**

13

14

15

16

17

18

19

20

21

22

23

24

**STATEMENT TO PROPOSED ORDER FOR SECOND DISTRIBUTION FILED BY INDIRECT PURCHASER PLAINTIFFS**

IPPs proposed the remainder funds after second distribution be "escheated" to the State Attorney General for California. Dkt. No. 3114 at 2. They seem confused about circuit law.

> "[w]hen modern, large-scale class actions are resolved via settlement, money often remains in the settlement fund even after initial distributions to class members have been made because some class members either cannot be located or decline to file a claim." *Klier v. Elf Atochem N. Am., Inc.* , 658 F.3d 468, 473 (5th Cir. 2011) ; *see Six (6) Mexican Workers v. Ariz. Citrus Growers* , 904 F.2d 1301, 1307 (9th Cir. 1990). Courts have recognized a few possible solutions to the problem of unclaimed settlement funds. **One option is to permit such funds to escheat to the government.** *Hodgson v. YB Quezada* **, 498 F.2d 5, 6 (9th Cir. 1974) ;** *see* **28 U.S.C. § 2042 (providing that funds "unclaimed by the person entitled thereto" for five years revert to the federal treasury).** In other cases, courts have permitted additional pro rata distributions to those class members who did claim funds. *See, e.g.* , *Klier* , 658 F.3d at 475. "[I]n exceptional circumstances," courts have even recognized that "it may be proper to permit unclaimed sums to revert to the [defendant]." *YB Quezada* , 498 F.2d at 6 ; *see also, e.g.* , *Van Gemert v. Boeing Co.* , 739 F.2d 730, 736–37 (2d Cir. 1984).

*Joffe v. Google Inc.,* 21 F.4th 1102, 1110-1111 (9th Cir. 2022) (emphasis added). And Ninth Circuit precedent "remains binding until the Supreme Court "undercut[s] the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable."" *United States v. Henry,* 688 F.3d 637, 642 (9th Cir. 2012).  Should Class Counsel wish to escheat, circuit law of the last 30 years decided the only proper route for **escheat must go to the U.S. Treasury**. *See Nachshin v. AOL, LLC,* 663 F.3d 1034, 1039-40 (9th Cir. 2011) ("We directed the district court on remand to consider *escheating the funds pursuant to 28 U.S.C. § 2042[1]* if the court could not develop an appropriate *cy pres* distribution.") (quoting *Six (6) Mexican*

---

[1] "In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States." 28 U.S.C. § 2042.

*Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1309 (9th Cir. 1990)) (emphasis added); *Hodgson v. YB Quezada* , 498 F.2d 5, 6 (9th Cir. 1974) (escheating to the U.S. Treasury).

Date:   September 21, 2022                     Respectfully Submitted,

/s/ SHIYANG HUANG
      SHIYANG HUANG
      2800 SW ENGLER CT.
      TOPEKA, KS 66614
      *(314) 669-1858*
      *Defectivesettlement@gmail.com*

## CERTIFICATE OF SERVICE

I, Shiyang Huang, hereby certify that on September 21, 2022, I caused a copy of the foregoing to be served by this Court's CM/ECF system on all *pro se* parties and counsels of record.

/s/ Shiyang Huang